

## Notice of Service of Process

<div align="right">
null / ALL
**Transmittal Number: 29316836**
**Date Processed: 06/17/2024**
</div>

| | |
|---|---|
| **Primary Contact:** | Justin A. Anderson<br>Exxon Mobil Corporation<br>22777 Springwoods Village Pkwy<br>Spring, TX 77389-1425 |
| **Electronic copy provided to:** | Stephanie Adderley |
| **Entity:** | ExxonMobil Oil Corporation<br>Entity ID Number  0175904 |
| **Entity Served:** | Exxon Mobil Oil Corp |
| **Title of Action:** | Thomas Resources, L.L.C. vs. Crimson Exploration Operating, Inc. |
| **Matter Name/ID:** | Thomas Resources, L.L.C. vs. Crimson Exploration Operating, Inc. (15857147) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Property |
| **Court/Agency:** | Jefferson Davis Parish District Court, LA |
| **Case/Reference No:** | C-0347-24 |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 06/17/2024 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mudd, Bruchhaus & Keating, LLC<br>337-562-2327 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com

**EXHIBIT**
**1**

# CITATION

THOMAS RESOURCES LLC ET AL
_____

                                    PLAINTIFF

                    VS.

CRIMSON EXPLORATION OPERATING INC ET
AL
_____

                                    DEFENDANT

NO.  C-034724
_____

31st JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS
STATE OF LOUISIANA

**TO:  EXXON MOBIL OIL CORP, SERVED THROUGH ITS REGISTERED AGENT, COPORATION SERVICE COMPANY, 450 LAUREL ST., 8TH FLOOR, BATON ROUGE, LA 70801**

**YOU HAVE BEEN SUED.**

Attached to this citation is a certified copy of the petition.*  The petition tells you what you are being sued for.  You must EITHER do what the petition asks OR, within TWENTY-ONE (21) DAYS after you have received these documents, you must file an answer or other legal pleadings, in writing, in the office of the Clerk of this Court at the Court House, 300 State Street, Jennings, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within TWENTY-ONE (21) DAYS, a judgment may be entered against you without further notice.

This citation was issued by the Clerk of Court for Jefferson Davis Parish, on the **6th day of June, 2024.**

ATTORNEY:                          BY:

                                   _____
**DAVID P BRUCHHAUS**                    Deputy Clerk of Court
**ATTORNEY AT LAW**
**422 E COLLEGE ST, STE B**              Returned & Filed
**LAKE CHARLES, LA 70605**               _____, 20___
**337-562-2327**
                                   _____
                                        DEPUTY CLERK

*Also attached are the following documents:

☐ INTERROGATORIES      ☐ REQUEST FOR ADMISSION OF FACTS      ☐ OTHER

## ADDITIONAL INFORMATION

These documents mean you have been sued.

Legal assistance is advisable and you should contact a lawyer immediately.

**JUDGES AND COURT PERSONNEL ARE NOT PERMITTED TO GIVE LEGAL ADVICE.**

DEFENDANT COPY

| THOMAS RESOURCES, L.L.C., et al | : | 31ST JUDICIAL DISTRICT COURT |

THOMAS RESOURCES, L.L.C., et al      :      31ST JUDICIAL DISTRICT COURT

VS. NO.: C-347-24                    :      JEFFERSON DAVIS PARISH

CRIMSON EXPLORATION
OPERATING, INC., et al               :      STATE OF LOUISIANA

FILED: June 6, 2024                  _____
                                     DEPUTY CLERK OF COURT

## PETITION FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, advances the Plaintiffs, THOMAS

RESOURCES, L.L.C., CHARLOTTE THOMAS LANDRY, RACHEL HELEN THOMAS

HALE, and HELEN CAROL THOMAS GLADDEN (hereinafter referred to collectively as

"Plaintiffs"), who respectfully Petition this Honorable Court for a judgment, finding Defendants

herein in breach of the applicable oil, gas and mineral leases, cancellations of same and liable for

damages caused by Defendants' oil and gas exploration and production and related activities that

substantially harmed Plaintiffs, Plaintiffs' land, and Plaintiffs' legal interests. Upon information

and belief, Plaintiffs make the following allegations:

1.

Plaintiffs are:

    **A. THOMAS RESOURCES, L.L.C.,** a domestic limited liability company
       domiciled in Jefferson Davis Parish Louisiana, whose physical mailing
       address is 514 North Morton Street, Jennings, Louisiana, 70546;

    **B. CHARLOTTE THOMAS LANDRY,** a resident of the full age of
       majority, domiciled in East Baton Rouge Parish, Louisiana, whose physical
       mailing address is 2125 Rue Bienvenue, Baton Rouge, Louisiana 70809;

    **C. RACHEL HELEN THOMAS HALE,** a resident of the full age of
       majority, domiciled in Jefferson Davis Parish, Louisiana, whose physical
       mailing address is 514 North Morton Street, Jennings, Louisiana 70546; and

    **D. HELEN CAROL THOMAS GLADDEN,** a resident of the full age of
       majority, domiciled in Jefferson Parish, Louisiana, whose physical mailing
       address is 12 Sparrow Lane, River Ridge, Louisiana, 70123.

2.

Plaintiffs own the following described property located in Jefferson Davis Parish,

Louisiana, to-wit:

    Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast
    Quarter (W/2 of W/2 of NE/4) of Section 11, Township 9 South, Range 4 West,
    Jefferson Davis Parish, Louisiana.

The property described above has been contaminated and/or otherwise damaged by Defendants' oil and gas exploration and production activities, and Defendants have failed to remove all facilities and equipment placed on the property and used by them for such activities. It is the intent of the Plaintiffs herein to claim damages and demand injunctive relief for any and all of the property that they own or may own in Section 11, Township 9 South, Range 4 West, Parish of Jefferson Davis, State of Louisiana, regardless of whether said property is specifically described in this Petition (hereinafter, the "**Property**").

3.

Plaintiffs appear in one or more of the following capacities: (1) lessor, assignee, or third-party beneficiary of certain mineral and/or surface leases between Plaintiffs and Defendants; (2) successor in interest to certain mineral and/or surface leases between Plaintiffs and Defendants; (3) owner of Property contaminated by the oil and gas activities conducted or controlled by one or more of the Defendants; (4) successor in interest to, or the assign of, the owners of Property contaminated by the oil and gas activities conducted or controlled by one or more of the Defendants; (5) servitude owner who has the right to sue for remediation damages under the Mineral Code; and/or (6) the parties who possess the right of action to file this lawsuit under Louisiana law.

4.

Made defendants are the following parties:

**A. CRIMSON EXPLORATION OPERATING, INC.,** a foreign corporation, which was authorized to do and doing business in the State of Louisiana but has since had such privileges revoked by the Secretary of State of Louisiana, which may be served through its registered agent for service of process, Corporation Service Company at 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801;

**B. KERR-MCGEE OIL & GAS ONSHORE, LP**, a foreign limited partnership, which is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process, C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816. Kerr-McGee Oil & Gas Onshore, LP is named as successor to **Kerr-McGee Rocky Mountain Corporation, Kerr-McGee Oil & Gas Onshore, LLC and HS Resources, Inc.**

**C. EXXONMOBIL OIL CORPORATION**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent: Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801. ExxonMobil Oil Corporation is named as successor to **Humble Oil & Refining Company**.

D. **HONEYWELL INTERNATIONAL, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its agent, Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801. Honeywell International, Inc. is named as successor to **The Union Sulphur Co., Inc., Union Sulphur and Oil Corporation and Union Oil and Gas Corporation of Louisiana.**

E. **ANADARKO OGC COMPANY**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816. Anadarko OGC Company is named as successor to **Ladd Petroleum Corporation.**

F. **SM ENERGY COMPANY (DELAWARE)**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, C T Corporation System at 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801. SM Energy Company (Delaware) is named as successor to **St. Mary Land and Exploration Company.**

G. **ASPECT RESOURCES, LLC**, a foreign limited liability company, which was authorized to do and doing business in the State of Louisiana but has since had such privileges revoked by the Secretary of State of Louisiana, which may be served through its registered agent for service of process, C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816. ;

H. **NOBLE ENERGY, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent: Corporation Service Company, 450 Laurel Street, 8th Floor, Baton Rouge, Louisiana 70801. Noble Energy, Inc. is also named as successor to **Samedan Oil Corporation**.

I. **KEY PRODUCTION COMPANY, INC.**, a foreign corporation authorized to do and doing business in the State of Louisiana, which may be served through its registered agent for service of process, C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816. Key Production Company, Inc. is named as successor to **Precise Exploration, Corporation and Brock Exploration.**

J. **HILCORP ENERGY I, L.P.**, a foreign limited partnership, which is authorized to do and doing business in Louisiana, which may be served through its registered agent for service of process, C T Corporation System at 3867 Plaza Tower Drive, Baton Rouge, Louisiana, 70816.

(hereinafter collectively referred to as "**Defendants**").

5.

Defendants placed facilities and equipment on the property to conduct oil and gas exploration and production activities throughout the terms of their respective leases. Such facilities and equipment include but are not limited to pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, and injection facilities.

6.

Said leases required Defendants to remove all facilities and equipment upon their termination and to restore the land to its prior pre-lease state.

7.

As of the date of this Petition, certain facilities and equipment are still located on the property interfering with Plaintiffs' rightful use and enjoyment of the property.

8.

Upon Plaintiffs' knowledge and belief, Defendants have not attempted to remove said facilities nor do Defendants have a plan to effectuate removal in the future.

9.

The Property is believed to be contaminated by oil and gas exploration and production activities. Defendants either caused this contamination, or are otherwise legally responsible for this contamination. Defendants' activities include the operation or construction of various oil and gas facilities, including but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities.

10.

These facilities, including, but not limited to, pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, and injection facilities, were operated and/or used by multiple Defendants over time. On the Property identified in Paragraph 2, the above operations were located within close proximity to the boundaries of the Property and to identical and/or related operations being conducted on other adjacent tracts of the Property. The proximity and sometimes overlapping nature of these operations has resulted in the substantial likelihood that the contamination created by one or more of the operators on one or more tracts has become commingled with contamination by one or more of the operators on the same tracts and/or on adjacent and/or contiguous tracts. Furthermore, it is possible that the proximity of operations on one or more non-owned contiguous tracts has resulted in the likelihood that contamination has become commingled with contamination on the Plaintiffs' Property. The Defendants' negligent operation of the unlined pits, wells, tanks, flowlines, tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities has likely resulted in surface and/or subsurface

discharges of the pollutants identified in paragraphs 9 through 13. The likely migration of these surface and/or subsurface discharges has likely resulted in plumes of contamination that cross surface property boundaries. Furthermore, the operation of various wells, pits, tanks, flowlines tank batteries, wellheads, measuring facilities, commingling facilities, separators, salt water disposal wells, injection facilities, and other facilities across the various tracts of Property were either related or very similar in nature, and on information and belief, these operations were carried out pursuant to joint operating agreements to which the Defendants were parties.

11.

Specifically, Defendants are liable for damage resulting from the operation of the wells in the Roanoke Oil & Gas Field (the "**Field**") which are identified on or in the attached exhibits, as well as the operation of other equipment and facilities related thereto. The following exhibits are attached to this Petition for Damages and are incorporated herein for all purposes:

| | |
|---|---|
| Exhibit A: | Aerial photograph which shows the location of Plaintiffs' Property and the location and serial number of the known well located thereon; |
| Exhibit B: | Historic aerial photograph which show the location of Plaintiffs' Property and the location of at least some of the pits and oil and gas facilities located thereon or in close proximity thereto; |
| Exhibit C: | Operator History which shows, as to each known well located on or near the Property: (a) the well serial number; (b) the well name; (c) the past and current operators of record of the well; (d) the dates of operation of the well and (e) the current status of the well; |
| Exhibit D: | All known mineral leases, assignments, conveyances, deeds, judgments of possession, and/or other material agreements or legal instruments which affect the Property and which can be found in the public records; |
| Exhibit E: | Landowner History, which provides: (a) date of execution; (b) parties' names; (c) type of document; and (d) recording information for those instruments attached to Exhibit D; and |
| Exhibit F: | Lease History, which provides: (a) date of execution; (b) parties' names; (c) type of document; and (d) recording information for those instruments attached to Exhibit D. |

In summary, the above information identifies the well at issue in this lawsuit by well serial number, describes the location of this well, and the relationship of each Defendant to the wells and the Property. Defendants and entities or individuals who are not parties to this lawsuit may be in possession of other documentation evidencing leases, assignments, joint operating agreements,

unit or pooling agreements, farmout agreements, or other contracts that are not part of the public record.

12.

Defendants conducted, directed, controlled or participated in various oil and gas exploration and production activities on the Plaintiffs' Property as operators, and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.

13.

Since at least the late 1920s, it has been common knowledge in the oil industry that the disposal of oilfield wastes in unlined earthen pits inevitably results in seepage, which contaminates both surface and subsurface soils and waters. Those Defendants who operated in the late 1920s or thereafter possessed such knowledge. Plaintiffs have suffered damages resulting from the improper disposal of oilfield wastes in unlined earthen pits, which were constructed by the Defendants on or near the Property during the course of oil and gas exploration and production activities. The oilfield wastes deposited in these pits include (but are not limited to) such substances as naturally occurring radioactive material ("NORM"), produced water, drilling fluids, chlorides, hydrocarbons, and heavy metals. Also, leaks, spills, and other surface and subsurface discharges of these and other substances from wells, pipelines, tank batteries, gas plants and other equipment or facilities have further polluted the surface and subsurface of Plaintiffs' Property.

14.

NORM contains, inter alia, Radium226 and Radium228, which are very hazardous and toxic substances. Though these substances are "naturally occurring" at the depths from which oil and gas are produced, they become concentrated when brought to the surface during oil and gas production operations, where their presence can cause serious health related problems. Under Louisiana law, property contaminated with NORM cannot be transferred for unrestricted use.

15.

Produced water is a hazardous brew of various hydrocarbon compounds, metals, salt and radioactive substances. Studies of the chemical constituents of Louisiana produced water have

revealed that all produced water discharges contain excess amounts of salt (up to 193 parts per thousand salt or 19.3%), and also contain volatile hydrocarbon compounds (including benzene, toluene, xylene and ethyl benzene), Polynuclear Aromatic Hydrocarbons ("PAHs or semi-volatiles) (including naphthalene, fluorene and phenanthrene), toxic heavy metals (including chromium, lead, mercury, arsenic, barium and zinc) and radium226 and radium228. All of these substances bioaccumulate and are acutely toxic to aquatic organisms at varying concentrations. Some of these substances (such as benzene and radium226) have long been identified as human carcinogens.

16.

Drilling fluids are also highly toxic and hazardous. These fluids contain metals such as chromium, barium, and arsenic, as well as oil and other hydrocarbon fractions. Drilling fluids also contain toxic additives such as bactericides, slimicides, and acids. Further, drilling fluids have been demonstrated to be acutely toxic to aquatic organisms. In fact, a 1982 American Petroleum Institute Study documented the uptake of toxic heavy metals by plants near drilling mud pits.

17.

Other toxic and hazardous substances used by Defendants in their day to day exploration and production activities include mercury, lead based compounds, chromium based algicides, hydrochloric acid, caustic soda, and various corrosion inhibitors.

18.

Defendants knew or should have known that their day to day operations in the Field would cause the soil, surface waters and groundwater of Plaintiffs' Property to be contaminated with the substances described in paragraphs 9 through 13 above. Rather than remove these substances during and after oil and gas exploration and production activities, Defendants chose to conceal and cover up their contamination. This concealment and cover up was routine practice and has continued to date. The Defendants' failure to responsibly and timely remove or remediate this toxic pollution in the soils and groundwater of Plaintiffs' Property has allowed the pollution to migrate and spread. Defendants' pollution has now permanently damaged the drinking water and other aquifers underlying the Field.

19.

Defendants knew for many years that they were disposing, storing, discharging, and otherwise releasing toxic poisons and pollutants onto and into the ground, groundwaters, and surface waters on or near Plaintiffs' Property. Yet, Defendants failed to inform or warn Plaintiffs or their predecessors concerning the extent, nature, cause and origin of this pollution. Defendants at no time warned or informed the Plaintiffs or their predecessors that their disposal and discharge activities were hazardous to persons and property. Defendants knew and failed to disclose to Plaintiffs or their predecessors that their wastes would not degrade or break down in the environment in the foreseeable future and that their presence in the subsurface would constitute an ongoing and continuing source of pollution and environmental damage for generations.

20.

Plaintiffs did not have actual or constructive knowledge of the pollution described in this Petition until less than a year prior to the filing of this suit. Plaintiffs did not have actual or constructive knowledge of Defendants' fault, negligence or violation or breach of any leases, contracts, use agreements, or any other agreements or contracts referenced in this Petition until less than a year prior to the filing of this suit. Plaintiffs did not have actual or constructive knowledge of the causal connection between Defendants' fault, negligence and breach of contract and the pollution at issue until less than a year prior to the filing of this suit. Further, Defendants have engaged in acts that effectually have prevented Plaintiffs from availing themselves of the causes of action alleged herein. These acts include fraud, ill practices, and misrepresentation intentionally committed by Defendants (or their representatives) designed to hinder, impede or prevent Plaintiffs from asserting its causes of action or to lull Plaintiffs into a false sense of security. Such acts of fraud, ill practices, and misrepresentation specifically include: (1) burying, hiding or actively concealing pollution; (2) failing to inform Plaintiffs or their predecessors that unlined earthen pits on the Property seeped and leaked; (3) failing to inform Plaintiffs or their predecessors that the use of unlined pits that seep and leak violate state regulation; (4) failing to inform Plaintiffs or their predecessors that the failure to remove or remediate contamination caused by unlined earthen pits violates state regulation (5) failing to inform Plaintiffs or their predecessors that pollution that migrates out of the confines of an unlined earthen pit will continue to migrate, spread and cause further damage to the Property; (6) failing to inform Plaintiffs or their

predecessors of the hazardous and toxic nature of the oilfield pollution on the Property; and, (7)

failing to inform Plaintiffs or their predecessors that the oilfield practices followed by Defendants

would result in pollution and property damage. Due to Defendants' concealment of the hazardous

and toxic contamination that they deposited on Plaintiffs' lands, and the role they played in causing

this contamination, Plaintiffs and their predecessors were denied access to the knowledge and facts

needed to bring the claims alleged in this Petition until less than a year before the present suit was

filed.

<p style="text-align:center">21.</p>

Defendants' conduct constitutes negligence, which gives rise to liability under the

provisions of La. Civ. Code art. 2315. Defendants knew or should have known that their conduct

would cause property and other damages to Plaintiffs. Defendants had a duty to protect Plaintiffs

and Plaintiffs' Property from the effects of the contamination and pollution described herein. Their

violation of this duty proximately caused the damages described below. Further, as Defendants

acquired knowledge that unlined pits would leak, and that the contamination left on Plaintiffs'

lands would continue to spread and migrate, Defendants had the obligation to return to Plaintiffs'

lands to remediate the source or sources of the contamination, to stop the spread of the

contamination, and to warn Plaintiffs that its land was contaminated. Defendants violated their

own company policies and industry practice and custom, did not comply with the standards of

conduct required in the leases and other contracts applicable to the Property, and failed to comply

with applicable state regulation. Defendants also concealed from the regulators the fact that they

had polluted Plaintiffs' property. Defendants are guilty of tortious conduct under private law by

virtue of their violations of statewide and fieldwide orders and regulations.

<p style="text-align:center">22.</p>

Defendants that acquired other corporations or other legal entities by merger, acquisition,

or otherwise, or who otherwise assumed obligations under applicable leases or contacts, had a duty

to remedy the past wrongs of those parties for whose fault or obligations they are legally

responsible. To the extent that any defendant acquired the business or assets of a predecessor

without a formal merger, said defendant is liable under the continuation doctrine of Louisiana law.

In addition to their express or implied assumption of contractual obligations owed to Plaintiffs,

Defendants are liable to Plaintiffs under the provisions of Section 324A of the Restatement 2d, as

interpreted by Louisiana jurisprudence. Under Section 324A, one or more of the Defendants assumed duties owed by others to the Plaintiffs to protect Plaintiffs and its Property from contamination and harm.

<p style="text-align:center">23.</p>

Defendants are also guilty of a tort and have trespassed on Plaintiffs' property. Defendants' acts or omissions, and their continuing unlawful conduct, have caused successive damages or an ongoing and cumulatively increasing deterioration of Plaintiffs' Property. The pollution caused by the Defendants continues to migrate. The cause of the increasing damages to Plaintiffs' land is the failure of Defendants to remove their pollution from the Property. The cause of the damages suffered by Plaintiffs is thus a continuous cause giving rise to successive damages. In addition, Defendants' conduct of their oil and gas exploration and production activities and the associated discharge, disposal or storage of oilfield waste on Plaintiffs' Property have created a damaging nuisance to Plaintiffs and Plaintiffs' Property. Further, the continued presence of oilfield wastes on the Property constitutes a trespass. The continuous and ongoing migration of waste is causing new and ever-increasing damage to Plaintiffs' Property, and such damage will continue until such time as these wastes are removed and remediated.

<p style="text-align:center">24.</p>

Defendants are liable for the tortious breach of any leases or other contracts sued upon in this Petition, and the tortious breach of any other contracts which obligate the Defendants to protect and preserve the Plaintiffs' property. These leases or other contracts may include mineral and surface leases, servitude agreements, assignments, mineral and surface subleases, right of way agreements, joint operating agreements, unit agreements, working interest agreements, use agreements, farmout agreements, and unit or pooling agreements.

<p style="text-align:center">25.</p>

Defendants are also liable to Plaintiffs under La. Civ. Code art. 667 of the Civil Code for the damages caused by their handling, storage, discharge, and disposal of toxic and hazardous and toxic oilfield waste on or adjacent to Plaintiffs' Property. La. Civ. Code art. 667 was amended by Act 1 of 1996, effective April 16, 1996. To the extent that Defendants are deemed "proprietors" within the meaning of La. Civ. Code art. 667, said Defendants are strictly liable to Plaintiffs under La. Civ. Code art. 667 for damages sustained by the Plaintiffs before April 16, 1996. Plaintiffs'

claims under Article 667 for damages occurring on or after April 16, 1996, are governed by the amended version of Civil Code article 667. To the extent the Defendants held any rights in any mineral leases or servitudes on the property (including without limitation any predial, legal or personal servitudes), Plaintiffs and Defendants are co-proprietors of the property that owe obligations to each other under Article 667 of the Civil Code. Plaintiffs assert any personal, tort, or legal claims it may have under Article 667. Furthermore, Defendants are strictly liable to Plaintiffs under the provisions of La. Civ. Code articles 2317 and 2322. At all times pertinent hereto, Defendants had *garde* of the facilities and equipment that caused the pollution described herein. Those Defendants who participated in the above-described oil and gas operations by the acquisition of working interests had sufficient control to constitute *garde* under the provisions of La. Civ. Code art. 2317. On information and belief, the Joint Operating Agreements or unit agreements that governed the conduct of the oil and gas activities of Defendants show that the working interest owners or other participants in such agreements: (1) had the right to control operations conducted pursuant to the agreements; and, (2) held proportional ownership interests in the facilities and equipment which caused the pollution complained of herein. Such ownership gives rise to a presumption of *garde*. The acquisition of any leasehold or other ownership interest (including, but not limited to, rights in predial or mineral leases, or any interest in a servitude on the property) gives rise to a presumption of *garde*.

<div align="center">26.</div>

In addition, under Louisiana law, Defendants are allowed under the applicable mineral leases to use only so much of Plaintiffs' Property as is reasonably necessary to conduct oil and gas operations allowed by such leases. Defendants are guilty of a trespass to Plaintiffs' Property because they exceeded the rights to use the Plaintiffs' Property as contemplated in the applicable mineral leases. In addition, because Defendants exceeded their use rights under the applicable leases, they excessively and unreasonably exercised their rights under the applicable leases. Further, with regard to the contractual liability of the Defendants, the express remediation obligations of any leases at issue, and the covenants and other provisions implied in any leases at issue by operation of law or the application of the mineral code, impose continuing remediation obligations on the lessees. Such lease obligations were violated.

27.

In summary, Defendants' conduct as described above constitutes a breach of the oil, gas, and mineral leases, surface leases, servitude agreements and other applicable contracts that covered the oil and gas activities described above.

28.

Plaintiffs herein bring suit under the mineral and surface leases, use agreements, conventional servitudes, mineral servitudes (to the extent such servitudes exist), right of use servitudes, limited personal servitudes, and any innominate agreements that apply to the Property. To the extent that the law does not accord Plaintiffs the right to sue as lessor (or as the assignee or successor of any mineral or surface lessors) under the applicable mineral leases or surface leases, Plaintiffs assert claims in its capacity: (1) as third party beneficiary for damages for breach of said mineral leases or surface leases; and, (2) as owner of the servient estates of the limited personal servitudes created by the applicable mineral leases. To the extent Defendants' remediation obligations are not expressly set forth in any contract or lease, Defendants have a contractual obligation under the applicable oil, gas, and mineral leases, and under the applicable surface or predial leases, and under La. Civ. Code arts. 2683, 2686, and 2692, to restore Plaintiffs' Property to its original condition, less normal wear and tear. Defendants have failed to satisfy their express contractual obligations, and those implied obligations imposed by operation of law. Plaintiffs' Property has been impacted by each defendant's use of the Property under the applicable mineral and surface or predial leases, and such Property has not been restored to its original condition, less normal wear and tear. For the breach of these oil, gas, mineral leases, and surface or predial leases, the Defendants are liable to Plaintiffs for foreseeable and consequential damages occasioned by their failure to perform, as well as the cost of these proceedings and reasonable attorneys' fees to the extent such fees are allowed by contract or applicable law, such as La. R.S. 30:29. Further, Plaintiffs claim damages for the violation of any personal servitude of use applicable to the Property in accordance with the provisions of La. C.C. arts. 576, 577, and 645.

29.

Further, Plaintiffs allege that they are third party beneficiaries of the assignments, subleases or other oilfield conveyance instruments, or other contracts or agreements by which one or more of the Defendants acquired an interest in the oilfield equipment, wells, facilities, or property at

issue. Further, Plaintiffs are third party beneficiaries of the joint operating and unit agreements and other operating agreements pertaining to the Property. As third party beneficiaries of the aforesaid contracts and agreements, Plaintiffs are entitled to sue Defendants for damages in its capacity as third party beneficiaries.

30.

Defendants who are assignees or sublessees of the mineral leases at issue are solidarily liable to Plaintiffs under the provisions of Article 128 and 129 of the Mineral Code. Defendants who are assignees of the surface leases at issue are solidarily liable to Plaintiffs under the civil code provisions applicable to solidarity. Further, all Defendants are solidarily liable for the remediation demanded in this Petition because the obligation to remediate is an indivisible obligation and the rules of solidarity apply to indivisible obligations.

31.

If any of the mineral leases subject to this suit have not expired, the remediation of contamination on the Property subject to said existing leases would not interfere with, or have any effect on, any ongoing mineral operations. Defendants have failed to maintain and restore leased properties that are the subject of leases that are still in effect. This failure constitutes an active breach of said mineral leases or surface. Further, upon information and belief, there are no leases at issue in this lawsuit that permit the lessee to postpone remediation of contaminated Property until the end of the lease. Under the provisions of La. Civ. Code arts. 2683, 2686, and 2692, and applicable jurisprudence, Defendants are obligated to remediate and restore the Property even though a mineral or surface lease may still be in effect.

32.

Each defendant has also breached those standards imposed by the Louisiana Civil Code and the Louisiana Mineral Code governing the conduct of prudent operators. The lease provisions of the Louisiana Civil Code and the Louisiana Mineral Code require Defendants to use Plaintiffs' Property as a prudent administrator and to restore Plaintiffs' Property to its original condition. Any implied obligations or covenants imposed on any lessee by the Civil Code or Mineral Code are binding on said lessee unless expressly renounced in the lease itself. Defendants have failed to act as prudent administrators, have failed to restore Plaintiffs' Property to its original condition, and have failed to discharge their obligations under the Civil Code and the Mineral Code. As a result,

Plaintiffs have suffered damages and is entitled to all remedies allowed under the Civil Code and Mineral Code.

<div align="center">33.</div>

Plaintiffs specifically allege that Defendants have violated the express and implied obligations of surfaces leases that apply to the Property, including those maintenance, restoration and repair obligations imposed by operation of law on all lessees by the Civil Code articles pertaining to leases. Defendants' violation of these surface leases has caused damage to Plaintiffs. Under said surface leases, Defendants have the obligation to maintain and restore the Property.

<div align="center">34.</div>

Defendants negligently and excessively used the Property during mineral operations. This negligent and excessive use violates the implied obligations of lessees under the provisions of the Civil Code and the Louisiana Mineral Code, including without limitation, La. R.S. 31:122. Defendants who operate negligently and excessively under a mineral lease are obligated to restore the Property to its original pre-lease condition, less normal wear and tear and to repair any damage caused by excessive or negligent or unreasonable operations.

<div align="center">35.</div>

Defendants' actions in knowingly disposing of toxic and hazardous materials onto Plaintiffs' Property, in failing to clean up said pollution and stop its further migration, in storing their pollution on Plaintiffs' Property, in allowing the migration of their pollution to offsite properties, in failing to properly maintain their facilities where these toxic and hazardous materials were transported, handled, stored and disposed of, and in egregiously violating applicable environmental health and safety regulations and applicable field-wide orders, constitute wanton or reckless disregard for public safety in the storage, handling or transportation of hazardous or toxic substances. Defendants are therefore liable to Plaintiffs for punitive and exemplary damages. At all times pertinent hereto, Defendants had actual possession or control of the toxic and hazardous substances described above. With regard to Plaintiffs' tort claims that arise under the provisions of former Civil Code article 2315.3, Plaintiffs' claims for punitive damages are limited to acts or omissions of the Defendants (or their predecessors or successors) that occurred during the period of applicability of Article 2315.3.

36.

In addition to the foregoing, Plaintiffs allege that Statewide order 29-B was applicable during the period of applicability of former Civil Code article 2315.3. 43 LA ADC Pt XIX, § 101, et seq. This regulation requires the proper closure of pits, regardless of when such pits were constructed, used or closed. The violation of a regulatory duty can give rise to tort liability. A failure to comply with applicable regulation is evidence of unreasonable care. The Defendants' violation of their regulatory obligations under Statewide Order 29-B and other applicable regulations, and their failure to return to the field to clean up their contamination, support a cause of action in tort for both compensatory and punitive damages. Plaintiffs affirmatively allege that the oil and gas operations on their property were not conducted in accordance with applicable regulations, rules or statutes of the State of Louisiana.

37.

Defendants' storage and disposal of the aforementioned toxic and hazardous substances constitutes an ultrahazardous activity for which Defendants are strictly liable. This strict liability is based on acts and omissions occurring before the amendment to La. Civ. Code art. 667 in 1996. The amended version of La. Civ. Code art. 667 is applicable to the acts and omissions of Defendants occurring on or after the effective date of the 1996 amendment.

38.

Further, for an undetermined length of time, Defendants have stored toxic pollution and waste in the groundwaters and soils underlying Plaintiffs' lands. Defendants have derived substantial economic benefits from this storage in that their use of the subsurface of Plaintiffs' lands has allowed them to avoid the substantial costs and expenses associated with the proper disposal of this toxic pollution and waste. Thus, Plaintiffs are entitled to the civil fruits derived from Defendants' trespass, for La. Civ. Code art. 486 provides that a possessor in bad faith is liable for the "fruits he has gathered or their value subject to his claim for reimbursement of expenses." Alternatively, even if storage costs are not technically deemed "civil fruits," Plaintiffs are entitled to the economic value of said storage, or the value of the rental of said storage. Furthermore, to the extent off site saltwater or brine or other wastes were injected by Defendants into the subsurface of Plaintiffs' property or otherwise disposed of and/or mixed into surface soils without permission of the landowners at the time of the injection or disposal, Defendants are liable in tort and for

breach of the applicable mineral or surface leases or servitude agreements. Further, such unauthorized injection and disposal also constitutes a trespass.

39.

To the extent that Defendants own mineral servitudes on the Property, Plaintiffs assert claims for remediation under the provisions of Article 22 of the Mineral Code (La. R.S. 30:22). Upon information and belief, such servitudes have been exercised. Defendants excessively used Plaintiffs' Property subject to said servitudes. It was not "reasonably necessary" for Defendants to use pits and leaking tanks and other equipment in the conduct of their operations. And it was not "reasonably necessary" for Defendants to use those parts of the surface or subsurface of Plaintiffs' Property located outside of the confines of the pits to dispose of and store their wastes. Under Article 22 as applied to the facts heretofore alleged in this Petition, Plaintiffs are entitled to restoration of its Property to original condition to the extent reasonably practicable at the earliest reasonable time. Plaintiffs are entitled to this restoration remedy regardless of the fault or negligence of the servitude owner.

40.

Alternatively, Plaintiffs are an "aggrieved party" within the meaning of Article 134 of the mineral code. Plaintiffs have the right to assert the causes of action alleged herein by virtue of its status as an "aggrieved party."

41.

As a direct result of the above-described acts and omissions of Defendants, Plaintiffs have suffered damages to their Property occasioned by the nuisance created by Defendants. Plaintiffs have also sustained damages occasioned by the diminution in the value of their Property, including stigma damages. Further, in the alternative, and only if Plaintiffs have no other adequate remedy at law, Defendants are liable for unjust enrichment damages, as Defendants have been unjustly enriched by their unauthorized use of Plaintiffs' lands to store and dispose of toxic and hazardous contamination.

42.

Due to the activities of Defendants in polluting the soils, groundwater and surface waters of the Property, and the continuing trespass of Defendants resulting from the continued presence of contaminants in said soils, groundwater, and surface water, and to the extent Plaintiffs are not

entitled to a damage remedy, Plaintiffs are entitled to a prohibitory and mandatory permanent injunction: (a) requiring that Defendants remove the contamination they have caused to be deposited in the groundwater and soils underlying Plaintiffs' lands; (b) ordering the Defendants to remove any contamination they have caused to be deposited in the groundwater and soils underlying the Plaintiffs' lands; (c) ordering Defendants to restore any land lost as a result of Defendants' acts, omissions, conduct, or violations of any provision of public or private law as outlined in this Petition; and (d) correcting any land damages caused by subsidence.

43.

Plaintiffs are entitled to recover money damages equal to the cost to conduct a comprehensive and expedited environmental assessment of all present and yet unidentified pollution and contamination of their Property.

44.

In summary, Plaintiffs have stated several causes of action herein, including causes of action in tort and separate causes of action for breach of contract, and for breach of obligations imposed by the Mineral Code and Civil Code, and for breach of implied obligations under the Mineral Code and Civil Code, and for the violation of the provisions of the Civil Code and Mineral Code, and are entitled to the following damages:

a. Sufficient funds to conduct a complete scientific analysis of the extent and nature of the contamination on the Property associated with Defendants' operation of waste pits, tank batteries, production and/or injection wells, pipelines, and other oil and gas related facilities and equipment;

b. The cost to restore the Property to its pre-polluted original condition;

c. Punitive or exemplary damages arising from wanton and reckless conduct during the period of applicability of former Article 2315.1;

d. An award of damages for Defendants' unauthorized use of Plaintiffs' land to store and dispose of their wastes without consent, or compensation to plaintiff from time of placement to time of final removal;

e. An award of stigma damages and damages for diminution in property value before, during and after restoration;

f. Any civil fruits derived from Defendants' illegal trespass;

g. Damages occasioned by the nuisance created by Defendants, including loss of full use and enjoyment of Plaintiffs' Property;

h. Land loss and subsidence damages, and the cost of backfilling excavations;

i. Damages for loss of use of land and lost profits and income;

j.  Attorneys' fees and other costs and expenses under La. R.S. 30:29, or under any contract or applicable law that specifically provides for attorney fees, costs, and expenses;

k.  Damages sustained as a result of Defendants' failure to provide proper notification under Article 2688;

l.  Damages for remediation of any groundwater contamination;

m.  Damages for the unauthorized disposal and injection of off-site saltwater or brines or other fluids or chemicals; and

n.  Damages for the unauthorized disposal of other wastes into the soils or subsurface of Plaintiffs' property.

45.

Defendants have not attempted to recover, handle, treat or dispose of any of the contamination at issue. It is expected that Defendants will contend that natural attenuation is an acceptable method of remediating the contamination. The use of natural attenuation as a remediation method involves the storage of contamination at issue in the soils and groundwaters underlying the Property for a period of time sufficient to allow natural processes to eliminate such contamination. Plaintiffs specifically allege that the Property cannot be feasibly remediated by means of natural attenuation. Thus, to the extent that natural attenuation is used, or will be used, as a remediation method to remediate the Property, Plaintiffs are entitled to reasonable compensation for the storage of waste on their Property, including rental or economic value of said storage, and the cost of institutional controls employed to effectuate any natural attenuation remedy, including damages for loss of use of the property.

46.

Plaintiffs affirmatively allege that damages awarded by the court for remediation will be used to clean up the above-described contamination. Plaintiffs have personal reasons for wishing to commit all sums awarded for remediation to clean up the affected Property.

47.

Plaintiffs assert only those private causes of action accorded to them under the Louisiana Constitution and laws of the State of Louisiana. Plaintiffs have not pled, and will never at any time in the future plead, any claim or cause of action arising under federal law, and assert no such claims herein. To the extent any state law claims are preempted by federal law (either expressly or

impliedly), such claims are not alleged herein. Plaintiffs herein expressly do not pursue any Defendants or claims that have been discharged in bankruptcy.

<div align="center">48.</div>

To the extent that the provisions of La. R.S. 30:29 apply to this action, notice will be furnished to the Attorney General and to Louisiana Department of Natural Resources pursuant thereto. The extent of the applicability of La. R.S. 30:29 must be determined by facts developed during the course of future discovery and at trial, as at least some of the contamination at issue may not be covered by the provisions of La. R.S. 30:29, or may not be within the jurisdiction of the LDNR. On information and belief, Plaintiffs allege that some of the contamination complained of herein arose from equipment or activities of Defendants at or after a custody transfer or sales point.

<div align="center">49.</div>

Plaintiffs claim damages for the evaluation, cleanup, and remediation of any contamination or pollution that impacts or threatens to impact groundwater, regardless of classification or depth of such groundwater, and regardless of whether said groundwater is usable or unusable. Plaintiffs claim that it is entitled to restoration of any aquifers damaged by the pollution alleged herein.

<div align="center">50.</div>

To the extent Plaintiffs do not have a right of action under private law to seek the damages claimed in this Petition, Plaintiffs assert that it has the right of action under La. R.S. 30:29. Further, Plaintiffs have a right and a cause of action under applicable law to claim damages or other appropriate relief, including injunctive relief, for the cleanup of contamination on adjacent property or other non-owned property to the extent such a cleanup is required to accomplish the remediation of the Plaintiffs' property sought in this Petition. Louisiana private law accords to a plaintiff landowner the right to seek remediation damages for the remediation of the property of a neighbor if the plaintiff landowner's property cannot effectively be remediated without remediating his neighbor's property. Plaintiffs' Property cannot be effectively remediated unless the source of the contamination of Plaintiffs' property is removed, and Plaintiffs are entitled to removal of the source of contamination even if such source happens to be located on the property of another.

51.

Defendants are liable to Plaintiffs under the provisions of Article 11 of the Louisiana Mineral Code (La. R.S. 31:11). Under Article 11, Plaintiffs are surface owners and Defendants as owners of mineral rights (mineral lease or servitude) must exercise their respective rights with reasonable regard for those of the other. Defendants' failure to maintain and remediate the Property constitutes a violation of the provisions of Article 11. Defendants are strictly liable to Plaintiffs under the provisions of Article 11. As surface owner, Plaintiffs have the right to claim the damages sought in this Petition under the provisions of Article 11, and alternatively, has the right to seek other appropriate relief, including injunctive relief, under Article 11.

52.

Defendants' breaches of the leases applicable to Plaintiffs' Property were substantial in nature. Under Article 2686 of the Civil Code, Plaintiffs may elect to seek injunctive relief, dissolution, and damages.

53.

All Defendants joint tortfeasors and are liable to Plaintiffs *in solido*.

54.

Plaintiffs show that Article 2688 of the Civil Code was enacted by Acts 2004, No. 821, §1, effective January 1, 2005. This codal article obligates a lessee to notify his lessor without delay when the property leased has been damaged or requires repair. When Article 2688 became effective, the lessee Defendants had an obligation to notify Plaintiffs of the contamination on the Plaintiffs' Property. No such notification was provided. Therefore, under the provisions of Article 2688, Plaintiffs are entitled to the damages they sustained as a result of Defendants' failure to provide proper notification. Article 2688 is applicable to the mineral leases at issue by virtue of Article 2 of the Louisiana Mineral Code (La. R.S. 31:2). The failure of Defendants to provide the notification required by Article 2688 constitutes an active and substantial breach of the applicable mineral and surface leases. In addition, the failure to provide the notice required by Article 2688 constitutes a tortious breach of the applicable leases.

55.

Plaintiffs demand a trial by jury.

56.

Plaintiffs hereby specifically allege any rights or causes of action assigned to them before

or after the filing of this Petition that arise out of the transactions or occurrences that are the subject

of this Petition, including, but not limited to, any causes of action based on the acquisition of

mineral rights resulting from the expiration or termination of any mineral servitude. Also, as the

property damage alleged in this Petition will continue to increase after the filing of this Petition,

Plaintiffs specifically claim any damages that accrue after the filing of this Petition. Further,

Plaintiffs specifically reserve the right to bring those causes of action that are assigned to them or

that accrue after any judgment in this case, including, but not limited to, any judgment dismissing

any defendant against whom Plaintiffs have a right to assert such causes of action assigned or

accruing after judgment, and any judgment awarding damages for any of the claims alleged in this

Petition. Further, Plaintiffs claim any additional damages incurred after the filing of this Petition

that are related to the causes of action alleged in this Petition.

57.

Pursuant to the provisions of La. R.S. 30:29(E), Plaintiffs claim "all costs attributable to

producing that portion of the evidence that directly relates to the establishment of environmental

damage, including, but not limited to, expert witness fees, environmental evaluation, investigation,

and testing, the cost of developing a plan of remediation, and reasonable attorney fees incurred in

the trial court and the department."

58.

Upon information and belief, no party made a defendant in this Petition is a licensed

remediation contractor. Thus, when this Court issues an injunction mandating compliance with

Statewide Order 29-B and other applicable regulations and orders, Defendants will have to make

"payments" to a licensed remediation contractor to comply with the injunction.

59.

Furthermore, HBY RA SUA; Helen H Thomas Et Al Well No. 1 (Serial No. 223360)

(hereinafter "Helen H Thomas Et Al Well No. 1), which is situated on the Property, has been

declared an Act 404 orphaned well. Defendants HS Resources, Inc., Kerr-McGee Oil & Gas

Onshore, LP, and Crimson Exploration Operating, Inc., as permitted operators of Helen H Thomas

Et Al Well No. 1 and/or lessees of the Lease Agreements covering Helen H Thomas Et Al Well

No. 1, are liable for any contractual and/or regulatory obligations to plug and abandoned said well and restore the property.

**WHEREFORE**, Plaintiffs, THOMAS RESOURCES, L.L.C., CHARLOTTE THOMAS LANDRY, RACHEL HELEN THOMAS HALE and HELEN CAROL THOMAS GLADDEN, pray that the Defendants be cited to appear and answer this Petition and that after due proceedings be had, that there be judgment entered herein as follows:

A. Awarding Plaintiffs all compensatory damages allowed by Louisiana law in an amount to be proven at trial, including payment of the costs to restore lands with identified pollution to its original unpolluted state, civil fruits resulting from Defendants' illegal and bad faith trespass on Plaintiffs' lands, storage damages, and other property damages, and damages for loss of use and lost profits and lost income; and, further, damages for land loss and subsidence and the cost of backfilling of canals and other excavations, where appropriate;

B. Awarding Plaintiffs punitive and exemplary damages;

C. Ordering Defendants to pay Plaintiffs sufficient funds so that Plaintiffs may conduct a comprehensive and expedited environmental assessment of Plaintiffs' land to identify all hidden or not yet identified pollution;

D. Awarding Plaintiffs all costs of this suit and for legal interest therein for any amount awarded from the date of judicial demand until paid; and further awarding Plaintiffs judicial interest on all contract claims from the date of breach; and further awarding attorneys' fees where appropriate under the provisions of applicable law, including, but not limited to, La. R.S. 30:29;

E. Awarding Plaintiffs damages for diminution in property value before and after restoration, and stigma damages;

F. Ordering a mandatory and prohibitory injunction to restore Plaintiffs' Property to its pre-contaminated condition and to prevent the migration and spread of toxic and hazardous substances onto Plaintiffs' Property;

G. To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that complies with all applicable state regulations, without variances therefrom, including Statewide order 29-B and state regulations requiring remediation of usable groundwater to drinking water standards;

H. To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects the health, safety, and welfare of the people of Louisiana;

I. To the extent that La. R.S. 30:29 applies, approving a feasible remediation plan under La. R.S. 30:29 that protects and replenishes the natural resources of the state;

J. Awarding all damages allowed under Subsection H of La. R.S. 30:29;

K. For all just and equitable relief, and for all relief appropriate and reasonable under the premises;

L. Awarding damages or other relief allowable under Louisiana law under any of the causes of action alleged in this Petition;

M. Awarding damages for the failure to provide proper notification under the provisions of Article 2688;

N. Alternatively, for all appropriate unjust enrichment damages as provided by Louisiana law;

O. Trial by jury; and

P. Awarding Plaintiffs all costs attributable to producing that portion of the evidence that directly relates to the establishment of environmental damage, including, but not limited to, expert witness fees, environmental evaluation, investigation, and testing, the cost of developing a plan of remediation to comply with the injunctive relief awarded by the court, and reasonable attorney fees incurred in the trial court and the department.

RESPECTFULLY SUBMITTED:

DAVID P. BRUCHHAUS (#24326)
CHAD E. MUDD (#25188)
MATTHEW P. KEATING (#30911)
M. KEITH PRUDHOMME (#14336)
WESLEY A. ROMERO (#33344)
JAMIE C. GARY (#29203)
LENZI C. HEBERT (#38544)
MUDD, BRUCHHAUS & KEATING, LLC
422 E. College Street, Suite B
Lake Charles, LA 70605
Telephone: (337) 562-2327
Facsimile: (337) 562-2391
Email: dbruchhaus@mbklaw.net
        cmudd@mbklaw.net
        mkeating@mbklaw.net
        kprudhomme@mbklaw.net
        wromero@mbklaw.net
        jgary@mbklaw.net
        lhebert@mbklaw.net

Attorneys for Plaintiffs, THOMAS RESOURCES, L.L.C., CHARLOTTE THOMAS LANDRY, RACHEL HELEN THOMAS HALE and HELEN CAROL THOMAS GLADDEN

# Exhibit A

# Aerial Maps

FILED June 6, 20 24

_Warren Klein_

DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

 **JEFF DAVIS PARISH** The Heart of I-10

**REPORT FOR PARCEL 600257860**
**2023 DATA**

## PARCEL LOCATION(S)

No Parcel Address listed in LTC Table

| PARCEL OWNER(S) | CONTACT INFORMATION |
|---|---|
| LANDRY, CHARLOTTE T. ET AL<br>THOMAS RESOURCES L, JENNINGS] | LANDRY, CHARLOTTE T. ET AL<br>C/O RACHEL T. HALE<br>514 N. MORTON STREET<br>JENNINGS LA 70546 |

## ASSESSED VALUES AND STATUS

| | |
|---|---|
| ASSESSMENT STATUS: ACTIVE | |
| ASSESSED VALUE | 4,800.00 |
| HOMESTEAD EXEMPTION | 0.00 |
| TAXABLE VALUE | 4,800.00 |

## FEMA FLOOD ZONE INFORMATION

| FLOOD ZONE | DFIRM ID |
|---|---|
| ZONE X (AREA OF MINIMAL FLOOD HAZARD) | 22053C |

## VALUATIONS

| DESCRIPTION | TOTAL VALUE | TAXABLE VALUE |
|---|---|---|
| AGRICULTURAL LANDS CLASS III (USE VALUE) | 4,800.00 | 4,800.00 |
| TOTALS | 4,800.00 | 4,800.00 |

## PARISH TAXES

| TAX DISTRICT | MILLAGE | TAX DUE |
|---|---|---|
| CENTRAL WATERWORKS | 10.24 | $49.15 |
| DD - GRAND MARAIS DRAINAGE | 5.87 | $28.18 |
| FIRE DIST 1 MAINT | 9.98 | $47.90 |
| FIRE DIST 1 SPECIAL MAINT | 9.64 | $46.27 |
| PARISH GENERAL - OUTSIDE | 4.1 | $19.68 |
| PW - ASSESSMENT DIST | 2.51 | $12.05 |
| PW - CO-OP EXTENSION SVC | 0.96 | $4.61 |
| PW - COURTHOUSE MAINT | 2.58 | $12.38 |
| PW - LAW ENFORCE-CONST | 6.2 | $29.76 |
| PW - LAW ENFORCE-VOTED | 5.95 | $28.56 |

 **JEFF DAVIS PARISH**
The Heart of I-10

**REPORT FOR PARCEL 600257860**
**2023 DATA**

| PARISH TAXES | | |
|---|---|---|
| TAX DISTRICT | MILLAGE | TAX DUE |
| PW - LIBRARY | 5.78 | $27.74 |
| PW - MOSQUITO ABATEMENT | 7.76 | $37.25 |
| PW - PARISH SCHOOL-CONST | 6.48 | $31.10 |
| PW - PARISH SCHOOL-VOTED | 10.77 | $51.70 |
| ROAD DISTRICT 12 | 10.7 | $51.36 |
| SCHL WELSH-ROAN MAINT | 11.66 | $55.97 |
| | TOTALS | $533.66 |

| LEGAL DESCRIPTION |
|---|

*NW W/2W/2NE 11-9-4. 349-69 392-324 397-883 682-429 770-714 832-122 864-515 907-695 #576131 906-875 #575627 914-479 #580011 911-34 //THOMAS RESOURCES L.L.C. [922 SHANKLAND, JENNINGS]*

 JEFF DAVIS PARISH
The Heart of I-10

**REPORT FOR PARCEL 600257860**
**2023 DATA**



## JDPPJ GIS Map





SONRIS Interactive Map

Disclaimer: This data is not to be used for legal purposes.

0    0.065    0.13    Absolute Scale: 1:8,366
mi    Relative Scale: 1 inch = 697 feet

Date: 4/29/2024





SONRIS Interactive Map

0    0.02    0.04    Absolute Scale: 1:2,614
mi    Relative Scale: 1 inch = 218 feet

Disclaimer: This data is not to be used for legal purposes.

Date: 5/3/2024



SONRIS Interactive Map

0   0.015   0.03          Absolute Scale: 1:2,092
            mi            Relative Scale: 1 inch = 174 feet          Disclaimer: This data is not to be used for legal purposes.          Date: 4/29/2024

# Exhibit B
# Historical Aerials

FILED June 6, 2024

DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST







DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

# Exhibit C

# Operator History

FILED June 6, 2024

_Alayna Klumpp_
DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

Operator History


Charlotte Thomas Landry, et al


NW/4 and W/2 of W/2 of NE/4 of
Section 11, Township 9 South, Range 4 West


Jefferson Davis Parish


Created on:
5/7/2024

## Property Description

Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana. Said Tract being bounded by lands owned now or formerly as follows: North by Marion Coffin Brooke Trust and Janis Pitre, et al.; South by Thomas G. Cambell, et ux. And Robert Lynn Ferguson, et ux.; East by Martin Kratzer Estate; and West by Cora Clayton Williams.

## JDPPJ GIS Map



Charlotte Landry, et al
Tax Assessment No.
600257860



SONRIS Interactive Map

Disclaimer: This data is not to be used for legal purposes.

Date: 4/29/2024



SONRIS Interactive Map



SONRIS Interactive Map



# Permitted Operators

### Nelson H Thomas No. 001 Well
### Serial No. 17674

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 3/27/35 | Drill Permit | Humble Oil and Refining Co. (2740) | Permitted |
| 4/17/35 | Spud Date | Humble Oil and Refining Co. (2740) | |
| 10/20/35 | Completion Date | Humble Oil and Refining Co. (2740) | |
| 3/26/39 | Status | | Plugged and Abandoned |

### Nelson H Thomas No. 002 Well
### Serial No. 18500

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 1/24/36 | Drill Permit | Humble Oil and Refining Co. (2740) | Permitted |
| 2/9/36 | Spud Date | Humble Oil and Refining Co. (2740) | |
| 3/22/36 | Completion Date | Humble Oil and Refining Co. (2740) | |
| 7/3/39 | Status | | Plugged and Abandoned |

### Nelson H Thomas No. 003 Well
### Serial No. 19437

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 11/12/36 | Drill Permit | Humble Oil and Refining Co. (2740) | Permitted |
| 11/28/36 | Spud Date | Humble Oil and Refining Co. (2740) | |
| 1/1/37 | Completion Date | Humble Oil and Refining Co. (2740) | |
| 4/15/41 | Status | | Plugged and Abandoned |

N H Thomas No. 001 Well
Serial No. 29430

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 6/10/44 | Drill Permit | Union Sulphur Co. (9999) | Permitted |
| 6/27/44 | Spud Date | Union Sulphur Co. (9999) | |
| 7/26/44 | Completion Date | Union Sulphur Co. (9999) | |
| 8/2/52 | Status | | Plugged and Abandoned |

N H Thomas No. 002 Well
Serial No. 31652

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 4/15/46 | Drill Permit | Union Sulphur Co. (9999) | Permitted |
| 4/20/46 | Spud Date | Union Sulphur Co. (9999) | |
| 5/7/46 | Completion Date | Union Sulphur Co. (9999) | |
| 10/17/52 | Status | | Plugged and Abandoned |

Nelson Thomas No. 001 Well
Serial No. 64008

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 11/20/56 | Drill Permit | W.W.F. Oil Corp. & Lyons and Logan | Permitted |
| 12/3/56 | Spud Date | W.W.F. Oil Corp. & Lyons and Logan | |
| 2/20/57 | Completion Date | W.W.F. Oil Corp. & Lyons and Logan | |
| 10/9/61 | Amend Operator | Lyons Petroleum (3600) | |
| 6/9/63 | Status | | Plugged and Abandoned |

### Nelson H. Thomas No. 001 Well
### Serial No. 125733

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 8/26/68 | Drill Permit | Offshore Exploration Corp. | Permitted |
| 9/26/68 | Spud Date | Offshore Exploration Corp. | |
| 10/18/68 | Completion Date | Offshore Exploration Corp. | |
| 5/3/71 | Amend Operator | Precise Exploration Corp. (4860) | |
| 3/6/74 | Status | | Plugged and Abandoned |

### Nelson H. Thomas No. 002 Well
### Serial No. 138719

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 12/28/71 | Drill Permit | Precise Exploration Corp. (4860) | Permitted |
| 2/13/72 | Spud Date | Precise Exploration Corp. (4860) | |
| 5/17/72 | Completion Date | Precise Exploration Corp. (4860) | |
| 5/17/72 | Status | | Dry and Plugged |

### N H Thomas No. 001 Well
### Serial No. 152082

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 5/25/76 | Drill Permit | Houston Oil & Minerals Corp. (2709) | Permitted |
| 8/31/76 | Spud Date | Houston Oil & Minerals Corp. (2709) | |
| 12/7/76 | Completion Date | Houston Oil & Minerals Corp. (2709) | |
| 9/85[1] | Amend Operator | John W. McGowan | |
| 3/31/86 | Amend Operator | B & M Operating Company, Inc. (0344) | |
| 12/18/87 | Status | | Plugged and Abandoned |

--------

[1] Permit is dated December 5, 1955; however the effective date is listed as September of 1985.

HBY RA SUA; Helen H Thomas Et Al Well No. 001
Serial No. 223360

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 7/22/99 | Drill Permit | HS Resources, Inc. (H114) | Permitted |
| 10/9/99 | Spud Date | HS Resources, Inc. (H114) | |
| 12/7/99 | Completion Date | HS Resources, Inc. (H114) | |
| 9/1/01 | Amend Operator | Kerr-McGee Rocky Mountain Corporation (K073) | |
| 3/1/02 | Amend Operator | Kerr-McGee Oil & Gas Onshr LLC (K064) | |
| 1/1/06 | Amend Operator | Kerr-McGee Oil & Gas Onshore LP (K084) | |
| 5/1/07 | Amend Operator | Southern G Holdings, LLC (S365) | |
| 1/1/08 | Amend Operator | Crimson Explor Operating LLC (C353) | |
| 1/1/10 | Amend Operator | Shoreline Southeast LLC (S370) | |
| 1/28/12 | Unsuccessful Recompletion | Shoreline Southeast LLC (S370) | |
| 6/20/17 | Status | | Act 404 Orphan Well -Eng |

Helen H Thomas Et Al Well No. 002
Serial No. 225173

| Date | Activity | Operator Name | Status |
|------|----------|---------------|--------|
| 11/27/00 | Drill Permit | HS Resources, Inc. (H114) | Permitted |
| 2/19/00 | Spud Date | HS Resources, Inc. (H114) | |
| 3/6/01 | Completion Date | HS Resources, Inc. (H114) | |
| 9/1/01 | Amend Operator | Kerr-McGee Rocky Mountain Corporation (K073) | |
| 3/1/02 | Amend Operator | Kerr-McGee Oil & Gas Onshr LLC (K064) | |
| 11/30/03 | Status | | Plugged and Abandoned |

Well Permitting History

Nelson H Thomas No. 001 Well

Serial No. 17674



R 4 W

Humble        Humble        Shell

Jno. Thomas        Mrs. S. P. Miller        T. A. Amby

Humble        Humble        Humble

200 Ac.        Nelson H. Thomas        Martin Kretzer

Humble

T. F. Clayton        J. W. DeVilbiss

This Application for Well Nº.

Nelson H. Thomas        Lse. 36349
Roanoke District        Jefferson Davis, Parla.

HUMBLE OIL & REFINING COMPANY
CIVIL ENGINEERING DEPARTMENT
Houston

| DRAWN | | SCALE | | FILE NO. |
|---|---|---|---|---|
| CHECKED | | DATE 3-22-35 | | STA-306 |
| APPR. | | REVISED 11-10-36 | | |

033353
17674

## DEPARTMENT OF CONSERVATION

17674      Depth _____      Elev.   24'

Farm   Nelson H. Thomas    Well No.   1    Log   x ✓

Operator 1   Humble Oil & Refining Co.

Location   2240'S 2447'W of NE Cor of Sec. 11

Sec.   11   Tp.   9$^S$   R.   4W

Parish   Jeff. Davis      Permit issued   March 27    193 5

Commenced   4-17-35    193___    Completed   10-20-35    193___

Sands   8658' to 8661'      Water Sands ___ to ___

___ to ___      ___ to ___

___ to ___      ___ to ___

Int Prod.   171 B    bbl    Casing   16"   186'

Gas   621 MCF    cu ft    10-3/4   2857'   ft.

     7"   9622'

Remarks   temp. abandoned. Permit

W/O issued 11-27-37 Permit to perf

8648-8661 w/10 holes issued 11/30/37 by D Coffee

Permit to perf 8613-8665 w/10 holes issued

& perf 12/17/37 (once)

Aban ___ 193___

Cored   From Depth ___

To Depth ___

Liner -   Perf. ___

"    Blank ___

9-M

See log for perf. record

CORRECTED PERMIT        C O P Y        CORRECTED PERMIT  $50 00

## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

Permit #507  PERMIT TO DRILL FOR MINERALS                2018

NEW ORLEANS, LA, **March 28** _____ 193 **5**

NAME **Humble Oil & Refining Co.**

ADDRESS _____ **Houston, Texas.** _____

Permit sent to

LOCATION OF WELL  **2240'S 2447'E of NE Corner of Sec. 11**

In feet from section corner

_____ Sec. **11** , T **9 S** , R **4 E** ( _____ **Jeff. Davis.** Parish)

In accordance with the provisions of Act 131 of 1934 and the rules and regulations of the Department of Conservation, State of Louisiana, you are hereby authorized to drill **Nelson H. Thomas** Well No. **1** _____ referred to under application bearing serial No. **17674** , dated **March 25** _____ 193 **5**

Unless actual drilling is begun within ninety (90) days from date of this permit, same will become null and void.

This permit must be signed by the Director of the Division of Minerals and countersigned by the Chief Clerk of said Division

### DEPARTMENT OF CONSERVATION
### STATE OF LOUISIANA

**DR. J. A. SHAW, DIRECTOR.**

_____ Director Division of Minerals          _____ Chief Clerk Division of Minerals

7-M

# C O P Y
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

2018

## PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

NEW ORLEANS, LA, **September 27** 193 **5**

NAME **Humble Oil & Refining Company,**

ADDRESS **Houston, Texas.**

Permit sent to

LOCATION OF WELL **2240'S 2447'W of N$^E$ Corner Sec.11**

In feet from section corner

Sec. **11** , T **9 S** , R **4 W** ( **Jeff. Davis** Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to **perforate**

(Abandon Plug Sidetrack or Perforate)

Well **Nelson H. Thomas** , No. **1** ,

(Name)

referred to under permit No. **17674** dated **Sept. 26** 193 **5**

NOTE —
Two typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8-M

## STATE OF LOUISIANA
## DEPARTMENT OF CONSERVATION

**DR. J. A. SHAW, DIRECTOR.**

Director Division of Minerals

C O P Y

2018

## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

NEW ORLEANS, LA, **October 1** 193 **5**

NAME **Humble Oil & Refining Co.,**

ADDRESS **Houston, Texas,** Permit sent to

LOCATION OF WELL **2240'S 2447'W of NE Cor Sec. 11**
In feet from section corner

_____ Sec. **11** , T. **8 S** R. **4W** ( **Jefferson Davis** Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to _____ **Perforate**
(Abandon Plug Sidetrack or Perforate)

Well **Nelson H. Thomas** , No. **1**
(Name)

referred to under permit No. **17574** dated **Sept. 30** 193 **5**

NOTE →
  Two typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8-M

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION

**DR. J. A. SHAW, DIRECTOR.**
Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

**2018**

# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

NEW ORLEANS, LA , **October 21** 193 **5**

NAME **Humble Oil & Refining Co.**

ADDRESS **Houston, Texas.**

Permit sent to

LOCATION OF WELL **2240'S 2447'W of NE Cor of Sec.**

In feet from section corner

Sec. **11** , T **9 S** , R **4W** ( **Jeff. Davis** Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to **plug**

(Abandon Plug Sidetrack or Perforate)

Well **Nelson H. Thomas** , No. **1**

(Name)

referred to under permit No. **17874** dated **Oct. 18** 193 **5**

NOTE—
Two typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8 M

**STATE OF LOUISIANA**
**DEPARTMENT OF CONSERVATION**

**DR. J. L. SHAW, DIRECTOR.**

Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.
NEW ORLEANS, LA, _____ November 20, 193 7

NAME _____ Humble Oil & Refg. Company _____

ADDRESS _____ Roanoke, La. _____

Permit sent to

LOCATION OF WELL ____ 2440'S 2447'W of NE Corner of Sec. 11

In feet from section corner

_____ Sec 11 , T. 9S , R 4W ( Jeff Davis Parish)

In accordance with the rules and regulations of the Department of Conservation,

you are hereby authorized to perforate 8658-8665 w/10 holes

(Abandon Plug Sidetrack or Perforate)

Well N. H. Thomas , No 1 ,

(Name)

referred to under permit No 17674 dated 11-20- 193 7 .

NOTE —
Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8 M

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION

C. M. Fontenot

Agent in charge.     Director Division of Minerals

# C O P Y
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

NEW ORLEANS, LA, __11-23__ 193 **7**

NAME __HUMBLE OIL & REFINING COMPANY,__

ADDRESS __P.O.BOX 2180, Houston,Texas,__

LOCATION OF WELL __2240' from N and 2447' from E line of Sec.11,__

Sec __11__, T __9 S__, R __4W__ ( __Jeff. Davis,__ Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to __workover,__

(Abandon Plug Sidetrack or Perforate)

Well __Nelson H. Thomas__ , No. __1__ ,

(Name)

referred to under permit No __17674__ , dated __11-18__ 193 __7__

NOTE —
Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8 M

### STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

### DR. J. A. SHAW, Director,
Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.                    Dec. 7, 193 7

NEW ORLEANS, LA, _____

NAME _____ Humble Oil & Refg. Co.

ADDRESS _____ Roanoke, La.

Permit sent to

LOCATION OF WELL _____ 2240'S 2447W of NE Cor. of Sec. 11

'n feet from section corner

_____ Sec __ 11 __, T __ 9S __, R __ 4W __ ( __ Jeff Davis _____ Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to **perforate 8658-8665 w/10 holes**

(Abandon Plug Sidetrack or Perforate)

Well _____ N. H. Thomas _____, No __ 1 __,

(Name)

referred to under permit No __ 17674 __ dated _____ 12-7- __ 193 7

NOTE —
Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8 M

## STATE OF LOUISIANA
## DEPARTMENT OF CONSERVATION

C. M. Fontenot,
Agent in charge. Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.

NEW ORLEANS, LA, _____ Dec. 8, _____ 193 7

NAME _____ Humble Oil & Ref. Co. _____

ADDRESS _____ Roanoke, La. _____

Permit sent to

LOCATION OF WELL _____ 2440'S 2447'W of N E C or. of Sec. 11 _____

In feet from section corner

_____ Sec _____ 11 _____, T _____ 9S _____, R _____ 4W _____ ( _____ Jeff Davis _____ Parish)

In accordance with the rules and regulations of the Department of Conservation,

you are hereby authorized to perf. 8653-59 _____

(Abandon Plug Sidetrack or Perforate)

Well _____ N. H. Thomas _____, No _____ 1 _____,

(Name)

referred to under permit No _____ 13674 _____ dated _____ 12-8- _____ 193 7 _____

NOTE —
Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8-M

## STATE OF LOUISIANA
## DEPARTMENT OF CONSERVATION

C. M. Fontenot          C. E. Morrow

Agent in charge.     Director Division of Minerals

# C O P Y
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.

NEW ORLEANS, LA, _3-21-_ _____ 193 8

NAME __Humble Oil & Refg. Co.__

ADDRESS __Roanoke, Louisiana__

Permit sent to

LOCATION OF WELL __2240'S 2447'W of NE Cor. of Sec. 11__

In feet from section corner

_____ Sec __11__, T __9S__, R __4W__ ( __Jeff Davis__ _____ Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to __perforate 8648-65 w/24 shots__

(Abandon Plug Sidetrack or Perforate)

Well __N. H. Thomas__ _____, No __1__ _____,

(Name)

referred to under permit No __17674__ dated __3-21-__ 193 8

NOTE —
  Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8-M

## STATE OF LOUISIANA
## DEPARTMENT OF CONSERVATION

C. M. Fontenot,
Agent in charge.

Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.    3-22-    193 8
NEW ORLEANS, LA ,

NAME ___ Humble Oil & Refg. Co.

ADDRESS ___ Roanoke, La.

Permit sent to

LOCATION OF WELL ___ 2240'S 2447'W of NE Cor. of

In feet from section corner

___ Sec 11 , T 9S , R 4W ( Jeff Davis ___ Parish)

In accordance with the rules and regulations of the Department of Conservation,
you are hereby authorized to *PB 8670-34* ↳ perforate 8620-30 w/10 holes

(Abandon Plug Sidetrack or Perforate)

Well ___ N. H. Thomas , No 1 ,

(Name)

referred to under permit No 17674 dated 3-22- 193 8

NOTE —
Three typewritten copies of each
log of each well drilled or deepened
made out on forms of the Depart
ment of Conservation must be
furnished the Department not later
than ten days after completion of
any all such well or wells

No 8-M

## STATE OF LOUISIANA
## DEPARTMENT OF CONSERVATION

C. M. Fontenot,

Agent in charge.    Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.

NEW ORLEANS, LA, _____ 4-25- ___ 193 8

NAME ___ **Humble Oil & Refg. Co.**

ADDRESS ___ **Roanoke, La.**

<div align="center">Permit sent to</div>

LOCATION OF WELL ___ **2240'S 2447'W of NE ¼ or. of**

<div align="center">In feet from section corner</div>

_____ Sec **11** ___, T. **9S** , R **4W** ( **Jeff Davis** _____ Parish)

In accordance with the rules and regulations of the Department of Conservation,

you are hereby authorized to_____ **workover** - _____

<div align="center">(Abandon Plug Sidetrack or Perforate)</div>

Well ___ **N. H. Thomas** _____ , No _____ **1** _____ ,

<div align="center">(Name)</div>

referred to under permit No **17674** ___ dated_____ **4-25-** 193**8** .

NOTE —
Three typewritten copies of each
log of each well drilled or deepened
made out on forms of the Depart
ment of Conservation must be
furnished the Department not later
than ten days after completion of
any all such well or wells

No 8 M

## STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

**C. M. Fontenot,**       **H. A. Metzger, Eng'r.**
**Agent in charge.**       Director Division of Minerals

# C O P Y
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS
# PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.

NEW ORLEANS, LA, _____ 9-18-39 _____ 193___

NAME     Humble Oil & Refg. Co.

ADDRESS     Houston, Texas

LOCATION OF WELL     2240' S of N line 2447' W of E line

_____ Sec. 11 _____ T. 9 S _____ R. 4 W _____ Jeff Davis _____ Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to    plug and abandon
_____
(Abandon Plug Sidetrack or Perforate)

Well     N. H. Thomas _____, No. 1 _____
      (Name)

referred to under permit No    17674 _____, dated    9-13- _____ 193 9

NOTE —
   Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8 M

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION
C. M. Fontenot, Agent in charge.
_____
Director Division of Minerals

# COPY
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

## PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.
NEW ORLEANS, LA., _____ 7-25-40 _____ 193___

NAME ___The Union Sulphur Co.___

ADDRESS ___Sulphur, La.___

LOCATION OF WELL ___2665.7'N & 511' W of center of Sec. 29___

___in___ Sec ___20___, T ___9 S___, R ___10 W___ ( ___Calcasieu___ Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to ___pull casing, plug & abandon___

(Abandon Plug Sidetrack or Perforate)

Well ___Fee___, No ___807___,

(Name)

referred to under permit No ___17674___, dated ___7-22-40___ 193___

NOTE —
  Three typewritten copies of each log of each well drilled or deepened made out on forms of the Department of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

### STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

___H. A. Metzger, Mgr-Engr.___

Director Division of Minerals

Form No 8 M    10M 6 39 M12 667K23H47

Well Permitting History

Nelson H Thomas No. 002 Well

Serial No. 18500

## DEPARTMENT OF CONSERVATION

18500                  Depth    8694'          Elev.  24' gu

Farm    Nelson A. Thomas                Well No. 2          Log
Operator 1  Humble Oil & Refg. Co. 2
Location  2604' E of W line 1200' South of N Line.

                                          Sec. 11 Tp. 9S R. 4W.

Parish    Jeff. Davis              Permit issued  Jan. 24          193 6

Commenced    2-9      193 6  Completed    3-22          193 6

Sands _____ to _____          Water Sands _____ to _____
      _____ to _____                      _____ to _____
      _____ to _____                      _____ to _____

In't Prod   542 585       bbl   Casing 16        3360        ft
                                       10-3/4
Gas   147 mcf       cu ft          7' OD  8673'
Remarks Permit to plg bes 8694-80   Cored  From Depth _____
+ perf 8672-80 issued 5/30/38 by C C Office  To Depth _____
      Gravity 39

                                   Liner      Perf _____
_____              "         Blank _____
4ban_____    193
9-M

See log for workover record

C O P Y

$50 00

2019

## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

Permit #1334

# PERMIT TO DRILL FOR MINERALS

NEW ORLEANS LA. **Jan. 24** _____ 193 **6**

**NAME** _____ Humble Oil & Refining Co., _____

**ADDRESS** _____ Houston, Texas, _____

Permit sent to

**LOCATION OF WELL** __ 2604'E of W line 1200'S of N Line. __

_____ Sec. **11** __, T **9 S** R **4 W** ( __ Jeff. Davis. __ Parish)

In feet from section corner

In accordance with the provisions of Act 131 of 1934, and the rules and regulations of the Department of Conservation, State of Louisiana, you are hereby authorized to drill **Nelson H. Thomas** Well No. **2** referred to under application bearing serial No. **19500** dated **January 21** 193 **6**.

Unless actual drilling is begun within ninety (90) days from date of this permit, same will become null and void

This permit must be signed by the Director of the Division of Minerals and countersigned by the Chief Clerk of said Division

### STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

DR. J. A. SHAW, DIRECTOR _____ A. A. MASSICOT. _____
Director Division of Minerals                Chief Clerk Division of Minerals

Form No 7-M

DRILLING CONTRACTOR: COMPANY TOOLS.

**C O P Y**                                                          $50 00
                                                                    **2019**

## DEPARTMENT OF CONSERVATION
**AMENDED APPLICATION**    DIVISION OF MINERALS    **AMENDED APPLICATION**

# PERMIT TO DRILL FOR MINERALS
### NEW ORLEANS, LA, **FEBRUARY 8**            193**6**

**NAME** ___ **Humble Oil & Refining Company,** ___

**ADDRESS** ___ **Houston, Texas.** ___

Permit sent to

**LOCATION OF WELL** ___ **2240'S 3047'W of NE Cor of Sec. 11** ___

In feet from section corner

___ Sec. **11**, T **9 S** R **4W** ( **Jeff. Davis,** Parish)

In accordance with the provisions of Act 131 of 1934 and the rules and regulations of the Department of Conservation, State of Louisiana, you are hereby authorized to drill **Nelson H. Thomas** Well No. **2** ___ referred to under application bearing serial No. **18500** dated **Jan. 28** 193**6**

Unless actual drilling is begun within ninety (90) days from date of this permit, same will become null and void.

This permit must be signed by the Director of the Division of Minerals and countersigned by the Chief Clerk of said Division

### STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

**DR.J.A.SHAW,DIRECTOR**                    **A.A.MASSICOT,**

Director Division of Minerals              Chief Clerk Division of Minerals

Form No 7 M    **DRILLING CONTRACTOR: COMPANY TOOLS.**

# C O P Y
## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

## PERMIT TO PLUG, SIDETRACK, PERFORATE OR ABANDON WELL

Lake Charles, La.
NEW ORLEANS, LA, _____ 5-30- ___ 193 8

NAME  Humble Oil & Refining Company

ADDRESS  Roanoke, Louisiana

LOCATION OF WELL  2240' S 3047' W of N E Cor. of Sec. 11

_____ Sec  11 , T  9S , R  4W  (  Jeff Davis  Parish)

In accordance with the rules and regulations of the Department of Conservation, you are hereby authorized to  plug back 8694-80' & perf. 8672-80'

(Abandon Plug Sidetrack or Perforate)

Well  N. H. Thomas , No  2 ,
(Name)

referred to under permit No  18500 , dated  5-30-  193 8

NOTE—
  Three typewritten copies of each log of each well drilled or deepened made out on forms of the Depart ment of Conservation must be furnished the Department not later than ten days after completion of any all such well or wells

No 8-M

### STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

C. M. Fontenot,

Agent in charge.     Director Division of Minerals

Well Permitting History

Nelson H Thomas No. 003 Well

Serial No. 19437

## DEPARTMENT OF CONSERVATION

18437    Depth *8692'*    Elev. *24'11"*

Farm *NELSON H. THOMAS*    Well No. *3,*    Log ✓

Operator 1. *HUMBLE OIL & REFG. CO., 2*

Location *1350'S of N line of Sec. 11, 2507' of E line Sec. 11,*

Sec. *11* Tp. *9* S R. *4* W.

Parish *Jeff. Davis*    Permit issued *11-12*    193 *6*

Commenced *11/28/36*    193___    Completed *11/37*    193___

| Sands | to | Water Sands | *151'* to |
| | to | *16"* | |
| | to | *10 3/4' 2979'* to | |
| Int Prod *√2464* bbl | Casing *7" -8679'* ft. |
| Gas cu ft | |
| Remarks | Cored   From Depth |
| | To Depth |
| | Liner - Perf. |
| Aban___ 193___ | " Blank |

9-M    DRLG. CONTRACTOR: COMPANY TOOLS.

# COPY

$50 00

2019

## DEPARTMENT OF CONSERVATION
### DIVISION OF MINERALS

Permit #2277

# PERMIT TO DRILL FOR MINERALS

### NEW ORLEANS, LA., **11-12** 193__ **6,**

NAME ___**HUMBLE OIL & REFG. CO.,**___

ADDRESS ___**P. O. BOX 2180, Houston, Texas.**___

LOCATION OF WELL ___**1630'S of N line Sec. 11, 2607' W of E ln.**___
___**of Section 11.**___

_____ Sec. **11** , T. **6 S** , R **4 W** ( **Jeff. Davis,** Parish)

In accordance with the provisions of Act 131 of 1934, and the rules and regulations of the Department of Conservation, State of Louisiana, you are hereby authorized to drill **Nelson H. Thomas** Well No _____ **6,** ___, referred to under application bearing serial No ___**19487**___, dated _____ **11-10** _____ 193 **6**

Unless actual drilling is begun within ninety (90) days from date of this permit, same will become null and void

This permit must be signed by the Director of the Division of Minerals and countersigned by the Chief Clerk of said Division

### STATE OF LOUISIANA
### DEPARTMENT OF CONSERVATION

**DR. J. A. SHAW, DIRECTOR**                    **A. A. MASSICOT,**

Director Division of Minerals                    Chief Clerk Division of Minerals

Drilling Contractor____**COMPANY TOOLS,**____

Form No 7-M

**132**

### STATE OF LOUISIANA
### DEPARTMENT OF MINERALS

## WORK PERMIT

PERMIT TO __pullcasing, plug & abandon__ DATE __4-15-41__

COMPANY __Humble Oil & Refg. Co.__

ADDRESS __Roanoke, Louisiana__

WELL NAME AND NO __N.H.Thomas # 3__ SEC __11__ T __9S__ R __4W__

LOCATION __1630' S of N line, 2507' W of E line__

FIELD __Roanoke__ PARISH __Jeff Davis__

YOU ARE HEREBY AUTHORIZED TO __pull casing, plug and__

__abandon   (over)__

WELL PERMIT SERIAL NO __19437__ WORK PERMIT NO __132__

AUTHORIZED BY __H. A. Metzger, Mgr-Engr.__
__Lake Charles District.__

District Office

Form DM 4
5M 1 41 7486

Well Permitting History

N H Thomas No. 001 Well

Serial No. 29430



**Perforate IC. #165**

MINERALS DIVISION
DEPARTMENT OF CONSERVATION
STATE OF LOUISIANA

# WORK PERMIT

PERMIT TO: **Perforate**                    DATE: **July 29th, 1944**

PARISH: **Jefferson Davis**            FIELD: **North Roanoke**

COMPANY: **The Union Sulphur Company**

ADDRESS: **Sulphur, Louisiana**

WELL NAME: **H. H. Thomas**          NO. **1** SEC. **11** T. **9S** R. **4W**

WELL PERMIT SERIAL NO.: **29430**        WORK PERMIT NO.: **Perf.IC.# 165**

LOCATION: **542.5' S & 160414' E of NW cor. of Sec. 11 and also being 335' Sly at rt. angles from W/L & 1758' Wly at R/A from S/L of TR.**

YOU ARE HEREBY AUTHORIZED TO: **Perforate 8710-8720' w/242" holes.**

TD **8767'**

PERMIT REQUESTED BY: **J. P. Flint**
                                                Company Representative

AUTHORIZED BY: _____

**Frank W. Fava, Jr., Mgr.**
                                District Office

**Lake Charles, Louisiana**

FORM DM 4R 25M

Squeeze & Reperforate
IG #17

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

## WORK PERMIT

PERMIT TO: Squeeze & Reperforate DATE: October 24, 1947

PARISH: Jefferson Davis          FIELD: Roanoke

COMPANY: Union Sulphur

ADDRESS: Sulphur, Louisiana

WELL NAME: Thomas            NO. 1 SEC. 11 T. 9S R. 4W

WELL PERMIT SERIAL NO.: 29450     WORK PERMIT NO.: _____

LOCATION: 542.5' S & 1604.4' E of NW corner of Sec. 11

YOU ARE HEREBY AUTHORIZED TO: Squeeze perforations 8538-
8541 with 100 sacks cement - DST Re-perforate 8538-
8541 (if drill stem test is dry)

                                           TD 8600

PERMIT REQUESTED BY: J.M. Baker
                                    Company Representative

                     AUTHORIZED BY: _____

                     ARSENE P. EDWARDS
Form DM-4R           LAKE CHARLES, District Office

Plug & Perforate
LO # 21

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

## WORK PERMIT

PERMIT TO: Plugback & Perforate  DATE: October 24, 1947
PARISH: Jefferson Davis        FIELD: Roanoke
COMPANY: Union Sulphur
ADDRESS: Sulphur, La.
WELL NAME: Thomas          NO. 1  SEC. 11  T. 9S  R. 4W
WELL PERMIT SERIAL NO.: 29450      WORK PERMIT NO.:
LOCATION: 342.5' S & 1606.5' E of the NW corner of
Section 11
YOU ARE HEREBY AUTHORIZED TO: Set cement plug from
8700 to 8800. Perforate 5½" Csg. 8538-8541 with
12 ½" holes

                                                    TD 8800
PERMIT REQUESTED BY: J.H. Baker
                                        Company Representative

                        AUTHORIZED BY:
                        ARSENE P. EDWARDS
                        LAKE CHARLES, District Office
Form DM-4R

Pull Casing
L.C. #47

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

## WORK PERMIT

PERMIT TO **Pull Casing**          DATE **May 29, 1952**

PARISH **Jeff Davis**          FIELD **Roanoke**

COMPANY **Union Sulhpur & Oil Corporation**

ADDRESS **Sulphur, Louisiana**

WELL NAME **N. H. Thomas**   No. **1**   SEC. **11**   T. **9S**   R. **4W**

WELL PERMIT SERIAL No. **29430**   WORK PERMIT No.

LOCATION **342.5' South & 1604.4' East of NW corner of Section 11, T 9S - R 4W, Jeff Davis Parish, La.**

YOU ARE HEREBY AUTHORIZED TO

**Pull Casing and abandon.**

                                          TD **8,588'**

PERMIT REQUESTED BY **Harvey Brown**
                                          Company Representative

AUTHORIZED BY
**ARSENE P. EDWARDS**
**Lake Charles, La.** District Office

Form DM-4R
.i343  C2 39

Perforate IC. #165

## MINERALS DIVISION
## DEPARTMENT OF CONSERVATION
## STATE OF LOUISIANA

# WORK PERMIT

PERMIT TO **Perforate**                    DATE **July 28th, 1944**

PARISH **Jefferson Davis**              FIELD **North Roanoke**

COMPANY **The Union Sulphur Company**

ADDRESS **Sulphur, Louisiana**

WELL NAME **W. K. Thomas**                NO **1** SEC **11** T **9S** R **4W**

WELL PERMIT SERIAL NO **19430**      WORK PERMIT NO **Perf.IC.# 165**

LOCATION **542.5' S @ 16541⁴' S of NW cor. of Sec. 11 and also being 355' Sly at rt. angles from N/L & 1738' Uly at R/A from E/L of Sec.**

YOU ARE HEREBY AUTHORIZED TO **Perforate 8710-8720' w/248" holes.**

TD **8767'**

PERMIT REQUESTED BY **J. P. Flint**
                                    Company Representative

AUTHORIZED BY _____

FORM DM 4R 25M

**Frank J. Vava, Jr., Mgr.**
                    District Office

**Lake Charles, Louisiana**

Squeeze & Reperforate
LC 527

## MINERALS DIVISION
## DEPARTMENT OF CONSERVATION
## STATE OF LOUISIANA

# WORK PERMIT

PERMIT TO **Squeeze & Reperforate** DATE **October 24, 1947**

PARISH **Jefferson Davis** FIELD **Roanoke**

COMPANY **Union Sulphur**

ADDRESS **Sulphur, Louisiana**

WELL NAME **Thomas** NO **1** SEC **11** T **9S** R **4W**

WELL PERMIT SERIAL NO **29430** WORK PERMIT NO _____

LOCATION **342.6' S & 150.6' E of NW corner of Sec. 11**

YOU ARE HEREBY AUTHORIZED TO **Squeeze perforations 8538-6361 with 100 sacks cement - DST Re-perforate 8538-8561 (if drill stem test is dry)**

TD **8800**

PERMIT REQUESTED BY **J. M. Baker**
                                        Company Representative

AUTHORIZED BY _____
**AMERS P. GIRARD**
**LAKE CHARLES, Di**strict Office

Form DM 4R

Plug & Perforate
LC # 21

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

## WORK PERMIT

PERMIT TO _Plugback & Perforate_ DATE _October 24, 1947_

PARISH _Jefferson Davis_ FIELD _Roanoke_

COMPANY _Union Sulphur_

ADDRESS _Sulphur, La._

WELL NAME _Thomas_ NO _1_ SEC _11_ T _9S_ R _4E_

WELL PERMIT SERIAL NO _23430_ WORK PERMIT NO _____

LOCATION _342.5' S & ? 2031.4' E of the NE corner of_ _Section 11_

YOU ARE HEREBY AUTHORIZED TO _Set cement plug from_ _2700 to 3600. Perforate 6³" Csg. 3530-3561 with_ _12 ½" holes_

TD _3600_

PERMIT REQUESTED BY _J.W. Baker_
Company Representative

AUTHORIZED BY
_ARSBEE P. EDWARDS_
_LAKE CHARLES,_ District Office

Form DM-4R

**Plug & Abandon**
**L.C.#70**

### MINERALS DIVISION
### DEPARTMENT OF CONSERVATION
### STATE OF LOUISIANA

## WORK PERMIT

PERMIT TO **Plug & Abandon**     DATE **May 29, 1952**

PARISH **Jeff Davis**     FIELD **Roanoke**

COMPANY **Union Sulphur and Oil Corporation**

ADDRESS **Sulphur, Louisiana**

WELL NAME **H. H. Thomas**     No **1** SEC **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **29430**     WORK PERMIT No.

LOCATION **342.5' South & 1604.4' East of SW corner of Section11, T 9S - R 4W, Jeff Davis Parish, La.**

YOU ARE HEREBY AUTHORIZED TO

**Set cement plugs: 6,588 to 6,488   1,308 to 1,158 to 0, and abandon.**

TD **8,588'**

PERMIT REQUESTED BY **Harvey Brown**

Company Representative

AUTHORIZED BY **ARSÈNE P. EDWARDS**

**Lake Charles** District Office

Form DM 4R
6343  C2 39

Pull Casing
L. C. #47

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

## WORK PERMIT

PERMIT TO **Pull Casing** DATE **May 29, 1952**

PARISH **Jeff Davis** FIELD **Roanoke**

COMPANY **Union Sulhpur & Oil Corporation**

ADDRESS **Sulphur, Louisiana**

WELL NAME **N. H. Thomas** No **1** SEC **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **29430** WORK PERMIT No

LOCATION **342.5' South & 1604.4' East of NW corner of Section 11, T 9S - R 4W, Jeff Davis Parish, La.**

YOU ARE HEREBY AUTHORIZED TO

**Pull Casing and abandon.**

TD **8,588'**

PERMIT REQUESTED BY **Harvey Brown**

Company Representative

AUTHORIZED BY

**ARSENE P. EDWARDS**

**Lake Charles, La.** District Office

Form DM 4R
6343  C2 39

Well Permitting History

N H Thomas No. 002 Well

Serial No. 31652



**PLAT**
Section II, T9S-R4W
Jefferson Davis Parish, La.
Scale 1"=600'

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Perforate
L.C. #123

## WORK PERMIT

PERMIT TO: **Perforate**          DATE: **May 11th, 1946**

PARISH: **Jefferson Davis**     FIELD: **Roanoke**

COMPANY: **The Union Sulphur Company, Inc.**

ADDRESS: **Sulphur, Louisiana**

WELL NAME: **Thomas**          NO. **2** SEC. **11** T. **9S** R. **4W**

WELL PERMIT SERIAL NO.: **31652**     WORK PERMIT NO.:

LOCATION: **1779.4' East and 1242.2' South of the**
**Northwest Corner of Section 11.**

YOU ARE HEREBY AUTHORIZED TO: **Perforate from 8694' to**
**8697' (Schlumberger Measurements) 8697' to 8700'**
**(Gamma Ray measurements) with 12 ½" holes for Prod.**
**5½" Casing seat at 8750'**          TD **8760'**

PERMIT REQUESTED BY: **J.I. Flint**
                     Company Representative

AUTHORIZED BY: **ARSENE P. EDWARDS, District Manager**
              **Lake Charles** District Office **Louisiana**

Form DM-4R

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVAT**
**STATE OF LOUISIANA**

Reperforate
L.C. #11

## WORK PERMIT

PERMIT TO: **Reperforate**           DATE: **May 12, 1946**

PARISH: **Jefferson Davis**          FIELD: **Roanoke**

COMPANY: **The Union Sulphur Company, Inc.**

ADDRESS: **Sulphur, Louisiana**

WELL NAME: **Thomas**       NO. **2**  SEC. **11** T **9S** R **4W**

WELL PERMIT SERIAL NO.: **31652**    WORK PERMIT NO.:

LOCATION: **1779.4' East and 1242.2' South of the Northwest Corner of Section 11**

YOU ARE HEREBY AUTHORIZED TO: **Reperforate 5½" Casing from 8693' to 8698' with 20 ½" holes.**

**8750'  5½" Casing Seat**                    TD **8750'**

PERMIT REQUESTED BY: **J.I. Flint**
                         Company Representative

AUTHORIZED BY:
**ARSENE P. EDWARDS, District Manager**

**Lake Charles,** District Office **Louisiana**

Form DM-4R

**Plugback & Perforat**
**L.C.# 1**

### MINERALS DIVISION
### DEPARTMENT OF CONSERVATION
### STATE OF LOUISIANA

## WORK PERMIT

PERMIT TO **Plugback & Perf.** DATE **1-15-52**

PARISH **Jeff. Davis** FIELD **Roanoke**

COMPANY **Union Sulphur & Oil Corp.**

ADDRESS **Sulphur, La.**

WELL NAME **N.H. Thomas** No. **2** SEC. **11** T. **9S** R. **4W**

WELL PERMIT SERIAL No. **31652** WORK PERMIT No.

LOCATION **1779.4' E & 1242.2' S of NW cor. of Sec.11**

YOU ARE HEREBY AUTHORIZED TO **Squeeze plug present perforati ons 8684-8689 with 100 sacks cmt. with squeeze tool at 8670, dress plug to 8687 then perforate 5½" csg. 8666-8672 with 24 ½" holes.** TD **8687'**

PERMIT REQUESTED BY **H. Brown**

Company Representative

AUTHORIZED BY

**ARSENE P. EDWARDS**

**LAKE CHARLES, LA.** District Office

Form DM-4R
20M 11-50

MINERALS DIVISION
DEPARTMENT OF CONSERVATION
STATE OF LOUISIANA

Plug & Abandon
L.O.# 136

## WORK PERMIT

PERMIT TO **Plug & Abandon**     DATE **Sept. 22, 1952**

PARISH **Jeff Davis**     FIELD **Roanoke**

COMPANY **Union Sulphur & Oil Corp.**

ADDRESS **Sulphur, La.**

WELL NAME **N.H. Thomas**     No. **2**   SEC. **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **31652**     WORK PERMIT No._____

LOCATION **1779.4' E & 1242.2' S of NW cor. of Sec.11**

YOU ARE HEREBY AUTHORIZED TO **Set cmt. plugs 8684-8584, 1357-1297, and 50 to 0 and abandon.**

_____   TD **8684'**

PERMIT REQUESTED BY_____ **H. Brown**
                              Company Representative

AUTHORIZED BY_____
        **ARSENE P. EDWARDS**
        **LAKE CHARLES,** District Office

Form DM-4R
D9 58

### MINERALS DIVISION
### DEPARTMENT OF CONSERVATION
### STATE OF LOUISIANA

Perforate
L.C. #128

## WORK PERMIT

PERMIT TO __Perforate__ DATE __May 11th, 1946__

PARISH __Jefferson Davis__ FIELD __Roanoke__

COMPANY __The Union Sulphur Company, Inc.__

ADDRESS __Sulphur, Louisiana__

WELL NAME __Thomas__ NO __2__ SEC. __11__ T __9S__ R __4W__

WELL PERMIT SERIAL NO __31652__ WORK PERMIT NO _____

LOCATION __1779.4' East and 1242.2' South of the Northwest Corner of Section 11.__

YOU ARE HEREBY AUTHORIZED TO __Perforate from 8694' to 8697' (Schlumberger Measurements) 8697' to 8700' (Gamma Ray measurements) with 12 ½" holes for Prod. 5½" Casing seat at 8750'__ TD __8750'__

PERMIT REQUESTED BY __J.I. Flint__
                        Company Representative

AUTHORIZED BY _____
ARSENE P. EDWARDS, District Manager
Lake Charles District Office Louisiana

Form DM 4R



**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Reperforate
L.O. #11

## WORK PERMIT

PERMIT TO __Reperforate__ DATE __May 12, 1946__

PARISH __Jefferson Davis__ FIELD __Roanoke__

COMPANY __The Union Sulphur Company, Inc.__

ADDRESS __Sulphur, Louisiana__

WELL NAME __Thomas__ NO. __2__ SEC. __11__ T. __9S__ R. __4W__

WFLL PERMIT SERIAL NO __31652__ WORK PERMIT NO ____

LOCATION __1779.4' East and 1242.2' South of the__
__Northwest Corner of Section 11__

YOU ARE HEREBY AUTHORIZED TO __Reperforate 5½" Casing__
__from 8693' to 8698' with 20 ¼" holes.__

__8750'  5½" Casing Seat__ TD. __8750'__

PERMIT REQUESTED BY _____ J.I. Flint _____
Company Representative

AUTHORIZED BY
__ARSENE P. EDWARDS, District Manager__
__Lake Charles,__ District Office __Louisiana__

Form DM-4R

Plugback & Perf.
L. C. # 69

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

**WORK PERMIT**

PERMIT TO **Plugback & Perf.** DATE **Dec. 17, 1951**

PARISH **Jeff. Davis**   FIELD **Roanoke**

COMPANY **Union Sulphur & Oil Corp.**

ADDRESS **Sulphur, La.**

WELL NAME **N. H. Thomas**   No **2** SEC **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **31652**   WORK PERMIT No.

LOCATION **1779.4' E & 1242.2' S of NW cor. of Sec. 11**

YOU ARE HEREBY AUTHORIZED TO **Squeeze plug perforations 8695'**
**8701' with 100 sx. cmt. with squeeze tool at 8685 perf-**
**orate 5½" casing 8684 to 8689 with 20 ½" holes after**
**dressing plug.**   TD **8693'**

PERMIT REQUESTED BY **H. Brown**
Company Representative

AUTHORIZED BY

**ARSENE P. EDWARDS**
**LAKE CHARLES, LA.** District Office

Form DM 4R
20M 11 50

MINERALS DIVISION
DEPARTMENT OF CONSERVATION
STATE OF LOUISIANA

**Pull Casing**
**L.C.# 82**

## WORK PERMIT

PERMIT TO **Pull Casing**               DATE **Sept. 22, 1952**

PARISH **Jeff. Davis**               FIELD **Roanoke**

COMPANY **Union Sulphur & Oil Corp.**

ADDRESS **Sulphur, La.**

WELL NAME **N.H. Thomas**          No **2**   SEC **11**  **9S**  R **4W**

WELL PERMIT SERIAL No. **31652**          WORK PERMIT No

LOCATION **1779.4' E & 1242.2' S of NW cor. of Sec. 11**

YOU ARE HEREBY AUTHORIZED TO **Pull Casing & abandon.**

TD **8684'**

PERMIT REQUESTED BY **H. Brown**

Company Representative

AUTHORIZED BY

**ARSENE P. EDWARDS**
**LAKE CHARLES, LA.** District Office

Form DM 4R
DJ 58

### MINERALS DIVISION
### DEPARTMENT OF CONSERVATION
### STATE OF LOUISIANA

**Plug & Abandon**
**L.C.# 136**

## WORK PERMIT

PERMIT TO **Plug & abandon** DATE **Sept. 22, 1952**

PARISH **Jeff Davis** FIELD **Roanoke**

COMPANY **Union Sulphur & Oil Corp.**

ADDRESS **Sulphur, La.**

WELL NAME **K.H. Thomas** No **2** SEC **11** T **9S** R **1W**

WELL PERMIT SERIAL No. **31652** WORK PERMIT No _____

LOCATION **1779.4' E & 1242.2' S of NE cor. of Sec.11**

YOU ARE HEREBY AUTHORIZED TO **Set cmt. plugs 8684-8584, 1357-1297, and 50 to 0 and abandon.**

TD **8684'**

PERMIT REQUESTED BY **H. Brown**
Company Representative

AUTHORIZED BY _____

**ARSENE P. EDWARDS**
**LAKE CHARLES, La.** District Office

Form DM-4R
D9 53

Plugback & Perforate
L. O. # 1

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

**WORK PERMIT**

PERMIT TO **Plugback & Perf.** DATE **1-15-52**

PARISH **Jeff. Davis** FIELD **Roanoke**

COMPANY **Union Sulphur & Oil Corp.**

ADDRESS **Sulphur, La.**

WELL NAME **N. H. Thomas** No **2** SEC **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **31652** WORK PERMIT No.

LOCATION **1779.4' E & 1242.2' S of NW cor. of Sec.11**

YOU ARE HEREBY AUTHORIZED TO **Squeeze plug present perforations 8684-8689 with 100 sacks cmt. with squeeze tool at 8679, dress plug to 8687 then perforate 5½" csg. 8666-8672 with 24 ½" holes.** TD. **8687'**

PERMIT REQUESTED BY **H. Brown**
                                   Company Representative

AUTHORIZED BY
                **ARSENE P. EDWARDS**
                **LAKE CHARLES, LA.** Engineer

Form DM 4R
20M  11 50

Well Permitting History

Nelson Thomas No. 001 Well

Serial No. 64008



I, J.E.Chance, certify that the location of W.W.F Oil Corp. & Lyons & Logan, Nelson Thomas Well No.1, Roanoke Field, is as follows: 2334' West & 330' South of the Northeast Corner of Section 11, T 9 S-R4W.

J E Chance

J.E.Chance Reg. No. 3399
State of Louisiana

PERMIT PLAT
LOUISIANA DEP'T. OF CONSERVATION
W.W.F OIL CORP. & LYONS & LOGAN
ROANOKE FIELD
JEFFERSON DAVIS PARISH, LOUISIANA
Scale 1"=1000'        Nov. 12, 1956



I, J.E. Chance, certify that the _Amended location_ of W.W.F. Oil Corp. & Lyons & Logan, Nelson Thomas Well No.1, Roanoke Field, is as follows: 2334' West & 350' South of the Northeast Corner of Section 11, T9S-R4W.

J E Chance

J.E. Chance  Reg. No. 3399
State of Louisiana

PERMIT PLAT
LOUISIANA DEP'T OF CONSERVATION
W.W.F. OIL CORP. & LYONS & LOGAN
ROANOKE FIELD
JEFFERSON DAVIS PARISH, LOUISIANA
Scale 1"=1000'    Rev. Nov. 19, 1956

RECEIVED
NOV 20 1956
DEPARTMENT OF MINERALS
LAKE CHARLES

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Perforate
L. C. #43

## WORK PERMIT

PERMIT TO **Perforate**                    DATE **January 16, 1957**

PARISH   **Jefferson Davis**        FIELD **Roanoke**

COMPANY   **Lyons & Logan**

ADDRESS   **1500 Beck Bldg., Shreveport, La.**

WELL NAME   **Nelson Thomas**        No. **1** SEC. **11** T. **9S** R. **4W**

WELL PERMIT SERIAL No. **64008**        WORK PERMIT No.

LOCATION   **2334' W and 330' S. of NE cor. Sec. 11**

YOU ARE HEREBY AUTHORIZED TO **Perforate 10860-75 with 4 shots per foot**

TD **11,110'**



PERMIT REQUESTED BY **L. ALLINJRETT**
                                          Company Representative

AUTHORIZED BY

**ARSENE P. EDWARDS**
**Lake Charles, La.**            District Office

Form DM-4R

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Squeeze
L.C.#8

## WORK PERMIT

PERMIT TO __Squeeze__                    DATE __1-25-57__

PARISH __Jeff. Davis__                   FIELD __Roanoke__

COMPANY __Lyons & Logan__

ADDRESS __1500 Beck Bldg., Shreveport, La.__

WELL NAME __Nelson Thomas__  No. __1__ SEC. __11__ T __9S__ R __4W__

WELL PERMIT SERIAL No. __64008__  WORK PERMIT No. _____

LOCATION __2334' W and 350' S of NEC of Sec. 11__

YOU ARE HEREBY AUTHORIZED TO __Squeeze perfs. 10860-75' w/25 sks.__

TD __11,110'__

PERMIT REQUESTED BY _____
                        **E. L. HILLIARD**
                        Company Representative

AUTHORIZED BY _____

**ARSENE P. EDWARDS**

Lake Charles, Louisiana District Office

Form DM-4R

**MINERALS DIVISION
DEPARTMENT OF CONSERVATION
STATE OF LOUISIANA**

Perforate
L.C. #80

## WORK PERMIT

PERMIT TO **Perforate**          DATE      **2-11-57**

PARISH **Jeff Davis**          FIELD      **Roanoke**

COMPANY **Lyons & Logan**

ADDRESS **Suite 1500 Beck Building, Shreveport, La.**

WELL NAME **Nelson Thomas**      No. **1**  SEC. **11**  T. **9S** R. **4W**

WELL PERMIT SERIAL No. **64008**      WORK PERMIT No.

LOCATION **2334' W and 350' S of NE/cor. of Sec. 11**

YOU ARE HEREBY AUTHORIZED TO **Perforate 10832-48' with**
**4 shots per foot.**

TD **11,110'**

PERMIT REQUESTED BY **HOMER ABENDROTT**

Company Representative

AUTHORIZED BY

**ARSENE P. EDWARDS**

**Lake Charles, La** District Office

Form DM-4R

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Plug & Perf.
L.C.#13

## WORK PERMIT

PERMIT TO __Plug & Perforate__ DATE____2-12-57____

PARISH __Jeff Davis__ FIELD____Roanoke____

COMPANY __Lyons & Logan__

ADDRESS __1500 Beck Bldg., Shreveport, La.__

WELL NAME __Nelson Thomas__ No. __1__ SEC. __11__ T. __9S__ R. __4W__

WELL PERMIT SERIAL No. __64008__ WORK PERMIT No.____

LOCATION __2334' W and 350' S of NE/cor of Sec. 11__

YOU ARE HEREBY AUTHORIZED TO __Set Baker bridge plug at approximately 10650' and place cement plug with dump bailer.  Perforate 10496-10502' with 4 jet shots per foot.__ TD __11,110'__

PERMIT REQUESTED BY____HOMER ABENDROTT____
                              Company Representative

AUTHORIZED BY____

ARSENE P. EDWARDS
Lake Charles, La. District Office

Form DM-4R

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Plug & Perforate
L.C. #18

## WORK PERMIT

PERMIT TO __Plug & Perforate__ DATE __2/18/57__

PARISH __Jeff. Davis__ FIELD __Roanoke__

COMPANY __Lyons & Logan__

ADDRESS __1500 Beck Bldg., Shreveport, La.__

WELL NAME __Nelson Thomas__ No. __1__ SEC. __11__ T. __9__ S R. __4W__

WELL PERMIT SERIAL No. __64008__ WORK PERMIT No. _____

LOCATION __2334' W & 350' S of NE/c of Sec. 11.__

YOU ARE HEREBY AUTHORIZED TO __Squeeze perforations 10496-__
__10502'. Set bridge plug at 9275' w/cement. Perforate__
__7" OD csg. 8660-68' w/4 shots per ft.__

TD __11110'__

PERMIT REQUESTED BY __E. L. HILLIARD__
                         Company Representative

AUTHORIZED BY _____

__ARSENE P. EDWARDS__
District Office
Lake Charles, La.

Form DM-4R

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

P & A
LC#154

## WORK PERMIT

PERMIT TO **Plug & Abd.** DATE **June 7, 1963**

PARISH **Jeff. Davis** FIELD **N. Roanoke**

COMPANY **Lyons & Logan & W.W.F. Oil Corp.**

ADDRESS **P.O. Box 1485, OCS, Lafayette, La.**

WELL NAME **Nelson Thomas** No. **1** SEC. **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **64008** WORK PERMIT No. _____

LOCATION _____

YOU ARE HEREBY AUTHORIZED TO **Set 100' plug from 8250-350'. Re-cover as much 7" prod. string as possible, est.1850' Place 100' plug across top of 7" & 100' plug at bot. of surf. 20' plug @ surf.** TD **11,110'**

PERMIT REQUESTED BY **J. R. VINES**

Company Representative

AUTHORIZED BY *William C. Wilbit*

~~W. C. WHITE, Dist. Mgr.~~
District Office

Form DM-4R

**MINERALS DIVISION**
**DEPARTMENT OF CONSERVATION**
**STATE OF LOUISIANA**

Pull Csg.
LC#21

## WORK PERMIT

PERMIT TO **Pull Casing**          DATE **June 7, 1963**

PARISH **Jeff Davis**          FIELD **North Roanoke**

COMPANY **Lyons & Logan & W.W.F. Oil Corp.**

ADDRESS **P. O. Box 1485, OCS, Lafayette, La.**

WELL NAME **Nelson Thomas**          No. **1** SEC. **11** T **9S** R **4W**

WELL PERMIT SERIAL No. **64008**          WORK PERMIT No.

LOCATION

YOU ARE HEREBY AUTHORIZED TO

**Recover as much 7" prod. string as possible.**

TD **11,110'**

PERMIT REQUESTED BY **J. R. VINES**

Company Representative

AUTHORIZED BY

**W. C. WILHITE, Dist. Mgr.**

District Office

Form DM-4R

**№ 48575**

DISTRICT OFFICE COPY
DEPARTMENT OF CONSERVATION

$50 00

# PERMIT TO DRILL FOR MINERALS

BATON ROUGE, LA, __Nov. 20__ , 19__56__

PARISH __JEFFERSON DAVIS__     FIELD __ROANOKE__

OPERATOR __W.W.F. OIL CORPORATION AND LYONS AND LOGAN__

ADDRESS __Box 1514, OCS, LAFAYETTE, LA.__

LOCATION OF WELL __2334' WEST AND 330' SOUTH OF NORTHEAST CORNER OF SECTION 11.__

Sec. __11__ , T. __9S__ , R. __4W__

You are hereby authorized to drill __NELSON THOMAS__

Well No. __ONE__ , referred to under application bearing serial No. __64008__

dated __Nov. 13, 1956__ , 19__ , signed by __

This well to be drilled to __OIL-11,500'__ zone on surface area of __200__ acres

DRILLING CONTRACTOR __

L.G.

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION

_____
Commissioner Department of Conservation

_____
Chief Engineer Division of Minerals

Form MD-13 R

5M Sets '11 55 T J M 18-39 40

N° 9798 A

QUADRUPLICATE TO DISTRICT OFFICE
DEPARTMENT OF CONSERVATION
AMENDED PERMIT TO DRILL FOR MINERALS

AMEND LOCATION

BATON ROUGE, LA, ___Dec. 5___, 19 56

PARISH ___Jefferson Davis___      FIELD ___Roanoke___

OPERATOR ___W.W.F. Oil Corporation and Lyons and Logan___

ADDRESS ___Box 1514 - OCS, Lafayette, La.___

LOCATION OF WELL ___2334' west and 350' south of Northeast corner of Section 11.___

Sec. ___11___, T. ___9S___, R. ___4W___

You are hereby authorized to drill ___Nelson Thomas___

Well No ___One___, referred to under application bearing serial No. ___64008___

dated ___Nov. 19, 1956___, 19___, signed by___

This well to be drilled to ___Oil - 11,500'___ zone on surface area of ___200___ acres

cancels Drilling Permit No. ___48575___, Issued ___11-20-56___ 19___

DRILLING CONTRACTOR ___L.C.___

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION

Commissioner Department of Conservation                    Chief Engineer

Form MD 15 R                                               2M Sets 9 54 T J M

Form MD 15-R

DISTRICT OFFICE COPY

**AMEND OPERATOR**

No. **19464** -A

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION

Amended Permit          $25.00

**AMENDED PERMIT TO DRILL FOR MINERALS**

SERIAL NO. **64008**

BATON ROUGE, LA., **October 9,** 19**61**

PARISH **Jefferson Davis**          FIELD **Roanoke**

OPERATOR **LYONS PETROLEUM      (FMLY:   Lyons & Logan )**

ADDRESS **1500 Beck Bldg.**
**Shreveport, La.**

WELL NAME **Nelson Thomas**                              NO **1**

LOCATION OF WELL Sec **11** T **9S** R **4W**
**2334' W and 350' S of NEC of Section 11**

Zone or Reservoir of proposed completion
Applicable Department of Conservation Order

*James N Gill*
Commissioner

Issuing Authority

Well Permitting History

Nelson H. Thomas No. 001 Well

Serial No. 125733



OFFSHORE EXPL. CORP.

NELSON THOMAS

LOC. NO. I

SEC. 11, T9S - R4W

JEFFERSON DAVIS PH., LA.

SCALE: 1" = 2000   AUGUST 1968

DEPT. CONSERVATION

AUG 22 1968

AUBREY G. BURKE, SURVEYOR
REG. NO. 184   N. O. 12, LA.

WELL FILE COPY

## PERMIT TO DRILL FOR MINERALS

PERMIT ............$100.00

Multiple Zone Processing

LC 29

Ser. #125733  API #1705320099

JEFFERSON DAVIS

Date    8/26/68

Field    ROANOKE

Operator    OFFSHORE EXPLORATION CORP
Address    SUITE 701, 225 BARONNE STREET
City & State    NEW ORLEANS, LOUISIANA 70112
Well Name    NELSON H. THOMAS    NO. 1
Location    SEC 11, T9S, R4W
2600' WEL 2300' SNL SEC 11
?

Zone or Reservoir of Proposed Completion    P. T. D. 8700'
HETEROSTEGINA

Applicable Department of Conservation Order    29B 29E

COMMISSIONER

ISSUING AUTHORITY

109345

Form MD-15-R          **WELL FILE COPY**          No. 51166 -A

STATE OF LOUISIANA
DEPARTMENT OF CONSERVATION     Amend Operator          Amended Permit...... $25.00

Lake Charles

## AMENDED PERMIT TO DRILL FOR MINERALS

SERIAL NO.: 125733                          BATON ROUGE, LA., May 3        , 19 71
PARISH:   Jefferson Davis                FIELD:   Roanoke

OPERATOR: Precise Exploration Corporation *
ADDRESS:   202 Pere Marquette Bldg.,
           New Orleans, Louisiana 70112

WELL NAME: Nelson H. Thomas                                    NO.:   1
LOCATION OF WELL: Sec. 11     T 9S     R   4W
          Location Same
          *Formerly: Offshore Exploration Corporation

Zone or Reservoir of proposed completion:
Applicable Department of Conservation Order:

_____          _____
      Commissioner                     Issuing Authority

## Work Permit
## STATE OF LOUISIANA DEPARTMENT OF CONSERVATION

Well Name & No. __N.H. Thomas No. 1_____ Sec. __11__ T __9S__ R __4W__

Field _____Roanoke_____ Parish __Jefferson Davis__

Permit Serial No. ___125733_____ Work Permit No. ____319-73____

Description of Work _____Pull approx 2000' of 4 1/2" csg. Set cement_____
_____plug at 8040' to 7754' w/ 25 sx, 1832'-2172' w/ 75 sx,_____
_____& 0 to 56' w/ 20 sx. Cut off csg. & weld plate on top_____
_____

Sand & Reservoir To Be Tested _____P&A_____ TD __8621__
                                                          PBTD 8040

Operator _____Precise Exploration Corp._____

Address _____202 Pere Marquette Bldg._____

City, State & Zip _____New Orleans, La. 70112_____

Permit Requested By ____William L. Roy_____ Date 3-13-73

Permit Authorized By __Wm H Willet__ District __13__ Date 3/15/73

cc: LC Dist (4)
    File                    See Instructions On Reverse Side        Form DM-4R Rev.

DISTRICT OFFICE COPY

FORM MD 13 R
STATE OF LOUISIANA
DEPT OF CONSERVATION

**PERMIT TO DRILL FOR MINERALS**

PERMIT     $100 00

Multiple Zone Processing

Send To ___ ATT
              LC 29

Serial No ___ Ser. #125733  API #1705320099

Parish ___ JEFFERSON DAVIS

Date ___ 8/28/68

Field ___ ROANOKE

Operator ___ OFFSHORE EXPLORATION CORP
Address ___ SUITE 701, 225 BARONNE STREET
City & State ___ NEW ORLEANS, LOUISIANA 70112
Well Name ___ NELSON H.THOMAS     NO. 1
Location ___ SEC 11, T8S, R4W
              2600' WEL 2300' SNL SEC 11
              2

Zone or Reservoir of Proposed Completion ___
Applicable Department of Conservation Order ___

P. T. D. 8700'
HETEROSTEGINA
29B 29E

COMMISSIONER

ISSUING AUTHORITY

109345

Well Permitting History

Nelson H. Thomas No. 002 Well

Serial No. 138719

Case 2:24-cv-00952-JDC-TPL    Document 1-2    Filed 07/17/24    Page 121 of 532 PageID #: 139



# R 4 W

138719

LOUISIANA DEPT. OF CONSERVATION

PRECISE   EXPLORATION   CORP.

PERMIT   PLAT

JEFFERSON   DAVIS   PARISH, LOUISIANA

SCALE  1"= 1000'          DEC. 14, 1971

DEPT. CONSERVATION
DEC 27 1971
LAKE CHARLES

I, R. L. Capell, Jr., hereby certify that the location of Precise Expl. Corp. *Nelson Thomas Well No. 2* is as follows: SOUTH 1650' and EAST 1700' from the Northwest corner of Section 11, T9S-R4W, Jefferson Davis Parish, Louisiana.

REGISTERED LAND SURVEYOR NO. 165
STATE OF LOUISIANA
JOHN E. CHANCE & ASSOCIATES, INC.

STATE OF LOUISIANA
R. L. CAPELL, JR.
REGISTER NO. 165
REGISTERED
SURVEYOR
IN
LAND SURVEYING

WELL FILE COPY

## PERMIT TO DRILL FOR MINERALS

PERMIT ............$100.00

Multiple Zone Processing

LOUISIANA
CONSERVATION

ATT
LAKE CHARLES/28
Ser. #138719  API #1705320270
JEFFERSON DAVIS

Date_____  DECEMBER 28, 1971

Field_____  ROANOKE

or_____  PRECISE EXPLORATION CORP.
ss____  202 PERE MARQUETTE
& State__  NEW ORLEANS, LOUISIANA   70112
Name___  NELSON H. THOMAS   NO. 2
tion___  SEC. 11, T9S, R4W
FROM THE NW CORNER OF SEC. 11 GO SOUTH 1650' AND THEN AT RIGHT
ANGLE GO EAST 1700'.

P. T. D. 12,500'
HACKBERRY
29H, 29B AND 29E

Zone or Reservoir of Proposed Completion_____

Applicable Department of Conservation Order_____

_____ COMMISSIONER

_____ ISSUING AUTHORITY

122661

## Work Permit
# STATE OF LOUISIANA DEPARTMENT OF CONSERVATION

Well Name & No. ____ N.H. Thomas #2 _____ Sec. 11 ___ T 9S ___ R 4W

Field _____ Roanoke _____ Parish Jefferson Davis

Permit Serial No. __ 138719 _____ Work Permit No. _____ 29-4-72

Description of Work _____ Plug and Abandon _____
Set retainer at 9800 ft. Pumped 85 sacks of cement below the
retainer and 15 sacks on top. Cut 7-3/8" csg at 2550' and pull
Place 150 sacks of cement from 2350'-2550'—35 sacks from 0' to 50'
                                                        Weld plate on top.
Sand & Reservoir To Be Tested ___ Hackberry _____
                                                        11,217'

Operator              ____ Precise Exploration Corporation _____
Address               ____ 202 Pere Marquette Bldg. _____
City, State & Zip     ____ New Orleans, La. 70112 _____

Permit Requested By ___ Roy Womack _____ Date 3-18-1972

Permit Authorized By ___ Wm C. Willett ___ District Lake Charles ___ Date 3/27/72

See Instructions On Reverse Side                    Form DM-4R Rev.

Well Permitting History

N H Thomas No. 001 Well

Serial No. 152082



I, C. L. Jack Stelly, hereby certify that the location of Houston Oil & Min. Corp's, N. H. Thomas No. 1 is as follows: WEST 2335' and SOUTH 820' from the Northeast corner of Section 11, T9S-R4W, Jefferson Davis Parish, Louisiana.

REGISTERED LAND SURVEYOR NO. 358
STATE OF LOUISIANA
JOHN E. CHANCE & ASSOCIATES, INC.

**LOUISIANA DEPT. OF CONSERVATION**

HOUSTON OIL & MINERAL CORP.

**PERMIT PLAT**

JEFFERSON DAVIS PARISH, LOUISIANA

SCALE: 1" = 1000'        MAY 20, 1976

WELL FILE COPY

**PERMIT TO DRILL FOR MINERALS**

PERMIT ............$100.00
Multiple Zone Processing

ST.    OF LOUISIANA ;
DEPT. OF CONSERVATION

| | | |
|---|---|---|
| Send To | ATT LAKE CHARLES/25 | Date MAY 25, 1976 |
| Serial No. | Ser. #152082  API #1705320468 | |
| Parish | JEFFERSON DAVIS | Field ROANOKE |

Operator HOUSTON OIL & MINERALS CORP.
Address 242 THE MAIN BLDG., 1212 MAIN ST.
City & State HOUSTON, TEXAS 77002
Well Name N. H. THOMAS    NO. 1
Location SEC 11, T9S, R4W
2335' W AND 820' S OF NE/COR OF SEC. 11.

P. T. D. 12,500'
HACKBERRY

Zone or Reservoir of Proposed Completion 29B, 29E
Applicable Department of Conservation Order

COMMISSIONER

Joseph L. DeVall Jr.
ISSUING AUTHORITY

136179

| | | | |
|---|---|---|---|
| DEPT. OF CONSERVATION USE ONLY | FOM MD-15-R (R 2-1976) | **AMENDED PERMIT TO DRILL FOR MINERALS** | STATE OF LOUISIANA DEPARTMENT OF CONSERVATION |

Amended Permit................$75.00

XXXX Change

8509 Effective
yymm

| 152082 | Serial No. | LC | Date December 5, 1955 | FORMER CODES |
|---|---|---|---|---|

**CURRENT CODES**

| 027 | PARISH | Jefferson Davis | |
|---|---|---|---|
| 7731 | FIELD | Roanoke | |
| 3983 | OPERATOR | John W. McGowan* | 2709 |
| | ADDRESS | P.O. Box 55809 | |
| | CITY & STATE | Jackson, MS 39216-1809 | |

**AMENDMENT ACTION**

| 0,0,9 | 1 | PARISH |
|---|---|---|
| 0,3,4 | 2 | FIELD |
| XXX | 3 | OPERATOR |
| 0,1,6 | 4 | LSE-UN |
| 0,1,6 | 5 | UN-LSE |
| 0,1,6 | 6 | LSE-LSE |
| 0,1,6 | 7 | UN-UN |
| 0,1,4 | 8 | WELL NO. |
| 5,2,1 | 9 | LOCATION |

| 152082 | WELL NAME | N H THOMAS | No. 1 |
|---|---|---|---|

LOCATION OF WELL: Sec. 11  T 9S  R 4W  Former Well No._____

*Houston Oil & Minerals Corp.

Applicable Department of Conservation Order  29-R

_____                    _____
Commissioner                                 Issuing Authority

**WELL FILE COPY**   No.  95504  A

| DEPT. OF CONSERVATION USE ONLY | FORM MD-15-R (R 2-1976) | AMENDED PERMIT TO DRILL FOR MINERALS | STATE OF LOUISIANA DEPARTMENT OF CONSERVATION |
|---|---|---|---|

**XXXX** Change

**8603** Effective
yymm

AMENDED PERMIT ............... $75.00

**FORMER CODES**

Serial No. **152082**  LC  Date **March 31, 1986**

**CURRENT CODES**

| 027 | PARISH | Jefferson Davis | |
|---|---|---|---|
| 7731 | FIELD | Roanoke | |
| 0344 | OPERATOR | B & M Operating Company, Inc.* | 3983 |
| | ADDRESS | 9301 Southwest Freeway #255 | |
| | CITY & STATE | Houston, TX 77074 | |

**AMENDMENT ACTION**

| 0,0,9 | 1 | PARISH |
| 0,3,4 | 2 | FIELD |
| XXXX | 3 | OPERATOR |
| 0,1,6 | 4 | LSE-UN |
| 0,1,6 | 5 | UN-LSE |
| 0,1,6 | 6 | LSE-LSE |
| 0,1,6 | 7 | UN-UN |
| 0,1,4 | 8 | WELL NO. |
| 5,2,1 | 9 | LOCATION |

**152082** WELL NAME **N H Thomas**  No. **1**

LOCATION OF WELL: Sec. **11**  T **9S**  R **4W**  Former Well No. _____

*John W. McGowan

Applicable Department of Conservation Order **29B**

_Herbert W. Thompson_
Commissioner

_[signature]_
Issuing Authority

**WELL FILE COPY**  No. **100128 A**

Well Permitting History

HBY RA SUA; Helen H Thomas No. 001 Well

Serial No. 223360

# 223360



**R 4 W**

Northwest corner of
Section 11, T9S-R4W

3 2
10 11

2 1
11 12

GEORGE KRATZER, ETAL
GEORGE KRATZER

JAMES KRATZER JR, ET UX

JAMES KRATZER JR, ET UX

HELEN HUNTER
THOMAS, ET AL
(H S RESOURCES INC)
LESSEE

JAMES KRATZER JR, ET AL

JAMES KRATZER JR, ET UX
EDWARD ARNOLD

2407 24'

JAMES KRATZER, ET UX
JIMMY PRUIT, ET UX

CIVRILLIAN MORVANT, JR, ET UX

A D BENOIT

PROPOSED LOCATION
HS Resources, Inc –
Helen Hunter Thomas, et al
No 1 Well
X= 1,553,448 94
Y= 590,949 42
LAT  30'17'03 69" N
LONG  92'44'53 80" W

285'  400'

2408 09'
DAVID TRAHAN, ET UX

RUSSELL
VINCENT

**T 9 S**

THOMAS & JULIE
CAMPBELL

JOHN
McGOWAN

McGOWAN WORKING
PARTNERS

ROBERT
FERGUSON

HS Resources, Inc –
Helen Hunter Thomas, et al  No 1 Well
Surveyed April 07, 1999 as follows
2407 24' from the North, line '& 2408 09'
from the East line of Section 11, located
in Section 11, T9S-R4W, Jefferson Davis
Parish, Louisiana

Ground Elevation @ Location = +26 0' NGVD

All leases within a 2000' radius of the proposed
location are held by HS Resources, Inc unless
otherwise noted

No Residential or Commercial Structures are located
within a 500' radius of the proposed well location on
May 18, 1999

**N**
NAD 27 LAMBERT LA SOUTH ZONE

STATE OF LOUISIANA
MARCUS J. BROUSSARD
REG No. 4739
REGISTERED
PROFESSIONAL
LAND SURVEYOR

**HS RESOURCES, INC.**
Helen Hunter Thomas, et al  No 1 Well
SECTION 11, T–9–S, R–4–W
JEFFERSON DAVIS PARISH, LOUISIANA
July 16, 1999

Marcus J. Broussard
MARCUS J BROUSSARD
Professional Land Surveyor
La Reg No 4739

Revised
7/21/99–Change
Structure Statement

1000    0    1000    2000

GRAPHIC SCALE 1" ≈ 1000'

**M. J. BROUSSARD, INC.**
PROFESSIONAL LAND SURVEYING
A Professional Corporation
601 E SECOND STREET    PH  318/837–3200
BROUSSARD, LA 70518    FAX  318/837–3211

FORM MD 13 R

**WELL FILE COPY**

**PERMIT TO DRILL FOR MINERALS**

FEE $ 1050

STATE OF LOUISIANA
OFFICE OF CONSERVATION
ATT

EXPIRES 1-17-2000

Multiple Zone Processing

Send To _Lafayette/23_____ Date _July 22, 1999_

Serial No _223360_ **API** 1705321253

Parish _Jefferson Davis  027_____ Field _Roanoke  7731_

Operator _H S Resources, Inc.  H114_

Address _1999 Broadway, Ste 3600_

City & State _Denver, CO  80202_

Well Name _Helen Hunter Thomas et al  No. 1_

Location _Sec 11, T9S, R4W_

_2407.24' FNL & 2408.09' FEL of Sec 11._

PTD 11,000'

Zone or Reservoir of Proposed Completion _____ Hackberry

Applicable Office of Conservation Order _____ 29B1, 29E, 29EU, 124 Series

PHILIP N. ASPRODITES                    TODD KEATING

COMMISSIONER                            ISSUING AUTHORITY

212151



**STATE OF LOUISIANA**

**OFFICE OF CONSERVATION**

**AMENDED PERMIT TO DRILL FOR MINERALS**

.$105 00

223360  SERIAL NO.                    DATE 08/23/2000                    EFFECTIVE 12/04/1999

CURRENT CODE

| | | | |
|---|---|---|---|
| 27 | PARISH | JEFFERSON DAVIS | LAFAYETTE DISTRICT |
| 7731 | FIELD | ROANOKE | |
| H114 | OPERATOR | HS RESOURCES, INC. | |
| 20 | PRODUCT | 1999 BROADWAY, SUITE 3600 | |
| | | DENVER, CO 80202-0000 | |

2-613112        WELL NAME  HBY RA SUA,HELEN H THOMAS ETAL                    NO. 1
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER WELL NAME:HELEN HUNTER THOMAS ET AL 1        3-223360
L258662

APPLICABLE OFFICE OF CONSERVATION ORDERS·    124-W

PHILIP N ASPRODITES                              TODD KEATING

COMMISSIONER OF CONSERVATION                    ISSUING AUTHORITY

WELL FILE

**STATE OF LOUISIANA**
**OFFICE OF CONSERVATION**                    . .$117 00
**AMENDED  PERMIT  TO  DRILL  FOR  MINERALS**

223360   SERIAL NO.                    DATE 10/31/2001                    EFFECTIVE 09/01/2001

CURRENT CODE
        27   PARISH        JEFFERSON DAVIS                         LAFAYETTE DISTRICT
      7731   FIELD         ROANOKE
      K073   OPERATOR      KERR-MCGEE ROCKY MOUNTAIN CORP
        20   PRODUCT       1999 BRAODWAY, SUITE 3600
                           DENVER, CO 80202-0000


   2-613112        WELL NAME   HBY RA SUA;HELEN H THOMAS ETAL                 NO  1
LOCATION OF WELL SEC 011 T 09S R 04W M W
FORMER OPERATOR   H114 HS RESOURCES, INC.


INV#280715



APPLICABLE OFFICE OF CONSERVATION ORDERS:

        PHILIP N. ASPRODITES                              TODD KEATING
_____                    _____
   COMMISSIONER OF CONSERVATION                           ISSUING AUTHORITY

                                    WELL FILE

STATE OF LOUISIANA
OFFICE OF CONSERVATION                    ...$117.00
AMENDED PERMIT TO DRILL FOR MINERALS

223360   SERIAL NO.              DATE 03/07/2002              EFFECTIVE 03/01/2002

CURRENT CODE
    27  PARISH     JEFFERSON DAVIS                    LAFAYETTE DISTRICT
  7731  FIELD      ROANOKE
  K064  OPERATOR   KERR-MCGEE OIL & GAS ONSHR LLC
    20  PRODUCT    P. O. BOX 809004
                 DALLAS, TX 75380-9004


  2-613112      WELL NAME   HBY RA SUA;HELEN H THOMAS ETAL          NO. 1
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER OPERATOR:K073 KERR-MCGEE ROCKY MOUNTAIN CORP


APPLICABLE OFFICE OF CONSERVATION ORDERS:

    FELIX J. BOUDREAUX                              TODD KEATING

_____          _____
  COMMISSIONER OF CONSERVATION                      ISSUING AUTHORITY
                              WELL FILE

**STATE OF LOUISIANA**
**OFFICE OF CONSERVATION**
**AMENDED PERMIT TO DRILL FOR MINERALS**                    ...$126.00

223360  SERIAL NO.                    DATE 03/06/2006                    EFFECTIVE 01/01/2006

CURRENT CODE
     27  PARISH      JEFFERSON DAVIS                    LAFAYETTE DISTRICT
  7731  FIELD       ROANOKE
  K084  OPERATOR    KERR- MCGEE OIL & GAS ONSHORE LP
    20  PRODUCT     16666 NORTHCHASE
                HOUSTON, TX 77060- 0000

2- 613112      WELL NAME  HBY RA SUA;HELEN H THOMAS ETAL          NO. 1
LOCATION OF WELL SEC 011 T 09S R 04W M W
FORMER OPERATOR:  K064 KERR- MCGEE OIL & GAS ONSHR LLC

INV#358621

APPLICABLE OFFICE OF CONSERVATION ORDERS:

      JAMES H. WELSH                                          TODD KEATING

  COMMISSIONER OF CONSERVATION                              ISSUING AUTHORITY

                         WELL FILE

**STATE OF LOUISIANA**
**OFFICE OF CONSERVATION**                                    $126 00
**AMENDED PERMIT TO DRILL FOR MINERALS**

223360   SERIAL NO                        DATE 08/02/2007                    EFFECTIVE 05/01/2007

CURRENT CODE
        27   PARISH      JEFFERSON DAVIS                      **LAFAYETTE DISTRICT**
      7731   FIELD       ROANOKE
      S365   OPERATOR    SOUTHERN G HOLDINGS, LLC
        20   PRODUCT     717 TEXAS AVE
                         SUITE 2900
                         HOUSTON, TX 77002- 0000

      2- 613112     WELL NAME   HBY RA SUA, HELEN H THOMAS ETAL             NO  001
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER OPERATOR   K084 KERR- MCGEE OIL & GAS ONSHORE LP
INV#383763

APPLICABLE OFFICE OF CONSERVATION ORDERS

        JAMES H WELSH                                        TODD KEATING
_____            _____
    COMMISSIONER OF CONSERVATION                      ISSUING AUTHORITY

                              WELL FILE

**STATE OF LOUISIANA**
**OFFICE OF CONSERVATION**                          $126 00
**AMENDED PERMIT TO DRILL FOR MINERALS**

223360   SERIAL NO                DATE 01/30/2008              EFFECTIVE 01/01/2008

CURRENT CODE
       27   PARISH      JEFFERSON DAVIS                    **LAFAYETTE DISTRICT**
    7731   FIELD       ROANOKE
    C353   OPERATOR    CRIMSON EXPLOR OPERATING, INC
      20   PRODUCT     717 TEXAS AVENUE
                SUITE 2900
                HOUSTON, TX 77002- 0000

  2- 613112      WELL NAME  HBY RA SUA,HELEN H THOMAS ETAL              NO  001
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER OPERATOR   S365 SOUTHERN G HOLDINGS, LLC
INV#406922

APPLICABLE OFFICE OF CONSERVATION ORDERS

                                                        TODD KEATING

_____                    _____
  COMMISSIONER OF CONSERVATION                          ISSUING AUTHORITY

                            WELL FILE

STATE  OF  LOUISIANA
OFFICE  OF CONSERVATION
AMENDED  PERMIT  TO  DRILL  FOR  MINERALS

$126 00

223360   SERIAL NO                    DATE 01/11/2010                    EFFECTIVE 01/01/2010

CURRENT CODE
    27   PARISH      JEFFERSON DAVIS                              LAFAYETTE DISTRICT
 7731   FIELD       ROANOKE
 S370   OPERATOR   SHORELINE SOUTHEAST LLC
  20   PRODUCT     16801 GREENSPOINT PARK DRIVE
               SUITE 380
               HOUSTON, TX 77060- 0000

  2- 613112       WELL NAME   HBY RA SUA,HELEN H THOMAS ETAL                NO  001
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER OPERATOR   C353 CRIMSON EXPLOR OPERATING, INC
INV#524117

APPLICABLE OFFICE OF CONSERVATION ORDERS

    JAMES H  WELSH                                              TODD KEATING

  COMMISSIONER OF CONSERVATION                              ISSUING AUTHORITY

                       WELL FILE

Well Permitting History

Helen H Thomas Et Al Well No. 002

Serial No. 225173

225173



**R 4 W**

M.N. STAFFORD, ET AL
(HS Resources, Inc. Lessee)

J.F. POOL
(HS Resources, Inc. Lessee)

PROPOSED LOCATION:
HS Resources, Inc.—
Helen Hunter Thomas, etal
No. 2 Well
X= 1,553,309.02
Y= 593,127.72
LAT. 30°17'25.23" N
LONG. 92°44'55.70" W

I. MILLER ESTATE
(HS Resources, Inc. Lessee)

3 2                                                    2    1

10 11      2782.85'      231.07'    561.1'         11  12

N.H. Thomas ⌀1          GEORGE KRATZER, ETAL
S67°46'08"E—260.34'     GEORGE KRATZER
                        Brwn & McKnze—   Humble—
                        LB. Kratzer      LB. Kratzer, et al
                        Lyons & Logan—
                        Nelson Thomas
                        JAMES KRATZER JR., ET UX

Houston O&M—
N.H. Thomas             JAMES KRATZER JR., ET UX
                        ⌀5 Martin Kratzer

HELEN HUNTER THOMAS, ET AL      M. Kratzer
(HS Resources, Inc. Lessee)     ◇1
                                JAMES KRATZER JR., ET AL

Precise—                Humble—
N.H. Thomas ⌀2          N.H. Thomas     JAMES KRATZER JR., ET UX
                        ⌀3
                                        JAMES KRATZER, ET UX      EDWARD
Humble—                 Humble—         JIMMY PRUITT, ET UX        ARNOLD
N.H. Thomas ⌀           N.H. Thomas
                        ⌀1              C. MORVANT, JR., ET UX    A.D.
                        HS Resources, Inc.—                       BENOIT
                        H.H. Thomas ⌀1
                                        DAVID TRAHAN, ET UX

**N**                   HS Resources, Inc.—              ROBERT    McGOWAN WORKING   RUSSELL
                        Helen Hunter Thomas, etal  No. 2 Well    FERGUSON  PARTNERS   VINCENT
                        Surveyed August 17, 2000 as follows:
                        231.07' from the North line & 2782.85'
                        from the West line of Section 11, located    No Residential or Commercial Structures are located
                        in Section 11, T9S—R4W, Jefferson Davis      within a 500' radius of the proposed well location
                        Parish, Louisiana.                           on August 17, 2000.

                        Ground Elevation @ Location = +27.0' NGVD

Revised:                                                    **HS RESOURCES, INC.**
11/27/00 – Revised
Structures Statement

                        MARCUS J. BROUSSARD   Helen Hunter Thomas, et al   No. 2 Well
                        REG. No. 4739
                                              SECTION 11, T—9—S, R—4—W
Marcus Broussard        REGISTERED
MARCUS J. BROUSSARD  PROFESSIONAL   JEFFERSON DAVIS  PARISH, LOUISIANA
Professional Land Surveyor
La. Reg. No. 4739    LAND SURVEYOR    NOVEMBER 16, 2000

                                            **M. J. BROUSSARD, INC.**
                                            PROFESSIONAL LAND SURVEYING
1000      0      1000      2000          A Professional Corporation
                                         601 E. SECOND STREET   PH.: 337/837-3200
GRAPHIC SCALE: 1" = 1000'                BROUSSARD, LA 70518    FAX: 337/837-3211

File: /00-0054/loc_plat.dwg

FORM MD 13 R

**WELL FILE COPY**

STATE OF LOUISIANA
OFFICE OF CONSERVATION
ATT

**PERMIT TO DRILL FOR MINERALS**
EXPIRES 5-25-2001

FEE    $ 1165

**Multiple Zone Processing**

| | |
|---|---|
| Send To | Lafayette/1 |
| Serial No | 225173    A P I    1705321292 |
| Parish | Jefferson Davis   027 |

Date    November 27, 2000

Field    Roanoke   7731

| | |
|---|---|
| Operator | HS Resouûces, Inc    H114 |
| Address | 1999 Broadway, Ste 3600 |
| City & State | Denver, CO  80202 |
| Well Name | Helen Hunter Thomas et al    No  2 |
| Location | Sec 11, T9S, R4W |
| | 231 07' FNL & 2782 85' fwl of Sec 11 |

PTD 11,300'

Zone or Reservoir of Proposed Completion _____    Hackberry

Applicable Office of Conservation Order _____    29B1, 29EU, 124 Series

PHILIP N  ASPRODITES
COMMISSIONER

TODD KEATING
ISSUING AUTHORITY

214074

STATE OF LOUISIANA
OFFICE OF CONSERVATION
AMENDED PERMIT TO DRILL FOR MINERALS

225173   SERIAL NO                    DATE 08/09/2001                    EFFECTIVE 06/12/2001

CURRENT CODES
        27   PARISH        JEFFERSON DAVIS                              LAFAYETTE DISTRICT
        7731 FIELD         ROANOKE
        H114 OPERATOR      HS RESOURCES, INC
        20   PRODUCT       1999 BROADWAY, SUITE 3600
                           DENVER, CO 80202-0000


  2-613307        WELL NAME   HBY RB SUA,HELEN H THOMAS ETAL            NO  002
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER WELL NAME HELEN HUNTER THOMAS ETAL 002     7-304178


APPLICABLE OFFICE OF CONSERVATION ORDERS       124-W-2

    PHILIP N ASPRODITES                                      TODD KEATING
_____                          _____
  COMMISSIONER OF CONSERVATION                            ISSUING AUTHORITY

                              WELL FILE

STATE OF LOUISIANA
OFFICE OF CONSERVATION
AMENDED PERMIT TO DRILL FOR MINERALS

$117 00

225173  SERIAL NO                  DATE 10/31/2001                  EFFECTIVE 09/01/2001

CURRENT CODE
    27   PARISH      JEFFERSON DAVIS                              LAFAYETTE DISTRICT
  7731   FIELD       ROANOKE
  K073   OPERATOR    KERR-MCGEE ROCKY MOUNTAIN CORP
    20   PRODUCT     1999 BRAODWAY, SUITE 3600
                       DENVER, CO 80202-0000                              '

  2-613307       WELL NAME  HBY RB SUA,HELEN H THOMAS ETAL              NO  002
LOCATION OF WELL SEC 011 T 09S R 04W M W
FORMER OPERATOR   H114 HS RESOURCES, INC

INV#280715

APPLICABLE OFFICE OF CONSERVATION ORDERS

    PHILIP N  ASPRODITES                                   TODD KEATING
_____              _____
  COMMISSIONER OF CONSERVATION                              ISSUING AUTHORITY

WELL FILE

STATE OF LOUISIANA
OFFICE OF CONSERVATION                    ...$117.00
AMENDED PERMIT TO DRILL FOR MINERALS

225173  SERIAL NO.              DATE 03/07/2002              EFFECTIVE 03/01/2002

CURRENT CODE
     27    PARISH      JEFFERSON DAVIS                LAFAYETTE DISTRICT
  7731    FIELD       ROANOKE
 K064    OPERATOR    KERR-MCGEE OIL & GAS ONSHR LLC
   20    PRODUCT     P. O. BOX 809004
               DALLAS, TX 75380-9004


  2-613307      WELL NAME  HBY RB SUA;HELEN H THOMAS ETAL          NO. 002
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER OPERATOR:K073 KERR-MCGEE ROCKY MOUNTAIN CORP


APPLICABLE OFFICE OF CONSERVATION ORDERS:

    FELIX J. BOUDREAUX                              TODD KEATING

_____          _____
  COMMISSIONER OF CONSERVATION                   ISSUING AUTHORITY

                        WELL FILE

STATE OF LOUISIANA
OFFICE OF CONSERVATION                    (UN-PAID)
AMENDED PERMIT TO DRILL FOR MINERALS

225173  SERIAL NO.                DATE 12/16/2002              EFFECTIVE 08/14/2002

CURRENT CODE
        27   PARISH      JEFFERSON DAVIS                       LAFAYETTE DISTRICT
      7731   FIELD       ROANOKE
      K064   OPERATOR    KERR-MCGEE OIL & GAS ONSHR LLC
        20   PRODUCT     P. O. BOX 809004
                        DALLAS, TX 75380-9004


7-304178        WELL NAME  HELEN H THOMAS ETAL              NO. 002
LOCATION OF WELL   SEC 011 T 09S R 04W M W
FORMER WELL NAME:HBY RB SUA;HELEN H THOMAS ETAL 002    2-613307


APPLICABLE OFFICE OF CONSERVATION ORDERS:      29E-U, 124

        JAMES H. WELSH                                   TODD KEATING
_____                   _____
  COMMISSIONER OF CONSERVATION                      ISSUING AUTHORITY

                            WELL FILE

# Work Permit

## STATE OF LOUISIANA DEPARTMENT OF CONSERVATION

Well Name & No. ~~UBY RB SUA~~ HELEN H. THOMAS ETAL#2 Sec. 011 T 09 S R 04 W

Field ROANOKE (7731) _____ Parish JEFFERSON DAVIS (27)

Permit Serial No. 225173 _____ Work Permit No. LPA# 423-03

Description of Work PXA:SET CIBP@9650';DUMP BAIL 20'CMT. ON TOP OF CIBP;CUT&PULL 3-1/2"TBG.@9000';CUT&PULL 9-5/8"CSG.;PUMP 80 SX.CMT.PLUG@2615';WOC & TAG;PUMP 80 SX.CMT.PLUG@USDW; PUMP 25 SX.CMT.SURF.PLUG@5'-35';WELD 1/2" STEEL PLATE @ SURFACE.

Sand & Reservoir To Be Tested N/A _____ TD 11,100'

Operator     KERR MCGEE OIL & GAS ONSHORE, LLC (K064)

Address      P.O. BOX 809004

City, State & Zip   DALLAS, TEXAS 75380-9004

Permit Requested By _DAVID A. EYLER (432)687-5033_ Date 05/23/03

Permit Authorized By _____ District _Lafayette_ Date 5/28/03

See Instructions On Reverse Side

Form DM-4R Rev.

DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

# Exhibit D

# All Conveyances

FILED ___June 6___, 20 24

_____
DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

M) 178

that they have known the said W. O. Brown for twenty (20) y ars and have known his wife and that the above and foregoing statement of said Brown is true and correct.

THUS DONE, SUBSCRIBED AND STORN TO BEFORE ME by all of the three affiants in the presence of Fred Mann and Louis H. Drolet, lawful witnesses, in my office in Kankakee, Illinois, on this 20th, day of March, A. D. 1918. (Signed) W. O. Brown, Former owner. Carrie Colton Hollenbuck, Neighbor. L. F. Hollenbuck, Neighbor. Witnesses: (Signed) Fred Mann, Louis H. Drolet, (Signed) Huntington James, Notary Public, in and for said County and State. My commission expires May 9th, 1920. FILED  MARCH 22nd, 1918.

RECORDED MARCH 23rd, 1918. FILE NO. 14538. CLERK AND EX OFFICIO RECORDER.

°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&°&

| | |
|---|---|
| NO. 1072. | & |
| | & |
| MRS. PHELIA B. THOMAS. | & STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS, |
| | & Before me, J. M. Booze, a Notary Public, in and |
| T  O | & for said above named Parish and State, duly com- |
| | & missioned and qualified Notary Public, in the |
| NELSON  THOMAS. | & presence of two subscribing lawful witnesses, |
| S A L E   O F   L A N D. | & on this day personally came and appeared, MRS. |
| &&&&&&&&&&&&&&&&&&&&&&&&& | & |

PHELIA B. THOMAS, born Hewitt, surviving widow of David Thomas, deceased a res- ident of said Parish and State, who declared unto me, said Notary, that for and in consideration of the price and sum of TWENTY-NINE HUNDRED AND no/loo ($2900.00) Dollars cash to me in hand paid, the receipt of which is acknowledged, and full discharge granted therefor, she has sold, conveyed, assigned and delivered and by this act does sell, convey, assign and deliver, with full subrogation to all rights and actions in warranty against all former owners and vendors and all other rights claimed or held by her unto NELSON THOMAS, of lawful age, a bachelor, a resident of said Parish and State, all the following described property situated in the Parish of Jefferson Davis, State of Louisiana, to-wit:

Northwest Quarter (NW¼) and West Half of the West Half of Northeast Quarter (W½ of NE¼) of Section Eleven (11) in Township Nine (9) South, Range Four (4) West Louisiana Meridian, containing two hundred (200) acres.

And as a further consideration the assumption by the purchaser of a Special Minor's Mortgage on said property amounting to Twenty-one Hundred ($21,00 .00) Dollars, of even date herewith in favor of Martha, Lee and Katherine Thomas, minor heirs of David Thomas, deceased, granted by the Vendor as natural tutrix pursuant to the orders of the Court in the matter of the Succession of David Thomas, deceased, No. 309, on the Probate Docket of the District Court of this Parish, the purchaser agreeing to pay and discharge in principal and interest the said obligation in favor of the minors.•

TO HAVE AND TO HOLD all of said property free from any mortgage, lien, judgment or encumbrances whatsoever, and in full property, with full warranty of title, and with full subrogation to all rights claimed or held by the grantor unto the said purchaser and to his heirs and assigns forever; and the grantor binds herself and her heirs to warra t and forever defend the same against all lawful claims made thereto.

The certificate of mortgages required by Article 3364 of the Revised Civil Code of Louisiana is hereby waived and dispensed with by the purchaser hereof.

THUS DONE, SIGNED in triplicate and PASSED before me, said Notary, at

my office in Roanoke, Louisiana, on this the 22nd, day of March, A. D. 1918, in the presence of James R. Buchanan and Howard A. Hewitt, lawful witnesses, after due reading of the whole. (Signed) Mrs. Phelia B. Thomas, Nelson Thomas, Witnesses: (Signed) Jas. R. Buchanan, H. A. Hewitt, (Signed) J. M. Booze, Notary Public, (Seal).

STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS, I HEREBY CERTIFY, That the within Act of Sale was this day duly recorded in my Notarial Record Book "A" on Page 188.

Witness my official signature and seal at Welsh, Louisiana, on this 22nd, day of March, 1918. (Signed) J. M. Booze, Notary Public, (Seal). NOTE: NO STAMPS ATTACHED ACCORDING TO LAW. 3ₑᵈ Revenue Stamps attached and cancelled under date ____ by J. ____

FILED     MARCH 23rd, 1918.

RECORDED MARCH 23rd, 1918. FILE NO. 14948. CLERK AND EX OFFICIO RECORDER.

$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$

| NO. 1073. | | |
|---|---|---|
| SUCCESSION     OF | & | IN THE FIFTEENTH JUDICIAL DISTRICT COURT, OF |
| NICHOLAS KELLER, DECEASED. | & | LOUISIANA, in and for JEFFERSON DAVIS PARISH. |
| NO. 344 PROBATE  DOCKET. | & | This cause coming regularly on motion of Modisette & Adams, Attorneys, to have the rule herein |
| J U D G M E N T. | & | sued out against the Sheriff and Tax Collector |

made absolute, the evidence adduced and because of the law and the evidence being in favor thereof—

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Mrs. Evnestine Keller, born Nitchke, surviving widow in community with Nicholas Keller, deceased, be and she is hereby recognized as such, and sent and placed in possession of all of the property belonging to the succession and especially the following described real estate belonging to the community previously existing between deceased and his surviving widow, to-wit:

Lots Seven (7) and Eight (8) of Block Twenty Four (24) of McFarlaint's Original Plat of the Town of Jennings, Louisiana, together with the improvements thereon;

and also all household goods and cobbler's tools and materials, as fully described in the petition herein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said property be and the same is declared free and exempt from the operation of the inheritance tax of this State, and the rule herein sued out against the Sheriff and Tax Collector made absolute.

THUS DONE, ORDERED and RENDERED in open court at Jennings, Louisiana, on this 18th, day of March, A. D. 1918.

AND READ ALOUD AND SIGNED in open court at Jennings, Louisiana, on this 19th, day of March, A. D. 1919. (Signed) Winston Overton, District Judge.

FILED   MARCH 23rd, 1918.

RECORDED MARCH 28th, 1918.  FILE NO. 14950. CLERK AND EX OFFICIO RECORDER.

$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$a$

NELSON H. THOMAS

T O

W. H. COOKE ET AL

LEASE

STATE OF LOUISIANA PARISH OF JEFFERSON DAVIS, Nelson H. Thomas Hereinafter called "Grantor" ( whether one or more), grants to W. H. Cooke & E. C. Russell hereinafter called "Grantee," the exclusive right to explore the land hereinafter described for mineral indications, to drill and mine thereon for oil, gas, sulphur and other minerals, and to produce and appropriate any or all of same therefrom, also the right to use, free of charge, oil, gas, and water from the land in conducting operations thereon and in treating to make marketable the products therefrom, the right to remove from the land at any time any property placed by Grantee thereon, and all rights necessary to the full enjoyment of this grant; all, however, during the term and subject to conditions hereinafter stated.

The land is in Jefferson Davis Parish, Louisiana and is described as follows:

North West Quarter (N. W. ¼) and West one Fourth (W.¼) of North East Quarter (N.E. ¼) Section Eleven (11), T.9.S.R.4.W. La. M.

It is understood and agreed that there are now outstanding mineral leases in favor of R. F. Weichert which second party may acquire covering all or a part, of the lands situated in

Sections ten (10) to sixteen (16) both inclusive; sections twenty-one (21) to twenty-eight (28) both inclusive, all in township nine (9) south, range four (4) West, and in sections seven (7), eighteen (18) and nineteen (19), in township nine (9) south, range three (3) west, in Jefferson Davis Parish, and second party hereby binds and obligates himself to begin operations for the drilling of a well in search of oil, at some point within the area of land last above described within six months from the date upon which he acquires all of said Weichert Leases, or from the date upon which they all expire if not acquired by second party, said drilling operations to be diligently and continuously pursued until said well be drilled to a depth of 3000 feet, unless oil, gas or other mineral be found in paying quantities at a shallower depth, or unless some formation be encounted before said depth be reached, and it is especially stipulated and agreed that failure to begin operations for the drilling of said well within the time herein stipulated, or failure to drill said well to completion or abandonment as above provided, shall operate as a complete forfeiture of all rights hereby granted by first party to second party.

This is a top lease to become effective upon the termination of lease to R.F.Weichart. For the purpose of calculating all payments hereinafter provided for, the land is estimated to comprise 200, acres, whether it actually comprises more or less; but all land owned by Grantor in the above mentioned sections is included herein, whether properly described above or not.

This grant shall terminate and become ineffective unless either (1) on or before July 1, 1929, Grantee notifies Grantor that he will drill a well on said land and within sixty (60) days thereafter commences operations therefor; or, (2) on or before said first above mentioned date Grantee pays or tenders to Grantor One Dollar ($1.00) per acre for all that part of the land which Grantee then elects to continue to hold hereunder, surrendering at the same time any balance, which payment or tender shall maintain Grantee's rights in effect without any operations hereunder for one year from said date first above mentioned; and Grantee may maintain his rights in effect without any operations for successive six months periods aggregating four (4) additional years, by paying or tendering to Grantor, on or before the beginning of such respective periods Fifty Cents 50. Cts. per acre for all that part of the land which Grantee has elected to continue to hold hereunder.

Grantor shall be entitled to the following royalties; one-eighth (1/8) of the oil

make marketable the products therefrom; one-eighth (1/8) of the net profits realized on the natural gas produced and saved; one-eighth (1/8) of the value 'at the rate of four cents per thousand cubic feet) of the casinghead gas used for the manufacture of casinghead gasoline; fifty cents (50¢) for each ton (2240 pounds) of sulphur marketed; and a reasonable royalty on any other mineral produced and saved. These royalties are based on ownership by Grantor of the entirety of land, royalties or minerals; if Grantor owns less than the entirety, the royalties shall be proportionately decreased. The oil royalty shall be delivered to Grantor, free of expenses, at Grantor's option either at the well or to Grantor's credit into any pipe line connected with the well.

All notices and instruments due and deliverable hereunder may be given or delivered to Grantor personally, or by mailing the same by United States Mail, on or before the due date thereof, addressed to Grantor at Roanoke, La., and all moneys whatsoever due hereunder may be paid or tendered Grantor personally, or by mailing by United States Mail, on or before the due date of said payment, letter addressed to the Calcasieu National Bank of Jennings, La., (or its successor or successors) transmitting Grantee's check or draft, with instructions to said Bank to deposit same to said Grantor's credit, said Bank being hereby constituted Grantor's agent.

If, prior to discovery of oil on the land, a well producing as much as two hundred (200) barrels of oil per day for thirty (30) consecutive days is brought in on adjacent land and within two hundred (200) feet of any line of the land, then held hereunder, Grantee shall with reasonable promptness begin and with reasonable diligence prosecute the drilling of a well on the land, then held hereunder, in an honest effort to discover oil in paying quantities.

After beginning operations on the land and prior to discovering any mineral in paying quantities thereon, Grantee may maintain his rights in effect for so long as he pleases by claiming such operations without lapse of more than sixty(60) days between cessation of operations on one well and the beginning of operations for drilling another; during the period of five (5) years from the date above mentioned Grantee may cease such operations and nevertheless maintain his rights in effect by beginning or resuming the payments above provided for-making, within sixty (60) days from such cessation the payment for the current period which must have been made in order to maintain his rights in effect without any operations.

After discovering any mineral in paying quantities on the land, Grantee may maintain his rights in effect for so long as he pleases by proceeding with reasonable diligence to develop the land; however, the only penalty for Grantee's failure so to develop shall be the loss of all rights, and Grantee may, if he so elects, at any time after discovering any mineral in paying quantities on the land, surrender any part thereof, whenafter none of the provisions hereof shall be effective as to the surrendered part, but Grantee may continue to hold the unsurrendered part by complying with the provisions hereof as to the unsurrendered part.

The use of the surface of the land is granted only for the purposes hereof. Grantee shall be responsible for all damages caused by his operations.

All the provisions hereof shall extend to and bind the successors and assigns (in whole or, to that extent, in part) of the parties hereto, respectively; but no change in ownership of the land or part thereof, the minerals or interest therein, shall impose any additional burden on Grantee or impair the effectiveness of any payment or tender made as above provided.

Grantor warrants and agrees to defend the title to all of said land. Grantee shall have the right, at any time, either to redeem for Grantor any mortgages, taxes or other liens, including interest and other charges, on said land in the event of Grantor's default, and be su

the reduction or liquidation of any such encumbrance or indebtedness, whether before or after the maturity thereof, any money, or thing of value whatsoever, whether rentals, royalties or otherwise due, payable or deliverable to Grantor hereunder, and such payment or application shall be considered as due payment or delivery of such money or thing of value to Grantor.

Grantor acknowledges receipt of Fifty and no/100 Dollars ($50.00), paid by Grantee, as the full and adequate consideration for every right granted herein.

Executed June 21, 1928, in the presence of J. L. Andrus and Katheryn Thomas, the undersigned competent witnesses, and of the undersigned Notary Public in and for Parish, Louisiana. (Signed) Nelson H. Thomas.

WITNESSES: (Signed) Katheryn Thomas, (Signed) J. L. Andrus.

STATE OF LOUISIANA PARISH OF JEFFERSON DAVIS)

Before me, the undersigned Notary Public, on this day personally appeared J. L. Andrus who being by me duly sworn, stated under oath that he was one of the subscribing witnesses to the foregoing instrument, and that the same was signed by Nelson H. Thomas (Grantor, as above mentioned) in his presence and in the presence of Katheryn Thomas the other subscribing witness. (Signed) J. L. Andrus.

Sworn to and subscribed before me August 1, 1928. (Signed) W. H. Adams, Notary Public in and for Jefferson Davis Parish, Louisiana. (Seal)

FILED       AUGUST 13th, A. D. 1928       AT:  8:00 A. M.

RECORDED    AUGUST 13th, A. D. 1928       FILE NO. 57848        (Signed) EX OFFICIO RECORDER

```
                              &
                              &
                              &
    NELSON    H.    THOMAS     &    STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS.
                              &    NELSON H. THOMAS, hereinafter called "Grantor" (whether
          T    O              &    one or more), grants to W. H. COCKE & E. C. RUSSELL,
                              &    hereinafter called "Grantee" the exclusive right to
    W.  H.  COCKE  ET  AL  &  &    explore the land hereinafter described for mineral
                              &    indications, to drill and mine thereon for oil, gas,
          L E A S E           &    sulphur and other minerals, and to produce and appro-
    &&&&&&&&&&&&&&&&&&&&&&&&&&&&
```

priate any or all of same therefrom, also the right to use, free of charge, oil, gas and
water from the land in conducting operations thereon and in treating to make marketable the
products therefrom, the right to remove from the land at any time any property placed by
Grantee thereon, and all rights necessary to the full enjoyment of this grant; all, however,
during the term and subject to conditions hereinafter stated.

The land is in Jefferson Davis Parish, Louisiana, and is described as follows:
Northwest quarter (NW¼) and West one fourth (W¼) of Northeast quarter
(NE¼) Section Eleven (11) T. 9 S. R. 4 W. La. M.

This lease is given in lieu of that certain Oil, Gas and Mineral Lease between
Nelson H. Thomas, lessor and R. F. Weichert, lessee of date June 29, 1924, and in accordance
with terms of contract agreement between Nelson H. Thomas, lessor herein, R. F. Weichert and
W. H. Cocke and E. C. Russell, to which contract reference is here made for all purposes.

There is reserved herein unto R. F. Weichert and associate, to wit: A. T. Jones,
jointly, two and one half per cent (2½%) out of the one eighth (1/8th) royalty payable to
lessor under his contract. The said Two and One Half per cent (2½%) royalty being the
total proportion payable to the said Weichert and associate and being the same royalty as
provided in supplemental agreement to the original lease between said Nelson H. Thomas and
R. F. Weichert above referred to.

For the purpose of calculating all payments hereinafter provided for, the land is
estimated to comprise 200 acres, whether it actually comprises more or less; but all land
owned by Grantor in the above mentioned sections is included herein, whether property
described above or not.

This grant shall terminate and become ineffective unless on or before June 30,
1929, Grantee notified Grantor that he will drill a well on said land and within sixty
(60) days thereafter commences operations therefor.

Grantor shall be entitled to the following royalties: one-eighth (1/8) of the
oil produced and saved and not used for fuel in conducting operations on the land or in
treating to make marketable the products therefrom; one-eighth (1/8) of the net profits
realized on the natural gas produced and saved; one-eighth (1/8) of the value (at the
rate of four cents per thousand cubic feet) of the casinghead gas used for the manufacture
of casinghead gasoline; fifty cents (50c) for each ton (2240 pounds) of sulphur marketed;
and a reasonable royalty on any other mineral produced and saved. These royalties are based
on ownership by Grantor of the entirety of the land, royalties or minerals; if Grantor owns
less than the entirety, the royalties shall be proportionately decreased. The oil royalty
shall be delivered to Grantor, free of expense, at Grantor's option either at the well or
to Grantor's credit into any pipe line connected with the well.

All notices and instruments due and deliverable hereunder may be given or delivered

thereof, addressed to Grantor at Roanoke, La., and all moneys whatsoever due hereunder may be paid or tendered Grantor personally or by mailing by United States Mail, on or before the due date of said payment, letter addressed to the Calcasieu National Bank of Jennings, La., (or its successor or successors) transmitting Grantee's check or draft, with instructions to said Bank to deposit same to said Grantor's credit, said Bank being hereby constituted Grantor's agent.

If, prior to discovery of oil on the land, a well producing as much as two hundred (200) barrels of oil per day for thirty (30) consecutive days is brought in on adjacent land and within two hundred (200) feet of any line of the land, then held hereunder, Grantee shall with reasonable promptness begin and with reasonable diligence prosecute the drilling of a well on the land, then held hereunder, in an honest effort to discover oil in paying quantities.

After beginning operations on the land and prior to discovering any mineral in paying quantities thereon, Grantee may maintain his rights in effect for so long as he pleases by continuing such operations without lapse of more than sixty (60) days between cessation of operations on one well and the beginning of operations for drilling another; during the period of five (5) years from the date above mentioned Grantee may cease such operations and nevertheless maintain his rights in effect by beginning or resuming the payments above provided for-making, within sixty (60) days from such cessation the payment for the current period which must have been made in order to maintain his rights in effect without any operations.

After discovering any mineral in paying quantities on the land, Grantee may maintain his rights in effect for so long as he pleases by proceeding with reasonable diligence to develop the land; however, the only penalty for Grantee's failure so to develop shall be the loss of his rights, and Grantee may, if he so elects at any time after discovering any mineral in paying quantities on the land, surrender any part thereof, whenafter none of the provisions hereof shall be effective as to the surrendered part, but Grantee may continue to hold the unsurrendered part by complying with the provisions hereof as to the unsurrendered part.

The use of the surface of the land is granted only for the purposes hereof. Grantee shall be responsible for all damages caused by his operations.

All the provisions hereof shall extend to and bind the successors and assigns (in whole or, to that extent, in part) of the parties hereto, respectively; but no change in ownership of the land or part thereof, the minerals or interest therein, shall impose any additional burden on Grantee or impair the effectiveness of any payment or tender made as above provided.

Grantor warrants and agrees to defend the title to all of said land. Grantee shall have the right, at any time, either to redeem for Grantor any mortgages, taxes or other liens, including interest and other charges, on said land in the event of Grantor's default, and be subrogated to the rights of the holder thereof, or, to pay and/or apply for Grantor to and for the reduction or liquidation of any such encumbrance or indebtedness, whether before or after the maturity thereof, any money, or thing of value whatsoever, whether rentals, royalties or otherwise due, payable or deliverable to Grantor hereunder, and such payment or application shall be considered as due payment or delivery of such money or thing of value to Grantor.

Grantor acknowledges receipt of One hundred fifty and no/100 Dollars ($150.00) paid by Grantee, as the full and adequate consideration for every right granted herein.

Executed Aug. 1st, 1928, in the presence of Wm. F. Tietje and O. E. Ferguson, the undersigned competent witnesses, and of the undersigned Notary Public in and for Parish, Louisiana.

SIGNED: NELSON H. THOMAS.    WITNESSES: WM. F. TIETJE, O. E. FERGUSON.


STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

Before me, the undersigned Notary Public, on this day personally appeared Wm. F. Tietje, who being by me duly sworn, stated under oath that he was one of the subscribing witnesses to the foregoing instrument, and that the same was signed by Nelson H. Thomas, (Grantor, as above mentioned) in his presence and in the presence of O. E. Ferguson, the other subscribing witness.

SIGNED: WM. F. TIETJE.

Sworn to and subscribed before me August 1, 1928.

SIGNED: W. H. ADAMS, Notary Public in and for Jefferson Davis Parish, Louisiana.

( SEAL ).


FILED      AUGUST 13th, A. D. 1928      AT:  8:00 A. M.

RECORDED  AUGUST 13th, A. D. 1928      FILE NO. 57852      CLERK & EX OFFICIO RECORDER

without interference.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

WITNESS the execution hereof on this the 23rd day of January, A.D. 1931. Signed and delivered in the presence of the undersigned witnesses; WELSH CO. INC., BY (SIGNED) S. ARTHUR KNAPP, Vice President. WITNESSES: (SIGNED) J. COLLETTE, S. M. CANTEY.

THE STATE OF LOUISIANA, PARISH OF CALCASIEU.

Before me, the undersigned authority, on this day appeared Samuel M. Cantey who being duly sworn, deposed and said:

That he was one of the subscribing witnesses to the above and foregoing instrument; that said instrument was executed by the grantor therein Welsh Co. Inc. in his presence and in the presence of the other subscribing witness on the date thereof. (SIGNED) S. M. CANTEY.

Sworn to and subscribed before me this 23rd day of January, 1931. (SIGNED) W. H. HASNELL. Notary Public. ( SEAL ).

FILED  -  FEBRUARY 11th, A.D. 1931.  -    AT:1:30 P.M.

RECORDED -  FEBRUARY 11th, A.D. 1931.      FILE NO.69237.   CLERK & EX OFFICIO RECORDER.

| NELSON    H.    THOMAS., | & | THE STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS. |
|---|---|---|

NELSON    H.    THOMAS.,    &    THE STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS.
&    KNOW ALL MEN BY THESE PRESENTS:
&    That for and in consideration of Fifteen and no/100 ($15.00)
T    O    &    Dollars to the undersigned (herein styled Grantor, whether one
&    or more) paid, the receipt of which is hereby acknowledged, the
UNITED PIPE LINE CORPORATION,&    said Grantor does hereby Grant and Convey unto UNITED PIPE LINE
RIGHT OF WAY.    &    CORPORATION, (herein styled Grantee), its successors and assigns,
&    the right of way and easement to construct, maintain and oper-

ate pipe lines and appurtenances thereto, and to construct, maintain, and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, over and through the following described land situated in Jefferson Davis Parish, State of Louisiana to-wit:

S$\frac{1}{2}$ of NW$\frac{1}{4}$ Section 11 Township 9 South Range 4 West South of Branch of Gum Gully and South of Gum Gully.
The easement for telephone and telegraph lines to be built on property lines.

more fully described in deed from Phelia Thomas to Nelson H. Thomas recorded in Volume M. Page 178, Deed Records of said County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grantee above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes herein-before granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and tele-phone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this Grant at any time, the sum of Twenty-five cents per lineral rod for each additional line shall be paid, besides the
damages above provided for.

61

WITNESS the execution hereof on this the 9 day of December, A.D. 1930. Signed and delivered in the presence of (SIGNED) NELSON H. THOMAS. WITNESSES: (SIGNED) F. F. ARCENEAUX, C. J. GOODWIN. THE STATE OF LOUISIANA, PARISH OF LAFAYETTE.

Before me, the undersigned authority, on this day appeared C. J. Goodwin, who being duly sworn deposed and said:

That he was one of the subscribing witnesses to the above and foregoing instrument; that said instrument was executed by the Grantor therein Nelson H. Thomas, in his presence and in the presence of the other subscribing witness on the date thereof. (SIGNED) C. J. GOODWIN.

Sworn to and subscribed before me this 19 day of January, 1931. (SIGNED) J.J.FOURNET, Notary Public. ( SEAL ).

FILED       FEBRUARY 11th, A.D. 1931.     AT: 1:30 P.M.

RECORDED    FEBRUARY 11th, A. D. 1931.   FILE NO.69238.   CLERK & EX OFFICIO RECORDER

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

|  |  |
|---|---|
| J.   W.   DE VILBISS., &<br>&<br>&<br>T   O   &<br>&<br>&<br>UNITED PIPE LINE CORPORATION, &<br>&<br>RIGHT OF WAY.   &<br>& | THE STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS.<br>KNOW ALL MEN BY THESE PRESENTS:<br><br>That for and in consideration of Eighty & no/100 ($80.00) Dollars to the undersigned (herein styled Grantor, whether one or more paid, the receipt of which is hereby acknowledged, the said Grantor does hereby Grant and Convey unto UNITED PIPE LINE CORPORATION (herein styled Grantee), its successors and assigns |

the right of way and easement to construct, maintain and operate pipe lines and appurtenances thereto, and to construct, maintain and operate telegraph and telephone lines in connection therewith, together with the necessary poles, guy wires and anchors, on and through the following described lands situated in Jefferson Davis Parish, State of Louisiana to-wit:

S½ of Section 11 Township 9 South Range 4 West.
Telephone and telegraph lines to be built on property lines.

more fully described in deed from--- to J.W. Devilbiss-- Recorded in Volume -- Page--, Deed Record of said County, to which reference is here made for further description.

TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and appurtenances thereto shall be maintained, with ingress to and egress from the premises, for the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of Grant above described, and the removal of such at will, in whole or in part.

The said Grantor is to fully use and enjoy the said premises, except for the purposes herein before granted to the said Grantee, which hereby agrees to bury all pipes to a sufficient depth so as not to interfere with cultivation of soil, and to pay any damages which may arise to growing crops or fences from the construction, maintenance and operation of said pipe, telegraph and telephone lines; said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one thereof to be appointed by the said Grantor, one by the said Grantee, and the third by the two so appointed as aforesaid, and the written award of such three persons shall be final and conclusive. Should more than one pipe line be laid under this grant at any time, the sum of Twenty-five cents per lineal rod for each additional line shall be paid, besides the damages above provided for.

It is hereby understood that party securing this grant in behalf of Grantee is without authority to make any covenant or agreement not herein expressed.

Witness the execution hereof on this the 9 day of December, A.D. 1930. Signed and delivered in the presence of the undersigned witnesses; (SIGNED) J. W. DE VILBISS WITNESSES: (SIGNED) L. E.

46/21

21

```
NELSON  H.  THOMAS,    &
                       &
                       &
                       &
        T   O          &
                       &
                       &
                       &
HUMBLE OIL & REF. CO., &
                       &
        L E A S E      &
                       &
&&&&&&&&&&&&&&&&&&&&&&&&&
```

THIS AGREEMENT, made this 14 day of December, 1931, between NELSON H. THOMAS, married once to HELEN HUNTER THOMAS, with whom he now lives, undivorced, Lessor, ( whether one or more), and HUMBLE OIL & REF. CO., of Houston, Tex, Lessee, WITNESSETH:

1.  Lessor in consideration of SIX HUNDRED DOLLARS, ($600.00 in hand paid, of the royalties herein provided and of the agreements of lessee herein contained, hereby grants, leases, and lets exclusively unto Lessee for the purpose of investigating, exploring, prospecting, drilling and mining for and producing oil, gas and all other minerals, laying pipe lines, building tanks, power stations, telephone lines and other structures thereon to produce, save, take care of, treat, transport and own said products, and housing its employees the following described land in Jefferson Davis Parish, Louisiana, to-wit:

NW¼;  and W½ of W½ of NE¼ Sec. 11, T. 9 S., R. 4 W.

For the purpose of calculating the  payments hereinafter provided for, said land is estimated to comprise 200 acres, whether it actually composes more or less.

2.  Subject to the other provisions herein contained, this lease shall be for a term of 5 years and from this date ( called "primary term "), and as long thereafter as oil, gas or other mineral is produced from said land hereunder.

3.  The royalties to be paid by Lessee are: (a) on oil, one eighth of that produced and saved from said land, the same to be delivered at the wells or to the credit of Lessor into the pipe line to which the wells may be connected;  Lessee may from time to time purchase any royalty oil in its possession, paying the market price therefor prevailing for the field where produced on the date of purchase;  (b) on gas, including casinghead gas or other gaseous substance, produced from said land and sold or used off the premises or in the manufacture of gasoline or other product therefrom, the market value at the well of one eighth of the gas so sold or used, provided that on gas sold at the wells the royalty shall be one eighth of the amount realized from such sale;  where gas from a well producing gas only is not sold or used, Lessee may pay as royalty  $50.00 per well per year, and upon such payment it will be considered that gas is being produced within the meaning of Paragraph 2 hereof;  and (c), on all other minerals mined and marketed, one tenth either in kind or value at the well or mine, at Lessee' election, except that on sulphur the royalty shall be fifty cents (50¢) per long ton, Lessee shall have free use of oil, gas, coal, wood and water from said land, except water from Lessor's wells, for all operations hereunder, and the royalty on oil, gas and coal shall be computed after deducting any so used.  Lessor shall have the privilege at his risk and expense of using gas, from any gas well on said land for stoves and inside lights in the principal dwelling thereon out of any surplus gas not needed for operations hereunder.

4.  If operations for drilling are not commenced on said land on or before one year from this date, this lease shall then terminate as to both parties unless on or before the expiration of said one year, lessee shall pay or tender to Lessor or to the credit of Lessor in CALCASIEU NATIONAL Bank at Jennings, La., ( which bank and its successors are Lessor's agent and shall continue as the depository for all rental payable hereunder regardless of changes in ownership of said land or the rental),  the sum of TWO HUNDRED ($200.00) DOLLARS, ($200.00) for the number of acres then covered by this lease and not surrendered as hereinafter provided, which shall cover the privilege of deferring commencement of drilling operations for a period of twelve (12) months.  Thereafter, upon the payment or tender in like manner annually of the sum of TWO HUNDRED DOLLARS, ($200.00) for the number of acres then covered by this lease and

**22**

tender of rental may be made by check or draft of lessee mailed or delivered to Lessor or to said Bank on or before such date of payment. If such bank ( or any successor bank), should fail liquidate or be succeeded by another bank or for any reason fail or refuse to accept rental, lessee shall not be held in default for failure to make such payment or tender of rental until hirty (30) days after Lessor, shall deliver to Lessee a proper recordable instrument naming nother bank as agent to receive such payments or tenders. The down cash payment is consideration or this lease according to its terms and shall not be allocated as a mere rental for a period. essee may at the time execute and deliver to Lessor or to the depository above named or place f record a release covering, the above described premises, and thereby surrender this lease, nd be relieved of all obligations as to the acreage surrendered.

5.    If prior to discovery of oil or gas on said land lessee shall drill a dry hole or holes hereon, or if after discovery of oil or gas the production thereof should cease from any cause, his lease shall not terminate if Lessee commences additional drilling or re-working operations ithin sixty (60) days, thereafter or ( if it be within the primary term) commences or resumes he payment or tender of rentals on or before the rental paying date next ensuing after the expir- tion of three months from date of completion of dry hole or cessation or production. If at the xpiration of the primary term oil, gas or other mineral is not being produced on said land but essee is then engaged in drilling or reworking operations thereon, the Lease shall remain in orce so long as operations are prosecuted with no cessation of more than thirty (30) consecutive ays, and if they result in the production of oil, gas or other minerals so long thereafter as il, gas or other mineral is produced from said land. In the event a well or wells producing oil r gas in paying quantities should be brought in on adjacent land and within one hundred fifty 150) feet of and draining the leased premises, Lessee agrees to drill such offset wells as a easonably prudent operator would drill under the same or similar circumstances.

6.    Lessee shall have the right at any time during or after the expiration of this lease o remove all property and fixtures placed by Lessee on said land, including the right to draw ad remove all casing. When required by Lessor, Lessee will bury all pipe lines below ordinary low depth, and no well shall be drilled within two hundred (200) feet of any residence or barn ow on said land without Lessor's consent.

7.    The rights of either party hereunder may be assigned in whole or in part and the provisions hreof shall extent to the heirs, successors and assigns, but no change or divisions in ownership f the land, rentals, or royalties however accomplished shall operate to enlarge the obligations r diminish the rights of Lessee. No sale or assignment by lessor shall be binding on Lessee atil Lessee shall be furnished with a certified copy of recorded instrument evidencing same. a event of assignment of this lease as to a segregated portion of said land the rentals payable reunder shall be apportionable as between the several leasehold owners ratably according to he surface area of each, and default in rental payment by one shall not affect the rights of ther leasehold owners hereunder. If six or more parties become entitled to royalty hereunder, essee may withhold payment thereof unless and until furnished with a recordable instrument execut- d by all of such parties designating an agent to receive payment for all.

8.    In case of cancellation or termination of this lease for any cause, Lessee shall have he right to retain under the terms hereof twenty five acres of land around each well producing, eing worked on, or drilling hereunder, such tract to be designated by Lessee in as near a square orm as practicable. And in the event Lessor considers that operations are not being conducted compliance with this contract, Lessee shall be notified in writing of the facts relief upon constituting a breach hereof and Lessee shall have sixty (60) days after receipt of such

"9. ' Lessor hereby warrants and agrees to defend the title to said land and agrees that Lessee at its option may discharge any tax, mortgage or other lien upon said and in event Lessee does so, it shall be subrogated to such lien with the right to enforce same and apply rentals and royalties accruing hereunder toward satsifying same. Without impairment of Lessee's rights under the Warranty in event of failure of title, it is agreed that if Lessor owns an interest in said land less than the entire fee simple estate, then the royalties and rentals to be paid Lessor shall be reduced proportionately.

IN WITNESS WHEREOF, this instrument is executed on the date first above written.

(SIGNED) NELSON H. THOMAS, HELEN HUNTER THOMAS.

WITNESSES: (SIGNED) JOHN H. DOYLE, H. B. TIETJE.

STATE OF LOUISIANA,

PARISH OF JEFFERSON DAVIS.

BEFORE ME, the undersigned authority, this day personally appeared HERBERT B. TIETJE, to me personally known to be the identical person whose name is subscribed to the foregoing instrument as an attesting witness, who being first duly sworn, on his oath, says: That he subscribed his name to the foregoing instrument as a witness, and that he knows NELSON H. THOMAS and HELEN HUNTER THOMAS, husband and wife, the grantors named in said instrument, to be the identical persons, described therein, and who executed the same, and saw them sign the same as their voluntary act and deed, and that he, the said HERBERT B. TIETJE, subscribed his name to the same at the same time as an attesting witness.

(SIGNED) HERBERT B. TIETJE.

SWORN to and SUBSCRIBED before me, this 14th day of December, 1931.

(SIGNED) J. H. HEINEN, Notary Public, in and for Jefferson Davis Parish, Louisiana. ( SEAL ).

FILED     JUNE 4th, A. D., 1932     AT: 8:00 A. M.

RECORDED     JUNE 4th, A. D., 1932     FILE NO. 74605     CLERK & EX OFFICIO RECORDER.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

KEITH RAYMOND CRYAR   STATE OF LOUISIANA,

  PARISH OF CALCASIEU.

T O

  BEFORE ME, N. F. ANDERSON, a Notary Public, duly commissioned and qualified in and for the Parish of Calcasieu, State of Louisiana, and in the presence of the two competent witnesses, hereinafter named and undersigned, on this day personally came and appeared, MR. WILLIE CARROLL, and MRS.

MR. WILLIE CARROLL, ET AL

ADOPTION

WILLIE CARROLL, born Lula Gilstrap, his wife, herein aided, authorized and assisted by her said husband, both of full age of majority, and residing together at West Lake, Louisiana, who severally declared, that availing themselves of the provisions of law, and especially Act No. 34 of the General Assembly of the State of Louisiana, for the year 1872, as amended by Act No. 48 of the Legislature of Louisiana, for the year 1924, they have adopted, and do by these presents formally adopt, as their own child, KEITH RAYMOND CRYAR, a minor, Male child, born on the 3rd day of September, 1931, hereby declaring and consenting that the said adopted child shall from henceforth have and enjoy and be entitled to, all of the rights, advantages privileges and benefits to the same intent and purpose as tho said child were their own child and issue of their marriage.

And the said MR. and MRS. WILLIE CARROLL, do hereby promise, bind and obligate themselves to provide for and maintain the said adopted child the same as if he had been their own child, to treat him kindly at all times, to provide him with the necessities of life including food

55/547

Should more than one pipe line be laid under this grant, at any time, an additional consideration equal to the consideration herein above recited, shall be paid for each line so paid after the first line.

All pipe laid under this grant shall be laid upon a route selected by the Grantee, its successors or assigns, and shall be buried to such depth as not to interfere with the ordinary cultivation of said land, and any line laid after the first line shall be laid parallel with and adjacent to said first line.

It is the intention of Grantor herein to grant to grantee herein, the privilege of contruction of 1000 feet of 6 inch Suction Line from Fontenot #3 Pump Station to Barnsdall Oil Company's A. O. Fontenot lease in said Section 7.

TO HAVE AND TO HOLD, said easement, rights and rights of way unto the said JETT PETROLEUM CORPORATION, its successors and assigns.

As to the rights hereby granted, all rights of homestead are hereby released and waived.

This agreement shall be binding upon the heirs, executors, administrators, successors, and assigns of the parties hereto.

This instrument embodies the entire agreement between the parties hereto, including the consideration paid or to be paid therefor.

IN WITNESS WHEREOF, the grantor has hereunto set his hand and seal, on this, the 19th day of November, 1934.

(SIGNED) A. O. FONTENOT.

In presence of: (SIGNED) OLIVER P. STOCKWELL,  FLORENCE BISHOP.

STATE OF LOUISIANA.

PARISH OF CALCASIEU.

BEFORE ME, the undersigned Notary Public, on this day personally appeared OLIVER P. STOCKWELL, who being by me duly sworn, stated under oath that he is one of the subscribing witnesses to the foregoing instrument, and that the same was signed by A. O. FONTENOT, (Grantor, mentioned herein), in the presence of FLORENCE BISHOP, the other subscribing witness.

(SIGNED) OLIVER P. STOCKWELL.

SWORN to and subscribed before me, this 19th day of November, 1934.

(SIGNED) VANCE PLAUCHE, Notary Public, in and for Calcasieu Parish, Louisiana.( SEAL ).

FILED    DEC. 21st, A. D., 1934    T: 3:00 P. M.

RECORDED    DEC. 21st, A. D., 1934    FILE NO. 45108    CLERK & EX OFFICIO RECORDER.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

|  | & |  |
|---|---|---|
| NELSON H. THOMAS, | & | STATE OF LOUISIANA. |
|  | & | PARISH OF JEFFERSON DAVIS. |
|  | & |  |
| T O | & | That NELSON H. THOMAS, whose wife's name is HELEN |
|  | & | HUNTER, residents of the Parish of Jefferson Davis, Louis- |
|  | & | iana, who declare that he does by these presents, grant, |
| BARNSDALL OIL & REF. CO., | & | bargain, sell, convey and deliver, with full guarantee of |
| S A L E | & | title and with complete transfer and subrogation of all |
| &&&&&&&&&&&&&&&&&&&&&& | & | rights and actions of warranty against all former propriet- |

ors of the property herein conveyed unto BARNSDALL OIL & REFINING COMPANY, residents of Houston, Texas, and assigns, the following described property, to-wit:

One- eighth (1/8) of the Oil, gas and other minerals, in and under and that may be pro-

148

Northwest quarter (NW¼) and west half of west half of northeast quarter (W½ of W½ of NE¼) of Section eleven (11), township nine (9) South, Range four (4) West.

It is understood between the parties hereto that this sale is made subject to an oil and gas lease executed in favor of HUMBLE OIL & REFINING COMPANY, on the 14th day of December, 1931, and recorded in the records of Jefferson Davis Parish, La., made part hereof by reference; but covers and includes one eighth (1/8) of all the oil royalties and gas rentals or royalties due and to become due under the terms of said lease, and a like interest in all money rentals that may be hereafter paid in order to keep said lease in effect without drilling.

This sale is made for the consideration of the sum of TWELVE THOUSAND FIVE HUNDRED AND NO/100 ($12,500.00) DOLLARS, cash in hand paid, receipt of which is hereby acknowledged.

IN WITNESS WHEREOF, this instrument is signed on the 20th day of December, 1934.
(SIGNED) NELSON H. THOMAS.
WITNESS: (SIGNED) M. N. STAFFORD, H. B. TIETJE.
STATE OF LOUISIANA,
PARISH OF CALCASIEU.

BEFORE ME, CHARITY HOWELL, a Notary Public, in and for Calcasieu Parish, Louisiana, on this 20th day of December, 1934, personally came and appeared NELSON H. THOMAS, who in the presence of me, said authority, and H. B. TIETJE, and M. N. STAFFORD, competent witnesses, declares and acknowledges that he is the identical person who executed the foregoing instrument in writing, that his signature thereto is his own true and genuine signature, and that he executed said instrument of his own free will, and for the purposes and considerations therein expressed.

Thus done and passed on the day and date hereinabove written, in the presence of the before named and undersigned competent witnesses, who have hereunto subscribed their names, together with said appearer, and me, said Notary, after reading the whole.
(SIGNED) NELSON H. THOMAS.
WITNESSES: (SIGNED) H. B. TIETJE, M. N. STAFFORD.
(SIGNED) CHARITY HOWELL, Notary Public, ( SEAL ).
FILED        DEC. 21st, A. D., 1934      AT: 3:00 P. M.
RECORDED    DEC. 21st, A. D., 1934      FILE NO. 85103      CLERK & EX OFFICIO RECORDER.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

MRS.  EDNA  BREAUX,    &    STATE OF LOUISIANA,
                       &    PARISH OF JEFFERSON DAVIS.    KNOW ALL MEN BY THESE PRESENTS:
       T  O             &
                       &        That I, MRS. EDNA BREAUX, wife of Oscar Breaux, a
                       &    resident of County, State of Texas, for and in consider-
C.   O.   NOBLE,        &    ation of the price and sum of TWO HUNDRED TWENTY FIVE
      S A L E           &    DOLLARS, ($225.00) cash in hand paid by C. O. NOBLE, a
&&&&&&&&&&&&&&&&&&&&&&&&&&    resident of Lake Charles, Louisiana, do by this instru-
                            ment bargain, sell, transfer and convey unto the said

C. O. NOBLE, and unto his heirs and assigns, a mineral interest of one thirty second (1/32) of all the oil, gas and other minerals produced and to be produced on and from the following described property, situate in the Parish of Jefferson Davis, State of Louisiana, to-wit:

561
89

| | |
|---|---|
| NELSON H. THOMAS, | THE STATE OF LOUISIANA, PARISH OF JEFFERSON DAVIS. |
| TO | For and in consideration of the sum of TWO HUNDRED AND NO/100ths DOLLARS ($200.00) cash to the undersigned owners paid, the receipt of which is hereby acknowledged, |
| HUMBLE OIL & REFINING CO., | the undersigned hereby grant to HUMBLE OIL & REFINING |
| RIGHT-OF-WAY. | COMPANY, a Texas corporation, its successors and assigns, the right of way and easement to lay, maintain, operate, |

replace, change and remove any and all pipe lines for the transportation of oil, gas and/
or water and/or their products, and to build, maintain, operate, replace and remove tele-
graph, telephone lines, with all incidental equipment, and to build, maintain, operate and
use roads on, over and through the following described lands, situated in Jefferson Davis
Parish and State of Louisiana, to-wit:

The Northwest quarter and the West half of the West half of the Northeast
quarter of Section eleven (11) Township Nine (9) South, Range Four (4)
West, Louisiana Meridian. The above described tract of land containing
two hundred (200) acres more or less; and is the same land covered by
Humble Oil & Refining Co's, Mineral lease # 36949

together with the right of ingress and egress for all purposes incident to said grant,
and for the purpose of oil and gas development of other lands in the vicinity thereof.

The undersigned owners retain for themselves and their heirs or assigns the right
fully to use and enjoy said premises, except as the same may be necessary for the purposes
herein granted to the said HUMBLE OIL & REFINING COMPANY, its successors and assigns.

It is distinctly understood that this does not constitute a conveyance of any
part of the land above described nor of the minerals therein and thereunder, but covers
only a right of way and easement as above described.

It is further agreed and understood that this right of way and easement is subject
to all valid oil, gas and mineral leases now inexistence upon said land.

HUMBLE OIL & REFINING COMPANY further agrees to bury and maintain all pipe lines
so as not to interfere with the cultivation of said land.

IN TESTIMONY WHEREOF, witness my hand, this the 10th day of January, A. D. 1935.
(SIGNED) NELSON H. THOMAS. Signed, sealed and delivered in the presence of (SIGNED) A. R.
MALLOY, W. S. FISHER.

STATE OF LOUISIANA, PARISH OF JEFF DAVIS.

BEFORE ME, the undersigned authority, this day personally came and appeared A. R. MALLOY,
to me personally known to be the identical person whose name is subscribed to the foregoing
instrument as an attesting witness, who being first duly sworn, on his oath says: That he
subscribed his name to the foregoing instrument as a witness and that he knows NELSON H.
THOMAS the Grantor named in said instrument to be the identical person described therein,
and who executed the same, and saw him, sign the same as his voluntary act and deed and that
he, the said A. R. MALLOY subscribed his name to the same at the same time as an attesting
witness. (SIGNED) A. R. MALLOY.

Sworn to and subscribed before me this 10 day of January, 1935.

(SIGNED) CHARLES FISHER, Dy. Clerk & Ex-officio A Notary Public.    (SEAL)

FILED        JAN. 12th, A. D. 1935.    AT: 10:30 A. M.

RECORDED    JAN. 12th, A. D. 1935.    Film No. 85342.    CLERK & EX OFFICIO RECORDER.

STATE OF MISSOURI

COUNTY OF JACKSON.

On this 17th day of June, 1936, before me appeared M. B. Nelson, to me personally known, who being by me duly sworn did say that he is the President of The Long-Bell Lumber Company and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its Board of Directors, and said M. B. Nelson acknowledged said instrument to be the free act and deed of said corporation.   (SIGNED) CHAS. N. BUCKNER, Notary Public in and for Jackson County, Missouri. (SEAL).  My commission expires January 27, 1939.

FILED    JUNE 22nd, A. D. 1936.   AT: 8:00 A. M.

RECORDED JUNE 22nd, A. D. 1936.   FILE NO.96833.          CLERK & EX OFFICIO RECORDER.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

| | |
|---|---|
| NELSON    THOMAS | EASEMENT  TELEPHONE LINE |
| | STATE OF LOUISIANA, |
| T O | PARISH OF JEFFERSON DAVIS. |
| | KNOW ALL MEN BY THESE PRESENTS: |
| SHELL PIPE LINE CORP. | That the undersigned Nelson Thomas of the Parish of Jefferson |
| RIGHT OF WAY | Davis, State of Louisiana (hereinafter styled "Grantor"), for and |

&&&&&&&&&&&&&&&&&&&&&&  in consideration of the sum of Five and no/100 Dollars, in hand paid, the receipt whereof is hereby acknowledged, hereby grant and convey to SHELL PIPE LINE CORPORATION (hereinafter styled "Grantee"), its successors and assigns, for use as an appurtenance to its pipe line or lines, the right to construct, operate and maintain telephone and telegraph lines, consisting of poles, wires, cables, conduits, anchors, stub poles, guy wires and appurtenances, and to alter, add to, change and remove the same from time to time, along, over, across, under and upon the following described land situated in the Parish of Jefferson Davis, State of Louisiana, to-wit:

NW¼ and the W½ W½ NE¼ Section 11, Township 9 South, Range 4 West

1.  Together with the rights of ingress and egress to and from said above described land for the purposes aforesaid, and the right to permit the attachment, maintenance and use of the wires and cables of any other company, and the right to trim now and hereafter any trees or other obstructions along said lines so as to keep the wires and cables cleared at least eighteen inches.

2.  In the event said lines are located in or adjacent to a public highway, and said highway is widened or changed, Grantee shall have the right to relocate said lines a corresponding distance from its former location.

3.  Should said lines be located in the public highway, the cross arms, wires, cables, anchors, guy wires, and stub poles thereof may extend over and into Grantor's land adjacent to said highway.

4.  The easement here granted shall endure so long as grantee is operating pipe line or lines from well or wells on grantor's land, and no longer.

As to the rights hereby granted, all rights of homestead are hereby released and waived.

This agreement shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

This instrument embodies the entire agreement between the parties hereto, including the consideration paid or to be paid therefor.

IN WITNESS WHEREOF, the Grantor has hereunto set his hand and seal on this, the 9th day of April, 1936.   (SIGNED) NELSON THOMAS.

In presence of (SIGNED) KATHARINE OSTRAND; FRIEDA ZOBEL.

STATE OF LOUISIANA
PARISH OF JEFFERSON DAVIS.

BEFORE ME, the undersigned Notary Public, on this day personally appeared Frieda Zobel who being by me duly sworn stated under oath that she was one of the subscribing witnesses to the foregoing instrument and that the same was signed by Nelson Thomas (Grantor, as above mentioned) in her presence and in the presence of Katharine Ostrand the other subscribing witness. (SIGNED) FRIEDA ZOBEL.

Sworn to and subscribed before me on this 23rd day of April, 1936.

(SIGNED) W. H. ADAMS, NOTARY PUBLIC, Jefferson Davis Parish, La. (SEAL).

FILED    JUNE 22nd, A. D. 1936.    AT: 10:00 A. M.

RECORDED JUNE 22nd, A. D. 1936.    FILE NO. 96838.    CLERK & EX OFFICIO RECORDER.

\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#\#

| | |
|---|---|
| T.   A.   ANDING | STATE OF LOUISIANA |
| T O | PARISH OF JEFF. DAVIS. |
| SHELL PIPE LINE CORP. | |
| RIGHT OF WAY | |

That the undersigned T. A. ANDING (hereinafter styled "Grantor"), for and in consideration of the sum of Ten & no/100 Dollars ($10.00), in hand paid by the SHELL PIPE LINE CORPORATION, the receipt whereof is hereby acknowledged, do hereby grant and convey unto the Shell Pipe Line Corporation, a corporation organized under the laws of the State of Maryland (hereinafter called "Grantee"), its successors and assigns, the right of way from time to time to lay, construct, reconstruct, replace, renew, operate, maintain, repair, change the size of, and remove pipes and pipe lines for the transportation of oil, petroleum or any of its products, gas, water and other substances, or any thereof, and the right to construct, operate and maintain telephone and telegraph lines consisting of poles, wires, cables, conduits, anchors, stub poles, guy wires and appurtenances together with the right to permit the attachment, maintenance and use of the wires and cables of any other company, and the right to trim, now and hereafter any trees or other obstructions along said lines so as to keep the wires and cables cleared at least eighteen inches, and to alter, add to, change and remove the same from time to time, along, over, through, upon, under and across land situated in the Parish of Jeff. Davis, State of Louisiana, said tract of land being described as follows:

Southeast Quarter (SE¼) of Section Two (2) Twp. Nine (9) South, Range Four (4) West, La. Mer.

Together with rights of ingress and egress to and from said line or lines, or any of them, for the purpose aforesaid. The Grantor reserve the right to use and fully enjoy the above described premises, except as to the rights hereinbefore granted and the Grantee hereby agrees to pay any damages which may arise to crops, fences, buildings or timber (except timber trimmed along the telephone and telegraph line) of said Grantor from the exercise of the rights herein granted, said damages, if not mutually agreed upon, to be ascertained and determined by three disinterested persons, one to be appointed by the Grantor, one by the Grantee, and the third by the two so appointed, and the award of such three persons or any two of them shall be final and conclusive.

Should more than one pipe line be laid under this grant, at any time, an additional consideration equal to the consideration hereinabove recited, shall be paid for each line so laid after the first line.

All pipe laid under this grant shall be laid upon a route selected by the Grantee, its successors or assigns, and shall be buried to such depth as not to interfere with the ordinary cultivation of said land.

| N.    H.    THOMAS | &<br>&<br>&<br>&<br>&<br>& | THE STATE OF LOUISIANA<br>PARISH OF JEFFERSON DAVIS    KNOW ALL MEN BY THESE PRESENTS: |
|---|---|---|
| T    O | &<br>& | That for and in consideration of Five & No/100 ($5.00) |
| UNITED GAS PIPE LINE CO., | &<br>& | Dollars to the undersigned (herein styled Grantor, whether<br>one or more), paid, the receipt of which is hereby acknowl- |
| RIGHT-OF-WAY | & | edged, the said Grantor does hereby Grant and convey unto |

UNITED GAS PIPE LINE COMPANY (herein styled (Grantee), its

successors and assigns, the right of way and easement to construct, and to construct, maintain

and operate telegraph and telephone lines in connection therewith, together with the necessary

poles, guy wires and anchors, over and through the following described lands situated in Jefferson

Davis Parish, State of Louisiana, to-wit:

    A certain tract of land being the West 1/2 of the Southwest 1/4 of of the Northwest 1/4
of Section 11 Twp. 9 South Range 4 West,

more fully described in deed--from--to--recorded in Volume--;Page--, Deed Records of said County,

to which reference is here made for further description.

    TO HAVE AND TO HOLD unto said Grantee, its successors and assigns, so long as such lines and

appurtenances thereto shall be maintained, with ingress to and egress from the premises, for

the purpose of constructing, inspecting, repairing, maintaining, and replacing the property of

Grantee above described, and the removal of such at will, in whole or in part.

    The said Grantor is to fully use and enjoy the said premises, except for the purposes here-

inbefore granted to the said Grantee, and to pay any damages which may arise to growing crops

or fences from the construction, maintenance, and operation of said telegraph and telephone

lines; said damages, if not mutually agreed upon, to be ascertained and determined by three dis-

interested persons, one thereof to be appointed by the said Grantor, one by the said Grantee,

and the third by the two so appointed as aforesaid, and the written award of such three persons

shall be final and conclusive.

    It is understood that there shall be only two Guy Wires and Anchors on the above described

property and they are to be located 176 feet more or less North and 176 feet more or less South

of a point 923 feet North of the Southeast corner of Grantors property.

    It is hereby understood that party securing this grant in behalf of Grantee is without

authority to make any covenant or agreement not herein expressed.

    WITNESS the execution hereof on this the 9th day of July, 1938, A. D. 1938.

(SIGNED) N. H. THOMAS.  Signed and delivered in the presence of the undersigned witnesses:

(SIGNED) L. C. ESTILL; H. L. RIDDICK. Right of Way Agent.

THE STATE OF LOUISIANA

PARISH OF CALCASIEU

    Before me, the undersigned authority, on this day appeared H. L. Riddick, who being duly

sworn, deposed and said:

    That he was one of the subscribing witnesses to the above and foregoing instrument; that

said instrument was executed by the grantor therein, N. H. Thomas, in his presence and in the

presence of the other subscribing witness on the date thereof.

(SIGNED) H. L. RIDDICK.

    Sworn to and subscribed before me this 9th day of July, 1938.

(SIGNED) MARGARET HARROP, NOTARY PUBLIC. (SEAL).

FILED     JULY 13th, A. D., 1938. AT: 3:00 P. M.

RECORDED    JULY 13th, A. D., 1938. FILE NO. 112064.  CLERK & EX OFFICIO RECORDER,

B 95
P 180

| N. H. THOMAS | & | STATE OF LOUISIANA |
|---|---|---|

PARISH OF JEFFERSON DAVIS

T    O

KNOW ALL MEN BY THESE PRESENTS:

That the following contract and agreement is this

STANDARD OIL CO. OF LA.

day entered into by and  between N. H. THOMAS, whose wife

RIGHT OF WAY.

is Helen Thomas, born    Hunter, a resident of Jefferson Davis

Parish, State of Louisiana, and  the  Standard Oil Company

of Louisiana, a corporation duly organized under the laws of the State  of Louisiana,  represented

herein by its Vice President  , duly  authorized:

For and in consideration of the  sum of Forty One and No/100 ($41.00) Dollars,

cash in hand paid, the receipt of which is hereby acknowledged and due acquittance and discharge

given  for the same, the said Grantor does hereby grant, bargain, sell  and convey to the

Standard Oil Company of Louisiana a right of way  for the purpose of maintaining and operating

that certain  pipe line which has already been laid and constructed on, under  and through

the following described property situated in the  Parish of Jefferson Davis, State of Louisiana,

to-wit:

Southeast quarter of Northwest Quarter (SE¼ of NW¼)  of Section Eleven (11)

Township Nine (9) South, Range Four (4) West;

together with the necessary right of ingress and egress to and from said right of way through

an under said property.

The Standard Oil Company of Louisiana agrees especially to maintain the pipe line

covered by this grant at a sufficient  depth so as not to interfere with the cultivation of

the land;  also agrees  to raise or lower the said pipe line on demand of the grantor in order

not to interfere with drainage, irrigation or dredging.

The  said grantors have the right to fully   use and  enjoy the surface of the said

premises, except for the purposes hereinabove  granted, and except for the purpose of erecting

buildings or  permanent structures over  the  said right of way. The Standard Oil Company

of Louisiana hereby agrees to pay for any damage that may be caused directly or indirectly

by the laying, erecting, maintaining or operating  of said pipe line.

THUS DONE, AND SIGNED  by the grantor at Jennings, in the Parish of Jefferson

Davis, Louisiana, on this the 21st day of February, A. D., 1942, in the presence of the

undersigned competent witnesses, and by the grantee at Shreveport in the Parish of Caddo,

Louisiana, on this 24th day of February,  A. D., 1942, in the presence of the undersigned

competent witnesses.

(SIGNED) N. H. THOMAS.         WITNESSES: (SIGNED) JEANETTE FREMAUX, L. E. TOUPS.

STANDARD OIL  COMPANY OF LOUISIANA BY  (SIGNED) S.  W. DAY.  WITNESSES: (SIGNED) H. P. KERRY,

JOHN L. CREED.

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

BEFORE ME, the undersigned authority, this day personally appeared JEANETTE

FREMAUX, to me personally known to be   the identical  person whose name   is subscribed to

the foregoing instrument as an  attesting witness, who being first duly sworn, on her oath,

says: That she subscribed her name to the foregoing instrument as a witness, and that she knows
Nelson Thomas, the Grantor named in said  instrument, to be the identical person  described therein,
and who executed the same, and  see him sign the same as his a voluntary act and deed, and that she
the  said Jeanette Fremaux subscribed her name to the same at the same  time as  an attesting
witness.  (SIGNED) JEANETTE FREMAUX.

SWORN  TO AND SUBSCRIBED before me, this 21st day of February, A. D., 1942 .
(SIGNED) JOHN T. HOOD, JR., Notary Public in and for Jefferson Davis Parish, Louisiana. (SEAL).

FILED    MARCH 11th, A. D., 1942.    AT:  3:00 P. M.

RECORDED    MARCH 11th, A. D., 1942.    FILE NO.  136673.    CLERK & EX OFFICIO RECORDER.

Lots 1 ... ... ... ... ... Site of McCary, La., in Sec. 6 ... ... ... aforesaid, ... less Parish.

... ... ... reversion to Bay Avenue, ... Street, ... Street, ... Street and other streets ... ... on the ... ... ... ... ... ... Parish, La.

E/2tus of N7/4 of N7/4 of Section 36, ... ... .

S/4ths of ... 19 acres in S/2 of NE/4 of E/2 of N/E/4 of Sec. , ... ... 1/4 of that part of N1/4 of N1/4 of Sec. 5, ... ... ... ... ... Sec. 5, south by land of ... Aubrin, west by Main Street, and ... north by Chas. S... and ... R. Woods, 70... acres.

Undivided 1/2th interest in ... ... of land in St. Martin Parish, Louisiana, bounded north, south and east by land ... Gideon Breaux and west by Bayou Vermilion.

... ... ... ... ... ... of LAND AND DECREE ... that the interlineation ... of said property is hereby fixed ... at the sum of $2,5.67, which amount, as red ... ... ... ... ... been paid.

... ... ... ... ... ... read and signed at Lafayette, Louisiana, in chambers on this ... ... day of October, 1 ... .

(Sgd) is a Vermillion, Judge.

Filed this 15th day of Dec., 1942, and recorded same date in Book ... ... at Page ...

/s/ Thos B. Hopkins, ... ... of Court.

A TRUE COPY ... ..., Lafayette, La. Oct. 15, 1942.

(SIGNED) THOS. B. ... ..., ... Clerk of Court.

FILED    OCTOBER 15th, A. D., 1942.    AT 5:00 A. M.    (SEAL)    /s/...

RECORDED OCTOBER 15th, A. D., 1942.    FILE NO. 156117.    CLERK & EX-OFFICIO RECORDER.

---

| NELSON    H.    THOMAS | OIL, GAS AND MINERAL LEASE. |

NELSON H. THOMAS, husband of Helen Hunter, a resident

T    O    of Jefferson Davis Parish, Louisiana, hereinafter called

"Lessor", grants, leases and lets unto H. B. TIETJE, also a

H.    B.    TIETJE    resident of Jefferson Davis Parish, Louisiana, hereinafter

L E A S E    called "Lessee", the exclusive right to enter upon and use the

land hereinafter described for the exploration for, and pro-

duction of, oil, gas, sulphur and all other minerals, together with the use of the surface of
the land for all purposes incident to the exploration for and production, ownership, possession
and transportation of said minerals, and the right of ingress and egress to and from said lands
at all times for such purposes, including the right to construct, maintain and use roads and/or
canals thereon, and ... ... ... the right to remove from the land ... property placed by Lessee
thereon and to draw and remove casing from wells drilled by the Lessee ... land; the land to
which this lease applies and ... is affected hereby being situated in Jefferson Davis Parish,
Louisiana, and described as follows, to-wit:

Northwest Quarter (NW¼) and the West Half of West Half of Northeast Quarter
(W½ of W½ of NE¼) of Section Eleven (11), Township Nine (9) South, Range Four
(4) West.

For the purpose of calculating the payments hereinafter provided for, the land is esti-
mated to comprise two hundred (200) acres, whether it actually comprises more or less. All
land owned by the Lessor in the above mentioned Section is included herein, whether properly
described or not.

operations are conducted as hereinafter provided for; all subject to the following conditions and agreements:

1. This lease shall terminate on October 5, 1943, unless on or before said date the Lessee either (1) commences operations for the drilling of a well on the land in search of oil gas or other minerals and thereafter continues such operations and drilling to completion or abandonment; or (2) pays to the Lessor a rental of Twenty and No/100 ($20.00) Dollars per acre for all land, which payment shall maintain Lessee's right in effect without drilling operation for one year from the date above mentioned. Payment may be made to the Lessor or may be maile or delivered for deposit to Lessor's credit in the Calcasieu-Marine National Bank of Lake Charles, Jennings Office, which Bank or its successor shall continue to be the Agent for the Lessor and the Lessor's successors and assigns. The mailing of the check or draft of Lessee or Lessee's successors to the said Bank on or before the rental paying date shall be considere as payment of rental and operate to maintain Lessee's right in force and effect. Should said Bank fail or liquidate or if it should for any reason fail or refuse to accept Lessee's check or draft, the attempted payment in the manner above provided shall not be thereby rendered in-effective and Lessee shall not be in default for failure to pay said rental until thirty (30) days after Lessorshall have furnished Lessee with a recordable instrument naming a new deposi tory; and this provision shall apply to all such new and subsequently named depositories.

2. Lessee may, at any time after the discovery and production of minerals on the land, exedute and deliver to Lessor or place of record a release or releases of any portion or porti of the lands and be relieved of all requirements hereof as to the land surrendered. In the event of the forfeiture of this lease for any cause, Lessee shall have the right to retain fiv (5) acres for each well then producing oil, gas or other minerals, or drilling or being worked on, such five (5) acres to be in as near a square form as possible with the well in the center thereof.

3. After beginning operations on the land and prior to the discovery and production o minerals in paying quantities, Lessee may maintain the rights granted during and after the pri mary term by continuing such operations without the lapse of more than ninety (90) days between abandonment of work on one well and beginning operations for drilling another; and during the primary term such operations may be discontinued and the rights granted maintained by resuming rental payments, by paying within ninety (90) days from the discontinuance of operations (re-gardless of the fixed rental paying date) the proportion of the fixed yearly rental that the number of days between the end of said ninety (90) days and the next ensuing rental paying date bears to the twelve months period; but, if said ninety (90) days should expire during any year for which rentals have been paid, the ninety days shall be extended to the next rental paying d

4. If, prior to or after the discovery of oil on the lands held hereunder, a well pro-ducing, as much as two hundred (200) barrels of oil per day for thirty (30) consecutive days is brought in on adjacent lands not owned by the Lessor and within four hundred and forty (440) fe of any line of the land held hereunder, Lessee, in order to maintain the rights granted, shall thereafter begin and prosecute with reasonable diligence the drilling of a well in an effort to discover oil thereby and to protect the land held hereunder from drainage.

5. After the discovery and production of oil, gas or any other mineral in paying quant ties the rights granted may be maintained in effect during and after the primary term and with the payment of the rentals hereinabove provided for so long as the mineral so discovered is bei produced in paying quantities, or Lessee is carrying on operations with reasonable diligence looking to the production of the mineral so discovered. It is provided, however, that if, afte the discovery and production of oil, gas or other minerals in paying quantities, the production

L18

operations with diligence in an effort to restore such production, or (if during the primary term) resumes the payment of rentals in the manner hereinabove provided for in connection with the abandonment of wells drilled. Lessee shall not be required to produce more than one mineral if discovered to exist under the lands, the production of any one mineral in paying quantities and with reasonable diligence being sufficient to maintain all of Lessee's rights.

6. The royalties to be paid by Lessee are: (a) on oil, one-eighth (1/8th) of that produced and saved from the land and not used for fuel in conducting operations on the property or in treating said oil to make it marketable; (b) one-eighth (1/8th) of the market value of the gas sold or used by Lessee in operations not connected with the land leased; (c) one-eighth (1/8th) of the value at the mouth of the well of casinghead gas used in manufacturing casinghead gasoline to be computed by methods recognized in the industry; (d) One Dollar ($1.00) for each ton of 2240 pounds of sulphur, payable when marketed; and (e) one-eighth (1/8th) of the value of all other minerals mined and marketed. Oil royalties shall be delivered to Lessor free of expense at Lessor's option in tanks furnished by Lessor at the well or to Lessor's credit in any pipe line connected therewith. In the event Lessor does not furnish tanks for such royalty oil and no pipe line is connected with the well, Lessee may sell Lessor's royalty oil at the best market price obtainable and pay Lessor the price received f. o. b. the leased property, less any severance or production tax imposed thereon.

7. The Lessee shall be responsible for all damages to timber and growing crops of Lessor caused by Lessee's operations.

8. All provisions hereof shall extend to and bind the successors and assigns (in whole or in part) of the parties hereto; but no change in the ownership of the land or any interest therein shall impose any additional burden on Lessee, nor shall any change in ownership impair the effectiveness of payments made to the Lessor herein unless Lessee shall have been furnished, thirty days before payment is due, with certified copy of recorded instrument evidencing any transfer, inheritance or sale of said rights, and the furnishing of such evidence at any time shall not affect the validity of payments theretofore made in advance.

9. Lessor hereby warrants and agrees to defend the title to said land and agrees that Lessee may, at its option, discharge any tax, mortgage or other lien upon the land and be subrogated thereto and have the right to apply to the repayment of Lessee any rentals and/or royalties accruing hereunder. It is understood, however, that while Lessor hereby leases his entire present and all of his future mineral right interest in said land, his warranty as to his present mineral interest is limited to a seven-eighths (7/8ths) of the whole thereof. If Lessor owns less than the entire undivided interest in all or any portion of the lands or mineral rights relating thereto, rentals and royalties as to the land in which an interest is outstanding in others shall be reduced proportionately to the interest of the Lessor therein, but the failure of Lessee to reduce rentals shall not affect Lessee's rights to reduce royalties; and all outstanding royalty rights shall be deducted from the royalties herein provided for.

10. In the event Lessor's title or an interest therein is claimed by others Lessee shall have the right to withhold payment of royalties or to deposit such royalties in the registry of the Court until final determination of Lessor's rights.

11. The requirements hereof shall be subject to any State and/or Federal law or order regulating operations on the land.

Lessor acknowledges to have received from Lessee the sum of Four Thousand and No/100 ($4,000.00) Dollars as full and adequate consideration for all rights, options and privileges herein granted.

IN WITNESS WHEREOF, this instrument is executed as of October 5, 1942.

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS.

On this 16th day of October, 1942, before me personally appeared NELSON H. THOMAS, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

(SIGNED) W. H. ADAMS, NOTARY PUBLIC.  (SEAL).

$4.40 U. S. DOC. STAMPS ATTACHED TO ORIGINAL AND CANCELLED

FILED      OCTOBER 16th, A. D. 1942.      AT: 10:00 A. M.

RECORDED OCTOBER 16th, A. D. 1942.      FILE NO.139122.      CLERK & EX OFFICIO RECORDER.

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

| CAL.NAT'L.BK.IN L.C.IN LIQ. ET AL | STATE OF LOUISIANA  :   WARRANTY DEED. |
| | PARISH OF CALCASIEU  : |

        T      O

BE IT KNOWN, that on this 15 day of October, A. D.,1942, before me, Frank Field, a Notary Public in and for the Parish of Calcasieu, State of Louisiana, duly commissioned and quali-

O L I V E R      N E L S O N

fied, and acting as such in accordance with law, and in the

SALE OF LAND

presence of the two competent witnesses hereinafter named and

&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&&

undersigned, personally came and appeared:

WM. T. BURTON and CHAS. R. HOUSSIERE acting in their capacity as Trustees for the Stock holders and Unsecured Creditors of the Calcasieu National Bank in Lake Charles, in Liquidation, said banking corporation having been chartered under the National Bank Act, and acts amendatory thereto, and having its domicile in the City of Lake Charles, Parish of Calcasieu, State of Louisiana, and said named Trustees acting herein by virtue of the authority conferred upon them by a resolution of the Board of Directors of said bank dated July 19, 1934, filed and recorded September 20, 1934, in Book 54 of Conveyances, at Page 286, and acting by virtue of a resolution of the Stockholders of said Calcasieu National Bank in Lake Charles, dated September 17, 1934, filed and recorded December 7, 1934, in Book 55 of Conveyances, at Page 306, and by virtue of authority dated March 7, 1935, filed and recorded June 11, 1935, in Book 60 of Conveyances at Page 433, and further by a resolution of the Stockholders of said Bank dated March 7, 1935, filed and recorded June 11, 1935, in Book 60 of Conveyances, at Page 435 et seq., and

TERRELL WOOSLEY acting in his capacity as Trustee for the Stockholders and Unsecured Creditors of the Calcasieu National Bank in Lake Charles, in Liquidation, replacing H. G. Chalkley, deceased, having been elected by the remaining Trustees in accordance with the pro-visions of the Trust Agreement dated July 19, 1934, filed and recorded September 20, 1934, in Book 54 of Conveyances, at Page 286 et seq., said election being evidenced by act dated June 3, 1939, recorded June 10, 1939, Book 83, Page 342, each and all of the above mentioned and refer-red to authorizations and resolutions having been recorded in the office of the Clerk and Ex-Officio Recorder in and for the Parish of Jefferson Davis, State of Louisiana, and to which, and all of which, reference is here made for all purposes; and each and all of said Trustees declared unto me, Notary, and in the presence of the undersigned competent witnesses, that, acting in their capacity as Trustees for the Stockholders and Unsecured Creditors of the Calcasieu National Bank in Lake Charles, in Liquidation, and by virtue of the authorities here-inabove mentioned and referred to, and

CALCASIEU REAL ESTATE & OIL CO., INC. a corporation organized under the laws of the State of Louisiana, domiciled at Lake Charles, said Parish and State, herein represented by S. Arthur Knapp, its President, duly authorized by resolution of its Board of Directors, who de-clared unto me, Notary, and in the presence of the undersigned competent witnesses, that for

NELSON  H.   THOMAS   &amp;          PIPE LINE RIGHT-OF-WAY  DEED

T    O                KNOW ALL MEN BY THESE PRESENTS, that NELSON H. THOMAS

herein referred to as "Grantor," for and in consideration

THE UNION SULPHUR COMPANY, INC. of t   he sum of One Hundred Sixty Six &amp; 82/100 ($166.82)

RIGHT    OF    WAY   Dollars, has granted and conveyed and by this instrument

grants and conveys unto The Union Sulphur Company, Inc.

referred to as "Grantee," its successors and assigns, a servitude of right-of-way forthe

construction and maintenance of a pipe line for the transportation of oil, gas and other

products over and across the following described lands in Jefferson Davis Parish, Louisiana,

to-wit:

North East Quarter Section Fifteen (NE¼ 15) and the Northwest Quarter Section Eleven

(NW ¼ 11) all in Township Nine South Range Four West

The pipe line constructed under this easement shall parallel the east line of

Section Fifteen.

For the purpose of payment the length of the right of way across said tract is

estimated as 333.64 Rods whether more or less.

Grantee, its successors or assigns, by reason of this grant, shall have the right

to enter upon said property at any and all times for the construction, maintenance or

repair of said pipe line but Grantee, its successors or assigns, shall be liable to

the Grantor herein, successors and assigns, for any and all damages caused by the construc-

tion, operation or maintenance of such line.

The pipe line or lines constructed under this grant shall be built around any buildings

or other improvements on the land and shall be buried Twenty four (24) inches under the ground.

In the event of the final abandonment by Grantee, its successors or assigns, of the use

of said right-of-way herein granted, it shall have a reasonable time not to exceed 90 days

from the date of such abandonment within which to remove from the land all pipe, and other

equipment placed thereon and upon such removal the rights granted by this contract shall

cease and terminate.

WITNESS the signatures of Grantor and Grantee this 29th day of April, 1946.

(SIGNED) NELSON H. THOMAS,THE UNION SULPHUR COMPANY,INC.By:(S)FRANK B. MARKLE, Vice-President.

WITNESSES: (SIGNED) ELIZABETH R. BAKER, KATHARINE OSTRAND, R. S. RANDOLPH, ANNA BERTRAND

STATE OF LOUISIANA,

PARISH OF JEFFERSON DAVIS

BEFORE ME, the undersigned authority, on this day personally came and appeared

KATHARINE OSTRAND, who, being sworn, acknowledged that she executed the above and foregoing

instrument as a subscribing witness, and that it was executed by NELSON H. THOMAS in her

presence and in the presence of the other subscribing witness.

(SIGNED) KATHARINE OSTRAND

SWORN TO AND SUBSCRIBED before me, Notary, this 29th day of April, 1946.

(SIGNED) W. E. ADAMS, Notary Public

STATE OF LOUISIANA: PARISH OF CALCASIEU:

On this 14 day of May, 1946, before me appeared FRANK B. MARKLE, et me personally known,

who, being by me duly sworn, did say that he is the  Vice-President of THE UNION SULPHUR

COMPANY, INC., and that said instrument was signed in behalf of said corporation and said

FRANK B. MARKLE acknowledged said instrument to be the free act and deed of said corporation.

(SIGNED)  ALICE GAUNT, Notary Public.

$0.55:U. S. Documentary Stamps Affixed to Original and Cancelled.

FILED:   JUNE 11, A.D., 1946      AT: 11:15 A.M.

RECORDED: JUNE 11, A.D., 1946     FILE NO. 155410    CLERK &amp; EX OFFICIO RECORDER

```
NELSON   THOMAS  X   STATE OF LOUISIANA
                 X
                 X
           //    X   PARISH OF JEFFERSON DAVIS
     TO    //    X
                 X   SERVITUDE
                 X
F.  E.  COMPTON  X       KNOW ALL MEN BY THESE PRESENTS:
                 X
   RIGHT-of-WAY  X           That for Ten Dollars and other valuable Cash Considerations
                 X
XXXXXXXXXXXXXXXXXXXXXJ   ($10.00) & ovc) in hand paid to NELSON THOMAS does by these presents
```

convey unto F. E. COMPTON, both residents of the Parish of Jefferson

Davis, State of LOuisiana, the right to lay, maintain and operate one gas pipeline in, on and

under the following described property, located in the Parish of Jefferson Davis, State of

Louisiana, to-wit:

      The Northwest Quarter (NW/4) of Section Eleven (11), Township Nine (9)

South, Range Four (4) West, La. Mer., Jefferson Davis Parish, Louisiana.

      That the said servitude shall be confined to the West side of the hereinabove describe

property, and said servitude and line shall not be laid in excess of 4 feet from the present

existing fence line, and in addition thereto said line shall not be laid so close to said

fence line that it would interfere with the maintenance, repair, removal and replacement of

said fence.

      Said pipeline shall be laid to a sufficient depth not to interfere with cultivation,

and moreover, not to interfere with the re-location of said fence line.  In short, it shall

be buried at such a depth as not to interfere with the installation of a fence post over said

line, nor the use of the surface of the said land for reasonable cultivation purposes.

      Said line shall be laid at the sole cost and expense of the said F. E. COMPTON, who

agrees to maintain said line in a good state of repair, and moreover, the said F. E. COMPTON

agrees to remain liable for any damages to person or property which might result in the laying

operation, maintenance, repair,and use of said line.

      That should said F. E. COMPTON desire to cease the operation of said line, the samd

shall not be removed except with the distinct permission of NELSON THOMAS, his heirs and

assigns, and should the said F. E. COMPTON elect to abandon said line, and should NELSON

THOMAS elect to take title to said line, then the said F. E. COMPTON is free of any further

obligation contracted hereunder.

      At all times during the existence of said line, the said NELSON THOMAS reserves the

right to tap on said line, provided that the tap and gas used shall be paid for by the said

NELSON THOMAS through proper meter arrangements, etc., by and between the said F. E. COMPTON

and NELSON THOMAS, and should the said NELSON THOMAS tap said line for any purpose, then he sa

F. E. COMPTON shall not be liable to NELSON THOMAS for the failure of gas service to the said

NELSON THOMAS or his heirs or assigns, nor any liability to persons or property resulting from

the use by NELSON THOMAS of said gas or his installations.

      WITNESS THE HANDS of all parties hereto at Jennings, LOuisiana, in the presence of

the undersigned competent witnesses, on the 9 day of April, 1962.

      WITNESSES:

s/ ANNETTE L. PITRE                     s/ NELSON THOMAS

s/ WILLIAM N. KNIGHT                    s/ F. E. COMPTON

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

      ON this 9 day of April, 1962, before me, the undersigned authority, personally came

and appeared: NELSON THOMAS and F. E. COMPTON, to me known to be the persons described in and

who executed the said foregoing instrument and acknowledged to me that they executed the same

88

IN TESTIMONY WHEREOF, I have hereunto affixed my official signature at Jennings, Louisiana, on the day and date above written.

s/ HERSCHEL N. KNIGHT - Notary Public - ((SEAL))

FILED:        APRIL 13, 1962. A. D. AT: 1:30 P. M.

RECORDED:     APRIL 13, 1962. A. D. FILE # 275509.     CLERK & EX OFFICIO RECORDER.

XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

AMY    C.    DOAN    X    LEASE

                      X    KNOW ALL MEN BY THESE PRESENTS:

       TO             X        THAT I, AMY C. DOAN, a resident of Marion, Iowa;

                      X        For and in the consideration and upon the terms and conditions

                      X    hereinafter stated, I have leased, let and hired, and by these

DOMINIQUE    KLUMPP   X    presents I do lease, let and hire unto DOMINIQUE KLUMPP, a resident

       LEASE          X    of Jefferson Davis Parish, Louisiana, the following described

XXXXXXXXXXXXXXXXXXXXXXXXX    property, situated in Jefferson Davis Parish, Louisiana, to-wit:

       The Southwest Quarter (SW 1/4) of Section Ten (10) and the West Half of the

       Southeast Quarter (W 1/2 of SE 1/4) of Section Ten (10), in Township Nine (9)

       South, Range Three (3) West, Louisiana Meridian.

       It is understood that said property is leased to Dominique Klumpp for agricultural purposes, and this lease is granted for a period of five years beginning as of January, 1, 1962, and terminating on December 31, 1966, with the right reserved to the landlord to sell all or any part of said real estate at any time during the lease period with the further provision that if any such sale is made, this lease will automatically terminate as to the part of said real estate on the following December 31, in the year of sale, subject however, to any provisions of Louisiana law concerning notice of termination of tenancy or any other applicable laws of said State if such laws conflict with the terms of this lease.

       As rental for said property, Dominique Klumpp shall pay to the lessor one-fifth (1/5) of the crops harvested, delivered to the drier, free of expenses to the Lessor.

       In the event the rice is sold green, the one-fifth payable to the Lessor shall be net.

       However, if the rice is sold after being dried, Lessor will bear his portion, or one-fifth, of the expenses of drying the rice and/or such other charges as may accrue against the rice after being delivered to the drier and before being sold.

       The Lessee shall maintain and keep the fence in good repair, and at his expense during the term of this contract.

       The Lessee binds himself to cultivate, plant, irrigate, and harvest the crops to be grown on the said land hereunder, as a careful and prudent farmer with the view of producing a maximum yield and good grades of rice.

       The Lessee moreover binds himself to pull or destroy all weeds as far as possible, which may be found in the growing rice crops and, otherwise, care for said growing crops as a prudent farmer. He also binds himself to pull or destroy all weeds along fence lines.

       It is agreed that during those years of this contract when the property is not being planted to rice, that Dominique Klumpp shall have the right to use said property for pasturage for live stock, without charge.

       This contract shall be binding on the Lessor, her heirs or assigns, and on the lessee, his heirs or assigns, during the entire period of five years, subject to the right of sale as aforementioned.

       WITNESS the signature of AMY C. DOAN, in the presence of JOHN C. VERNON and FRED W. WADE, two competent said witnesses, who hereunto sign as such at Marion, Iowa, on this 19th day of MARCH, 1962.

NELSON H. THOMAS    TO    OFFSHORE EXPLORATION CORP.    LEASE    _ 324/

325284    337

FORM 42 CPM—NEW SOUTH
LOUISIANA REVISED FOUR (4)—POOLING
REVISED "B"

## OIL, GAS AND MINERAL LEASE

THIS AGREEMENT, entered into effective as of _____ April 17 _____ 19 68

by and between _____ NELSON H. THOMAS, husband of Helen Hunter, whose address is

_____ 1325-1/2 North Cutting Avenue, Jennings, Louisiana 70546,

herein called "Lessor" (whether one or more) and OFFSHORE EXPLORATION CORPORATION, whose address is

_____ 225 Baronne Street, New Orleans, Louisiana 70112,

hereinafter called "Lessee", witnesseth, that:

Lessor, in consideration of the sum of Five Hundred & No/100 & other valuable consideration ($ 500.00 ovc ), hereby leases and lets unto Lessee, the exclusive right to enter upon and use the land hereinafter described for the exploration for, and production of oil, gas, sulphur and all other minerals, together with the use of the surface of the land for all purposes incident to the exploration for and production, ownership, possession and transportation of said minerals (either from said land or acreage pooled therewith), and the right of ingress and egress to and from said lands at all times for such purposes, including the right to construct, maintain and use roads and/or canals thereon for operations hereunder or in connection with similar operations on adjoining land, and including the right to remove from the land any property placed by Lessee thereon and to draw and remove casing from wells drilled by Lessee on said land; the land to which this lease applies and which is affected hereby being situated in Jefferson Davis Parish, Louisiana, and described as follows, to-wit:

The Northwest Quarter (NW/4) and the West Half (W/2) of the West Half (W/2) of the Northeast Quarter (NE/4) of Section Eleven (11), Township Nine (9) South, Range Four (4) West.

325284

RECEIVED AND FILED
1968 APR 23  PH 1: 02
CLERK OF COURT
JEFFERSON DAVIS PARISH

All land owned by the Lessor in the above mentioned Section or Sections or Surveys, all property acquired by prescription and all accretion or alluvion attaching to and forming a part of said land are included herein, whether properly or specifically described or not. Whether or not any reduction in rentals shall have previously been made, this lease, without further evidence thereof, shall immediately attach to and affect any and all rights, titles, and interests in the above described land, including reversionary mineral rights, hereafter acquired by or inuring to Lessor and Lessor's successors and assigns.

For the purpose of calculating the payments hereinafter provided for, the above described land is estimated to comprise 200 acres, whether it actually comprises more or less.

This lease shall be for a term of Three (3) years and No (0) months from the date hereof (called "primary term") and so long thereafter as oil, gas or some other mineral is being produced or drilling operations are conducted either on this land or on acreage pooled therewith, all as hereinafter provided for; all subject to the following conditions and agreements:

1. This lease shall terminate on April 17 1969 unless on or before said date the Lessee either (1) commences operations for the drilling of a well on the land, or on acreage pooled therewith, in search of oil, gas or other minerals and thereafter continues such operations and drilling to completion or abandonment; or (2) pays to the Lessor a rental of Ten & No/100

Dollars ($ 10.00 ) per acre for all or that part of the land which Lessee elects to continue to hold hereunder, which payment shall maintain Lessee's right in effect as to such land without drilling operations for one year from the date last above mentioned; and Lessee may continue to maintain the rights granted without drilling operations for successive twelve months' periods (during the primary term) by paying

Lessor, on or before the beginning of such respective periods, Ten and No/100 Dollars ($ 10.00 ) per acre for all or that part of the land held hereunder. Payments may be made to Lessor or may be mailed or delivered for deposit to Lessor's credit in the Calcasieu-Marine Nat'l Bank of Lake Charles, Jennings Branch, Jennings, La. Bank of which Bank or its successors shall continue to be the depository for such rentals as the representative of Lessor and Lessor's successors and

338

assigns; and the death or incapacity of Lessor shall not terminate or affect Lessee's right to continue to deposit all payments in said depository bank or its successor. The mailing of the check or draft of Lessee or Lessee's successors to Lessor at the address set forth above or to the said Bank on or before the rental paying date shall be considered as payment of rental and operate to maintain Lessee's right in force and effect. Should said Bank fail or liquidate, or if it should for any reason fail or refuse to accept Lessee's check or draft, the attempted payment in the manner above provided shall not be thereby rendered ineffective and Lessee shall not be in default for failure to pay said rental until thirty (30) days after Lessor shall have furnished Lessee with a recordable instrument naming a new depository; and this provision shall apply to all such new and subsequently named depositories.

2.  Lessee at its option, is hereby given the right and power without any further approval from Lessor to pool or combine the acreage, royalty, or mineral interest covered by this lease, or any portion thereof, with other land, lease or leases, royalty and mineral interests in the immediate vicinity thereof, when, in Lessee's judgment, it is necessary or advisable to do so in order to properly develop and operate said premises so as to promote the conservation of oil, gas or other minerals in and under and that may be produced from said premises or to comply with the spacing or unitization order of any Regulatory Body of the State of Louisiana or the United States having jurisdiction. The term "Regulatory Body" shall include any governmental tribunal or group (civil or military) issuing orders governing the drilling of wells or the production of minerals, irrespective of whether said orders are designed to promote conservation or to conserve materials or equipment for National Defense or similar purposes. Such pooling shall be of tracts which will form one contiguous body of land for each unit and the unit or units so created shall not exceed substantially forty (40) acres each, surrounding each oil well and substantially 160 acres each for each gas or gas-distillate well, unless a larger spacing pattern or larger drilling or producing units (including a field or pool unit) have been fixed and established by an order of a Regulatory Body of the State of Louisiana or of the United States, in which event the unit or units may be of the size fixed by said order. Lessee shall execute and record in the Conveyance Records of the Parish in which the land herein leased is situated an instrument identifying and describing the pooled acreage; and upon such recordation, the unit or units shall thereby become effective. In lieu of the royalties elsewhere herein specified and subject to the provisions of Paragraph 10 hereof, Lessor shall receive from production from the unit so pooled only such portion of the royalties stipulated herein as the amount of his acreage placed in the unit, or his royalty interest therein, bears to the total acreage so pooled in the particular unit involved. Drilling or reworking operations on or production of oil, gas, sulphur or other minerals from land included in such pooled unit shall have the effect of continuing this lease in force and effect during or after the primary term as to all of the land covered hereby (including any portion of said land not included in said unit) whether or not such operations be on or such production be from land covered hereby. Any unit formed by Lessee hereunder may be created either prior to or during the drilling or after the completion of the unit well; and separate units may be created for oil and for gas even though the area thereof overlap. Lessee shall have the right and power to reduce and diminish the extent of any unit created under the terms of this paragraph so as to eliminate from said unit any acreage or lease upon which there is or may be an adverse claim; and Lessee may also re-form any unit to conform with an order of a Regulatory Body issued after said unit was originally established. Such revision of the unit shall be evidenced by an instrument in writing executed by Lessee, which shall identify and describe the lands included in the unit as revised and shall be recorded in conveyance records of the Parish where the lands herein leased are situated.

3.  Lessee may, at any time prior to or after the discovery and production of minerals on the land, execute and deliver to Lessor or place ~not~ of record a release or releases of any portion or portions of the lands and be relieved of all requirements hereof as to the land surrendered, and, if during the primary term, the rental shall be reduced proportionately, according to acreage. In the event of the forfeiture of this lease for any cause, Lessee shall have the right to retain around each well then producing oil, gas or other minerals or being drilled or worked on the number of acres fixed and located by the spacing or unit order of any Regulatory Body of the State of Louisiana or of the United States under which said well is being drilled or produced, or if said well has been or is being drilled on a unit pooled by Lessee as provided herein, then Lessee may retain all of the acreage comprising said pooled unit; and if no spacing order has been issued nor any pooled unit established, then Lessee shall have the right to retain forty (40) acres surrounding each oil well and 160 acres surrounding each gas well then producing or being drilled or worked on, such forty acres or 160 acres to be in as near a square form as is practicable.

4.  After beginning operations on the lands or on acreage pooled therewith (or with any part thereof) and prior to the discovery and production of minerals in paying quantities, Lessee may maintain the rights granted during and after the primary term by continuing such operations without the lapse of more than ninety (90) days between abandonment of work on one well and beginning operations for drilling another; and during the primary terms such operations may be discontinued and the rights granted maintained by resuming rental payments, by paying within ninety (90) days from the discontinuance of operations (regardless of the fixed rental paying date) the proportion of the fixed yearly rental that the number of days between the end of said ninety (90) days and the next ensuing rental paying date bears to the twelve months' period; but, if said ninety (90) days should expire during any year for which rentals have been paid, no further rental shall be due until the next fixed rental paying date.

5.  If, prior to or after the discovery of oil on the lands held hereunder, a well producing oil in paying quantities for thirty (30) consecutive days is brought in on adjacent lands not owned by the Lessor and not forming a pooled unit containing a portion of the lands described herein, and within 660 feet of any line of the land held hereunder, Lessee, in order to maintain the rights granted, shall thereafter begin and prosecute with reasonable diligence the drilling of a well in an effort to discover oil thereby and to protect the land held hereunder from drainage.

6.  After the discovery and production of oil, gas or any other mineral in paying quantities, either on the leased premises or on lands pooled therewith, the rights granted shall be maintained in effect during and after the primary term and without the payment of the rentals hereinabove provided for so long as oil, gas or some other mineral is being produced in paying quantities, or Lessee is carrying on operations with reasonable diligence looking to the production thereof. It is provided, however, that if, after the discovery and production of oil, gas or other minerals in paying quantities, the production thereof should cease from any cause this lease shall terminate unless Lessee resumes or restores such production, or commences additional drilling, reworking or mining operations within ninety (90) days thereafter and continues such operations without the lapse of more than ninety (90) days between abandonment of work on one well and commencement of reworking operations or operations for the drilling of another, in an effort to restore production of oil, gas or other minerals, or (if during the primary term) resumes the payment of rentals in the manner hereinabove provided for in connection with the abandonment of wells drilled. Lessee shall not be required to produce more than one mineral, the production of any one mineral in paying quantities and with reasonable diligence being sufficient to maintain all of Lessee's rights. Should Lessee by the drilling of any well located on the land or on property pooled therewith, discover any gas or gaseous substance capable of production in paying quantities but which Lessee is unable to produce (or which although previously produced, Lessee is unable to continue to produce) because of lack of market or marketing facilities or Governmental restrictions, then Lessee's rights may be maintained, in the absence of production in paying quantities or drilling operations, by commencing or resuming rental payments as hereinabove provided for in connection with the drilling of a non-producing well; and should such conditions occur or exist after the primary term Lessee's rights may be further extended by the commencement, resumption or continuance of such payments at the rate and in the manner herein fixed for rental payments during the primary term; provided, however, that in no event shall Lessee's rights be so extended by rental payments and without drilling operations or production of oil, gas or some other mineral for more than five consecutive years.

7.  Subject to the provisions of Paragraphs 2 and 10 hereof the royalties to be paid by Lessee are: (a) On oil and other liquid hydrocarbons one-eighth (1/8) of that produced and saved from the land and not used for fuel in conducting operations on the property (or on acreage pooled therewith) or in treating said oil to make it marketable; (b) one-eighth (1/8) of the market value of the gas sold or used by Lessee in operations not connected with the land leased or any pooled unit containing a portion of said land; (c) one-eighth (1/8) of the value at the mouth of the well of casinghead gas used in manufacturing casinghead gasoline to be computed by methods recognized in the industry; (d) One Dollar ($1.00) for each ton of 2240 pounds of sulphur, payable when marketed; and (e) one-eighth (1/8) of the value of all other minerals mined and marketed. Oil royalties shall be delivered to Lessor free of expense at Lessor's option in tanks furnished by Lessor at the well or to Lessor's credit in any pipe line connected therewith. In the event Lessor does not furnish tanks for such royalty oil and no pipe line is connected with the well, Lessee may sell Lessor's royalty oil at the best market price obtainable and pay Lessor the price received f. o. b. the leased property, less any severance or production tax imposed thereon.

Lessee shall have the right to inject gas, water, brine or other fluids into sub-surface strata, and no royalties shall be due on any gas produced by Lessee and injected into sub-surface strata through a well or wells located either on the land or on a unit comprising a portion of the land.

8.  The Lessee shall be responsible for all damages — — — — — — — — — — — — — — of Lessor caused by Lessee's operations.

9.  All provisions hereof shall extend to and bind the successors and assigns (in whole or in part) of Lessor and Lessee; but no change in the ownership of the land or any interest therein or change in the capacity or status of Lessor, whether resulting from sale, inheritance or otherwise, shall impose any additional burden on Lessee nor shall any change in ownership or in the status or capacity of Lessor impair the effectiveness of payments made to Lessor herein named unless the then record owner of said lease shall have been furnished thirty (30) days before payment is due, with certified copy of recorded instrument or judgment evidencing such transfer, inheritance or sale or evidence of such change in status or capacity of Lessor. The furnishing of such evidence shall not affect the validity of payments theretofore made in advance. In the event of the assignment of this lease, either as to a segregated portion of the land or as to an undivided interest in the lease contract, delay rentals shall be apportioned among the several leasehold owners according to the surface area of the undivided interest of each, and default in payment by one shall not affect the rights of others.

339

10.   Lessor hereby warrants – – – – – – – – – the title to said land and agrees that Lessee may, at its option, discharge any tax, mortgage or other lien upon the land and be subrogated thereto and have the right to apply to the repayment of Lessee any rentals and/or royalties accruing hereunder. If Lessor owns less than the entire undivided interest in all or any portion of the lands or mineral rights relating thereto (whether such interest is herein specified or not) rentals and royalties as to the land in which an interest is outstanding in others shall be reduced proportionately to the interest of the Lessor therein, but the failure of Lessee to reduce rentals shall not affect Lessee's rights to reduce royalties; and all outstanding royalty rights shall be deducted from the royalties herein provided for. Lessee shall have the right to purchase a lease or leases from others to protect its leasehold rights and shall not thereby be held to have disputed Lessor's title; and in the event Lessor's title or an interest therein is claimed by others, Lessee shall have the right to withhold payment of royalties or to deposit such royalties in the registry of the Court until final determination of Lessor's rights.

11.   In the event that Lessor at any time considers that operations are not being conducted in compliance with this lease, Lessor shall notify Lessee in writing of the facts relied upon as constituting a breach hereof, and Lessee, if legally required to conduct operations in order to maintain the lease in force, shall have sixty (60) days after receipt of such notice in which to commence the necessary operations to comply with the requirements hereof.

12.   If the land herein described is owned in divided or undivided portions by more than one party, this instrument may be signed in any number of counterparts, each of which shall be binding on the party or parties so signing regardless of whether all of the owners, join in the granting of this lease.

13.   The requirements hereof shall be subject to any State and/or Federal Law or order regulating operations on the land.

The consideration paid by Lessee to Lessor is accepted as full and adequate consideration for all rights, options and privileges herein granted.

IN WITNESS WHEREOF, this instrument is executed as of the date first above written.

WITNESSES:

NELSON H. THOMAS

**340**

STATE OF LOUISIANA
PARISH (OR COUNTY) OF JEFFERSON DAVIS

On this 17 day of April 19 68, before me personally appeared NELSON H. THOMAS, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

Herschel N. Knight, — Notary Public.

STATE OF
PARISH (OR COUNTY) OF

On this day of , 19 , before me personally appeared to me known to be the person described in and who executed the foregoing instrument, and acknowledged that executed the same as free act and deed.

Notary Public.

STATE OF LOUISIANA
PARISH (OR COUNTY) OF

BEFORE ME, the undersigned Notary Public, on this day personally appeared who, being by me duly sworn, stated under oath that was one of the subscribing witnesses to the foregoing instrument and that the same was signed by

(Lessor, as above mentioned) in presence and in the presence of the other subscribing witness(es).

SWORN TO AND SUBSCRIBED before me 19

Notary Public in and for Parish, Louisiana.

STATE OF LOUISIANA
PARISH (OR COUNTY) OF

BEFORE ME, the undersigned Notary Public, on this day personally appeared who, being by me duly sworn, stated under oath that was one of the subscribing witnesses to the foregoing instrument and that the same was signed by

(Lessor, as above mentioned) in presence and in the presence of the other subscribing witness(es).

SWORN TO AND SUBSCRIBED before me 19

Notary Public in and for Parish, Louisiana.

**CORPORATION ACKNOWLEDGMENT**

STATE OF
PARISH (OR COUNTY) OF

ON THIS day of , 19 , before me appeared to me personally known, who, being by me duly sworn, did say that he is the of the and that said instrument was signed in behalf of said corporation by authority of its Board of Directors and said acknowledged said instruments to be the free act and deed of said corporation.

Notary Public

**Oil, Gas and Mineral Lease**
(LOUISIANA)

No.
FROM
TO
Dated 19
No. of Acres
Term
Parish, Louisiana
This instrument was filed for record on the 19 at o'clock M., and duly recorded in Book Page of the records of this office.
Deputy

FILED: APRIL 23, 1968 A.D. AT 1:02 P.M.
RECORDED: APRIL 23, 1968 FILE #325284    CLERK & EX OFFICIO RECORDER

SUCC  OF NELSON H. THOMAS, SR.                                                JUDGMENT

69

344286                              RECEIVED AND FILED

                                    1970 JUL 14  AT 11: 04

                                    CLERK OF COURT
                                    JEFFERSON DAVIS PARISH

31ST JUDICIAL DISTRICT COURT OF JEFFERSON DAVIS PARISH

STATE OF LOUISIANA

NO. P-135-69

SUCCESSION OF NELSON H. THOMAS, SR.

FILED: July 14-1970           DEPUTY CLERK:

## JUDGMENT OF POSSESSION

Considering the petition for possession and the record of this proceeding,

including the last will and testament of the decedent, which has been admitted to probate

herein, satisfactory proof having been submitted to the Court that the inheritance taxes

due the State of Louisiana have been fixed and paid and there is no necessity for an

administration of this succession, and the law and the evidence entitling petitioners to

the relief prayed for and for the reasons this day orally assigned:

IT IS ORDERED, ADJUDGED and DECREED, that:

1.  The decedent, NELSON H. THOMAS, SR., died testate at Jennings,

Jefferson Davis Parish, Louisiana, on November 3, 1969, where he was domiciled;

2.  Satisfactory proof has been submitted to the Court that the inheritance

taxes due the State of Louisiana are the sum of $ 1,150.20,   which sum has been paid in

full;

3.  HELEN HUNTER THOMAS, a resident of Jefferson Davis Parish, Louisiana,

be recognized as surviving spouse in community with the decedent, NELSON  H. THOMAS, SR.,

and as such is entitled to be recognized as owner in her own right of an undivided 1/2 interest

in and to the hereinafter described community property, together with the use and usufruct

of the remainder thereof as a legatee under decedent's last will and testament and the laws

of the State of Louisiana, which property is described as follows, to-wit:

LAW OFFICES OF
KNIGHT & KNIGHT
JENNINGS, LA.

70

## COMMUNITY PROPERTY

**IMMOVABLE PROPERTY**
**JEFFERSON DAVIS PARISH, LA.:**

The N/2 of Section 15, Township 9 South, Range 4 West, Louisiana Meridian.

The NW/4, the W/2 of W/2 of NE/4 of Section 11, Township 9 South, Range 4 West, La. Mer.

S/2 of SW/4 of Section 24, and the NW/4 of Section 25, all in Township 9 South, Range 4 West, La. Mer., less 36.239 acres.

**MOVABLE PROPERTY**
**JEFFERSON DAVIS PARISH, LA.:**

One 1966 Coupe de Ville Cadillac bearing Motor No. J 6236841.

One 1963 Chevrolet fordor automobile.

Checking account in the name of Mr. Nelson Thomas, in The Calcasieu-Marine National Bank of Lake Charles, Jennings Branch, in the sum of $16,335.06.

Checking account in the name of Mrs. Nelson Thomas, Sr., Special Account, in The Calcasieu-Marine National Bank of Lake Charles, Jennings Branch, in the sum of $7,976.68.

Checking account in the name of Nelson Thomas in the Jeff Davis Bank & Trust Company, Jennings, Louisiana, in the amount of $1,467.24.

Claim against the separate property of Helen Hunter Thomas for the residence of the decedent, in the sum of $23,000.00.

Claim against the separate property of Helen Hunter Thomas for the rent house, in the sum of $12,550.00.

Oil, gas and mineral check from Offshore Exploration Corporation for minerals due 30 days prior to death in the sum of $334.05.

71

income tax refund, U. S. Treasury Department in the sum of $1,792.00.

Household furniture and fixtures.

4.  NELSON H. THOMAS, JR., a resident of P. O. Box 284, Jennings, Louisiana, 70546, and HELEN CAROL THOMAS GLADDEN,  a resident of 1722 Purdue Street, Big Spring, Texas 79720, be recognized as the sole and only heirs of the decedent and legatees under decedent's last will and testament, and as such, the owners and placed into possession in equal proportions of an undivided 1/2 interest in and to all of the property composing the succession of the decedent, subject to the usufruct in favor of their mother, HELEN HUNTER THOMAS.

5.  That any person, firm or corporation which has in its possession any property belonging to decedent, transfer the entirety of the property as hereinabove directed.

JUDGMENT RENDERED AND SIGNED in Chambers at *Lake Charles*, Louisiana, on this the *14th* day of *July*, 1970.

*Earl E. Veron*
District Judge

FILED:  JULY 14, 1970.     At 11:04 AM
RECORDED: JULY 14,1970.    Filed No. 344286.  CLERK &EX OFFICIO RECORDER.
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

HELEN HUNTER THOMAS ET AL          TO          JAMES M. FORGOTSON          R/W

365/
27.

357907

STATE OF LOUISIANA                    :    RIGHT-OF-WAY AGREEMENT

PARISH OF JEFFERSON DAVIS

THIS AGREEMENT made and entered into by and between_____

HELEN HUNTER THOMAS, widow of Nelson H. Thomas, Sr.; NELSON H. THOMAS, JR.,

husband of Billie Sue Grissett; both residents of Jefferson Davis Parish, Louisiana and HELEN

CAROL THOMAS GLADDEN, wife of Lyndan   , hereinafter referred to as "Grantor"
K. Gladden, a resident of Big Spring, Texas
and_____                   JAMES M. FORGOTSON, resident of

Shreveport, Louisiana

_____, hereinafter referred to as "Grantee", as

follows, to-wit:

WHEREAS, Grantor is the owner of the following described prop-

erty, situated in the Parish of Jefferson Davis, State of Louisiana, described as

follows, to-wit:

The NW/4, the W/2 of W/2 of NE/4 of
Section 11, Township 9 South, Range 4
West, La. Mer.

Anything contained herein to the contrary notwithstanding
it is agreed that in the event Grantee discontinues use of the line
it shall become the property of Grantor and Grantee shall
have no further liability nor responsibility; and Grantee shall be
permitted to install vents on each side of the road crossing.

WHEREAS, Grantee desires to acquire of Grantor the right to lay,

maintain, inspect, alter, repair, replace, operate and remove a pipe line for

the transportation of oil, gas, water or other fluids and substances, under and

across the hereinabove described land, and Grantor desires to grant such

servitude to Grantee on the terms and conditions hereinafter expressed:

28

NOW, THEREFORE, for and in consideration of the sum of One Hundred Dollars ($100.00) and other valuable cash considerations—————————————————————— , the receipt and sufficiency of which is hereby acknowledged, Grantor does hereby grant unto Grantee the right to lay, maintain, inspect, alter, repair, replace, operate and remove a pipe line for the transportation of oil, gas, water or other fluids and substances under and across the said land hereinabove described. The route and course of the said pipe line right-of-way across the said land is shown on the plat attached hereto, made a part hereof, and marked "Exhibit A", the width of which is _____ fifty (50) _____ feet, being twenty-five (25) _____ feet on either side of the pipe line location as shown on said plat. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX—XXXXXXXXXXXXXXXXXXXXXX XXXX

There is included in this transfer the rights of ingress, egress and regress to and from said line for the purposes aforesaid, but limited to the right-of-way herein granted, unless by prior written consent of Grantor. Subject to the rights and purposes herein granted, and subsequent to the completion and the installation of said pipe line in accordance with the terms and conditions hereof, the Grantor shall have the right to fully use and enjoy said premises, including the right to farm and graze the surface of the land along the route of said pipe line, and Grantee agrees to pay Grantor for all damages from the exercise by Grantee of the rights herein granted. It being understood, however, that Grantor may not construct or permit to be constructed any permanent structure or obstructions on or over or that will interfere with the construction, maintenance or operation of said pipe line.

As additional consideration for the grant of this servitude, Grantee agrees:

1. That said pipe line shall be buried at least twenty-four (24) inches below the surface of the ground, measured from the surface of the ground to the top of the pipe after land is levelled.

2.   No valves, fittings, meters and other equipment shall be installed on or in connection with the said pipe line without the written consent of the Grantor; and no installations whatsoever shall be made above ground, except that cathodic control may be installed at outside line fence lines.

3.   Grantee agrees to bury said pipe line five (5) feet below the surface of the land at the point of entry and the point of exit, and whenever the said pipe line shall run under or below any large drainage ditch or irrigation canal, whether natural or artificial, said pipe line shall be buried at least five (5) feet below the bottom of said drainage ditch.

4.   Grantee agrees and binds itself not to lay the said pipe line closer than ___300___ feet to any dwelling; and immediately after the laying of said line to level said land to the same topographical condition as existed at the time of the granting of this servitude.

5.   After the installation of said pipe line and in case of the abandonment and/or the expiration of this grant of servitude for any cause or reason, Grantee agrees that all ditches and debris caused by the construction or removal operation must be filled, cleared and the land restored as near as possible to its original condition.

6.   That this grant is limited to one pipe line as herein described, and for the use herein provided; and there shall be no other use such as pole lines or cables.

7.   That Grantee, before severing or cutting Grantor's fence or fences at each point where the same is to be severed or cut, will first staunchly cross-brace the two panels, the one immediately on either side to the point of severance, so as to prevent unnecessary sag to the remaining portion of Grantor's fence or fences, providing that at point of ingress and egress sufficient closure will be maintained to prevent the escape of livestock.

8.   This grant is made subject to any and all previous rights-of-way and/or servitudes, oil, gas, mineral lease or leases and mortgage or mortgages, and rights of Grantor's tenants, if any, presently affecting said above described property, and Grantee agrees that the exercise by it of this servitude will not interfere with any exploration, mining or development of oil, gas or other mineral on said property.

9.   The construction or installation of said pipe line shall be completed not later than___one (1) year___ or this grant shall become void and in the event of the non-use of this pipe line after construction by Grantee, its successors or assigns, for a period of twenty-four (24) months, this servitude shall be considered as being abandoned, and Grantee shall have ninety (90) days in which to remove from the land all pipe and other equipment placed thereon.

10.   It is well understood and agreed by and between the parties hereto that Grantee is fully liable for all legally assessable injury to persons or property, including public liability, resulting from the construction, maintenance and operation of the pipe line over and across the hereinabove described land, which liability is in addition to that already assumed hereinabove.  Public liability as defined herein applies but not with limitations to any/all public and private claims. To be included herein are any claims whatsoever as a result of death/deaths and/or personal injury to any person/persons attributed directly or indirectly by operations of Grantee or his assigns or his/their contractors on the property described herein under the rights of this grant of servitude.

30

11.  This is the grant of a servitude and not the grant of the fee title to any land.  Consequently, no oil, gas or other minerals and no oil, gas or mineral rights are involved in this transaction, and Grantee well understands that it has no right to explore or develop the mineral possibilities on the land occupied by its pipe line or the right to grant privilege to others.

12.  Grantee agrees to replace all canals, drain ditches and flood levees as they were, should they for any reason be destroyed.

13.  Grantee agrees that in the event the construction of a pipe line occurs during the flooding of the rice fields, Grantee agrees to provide for the fluming of the water across the pipe line ditch and/or right-of-way so that the water in the rice fields will remain level, and levees necessary to keep the water from running off the land will be built along the right-of-way.

It is understood that the person securing this grant is without authority from Grantee to make any agreements with respect to the subject matter hereof which are not expressed herein, and this instrument contains the entire contract between the parties.

The provisions hereof shall inure to the benefit of and be binding upon the parties hereto and their respective successors, heirs and assigns.

IN TESTIMONY WHEREOF Grantor has executed this grant of servitude in Jefferson Davis Parish, Louisiana, in the presence of the undersigned competent witnesses, on this __16th__ day of ____February____, A. D., 19 __72__.

WITNESSES:

_Jennette Fremaux_                    _Helen Hunter Thomas_
                                      Helen Hunter Thomas

_Geraldine VanHook_                   _Nelson H. Thomas Jr._
                                      Nelson H. Thomas, Jr.

                                      _Helen Thomas Gladden_
                                      Helen Thomas Gladden

_____ Grantee _____ has executed this act at ___Shreveport___, State of ___Louisiana___, in the presence of the undersigned competent witnesses, on this __28th__ day of __February__, A. D., 19 __72__.

WITNESSES:

_Fonda Robertson_                     _James M. Forgotson_
                                      James M. Forgotson

_M. J. Hawkins_

**31**

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

        BEFORE ME, the undersigned authority, on this day personally

appeared_____JENNETTE FREMAUX_____.

to me personally known to be the identical person whose name is subscribed to

the foregoing instrument as an attesting witness, who first being duly sworn, says:

That he subscribed his name to the foregoing instrument as a witness, and that

he knows Helen Hunter Thomas, Nelson H. Thomas, Jr., and Helen Thomas Gladden_____.

the Grantor named in said instrument, to be the identical person described there-

in and who executed the same, and saw him sign the same as his voluntary act and

deed, and that he, the said_____Jennette Fremaux_____

subscribed his name to the same at the same time as an attesting witness.

                         _Jennette Fremaux_____

        SWORN TO and SUBSCRIBED TO before me at Jennings, Louisiana,

on this __16th__ day of ____February____, 19__72__.

                      _____
Notary Public, in and for Jefferson Davis Parish, La.
                   William Noel Knight
                   Attorney - Notary Public
                   Commission for Life

STATE OF LOUISIANA

PARISH OF _Caddo_____

        On this _28th_ day of _February____, 19_72_, before me, the

undersigned authority personally appeared____JAMES M. FORGOTSON___

to me known to be the person described in and who executed the foregoing instru-

ment, and acknowledged that he executed the same as his free act and deed for the

purpose and considerations therein shown, and in the capacity therein stated.

        IN TESTIMONY WHEREOF I have hereunto affixed my official sig-

nature and seal at _Shreveport___, Louisiana, on the day and date first

above written.

_____        _____
Notary Public, in and for _Caddo_____
Parish, Louisiana.           LLOYD EDWARD HATFIELD
                      NOTARY PUBLIC
                     CADDO PARISH, LA.
                  My Commission is For Life

HELEN H. THOMAS ETAL    TO    HOUSTON OIL & MINERALS CORP. LEASE    389/499

375710                                                          272
                                                               499

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT, entered into effective as of _____August 7,_____ 19 73

by and between ___HELEN H. THOMAS, widow of Nelson H. Thomas, of 1315½ N. Cutting Avenue, Jennings,___

___Louisiana 70546;  NELSON H. THOMAS, JR., husband of Billie Sue Thomas, of P. O. Box 284,___

___Jennings, Louisiana 70546;  HELEN THOMAS GLADDEN, born Thomas, wife of L. K. Gladden,___

___of 1722 Purdue, Big Spring, Texas 79720,___

herein called "Lessor" (whether one or more) and ___HOUSTON OIL & MINERALS CORPORATION, 242 The Main___

___Building, 1212 Main Street, Houston, Texas, 77002,___

hereinafter called "Lessee", witnesseth, that:

Lessor, in consideration of the sum of ___One Hundred Dollars & Other Valuable Considerations___ ($ 100.00avc ),
hereby leases and lets unto Lessee, the exclusive right to enter upon and use the land hereinafter described for the exploration for, and produc-
tion of oil, gas, sulphur and all other minerals, together with the use of the surface of the land for all purposes incident to the exploration for
and production, ownership, possession and transportation of said minerals (either from said land or acreage pooled therewith), and the right
of ingress and egress to and from said lands at all times for such purposes, including the right to construct, maintain and use roads and/or
canals thereon for operations hereunder or in connection with similar operations on adjoining land, and including the right to remove from the
land any property placed by Lessee thereon and to draw and remove casing from wells drilled by Lessee on said land; the land to which this
lease applies and which is affected hereby being situated in ___Jefferson Davis___ Parish, Louisiana, and described as follows, to-wit:

Township 9 South, Range 4 West

Section 11:  Northwest Quarter (NW/4) and West Half of West Half
             of Northeast Quarter (W/2 of W/2 of NE/4)—

That at the conclusion of operations on the hereinabove described property,
the land will be restored to its original condition as near as practicable.

Lessee agrees to consult with Lessor in the location of any roads to drill
sites on the lease premises and such roads will be located in a reasonable
manner compatible with Lessor's farming operations.

This lease is expressly subject to that certain letter agreement between
Lessors and Lessee of even date herewith.

375710

All land owned by the Lessor in the above mentioned Section or Sections or Surveys, all property acquired by prescription and all
accretion or alluvion attaching to and forming a part of said land are included herein, whether properly or specifically described or not.
Whether or not any reduction in rentals shall have previously been made, this lease, without further evidence thereof, shall immediately attach
to and affect any and all rights, titles, and interests in the above described land, including reversionary mineral rights, hereafter acquired by or
inuring to Lessor and Lessor's successors and assigns.

For the purpose of calculating the payments hereinafter provided for, the above described land is estimated to comprise ___200___
acres, whether it actually comprises more or less.

This lease shall be for a term of ___Three (3)___ years and ___No___ months from the date hereof (called
"primary term") and so long thereafter as oil, gas or some other mineral is being produced or drilling operations are conducted either on this
land or on acreage pooled therewith, all as hereinafter provided for; all subject to the following conditions and agreements:

1. This lease shall terminate on ___August 7___, 19 74 unless on or before said date the Lessee either
(1) commences operations for the drilling of a well on the land, or on acreage pooled therewith, in search of oil, gas or other minerals and there-
after continues such operations and drilling to completion or abandonment; or (2) pays to the Lessor a rental of ___Twenty-five & No/100___
Dollars ($ 25.00 ) per acre for all or that part of the land which Lessee elects to continue to hold hereunder, which payment shall
maintain Lessee's right in effect as to such land without drilling operations for one year from the date last above mentioned; and Lessee may
continue to maintain the rights granted without drilling operations for successive twelve months' periods (during the primary term) by paying
Lessor, on or before the beginning of such respective periods ___Twenty-five and No/100 -----___ Dollars ($ 25.00 )
per acre for all or that part of the land held hereunder. Payments may be made to Lessor or may be mailed or delivered for deposit to
Lessor's credit in the ___Depository bank as set forth in Paragraph #16___ Bank of _____
which Bank or its successors shall continue to be the depository for such rentals as the representative of Lessor and Lessor's successors and

ath or incapacity of Lessor shall not terminate or affect Lessee's right to continue to deposit all payments in said depository or. The mailing of the check or draft of Lessee or Lessee's successors to Lessor at the address set forth above or to the said the rental paying date shall be considered as payment of rental and the payment to maintain Lessee's right in force and effect. fail or liquidate, or if it should for any reason fail or refuse to accept Lessee's check or draft, the attempted payment is the vided shall not be thereby rendered ineffective and Lessee shall not be in default for failure to pay said rental until thirty (30) shall have furnished Lessee with a recordable instrument naming a new depository; and this provision shall apply to all such cally named depositories.

nt its option, is hereby given the right and power without any further approval from Lessor to pool or combine the acreage, l interest covered by this lease, or any portion thereof, with other land, lease or leases, royalty and mineral interests in the y thereof, when, in Lessee's judgment, it is necessary or advisable to do so in order to properly develop and operate said promote the conservation of oil, gas or other minerals in and under and that may be produced from said premises or to comply or unitization order of any Regulatory Body of the State of Louisiana or the United States having jurisdiction. The term shall include any governmental tribunal or group (civil or military) issuing orders governing the drilling of wells or the pro-ls, irrespective of whether said orders are designed to promote conservation or to conserve materials or equipment for National r purposes. Such pooling shall be of tracts which will form one contiguous body of land for each unit and the unit or units so exceed substantially forty (40) acres each, surrounding each oil well and substantially 160 acres each for each gas or gas-less a larger spacing pattern or larger drilling or producing units (including a field or pool unit) have been fixed and estab- r of a Regulatory Body of the State of Louisiana or of the United States, in which event the unit or units may be of the size or. Lessee shall execute and record in the Conveyance Records of the Parish in which the land herein leased is situated an tying and describing the pooled acreage; and upon such recordation, the unit or units shall thereby become effective. In lieu of where herein specified and subject to the provisions of Paragraph 10 hereof, Lessor shall receive from production from the unit ch portion of the royalties stipulated herein as the amount of his acreage placed in the unit, or his royalty interest therein. acreage so pooled in the particular unit involved: Drilling or reworking operations on or production of oil, gas, sulphur or other d included in such pooled unit shall have the effect of continuing this lease in force and effect during or after the primary he land covered hereby (including any portion of said land not included in said unit) whether or not such operations be on or be from land covered hereby. Any unit formed by Lessee hereunder may be created either prior to or during the drilling or ion of the unit well; and separate units may be created for oil and for gas even though the areas thereof overlap. Lessee shall d power to reduce and diminish the extent of any unit created under the terms of this paragraph so as to eliminate from said or lease upon which there is or may be an adverse claim; and Lessee may also re-form any unit to conform with an order of ly issued after said unit was originally established. Such revision of the unit shall be evidenced by an instrument in writing se, which shall identify and describe the lands included in the unit as revised and shall be recorded in conveyance records ere the lands herein leased are situated.

e may, at any time prior to or after the discovery and production of minerals on the land, execute and deliver to Lessor or place se or releases of any portion or portions of the lands and be relieved of all requirements hereof as to the land surrendered, and, nary term, the rental shall be reduced proportionately, according to acreage. In the event of the forfeiture of this lease for any all have the right to retain around each well then producing oil, gas or other minerals or being drilled or worked on the number d located by the spacing or unit order of any Regulatory Body of the State of Louisiana or of the United States under which ; drilled or produced, or if said well has been or is being drilled on a unit pooled by Lessee as provided herein, then Lessee the acreage comprising said pooled unit; and if no spacing order has been issued nor any pooled unit established, then Lessee ght to retain forty (40) acres surrounding each oil well and 160 acres surrounding each gas well then producing or being i on, such forty acres or 160 acres to be in as near a square form as is practicable.

beginning operations on the lands or on acreage pooled therewith (or with any part thereof) and prior to the discovery and nerals in paying quantities, Lessee may maintain the rights granted during and after the primary term by continuing such ut the lapse of more than ninety (90) days between abandonment of work on one well and beginning operations for drilling ing the primary terms such operations may be discontinued and the rights granted maintained by resuming rental payments, by nety (90) days from the discontinuance of operations (regardless of the fixed rental paying date) the proportion of the fixed t the number of days between the end of said ninety (90) days and the next ensuing rental paying date bears to the twelve but, if said ninety (90) days should expire during any year for which rentals have been paid, no further rental shall be due red rental paying date.

tor to or after the discovery of oil on the lands held hereunder, a well producing oil in paying quantities for thirty (30) com-brought in an adjacent lands not owned by the Lessor and not forming a pooled unit containing a portion of the lands described in 660 feet of any line of the land held hereunder, Lessee, in order to maintain the rights granted, shall thereafter begin and reasonable diligence the drilling of a well in an effort to discover oil thereby and to protect the land held hereunder from

the discovery and production of oil, gas or any other mineral in paying quantities, either on the leased premises or on lands , the rights granted shall be maintained in effect during and after the primary term and without the payment of the rentals vided for so long as oil, gas or some other mineral is being produced in paying quantities, or Lessee is carrying on operations diligence looking to the production thereof. It is provided, however, that if, after the discovery and production of oil, gas or a paying quantities, the production thereof should cease from any cause this lease shall terminate unless Lessee resumes production, or commences additional drilling, reworking or mining operations within ninety (90) days thereafter and continues without the lapse of more than ninety (90) days between abandonment of work on one well and commencement of reworking erations for the drilling of another, in an effort to restore production of oil, gas or other minerals, or (if during the primary he payment of rentals in the manner hereinabove provided for in connection with the abandonment of wells drilled. Lessee uired to produce more than one mineral, the production of any one mineral in paying quantities and with reasonable diligence to maintain all of Lessee's rights. Should Lessee by the drilling of any well located on the land or on property pooled there-as or gaseous substances capable of production in paying quantities but which Lessee is unable to produce (for which althou-h ered, Lessee is unable to continue to produce) because of lack of market or marketing facilities or Governmental restrictions, ghts may be maintained, in the absence of production or drilling operations, by commencing or resuming rental payments as vided for in connection with the drilling of a non-producing well; and should such conditions occur or exist after the primary ghts may be further extended by the commencement, resumption or continuance of such payments at the rate and in the fixed for rental payments during the primary term; provided, however, that in no event shall Lessee's rights be so extended by-i sed without drilling operations or production of oil, gas or some other mineral for more than 3   consecutive years.

rto the provisions of Paragraphs 2 and 10 hereof the royalties to be paid by Lessee are: (a) On oil and other liquid hydro-ixth 5/41   of that produced and saved from the land and that used for fuel in conducting operations on the property (or on therewith) or in treating said oil to make it marketable: (b) one-ixth 5/41   of the market value of the gas sold or used by tions not connected with the land leased or any pooled unit containing a portion of said land; (c) one-sixth 5/41   of the ixth of the well of casinghead gas used in manufacturing casinghead gasoline to be computed by methods recognized in the ine Dollar ($1.00) for each ton of 2240 pounds of sulphur, payable when marketed; and (e) one-sixth 5/41   of the value nerals mined and marketed. Oil royalties shall be delivered to Lessor free of expense at Lessor's option in tanks furnished by ell or to Lessor's credit in any pipe line connected therewith. In the event Lessor does not furnish tanks for such royalty oil and connected with the well, Lessee may sell Lessor's royalty oil at the best market price obtainable and pay Lessor the price , the leased property, less any severance or production tax imposed thereon.

hall have the right to inject gas, water, brine or other fluids into sub-surface strata, and no royalties shall be due on any gas essee and injected into sub-surface strata through a well or wells located either on the land or on a unit comprising a portion

Lessee shall be responsible for all damages --------------- of Lessor caused by Lessee's operations.

provisions hereof shall extend to and bind the successors and assigns (in whole or in part) of Lessor and Lessee; but no change ip of the land or any interest therein or change in the capacity or status of Lessor, whether resulting from sale, inheritance or l impose any additional burden on Lessee nor shall any change in ownership or in the status or capacity of Lessor impair the payments made to Lessor herein named unless the then record owner of such lease shall have been furnished, thirty (30) days t is due, with certified copy of recorded instrument or judgment evidencing such transfer, inheritance or sale or evidence of status or capacity of Lessor. The furnishing of such evidence shall not affect the validity of payments theretofore made in e event of the assignment of this lease, either as to a segregated portion of the land or as to an undivided interest in the lease rentals shall be apportioned among the several leasehold owners according to the surface area of the undivided interest of each, payment by one shall not affect the rights of others.

501

10. Lessor hereby warrants ————————— the title to said land and agrees that Lessee may, at its option, discharge any tax, mortgage or other lien upon the land and be subrogated thereto and have the right to apply to the repayment of Lessee any rentals and/or royalties accruing hereunder. If Lessor owns less than the entire undivided interest in all or any portion of the lands or mineral rights relating thereto (whether such interest is herein specified or not) rentals and royalties as to the land to which an interest is outstanding in others shall be reduced proportionately to the interest of the Lessor therein, but the failure of Lessee to reduce rentals shall not affect Lessee's rights to reduce royalties; and all outstanding royalty rights shall be deducted from the royalties herein provided for. Lessee shall have the right to purchase a lease or leases from others to protect its leasehold rights and shall not thereby be held to have disputed Lessor's title; and in the event Lessor's title or an interest therein is claimed by others, Lessee shall have the right to withhold payment of royalties or to deposit such royalties in the registry of the Court until final determination of Lessor's rights.

11. In the event that Lessor at any time considers that operations are not being conducted in compliance with this lease, Lessor shall notify Lessee in writing of the facts relied upon as constituting a breach hereof, and Lessee, if legally required to conduct operations in order to maintain the lease in force, shall have sixty (60) days after receipt of such notice in which to commence the necessary operations to comply with the requirements hereof.

12. If the land herein described is owned in divided or undivided portions by more than one party, this instrument may be signed in any number of counterparts, each of which shall be binding on the party or parties so-signing regardless of whether all of the owners, join in the granting of this lease.

13. The requirements hereof shall be subject to any State and/or Federal Law or order regulating operations on the land.

The consideration paid by Lessee to Lessor is accepted as full and adequate consideration for all rights, options and privileges herein granted.

14. In the event a portion or portions of the land herein leased is pooled or unitized with other land so as to form a pooled unit or units, operations on or production from such unit or units will maintain this lease in force only as to the land included in such unit or units. This lease may be maintained in force as to any land covered hereby and not included in such unit or units in any manner provided for herein, provided that if it be by rental payments, rentals shall be reduced in the proportion that the acreage covered by this lease and contained in such unit-or units bears to the total acreage then covered by this lease. In the event the date of commencement of drilling operations or production on a unit is less than thirty (30) days prior to the next ensuing rental paying date, Lessee shall be privileged to make such rental payment on or before thirty (30) days after such rental paying date and thereby maintain its rights hereunder. If at or after the end of the primary term, this lease is being maintained as to a part of the land by operations on or production from a pooled unit or units embracing lands covered hereby and other land and if at such time there be land covered hereby which is not situated in such unit or units and as to which the lease is not being maintained by operations, production or any other means, Lessee shall have the right to maintain the lease as to such land by rental payments exactly as if it were during the primary term, provided that this lease may not be so maintained in force by rental payments more than _____ two (2) _____ years beyond the end of the primary term.

15. Notwithstanding anything herein contained to the contrary it is understood and agreed that in the event Lessee elects to maintain this lease by the payment of shut-in gas rental as provided in Paragraph 6, then no rental payment shall be required under Paragraph 14 as long as Lessee is maintaining this lease by such payment of shut-in gas rental. When this lease ceases to be maintained by such payment of shut-in gas rental, the provisions of Paragraph 14 shall be applicable.

16. Each Lessor named herein does hereby authorize Houston Oil & Minerals Corporation or assigns to pay or tender any delay rentals accruing under the terms and conditions of this lease to them in accordance with the provisions hereof or to their credit, either in the depository bank hereinabove designated or to their credit in the respective depository set out below opposite each Lessor's name and in the following amounts, to-wit:

| LESSORS | FRACTIONAL INTEREST | AMOUNT | DEPOSITORY BANKS |
|---|---|---|---|
| Helen H. Thomas | | NONE | NONE |
| Nelson H. Thomas, Jr. | | $2,500.00 | The Calcasieu-Marine National Bank of Lake Charles, Jennings Branch, Jennings, Louisiana 705 |
| Helen Thomas Gladden | | $2,500.00 | The Calcasieu-Marine National Bank of Lake Charles, Jennings Branch, Jennings, Louisiana 705 |

It is understood and agreed that the above division of interest covers only the payment of delay rentals and does not purport to cover the ownership of the royalty on production from the property covered by this lease.

IN WITNESS WHEREOF, this instrument is executed on the date first above written.

WITNESSES:

_____    _____
                           Helen H. Thomas

_____    _____
                           Nelson H. Thomas, Jr.

_____    _____
                           Helen Thomas Gladden

502

STATE OF    LOUISIANA      }

PARISH (OR COUNTY) OF JEFFERSON DAVIS

On this   7   day of   August   19 73   before me personally appeared

**HELEN H. THOMAS; NELSON H. THOMAS, JR. and HELEN THOMAS GLADDEN**

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that   they   executed the same as   their   free act and deed.

Notary Public

Herschel Norris Knight
Attorney-Notary Public
Commission ...

STATE OF _____ }

PARISH (OR COUNTY) OF _____ }

On this _____ day of _____ before me personally appeared

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that _____ executed the same as _____ free act and deed.

Notary Public.

STATE OF LOUISIANA }

PARISH (OR COUNTY) OF _____ }

BEFORE ME, the undersigned Notary Public, on this day personally appeared _____
who, being by me duly sworn, stated under oath that _____ was one of the subscribing witnesses to the foregoing instrument and that the same was signed by _____

(Lessor, as above mentioned) in _____ presence and in the presence of the other subscribing witness(es).

SWORN TO AND SUBSCRIBED before me _____ 19 __

Notary Public in and for _____ Parish, Louisiana.

STATE OF LOUISIANA }

PARISH (OR COUNTY) OF _____ }

BEFORE ME, the undersigned Notary Public, on this day personally appeared _____
who, being by me duly sworn, stated under oath that _____ was one of the subscribing witnesses to the foregoing instrument and that the same was signed by _____

(Lessor, as above mentioned) in _____ presence and in the presence of the other subscribing witness(es).

SWORN TO AND SUBSCRIBED before me _____ 19 __

Notary Public in and for _____ Parish, Louisiana

**CORPORATION ACKNOWLEDGMENT**

STATE OF _____ }

PARISH (OR COUNTY) OF _____ }

ON THIS _____ day of _____ 19 ___ before me appeared _____

to me personally known, who, being by me duly sworn, did say that he is the _____

of the _____ and that said instrument was signed in behalf of said corporation by

authority of its Board of Directors and said _____ acknowledged said instruments to be the free act and deed of said corporation.

Notary Public

## Oil, Gas and Mineral Lease (LOUISIANA)

No. _____

FROM

TO

Dated _____

No. of Acres _____

Term _____

This instrument was filed for record on the _____ day of _____ 19 __ at _____ o'clock _____ M. and duly recorded in Book _____ Page _____ of the records of this office.

_____ Deputy

_____ Parish, Louisiana

FILED & REC. FEB. 13, 1974 FILE # 375710. CLERK & EX-OFFICI
XXXXXXXXXXXXXXXXXXXXX

NELSON H. THOMAS, SR.          SUCCESSION OF                    AMENDED    JUDGMENT

8S3

31ST JUDICIAL DISTRICT COURT FOR JEFFERSON DAVIS PARISH

STATE OF LOUISIANA

NO. P-135-69        380332

SUCCESSION OF NELSON H. THOMAS, SR.

FILED: _June 27-1974_              DEPUTY CLERK: _____

## AMENDED JUDGMENT OF POSSESSION

Considering the petition and the proceedings previously filed, satisfactory proof having been submitted to the Court that the additional inheritance taxes due have prescribed, the law and the evidence being in favor thereof, and for the reasons this day orally assigned:

IT IS ORDERED, ADJUDGED AND DECREED that:

1. The Judgment previously rendered herein on July 14, 1970, is amended to provide that the following described property shown on said judgment to be community property is the separate property of the decedent, to-wit:

### SEPARATE PROPERTY

IMMOVABLE PROPERTY: (Jefferson Davis Parish, Louisiana)

The Northwest Quarter and the West Half of the West Half of the Northeast Quarter of Section 11, Township 9 South, Range 4 West, La. Mer.

2. HELEN HUNTER THOMAS, widow of Nelson H. Thomas, Sr., of full age of majority, a resident of Jefferson Davis Parish, Louisiana; NELSON H. THOMAS, JR., husband of Billie Sue Grissett Thomas, of full age of majority, a resident of Jefferson Davis Parish, Louisiana, and HELEN CAROL THOMAS GLADDEN, wife of Lyndon K. Gladden, of full age of majority, a resident of Big Spring, Texas, be recognized as owners and sent

884

into possession of the above described property in the following proportions, to-wit:

An undivided 1/2 interest to HELEN HUNTER THOMAS and an undivided 1/4th interest

each to NELSON H. THOMAS, JR. and HELEN CAROL THOMAS GLADDEN.

       3.  In all other respects the judgment previously rendered in this matter on

July 14, 1970 shall remain in full force and effect.

       JUDGMENT RENDERED, READ AND SIGNED in Chambers  at Jennings,

Louisiana, on this _27_ day of _June_ , 1974.

                                           DISTRICT JUDGE

FILED AND RECORDED: JUNE 27, 1974 at 9:52 AM File no. 380332 CLERK &EX OFFICIO RECORDER.
                XXXXXXX

160

403214

RECEIVED AND FILED
1977 FEB 24  AM 8: 44

CLERK OF COURT
JEFFERSON DAVIS PARISH

STATE OF LOUISIANA                :

PARISH OF JEFFERSON DAVIS         DAMAGE RELEASE

KNOW ALL MEN BY THESE PRESENTS:

THAT, for and in consideration of the sum of ONE THOUSAND AND NO/100

($1,000.00) DOLLARS, cash in hand paid, the receipt and adequacy of which is hereby

acknowledged, we, HELEN H. THOMAS, NELSON H. THOMAS, JR. and HELEN THOMAS

GLADDEN, do hereby release, relinquish and discharge HOUSTON OIL & MINERALS

CORPORATION from any and all damages, claims, rights and causes of action which we

may have now or hereinafter have for all damages of every kind and nature to the follow-

ing described property:

> The West/Half of West/Half of Northeast/Quarter (W/2 of
> W/2 of NE/4) of Section Eleven (11), Township Nine (9)
> South, Range Four (4) West, Jefferson Davis Parish, Louisiana,

resulting from the construction of a pipeline to be laid through said property.

This damage release is granted for the purpose of releasing Houston Oil

& Minerals Corporation from the usual damages resulting from construction only, illus-

trative of which are present and future crop damages, timber, restoration of the soil,

and fences, provided, however, that Houston Oil & Minerals Corporation agrees to hold

the undersigned harmless from any and all damages resulting from their operations in the

construction of said pipe line and to hold the undersigned harmless and be responsible

for any and all damages resulting from the operations of said pipe line.

This agreement may be executed in as many counterparts as may be deemed

necessary and when so executed each counterpart shall have the same effect as if all

parties had executed the same document.

403214

COB: 403214; Page: 1; Filed: 2/24/1977 12:00:09AM [jeffersondavis ]

161

EXECUTED AND ACKNOWLEDGED before the undersigned witnesses
this 24th day of January , 1977.

WITNESSES:

_Helen H. Thomas_
Helen H. Thomas

_Nelson H. Thomas Jr._
Nelson H. Thomas, Jr.

_Helen Thomas Gladden_

STATE OF LOUISIANA
PARISH OF ~~JEFFERSON DAVIS~~
LAFAYETTE

        BEFORE ME, the undersigned Notary Public, on this day personally
appeared:  A. J. Manouvrier, Jr.        , who, being by me duly sworn,
stated under oath that he was one of the subscribing witnesses to the foregoing instru-
ment and that the same was signed by HELEN H. THOMAS and NELSON H. THOMAS,
JR. _____ in his presence and in the presence of the
other subscribing witness.

_A. J. Manouvrier Jr._

        SWORN TO AND SUBSCRIBED before me  January 24        , 1977.

_Jno. E. Goss_
Notary Public

STATE OF TEXAS
COUNTY OF

        BEFORE ME, the undersigned Notary Public, on this day personally
appeared: _____, who, being by me duly sworn,
stated under oath that he was one of the subscribing witnesses to the foregoing instru-
ment and that the same was signed by _____
_____ in his presence and in the presence of the
other subscribing witness.

        SWORN TO AND SUBSCRIBED before me _____, 1977.

Notary Public

FILED & RECORDED, CLERK & EX OFFICIO RECORDER  _Gary P. Huff_

COB: 403214; Page: 2; Filed: 2/24/1977 12:00:00AM [jeffersondavis ]

162

403215

RECEIVED AND FILED
1977 FEB 24 AM 8: 44
CLERK OF COURT
JEFFERSON DAVIS PARISH

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS                    :        DAMAGE RELEASE

KNOW ALL MEN BY THESE PRESENTS:

THAT: for and in consideration of the sum of ONE THOUSAND AND NO/100

($1,000.00) DOLLARS, cash in hand paid, the receipt and adequacy of which is hereby

acknowledged, we, HELEN H. THOMAS, NELSON H. THOMAS, JR. and HELEN THOMAS

GLADDEN, do hereby release, relinquish and discharge HOUSTON OIL & MINERALS

CORPORATION from any and all damages, claims, rights and causes of action which we

may have now or hereinafter have for all damages of every kind and nature to the follow-

ing described property:

> The West/Half of West/Half of Northeast/Quarter (W/2 of
> W/2 of NE/4) of Section Eleven (11), Township Nine (9)
> South, Range Four (4) West, Jefferson Davis Parish, Louisiana,

resulting from the construction of a pipeline to be laid through said property.

This damage release is granted for the purpose of releasing Houston Oil

& Minerals Corporation from the usual damages resulting from construction only, illus-

trative of which are present and future crop damages, timber, restoration of the soil,

and fences, provided, however, that Houston Oil & Minerals Corporation agrees to hold

the undersigned harmless from any and all damages resulting from their operations in the

construction of said pipe line and to hold the undersigned harmless and be responsible

for any and all damages resulting from the operations of said pipe line.

This agreement may be executed in as many counterparts as may be deemed

necessary and when so executed each counterpart shall have the same effect as if all

parties had executed the same document.

403215

COB: 403215. Page: 1. Filed: 2/24/1977 12:00:00AM. [jeffersondavis ]

163

EXECUTED AND ACKNOWLEDGED before the undersigned witnesses this _21_ day of _January_, 1977.

WITNESSES:

_____        Helen H. Thomas

_____

_____        Nelson H. Thomas, Jr.

_____

✓ _Harold E. Bentley_                   ✓ _Helen Thomas Gladden_
✓ _Dorothy Dunson_                      Helen Thomas Gladdon

STATE OF LOUISIANA
PARISH OF JEFFERSON DAVIS

BEFORE ME, the undersigned Notary Public, on this day personally appeared: _____, who, being by me duly sworn, stated under oath that he was one of the subscribing witnesses to the foregoing instrument and that the same was signed by HELEN H. THOMAS and NELSON H. THOMAS, JR. _____ in his presence and in the presence of the other subscribing witness.

SWORN TO AND SUBSCRIBED before me _____, 1977.

_____
Notary Public

STATE OF TEXAS
COUNTY OF _____ :

BEFORE ME, the undersigned Notary Public, on this day personally appeared: _Harold D. Bentley_, who, being by me duly sworn, stated under oath that he was one of the subscribing witnesses to the foregoing instrument and that the same was signed by _Helen Gladden_ _____ in his presence and in the presence of the other subscribing witness.

SWORN TO AND SUBSCRIBED before me _Feb 7_, 1977.

_Ruth M Busha_
Notary Public

FILED & RECORDED _____ EX OFFICIO RECORDER
_Gay B. Huff_

COB: 403215, Page: 2; Filed: 2/24/1977 12:00:00AM  [jeffersondavis]

WILLIAM N. CARTER, SR., ET AL    TO    WILSON CHAISSON    SALE LAND

**407043**    13

## Private Act of Sale

STATE OF LOUISIANA.  } KNOW ALL MEN BY THESE PRESENTS:
PARISH OF JEFFERSON DAVIS.

That, **WM. N. CARTER, SR.**, married to and abiding with Mabel S. Carter, born Shemaker, individually and as agent-in-fact for his said wife, resident of lawful age of the Parish of Jefferson Davis, State of Louisiana; Mailing Address: Rt. 2, Box 322, Welsh, LA  70591

for and in consideration of the price and sum of - - - - **Two hundred fifty and No/100** - - - - - - - - - ─────── Dollars ($250.00 ), cash in hand paid, the receipt of which is hereby acknowledged and full acquittance and discharge granted therefor, do by these presents Grant, Bargain, Sell, Assign, Transfer, Convey, Set over and Deliver unto

**WILSON CHAISSON**, married to and abiding with Mary Lou T. Chaisson, born Touzin, resident of lawful age of the Parish of Jefferson Davis, State of Louisiana; Mailing address: P. O. Box 225, Welsh, Jefferson Davis, LA  70591

all and singular the following described property situated in the Parish of **Jefferson Davis** State of Louisiana, together with all the buildings, improvements, appurtenances and privileges thereon and thereto belonging, or in anywise appertaining, to-wit:

A tract of land of approximately 1/4 acre, more or less, described as follows, to wit:

Commencing at a point 1,506.55 ft. South and 884.80 ft. East of the Northwest corner of Twenty-nine (29), Township Nine (9) South, Range Four (4) West La. Mer., thence running East a distance of 367.4 ft., thence running North a distance of 25 ft., thence running West a distance of 367.4 ft., thence running South a distance of 25 ft. to point of commencement, Town of Welsh, Jefferson Davis Ph., Louisiana.

RECEIVED AND FILED
1977 NOV -9 AM 8 31
CLERK OF COURT
JEFFERSON DAVIS PARISH

TO HAVE AND TO HOLD the above described and conveyed property, together with all appurtenances and improvements thereon and thereto belonging unto said purchaser─── and to ── his ─── heirs and assigns in full property forever, free from any lien, mortgage or encumbrance whatever, ── and ──────── ─────── with full and general warranty of title, and with full subrogation to all of the rights and actions in warranty against any and all former owners and vendors.

The said vendor ── states that all taxes on said property have been paid.

Witness the hand ─ s ── of said vendor s ──────── at ── Welsh, ──── Louisiana, in the presence of ── Kent L. Peterson ──────── and ── G. Clark Peterson ─── competent witnesses on this ── 2nd ── day of ── November ──── A. D. 19 77

WITNESSES:
Kent L. Peterson
G. Clark Peterson

Wm. N. Carter, Sr.

Mabel S. Carter

COB: 407043, Page: 1, Filed & Recorded: 9:00:00AM  [jeffersondavis: ]

14

STATE OF LOUISIANA,

PARISH OF JEFFERSON DAVIS.

On this ___2nd___ day of ___November___ 19 _77_ before me, the undersigned authority, personally appeared

WM. H. CARTER, SR. & MABEL S. CARTER

to me known to be the person___ described in and who executed the foregoing instrument, and acknowledged that ___they___ executed the same as ___their___ free act and deed for the purposes and considerations therein shown.

IN TESTIMONY WHEREOF I have hereunto affixed my official signature and seal at ___Welsh___ Louisiana, on the day and date above written.

Notary Public in and for Jefferson Davis Parish, La.
George C. Peterson, Notary
P. O. Box 725, Welsh, LA 70591
My commission expires at death.

COB 407043; Page 2; Filed: 11/8/1977 12:00:00AM [jeffersondavis ]

FILED & RECORDED: CLERK & EX-OFFICIO RECORDER

359

422227

RECEIVED AND FILED

1980 APR 21  AM 11: 05

CLERK OF COURT
JEFFERSON DAVIS PARISH

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON DAVIS**                                    AGREEMENT

THIS AGREEMENT made and entered into by and between HELEN HUNTER THOMAS, widow of Nelson H. Thomas, Sr.; NELSON H. THOMAS, JR., husband of Billie Sue Grissett; both residents of Jefferson Davis Parish, Louisiana; and HELEN CAROL THOMAS GLADDEN, wife of Lyndon K. Gladden, a resident of Big Spring, Texas, hereinafter referred to as "Grantor" and B & M OPERATING COMPANY, INC., whose mailing address is 5 Greenway Plaza East, Houston, TX  77046, hereinafter referred to as "Grantee", as follows, to-wit:

WHEREAS, Grantor is the owner of the following described property, situated in the Parish of Jefferson Davis, State of Louisiana, described as follows, to-wit:

The NW/4, the W/2 of W/2 of NE/4 of
Section 11, Township 9 South, Range 4
West, La. Mer.

WHEREAS, Grantor previously granted to James M. Forgotson a right-of-way for a pipeline across the hereinabove described property which agreement is recorded in Conveyance Book 365 at page 27, records of Jefferson Davis Parish, Louisiana, to which reference is hereby made.

WHEREAS, said right-of-way agreement has now expired under its own terms and conditions for non-use and the pipeline has now become the property of Grantor.

WHEREAS, Grantee desires to acquire the pipeline from Grantor with the right to maintain, inspect, alter, repair, replace, operate and remove the pipeline for the transportation of oil, gas, water or other fluids and substances, under and across the hereinabove described property and Grantor desires to sell and convey to Grantee the pipeline and such servitude to Grantor on the terms and conditions hereinafter expressed:

NOW, THEREFORE, for and in consideration of the sum of $100 and Other Valuable Cash Considerations, the receipt and sufficiency of which is hereby acknowledged, Grantor does hereby convey to Grantee the pipeline previously laid and does hereby grant unto Grantee the right to maintain, inspect, alter, repair, replace, and operate said pipeline for the transportation of oil, gas, water or other fluids and substances under and across the land hereinabove described, the route and course of the said pipeline right-of-way being shown on the plat attached to the previous right-of-way agreement granted to James M. Forgotson and recorded in Conveyance Book 365 at page 27, records of Jefferson Davis Parish, Louisiana.

There is included in this transfer the rights of ingress, egress and regress to and from said line for the purposes aforesaid, but limited to the right-of-way herein granted, unless by prior written consent of Grantor.  Subject to the rights and purposes herein granted, the Grantor shall have the right to fully use and enjoy said premises, including the right to farm and graze the surface of the land along the route of said pipe line, and Grantee agrees to pay Grantor for all damages from the exercise by Grantee

LAW OFFICES OF
WILLIAM M. KNIGHT
P.O. BOX 1893
JENNINGS, LA. 70546

422227

COB  422227  Page: 1; Filed: 4/21/1980 12:00:00AM (jeffersondavis: )

360

of the rights herein granted. It being understood, however, that Grantor may not construct or permit to be constructed any permanent structure or obstructions on or over or that will interfere with the maintenance or operation of said pipe line.

As additional consideration for this agreement Grantee agrees:

1. No valves, fittings, meters and other equipment shall be installed on or in connection with the said pipe line without the written consent of the Grantor; and no installations whatsoever shall be made above ground, except that cathodic control may be installed at outside line fence lines.

2. That this grant is limited to one pipe line as herein described, and for the use herein provided; and there shall be no other use such as pole lines or cables.

3. This grant is made subject to any and all previous rights-of-way and/or servitudes, oil, gas, mineral lease or leases and mortgage or mortgages, and rights of Grantor's tenants, if any, presently affecting said above described property, and Grantee agrees that the exercise by it of this servitude will not interfere with any exploration, mining or development of oil, gas or other mineral on said property.

4. It is well understood and agreed by and between the parties hereto that Grantee is fully liable for all legally assessable injury to persons or property, including public liability, resulting from the maintenance and operation of the pipeline over and across the hereinabove described land, which liability is in addition to that already assumed hereinabove. Public liability as defined herein applies but not with limitations to any/all public and private claims. To be included herein are any claims whatsoever as a result of death/deaths and/or personal injury to any person/persons attributed directly or indirectly by operations of Grantee or his assigns or his/their contractors on the property described herein under the rights of this grant.

5. This is the grant of a servitude and not the grant of the fee title to any land. Consequently, no oil, gas or other minerals and no oil, gas or mineral rights are involved in this transaction, and Grantee well understands that it has no right to explore or develop the mineral possibilities on the land occupied by its pipe line or the right to grant privilege to others.

6. This grant shall be only so long as Grantee and its successors or assigns has valid mineral leases in the Roanoke Field, Jefferson Davis Parish, Louisiana. When the last mineral lease expires under its terms and conditions this servitude shall be considered as abandoned and the line shall become the property of Grantor and Grantee shall have no further liability nor responsibility.

It is understood that the person securing this grant is without authority from Grantee to make any agreements with respect to the subject matter hereof which are not expressed herein, and this instrument contains the entire contract between the parties.

The provisions hereof shall inure to the benefit of and be binding upon the parties hereto and their respective successors, heirs and assigns.

COB 422227; Page: 2; File#: 4/21/1980 12:00:00AM [jeffersondavis ]

361

IN TESTIMONY WHEREOF Grantors HELEN HUNTER THOMAS and NELSON H. THOMAS, JR. have executed this agreement in Jennings, Jefferson Davis Parish, Louisiana, in the presence of the undersigned competent witnesses on this 14 day of *April*, 1980.

WITNESSES:

_Sheila Nickel_

_Jacelin VanHook_

_Helen Hunter Thomas_
Helen Hunter Thomas

_Nelson H. Thomas_
Nelson H. Thomas, Jr.

IN TESTIMONY WHEREOF Grantor HELEN THOMAS GLADDEN has executed this agreement in Big Springs, Texas, in the presence of the undersigned competent witnesses on this 11th day of *April*, 1980.

WITNESSES:

_Wm L. Shepherd_

_Jean R. Wilder_

_Helen Thomas Gladden_
Helen Thomas Gladden

IN TESTIMONY WHEREOF Grantee B & M OPERATING COMPANY, INC. has executed this agreement in Houston, Texas, in the presence of the undersigned competent witnesses on this 17 day of *April*, 1980.

WITNESSES:

_Billy J. Neal_

_Jessie Taylor_

B & M Operating Company, Inc.

BY: _Michael McKenzie_
Michael McKenzie, Vice President

362

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

On this 14 day of *April*, 1980, before me personally appeared:

HELEN HUNTER THOMAS and NELSON H. THOMAS, JR.

to me known to be two of the persons described in and who executed the foregoing instrument, and acknowledged that they executed the same as their free act and deed.

NOTARY PUBLIC

William Noel Knight
Attorney - Notary Public
Commission for Life

STATE OF TEXAS

COUNTY OF HOWARD

On this 11th day of *April*, 1980, before me personally appeared:

HELEN THOMAS GLADDEN

to me known to be one of the persons described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

NOTARY PUBLIC
9/9/81

STATE OF TEXAS

COUNTY OF HARRIS

On this 17th day of April, 1980, before me personally appeared:

Michael McKenzie, Vice-President of B & M Operating Co., Inc.,

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed, and in the capacity therein stated.

NOTARY PUBLIC

MATRDA BROWN
Notary Public in Harris County, Texas
My Commission Expires July 5, 1981

Filed & Recorded Clerk & Ex-Officio Recorder

HOUSTON OIL & MINERALS CORP    TO   JOHN W MCGOWAN    ASSIGN & SALE

462187    773

ASSIGNMENT AND BILL OF SALE

THE STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

KNOW ALL MEN BY THESE PRESENTS, THAT:

HOUSTON OIL & MINERALS CORPORATION, a Nevada corporation, whose address is P. O. Box 2888, Houston, Texas 77001 and INTERFIRST BANK HOUSTON, N.A., TRUSTEE OF THE HOUSTON OIL TRUST, (hereinafter referred to as "Assignors") for and in consideration of ONE HUNDRED DOLLARS AND NO/100 ($100.00) and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby grant, bargain, sell, convey, transfer and assign unto JOHN W. McGOWAN, (hereinafter referred to as "Assignee"), all of Assignors' right, title and interest in the leases and lands described on Exhibit "A" attached hereto and made a part hereof, all of Assignors' right, title and interest in the wells located on said leases, all of Assignors' right, title and interest in the well equipment, fixtures and all other personal property located on and/or used in connection with the operation of said leases, said property being described on Exhibit "B" attached hereto and made a part hereof, including all of Assignors' right, title and interest in the Roanoke Salt Water Disposal Facility and the Roanoke Compressor Facility, and all of Assignors' right, title and interest in any and all contracts and agreements relating to the leases and lands assigned.

TO HAVE AND TO HOLD the same unto Assignee, Assignee's heirs, successors and assigns forever, subject to the terms and provisions of said leases, assignments thereof and contracts relating thereto and all royalties, over-riding royalties, production payments and like lease burdens presently out-standing which Assignee hereby assumes to the extent of the interest hereby assigned and further subject to the following terms and conditions:

1.  All oil and/or condensate in the tanks on the effective date hereof which is attributable to Assignors' interest shall remain the property of Assignors.  Assignors shall bill Assignee for their portion of said oil and/or condensate (less taxes and royalties).

2.  As of the effective date hereof, 1985 taxes attributable to Assignors' leases, lands, equipment and personal property assigned hereby shall be prorated between the parties as follows:

COB: 462187; Page: 1; Filed: 10/18/1985 1:00:00AM [jeffersondavis: ]

RECEIVED AND FILED
1985 OCT 18  AM 8 52

774

| Assignors | 8/12 |
| Assignee | 4/12 |

3.    Assignee shall remit to Assignors, in addition to the consideration paid herefor, the sale's tax applicable to the value of the tangible personal property herein assigned.

4.    As of the effective date hereof, Assignee agrees to indemnify and save Assignors harmless from all claims, debts, liens (including discharge of all liens) and any liability of whatsoever kind, character or nature that may arise in connection with the wells and/or the leases and lands hereby assigned, unless same is/are caused by the negligence or willful misconduct of Assignors.

5.    Assignee covenants and agrees, to the extent of the interest hereby acquired, to properly plug and abandon the wells herein conveyed in full compliance with all laws, rules and regulations of every governmental authority having jurisdiction and to clean up and restore the surface of the land surrounding said wells, and to assume any and all liabilities to surface owner(s).

6.    Immediately following any operations or cessation of operations upon the lands assigned hereunder, Assignee agrees to immediately return said lands to the same condition (or as near the same condition as is reasonably practicable) as such lands were in at the inception of operations thereon.

7.    Assignee hereby agrees to immediately notify Assignors if and when any well assigned hereby ceases to produce.

8.    This Agreement is made with full substitution and subrogation in and to all the rights and actions of warranty which Assignors have or may have against all former owners and assignors, but without warranty of title, either express or implied, except that Assignors warrant that they have not heretofore conveyed or sold the interests herein assigned, and that the said interests are free and clear of mortgages and liens placed thereon by Assignors.  As to the equipment herein conveyed, Assignors make no warranty of any kind, express or implied, including no warranty of merchantability, condition, quantity or fitness for use.

9.    All of the covenants, stipulations and obligations hereof shall inure to the benefit of and be binding upon the parties hereto, their successors and assigns.

-2-

COB: 462187; Page: 2; Filed: 10/16/1985 1:00:00AM [jeffersondavis: ]

775

IN WITNESS WHEREOF, this instrument is executed the _____ day of _____, 1985, but is effective as of September 1, 1985, at 7:00 a.m.

WITNESSES:

HOUSTON OIL & MINERALS CORPORATION

By: _____
W. C. Melnar, Attorney in Fact

INTERFIRST BANK HOUSTON, N.A.
TRUSTEE OF THE HOUSTON OIL TRUST

By: _____

JOHN W. McGOWAN

By: _____

It is hereby recognized that the Houston Oil Trust has no interest in personal property or equipment, that its interest is a non-possessory, non-operating interest and nothing herein shall be construed to indicate the contrary.

INTERFIRST BANK HOUSTON, N.A.
TRUSTEE OF THE HOUSTON OIL TRUST

By: _____
George J. Hamilton, Vice President

THE STATE OF TEXAS

COUNTY OF HARRIS

On this the _____ day of _____, 1985, before me appeared W. C. Melnar, to me personally known, who, being by me duly sworn, did say that he is Attorney in Fact of Houston Oil & Minerals Corporation, a corporation, and that the foregoing instrument was signed in behalf of the corporation by authority of its Board of Directors, and that he acknowledged the instrument to be the free act and deed of said corporation.

IN WITNESS WHEREOF, I hereunder set my hand and official seal.

LaRae Lankford
My Commission Expires:
November 30, 19__

_____
Notary Public

My Commission Expires: _____

-3-

776

THE STATE OF TEXAS

COUNTY OF HARRIS

    This instrument was acknowledged before me on *September 26*, 1985, by George R. Hamilton, Vice President, Interfirst Bank Houston, N.A., as Trustee on behalf of the Houston Oil Trust.

VIRGINIA M. ACKERMAN
Notary Public, State of Texas
My Commission Expires: 9-20-86
3158

                                        _Virginia M. Ackerman_
                                                Notary Public

My Commission Expires:

_____


THE STATE OF *Texas*

*County* OF *Harris*

    On this the *17th* day of *October*_____, 1985, before me appeared John W. McGowan, to me personally known, who, being by me duly sworn, did say that he executed the same for the purposes and consideration therein expressed.

    IN WITNESS WHEREOF, I hereunder set my hand and official seal.

LaRae Lankford
My Commission Expires:
November 30, 19__

                                   _LaRae Lankford_
                                   Notary Public

My Commission Expires:

_____

COB: 462187, Page: 4; Filed: 10/18/1985 1:00:00AM [jeffersondavis:]

-4-

777

**EXHIBIT "A"**

Attached to and made a part of that certain
Assignment and Bill of Sale by and between
Houston Oil & Minerals Corporation,
Interfirst Bank Houston, N.A.,
Trustee of the Houston Oil Trust and
John W. McGowan
effective September 1, 1985.

119715-1     That certain Oil, Gas and Mineral Lease dated August 7, 1973, by
and between Helen H. Thomas, et al, as Lessors and Houston Oil &
Minerals Corporation, as Lessee, covering 200 acres, more or
less, as recorded in Book 389, Page 499 of the Conveyance Records
of Jefferson Davis Parish, Louisiana, insofar and only insofar as
said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between
the depths of 10,240 feet and 10,350 feet in the Houston Oil &
Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and
10,470 feet in the Houston Oil & Minerals Corporation
N. H. Thomas Well;

(c)  The sand encountered between the depths of 10,665 feet and
10,760 feet in the Houston Oil & Minerals Corporation (Shell)
Carter No. 4 Well; and

(d)  The Marg 1 Sand being the reservoir encountered between the
depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas
No. 1 Well;

(e)  The Marg 2 Sand being the reservoir encountered between the
depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas
No. 1 Well;

(f)  The Marg 3 Sand being the reservoir encountered between the
depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas
No. 2 Well;

(g)  The Het 4S2 Sand being the reservoir encountered between the
depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas
No. 1 Well; and

(h)  The V  Sand being the reservoir encountered between the
depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

119715-2     That certain Oil, Gas and Mineral Lease dated January 1, 1977, by
and between Exxon Corporation, as Lessor and Houston Oil &
Minerals Corporation, as Lessee, covering 200 acres, more or
less, as recorded in Book 436, Page 873 of the Conveyance Records
of Jefferson Davis Parish, Louisiana, insofar and only insofar as
said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between
the depths of 10,240 feet and 10,350 feet in the Houston Oil &
Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and
10,470 feet in the Houston Oil & Minerals Corporation
N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and
10,760 feet in the Houston Oil & Minerals Corporation (Shell)
Carter No. 4 Well.

COB: 462187; Page: 5; Filed 10/18/1985 1:00:00AM [jeffersondavis:]

778

COB: 462187, Page: 6; Filed: 10/18/1985 1:00:00AM [jeffersondavis: ]

(d)  The Marg 1 Sand being the reservoir encountered between the depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas No. 1 Well;

(e)  The Marg 2 Sand being the reservoir encountered between the depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas No. 1 Well;

(f)  The Marg 3 Sand being the reservoir encountered between the depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas No. 2 Well;

(g)  The Net 4S2 Sand being the reservoir encountered between the depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas No. 1 Well; and

(h)  The V  Sand being the reservoir encountered between the depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

119724     That certain Oil, Gas and Mineral Lease dated June 23, 1928, by and between C. N. Taylor, as Lessor and W. H. Cocke, et al, as Lessees, covering 170 acres, more or less, as recorded in Book 33, Page 29 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following described lands in Jefferson Davis Parish, Louisiana, to-wit:

Township 9 South, Range 4 West

Section 12:  S/2 SW/4 and S/2 of west 10 acres of SE/4, only insofar as said lands cover those zones and forma-tions below 9,772 feet and the following intervals above 9,772:

(a)  Frio formation as found in the Houston Oil & Minerals Corporation Devilbiss No. B-19 Well between the depths of 9,407' and 9,414' and between the depths of 9,423' and 9,434';

(b)  Marg 3 C formation as found in the Houston Oil & Minerals Corporation Tayor No. 3 Well between the depths of 8,590' and 8,595';

(c)  Frio 1 A formation as found in the Houston Oil & Minerals Corporation Taylor No. 10 Well between the depths of 8,768' and 8,776'; and

(d)  Marg 1 formation as found in the Houston Oil & Minerals Corporation Taylor No. 16 Well between the depths of 8,400' and 8,406'.

N/2 SW/4, N/2 of west 10 acres of SE/4

119725     That certain Oil, Gas and Mineral Lease dated June 6, 1928, by and between J. W. Devilbiss, as Lessor and W. H. Cocke, et al, as Lessees, covering 160 acres, more or less, as recorded in Book 32, Page 601 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers those zones and formations above 9,600 feet subsurface, less and except the Hayes RA SU A and insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

779

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119726-1    That certain Oil, Gas and Mineral Lease dated June 27, 1956, by and between Lorena Kratzer, et al, as Lessors and Humble Oil & Refining Company, as Lessee, covering 80 acres, more or less, as recorded in Book 206, Page 184 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well;

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well; and

(d)  The Marg 3 Sand being the reservoir encountered between the depths of 8,634 feet and 8,682 feet in the Humble L. Kratzer No. 2 Well.

119726-2    That certain Oil, Gas and Mineral Lease dated June 1, 1959, by and between W. E. Walker, as Lessor and Humble Oil & Refining Company, as Lessee, covering 80 acres, more or less, as recorded in Book 233, Page 463 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

(d)  The Marg 3 Sand being the reservoir encountered between the depths of 8,634 feet and 8,682 feet in the Humble L. Kratzer No. 2 Well.

119726-3    That certain Oil, Gas and Mineral Lease dated June 2, 1959, by and between Calcasieu Real Estate & Oil Company, Inc., as Lessor and Humble Oil & Refining Company, as Lessee, covering 80 acres, more or less, as recorded in Book 233, Page 467 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

COB: 462187; Page: 7; Filed: 10/18/1985 1:00:00AM [jeffersondavis:]

780

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

(d)  The Marg 3 Sand being the reservoir encountered between the depths of 8,634 feet and 8,682 feet in the Humble L. Kratzer No. 2 Well.

119727    That certain Oil, Gas and Mineral Lease dated June 21, 1928, by and between Martin Kratzer, as Lessor and W. H. Cocke, et al, as Lessees, covering 40 acres, more or less, as recorded in Book 32, Page 604 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well;

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well;

(d)  The Marg 1-A Sand being the reservoir encountered between the depths of 8,470 feet and 8,481 feet in the Humble M. Kratzer No. 5 Well;

(e)  The Marg 2 Sand being the reservoir encountered between the depths of 8,557 feet and 8,562 feet in the Humble M. Kratzer No. 5 Well;

(f)  The Marg 3U Sand being the reservoir encountered between the depths of 8,671 feet and 8,692 feet in the Humble M. Kratzer No. 5 Well;

(g)  The M-1 Sand being the reservoir encountered between the depths of 7,550 feet and 7,562 feet in the Humble M. Kratzer No. 7 Well;

(h)  The M-2 Sand being the reservoir encountered between the depths of 7,588 feet and 7,598 feet in the Humble M. Kratzer No. 7 Well;

(i)  The Het 1 Sand, also called the P Sand, being the reservoir encountered between the depths of 7,780 feet and 7,796 feet in the Humble M. Kratzer No. 1 Well;

(j)  The Het 2A Sand, also called the R Sand, being the reservoir encountered between the depths of 7,920 feet and 7,945 feet in the Humble M. Kratzer No. 7 Well;

(k)  The Frio 1 Sand being the reservoir encountered between the depths of 8,772 feet and 8,829 feet in the Humble M. Kratzer No. 1 Well and;

(l)  The V Sand being the reservoir encountered between the depths of 8,685 feet and 8,700 feet in the Humble M. Kratzer No. 8 Well and;

COB: 462187; Page: 8; Filed: 10/18/1985 1:00:00AM [jeffersondavis:]

-4-

781

119728    That certain Oil, Gas and Mineral Lease dated June 12, 1929, by and between Joseph Kratzer, as Lessor and Shell Petroleum Corporation, as Lessee, covering 163.32 acres, more or less, as recorded in Book 37, Page 242 of the Conveyance Records of Jefferson Davis Parish, Louisiana, less and except the 5,300' Sand Unit and the Marg 4 RA SU A.

119729    That certain Oil, Gas and Mineral Lease dated December 21, 1931, by and between Mrs. Amelia Carter, et al, as Lessors and Shell Petroleum Corporation, as Lessee, covering 327 acres, more or less, as recorded in Book 45, Page 311 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119730    That certain Oil, Gas and Mineral Lease dated September 19, 1968, by and between J. F. Pool, as Lessor and Robert G. Haik, as Lessee, covering 26.86 acres, more or less, as recorded in Book 329, Page 202 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119731    That certain Oil, Gas and Mineral Lease dated September 19, 1968, by and between Mabel L. Anding, as Lessor and Robert G. Haik, as Lessee, covering 17.11 acres, more or less, as recorded in Book 329, Page 29 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

COB: 462187; Page: 9; Filed: 10/18/1985 1:00:00AM [jeffersondavis:]

782

119732-1   That certain Oil, Gas and Mineral Lease dated November 17, 1969,
           by and between Ben Miller, et al, as Lessors and Frio-Tex Oil and
           Gas Company, as Lessee, covering 9 acres, more or less, as
           recorded in Book 345, Page 201 of the Conveyance Records of
           Jefferson Davis Parish, Louisiana, insofar and only insofar as
           said lease covers the following zones and formations:

           (a)  The Hackberry FL-1 Sand being the sand encountered between
           the depths of 10,240 feet and 10,350 feet in the Houston Oil &
           Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

           (b)  The sand encountered between the depths of 10,445 feet and
           10,470 feet in the Houston Oil & Minerals Corporation
           N. H. Thomas Well; and

           (c)  The sand encountered between the depths of 10,665 feet and
           10,760 feet in the Houston Oil & Minerals Corporation (Shell)
           Carter No. 4 Well.

119732-2   That certain Oil, Gas and Mineral Lease dated November 17, 1969,
           by and between Dave J. Miller, as Lessor and Frio-Tex Oil and Gas
           Company, as Lessee, covering 9 acres, more or less, as recorded
           in Book 345, Page 218 of the Conveyance Records of Jefferson
           Davis Parish, Louisiana, insofar and only insofar as said lease
           covers the following zones and formations:

           (a)  The Hackberry FL-1 Sand being the sand encountered between
           the depths of 10,240 feet and 10,350 feet in the Houston Oil &
           Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

           (b)  The sand encountered between the depths of 10,445 feet and
           10,470 feet in the Houston Oil & Minerals Corporation
           N. H. Thomas Well; and

           (c)  The sand encountered between the depths of 10,665 feet and
           10,760 feet in the Houston Oil & Minerals Corporation (Shell)
           Carter No. 4 Well.

119732-3   That certain Oil, Gas and Mineral Lease dated November 17, 1969,
           by and between Beethoven Miller, as Lessor and Frio-Tex Oil and
           Gas Company, as Lessee, covering 9 acres, more or less, as
           recorded in Book 345, Page 213 of the Conveyance Records of
           Jefferson Davis Parish, Louisiana, insofar and only insofar as
           said lease covers the following zones and formations:

           (a)  The Hackberry FL-1 Sand being the sand encountered between
           the depths of 10,240 feet and 10,350 feet in the Houston Oil &
           Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

           (b)  The sand encountered between the depths of 10,445 feet and
           10,470 feet in the Houston Oil & Minerals Corporation
           N. H. Thomas Well; and

           (c)  The sand encountered between the depths of 10,665 feet and
           10,760 feet in the Houston Oil & Minerals Corporation (Shell)
           Carter No. 4 Well.

119732-4   That certain Oil, Gas and Mineral Lease dated November 17, 1969,
           by and between Louetta Prince, as Lessor and Frio-Tex Oil and Gas
           Company, as Lessee, covering 9 acres, more or less, as recorded
           in Book 345, Page 208 of the Conveyance Records of Jefferson
           Davis Parish, Louisiana, insofar and only insofar as said lease
           covers the following zones and formations:

           (a)  The Hackberry FL-1 Sand being the sand encountered between
           the depths of 10,240 feet and 10,350 feet in the Houston Oil &
           Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

COB: 462187; Page: 10; Filed: 10/18/1985 1:00:00AM [jeffersondavis: ]

793

       (b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

       (c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

MCL-11309    That certain Surface Lease dated December 20, 1964, by and between Cecil F. Devilbiss, et al, as Lessors and Humble Oil & Refining Company, as Lessee, as recorded in Book 280, Page 232 of the Conveyance Records of Jefferson Davis Parish, Louisiana.

MCL-11315    That certain Right of Way Agreement dated January 24, 1977, by and between Bessie Kratzer Richard, as Grantor and Houston Oil & Minerals Corporation, as Grantee, as recorded in Book 164, Page 403216 of the Conveyance Records of Jefferson Davis Parish, Louisiana.

MCL-11505    That certain Salt Water Disposal Agreement dated April 23, 1965 by and between Louis J. Kratzer, et al and Houston Royalty Company, as recorded in Book 282, Page 323 of the Conveyance Records of Jefferson Davis Parish, Louisiana.

9S-4W-11    That certain surface tract acquired from Exxon Corporation by Houston Oil & Minerals Corporation, by instrument dated July 11, 1978, as recorded in Book 458, Page 623 of the Conveyance Records of Jefferson Davis Parish, Louisiana, more particularly described as follows:

    Beginning at a point in the East line of the Exxon Corporation's district road running north and south through the J. W. Devilbiss "B" lease, said point being 1,587.5 West and 1,346.3 feet North of the Southeast corner of Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana;

    Thence East 292.4 feet to a fence corner at the Southwest corner of the Exxon Corporation's camp site for the Southeast corner of this tract;

    Thence N-0° 04' W 772.7 feet with the West line of the camp site to a point in the South line of a district road running east and west;

    Thence West 291.5 feet with the South line of the above mentioned road to its intersection with East line of district road running north and south;

    Thence South 772.7 feet with the East line of the above mentioned road to the place of beginning and containing 5.18 acres.

COB: 462187, Page: 11; Filed: 10/18/1985 1:00:00AM [jeffersondavis; ]

-7-

784

EXHIBIT "B"

Attached to and made a part of that certain
Assignment and Bill of Sale by and between
Houston Oil & Minerals Corporation,
Interfirst Bank Houston, N.A.,
Trustee of the Houston Oil Trust and
John McGowan
effective September 1, 1985.

L. B. Kratzer Lease:

    1 - 3 ph sep. 24" x 12' 1,000# W.P.
    2 - 1,000 BBL bolted tank
    1 - 4" Daniel Senior meter run w/Barton meter

N. H. Thomas Lease:

    1 - 3 ph sep. 36" x 12' 125# W.P.
    1 - 2 ph sep. 24" x 12' 1,000 W.P.
    1 - 2" Daniel Senior meter run w/Barton meter
    2 - 210 BBL welded tank

J. Kratzer/A. Carter/J. Kratzer A-1 Tank Battery:

    1 - 3 ph sep. 4' x 12' 125# W.P.
    2 - 1,000 BBL bolted tank
    1 - 400 BBL welded SW tank
    1 - Goulds centrifical pump 1.25 x 1.5 w/5 hp elec. motor
    1 - heater treater 6' x 20' 25# W.P.
    4 - 4" Daniel Senior meter run w/Barton meter
    1 - 2 ph sep. 20" x 10' 1,000# W.P.
    1 - 3 ph sep. 16" x 15' 1,200# W.P.
    1 - Dehydrator 16" x 20' 1,200# W.P. w/100,000 BTU boiler
    1 - Chicago pneumatic compressor Model 5FE 2 stg.
        Cat. G379 gas engine
    1 - 2 ph sep. 24" x 4'6" 125# W.P.
    1 - 3 ph sep. 14" x 12' 1,000# W.P.
    1 - 2 ph sep. 36" x 12' 1,000# W.P.
    2 - 4" Daniel Senior MTR run w/Barton meter
    1 - Ingersal Rand 3 x 2 w/30 hp elect. motor
    1 - 200 BBL welded tank

C. N Taylor Lease:

    1 - Heater treater 4' x 20' 25# W.P.
    1 - 2 ph sep. 36" x 10' 125# W.P.
    1 - 2 ph sep. 40" x 12' 125# W.P.
    1 - 3 ph sep. 72" x 15' 400# W.P.
    1 - 3 ph sep. 8' x 10' 40# W.P.
    1 - 1,000 BBL bolted gun barrel
    1 - 1,000 BBL bolted SWD tank
    2 - 1,000 BBL bolted oil tank
    1 - Goulds centrifical pump 1.25 x 1.5 w/5 hp elect. motor
    1 - Ingersal Rand cent. pump 3 x 2 w/30 hp elect. motor
    1 - Gardner Denver triplex pump TA-3 w/50 hp elect. motor
    1 - Line heater 750,000 BTU 36" x 15'
    4 - Western chemical pump Model DFF1
    2 - Texsteam chemical pump Model 3711
    2 - 4" Daniel Senior MTR run w/Barton meter

COB: 462187; Page: 12; Filed: 10/18/1985 1:00:00AM [jeffersondavis: ]

785

**J. W. Devilbiss Lease:**

1 – Dehydrator 16" x 20' tower 1,440# W.P. w/100,000 BTU reboiler
1 – 2 ph sep. 20" x 7'6" horizontal 1,440# W.P.
1 – 2 ph sep. 36" x 12' vertical 125# W.P.
1 – Goulds pump 1.25 x 1.5 w/5 hp elect. motor
1 – Gaso triplex pump Model P82A w/80 hp elect. motor
1 – Heater treater 6' x 20' 25# W.P.
1 – 1,000 BBL gun barrel bolted
1 – 1,000 BBL bolted SW tank
1 – 1,000 BBL bolted oil tank
1 – 275 BBL welded oil tank
1 – Worthington QF65-4 compressor w/Wackeshau L-5790GU gas engine
2 – 4" Daniel Senior MTR run w/Barton meter
6 – 2" flange mtr. run w/Barton meter
1 – 2 ph sep. 24" x 15' 1,200# W.P.

COB: 462187; Page: 13; Filed: 10/18/1985 1:00:00AM [jeffersondavis:]

242                                                    462738

PARTIAL ASSIGNMENT
AND
BILL OF SALE


JOHN W. McGOWAN, ET UX

   TO:  Assignment

JOHN W. McGOWAN, ET AL.

                                    ENTRY NO. _____

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

        KNOW ALL MEN BY THESE PRESENTS:

        WHEREAS, JOHN W. McGOWAN, whose address is Post Office
Box 55809, Jackson, Mississippi 39216, is the owner of certain
oil, gas and mineral leases acquired from HOUSTON OIL & MINERALS
CORPORATION, a Nevada corporation, whose address is Post Office
Box 2888, Houston, Texas 77001, and INTERFIRST BANK HOUSTON, N.A.,
TRUSTEE OF THE HOUSTON OIL TRUST by assignment September 5, 1985,
but effective 7:00 A.M., September 1, 1985, recorded in Conveyance
Book 615, Page 773, file # 462187 of the records in Jefferson
Davis Parish, Louisiana.  Said property is situated in Jefferson
Davis Parish, Louisiana, more specifically described in that instru-
ment of assignment marked as Exhibit "A" attached hereto and made
a part hereof.

        NOW, THEREFORE, for and in consideration of the sum of ONE
HUNDRED ($100.00) DOLLARS and other good and valuable considera-
tion, the receipt and sufficiency of which are hereby acknowledged,
JOHN W. McGOWAN and his wife, DIANE McGOWAN, nee West, Post Office
Box 55809, Jackson, Mississippi 39216 (hereinafter referred to as
"ASSIGNOR") do, by these presents, hereby convey, transfer, assign
and deliver unto the following named parties (hereinafter referred
to as "ASSIGNEES"), all of the present right, title and interest of
ASSIGNOR in and to the said oil, gas and mineral leases more fully
described on Exhibit "A" referred to above, INSOFAR AND INSOFAR
ONLY as said leases cover the lands and depths more fully described
in said leases or in said assignments by virtue of which ASSIGNOR
acquired his interest in such leases, said interest being conveyed
in the percentages set opposite their names:


        John W. McGowan                    78 %
        Husband of Diane W. McGowan
        P. O. Box 55809
        Jackson, Mississippi 39216

        John D. Herlihy                    10 %
        Husband of Lynn K. Herlihy
        2331 Pebble Lane
        Jackson, Mississippi 39211

        Malcolm D. Smith                    5 %
        Husband of Anita M. Smith
        Route 2, Box 90
        Natchez, Mississippi 39120

        A. E. (Sonny) Faust                 2 %
        Husband of Ruth W. Faust
        P. O. Box 118
        Sibley, Mississippi 39165

**243**

| | |
|---|---|
| David B. Russell<br>Husband of Marjorie B. Russell<br>P. O. Box 4795<br>Jackson, Mississippi 39216 | 2 % |
| Ronald J. Carlock<br>Husband of Sandy B. Carlock<br># 7 Florida<br>Vidalia, Louisiana 71373 | 1 % |
| Lizabeth A. Champlin<br>Wife of Michael L. Champlin<br>5306 Canton Heights<br>Jackson, Mississippi 39211 | 1 % |
| Fred D. Faust<br>Husband of Alexis A. Faust<br>Route 1, Box 76<br>Roxie, Mississippi 39661 | 1 % |

This assignment is subject to all of the terms and conditions of each of the leases described in Exhibit "A", to all exceptions and reservations contained in any assignments, subleases or letter agreements executed by prior owners, and to all liens, encumbrances and assignments of interest securing same executed by ASSIGNOR and of record in the office of the Clerk of Court of Jefferson Davis Parish, Louisiana.

In the event ASSIGNEES, or their heirs, elect to sell the aforesaid assigned interest, ASSIGNOR, or his heirs, shall have the first option to purchase the said interest.

ASSIGNEES shall not release, surrender, abandon, or allow to terminate, in whole or in part, any interest in any lease covered by this assignment without the written consent of ASSIGNOR.

This assignment is made without any warranty of title either express or implied.

IN WITNESS WHEREOF this instrument is executed this ___11th___ day of ___November___, 1985, but effective as of September 1, 1985 at 7:00 a.m.

WITNESSES:

_Bessie B. Palmer_
_Patricia Merkley_

_Bessie B. Palmer_
_Patricia Merkley_

_John W. McGowan_
JOHN W. McGOWAN

_Diane West McGowan_
DIANE WEST McGOWAN

ASSIGNOR"

244

STATE OF MISSISSIPPI
COUNTY OF HINDS

ON THIS 11th day of ___November___, 1985, before me
personally appeared John W. McGowan and Diane West McGowan, to
me known to be the persons described in and who executed the fore-
going instrument and acknowledged that they executed the same as
their free act and deed.

IN WITNESS WHEREOF, I hereunder sign and affix my official
seal of office, on the date hereinabove written.

Margaret E. Klaas
NOTARY PUBLIC

My Commission Expires: ___March 27, 1989.___

COB. 462736; Page: 3; Filed: 11/18/1985 12:00:00AM [jeffersondavis]

245

## ASSIGNMENT AND BILL OF SALE

THE STATE OF LOUISIANA
                                    KNOW ALL MEN BY THESE PRESENTS, THAT:
PARISH OF JEFFERSON DAVIS

HOUSTON OIL & MINERALS CORPORATION, a Nevada corporation, whose address is P. O. Box 2888, Houston, Texas 77001 and INTERFIRST BANK HOUSTON, N.A., TRUSTEE OF THE HOUSTON OIL TRUST, (hereinafter referred to as "Assignors") for and in consideration of ONE HUNDRED DOLLARS AND NO/100 ($100.00) and other good and valuable consideration, receipt of which is hereby acknowledged, does hereby grant, bargain, sell, convey, transfer and assign unto JOHN W. McGOWAN, (hereinafter referred to as "Assignee"), all of Assignors' right, title and interest in the leases and lands described on Exhibit "A" attached hereto and made a part hereof, all of Assignors' right, title and interest in the wells located on said leases, all of Assignors' right, title and interest in the well equipment, fixtures and all other personal property located on and/or used in connection with the operation of said leases, said property being described on Exhibit "B" attached hereto and made a part hereof, including all of Assignors' right, title and interest in the Roanoke Salt Water Disposal Facility and the Roanoke Compressor Facility, and all of Assignors' right, title and interest in any and all contracts and agreements relating to the leases and lands assigned.

TO HAVE AND TO HOLD the same unto Assignee, Assignee's heirs, successors and assigns forever, subject to the terms and provisions of said leases, assignments thereof and contracts relating thereto and all royalties, over-riding royalties, production payments and like lease burdens presently out-standing which Assignee hereby assumes to the extent of the interest hereby assigned and further subject to the following terms and conditions:

1. All oil and/or condensate in the tanks on the effective date hereof which is attributable to Assignors' interest shall remain the property of Assignors. Assignors shall bill Assignee for their portion of said oil and/or condensate (less taxes and royalties).

2. As of the effective date hereof, 1985 taxes attributable to Assignors' leases, lands, equipment and personal property assigned hereby shall be prorated between the parties as follows:

COB: 462738; Page: 4; Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

EXHIBIT "A"

**246**

| | |
|---|---|
| Assignors | 8/12 |
| Assignee | 4/12 |

3.  Assignee shall remit to Assignors, in addition to the consideration paid herefor, the sale's tax applicable to the value of the tangible personal property herein assigned.

4.  As of the effective date hereof, Assignee agrees to indemnify and save Assignors harmless from all claims, debts, liens (including discharge of all liens) and any liability of whatsoever kind, character or nature that may arise in connection with the wells and/or the leases and lands hereby assigned, unless same is/are caused by the negligence or willful misconduct of Assignors.

5.  Assignee covenants and agrees, to the extent of the interest hereby acquired, to properly plug and abandon the wells herein conveyed in full compliance with all laws, rules and regulations of every governmental authority having jurisdiction and to clean up and restore the surface of the land surrounding said wells, and to assume any and all liabilities to surface owner(s).

6.  Immediately following any operations or cessation of operations upon the lands assigned hereunder, Assignee agrees to immediately return said lands to the same condition (or as near the same condition as is reasonably practicable) as such lands were in at the inception of operations thereon.

7.  Assignee hereby agrees to immediately notify Assignors if and when any well assigned hereby ceases to produce.

8.  This Agreement is made with full substitution and subrogation in and to all the rights and actions of warranty which Assignors have or may have against all former owners and assignors, but without warranty of title, either express or implied, except that Assignors warrant that they have not heretofore conveyed or sold the interests herein assigned, and that the said interests are free and clear of mortgages and liens placed thereon by Assignors.  As to the equipment herein conveyed, Assignors make no warranty of any kind, express or implied, including no warranty of merchantability, condition, quantity or fitness for use.

9.  All of the covenants, stipulations and obligations hereof shall inure to the benefit of and be binding upon the parties hereto, their successors and assigns.

-2-

COB: 462738; Page: 5; Filed: 11/18/1985 12:00:00AM [jeffersondavis: ]

247

IN WITNESS WHEREOF, this instrument is executed the _5TH_ day of
_September_____, 1985, but is effective as of September 1,
1985, at 7:00 a.m.

WITNESSES:

HOUSTON OIL & MINERALS CORPORATION

By: _____
    W. C. Melnar, Attorney in Fact

INTERFIRST BANK HOUSTON, N.A.
TRUSTEE OF THE HOUSTON OIL TRUST

By: _____

JOHN W. McGOWAN

By: _____

It is hereby recognized that the Houston Oil Trust has no interest in personal
property or equipment, that its interest is a non-possessory, non-operating
interest and nothing herein shall be construed to indicate the contrary.

INTERFIRST BANK HOUSTON, N.A.
TRUSTEE OF THE HOUSTON OIL TRUST

By: _____
    George A. Hamilton, Vice President

THE STATE OF TEXAS

COUNTY OF HARRIS

On this the _5th_ day of _September_____, 1985, before me
appeared _W. C. Melnar_, to me personally known,
who, being by me duly sworn, did say that he is _Attorney in Fact_
of Houston Oil & Minerals Corporation, a corporation, and that the foregoing
instrument was signed in behalf of the corporation by authority of its Board
of Directors, and that he acknowledged the instrument to be the free act and
deed of said corporation.

IN WITNESS WHEREOF, I hereunder set my hand and official seal.

LaRae Lankford
My Commission Expires:
November 30, 192?

_____
Notary Public

My Commission Expires:
_____

-3-

248

THE STATE OF TEXAS

COUNTY OF HARRIS

    This instrument was acknowledged before me on *September 26*, 1985, by George R. Hamilton, Vice President, Interfirst Bank Houston, N.A., as Trustee on behalf of the Houston Oil Trust.

VIRGINIA M ACKERMAN
Notary P. blic, State of Texas
My Commission Expires: 9-26-86
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

*Virginia M Ackerman*
Notary Public

My Commission Expires:

_____

THE STATE OF *Texas*
*County* OF *Harris*

    On this the *11th* day of *October*, 1985, before me appeared John W. McGowan, to me personally known, who, being by me duly sworn, did say that he executed the same for the purposes and consideration therein expressed.

    IN WITNESS WHEREOF, I hereunder set my hand and official seal.

LaRae Lankford
My Commission Expires:
November 30, 1988

*LaRae Lankford*
Notary Public

My Commission Expires:

_____

COB: 462738; Page: 7; Filed: 11/18/1985 12:00:00AM [jeffersondavis ]

249

EXHIBIT "A"

Attached to and made a part of that certain
Assignment and Bill of Sale by and between
Houston Oil & Minerals Corporation,
Interfirst Bank Houston, N.A.,
Trustee of the Houston Oil Trust and
John W. McGowan
effective September 1, 1985.

119715-1    That certain Oil, Gas and Mineral Lease dated August 7, 1973, by
            and between Helen H. Thomas, et al, as Lessors and Houston Oil &
            Minerals Corporation, as Lessee, covering 200 acres, more or
            less, as recorded in Book 389, Page 499 of the Conveyance Records
            of Jefferson Davis Parish, Louisiana, insofar and only insofar as
            said lease covers the following zones and formations:

            (a)  The Hackberry FL-1 Sand being the sand encountered between
            the depths of 10,240 feet and 10,350 feet in the Houston Oil &
            Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

            (b)  The sand encountered between the depths of 10,445 feet and
            10,470 feet in the Houston Oil & Minerals Corporation
            N. H. Thomas Well;

            (c)  The sand encountered between the depths of 10,665 feet and
            10,760 feet in the Houston Oil & Minerals Corporation (Shell)
            Carter No. 4 Well; and

            (d)  The Marg 1 Sand being the reservoir encountered between the
            depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas
            No. 1 Well;

            (e)  The Marg 2 Sand being the reservoir encountered between the
            depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas
            No. 1 Well;

            (f)  The Marg 3 Sand being the reservoir encountered between the
            depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas
            No. 2 Well;

            (g)  The Het 4S2 Sand being the reservoir encountered between the
            depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas
            No. 1 Well; and

            (h)  The V  Sand being the reservoir encountered between the
            depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

119715-2    That certain Oil, Gas and Mineral Lease dated January 1, 1977, by
            and between Exxon Corporation, as Lessor and Houston Oil &
            Minerals Corporation, as Lessee, covering 200 acres, more or
            less, as recorded in Book 436, Page 873 of the Conveyance Records
            of Jefferson Davis Parish, Louisiana, insofar and only insofar as
            said lease covers the following zones and formations:

            (a)  The Hackberry FL-1 Sand being the sand encountered between
            the depths of 10,240 feet and 10,350 feet in the Houston Oil &
            Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

            (b)  The sand encountered between the depths of 10,445 feet and
            10,470 feet in the Houston Oil & Minerals Corporation
            N. H. Thomas Well; and

            (c)  The sand encountered between the depths of 10,665 feet and
            10,760 feet in the Houston Oil & Minerals Corporation (Shell)
            Carter No. 4 Well.

COB: 462738; Page: 8; Filed: 11/18/1985 12:00:00AM  [jeffersondavis:]

250

(d)  The Marg 1 Sand being the reservoir encountered between the depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas No. 1 Well;

(e)  The Marg 2 Sand being the reservoir encountered between the depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas No. 1 Well;

(f)  The Marg 3 Sand being the reservoir encountered between the depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas No. 2 Well;

(g)  The Het 4S2 Sand being the reservoir encountered between the depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas No. 1 Well; and

(h)  The V  Sand being the reservoir encountered between the depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

119724      That certain Oil, Gas and Mineral Lease dated June 23, 1928, by and between C. N. Taylor, as Lessor and W. H. Cocke, et al, as Lessees, covering 170 acres, more or less, as recorded in Book 33, Page 29 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following described lands in Jefferson Davis Parish, Louisiana, to-wit:

Township 9 South, Range 4 West

Section 12:  S/2 SW/4 and S/2 of west 10 acres of SE/4, only insofar as said lands cover those zones and formations below 9,772 feet and the following intervals above 9,772:

(a)  Frio formation as found in the Houston Oil & Minerals Corporation Devilbiss No. B-19 Well between the depths of 9,407' and 9,414' and between the depths of 9,423' and 9,434';

(b)  Marg 3 C formation as found in the Houston Oil & Minerals Corporation Tayor No. 3 Well between the depths of 8,590' and 8,595';

(c)  Frio 1 A formation as found in the Houston Oil & Minerals Corporation Taylor No. 10 Well between the depths of 8,768' and 8,776'; and

(d)  Marg 1 formation as found in the Houston Oil & Minerals Corporation Taylor No. 16 Well between the depths of 8,400' and 8,406'.

N/2 SW/4, N/2 of west 10 acres of SE/4

119725      That certain Oil, Gas and Mineral Lease dated June 6, 1928, by and between J. W. Devilbiss, as Lessor and W. H. Cocke, et al, as Lessees, covering 160 acres, more or less, as recorded in Book 32, Page 601 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers those zones and formations above 9,600 feet subsurface, less and except the Hayes RA SU A and insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

COB: 482738, Page: 9, Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

251

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119726-1    That certain Oil, Gas and Mineral Lease dated June 27, 1956, by and between Lorena Kratzer, et al, as Lessors and Humble Oil & Refining Company, as Lessee, covering 80 acres, more or less, as recorded in Book 206, Page 184 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well;

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well; and

(d)  The Marg 3 Sand being the reservoir encountered between the depths of 8,634 feet and 8,682 feet in the Humble L. Kratzer No. 2 Well.

119726-2    That certain Oil, Gas and Mineral Lease dated June 1, 1959, by and between W. E. Walker, as Lessor and Humble Oil & Refining Company, as Lessee, covering 80 acres, more or less, as recorded in Book 233, Page 463 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

(d)  The Marg 3 Sand being the reservoir encountered between the depths of 8,634 feet and 8,682 feet in the Humble L. Kratzer No. 2 Well.

119726-3    That certain Oil, Gas and Mineral Lease dated June 2, 1959, by and between Calcasieu Real Estate & Oil Company, Inc., as Lessor and Humble Oil & Refining Company, as Lessee, covering 80 acres, more or less, as recorded in Book 233, Page 467 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

COB: 462738; Page: 10; Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

-3-

**252**

(b)  The sand encountered between the depths of 10,445 feet and
10,470 feet in the Houston Oil & Minerals Corporation
N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and
10,760 feet in the Houston Oil & Minerals Corporation (Shell)
Carter No. 4 Well.

(d)  The Marg 3 Sand being the reservoir encountered between the
depths of 8,634 feet and 8,682 feet in the Humble L. Kratzer
No. 2 Well.

119727      That certain Oil, Gas and Mineral Lease dated June 21, 1928, by
and between Martin Kratzer, as Lessor and W. H. Cocke, et al, as
Lessees, covering 40 acres, more or less, as recorded in Book 32,
Page 604 of the Conveyance Records of Jefferson Davis Parish,
Louisiana, insofar and only insofar as said lease covers the
following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between
the depths of 10,240 feet and 10,350 feet in the Houston Oil &
Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and
10,470 feet in the Houston Oil & Minerals Corporation
N. H. Thomas Well;

(c)  The sand encountered between the depths of 10,665 feet and
10,760 feet in the Houston Oil & Minerals Corporation (Shell)
Carter No. 4 Well;

(d)  The Marg 1-A Sand being the reservoir encountered between
the depths of 8,470 feet and 8,481 feet in the Humble M. Kratzer
No. 5 Well;

(e)  The Marg 2 Sand being the reservoir encountered between the
depths of 8,557 feet and 8,562 feet in the Humble M. Kratzer
No. 5 Well;

(f)  The Marg 3U Sand being the reservoir encountered between the
depths of 8,671 feet and 8,692 feet in the Humble M. Kratzer
No. 5 Well;

(g)  The M-1 Sand being the reservoir encountered between the
depths of 7,550 feet and 7,562 feet in the Humble M. Kratzer
No. 7 Well;

(h)  The M-2 Sand being the reservoir encountered between the
depths of 7,588 feet and 7,598 feet in the Humble M. Kratzer
No. 7 Well;

(i)  The Het 1 Sand, also called the P Sand, being the reservoir
encountered between the depths of 7,780 feet and 7,796 feet in
the Humble M. Kratzer No. 1 Well;

(j)  The Het 2A Sand, also called the R Sand, being the reservoir
encountered between the depths of 7,920 feet and 7,945 feet in
the Humble M. Kratzer No. 7 Well;

(k)  The Frio 1 Sand being the reservoir encountered between the
depths of 8,772 feet and 8,829 feet in the Humble M. Kratzer
No. 1 Well and;

(l)  The V Sand being the reservoir encountered between the
depths of 8,685 feet and 8,700 feet in the Humble M. Kratzer
No. 8 Well and;

COB: 462738, Page: 11, Filed: 11/18/1985 12:00:00AM [jeffersondavis: ]

253

119728   That certain Oil, Gas and Mineral Lease dated June 12, 1929, by and between Joseph Kratzer, as Lessor and Shell Petroleum Corporation, as Lessee, covering 163.32 acres, more or less, as recorded in Book 37, Page 242 of the Conveyance Records of Jefferson Davis Parish, Louisiana, less and except the 5,300' Sand Unit and the Marg 4 RA SU A.

119729   That certain Oil, Gas and Mineral Lease dated December 21, 1931, by and between Mrs. Amelia Carter, et al, as Lessors and Shell Petroleum Corporation, as Lessee, covering 327 acres, more or less, as recorded in Book 45, Page 311 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)   The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)   The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)   The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119730   That certain Oil, Gas and Mineral Lease dated September 19, 1968, by and between J. F. Pool, as Lessor and Robert G. Haik, as Lessee, covering 26.86 acres, more or less, as recorded in Book 329, Page 202 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)   The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)   The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)   The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119731   That certain Oil, Gas and Mineral Lease dated September 19, 1968, by and between Mabel L. Anding, as Lessor and Robert G. Haik, as Lessee, covering 17.11 acres, more or less, as recorded in Book 329, Page 29 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)   The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)   The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)   The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

COB: 462738; Page: 12; Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

254

COB: 462738, Page: 13; Filed: 11/18/1985 12:00:00AM [jeffersondavis ]

119732-1    That certain Oil, Gas and Mineral Lease dated November·17, 1969, by and between Ben Miller, et al, as Lessors and Frio-Tex Oil and Gas Company, as Lessee, covering 9 acres, more or less, as recorded in Book 345, Page 201 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the·depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119732-2    That certain Oil, Gas and Mineral Lease dated November 17, 1969, by and between Dave J. Miller, as Lessor and Frio-Tex Oil and Gas Company, as Lessee, covering 9 acres, more or less, as recorded in Book 345, Page 218 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119732-3    That certain Oil, Gas and Mineral Lease dated November 17,·1969, by and between Beethoven Miller, as Lessor and Frio-Tex Oil and Gas Company, as Lessee, covering 9 acres, more or less, as recorded in Book 345, Page 213 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

119732-4    That certain Oil, Gas and Mineral Lease dated November 17, 1969, by and between Louetta Prince, as Lessor and Frio-Tex Oil and Gas Company, as Lessee, covering 9 acres, more or less, as recorded in Book 345, Page 208 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered Between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

255

(b)  The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

MCL-11309   That certain Surface Lease dated December 20, 1964, by and between Cecil F. DeVilbiss, et al, as Lessors and Humble Oil & Refining Company, as Lessee, as recorded in Book 280, Page 232 of the Conveyance Records of Jefferson Davis Parish, Louisiana.

MCL-11315   That certain Right of Way Agreement dated January 24, 1977, by and between Bessie Kratzer Richard, as Grantor and Houston Oil & Minerals Corporation, as Grantee, as recorded in Book 164, Page 403216 of the Conveyance Records of Jefferson Davis Parish, Louisiana.

MCL-11505   That certain Salt Water Disposal Agreement dated April 23, 1965 by and between Louis J. Kratzer, et al and Houston Royalty Company, as recorded in Book 282, Page 323 of the Conveyance Records of Jefferson Davis Parish, Louisiana.

9S-4W-11    That certain surface tract acquired from Exxon Corporation by Houston Oil & Minerals Corporation, by instrument dated July 11, 1978, as recorded in Book 458, Page 623 of the Conveyance Records of Jefferson Davis Parish, Louisiana, more particularly described as follows:

Beginning at a point in the East line of the Exxon Corporation's district road running north and south through the J. W. DeVilbiss "B" lease, said point being 1,587.5 West and 1,346.3 feet North of the Southeast corner of Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana;

Thence East 292.4 feet to a fence corner at the Southwest corner of the Exxon Corporation's camp site for the Southeast corner of this tract;

Thence N-0° 04' W 772.7 feet with the West line of the camp site to a point in the South line of a district road running east and west;

Thence West 291.5 feet with the South line of the above mentioned road to its intersection with East line of district road running north and south;

Thence South 772.7 feet with the East line of the above mentioned road to the place of beginning and containing 5.18 acres.

COB: 462738; Page: 14; Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

-7-

256

EXHIBIT "B"

Attached to and made a part of that certain
Assignment and Bill of Sale by and between
Houston Oil & Minerals Corporation,
Interfirst Bank Houston, N.A.,
Trustee of the Houston Oil Trust and
John McGowan
effective September 1, 1985.

L. B. Kratzer Lease:

   1 - 3 ph sep. 24" x 12' 1,000# W.P.
   2 - 1,000 BBL bolted tank
   1 - 4" Daniel Senior meter run w/Barton meter

N. H. Thomas Lease:

   1 - 3 ph sep. 36" x 12' 125# W.P.
   1 - 2 ph sep. 24" x 12' 1,000 W.P.
   1 - 2" Daniel Senior meter run w/Barton meter
   2 - 210 BBL welded tank

J. Kratzer/A. Carter/J. Kratzer A-1 Tank Battery:

   1 - 3 ph sep. 4' x 12' 125# W.P.
   2 - 1,000 BBL bolted tank
   1 - 400 BBL welded SW tank
   1 - Goulds centrifical pump 1.25 x 1.5 w/5 hp elec. motor
   1 - heater treater 6' x 20' 25# W.P.
   4 - 4" Daniel Senior meter run w/Barton meter
   1 - 2 ph sep. 20" x 10' 1,000# W.P.
   1 - 3 ph sep. 16" x 15' 1,200# W.P.
   1 - Dehydrator 16" x 20' 1,200# W.P. w/100,000 BTU boiler
   1 - Chicago pneumatic compressor Model 5FE 2 stg.
      Cat. G379 gas engine
   1 - 2 ph sep. 24" x 4'6" 125# W.P.
   1 - 3 ph sep. 14" x 12' 1,000# W.P.
   1 - 2 ph sep. 36" x 12' 1,000# W.P.
   2 - 4" Daniel Senior MTR run w/Barton meter
   1 - Ingersal Rand 3 x 2 w/30 hp elect. motor
   1 - 200 BBL welded tank

C. N Taylor Lease:

   1 - Heater treater 4' x 20' 25# W.P.
   1 - 2 ph sep. 36" x 10' 125# W.P.
   1 - 2 ph sep. 40" x 12' 125# W.P.
   1 - 3 ph sep. 72" x 15' 400# W.P.
   1 - 3 ph sep. 8' x 10' 40# W.P.
   1 - 1,000 BBL bolted gun barrel
   1 - 1,000 BBL bolted SWD tank
   2 - 1,000 BBL bolted oil tank
   1 - Goulds centrifical pump 1.25 x 1.5 w/5 hp elec. motor
   1 - Ingersal Rand cent. pump 3 x 2 w/30 hp elect. motor
   1 - Gardner Denver triplex pump TA-3 w/50 hp elect. motor
   1 - Line heater 750,000 BTU 36" x 15'
   4 - Western chemical pump Model DFF1
   2 - Texsteam chemical pump Model 3711
   2 - 4" Daniel Senior MTR run w/Barton meter

COB: 462738; Page: 15; Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

257

### J. W. Devilbiss Lease:

```
1 - Dehydrator 16" x 20' tower 1,440# W.P. w/100,000 BTU reboiler
1 - 2 ph sep. 20" x 7'6" horizontal 1,440# W.P.
1 - 2 ph sep. 36" x 12' vertical 125# W.P.
1 - Goulds pump 1.25 x 1.5 w/5 hp elect. motor
1 - Gaso triplex pump Model P82A w/80 hp elect. motor
1 - Heater treater 6' x 20' 25# W.P.
1 - 1,000 BBL gun barrel bolted
1 - 1,000 BBL bolted SW tank
1 - 1,000 BBL bolted oil tank
1 - 275 BBL welded oil tank
1 - Worthington OF65-4 compressor w/Wackeshau L-5790GU gas engine
2 - 4" Daniel Senior MTR run w/Barton meter
6 - 2" flange mtr. run w/Barton meter
1 - 2 ph sep. 24" x 15' 1,200# W.P.
```

COB-462738; Page: 16; Filed: 11/18/1985 12:00:00AM [jeffersondavis ]

258

COB: 462738; Page: 17; Filed: 11/18/1985 12:00:00AM [jeffersondavis:]

STATE OF LOUISIANA,
PARISH OF JEFFERSON DAVIS } Office of Clerk of Court 31st Jud. Dist.

I HEREBY CERTIFY, That the within document is a true copy of
ORIGINAL which was this day filed and Recorded in Book _615_ of
_Conveyance_ at page _772_ at seq., File No. _462_ 187

IN TESTIMONY WHEREOF, witness my official signature and Seal at
Jennings, La., this _18_ day of _Oct_ A.D. 19__

Carrie Blanchard
Dy. Clerk of Court and Ex-officio Recorder

GAY B. HUFF, CLERK OF COURT

193

466301

RECEIVED AND FILED
1986 APR 25   AM 11: 43

*Gay B. Hug*
CLERK OF COURT
JEFFERSON DAVIS PARISH

ASSIGNMENT AND BILL OF SALE

THE STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

KNOW ALL MEN BY THESE PRESENTS:

THAT, JOHN W. McGOWAN and his wife DIANE McGOWAN, nee West;

JOHN D. HERLIHY and his wife, LYNN K. HERLIHY; MALCOLM D.

SMITH and his wife, ANITA M. SMITH; A. E. (SONNY) FAUST and his wife,

RUTH W. FAUST; DAVID B. RUSSELL and his wife, MARJORIE B. RUSSELL; RONALD

J. CARLOCK and his wife, SANDY B. CARLOCK; LIZABETH A. CHAMPLIN and her

husband, MICHAEL L. CHAMPLIN; and FRED D. FAUST and his wife, ALEXIS A.

FAUST, (hereinafter referred to as "Assignors") for and in consideration

of ONE HUNDRED AND NO/100 DOLLARS ($100.00) and other good and valuable

consideration, receipt of which is hereby acknowledged, do hereby grant,

bargain, sell, convey, transfer and assign unto BROWN & McKENZIE, INC.,

(hereinafter referred to as "Assignee"), all of Assignors right, title

and interest in the leases and lands described on Exhibit "A" attached

hereto and made a part hereof, all of Assignors right, title and interest

in the wells located on said leases, all of Assignors right, title and

interest in the well equipment, fixtures and all other personal property

located on and/or used in connection with the operation of said leases,

said property being described on Exhibit "B" attached hereto and made a

part hereof.

TO HAVE AND TO HOLD the same unto Assignee, assignee's heirs,

successors and assigns forever, subject to the terms and provisions of

said leases, assignments thereof and contracts relating thereto and all

royalties, overriding royalties, production payments and like lease burdens

presently outstanding which Assignee hereby assumes to the extent of the

interest hereby assigned and further subject to the following terms and

conditions:

1. All oil and/or condensate in the tanks on the effective

date hereof which is attributable to Assignors interest shall remain the

COB: 466301: Page: 1: Filed: 4/25/1986 12:00:00AM [jeffersondavis ]

194

property of Assignors.  Assignors shall bill Assignee for their portion
of said oil and/or condensate (less taxes and royalties).

2.  As of the effective date hereof, 1986 taxes attributable to
Assignors' leases, lands, equipment and personal property assigned hereby
shall be prorated as follows:

| | |
|---|---|
| Assignors | 16 % |
| Assignee | 84 % . |

3.  Assignee shall remit to Assignors, in addition to the con-
sideration paid herefor, the sales tax applicable to the value of the
tangible personal property herein assigned.

4.  As of the effective date hereof, Assignee agrees to indemnify
and save Assignors harmless from all claims, debts, liens (including dis-
charge of all liens) and any liability of whatsoever kind, character or
nature that may arise in connection with the wells and/or the leases and
lands hereby assigned, unless same is/are caused by the negligence or will-
ful misconduct of Assignors.

5.  When Assignee has ceased production on said wells, the option
shall be given to the Assignors to take possession of the cased hole LESS
AND EXCEPT all surface equipment, tubing and all downhole equipment.  Assignee
agrees to operate said wells to the best of their ability so as to not render
the existing cemented casing in wells unusable for possible future use or
salvage.

6.  If Assignors do not exercise the option of taking possession
of said wells, Assignee covenants and agrees, to the extent of the interest
hereby acquired, to properly plug and abandon the wells herein conveyed
in full compliance with all laws, rules and regulations of every governmental
authority having jurisdiction and to clean up and restore the surface of
the land surrounding said wells, and to assume any and all liabilities to
surface owner(s).

7.  Immediately following any operations or cessation of operations
upon the lands assigned hereunder, Assignee agrees to immediately return

COB: 466301; Page: 2; Filed: 4/25/1986 12:00:00AM [jeffersondavis ]

- 2 -

195

said lands to the same condition (or as near the same condition as is reasonably practicable) as such lands were in at the inception of operations thereon.

8. Assignee hereby agrees to immediately notify Assignors if and when any well assigned hereby ceases to produce.

9. This agreement is made with full substitution and subrogation in and to all the rights and actions of warranty which Assignors have or may have against all former owners and assignors, but without warranty of title, either express or implied, except that Assignors warrant that they have not heretofore conveyed or sold the interests herein assigned, and that the said interests are free and clear of mortgages and liens placed thereon by assignors. As to the equipment herein conveyed, Assignors make no warranty of merchantability, condition, quantity or fitness for use.

10. All of the covenants, stipulations and obligations hereof shall inure to the benefit of and be binding upon the parties hereto, their successors and assigns.

IN WITNESS WHEREOF this instrument is executed this __10__ day of _MARCH_____, 1986, but effective as of 7:00 A.M., _MARCH 1_ 1986.

WITNESSES:                        ASSIGNORS:

_Ann M. Herlihy_____            _John W. McGowan_____
_Patricia Herlihy_____            JOHN W. McGOWAN

_Ann M. Herlihy_____            _Diane West McGowan_____
_Patricia Herlihy_____            DIANE WEST McGOWAN

_Ann M. Herlihy_____            _John D. Herlihy_____
_Patricia Herlihy_____            JOHN D. HERLIHY

_Ann M. Herlihy_____            _Lynn K. Herlihy_____
_Patricia Herlihy_____            LYNN K. HERLIHY

- 3 -



COB: 466301; Page: 4; Filed: 4/25/1986 12:00:00AM  [jeffersondavis: ]

197

_[signatures]_ Patricia Herlihy

FRED D. FAUST

_[signatures]_ Patricia Herlihy

ALEXIS A. FAUST

ASSIGNEE

WITNESSES:

_[signature]_

BROWN & McKENZIE, INC.

_[signature]_ Rhonda Popple

By _[signature]_

STATE OF MISSISSIPPI
COUNTY OF ____HINDS____

ON THIS 1st day of ___April___, 1986, before me personally appeared JOHN W. McGOWAN, DIANE WEST McGOWAN, JOHN D. HERLIHY, LYNN K. HERLIHY, MALCOLM D. SMITH, ANITA M. SMITH, A. E. (SONNY) FAUST, RUTH W. FAUST, DAVID B. RUSSELL, MARJORIE B. RUSSELL, RONALD CARLOCK, SANDY B. CARLOCK, LIZABETH A. CHAMPLIN, MICHAEL L. CHAMPLIN, FRED D. FAUST and ALEXIS A. FAUST, to me known to be the persons described in and who executed the foregoing instrument and acknowledged that they executed the same as their free act and deed.

IN WITNESS WHEREOF, I hereunder sign and affix my official seal of office, on the date hereinabove written.

My Commission Expires:
March 27, 1989.

_[signature]_ Margaret E. Kleas
NOTARY PUBLIC

THE STATE OF TEXAS
COUNTY OF ____Harris____

ON THIS 6th. day of ___March___, 1986, before me personally appeared ___Michael McKenzie___, to me known, who, being by me duly sworn, did say that he is ___President___ of ___Brown & McKenzie, Inc.___ and that he executed the foregoing instrument for the purposes and consideration therein expressed, he being thereunto duly authorized.

IN WITNESS WHEREOF, I hereunder sign and affix my official seal of office, on the date hereinabove written.

My Commission Expires:
SUDIE MARIE LILLY
Notary Public In & For The State of Texas
My Commission Expires 3-5-88

_[signature]_ Sudie Marie Lilly
NOTARY PUBLIC

- 5 -

198

EXHIBIT "A"

Attached to and made a part of that certain
Assignment and Bill of Sale by and between
JOHN W. McGOWAN and his wife, DIANE
McGOWAN, nee West, et al
and
BROWN & McKENZIE, INC.,

Effective_____ March 1, 1986 _____.

That certain Oil, Gas and Mineral Lease dated August 7, 1973, by
and between Helen H. Thomas, et al, as Lessors and Houston Oil &
Minerals Corporation, as Lessee, covering 200 acres, more or
less, as recorded in Book 389, Page 499 of the Conveyance Records
of Jefferson Davis Parish, Louisiana, insofar and only insofar as
said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between
the depths of 10,240 feet and 10,350 feet in the Houston Oil &
Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and
10,470 feet in the Houston Oil & Minerals Corporation
N. H. Thomas Well;

(c)  The sand encountered between the depths of 10,665 feet and
10,760 feet in the Houston Oil & Minerals Corporation (Shell)
Carter No. 4 Well; and

(d)  The Marg 1 Sand being the reservoir encountered between the
depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas
No. 1 Well;

(e)  The Marg 2 Sand being the reservoir encountered between the
depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas
No. 1 Well;

(f)  The Marg 3 Sand being the reservoir encountered between the
depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas
No. 2 Well;

(g)  The Het 4S2 Sand being the reservoir encountered between the
depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas
No. 1 Well; and

(h)  The V  Sand being the reservoir encountered between the
depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

That certain Oil, Gas and Mineral Lease dated January 1, 1977, by
and between Exxon Corporation, as Lessor and Houston Oil &
Minerals Corporation, as Lessee, covering 200 acres, more or
less, as recorded in Book 436, Page 873 of the Conveyance Records
of Jefferson Davis Parish, Louisiana, insofar and only insofar as
said lease covers the following zones and formations:

(a)  The Hackberry FL-1 Sand being the sand encountered between
the depths of 10,240 feet and 10,350 feet in the Houston Oil &
Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)  The sand encountered between the depths of 10,445 feet and
10,470 feet in the Houston Oil & Minerals Corporation
N. H. Thomas Well; and

(c)  The sand encountered between the depths of 10,665 feet and
10,760 feet in the Houston Oil & Minerals Corporation (Shell)
Carter No. 4 Well.

COB: 463301: Page: 6: Filed: 4/25/1986 12:00:00AM [jeffersondavis: ]

199

(d) The Marg 1 Sand being the reservoir encountered between the depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas No. 1 Well;

(e) The Marg 2 Sand being the reservoir encountered between the depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas No. 1 Well;

(f) The Marg 3 Sand being the reservoir encountered between the depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas No. 2 Well;

(g) The Het 4S2 Sand being the reservoir encountered between the depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas No. 1 Well; and

(h) The V Sand being the reservoir encountered between the depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

It is the intent of Assignors to assign to Assignee a 82.2917 % net revenue interest in the N.H. Thomas lease.

COB: 466301; Page: 7; Filed: 4/25/1986 12:00.00AM  [jeffersondavis ]

200

EXHIBIT   "B"


Attached to and made a part of that certain
Assignment And Bill Of Sale by and between
JOHN W. McGOWAN and his wife, DIANE
McGOWAN,   nee West
and
BROWN & McKENZIE, INC.,

Effective _____ *3-1-86* _____.


<u>N. H. Thomas Lease:</u>

    1 - 3 ph sep. 36" X 12' 1250 W.P.
    1 - 2 ph sep. 24" X 12' 1,000 ∅ W.P.
    1 - 2" Daniel Senior meter run w/Barton meter
    2 - 2∅ BBL welded tank
    All 2 3/8" tbg. in well
    All flowlines.

COB: 466301; Page: 8; Filed: 4/25/1986 12:00:00AM [jeffersondavis:]

## GAY B. HUFF, CLERK OF COURT

Page 1 of 1 Page, Exhibit "B"

BROWN & MCKENZIE TO A. L. LOOMIS III    ETALS          ASSIGNMENT

473777                          265

## ASSIGNMENT OF OIL, GAS AND MINERAL LEASE

THE STATE OF LOUISIANA          )(
                                )(    KNOW ALL MEN BY THESE PRESENTS
PARISH OF JEFFERSON DAVIS       )(

THAT for and in consideration of the sum of TEN DOLLARS ($10.00) and other good and valuable consideration in hand paid, the receipt and sufficiency of which is hereby acknowledged, BROWN AND MCKENZIE, INC. of Harris County, Texas (hereinafter called "Assignor") has BARGAINED, GRANTED, SOLD, TRANSFERRED, ASSIGNED AND CONVEYED and does by these presents BARGAIN, SELL, TRANSFER, ASSIGN AND CONVEY unto the following (hereinafter called "Assignees") the undivided interest as indicated in and to the oil, gas and mineral lease, or leases, set forth and described in Exhibit "A" attached hereto and made a part hereof, together with a like interest in the well or wells and all personal property and equipment situated on said lease, or leases, or used or obtained in connection wherewith:

SEE EXHIBIT "B" FOR THE NAMES OF THE ASSIGNEES AND A LISTING OF THEIR PERCENTAGE OF THE TOTAL 100% WORKING INTEREST.

The interests herein conveyed are subject to their proportionate part of the royalties, overriding royalties and other burdens against said leases and are further subject to provisions of any and all agreements, including but not limited to participation agreements, operating agreements, division orders, gas sales contracts and unitization agreements affecting such interests as of the date of the letter agreement dated the 14th day of April, 1986, by and between Brown and McKenzie, Inc. and A.L. Loomis, III to the extent that any of the same are referred to in said letter agreement by and between the aforementioned parties, which letter agreement refers to the interests herein conveyed. If any Assignee elects not to participate in the drilling, completing, reworking, deepening or plugging back of a well that is subject to section 12 of the operating agreement between Brown and McKenzie, Inc. (or an affiliate thereof) and Assignee, which operating agreement covers the interests herein conveyed, such Assignee shall, as provided in such section

266

12, be deemed to have relinquished all of such Assignee's interest in such well, the acreage allocated to such well for production purposes, such Assignee's interest in leasehold operating rights including equipment in such well, and such Assignee's share of production in such well.

Reference is here made to all of the instruments and the records hereof referred to or mentioned herein for all purposes in connection herewith.

As of the date of this assignment the royalties, overriding royalties, and other burdens against said lease, or leases, amount to 25% of the minerals.

TO HAVE AND TO HOLD unto these Assignees, their successor and assigns forever in accordance with the terms and provisions of said lease and leasehold rights; however, this Assignment is made without warranty of title, either expressed or implied, except as to claims arising by, through and under Assignor.

IN WITNESS WHEREOF, this the undersigned owner and Assignor has signed this instrument this 2nd day of June, 1987, but is effective as of the date of the first runs.

BROWN AND MCKENZIE, INC.

By: _____

Michael McKenzie, President

THE STATE OF TEXAS        )(

COUNTY OF HARRIS          )(

BEFORE ME, the undersigned authority, on this day personally appeared Michael McKenzie, known to me to be the person whose name is subscribed to the foregoing instrument as President of BROWN AND MCKENZIE, INC., a corporation, and acknowledged to me that he executed the same for the purposes and consideration therein expressed, in the capacity stated, and as the act and deed of said corporation.

GIVEN UNDER MY HAND AND SEAL OF OFFICE the 2nd day of June, 1987.

_____

Notary Public in and for Harris County, Texas.

BERNIECE H. WILLIAMS
Notary Public, State of Texas
My Commission Expires 6-28-89
Bonded by Carey C. Shaw

COB: 473777; Page: 2; Filed: 8/5/1987 1:00:00AM [jeffersondavis:]

267

EXHIBIT "A"

N. H. THOMAS #1 (MARG V OIL SAND)
21380
ROANOKE FIELD
JEFFERSON DAVIS PARISH, LOUISIANA

That certain Oil, Gas and Mineral Lease dated August 7, 1973, by and between Helen H. Thomas, et al, as Lessors and Houston Oil & Minerals Corporation, as Lessee, covering 200 acres, more or less, as recorded in Book 389, Page 499 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)   The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)   The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well;

(c)   The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well; and

(d)   The Marg 1 Sand being the reservoir encountered between the depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas No. 1 Well;

(e)   The Marg 2 Sand being the reservoir encountered between the depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas No. 1 Well;

(f)   The Marg 3 Sand being the reservoir encountered between the depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas No. 2 Well;

(g)   The Het 4S2 Sand being the reservoir encountered between the depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas No. 1 Well;

(h)   The V Sand being the reservoir encountered between the depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well.

That certain Oil, Gas and Mineral Lease dated January 1, 1977, by and between Exxon Corporation, as Lessor and Houston Oil & Minerals Corporation, as Lessee, covering 200 acres, more or less, as recorded in Book 436, Page 873 of the Conveyance Records of Jefferson Davis Parish, Louisiana, insofar and only insofar as said lease covers the following zones and formations:

(a)   The Hackberry FL-1 Sand being the sand encountered between the depths of 10,240 feet and 10,350 feet in the Houston Oil & Minerals Corporation (Humble) L. B. Kratzer No. 1 Well;

(b)   The sand encountered between the depths of 10,445 feet and 10,470 feet in the Houston Oil & Minerals Corporation N. H. Thomas Well; and

(c)   The sand encountered between the depths of 10,665 feet and 10,760 feet in the Houston Oil & Minerals Corporation (Shell) Carter No. 4 Well.

(d)   The Marg 1 Sand being the reservoir encountered between the depths of 8,461 feet and 8,480 feet in the Offshore N. H. Thomas No. Well;

(e)   The Marg 2 Sand being the reservoir encountered between the depths of 8,518 feet and 8,530 feet in the Offshore N. H. Thomas No. 1 Well;

(f)   The Marg 3 Sand being the reservoir encountered between the depths of 8,683 feet and 8,694 feet in the Humble N. H. Thomas No. 2 Well;

(g)   The Het 4S2 Sand being the reservoir encountered between the depths of 8,322 feet and 8,332 feet in the Offshore N. H. Thomas No. 1 Well;

(h)   The V Sand being the reservoir encountered between the depths of 8,662 feet and 8,680 feet in the Lions Logan No. 1 Well; and

(i)   This assignment covers only the portion of the acreage covered by the above lease insofar as that acreage is contained within the boundaries of the B & M Operating Co., Inc. N. H. Thomas #1 (Marg V OK Sand Unit).   A plat is attached and made a part of this Exhibit "A".

COB: 473777; Page: 3; Filed: 6/5/1987 1:00:00AM [jeffersondavis ]

268

EXHIBIT "A"



THE AREA OUTLINED IN RED IS ASSIGNED
TO PRODUCE THE MARG V OIL SAND IN THE
N.H. THOMAS #1.

LOUISIANA DEPT. OF CONSERVATION

I ,C.L Jack Stelly , hereby certify that the location of
B-&-M Operating Co  Indiv. N. Thomas   No 1
is as follows : WEST  2335' and  SOUTH  820'
from the Northeast   corner  of Section II , T9S-R4W,
Jefferson Davis Parish , Louisiana.

B & M OPERATING COMPANY INC

PERMIT   PLAT

REGISTERED  LAND  SURVEYOR  NO. 353
STATE   OF   LOUISIANA
JOHN E. CHANCE & ASSOCIATES, INC

JEFFERSON   DAVIS  PARISH ,  LOUISIANA

SCALE:  1" = 1000'                    MAY 20. 1976

C. L. JACK STELLY
REG. No. 353
REGISTERED
LAND SURVEYOR
STATE OF LOUISIANA

EXHIBIT "B"                                    269

N. H. Thomas #1
Roanoke Field
Jeff Davis Parish, LA

| | | |
|---|---|---|
| 1130 | A. L. Loomis, III | .01870250 |
| 1131 | Candace L. Lake | .00972940 |
| 1132 | Jacqueline C. Loomis | .01945880 |
| 1133 | Henry S. Loomis | .00972940 |
| 1134 | Mary Paul Loomis Hankison | .00972940 |
| 1178 | Virginia D. Loomis | .01945880 |
| 1179 | V. Sabra Loomis | .00486470 |
| 1180 | Lucy F. Loomis Page | .00972940 |
| 1181 | Gordon M. Loomis | .00486470 |
| 1202 | Amos Galpin | .01313470 |
| 1242 | William H. Joyner, Jr. | .02189130 |
| 1244 | Edward H. Arnold | .01926440 |
| 1366 | Emil Mosbacher, Jr. LTD | .01313470 |
| 1873 | Walker B. Buckner, Jr. | .01751290 |
| 1874 | Ernest Burch | .01138360 |
| 1875 | Elsie L. Burch | .01050790 |
| 1934 | Phillips Exploration | .03060590 |
| 1658 | Ronald J. Juvonen | .00629750 |
| | | |
| | TOTAL | .25000000 |

COB 473777; Page: 5; Filed 6/5/1987 1:00:00AM [jeffersondavis ]

**GAY B. HUFF, CLERK OF COURT**

482153

429

RECEIVED AND FILED
1988 AUG -1 PM 2:09
SUCCESSION
OF *Guy B. Fry*
CLERK OF COURT
NELSON H. THOMAS, JR.

NO. 26,433

* 14TH JUDICIAL DISTRICT COURT

* PARISH    OF    CALCASIEU

* STATE    OF    LOUISIANA

### JUDGMENT OF POSSESSION

Considering the record in this proceeding, the Affidavit of Death and Heirship, and the acknowledgment of the Inheritance Tax Collector that the inheritance taxes due the State of Louisiana have been paid, the Court finding the law and evidence entitling petitioners to the relief prayed for, and for the reasons this day orally assigned -

IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein declaring that Billie Sue Grissett Thomas renounces her legacy, purely, simply and unconditionally.

IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein recognizing Charlotte Thomas Landry and Rachel Helen Thomas as the sole legetees of NELSON H. THOMAS, JR., and, as such, the owners, and they are hereby sent and placed in possession of all of the property belonging to the successions of the decedent, including, but not limited to the following described property, to-wit:

### REAL ESTATE

### SEPARATE PROPERTY

1. An undivided 1/4 interest in and to:
   The Northwest quarter, the West half of the West half of the Northeast quarter of Section 11, Township 9 South, Range 4 West, Louisiana Meridian.

2. An undivided 1/2 interest in and to:
   The North half of Section 15, the South half of the Southwest quarter of Section 24 and the Northwest quarter of Section 25 all in Township 9 South, Range 4 West, LESS AND EXCEPT, Item 3 of separate property. Also LESS AND EXCEPT 36.239 acres expropriated by the Highway Department of the State of Louisiana.

3. An undivided 5/8 interest in and to:
   That certain tract or parcel of land situated in the Northwest Quarter of Section 25 in Township 9 South, Range 4 West, in Jefferson Davis Parish, Louisiana, being more particularly described as commencing at the Southwest corner on the Northwest Quarter of Section 25 and running thence North 0° 04' West along the West line of Section 25 a distance of 1,229.0 feet; thence East a distance of 40.0 feet to a point on the East right-of-way line of the existing State Highway, said point being the point of beginning of the

LAW OFFICE
DONALD R. JORY
P. O. BOX 870
JENNINGS, LOUISIANA
70546

FILED 7-28-88
*Bertha Liebl*
Deputy Clerk of Court

430

tract herein described; thence from said point of beginning North 0° 08' West along said right-of-way line a distance of 149.95 feet; thence East along said right-of-way line a distance of 35.2 feet; thence North 0° 08' West along said right-of-way line a distance of 250.05 feet; thence East along said right-of-way line and the Eastward extension thereof a distance of 349.7 feet; thence South 0° 08' East a distance 400.0 feet; thence West a distance of 384.9 feet to the point of beginning and containing 3.33 acres of land,

4. An undivided 1/2 interest in and to:
That certain tract or parcel of land situated in the South half of the Southeast quarter of Section 27, in Township 9 South, Range 3 West in the City of Jennings, Louisiana, being more particularly described as commencing at the Southeast Corner of said Section 27, and running thence North 0° 19' 00" West along the East line of Section 27, a distance of 798.25 feet; thence South 89° 44' 10" West parallel to the South line of said Section 27, a distance of 30.0 feet to a point on the West line of Cutting Avenue, said point being the point of beginning of the tract herein described; thence from said point of beginning South 89° 44' 10" West parallel to the South line of Section 27, a distance of 300 feet; thence North 0° 19' 00" West, a distance of 149.20 feet; thence North 89° 44' 10" East, a distance of 300 feet to a point on the West line of Cutting Avenue; thence South 0° 19' 00" East 149.20 feet to point of beginning, and containing 1.027 acres, more of less, which tract is shown on the plat of survey made by Letz Engineers of Crowley, Louisiana, on April 16, 1973, which plat is annexed hereto and made a part hereof as if the same were wholly written out herein, and said plat shall control over the description as herein contained.

5. An undivided 1/2 interest in and to the following:
The Southwest quarter of Section 25, lying North of the center line of the railroad.

## STOCK

### SEPARATE PROPERTY

Jeff Davis Holding Company, issued to Nelson Thomas, Jr.

| CERTIFICATE NO. | SHARES | DATE |
|---|---|---|
| 110 | 1 | 10/3/58 |

Jeff Davis Academy issued to Nelson Thomas, Jr.

| CERTIFICATE NO. | SHARES | DATE |
|---|---|---|
| 84 | 5 | 8/31/70 |
| 115 | 2 | 2/1/71 |

One-half interest in American Rice Incorporated issued to Nelson H. Thomas, Jr., owned in common with Billie Sue Thomas

| CERTIFICATE NO. | SHARES | DATE |
|---|---|---|
| 14141-Preferred D-1 | 2,404 | 5/1/76 |
| 12155-Preferred B-5 | 1,335.65 | 5/1/76 |

One-half interest in Blue Ribbon Rice Mill issued to Nelson H. Thomas, Jr., owned in common with Billie Sue Thomas

| CERTIFICATE NO. | SHARES | DATE |
|---|---|---|
| 7662 | 17.03 | 6/10/64 |
| P2563 | 42.58 | 12/16/59 |
| C1052 | 1 | 5/15/64 |

One-half interest in Roanoke Rice Co-op issued to Nelson H.

LAW OFFICE
DONALD R. JORY
P. O. Box 970
JENNINGS, LOUISIANA
70546

COB: 482453, Page: 2; Filed: 8/1/1988 1:00:00AM [jeffersondavis:]

231

Thomas, Jr., owned in common with Billie Sue Thomas

| CERTIFICATE NO. | SHARES | DATE |
|---|---|---|
| C-66 | 1 | 4/1/64 |
| P-99 | 83 | 2/7/73 |

1/2 interest in 28 shares of Integrated Resources High Equity Partners Series 85 - a limited partnership. Account # 3330010517, owned in common with Billie Sue Thomas

1/2 interest in 6270 shares of Putnam High Yield Trust, a mutual fund, account #333-00105-25 issued to Nelson H. Thomas, Jr. and Billie Sue Thomas

1/2 interest in 179.075 shares of Lord Abbot Affiliated Fund, issued to Nelson H. Thomas, Jr. and Billie Sue Thomas

### COMMUNITY PROPERTY

An undivided one-half interest in One Commodity Credit Corporation Grain Certificate.

### CASH IN BANKS

### COMMUNITY PROPERTY

1.  One-half interest in Calcasieu Marine National Bank, Account # 702167404 - $3,529.64

2.  One-half interest in National Bank of Commerce, Account # 57407200 - $81.09

    All banks, trust companies, insurance companies, and all other persons, partnerships, unincorporated associations, or corporations having on deposit, or in their possession, or under their control, any money, credits, stocks, dividends, bonds, safety deposit boxes, lock boxes or other property depending upon or belonging to the succession of the decedent, NELSON H. THOMAS, JR. are hereby required to deliver them to the legatees named herein.

    JUDGMENT RENDERED AND SIGNED IN Chambers at Lake Charles, Louisiana, this _28th_ day of _July_, 1988.

                                     s/ Arthur B. Planchard
                                     Judge

COB: 482453: Page: 3: Filed: 8/11/1988 1:00:00AM [jeffersondavis:]

A TRUE COPY
LAKE CHARLES, LOUISIANA
7-28-88

Bertha Neal
DEPUTY CLERK OF COURT
CALCASIEU PARISH, LOUISIANA

HELEN H THOMAS ETAL            TO      JD PSH POLICE JURY       R/W

489742

**RIGHT OF WAY GRANT**

RECEIVED AND FILED
1999 SEP -6  AM 10: 36

STATE OF LOUISIANA

PARISH OF __Jefferson Davis__

KNOW ALL MEN BY THESE PRESENTS:

That __Helen H. Thomas, et. al.__, does by these presents grant unto the

Parish of __Jefferson Davis__, through its Police Jury, the necessary right-of-way for the construction, maintenance, and improvement of drainage facilities through and across his property in:

Gum Gully

NW¼ of Section 11, T9S-R4W

According to Louisiana Department of Public Works Drawing File No.

The consideration for this grant is the expectation of benefits to accrue to him by reason of the drainage improvement program.

In witness whereof this instrument is executed on this _____

__July__ _____

WITNESSES:

JDB 489742; Page: 1; Filed: 9/6/1989 1:00:00AM [jeffersondavis ]

713

513929

RECEIVED

STATE OF LOUISIANA )
) ACT OF DONATION      JUL 5   A 9: 43
PARISH OF JEFFERSON DAVIS )

BE IT KNOWN that on the day, month, and year hereinafter set out,

BEFORE ME, the undersigned Notary Public, and in the presence of the undersigned competent witnesses,

PERSONALLY CAME AND APPEARED:

<u>RACHEL HELEN THOMAS</u>,
a resident of Jefferson Davis Parish, whose permanent mailing address is 1315 N. Cutting Ave., Jennings, Louisiana 70546, social security # ███████8813,

who declared unto me, Notary, in the presence of the undersigned witnesses, that for and in consideration of the love and affection which she bears for her mother and her sister,

<u>BILLIE SUE THOMAS</u>,
born Grissett, a resident of Jefferson Davis Parish, whose permanent mailing address is 1315 N. Cutting Ave., Jennings, Louisiana 70546, social security # ███████1450,

and

<u>CHARLOTTE LANDRY</u>,
born Thomas, married to Scott Landry, a resident of Livingston Parish, whose permanent mailing address is 325 Janmar Drive, Denham Springs, Louisiana 70727, social security # 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 ;

that she does by this act and by these presents irrevocably give, donate, alienate, transfer and convey unto the said donees, the following described property, to-wit:

All of her interest, being not less than an undivided 1/8 interest in and to the Northwest Quarter, the West Half of the West Half of the Northeast Quarter of Section 11, Township 9 South, Range 4 West, Louisiana.

All of her interest, being not less than an undivided 1/4 interest in and to the North Half of Section 15, the South Half of the Southwest Quarter of Section 24 and the Northwest Quarter of Section 25, all in Township 9 South, Range 4 West, LESS AND EXCEPT, Item 3 of separate property.  Also LESS AND EXCEPT 36.239 acres expropriated by the Highway Department of the State of Louisiana.

All of her interest, being not less than an undivided 5/16 interest in and to that certain tract or parcel of land situated in the Northwest Quarter of Section 25 in Township 9 South, Range 4 West, in Jefferson Davis Parish, Louisiana, being more particularly described as commencing at the Southwest corner on the Northwest Quarter of Section 25 and running thence North 0°04' West along the West line of Section 25 a distance of 1,229.0 feet; thence East a distance of 40.0 feet to a point on the East right-of-way line of the existing State Highway, said point of beginning of the tract

COB: 513929; Page: 1; Filed: 8/5/1993 1:00:00AM [jeffersondavis ]

513929

735

herein described; thence from said point of beginning North 0°08' West along said right-of-way line a distance of 149.95 feet; thence East along said right-of-way line a distance of 35.2 feet; thence North 0°08' West along said right-of-way line a distance of 250.05 feet; thence East along said right-of-way line and the Eastward extension thereof a distance of 349.7 feet; thence South 0°08' East a distance of 400.0 feet; thence West a distance of 384.9 feet to the point of beginning and containing 3.33 acres of land.

All of her interest, being not less than an undivided 1/4 interest in and to that certain tract or parcel of land situated in the South Half of the Southeast Quarter of Section 27, in Township 9 South, Range 3 West in the City of Jennings, Louisiana, being more particularly described as commencing at the Southeast Corner of said Section 27, and running thence North 0°19'00" West along the East line of Section 27, a distance of 798.25 feet; thence South 89°44'10" West parallel to the South line of said Section 27, a distance of 30.0 feet to a point on the West line of Cutting Avenue, said point being the point of beginning of the tract herein described; thence from said point of beginning South 89°44'10" West parallel to the South line of Section 27, a distance of 300 feet; thence North 0°19'00" West, a distance of 149.20 feet; thence North 89°44'10" East, a distance of 300 feet to a point on the West line of Cutting Avenue; thence South 0°19'00" East 149.20 feet to point of beginning, and containing 1.027 acres, more or less, which tract is shown on the plat of survey made by Letz Engineers of Crowley, Louisiana, on April 16, 1973.

All of her interest, being not less than an undivided 1/4 interest in and to the Southwest Quarter of Section 25, lying North of the center line of the railroad.

This property is not the family home of donor or donees.

The said parties hereto value this donation in the sum of $113,469.00.

Donor declares that this donation does not divest her of all of her property and she has retained enough property for her subsistence.

TO HAVE AND TO HOLD the above described property, together with all and singular the rights, appurtenances, prescriptions and advantages thereunto in anywise belonging, unto the said donees, free from any lien, mortgage or encumbrance, with full and general warranty of title and with full subrogation to all of donor's rights and actions of warranty against all former owners and vendors.

And now to these presents come BILLIE SUE GRISSETT THOMAS and CHARLOTTE THOMAS LANDRY, who accept this donation with gratitude.

COB: 513928; Page: 2; Filed: 8/5/1993 1:00:00AM [jeffersondavis ]

716

THUS DONE, SIGNED AND PASSED at my office in Jennings, Louisiana, on this _29_ day of July, 1993, in the presence of me, Notary, and the undersigned competent witnesses, after reading of the whole.

WITNESSES

_____        _____
                                     **Billie Sue Grissett Thomas**

_____        _____
Vickie B. Crinier                    **Charlotte Thomas Landry**

                                     _____
                                     **Rachel Helen Thomas**

                _____
                **Notary Public**

COB: 513928, Page: 3, Filed: 8/5/1993 1:00:00AM [jeffersondavis ]

122                    540410

RECEIVED AND FILED 1ST JUDICIAL DISTRICT COURT

PARISH OF JEFFERSON DAVIS

97 FEB26 P3:55          STATE OF LOUISIANA

SUCCESSION OF BILLIE SUE GRISSETT THOMAS

DOCKET NO:   P-8-97

FILED: _____ 1997          DY. CLERK: Christy Pickle

JUDGMENT OF POSSESSION

Considering the Petition for Possession, and the record of this proceeding; satisfactory proof having been submitted to the Court that the Inheritance Taxes due the State of Louisiana have been paid and that there is no necessity for an administration of this succession; the law and the evidence entitling petitioners to the relief prayed for, and for the reasons this day orally assigned:

IT IS ORDERED, ADJUDGED AND DECREED that CHARLOTTE T. LANDRY and RACHEL HELEN THOMAS, be and they are hereby recognized as the only forced heirs of the decedent and as such, entitled to the ownership of all of the decedent's separate property in the proportion of an undivided one-half (1/2) each.  All of said property being further described as follows, to-wit:

COMMUNITY PROPERTY

NONE

SEPARATE PROPERTY

IMMOVABLE PROPERTY:
JEFFERSON DAVIS PARISH, LA

1.   An undivided 1/4 interest in and to:

The North Half (N/2) of Section Fifteen (15), the South Half of the Southwest Quarter (S/2 of SW/4) of Section Twenty-Four (24) and the Northwest Quarter (NW/4) of Section Twenty-Five (25) all in Township Nine (9) South, Range Four (4) West, LESS AND EXCEPT:
That certain tract or parcel of land situated in the Northwest Quarter (NW/4) of Section Twenty-Five (25) in Township Nine (9) South, Range Four (4) West, in Jefferson Davis Parish, Louisiana, being more particularly described as commencing at the Southwest corner of the Northwest Quarter (NW/4) of Section Twenty-Five (25) and running thence North 0° 04' West along the West line of Section Twenty-Five (25) a distance of 1,229.0 feet, thence East a distance of 40.0 feet to a point on the East right-of-way line of existing State Highway, said point being the point of beginning of the tract herein described, thence from said point of beginning North 0° 08' West along said right-of-way line a distance of 149.95 feet; thence East along said right-of-way line a distance of 35.2 feet; thence North 0° 08' West along said right-of-way line a distance of 250.05

RONALD N. ARCENEAUX
ATTORNEY AT LAW
P.O. BOX 1108
JENNINGS, LA 70546
Ph: (318) 824-8000
Fax: (318) 824-7247

COB: 540410; Page: 1; Filed: 2/26/1997 12:00:00AM [jeffersondavis: ]

540410

123

feet; thence East along said right-of-way line and the Eastward extension thereof a distance of 349.7 feet; thence South 0° 08' East a distance 400.0 feet; thence West a distance of 384.9 feet to the point of beginning and containing 3.33 acres of land:
Also LESS AND EXCEPT 36.239 acres expropriated by the Highway Department of the State of Louisiana

2.   An undivided 1/4 interest in and to:

That certain tract or parcel of land situated in the Northwest Quarter (NW/4) of Section Twenty-Five (25) in Township Nine (9) South, Range Four (4) West, in Jefferson Davis Parish, Louisiana, being more particularly described as commencing at the Southwest corner of the Northwest Quarter (NW/4) of Section Twenty-Five (25) and running thence North 0° 04' West along the West line of Section 25 a distance of 1,229.0 feet, thence East a distance of 40.0 feet to a point on the East right-of-way line of existing State Highway, said point being the point of beginning of the tract herein described, thence from said point of beginning North 0° 08' West along said right-of-way line a distance of 116.9 feet;   thence South 89° 41' East a distance of 335.2 feet; thence North 0° 08' West 150 feet; thence North 89° 41' West a distance of 300 feet; thence North 0° 08' West 133.24 feet; thence East 349.7 feet; thence South 400 feet; thence West 384.9 feet to the point of beginning.

3.   An undivided 5/8 interest in and to:

That certain tract or parcel of land situated in the South Half of the Southeast Quarter (S/2 of SE/4) of Section Twenty-Seven (27), in Township Nine (9) South, Range Three (3) West in the City of Jennings, Louisiana, being more particularly described as commencing at the Southeast Corner of said Section Twenty-Seven (27), and running thence North 0° 19' 00" West along the East line of Section Twenty-Seven (27), a distance of 798.25 feet; thence South 89° 44' 10" West parallel to the South line of said Section 27, a distance of 30.0 feet to a point on the West line of Cutting Avenue, said point being the point of beginning of the tract herein described; thence from said point of beginning South 89° 44' 10" West parallel to the South line of Section 27, a distance of 300 feet; thence North 0° 19' 00" West, a distance of 149.20 feet; thence North 89° 44' 10" East, a distance of 300 feet to a point on the East 149.20 feet to point of beginning, and containing 1.027 acres, more or less, which tract is shown on the plat of survey made by Letz Engineers of Crowley, Louisiana, on April 16, 1973.

4.   An undivided 1/4 interest in and to the following:

The Southwest Quarter (SW/4) of Section Twenty-Five (25), lying North of the center line of the railroad.

5.   An undivided 1/16 interest in and to the following:

The Northwest Quarter (NW/4), the West Half of the West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section Eleven (11), Township Nine (9) South, Range Four (4) West, Louisiana Meridian.

MOVABLE PROPERTY:

1)   Edward D. Jones & Company -
Daily Passport Cash Trust, Account #333-00082-1-4.

RICHARD M. ARCENEAUX
ATTORNEY AT LAW
P.O. BOX 1108
JENNINGS, LA 70546
Ph. (318) 874-8000
Fax: (318) 874-7247

COB: 540410, Page: 2; Filed: 2/26/1997 12:00:00AM [jeffersondavis:]

**124**

2)   Edward D. Jones & Company -
     Colonial Tax Exempt Fund, Account #333-00082-1-4.

3)   Edward D. Jones & Company -
     Putnam Tax Exempt Income Fund, Account #333-00082-1-4.

4)   Mid-South National Bank, Checking Account #2071452.

5)   One (1) lot of household furniture.

6)   One (1) 1987 Cadillac Deville, VIN#1G6CD5183H4225958.

7)   One (1) 1994 Nissan Altima, VIN#1N4BU31DXRC23C663.

That any firm, person or corporation which has in its possession any property belonging to the decedent transfer the entirety of the account or property in the proportions and capacities as hereinabove directed.

JUDGMENT RENDERED, READ AND SIGNED in Chambers at Jennings, Louisiana, on this ____ day of _____, 1997.

WENDELL R. MILLER - DISTRICT JUDGE

RICHARD M. ARCENEAUX
ATTORNEY AT LAW
P.O. BOX 1108
JENNINGS, LA 70546
Ph: (318) 824-8000
Fax: (318) 824-7247

COB: 540410; Page: 3; Filed: 2/26/1997 12:00:00AM [jeffersondavis: ]

76 1 JOHN O. GRAM
FORM AS CPN NEW SOUTH
LOUISIANA REVISED SIX NO POOLING
REV. 1-66 SUL.

551824

# OIL, GAS AND MINERAL LEASE

THIS AGREEMENT, entered into effective as of _____ July 27 _____, 19 98

by and between _____ HELEN HUNTER THOMAS, widow of Nelson H. Thomas, Sr., Individually and as
~~Usufructuary, represented herein by Helen Thomas Gladden as per that certain Power of Attorney dated February 9, 1998,~~
~~having been filed and recorded under Original Act No. 550635 in Conveyance Book 858, Page 92, of the records of~~
Jefferson Davis Parish, Louisiana; HELEN CAROL THOMAS GLADDEN, married to and living with Lyndon K.
Gladden, dealing herein with her separate and paraphernal property; CHARLOTTE THOMAS LANDRY, married to and living with
David Scott Landry, dealing herein with her separate and paraphernal property; RACHEL HELEN THOMAS, a single woman of full
age and majority, all of whose mailing address for the purpose of this agreement is 1325 1/2 North Cutting Drive, Jennings, Louisiana
70546

herein called "Lessor" (whether one or more) and _____ ST. MARY LAND AND EXPLORATION COMPANY, whose mailing

address is 1776 Lincoln Street, Suite 1100, Denver, Colorado 80203-1080
hereinafter called "Lessee", witnesseth, that:

Lessor, in consideration of the sum of _____ One Hundred Dollars and Other Valuable Consideration _____ ($ _____ 100.00 & OVC _____
hereby leases and lets unto Lessee, the exclusive right to enter upon and use the land hereinafter described for the exploration for, and produc-
tion of, oil, gas, sulphur and all other minerals, together with the use of the surface of the land for all purposes incident to the exploration for and
production, ownership, possession, storage and transportation of said minerals (either from said land or acreage pooled therewith), and the right
to dispose of salt water, with the right of ingress and egress to and from said lands at all times for such purposes, including the right to con-
struct, maintain and use roads, pipelines and/or canals thereon for operations hereunder or in connection with similar operations on adjoining
land, and including the right to remove from the land any property placed by Lessee thereon and to draw and remove casing from wells drilled
by Lessee on said land; the land to which this lease applies and which is affected hereby being situated in _____ Jefferson Davis _____
Parish, Louisiana, and described as follows, to-wit:

That certain tract or parcel of land containing 200.00 acres, more or less, being the Northwest Quarter
(NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section 11,
Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana. Said tract being bounded by lands
owned now or formerly as follows:  North by Marion Coffin Brooke Trust and Janis Pitre, et al.; South by
Thomas G. Campbell, et ux. and Robert Lynn Ferguson, et ux.; East by Martin Kratzer Estate; and West by
Cora Clayton Williams.

This lease covers and includes all servitude's, rights-of-way, streets, alleys, roads, canals, ditches, public or
private, unnavigable water bottoms adjacent to or traversing the lands described herein, whether or not
specifically described.

Wherever the fractional words and figures "one-eighth (1/8)" appear herein regarding royalty there shall be
substituted therefor  the fractional words and figures "one-fourth (1/4)" for purposes of this lease.

Lessor(s) agree and acknowledge that all monies accruing under the terms of this lease shall be paid to
Helen Hunter Thomas, her heirs or assigns.

~~See Exhibit "A" attached hereto and made a part hereof for additional terms and provisions.~~

Lessee shall use due care to avoid damages to said lands.  If any damages are actually incurred, Lessee
shall repair said lands so as to restore the said lands to its condition prior to the exercising of
its rights as far as reasonably practicable.

All land owned by the Lessor in the above mentioned Section or Sections or Surveys, all property acquired by prescription and all accre-
tion or alluvion attaching to and forming a part of said land are included herein, whether property or specifically described or not.  Whether
or not any reduction in rentals shall have previously been made, this lease, without further evidence thereof, shall immediately attach to and
affect any and all rights, titles, and interests in the above described land, including reversionary mineral rights, hereafter acquired by or inur-
ing to Lessor and Lessor's successors and assigns.

For the purpose of calculating the rental payments hereinafter provided for, the above described land is estimated to comprise _____ 200.0 _____
acres, whether it actually comprises more or less.

This lease shall be for a term of _____ Three (3) _____ years and _____ Zero (0) _____ months from the date hereof (called
"primary term") and so long thereafter as oil, gas or some other mineral is being produced or drilling operations are conducted either on this
land or on acreage pooled therewith (or with any part thereof), all as hereinafter provided for; all subject to the following conditions and
agreements:

1.  This lease shall terminate on _____ July 27 _____, 19 _____ 99 _____ unless on or before
said date the Lessee either (1) commences operations for the drilling of a well on the land, or on acreage pooled therewith (or with any part
thereof), in search of oil, gas or other minerals and thereafter continues such operations and drilling to completion or abandonment; or (2)
pays to the Lessor a rental of _____ One Hundred Fifty and NO/100 _____ Dollars ($ _____ 150.00 _____
per acre for all or that part of the land which Lessee elects to continue to hold hereunder, which payment shall maintain Lessor's rights in effect
as to such land without drilling operations for one year from the date last above mentioned; and Lessee may continue to maintain the rights
granted without drilling operations for successive twelve months' periods (during the primary term) by paying Lessor, on or before the begin-
ning of such respective periods, _____ One Hundred Fifty and NO/100 _____ Dollars ($ _____ 150.00 _____
per acre for all or that part of the land held hereunder.  Payments may be made to the Lessor or may be mailed or delivered for deposit to
the Lessor's credit to the _____ on directly to Helen Hunter Thomas _____ Bank of _____ at above address
which Bank or its successor shall continue to be the depository for such rentals as the representative of Lessor and Lessor's successors and

COB: 554824; Page: 1; Filed: 7/29/1998 1:00:00AM [jeffersondavis: ]

765

assigns; and the death or incapacity of Lessor shall not terminate or affect Lessee's right to continue to deposit all payments in said depository bank or its successor. The mailing of the check or draft of Lessee or Lessee's successors to Lessor at the address set forth above or to the said Bank on or before the rental paying date shall be considered as payment of rental and operate to maintain Lessee's rights in force and effect. Should said Bank fail or liquidate, or if it should for any reason fail or refuse to accept Lessee's check or draft, the attempted payment in the manner above provided shall not be thereby rendered ineffective and Lessee shall not be in default for failure to pay said rental until thirty (30) days after Lessor shall have furnished Lessee with a recordable instrument naming a new depository; and this provision shall apply to all such new and subsequently named depositaries. Wherever used in this lease, "operations for drilling", "drilling operations" and "operations" shall be deemed to have been commenced when work is commenced or materials placed on the ground at or near the well site preparatory to the drilling of a well.

2. Lessee, at its option, is hereby given the right and power without any further approval from Lessor, at any time and from time to time, to pool or combine the land or mineral interest covered by this lease, or any portion thereof, with other land, lease or leases and mineral interests in the immediate vicinity thereof, when, in Lessee's judgment, it is necessary or advisable to do so in order to properly explore or develop or operate said premises so as to promote the conservation of oil, gas or other minerals in and under and that may be produced from said premises or to prevent waste or to avoid the drilling of unnecessary wells or to comply with the spacing or unitization order of any Regulatory Body of the State of Louisiana or the United States having jurisdiction. The term "Regulatory Body" shall include any governmental officer, tribunal or group (civil or military) issuing orders governing the drilling of wells or the production of minerals. Such pooling shall be of adjacent tracts which will form a reasonably compact (but not necessarily contiguous) body of land for each unit, and the unit or units so created shall not exceed substantially forty (40) acres for oil but of exploration or production and substantially one hundred sixty (160) acres each for each well for gas and gas-condensate exploration or production unless a larger spacing pattern or larger drilling or production units (including a field or pool unit) shall have been fixed and established by an order of a Regulatory Body of the State of Louisiana or of the United States, in which event the unit or units shall be the same as fixed by said order. Lessee shall execute and file for record in the Conveyance Records of the Parish in which the land herein leased is situated a declaration describing the pooled acreage, and upon such filing, the unit or units shall thereby become effective, except that when a unit is created by order of a Regulatory Body the pooling shall be effective as of the effective date of such order, and no declaration shall be required in connection therewith. The royalties herein elsewhere specified, and subject to the provisions of Paragraph 10 hereof, shall be computed only on the proportionate part of the production from any pooled unit that is allocated to the land herein described; and unless otherwise allocated by order of a Regulatory Body, the amount of production to be so allocated from each pooled unit shall be that proportion of such total production that the surface area of the land affected hereby and included in the unit bears to the total surface area of all the lands included in such pooled unit. Drilling or reworking operations on or production of oil, gas or other minerals from land included in such pooled unit shall have the effect of continuing this lease in force and effect during or after the primary term as to all of the land covered hereby (including any portion of said land not included in said unit) and as to all strata underlying said land, whether or not such operations be on or such production be from land covered hereby. Any unit formed by Lessee hereunder may be created either prior to or during or after the drilling of the well which is then or thereafter becomes the unit well. Separate units may be created for oil and for gas, or for separate stratum or strata of oil or gas, even though the areas thereof overlap, and the creation of a unit as to one mineral or strata or stratum shall not exhaust the right of Lessee even as to the same well to create different or additional units for other minerals or for other strata or stratum of the same or other minerals. The failure of the leasehold title (in whole or in part) to any tract or interest therein included in a pooled unit shall not affect the validity of said unit as to the tracts or interests not subject to such failure, but the unit may thereafter be revised as hereinafter provided. Lessee shall have the right and power to reduce and diminish the extent of any unit created under the terms of this paragraph so as to eliminate from said unit any interest or lease to which title has failed or upon which there is or may be an adverse claim. Such revision of the unit shall be evidenced by an instrument in writing executed by Lessee, which shall describe the lands included in the unit as revised and shall be filed for record in the Conveyance Records of the Parish where the lands herein leased are situated. The revised declaration shall not be retroactive but shall be effective as of the date that it is filed for record. Any unit created by Lessee hereunder shall also be revised so as to conform with an order of a Regulatory Body issued after said unit was originally established; such revision shall be effective as of the effective date of such order without further declaration by Lessee, but such revision shall be limited to the stratum or strata covered by said order and shall not otherwise affect the unit originally created.

3. Lessee, may, at any time prior to or after the discovery and production of minerals on the land, execute and deliver to Lessor or file for record a release or releases of any portion or portions of the lands or any stratum or strata and be relieved of all requirements hereof as to the land, stratum or strata so released; and, in the event of a release of all strata under a portion of the land, the rental shall be reduced proportionately, according to acreage. In the event of the forfeiture of this lease for any cause, except for failure to pay royalties according to the requirements of this lease, Lessee shall have the right to retain around each well then producing oil, gas or other minerals or being drilled or worked on or shut in under Paragraph 6 hereof, the number of acres fixed and located for or in accordance with the spacing unit or pro-ration allowable order of any Regulatory Body of the State of Louisiana or of the United States under which said well is being drilled or produced, or if said well is located on a pooled unit, then Lessee may retain all of the acreage comprising said pooled unit and is equal to or spacing or proration allowable order has been issued nor any pooled unit established, then Lessee shall have the right to retain forty (40) acres surrounding each oil well then producing or being drilled or worked on, and one hundred sixty (160) acres around each gas or gas condensate well then producing, or being drilled or worked on or shut in under Paragraph 6 hereof, each of such tracts to be in as near a square form as is practicable. Lessee shall have such rights of way or servitudes affecting the acreage released or forfeited as are necessary for Lessee's operations on the land retained hereunder.

4. Prior to the time that oil, gas or some other mineral is being produced from the leased land or land pooled therewith (or with any part thereof), Lessee may maintain the rights granted during and after the primary term by carrying on operations on said lands or land pooled therewith or with any part thereof without the lapse of more than ninety (90) days between abandonment of work on one well and the commencement of operations for drilling or reworking another; and during the primary term such operations may be discontinued and the rights granted maintained by commencing or resuming rental payments, by pay on within ninety (90) days from the discontinuance of operations (recardless of the fixed rental paying date) the proportion of the fixed yearly rental that the number of days between the end of said ninety (90) days and the next ensuing rental paying date or the expiration of the primary term bears to the number months' period; but, if said ninety (90) days should expire prior to the initial rental paying date or during any year for which rental or other payment has been made, no rental shall be due until the next fixed rental paying date, or, as the case may be, for the balance or the last year of the primary term.

5. If, prior to or after the discovery of oil or gas on the lands held hereunder, a well producing oil or gas in paying quantities for 30 consecutive days should be brought in on adjacent lands not owned by Lessor and not included in a pooled unit containing all or a portion of the lands herein described, Lessee shall drill such offset well to protect the land held hereunder from drainage and within the time that a reasonable and prudent operator would drill under the same or similar circumstances; it being provided, however, that Lessee shall not be required to drill any such offset well unless the well on adjacent land is within 990 feet of any line of the lands held hereunder, nor shall such offset well be necessary where said lands are being reasonably protected by/a well on the leased premises or land pooled therewith (or with any part thereof).

6. After the production of oil, gas or any other mineral in paying quantities, either on the leased premises or on lands pooled therewith (or with any part thereof), the rights granted shall be maintained in effect during and after the primary term and without the payment of the rentals hereinabove provided for so long as oil, gas, or some other mineral is being produced in paying quantities. It is provided, however, that if, after the production of oil, gas or other minerals in paying quantities, the production thereof should cease from any cause, and Lessee is not then engaged in drilling or reworking operations, this lease shall terminate unless Lessee resumes or restores such production, or commences additional drilling, reworking or mining operations within ninety (90) days thereafter and continues such operations until the lapse of more than ninety (90) days between abandonment of work on one well and commencement of reworking operations or operations for the drilling of another, in an effort to restore production of oil, gas or other minerals, or (ii) during the primary term commences or renews the payment of rentals in the manner hereinabove provided for in connection with the abandonment of wells drilled. Lessee shall not be required to produce more than one mineral, the production of any one mineral in paying quantities and with reasonable diligence being sufficient to maintain all of Lessee's rights. In the event that any well on the land or any property pooled therewith (or with any part thereof), is capable of producing gas or gaseous substances in paying quantities but such minerals are not being produced, then Lessee shall not be required, in the absence of production or drilling operations, by commencing or resuming rental payments (herein sometimes referred to as shut in gas payments) as hereinabove provided for in connection with the abandonment of wells drilled. Should such conditions occur or exist at the end of or after the primary term, or within ninety (90) days prior to the expiration thereof, Lessee's rights may be extended beyond and after the primary term by the commencement, resumption or continuance of such payments at the rate and in the manner herein provided for rental payments during the primary term, and for the purpose of computing and making such payments the expiration date of the primary term and each anniversary date thereof shall be considered as a fixed rental paying date; provided, however, that in no event shall Lessee's rights be so extended by rental payment and without drilling operations or production of oil, gas or some other mineral for more than five consecutive years.

7. Subject to the provisions of Paragraphs 2 and 10 hereof the royalties to be paid by Lessee are: (a) on oil (which includes condensate and other liquid hydrocarbons when separated by lease separator unit), one-eighth (1/8) of that produced and saved from the land and not used for fuel in conducting operations on the property (or on acreage pooled therewith or with any part thereof, or in treating such liquids to make them marketable; (b) on gas, one-eighth (1/8) of the market value of the well of the gas used by Lessee in operations not connected with the land leased or any pooled unit containing all or a part of said land; the royalty on gas sold by Lessee to be one-eighth (1/8) of the amount realized at the well from such sales; (c) one-eighth (1/8) of the market value at the mouth of the well of gas used by Lessee in manufacturing gasoline or other by-products, except that in computing such value, there shall be excluded all gas or components thereof used in lease or unit operations, or injected into subsurface strata as hereinafter provided; (d) One Dollar ($1.00) for each ton of 2240 pounds of sulphur, payable when marketed; and (e) one-eighth (1/8) of the market value at the well or mine of all other minerals produced and saved or mined and marketed. Oil royalties shall be delivered to Lessor free of expense at Lessee's option in tanks furnished by Lessee at the well or to Lessor's credit in any pipe line connected therewith. In the event Lessor does not furnish tanks for such royalty oil and no pipe line is connected with the well, Lessee may sell Lessor's such oil at the best market price obtainable and pay Lessor the price received f.o.b. the leased property, less any severance or production tax imposed thereon. Lessee shall have full power to store, brine or other fluids into subsurface strata, and no royalties shall be due or computed on any gas or component thereof produced by Lessee and injected into subsurface stratum or strata through a well or wells located either on the land or on a pooled unit containing all or a part of the land.

8. The Lessee shall be responsible for all damages to timber and growing crops of Lessor caused by Lessee's operations.

9. All provisions hereof shall inure to the benefit of and bind the successors and assigns (in whole or in part) of Lessee and (whether by sale, inheritance, assignment, sub-lease or otherwise), but regardless of any actual or constructive notice thereof, no change in the ownership of the land or any interest therein or change in the capacity or status of Lessee or any other owner of rights hereunder, whether resulting from sale or other transfer, inheritance, interdiction, emancipation, attainment of majority or otherwise, shall impose any additional burden on Lessee, nor be binding on Lessee for making any payments hereunder unless, at least forty-five (45) days before any such payment is due, the record owner of this lease shall have been furnished with certified copy of recorded instrument or judgment evidencing such sale, trans-

COB: 554824; Page: 2; Filed: 7/29/1998 1:00:00AM [jeffersondavis: ]

10.  Lessee hereby warrants and agrees to defend the title to said land and agrees that Lessee may, at its option, discharge any tax, mortgage or other lien upon the above described lands, in the event of default of payment by Lessor, and be subrogated to the rights of the holder thereof...

11.  If the estate of either party hereto is assigned, and the privilege of assigning in whole or in part is expressly allowed...

12.  If the land herein described is owned in divided or undivided portions...

WITNESSES:

_____        _____
                               CHARLOTTE THOMAS LANDRY
                               S.S.# 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

_____        _____
                               RACHEL HELEN THOMAS
                               S.S.# 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

_____        _____
                               HELEN CAROL THOMAS GLADDEN
                               S.S.# 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, Individually and as Agent and Attorney-in-Fact for Helen Marie Thomas (S.S.# 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)

_____        _____
                               HELEN MARIE THOMAS
                               S.S.# 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

IN WITNESS WHEREOF, this instrument is executed as of the date first above written.

COB: 554824; Page; 3; Filed: 7/29/1998 1:00:00AM [jeffersondavis]

767

STATE OF_____ }
PARISH (OR COUNTY) OF_____ }
    On this_____day of_____, 19____, before me personally appeared

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that_____executed the
same as_____free act and deed.

                                                Notary Public.

STATE OF_____ }
PARISH (OR COUNTY) OF_____ }
    On this_____day of_____, 19____, before me personally appeared

to me known to be the person described in and who executed the foregoing instrument, and acknowledged that_____executed the
same as_____free act and deed.

                                                Notary Public.

STATE OF LOUISIANA }
PARISH OF____LAFAYETTE }
    BEFORE ME, the undersigned Notary Public, on this day personally appeared_____Jennifer McCallum
who, being by me duly sworn, stated under oath that____she____was one of the subscribing witnesses to the foregoing instrument and
that the same was signed by____Charlotte Thomas Landry, Rachel Helen Thomas, Helen Carol Thomas Gladden
and Helen Hunter Thomas

(Lessor, as above mentioned) in_____her_____presence and in the presence of the other subscribing witness(es).

    SWORN TO AND SUBSCRIBED before me_____July 28_____, 19 98

                                Notary Public in and for_____Lafayette_____Parish, Louisiana.

STATE OF LOUISIANA }
PARISH OF_____ }
    BEFORE ME, the undersigned Notary Public, on this day personally appeared_____
who, being by me duly sworn, stated under oath that_____was one of the subscribing witnesses to the foregoing instrument and
that the same was signed by_____

(Lessor, as above mentioned) in_____presence and in the presence of the other subscribing witness(es).

    SWORN TO AND SUBSCRIBED before me_____, 19____

                                Notary Public in and for_____Parish, Louisiana.

## CORPORATION ACKNOWLEDGMENT

STATE OF_____ }
PARISH (OR COUNTY) OF_____ }
    ON THIS_____day of_____, 19____, before me, appeared

to me personally known, who, being by me duly sworn, did say that he is the_____

of the_____and that said instrument was signed in behalf of said corporation by

authority of its Board of Directors and said_____acknowledged said instrument to

be the free act and deed of said corporation.

                                                Notary Public.

COB: 554824; Page: 4; Filed: 7/29/1998 1:00:00AM [jeffersondavis: ]

No._____

## Oil, Gas
## and Mineral Lease
### (LOUISIANA)

FROM

TO

Dated_____, 19____
No. of Acres_____
Term_____
Parish, Louisiana
This instrument was filed for record on the_____
day of_____, 19____, at
_____o'clock_____M., and duly recorded in
Book_____, Page_____of the records of this office.

By_____, Deputy

562282

7 ~ 148

## ASSIGNMENT OF OIL AND GAS LEASE

STATE OF LOUISIANA     )
                         ) ss.

PARISH OF JEFFERSON DAVIS )

KNOW ALL MEN BY THESE PRESENTS THAT:

That for and in consideration of the sum of One Hundred and No/100 Dollars ($100.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, ST MARY LAND AND EXPLORATION COMPANY, a Delaware corporation, with an address at 1776 Lincoln Street, Suite 1100, Denver, Colorado 80203 ("St. Mary"), does hereby grant, bargain, sell, assign, transfer unto the following parties, in the percentages below described:

    HS Resources, Inc.........................................50%
    (a Delaware corporation)
    1999 Broadway, Suite 3600
    Denver, Colorado 80202
    and,
    Aspect Resources LLC................................50%
    (a Colorado limited liability company)
    511 16th Street, Suite 300
    Denver, Colorado 80202

all of its right, title and interest in the leases listed on Exhibit "A", which is attached hereto and made a part hereof:

This Assignment is subject to the terms and conditions of the Leases set forth on Exhibit "A".

This Assignment is made and accepted without any warranty of title, either express or implied.

TO HAVE AND TO HOLD unto the Assignees named herein, their heirs, successors and assigns forever, the above described interests, subject to the provisions herein.

EXECUTED AND EFFECTIVE this _12th_ day of _April_, 1999.

WITNESSES:         ST. MARY LAND AND EXPLORATION COMPANY

_Betty Braun_        BY _____
_B. Lynne Ellison_        Milam Randolph Pharo
                Vice President - Land

STATE OF COLORADO   )
                   )ss
COUNTY OF DENVER    )

On this _12th_ day of _April_, 1999, before me appeared Milam Randolph Pharo, known to be as the Vice President - Land of St. Mary Land & Exploration Company, the corporation described in and that executed the within instrument, and acknowledged to me that such corporation executed the same.

Witness my hand and official seal.   _Patricia Flanigan_

My commission expires: _May 15, 1999_

Thomas Prospect
Jefferson Davis Parish, LA

COB: 562282; Page: 1; Filed: 6/4/1999 1:00:00AM [jeffersondavis: ]

562282

COB: 562282; Page: 2; Filed: 6/4/1999 1:00:00AM [jeffersondavis: ]

149

Exhibit "A"

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| LESSOR | LESSEE | LEASE DATE | RECORDATION | |
|---|---|---|---|---|
| Trahan, David, et ux | St. Mary L&E Co. | 7/30/98 | 868/193/555002 | |
| Kratzer, Jr., James, et al | St. Mary L&E Co. | 8/1/98 | 869/573/555640 | |
| Kratzer, Jr., James, et ux | | | | |
| Kratzer, Martin Wayne | | | | |
| Robicheaux, Betty Ann Kratzer | | | | |
| Kratzer, James Nolan, et ux | St. Mary L&E Co. | 7/30/98 | 868/495/555102 | |
| Benoit, Arthur Dean, et ux | St. Mary L&E Co. | 8/6/98 | 868/499/555103 | |
| Morvant, Civtrillian, Jr., et ux | St. Mary L&E Co. | 7/31/98 | 868/197/555003 | |
| Kratzer, Johnnie Mae Bergerun, et al | St. Mary L&E Co. | 8/7/98 | 869/600/555641 | |
| Kratzer, Johnnie Mae Bergeron/Usuf | | | | |
| Kratzer, Paul Dennis | | | | |
| Kratzer, Kenneth Ray | | | | |
| Menard, Dianne Kratzer | | | | |
| Kratzer, Geroge H., et al. | St. Mary L&E Co. | 8/7/98 | 871/283/556120 | |
| Kratzer, George H. | | | | |
| Kratzer, Douglas Martin | | | | |
| Pruit, Jimmy Glen, et ux | St. Mary L&E Co. | 8/6/98 | 869/582/555638 | |
| Kratzer, Jr., James, et ux | St. Mary L&E Co. | 8/7/98 | 868/840/555187 | |
| Kratzer, Jr., James, et al | St. Mary L&E Co. | 8/7/98 | 869/586/555639 | |
| Kratzer, Jr., James | | | | |
| Lessigne, Mary Jane Kratzer | | | | |
| Kratzer, Martin Wayne | | | | |
| Robicheaux, Betty Ann Kratzer | | | | |
| Kratzer, Johnnie Mae Bergeron, et al | St. Mary L&E Co. | 8/7/98 | 869/607/555642 | |
| Kratzer, Johnnie Mae Bergeron/Usuf | | | | |
| Kratzer, Paul Dennis | | | | |
| Kratzer, Kenneth Ray | | | | |
| Menard, Dianne Kratzer | | | | |
| Kratzer, Geroge H., et al. | St. Mary L&E Co. | 8/7/98 | 871/290/556121 | |
| Kratzer, Geroge H. | | | | |
| Kratzer, Douglas Martin | | | | |
| Thomas, Helen Hunter, et al. | St. Mary L&E Co. | 7/27/98 | 867/764/554824 | |
| Thomas, Helen Hunter | | | | |
| Gladden, Helen Carol Thomas | | | | |
| Landry, Thomas Charlotte | | | | |
| Thomas, Rachel Helen | | | | |

COB: 562282; Page: 3; Filed: 6/4/1999 1:00:00AM; [eflersondavis: ]

**Exhibit "A"**

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | |
|---|---|---|---|
| Thomas, Helen Hunter, et al. | St. Mary L&E Co. | 7/27/98 | 867/708/564828 |
| Thomas, Helen Hunter,Usufruct | | | |
| Gladden, Helen Carol Thomas | | | |
| Landry, Charlotte Thomas | | | |
| Thomas, Rachel Helen | | | |
| Butcher, Ruth Lorena Devilbiss | St .Mary L&E Co. | 8/2/98 | 873/274/556681 |
| Tate, Mona Lynn Devilbiss Tate,et al. | St. Mary L&E Co. | 7/22/98 | 870/097/555798 |
| Tate, Mona Lynn Devilbiss Tate | | | |
| Devilbiss, Philip W. | | | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 869/913/555772 |
| Miller, Edward G., et al. | St. Mary L&E Co. | 7/20/98 | 869/934/555776 |
| Miller, Edward G.,Usufruct | | | |
| Miller Richard E. | | | |
| Miller, James E. | | | |
| Devilbiss, Cecil F., II,et al. | St. Mary L&E Co. | 8/2/98 | 870/002/555780 |
| Devilbiss, Cecil F.,III | | | |
| Devilbiss, Carl E. | | | |
| Devilbiss, Cyrus D. | St. Mary L&E Co. | 8/2/98 | 870/006/555781 |
| Devilbiss, Alan Jerome | St. Mary L&E Co. | 7/23/98 | 870/034/555785 |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 870/055/555790 |
| Devilbiss, Carita Allene | St. Mary L&E Co. | 8/2/98 | 870/076/555794 |
| Bell, Alvey, Usufruct | St. Mary L&E Co. | 7/23/98 | 872/017/556424 |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 872/017/556393 |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/120/556413 |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/297/556409 |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/123/565803 |
| Devilbiss,Ola Mae Lee | | | |
| Devilbiss, Nina Lynn | | | |
| Devilbiss, Paul E. | | | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/198/556077 |
| Devilbiss, Thomas | | | |
| Devilbiss, Edith Louise | | | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/337/556129 |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/402/556560 |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 871/642/556386 |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/367/565656 |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/126/556414 |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/135/565805 |

150

Page 2 of 14

COB: 562282; Page: 4; Filed: 6/4/1999 1:00:00AM [efforconovis:]

**Exhibit "A"**

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | | | |
|---|---|---|---|---|---|
| Devilbiss, Ola Mae Le | | | | | |
| Devilbiss, Nina Lynn | | | | | |
| Devilbiss, Paul E. | | | | | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/193/556076 | | |
| Devilbiss, Thomas | | | | | |
| Devilbiss, Edith Louise | | | | | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/343/556130 | | |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/292/556498 | | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/057/556401 | | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 874/264/557320 | | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/621/557143 | | |
| Devilbiss, Mark David | | | | | |
| Devilbiss, Dennis Michael | | | | | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/775/557134 | | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/26/98 | 874/210/557310 | | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/846/556750 | | |
| Devilbiss, Joni Howard | St. Mary L&E Co. | 9/11/98 | 872/759/556733 | | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/827/557144 | | |
| Devilbiss, Mark David | | | | | |
| Devilbiss, Dennis Michael | | | | | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/765/557132 | | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/621/556746 | | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 8/29/98 | 874/298/557327 | | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/764/556732 | | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/26/98 | 874/225/557313 | | |
| Gerrard, Jo Beth Delahoussaye, et al | St. Mary L&E Co. | 7/31/98 | 866/264/555012 | 872/693/656717;873/316/656895;873/316/656894 | |
| Gerrard, Jo Beth Delahossaye | | | | | |
| Dyer, Pattie Sue Delahossaye | | | | | |
| Sepulveda, Linda Nell P. D. | | | | | |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/643/554840 | 872/487/656860 | |
| Devilbiss, Gwyneth Ridley | | | | | |
| Crider, Beverly Devilbiss | | | | | |
| Troutman, Roynel Devilbiss | | | | | |
| Campbell, Thomas G., et ux. | St. Mary L&E Co. | 7/27/98 | 867/743/554820 | 871/620/556291 | |
| Radliff, Virgina Devilbiss | St. Mary L&E Co. | 8/6/98 | 874/946/657666 | | |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 875/002/657857 | | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/004/556402 | | |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 874/946/657856 | | |

Page 3 of 14

COB: 562262; Page: 5; Filed: 6/4/1999 1:00:06AM. [efferondevis: ]

Exhibit "A"                                                    Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | |
|---|---|---|---|
| McCowan Working Partners | St. Mary L&E Co. | 9/20/98 | 873/129/557126 |
| Bell, Alvey, Usufruct | St. Mary L&E Co. | 7/23/98 | 871/187/556422 |
| Devilbiss, Alan Jerome | St. Mary L&E Co. | 7/28/98 | 871/589/556285 |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 874/292/557326 |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/391/556558 |
| Miller, Edward G., et al. | St. Mary L&E Co. | 7/20/98 | 871/834/556295 |
| Miller, Edward G. | | | |
| Miller, Richard E. | | | |
| Miller, James E. | | | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/29/98 | 874/233/557315 |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 871/947/556387 |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/22/98 | 872/72/556726 |
| Tate, Mona Lynn Devilbiss | | | |
| Devilbiss, Thomas | | | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/182/556074 |
| Devilbiss, Thomas | | | |
| Devilbiss, Edith Louise | | | |
| Ratliff, Virigina Devilbiss | St. Mary L&E Co. | 8/2/98 | 871/130/556064 |
| Devilbiss, Certa Ailene | St. Mary L&E Co. | 8/2/98 | 871/151/556068 |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/743/556730 |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 000/098/556068 |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/138/556416 |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/129/555804 |
| Devilbiss, Ola Mae Lee | | | |
| Devilbiss, Nina Lynn | | | |
| Devilbiss, Paul E. | | | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/637/557146 |
| Devilbiss, Mark David | | | |
| Devilbiss, Dennis Michael | | | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/618/556744 |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 872/740/557129 |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/363/556132 |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/289/556497 |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 867/260/554843  872/443/556568 |
| Gerrard, Jo Beth Delahoussaye, et al | St. Mary L&E Co. | 7/31/98 | 868/260/555015  872/667/556714,873/328/556899,873/330/556900 |
| Gerrard, Jo Beth Delahoussaye | | | |
| Dyer, Patti Sue Delahoussaye | | | |
| Sepulveda, Linda Nell D. P. | | | |

152

Page 4 of 14

COB: 562282. Page: 6: Filed: 6/4/1999 1:00:00AM [jeffersondavis: ]

Exhibit "A"    Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | | |
|---|---|---|---|---|
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/608/654833 | 872/457/656678 |
| Devilbiss, Gwyneth Ridley | | | | |
| Crider, Beverly Devilbiss | | | | |
| Troutman, Roynal Devilbiss | | | | |
| Gerrard, Jo beth Delahoussaye, et al. | St. Mary L&E Co. | 7/31/98 | 868/228/655008 | 872/698/656720 |
| Gerrard, Jo Beth Delahoussaye | | | | |
| Dyer, Pattie Sue Delahoussaye | | | | |
| Sepulvede, Linda Nell P. D. | | | | |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/763/654826 | 872/455/656674 |
| Devilbiss, Gwyneth Ridley | | | | |
| Crider, Beverly Devilbiss | | | | |
| Troutman, Roynal Devilbiss | | | | |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 867/633/654838 | 872/453/656575 |
| Redman, Elizabeath Ann Seibert | St. Mary L&E Co. | 8/6/98 | 875/032/657663 | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 873/263/656879 | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/049/656399 | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 872/260/656682 | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/28/98 | 872/728/656727 | |
| Tate, Mona Lynn Devilbiss | | | | |
| Devilbiss, Phillip W. | | | | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/795/656740 | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/662/656761 | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/760/657131 | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/791/657137 | |
| Devilbiss, Mark David | | | | |
| Devilbiss, Dennis Michael | | | | |
| Troutman, Charles Franics | St. Mary L&E Co. | 9/22/98 | 871/628/656383 | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 872/028/656395 | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/088/656406 | |
| Sanchez, Harlette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/088/656408 | |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 871/600/656287 | |
| Devilbiss, Ola Mae Lee | | | | |
| Devilbiss, Nina Lynn D. | | | | |
| Devilbiss Paul Edward | | | | |
| Miller, Edward G., et al. | St. Mary L&E Co. | 7/20/98 | 871/645/656297 | |
| Miller, Edward G., Usufructuary | | | | |
| Miller, Richard E. | | | | |
| Miller, James E. | | | | |

Page 5 of 14

COB: 562282; Page: 7; Filed: 6/4/1999 1:00:00 AM [jeffersondavis/.]

Exhibit "A"                                                                          Jefferson Davis County, Louisiana
Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | | |
|---|---|---|---|---|
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/423/656564 | 876/204/656160 |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/328/656508 | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/307/656123 | |
| Devilbiss, Cecil F., II,et al. | St. Mary L&E Co. | 8/2/98 | 871/069/656052 | |
| Devilbiss, Cecil F., III | | | | |
| Devilbiss, Carl E. | | | | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 871/089/656056 | |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 871/120/656062 | |
| Devilbiss, Carla Allene | St. Mary L&E Co. | 8/2/98 | 871/146/656067 | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/224/656082 | |
| Devilbiss, Thomas E. | | | | |
| Devilbiss, Edith Louise | | | | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 674/251/657318 | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/28/98 | 674/195/657307 | |
| Troutman, Roynel Devilbiss | St. Mary L&E Co. | 7/23/98 | 667/838/654839 | |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 667/728/654817 | |
| Gerrard, Jo Beth Delahoussaye, et ux | St. Mary L&E Co. | 7/31/98 | 668/249/656008 | |
| Gerrard, Jo Beth Deahoussaye | | | | |
| Dyer, Patti Sue Delahoussaye | | | | |
| Sepulveda, Linda Nell D. P. | | | | |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 675/043/657666 | |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 667/796/654629 | |
| Devilbiss, Gwyneth Ridley | | | | |
| Crider, Beverly Devilbiss | | | | |
| Troutman, Roynel Devilbiss | | | | |
| Bell, Alvey, Usufruct | St. Mary L&E Co. | 7/23/98 | 672/152/656418 | |
| Devilbiss, Alan Jerome | St. Mary L&E Co. | 7/28/98 | 670/040/655787 | |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 667/823/654836 | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 672/381/656856 | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 672/262/657324 | |
| Seibert, Joseph Erin | St. Mary L&E Co. | 8/11/98 | 872/386/656657 | |
| Miller, Edgar R., et al. | St. Mary L&E Co. | 7/20/98 | 669/940/655777 | |
| Miller Edgar R., Usufruct | | | | |
| Miller, Richard E. | | | | |
| Miller, James E. | | | | |
| Gerrard, Jo Beth Delahoussaye, et al | St. Mary L&E Co. | 7/31/98 | 668/239/656007 | |
| Gerrard, Jo Beth Delahoussaye | | | | |
| Dyer, Patti Sue Delahoussaye | | | | |

Page 6 of 14

154

COB: 562282; Page: 8; Filed: 6/4/1999 1:00:00AM; [jeffersondavis; ]

155

Exhibit "A"

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | |
|---|---|---|---|
| Sepulveda, Linda Nell D. P. | | | |
| Devlbiss, Nathan | St. Mary L&E Co. | 7/28/98 | #74/230/657314 |
| Devlbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 872/023/656394 |
| Tate, Mona Lynn Devliblss, et al. | St. Mary L&E Co. | 7/22/98 | 870/109/656800 |
| Tate, Mona Lynn Devliblss | | | |
| Devliblss, Philip W. | | | |
| Devlbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/177/656073 |
| Devliblss, Thomas E. | | | |
| Devliblss, Edith Louise | | | |
| Ratliff, Virginia Devlbiss | St. Mary L&E Co. | 9/2/98 | 870/061/656791 |
| Devliblss, Carla Allene | St. Mary L&E Co. | 9/2/98 | 870/062/656795 |
| Devliblss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/738/656729 |
| Devliblss, Debra Sue | St. Mary L&E Co. | 9/2/98 | 889/019/656773 |
| Sanchez, Harriette Devliblss | St. Mary L&E Co. | 9/11/98 | 872/142/656417 |
| Devliblss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/140/656806 |
| Devliblss, Ola Mae Lee | | | |
| Devliblss, Nina Lynn | | | |
| Devliblss, Paul E. | | | |
| Devlbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/843/657147 |
| Devliblss, Mark David | | | |
| Devliblss, Dennis Michael | | | |
| Devliblss, Joni Lynn | St. Mary L&E Co. | 9/25/98 | 872/805/656742 |
| Devliblss, Terry | St. Mary L&E Co. | 9/27/98 | 873/781/657135 |
| Devliblss, John Michael | St. Mary L&E Co. | 9/27/98 | 871/359/656133 |
| McCarty, Dorothy Jean Devliblss | St. Mary L&E Co. | 9/11/98 | 872/281/656496 |
| Redman, Elizabeeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 876/022/657661 |
| Dalahousaeye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/078/656464 |
| Devliblss, Nathan | St. Mary L&E Co. | 7/28/98 | 874/241/657316 |
| McCarty, Dorothy Jean Devliblss | St. Mary L&E Co. | 9/11/98 | 872/304/656500 |
| Devliblss, John Michael | St. Mary L&E Co. | 9/27/98 | 871/322/656126 |
| Devliblss, Terry | St. Mary L&E Co. | 9/27/98 | 873/765/657130 |
| Devliblss, Joni Lynn | St. Mary L&E Co. | 9/27/98 | 872/839/656748 |
| Devliblss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/806/657140 |
| Devliblss, Mark David | | | |
| Devliblss, Dennis Michael | | | |
| Devliblss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/150/656806 |
| Devliblss, Ola Mae Lee | | | |
| Devliblss, Nina Lynn | | | |

Page 7 of 14

COB: 562282; Page: 9; Filed: 6/4/1999 1:00:00AM [jeffersondavis:.]

Exhibit "A"                                                                                    Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| Name | Lessee | Date | Book/Page |
|---|---|---|---|
| Devilbiss, Paul E. | | | |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/100/556409 |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 869/924/555774 |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 877/789/556738 |
| Devilbiss, Carla Allene | St. Mary L&E Co. | 8/2/98 | 870/087/555766 |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 870/069/555702 |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/214/556080 |
| Devilbiss, Thomas E. | | | |
| Devilbiss, Edith Louise | | | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/22/98 | 870/103/555769 |
| Tate, Mona Lynn Devilbiss | | | |
| Devilbiss, Phillip W. | | | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 872/002/556360 |
| Gerrard, Jo Beth Delahoussaye, et al | St. Mary L&E Co. | 7/31/98 | 868/244/555006 |
| Gerrard, Jo Beth Delahoussaye | | | |
| Dyer, Pattie Sue Delahoussaye | | | |
| Sepulveda, Linda Nell D. P. | | | |
| Miller, Edward G., et al. | St. Mary L&E Co. | 7/20/98 | 869/945/555778 |
| Miller Edgar R., Usufruct | | | |
| Miller, Richard E. | | | |
| Miller, James E. | | | |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/418/556563 |
| Davidson, Rebecca Sue Siebert | St. Mary L&E Co. | 9/20/98 | 874/287/557321 |
| Devilbiss, Cyrus O. | St. Mary L&E Co. | 8/2/98 | 870/019/555783 |
| Devilbiss, Cecil F., II,et al. | St. Mary L&E Co. | 8/2/98 | 870/014/555782 |
| Devilbiss, Cecil F.,III | | | |
| Devilbiss, Carl E. | | | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 872/371/556554 |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 867/803/554832 |
| Campbell, Thomas G., et ux. | St. Mary L&E Co. | 7/27/98 | 867/749/554821 |
| Devilbiss, Alan Jerome | St. Mary L&E Co. | 7/28/98 | 870/045/555786 |
| Bell, Alvey, Usufruct | St. Mary L&E Co. | 7/23/98 | 877/157/556420 |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/773/554826 |
| Devilbiss, Gwyneth Ridley. | | | |
| Crider, Beverly Devilbiss | | | |
| Troutman, Roynel Devilbiss | | | |
| Redman, Elizabeath Ann Seibert | St. Mary L&E Co. | 8/6/98 | 875/042/557686 |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/043/556388 |

156

COB: 562262, Page:10; Filed: 6/4/1999,1:00:00AM [jeffersondavis:]

157

Jefferson Davis County, Louisiana
Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

Exhibit "A"

| | | | | |
|---|---|---|---|---|
| Gerard, Jo Beth Delahoussaye, et al. | St. Mary L&E Co. | 7/31/98 | 868/285/556016 | 872/685/556713;873/332/556501;873/334/556902 |
| Gerard, Jo Beth Delahoussaye | | | | |
| Dyer, Patti Sue Delahoussaye | | | | |
| Sepulveda, Linda Nell D. P. | | | | |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/849/554841 | 000/701/556721 |
| Devilbiss, Gwyneth Ridley | | | | |
| Crider, Beverly Devilbiss | | | | |
| Troutman, Roynell Devilbiss | | | | |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 867/654/554842 | 872/445/556569 |
| Bell, Alvey, Usufruct | St. Mary L&E Co. | 7/23/98 | 872/162/556421 | |
| Devilbiss, Alan Jerome | St. Mary L&E Co. | 7/26/07 | 871/684/556264 | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 873/269/556580 | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 874/277/557323 | |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/433/556556 | |
| Miller, Edgar G., et al. | St. Mary L&E Co. | 7/20/98 | 871/640/556296 | |
| Miller, Edgar G., Usufruct | | | | |
| Miller, Richard E. | | | | |
| Miller, James E. | | | | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/28/98 | 874/190/557306 | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 871/653/556385 | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/22/98 | 872/780/556737 | |
| Tate, Mona Lynn Devilbiss | | | | |
| Devilbiss, Phillip W. | | | | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/188/556076 | |
| Devilbiss, Thomas E. | | | | |
| Devilbiss, Edith Louise | | | | |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 871/175/556083 | |
| Devilbiss, Carita Allene | St. Mary L&E Co. | 8/2/98 | 871/107/556071 | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/749/556731 | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 871/094/556057 | |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 8/11/98 | 872/131/556416 | |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 871/605/556288 | |
| Devilbiss, Ola Mae Lee | | | | |
| Devilbiss, Nina Lynn | | | | |
| Devilbiss, Paul E. | | | | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/632/557145 | |
| Devilbiss, Mark David | | | | |
| Devilbiss, Dennis Michael | | | | |

Page 9 of 14

COB: 562282; Page: 11; Filed: 6/4/1999 1:00:00AM [jeffersondavis.]

Exhibit "A"

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | | |
|---|---|---|---|---|
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/810/656743 | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/770/557133 | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/348/656131 | |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/276/656465 | |
| Ferguson, Robert Lynn, etux. | St. Mary L&E Co. | 10/17/98 | 874/017/657458 | |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 875/017/657560 | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/084/656400 | |
| Campbell, Thomas G., et ux. | St. Mary L&E Co. | 7/27/98 | 867/784/654822 | 871/622/656292 |
| Morgan, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 867/718/654815 | 872/447/656670 |
| Troutman, Roynel Devilbiss | St. Mary L&E Co. | 7/23/98 | 867/723/654816 | 872/449/656671 |
| Gerrad, Jo Beth Delahoussaye,et al. | St. Mary L&E Co. | 7/31/98 | 868/275/655014 | 872/669/656715:873/324/656697:873/326/656688 |
| Gerrad, Jo Beth Delahoussaye | | | | |
| Dyer, Patti Sue Delahoussaye | | | | |
| Sepulveda, Linda Nell D. P. | | | | |
| Devilbiss, Carita Allene | St. Mary L&E Co. | 8/2/98 | 871/172/656072 | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/790/656739 | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 871/084/656055 | |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/090/656407 | |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/118/655802 | |
| Devilbiss, Ola Mae Lee | | | | |
| Devilbiss, Nina Lynn | | | | |
| Devilbiss, Paul E. | | | | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/796/567138 | |
| Devilbiss, Mark David | | | | |
| Devilbiss, Denis Michael | | | | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/641/656749 | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/788/557136 | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/312/656124 | |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/09 | 872/323/656504 | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 873/290/656694 | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 874/246/657317 | |
| Miller, Edgar G., et al. | St. Mary L&E Co. | 7/20/98 | 871/650/656266 | |
| Miller, Edgar G., Usufruct | | | | |
| Miller Richard E. | | | | |
| Miller, James E. | | | | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/28/98 | 874/200/657308 | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 871/937/656385 | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/22/98 | 872/733/656726 | |

159

Page 10 of 14

COB: 562282; Page: 12; Filed: 6/4/1999 1:00:00 AM [jeffersondavis:.]

159

Exhibit "A"

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | |
|---|---|---|---|
| Tate, Mona Lynn Devilbiss | | | |
| Devilbiss, Philip W. | | | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/229/556083 |
| Devilbiss, Thomas E. | | | |
| Devilbiss, Edith Louise | | | |
| Railiff, Virginia Devilbiss | St. Mary L&E Co. | 9/2/98 | 872/115/556061 |
| Devilbiss, Cecil F., II, et al. | St. Mary L&E Co. | 8/2/98 | 871/064/556061 |
| Devilbiss, Cecil F.,III | | | |
| Devilbiss, Carl E. | | | |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/22/98 | 872/428/556565 |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 878/038/567664 |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/033/556396 |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/219/556061 |
| Devilbiss, Thomas E. | | | |
| Devilbiss, Edith Louise | | | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co | 7/22/98 | 872/712/556724 |
| Tate, Mona Lynn Devilbiss | | | |
| Devilbiss, Philip W. | | | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 871/658/556389 |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/28/98 | 874/206/557309 |
| Miller, Edgar G., et al. | St. Mary L&E Co. | 7/20/98 | 871/624/556293 |
| Miller, Edgar G., Usufruct | | | |
| Miller, Richard E. | | | |
| Miller, James E. | | | |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/438/556567 |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 874/256/567319 |
| Devilbiss, Cecil F., II, et al. | St. Mary L&E Co. | 8/2/98 | 871/079/556054 |
| Devilbiss, Cecil F., II | | | |
| Devilbiss, Carl E. | | | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 9/2/98 | 873/285/556683 |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/316/656603 |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/317/556125 |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/734/567126 |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/631/556747 |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/801/557139 |
| Devilbiss, Mark David | | | |
| Devilbiss, Dennis Michael | | | |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 9/12/98 | 871/615/556290 |

Page 11 of 14

COB: 562262: Page: 13: Filed: 6/4/1999 1:00:00AM: [effilersondavis: ]

Exhibit "A"

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| Name | Lessor | Date | Recording | Additional |
|---|---|---|---|---|
| Devilbiss, Ola Mae Lee | | | | |
| Devilbiss, Nina Lynn | | | | |
| Devilbiss, Paul E. | | | | |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/105/656410 | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 871/110/656060 | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/775/656738 | |
| Devilbiss, Carita Allene | St. Mary L&E Co. | 8/2/98 | 871/167/656069 | |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 871/141/656066 | |
| Gerrard, Jo Beth Delahoussaye, et al. | St. Mary L&E Co. | 7/31/98 | 868/270/656013 | 872/691/656716,873/520/656895, 873/522/55896 |
| Gerrard, Jo Beth Delahoussaye | | | | |
| Dyer, Pattie Sue Delahoussaye | | | | |
| Sepulveda, Linda N. D. | | | | |
| Moran, Donald R., et ux. | St. Mary L&E Co. | 7/21/98 | 867/828/654837 | 872/481/656577 |
| Troutman, Roynel Devilbiss | St. Mary L&E Co. | 7/23/98 | 867/813/654834 | 872/459/656576 |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 870/027/657882 | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/038/656397 | |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/110/65641 | |
| Guillory Ernest Paul, et ux. | St. Mary L&E Co. | 10/1/98 | 872/707/656723 | |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/313/656502 | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/327/656127 | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/738/657127 | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/828/656746 | |
| Devilbiss, Mark David, et al. | St. Mary L&E Co. | 9/20/98 | 873/811/657141 | |
| Devilbiss, Mark David | | | | |
| Devilbiss, Dennis Michael | | | | |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 870/143/655807 | |
| Devilbiss, Ola Mae Lee | | | | |
| Devilbiss, Nina Lynn | | | | |
| Devilbiss, Paul E. | | | | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 869/029/656776 | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/770/656735 | |
| Devilbiss, Allene Carita | St. Mary L&E Co. | 8/2/98 | 870/092/655797 | |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 870/071/655793 | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/209/656078 | |
| Devilbiss, Thomas E. | | | | |
| Devilbiss, Edith Louise | | | | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/22/98 | 870/113/655801 | |
| Tate, Mona Lynn Devilbiss | | | | |

Page 12 of 14

COB: 562262, Page: 14, Filed: 6/4/1999 1:00:00AM, [eflerodavis.]

Exhibit "A"

Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| | | | | |
|---|---|---|---|---|
| Devilbiss, Philip W. | | | | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 872/007/656351 | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/28/98 | 874/220/657312 | |
| Gerrard, Jo Beth Delahoussaye, et al. | St. Mary L&E Co. | 7/31/98 | 888/284/656010 | |
| Gerrard, Jo Beth Delahoussaye | | | | |
| Dyer, Pattie Sue Delahoussaye | | | | |
| Sepulveda, Linda N. D. | | | | |
| Miller, Edgar G., et al. | St. Mary L&E Co. | 7/20/98 | 869/660/656779 | |
| Miller, Edgar G., Usufruct | | | | |
| Miller, Richard E. | | | | |
| Miller, James E. | | | | |
| Seibert, Joseph Erin | St. Mary L&E Co. | 9/11/98 | 872/413/656662 | |
| Davidson, Rebecca Sue Seibert | St. Mary L&E Co. | 9/20/98 | 874/272/657322 | |
| Devilbiss, Cyrus D. | St. Mary L&E Co. | 8/2/98 | 870/029/655785 | |
| Devilbiss, Cecil F., II, et al. | St. Mary L&E Co. | 8/2/98 | 870/024/655784 | |
| Devilbiss, Cecil F., II | | | | |
| Devilbiss, Carl E. | | | | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 872/378/656555 | |
| Devilbiss, Alan Jerone | St. Mary L&E Co. | 7/28/98 | 870/060/655789 | |
| Bell, Alvey | St. Mary L&E Co. | 7/23/98 | 872/147/656416 | |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/798/654831 | |
| Devilbiss, Gwneth Ridley | | | | |
| Crider, Beverly Ann | | | | |
| Troutman, Roynell Devilbiss | | | | |
| Redman, Elizabeth Ann Seibert | St. Mary L&E Co. | 8/6/98 | 875/012/657659 | |
| Delahoussaye, Charles Allen | St. Mary L&E Co. | 9/11/98 | 872/080/656405 | |
| Ratliff, Virginia Devilbiss | St. Mary L&E Co. | 8/2/98 | 871/136/656065 | |
| Devilbiss, Thomas E., et al. | St. Mary L&E Co. | 9/7/98 | 871/204/656076 | |
| Devilbiss, Thomas E. | | | | |
| Devilbiss, Edith Louise | | | | |
| Tate, Mona Lynn Devilbiss, et al. | St. Mary L&E Co. | 7/22/98 | 872/717/656726 | |
| Tate, Mona Lynn Devilbiss | | | | |
| Devilbiss, Phillip W. | | | | |
| Devilbiss, Dallas | St. Mary L&E Co. | 9/11/98 | 872/012/656392 | |
| Devilbiss, Nathan | St. Mary L&E Co. | 7/28/98 | 874/216/657311 | |
| Miller, Edgar G., et al. | St. Mary L&E Co. | 7/20/98 | 871/629/656294 | |
| Miller, Edgar G., Usufruct | | | | |
| Miller, Richard E. | | | | |

Page 13 of 14

COB: 562262; Page: 15; Filed: 6/4/1999 1:00:00AM. [jeffersondavis: ]

Exhibit "A"                                                                                    Jefferson Davis County, Louisiana

Attached to and made a part of that certain Assignment of Oil and Gas lease from St. Mary Land and Exploration Co. to HS Resources, Inc. and Aspect Resources LLC

| Name | Lessee | Date | Reference | Reference 2 |
|---|---|---|---|---|
| Miller, James E. | | | | |
| Selbert, Joseph Erin | St. Mary L&E Co. | 8/11/98 | 872/408/656561 | |
| Davidson, Rebecca Sue Selbert | St. Mary L&E Co. | 9/20/98 | 874/287/657328 | |
| Devilbiss, Cecil F., II,et al. | St. Mary L&E Co. | 8/2/98 | 871/074/656063 | |
| Devilbiss, Cecil F., II | | | | |
| Devilbiss, Carl E. | | | | |
| Butcher, Ruth Lorene Devilbiss | St. Mary L&E Co. | 8/2/98 | 873/295/656886 | |
| Devilbiss, Alan Jerome | St. Mary L&E Co. | 7/28/98 | 871/696/656286 | |
| Bell, Alvey | St. Mary L&E Co. | 7/23/98 | 872/173/656423 | |
| Miller, Edith Ann Morgan | St. Mary L&E Co. | 10/5/98 | 873/723/657124 | |
| McCarty, Dorothy Jean Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/308/656601 | |
| Devilbiss, John Michael | St. Mary L&E Co. | 8/27/98 | 871/332/656128 | |
| Devilbiss, Terry | St. Mary L&E Co. | 8/27/98 | 873/744/657126 | |
| Devilbiss, Joni Lynn | St. Mary L&E Co. | 8/27/98 | 872/600/656741 | |
| Devilbiss, Mark David, et al | St. Mary L&E Co. | 9/20/98 | 873/816/657142 | |
| Devilbiss, Mark David | | | | |
| Devilbiss, Dennis Michael | | | | |
| Devilbiss, Ola Mae Lee, et al. | St. Mary L&E Co. | 8/12/98 | 871/610/656269 | |
| Devilbiss, Ola Mae Lee | | | | |
| Devilbiss, Nina Lynn | | | | |
| Devilbiss, Paul E. | | | | |
| Sanchez, Harriette Devilbiss | St. Mary L&E Co. | 9/11/98 | 872/116/656412 | |
| Devilbiss, Debra Sue | St. Mary L&E Co. | 8/2/98 | 871/105/656039 | |
| Devilbiss, John Howard | St. Mary L&E Co. | 9/11/98 | 872/785/656734 | |
| Devilbiss,Carla Allene | St. Mary L&E Co. | 9/2/98 | 871/182/656070 | |
| Gerrard, Jo Beth Delahoussaye,et al. | St. Mary L&E Co. | 7/31/98 | 869/229/555011 | 872/696/556716;873/312/656891;873/314/66692 |
| Gerrard, Jo Beth Delahoussaye | | | | |
| Dyer, Pattie Sue Delahoussaye | | | | |
| Sepulveda, Linda N. D. | | | | |
| Devilbiss, Gwyneth Ridley, et al. | St. Mary L&E Co. | 7/23/98 | 867/776/654827 | 872/463/656573 |
| Devilbiss, Gwneth Ridley | | | | |
| Crider, Beverly Devilbiss | | | | |
| Troutman, Roynell Devilbiss | | | | |
| Redman, Elizabeth Ann Selbert | St. Mary L&E Co. | 8/6/98 | 876/007/657688 | |
| Delahoussaye | St. Mary L&E Co. | 9/11/98 | 872/070/656403 | |
| Campbell, Thomas G., et ux. | St. Mary L&E Co. | 7/27/98 | 867/759/654823 | |
| Campbell, Thomas G., et ux. | St. Mary L&E Co. | 7/27/98 | 867/738/654819 | |
| Campbell, Thomas G., et ux. | St. Mary L&E Co. | 7/27/98 | 867/733/654818 | |

162

Page 14 of 14

626

563218

| MATRIMONIAL REGIME | UNITED STATES OF AMERICA |
|---|---|
| BETWEEN RACHEL HELEN THOMAS | STATE OF LOUISIANA |
| AND PATRICK WAYNE HALE | PARISH OF JEFFERSON DAVIS |

BEFORE ME, Notary Public, duly commissioned and qualified in this Parish, and in the presence of the undersigned competent witnesses:

PERSONALLY APPEARED:

Rachel Helen Thomas (SSN: ██████8813), a person of the full age of majority and domiciled in Jefferson Davis Parish, Louisiana, and

Patrick Wayne Hale (SSN: ██████6138), a person of the full age of majority and domiciled in Jefferson Davis Parish,

who each separately declared that they intend to be joined in the bonds of matrimony on or about July 16, 1999, in Jennings, Louisiana, and in order to fix the property rights and obligations between them, they do agree and contract as follows:

Article 1

The intended husband and wife hereby establish a regime of separation of property as allowed by Civil Code Article 2329. Accordingly, they expressly renounce all provisions of law which establish a legal community of acquets and gains between husband and wife, whether now or later enacted.

Article 2

All property of the intended husband and wife, whether owned at the time of the ceremony of marriage or acquired during the marriage is declared to be separate property. The separate property of an intended spouse consists of, but is not limited to, the following: Property acquired by a spouse through the effort, skill, or industry of that spouse; property donated to the spouses either separately or jointly; and property acquired by a spouse through inheritance.

Article 3

All things in the possession of a spouse, or in the name of one spouse, during the existence of this separation of property regime are presumed to be the separate property of the spouse whose name the property is in or who is in possession of the thing.

COB: 563218; Page 1: Filed: 7/13/1999 1:00:00AM [jeffersondavis: ]

563218

627

Article 4

All natural and civil fruits and revenues of the separate property of each intended spouse, as well as minerals produced from or attributable to a separate asset, and bonuses, delay rentals, royalties, and shut in payments arising from mineral leases are declared to be and are reserved as the separate property of the intended spouse who owns the thing.

Article 5

All damages, insurance, or indemnity collected due to personal injury, property damage, or other cause are the separate property of the spouse who sustained the injury or damage, whether before or during the marriage.

Article 6

Each spouse acting alone may manage, alienate, encumber, control, or dispose of his or her separate property without the consent or concurrence of the other spouse.

Article 7

An obligation incurred by a spouse before or during the existence of the marriage is a separate obligation of the spouse who incurred it. A spouse who does not personally incur an obligation shall not be liable for the other spouse's obligations.

Article 8

An alimentary obligation imposed by law on a spouse shall be a separate obligation of that spouse.

Article 9

An increase during the marriage in the value of the separate property of a spouse inures to the benefit of that spouse, whether the increase is due to the uncompensated labor or industry of the spouses or not. Buildings, other constructions permanently attached to the ground, component parts, and plantings made on the land of one spouse belong to the owner of the ground. Upon termination of the marriage the spouse whose assets were used to improve the separate property of the other spouse is not entitled to any reimbursement unless otherwise agreed in writing.

Article 10

It is the intention of each party to this agreement that neither will have an economic claim on the other at the termination of this marriage, including without limitation, claims for reimbursements of donations, loans, or expenses of the marriage unless otherwise agreed in writing.

COB: 563218; Page: 2; Filed: 7/13/1999 1:00:00AM [jeffersondavis ]

628

### Article 11

Each spouse shall contribute to the expenses of the marriage in proportion to his and her means.

### Article 12

Each party agrees that they will maintain a joint bank account, and that any funds deposited into any joint account shall be the property of the parties equally as co-owners regardless of which party deposited the funds into the account. Each party further agrees that any item of property purchased from any joint account shall be owned by the parties equally in indivision as co-owners.

### Article 13

This separation of property regime may not be terminated except by authentic act signed by each spouse or act under private signature duly acknowledged by each spouse.

### Article 14

This agreement is entered into with the full knowledge on the part of each party as to the extent and value of the patrimony of each party and the rights conferred by law under the legal community property regime, but it is the desire of each party that their respective rights to each other's estate shall be fixed by this agreement, which shall be binding on their respective heirs and legal representatives. Each party admits that they have had the benefit of their own legal counsel and are satisfied with the terms of this agreement.

THUS DONE, SIGNED AND PASSED before me at my office in Jennings, Louisiana, in the presence of two lawful witnesses, who hereunto sign with said parties, and me, Notary Public, on the 13th day of July, 1999, after due reading of the whole.

WITNESSES:

Rachel Helen Thomas

Patrick Wayne Hale

NOTARY PUBLIC

COB: 563218; Page: 3; Filed: 7/13/1999 1:00:00AM [jeffersondavis: ]

CARLTON L. DUHON, CLERK OF COURT

567428

525

# EASEMENT AND RIGHT-OF-WAY GRANT
## (Roadway)

RECEIVED AND FILED
2000 JAN 13  AM 9: 28

CARL___ L. DUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

For and in consideration of the sum of Ten Dollars and No/100 ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged **HELEN HUNTER THOMAS** widow of Nelson H. Thomas, Sr., and **HELEN CAROL THOMAS GLADDEN** wife of Lyndon K. Gladden and **CHARLOTTE THOMAS LANDRY** wife of David Scott Landry and **RACHEL HELEN THOMAS HALE** wife of Patrick W. Hale, all of whose mailing address for the purpose of this agreement is 1571 Thibodeaux Avenue, Baton Rouge, Louisiana 70806 ("Grantor," whether one or more) hereby grants, bargains, sells, assigns and conveys to HS RESOURCES, INC., a Delaware corporation, with offices at 1999 Broadway, Suite 3600, Denver, Colorado 80202 ("Grantee"), an easement and right-of-way in and across the following real estate, to-wit:

> Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana. Said Tract being bounded by lands owned now or formerly as follows: North by Marion Coffin Brooke Trust and Janis Pitre, et al.; South by Thomas G. Campbell, et ux. and Robert Lynn Ferguson, et ux.; East by Martin Kratzer Estate; and West by Cora Clayton Williams.

(the "Land") together with full rights of ingress and egress to and from the Land for the purposes hereafter specified.

The easement and right-of-way is granted for the purpose of providing Grantee, its employees, agents, contractors and licensees access to the Land to conduct any activities that are necessary for its current or future oil and gas operations on or adjacent to the Land, including, without limitation, the right to build, construct, improve, repair, use and maintain a roadway ("Roadway"), to transport, haul or provide access for drilling rigs, workover rigs, tractor trailers, drillpipe, casing, production tubing, water, perforation and fracture treatment trucks, tank batteries, treater facilities, tanker truck service, daily pumpers and meter readers utilizing standard-sized pickup trucks, and other equipment and vehicles necessary to carry on Grantee's oil and gas drilling and operations.

It is agreed that the easement and right-of-way granted herein shall be binding upon and run with the surface ownership of the Land and shall not be held or transferred separately therefrom and shall continue for the benefit of Grantee and its successors and assigns, as owners of the oil, gas and associated liquid hydrocarbons in the Land, including any operator or unit operator, and for the benefit of other lands within any unit area within which the Land or any portion thereof may be included.

The easement and right-of-way granted herein shall be effective as of the date below written, and shall remain in effect for so long thereafter as the oil and gas rights in the Land are committed to an oil and gas lease, license or unitization agreement, or so long as a well capable of producing oil or gas or associated liquid hydrocarbons is located upon the Land or on lands adjacent thereto or pooled or unitized therewith, or drilling or reworking operations are being conducted thereon, or as long as any pipeline or any other oil or gas facility serviced by the Roadway is in use, or as long as plugging and abandoning operations are being conducted, whichever occurs last.

This Agreement may be executed in multiple originals, all of which shall be considered counterparts of one another. This easement and right-of-way grant shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

COB: 567428; Page: 1; Filed: 1/13/2000 12:00:00AM [jeffersondavis_]

567428

526

Executed this _26_ day of _November_ , 1999.

WITNESSES:

_Stewart C. Delcambre_

_Helen Hunter Thomas_
HELEN HUNTER THOMAS

_____

_____
HELEN CAROL THOMAS GLADDEN

_Stewart C. Delcambre_

_Charlotte Thomas Landry_
CHARLOTTE THOMAS LANDRY

_Stewart C. Delcambre_

_Rachel Helen Thomas Hale_
RACHEL HELEN THOMAS HALE

STATE OF LOUISIANA

PARISH OF _____

BEFORE ME, the undersigned Notary Public, on this day personally appeared _STEWART C. DELCAMBRE_ who, being by me duly sworn, stated under oath that _his_ was one of the subscribing witnesses to the foregoing instrument and that the same was signed by HELEN HUNTER THOMAS, ~~HELEN CAROL THOMAS GLADDEN~~, CHARLOTTE THOMAS LANDRY AND RACHEL HELEN THOMAS HALE in _his_ presence and in the presence of the other subscribing witness(es).

_Stewart C. Delcambre_

SWORN TO AND SUBSCRIBED before me _December 21_ 1999.

_[signature]_
Notary Public in and for _LAFAYETTE_ Parish, Louisiana

My Commission Expires: _AT DEATH_

COB: 567428; Page: 2; Filed: 1/13/2000 12:00:00AM [jeffersondavis:]

567429

RECEIVED AND FILED

**EASEMENT AND RIGHT-OF-WAY GRANT** 2020 JAN 13 A 9: 28
(Roadway)

527

CAROL... ...DUHON
CLE......
JEFFE... ...PARISH

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

For and in consideration of the sum of Ten Dollars and No/100 ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged **HELEN HUNTER THOMAS** widow of Nelson H. Thomas, Sr., and **HELEN CAROL THOMAS GLADDEN** wife of Lyndon K. Gladden and **CHARLOTTE THOMAS LANDRY** wife of David Scott Landry and **RACHEL HELEN THOMAS HALE** wife of Patrick W. Hale, all of whose mailing address for the purpose of this agreement is 1571 Thibodeaux Avenue, Baton Rouge, Louisiana 70806 ("Grantor," whether one or more) hereby grants, bargains, sells, assigns and conveys to HS RESOURCES, INC., a Delaware corporation, with offices at 1999 Broadway, Suite 3600, Denver, Colorado 80202 ("Grantee"), an easement and right-of-way in and across the following real estate, to-wit:

> Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana. Said Tract being bounded by lands owned now or formerly as follows: North by Marion Coffin Brooke Trust and Janis Pitre, et al.; South by Thomas G. Campbell, et ux. and Robert Lynn Ferguson, et ux.; East by Martin Kratzer Estate; and West by Cora Clayton Williams.

(the "Land") together with full rights of ingress and egress to and from the Land for the purposes hereafter specified.

The easement and right-of-way is granted for the purpose of providing Grantee, its employees, agents, contractors and licensees access to the Land to conduct any activities that are necessary for its current or future oil and gas operations on or adjacent to the Land, including, without limitation, the right to build, construct, improve, repair, use and maintain a roadway ("Roadway"), to transport, haul or provide access for drilling rigs, workover rigs, tractor trailers, drillpipe, casing, production tubing, water, perforation and fracture treatment trucks, tank batteries, treater facilities, tanker truck service, daily pumpers and meter readers utilizing standard-sized pickup trucks, and other equipment and vehicles necessary to carry on Grantee's oil and gas drilling and operations.

It is agreed that the easement and right-of-way granted herein shall be binding upon and run with the surface ownership of the Land and shall not be held or transferred separately therefrom and shall continue for the benefit of Grantee and its successors and assigns, as owners of the oil, gas and associated liquid hydrocarbons in the Land, including any operator or unit operator, and for the benefit of other lands within any unit area within which the Land or any portion thereof may be included.

The easement and right-of-way granted herein shall be effective as of the date below written, and shall remain in effect for so long thereafter as the oil and gas rights in the Land are committed to an oil and gas lease, license or unitization agreement, or so long as a well capable of producing oil or gas or associated liquid hydrocarbons is located upon the Land or on lands adjacent thereto or pooled or unitized therewith, or drilling or reworking operations are being conducted thereon, or as long as any pipeline or any other oil or gas facility serviced by the Roadway is in use, or as long as plugging and abandoning operations are being conducted, whichever occurs last.

This Agreement may be executed in multiple originals, all of which shall be considered counterparts of one another. This easement and right-of-way grant shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

528

Executed this *9th* day of *December*, 1999.

WITNESSES:

*Murry L. Murphy* _____

_____    **HELEN HUNTER THOMAS**

*Murry L. Murphy*
*2805 Stone Haven Big Spring 2* HELEN CAROL THOMAS GLADDEN
*Terri Martin - 1902 Comanche Big Spring*    *Helen Carol Thomas Gladden*

_____    **CHARLOTTE THOMAS LANDRY**

_____    **RACHEL HELEN THOMAS HALE**


STATE OF LOUISIANA

PARISH OF _____

    BEFORE ME, the undersigned Notary Public, on this day personally appeared
_____ who, being by me duly sworn, stated under oath that _____ was one
of the subscribing witnesses to the foregoing instrument and that the same was signed by HELEN
HUNTER THOMAS, HELEN CAROL THOMAS GLADDEN, CHARLOTTE THOMAS LANDRY
AND RACHEL HELEN THOMAS HALE in _____ presence and in the presence of the other
subscribing witness(es).

                            _____

SWORN TO AND SUBSCRIBED before me _____ 1999.

                  _____
                  Notary Public in and for _____ Parish, Louisiana

My Commission Expires: _____


STATE OF TEXAS

COUNTY OF *Howard*

    On this _____*9th*_____ day of *December* 1999, before me personally appeared
*Helen Carol Thomas Gladden*, to me known to be the person described in and who
executed the foregoing instrument, and acknowledged that s/he executed it as his/her free act and deed.

               *Shirley Matthews*
               Notary Public in and for *Howard*
               County, Texas

My Commission Expires: *2/10/2002*

SHIRLEY MATTHEWS
Notary Public
STATE OF TEXAS
My Comm. Exp. 02/10/2002

COB: 567429; Page: 2; Filed: 1/13/2000 12:00:00AM [jeffersondavis: ]

575627                                        875

## RENUNCIATION OF USUFRUCT

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

BE IT KNOWN, that on this *15* day of *September*, 2000, before me, a Notary

Public, duly commissioned and qualified within and for the Parish and State aforesaid, and in the

presence of the undersigned, competent witnesses, personally came and appeared:

**HELEN HUNTER THOMAS,**
a resident of the legal age of majority of the Parish of
Jefferson Davis, State of Louisiana, married but once
and then to Nelson H. Thomas, Sr., deceased;

who declared that Appearer was recognized as the surviving spouse in community of Nelson H.

Thomas, Sr., by Judgment of Possession rendered in his succession proceedings and, as such,

recognized as legal usufructuary of property formerly comprising the community of acquets and

gains existing between herself and the said Nelson H. Thomas, Sr.

Appearer now declares that it is her intention, and that she does, by these presents, under the

provisions of Article 626 of the Louisiana Civil Code, forever renounce any and all of her rights of

usufruct as same pertain or attach to the following described property:

> That certain tract or parcel land containing 200.00 acres, more or less,
> being the Northwest Quarter (NW/4) and the West Half of the West
> Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section 11,
> Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana.
> Said tract being bounded by lands owned now or formerly as follows:
> North by Marion Coffin Brooke Trust and Janis Pitre, et al; South by
> Thomas G. Campbell, et ux, and Robert Lynn Ferguson, et ux; East
> by Martin Kratzer Estate; and West by Cora Clayton Williams.

THUS DONE AND SIGNED, on the day, month and year first above written and in the

presence of me, Notary, and the undersigned, competent witnesses.

WITNESSES:

_____

_____

_____
HELEN HUNTER THOMAS

_____
NOTARY PUBLIC *en and for Jefferson Davis*
*Parish, State of Louisiana.*

*Commission Expires with life.*

576021

COUNTERPART

555

## METER SITE AGREEMENT

FOR      AND      IN      CONSIDERATION   of      the      sum      of
*One Thousand and No/100* ($1000.00 ) in hand paid, the receipt of which is hereby
acknowledged, **HELEN HUNTER THOMAS, HELEN CAROL THOMAS GLADDEN,
CHARLOTTE THOMAS LANDRY AND RACHEL HELEN THOMAS HALE**   hereinafter called
"Grantor", whether one or more, does hereby grant unto CONOCO INC., a corporation, hereinafter
called "Grantee," its successors and assigns, the right to install, maintain, inspect, alter, repair, operate,
change and remove a 10 x 20 METER SITE with all equipment as may be necessary or convenient to the
construction and/or operation of any pipeline  now or hereafter owned or operated by Grantee, as same
may now or hereafter pass over, through, upon, under, and across the following described property in
Jefferson Davis Parish , State of Louisiana, to wit:

> The Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter
> (W/2 of the W/2 of the NE/4) all in Section 11, Township 9 South, Range 4 West, Jefferson
> Davis Parish, Louisiana

together with rights of ingress and egress to and from the above-described land for the purposes aforesaid.
Grantee shall have the option to fence, or place enclosures upon, all or any part of the described premises
as shown on Exhibit "A"  attached hereto and made a part hereof.

The rights herein granted may be assigned in whole or in part; and the terms, conditions, and
provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal
representatives, successors, and assigns of the parties hereto.

This instrument maybe executed in counterparts.

WITNESS the execution hereof this 7th day of *February* 2000.

**WITNESSES:**

_____

_____

_____

_____

**GRANTOR:**

_____
HELEN HUNTER THOMAS

*Helen Carol Thomas Gladden*
HELEN CAROL THOMAS GLADDEN

_____
CHARLOTTE THOMAS LANDRY

_____
RACHEL HELEN THOMAS HALE
54653

556

• • • • • • •

STATE OF _Texas_

COUNTY OF _Howard_

On this 7th day of _February_ ,2000, before me personally appeared _Helen C. T. Gladden_, to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

SHIRLEY MATTHEWS
Notary Public
STATE OF TEXAS
My Comm. Exp. 02/10/2002

_Shirley Matthews_
NOTARY PUBLIC

Notary Public in and for _Howard County, Texas_

My commission expires:

_2/7/2000_

• • • • • • •

STATE OF _Texas_

COUNTY OF _Howard_

Before me, the undersigned authority, personally appeared _Murray L. Murphy_, who being first duly sworn deposes and says that he/she was one of the subscribing witnesses to the execution of the foregoing instrument by, _Clauden Steven_ who signed the same in his/her presence and that of the other subscribing witness to such signatures whose names are affixed as such, and that he/she now recognizes all said signatures to be true and genuine.

_Murray L. Murphy_

Sworn to and subscribed before me, notary, on this 7th day of _February_ 2000.

SHIRLEY MATTHEWS
Notary Public
STATE OF TEXAS
My Comm. Exp. 02/10/2002

_Shirley Matthews_
NOTARY PUBLIC

Notary Public in and for _Howard County - Texas_

My Commission Expires:

_2/7/2000_

COB: 576021; Page: 2; Filed: 12/8/2000 12:00:00AM [jeffersondavis.]



# T-9-S, R-4-W
## JEFFERSON DAVIS PARISH, LOUISIANA

SCALE: 1"=200'

SEE INSET "B"

JAMES KRATZER, JR. AND
CAROLYN RUTH HENDERSON KRATZER

CENTERLINE OF SURVEY

N 89°57'11" E
58.76'

INSET "A"
NOT TO SCALE

N 48°40'28" E
10.00'

S 41°19'32" E
18.00'

PROPOSED METER SITE

N 41°19'32" W
20.00'

S 41°19'32" E
2.00'

S 48°40'28" W
10.00'

N 00°72'19" E
939.01'

15.00'

INSET "B"
NOT TO SCALE

HELEN HUNTER THOMAS, et al

N 28°15'01" E
517.65'

EXISTING WELL

N 45°40'28" E
262.03'

SEE INSET "A"

COB: 576021; Page: 3; Filed: 12/8/2000 12:00:00AM [jeffersondavis: ]

NOTES:

1) THIS MAP IS FOR RIGHT OF WAY PURPOSES ONLY AND IS NOT A PROPERTY BOUNDARY SURVEY AS DEFINED BY THE LAC TITLE 46, CHAPTER 25

2) RESEARCH AND INVESTIGATION OF RECORDED SERVITUDES WAS NOT PERFORMED BY AUCOIN & ASSOCIATES, INC.

EXHIBIT "A"

95.60 RODS

STATE OF LOUISIANA
RANDALL E. WARD
REG. No. 4645
REGISTERED PROFESSIONAL
LAND SURVEYOR

MAP PREPARED FOR
## CONOCO INC.
SHOWING CENTERLINE OF SURVEY
AND PROPOSED METER SITE
### HELEN HUNTER THOMAS, et al
SITUATED IN SECTION 11, T-9-S, R-4-W
JEFFERSON DAVIS PARISH, LOUISIANA

AFE: PENDING
NGP: 3-234-97337

DATE: 01/19/00

SCALE: AS SHOWN

*AUCOIN & ASSOCIATES, INC.*
CONSULTING ENGINEERS
EUNICE, LOUISIANA

REV. 2/02/00

| DRAFTSPERSON | JPS | DATE | 01/19/00 |
| CHECKED | REW | DATE | |

ISSUE:

APPROVE:

DATE:

CONOCO INC.
NATURAL GAS PRODUCTS DEPARTMENT
HOUSTON, TEXAS

DWR.

NO.

File name: L:\2000\00-0013\THOMAS

A & A FILE 00-0013

558

576022

RECEIVED AND FILED
COUNTERPART
2000 DEC -8 AM 11: 35

CARL ___ L. DUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

METER SITE AGREEMENT

FOR AND IN CONSIDERATION of _One Thousand and no/100_ ($ _1000.00_ ) in hand paid, the receipt of which is hereby acknowledged, **HELEN HUNTER THOMAS, HELEN CAROL THOMAS GLADDEN, CHARLOTTE THOMAS LANDRY AND RACHEL HELEN THOMAS HALE** hereinafter called "Grantor", whether one or more, does hereby grant unto CONOCO INC., a corporation, hereinafter called "Grantee," its successors and assigns, the right to install, maintain, inspect, alter, repair, operate, change and remove a 10 x 20 METER SITE with all equipment as may be necessary or convenient to the construction and/or operation of any pipeline now or hereafter owned or operated by Grantee, as same may now or hereafter pass over, through, upon, under, and across the following described property in Jefferson Davis Parish , State of Louisiana, to wit:

> The Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of the W/2 of the NE/4) all in Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana

together with rights of ingress and egress to and from the above-described land for the purposes aforesaid. Grantee shall have the option to fence, or place enclosures upon, all or any part of the described premises as shown on Exhibit "A" attached hereto and made a part hereof.

The rights herein granted may be assigned in whole or in part; and the terms, conditions, and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors, and assigns of the parties hereto.

This instrument maybe executed in counterparts.

WITNESS the execution hereof this 3rd day of _February_ 2000.

**WITNESSES:**                                                    **GRANTOR:**

_Cary M Gear_

_Sherry W. Collins_                                              _Helen Hunter Thomas_
                                                                 HELEN HUNTER THOMAS

_____

_____                                         _____
                                                                 HELEN CAROL THOMAS GLADDEN

_____

                                                                 _____
                                                                 CHARLOTTE THOMAS LANDRY

_Cary M Gear_                                                    _Rachel Helen Thomas Hale_

_Sherry W. Collins_                                              RACHEL HELEN THOMAS HALE

                                                                 54653

COB: 576022; Page: 1; Filed: 12/8/2000 12:00:00AM [jeffersondavis]

576022

• • • • • • •

STATE OF LOUISIANA

PARISH OF CALCASIEU

On this ___ day of _____ ,2000, before me personally appeared, _____ , to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

_____
NOTARY PUBLIC

Notary Public in and for Calcasieu Parish

My commission expires:

_____

• • • • • • •

STATE OF LOUISIANA

PARISH OF CALCASIEU

Before me, the undersigned authority, personally appeared  Cathy M. Gaar , who being first duly sworn deposes and says that she was one of the subscribing witnesses to the execution of the foregoing instrument by, *Helen Hunter Thomas + Rachel Helen Thomas Hale* who signed the same in her presence and that of the other subscribing  witness to such signatures whose names are affixed as such, and that she now recognizes all said signatures to be true and genuine.

*Cathy M. Gaar*

Sworn to and subscribed before me, notary, on this **8th** day of **May** , 2000,

*Brenda C. Jones*
NOTARY PUBLIC

Notary Public in and for Calcasieu Parish

My Commission Expires:

*at Death*

COB: 576022; Page: 2; Filed: 12/8/2000 12:00:00AM [jeffersondavis: ]

1

560

# T-9-S, R-4-W
## JEFFERSON DAVIS PARISH, LOUISIANA

SEE INSET "B"

JAMES KRATZER, JR. AND
CAROLYN RUTH HENDERSON KRATZER

N 89°57'11" E
58.76'

SCALE: 1"=200'

<u>CENTERLINE OF SURVEY</u>

N 00°22'19" E
939.01'

N 8°22'41" E 283.19' TD
TO APPROX CORE SEC 11

INSET "A"
NOT TO SCALE

N 48°40'28" E
10.00'

S 41°19'32" E
18.00'

PROPOSED METER SITE

S 41°19'32" E
2.00'

N 41°19'32" W
20.00'

S 48°40'28" W
10.00'

15.00'

INSET "B"
NOT TO SCALE

HELEN HUNTER THOMAS, et al

N 28°15'01" E
517.65'

EXISTING WELL

N 48°40'28" E
262.03'

SEE INSET "A"

COB: 576022; Page: 3; Filed: 12/8/2000 12:00:00AM [jeffersondavis: ]

NOTES:

1) THIS MAP IS FOR RIGHT OF WAY PURPOSES ONLY AND IS NOT A PROPERTY BOUNDARY SURVEY AS DEFINED BY THE LAC TITLE 46, CHAPTER 25

2) RESEARCH AND INVESTIGATION OF RECORDED SERVITUDES WAS NOT PERFORMED BY AUCOIN & ASSOCIATES, INC.

**EXHIBIT "A"**

**95.60 RODS**

STATE OF LOUISIANA
RANDALL E. WARD
REG. NO. 4645
REGISTERED
PROFESSIONAL
LAND SURVEYOR

MAP PREPARED FOR
## CONOCO INC.
SHOWING CENTERLINE OF SURVEY
AND PROPOSED METER SITE
### HELEN HUNTER THOMAS, et al
SITUATED IN SECTION 11, T-9-S, R-4-W
JEFFERSON DAVIS PARISH, LOUISIANA

| | | | |
|---|---|---|---|
| AFE: PENDING NGP: 3-234-97337 | AUCOIN & ASSOCIATES, INC. CONSULTING ENGINEERS EUNICE, LOUISIANA | REV. 2/02/00 | |
| DATE: 01/19/00 | | DRAFTSPERSON | JPS | DATE 01/19/00 |
| SCALE: AS SHOWN | | CHECKED | REW | DATE |
| ISSUE: | CONOCO | CONOCO INC. NATURAL GAS PRODUCTS DEPARTMENT HOUSTON, TEXAS | DWR. | |
| APPROVE: | | | |
| DATE: | | NO. | |

File name: L:\2000\00-0013\THOMAS

A & A FILE 00-0013

576023          COUNTERPART                    561

RECEIVED AND FILED

2000 DEC -8  AM 11: 35

CARLTON L. DUHON
the CLERK OF COURT
JEFFERSON DAVIS

## METER SITE AGREEMENT

FOR  AND  IN  CONSIDERATION  of *One Thousand and no/100* ($1,000.00) in hand paid, the receipt of which is hereby acknowledged, **HELEN HUNTER THOMAS, HELEN CAROL THOMAS GLADDEN, CHARLOTTE THOMAS LANDRY AND RACHEL HELEN THOMAS HALE**  hereinafter called "Grantor", whether one or more, does hereby grant unto CONOCO INC., a corporation, hereinafter called "Grantee," its successors and assigns, the right to install, maintain, inspect, alter, repair, operate, change and remove a 10 x 20 METER SITE  with all equipment as may be necessary or convenient to the construction and/or operation of any pipeline  now or hereafter owned or operated by Grantee, as same may now or hereafter pass over, through, upon, under, and across the following described property in Jefferson Davis Parish , State of Louisiana, to wit:

The Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of the W/2 of the NE/4) all in Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana

together with rights of ingress and egress to and from the above-described land for the purposes aforesaid. Grantee shall have the option to fence, or place enclosures upon, all or any part of the described premises as shown on Exhibit "A"  attached hereto and made a part hereof.

The rights herein granted may be assigned in whole or in part; and the terms, conditions, and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors, and assigns of the parties hereto.

This instrument maybe executed in counterparts.

WITNESS the execution hereof this 12th day of *February* 2000.

**WITNESSES:**                          **GRANTOR:**

_____          _____
                                 HELEN HUNTER THOMAS

_____

                                 _____
                                 HELEN CAROL THOMAS GLADDEN

                                 *Charlotte Thomas Landry*
                                 CHARLOTTE THOMAS LANDRY

                                 _____
                                 RACHEL HELEN THOMAS HALE
                                         54463

5B3-576023; Page: 1; Filed: 12/8/2000 12:00:00AM [jeffersondavis: ]

562

* * * * * * * *

STATE OF _Louisiana_

PARISH OF _Livingston_

On this _12_ day of _February_, 2000, before me personally appeared, _Charlotte Thomas Landry_ to me known to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

_____
NOTARY PUBLIC _District Judge_

Notary Public in and for _21st Judicial District_

My commission expires:

_12-31-02_

* * * * * * * *

STATE OF _____

PARISH OF _____

Before me, the undersigned authority, personally appeared _____ , who being first duly sworn deposes and says that he/she was one of the subscribing witnesses to the execution of the foregoing instrument by, _____ who signed the same in his/her presence and that of the other subscribing witness to such signatures whose names are affixed as such, and that he/she now recognizes all said signatures to be true and genuine.

_____

Sworn to and subscribed before me, notary, on this _____ day of _____, 2000,

_____
NOTARY PUBLIC

Notary Public in and for _____

My Commission Expires:

_____

1

COB: 576023; Page: 2; Filed: 12/8/2000 12:00:00AM [jeffersondavis ]



T-9-S, R-4-W
JEFFERSON DAVIS PARISH, LOUISIANA

563

MAP PREPARED FOR
CONOCO INC.
SHOWING CENTERLINE OF SURVEY
AND PROPOSED METER SITE
HELEN HUNTER THOMAS, et al
SITUATED IN SECTION 11, T-9-S, R-4-W
JEFFERSON DAVIS PARISH, LOUISIANA

EXHIBIT "A"

95.60 RODS

NOTES:
1) THIS MAP IS FOR RIGHT OF WAY PURPOSES ONLY AND IS NOT A PROPERTY BOUNDARY SURVEY AS DEFINED BY THE LAC TITLE 46, CHAPTER 25
2) RESEARCH AND INVESTIGATION OF RECORDED SERVITUDES WAS NOT PERFORMED BY AUCOIN & ASSOCIATES, INC.

AUCOIN & ASSOCIATES, INC.
CONSULTING ENGINEERS
EUNICE, LOUISIANA

REV. 2/02/00

| DRAFTSPERSON | JPS | DATE | 01/19/00 |
| CHECKED | REW | DATE | |

CONOCO INC.
NATURAL GAS PRODUCTS DEPARTMENT
HOUSTON, TEXAS

AFE: PENDING
NQP: 3-234-97337
DATE: 01/19/00
SCALE: AS SHOWN
ISSUE:
APPROVE:
DATE:

A & A FILE 00-0013

576132                                            697

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS        :    DONATION INTER VIVOS

On this the 24th day of November, 2000, before me,

Richard M. Arceneaux, Notary Public, duly commissioned and qualified, in and for

the Parish Jefferson Davis, State of Louisiana, personally came and appeared:

CHARLOTTE ELIZABETH T. LANDRY, born Thomas, married to Scott Landry,
of the full age of majority and a resident of East Baton Rouge
Parish, Louisiana, whose mailing address is 1571 Thibodeaux Ave.,
Baton Rouge, Louisiana, 70806;

who declared, that in consideration of the love and affection which Donor has for

her sister, has given, donated and delivered, and does by this formal Act of

Donation irrevocably give, donate and deliver unto her sister,

RACHEL HELEN THOMAS HALE, married to Patrick Hale, of the full age
of majority and a resident of Jefferson Davis Parish, Louisiana,
whose mailing address is 1325 North Cutting Ave., Louisiana, 70546;

the following described property, to-wit:

1.    An undivided 3/16 interest in and to:

The North half of Section 15, the South half of the
Southwest quarter of Section 24 and the Northwest quarter
of Section 25 all in Township 9 South, Range 4, West.
LESS AND EXCEPT:
That certain tract or parcel of land situated in the
Northwest Quarter of Section 25 in Township 9, South,
Range 4 West, in Jefferson Davis Parish, Louisiana, being
more particularly described as commencing at the
Southwest corner on the Northwest Quarter of Section 25
and running thence North 0° 04' West along the West line
of Section 25 a distance of 1,229.0 feet, thence East a
distance of 40.0 feet to a point on the East right-of-way
line of existing State Highway, said point being the
point of beginning of the tract herein described, thence
from said point of beginning North 0° 08' West along said
right-of-way line a distance of 149.95 feet; thence East
along said right-of-way line a distance of 35.2 feet;
thence North 0° 08' West along said right-of-way line a
distance of 250.05 feet; thence East along said right-of-
way line and the Eastward extension thereof a distance of
349.7 feet; thence South 0° 08' East a distance 400.0
feet; thence West a distance of 384.9 feet to the point
of beginning and containing 3.33 acres of land:
Also LESS AND EXCEPT 36.239 acres expropriated by the
Highway Department of the State of Louisiana

2.    An undivided 15/64 interest in and to:

That certain tract or parcel of land situated in the
Northwest Quarter of Section 25 in Township 9, South,
Range 4 West, in Jefferson Davis Parish, Louisiana, being
more particularly described as commencing at the
Southwest corner on the Northwest Quarter of Section 25
and running thence North 0° 04' West along the West line
of Section 25 a distance of 1,229.0 feet, thence East a
distance of 40.0 feet to a point on the East right-of-way
line of existing State Highway, said point being the
point of beginning of the tract herein described, thence
from said point of beginning North 0° 08' West along said
right-of-way line a distance of 116.9 feet; thence South
89° 41' East a distance of 335.2 feet; thence North 0°
08' West 150 feet; thence North 89° 41' West a distance
of 300 feet; thence North 0° 08' West 133.24 feet; thence
East 349.7 feet; thence South 400 feet; thence West
384.9 feet to the point of beginning.

COB: 576132; Page: 1; Filed: 12/13/2000 12:00:00AM [ Jefferson Davis ]

698

3.  An undivided 3/16 interest in and to:

That certain tract or parcel of land situated in the South half of the Southeast quarter of Section 27, in Township 9 South, Range 3 West in the City of Jennings, Louisiana, being more particularly described as commencing at the Southeast Corner of said Section 27, and running thence North 0° 19' 00" West along the East line of Section 27, a distance of 798.25 feet; thence South 89° 44' 10" West parallel to the South line of said Section 27, a distance of 30.0 feet to a point on the West line of Cutting Avenue, said point being the point of beginning of the tract herein described; thence from said point of beginning South 89° 44' 10" West parallel to the South line of Section 27, a distance of 300 feet; thence North 0° 19' 00" West, a distance of 149.20 feet; thence North 89° 44' 10" East, a distance of 300 feet to a point on the East 149.20 feet to point of beginning, and containing 1.027 acres, more or less, which tract is shown on the plat of survey made by Letz Engineers of Crowley, Louisiana, on April 16, 1973, which plat is annexed hereto and made a part hereof as if the same were wholly written out herein, and said plat shall control over the description as herein contained.

4.  An undivided 3/16 interest in and to the following:

The Southwest quarter of Section Twenty-five (25), Township Nine (9) South, Range Four (4) West, lying North of the center line of the railroad.

5.  An undivided 3/32 interest in and to the following:

The Northwest quarter, and the West half of the West half of the Northeast quarter of Section 11, Township 9 South, Range 4 West, Louisiana Meridian.

AND NOW, **RACHEL HELEN THOMAS HALE**, does hereby appear in the presence of the undersigned witnesses and me, Notary, and accept the said donation made to her aforesaid, for herself and her heirs, successors and assigns and acknowledge due delivery and possession of the above described property so donated to her.

TO HAVE AND TO HOLD the above described property unto the said **RACHEL HELEN THOMAS HALE** and her heirs and assigns forever.

The property donated herein is valued by the parties as being worth the sum of $80,000.00.

THUS DONE AND PASSED at Jennings, Louisiana, on this 24th day of November, 2000, in the presence of the undersigned competent witnesses and me, Notary Public.

WITNESSES:

_Vickie G. Arceneaux_

_Vickie B. Conner_

_Charlotte Elizabeth T. Landry_
CHARLOTTE ELIZABETH T. LANDRY

_Rachel Helen Thomas Hale_
RACHEL HELEN THOMAS HALE

_Richard M Arceneaux_
RICHARD M. ARCENEAUX
NOTARY PUBLIC

COB: 576132; Page: 2; Filed: 12/13/2000 12:00:00AM [jeffersondavis ]

576390

215

RECEIVED AND FILED

2000 DEC 26  AM 9: 33

CARLENE ........RON
CLERK OF COURT
JEFFE........IS PARISH

## SERVITUDE AND RIGHT OF WAY AGREEMENT

| | |
|---|---|
| STATE OF LOUISIANA | § |
| | § |
| PARISH OF JEFFERSON DAVIS | § |

KNOW ALL MEN BY THESE PRESENTS:

That **HELEN HUNTER THOMAS, HELEN CAROL THOMAS GLADDIN, CHARLOTTE THOMAS LANDRY** and **RACHEL HELEN THOMAS HALE,** herein called **GRANTOR**, for and in consideration of the sum of **One Hundred and 00/100 ($100.00)** in hand paid, the receipt and sufficiency of which are hereby confessed and acknowledged, does hereby grant, bargain, sell and convey unto **CONOCO INC.**, herein called **GRANTEE**, and its successors and assigns, a servitude and right-of-way for the purposes of laying, constructing, maintaining, operating, altering, repairing, replacing, changing the size of and removing one pipeline within the same right-of-way, with all necessary and convenient valves, connections, fittings and appurtenances for the transportation of oil, gas petroleum products or any other liquids, gases or substances which can be transported through a pipeline, and erecting, maintaining and removing cathodic protection equipment, on, over, under, through and across a strip of land 30 feet in width along a route approximately as shown on Exhibit "A" attached hereto and made a part hereof across the land described below, to wit:

**That certain tract of land commencing The Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of the W/2 of the NE/4) all in Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana**

THE PIPELINE SHALL BE LAID AS GENERALLY SHOWN ON THE PLAT ATTACHED AND MADE A PART HEREOF AS EXHIBIT "A".

TO HAVE AND TO HOLD unto said **CONOCO INC.**, its successors and assigns, such servitude and right-of-way to be for the purposes granted herein for as long as a pipeline is operated and maintained thereon by Grantee, its successors and assigns.

This Servitude and Right-of-Way Agreement is made subject to the following terms and conditions:

(1) Grantee shall have the rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted including, without limitation, the free right of ingress and egress over and across the above-described lands to and from said servitude and right-of-way.

(2) Grantor may continue to use the surface of the servitude and right-of-way conveyed hereby for all agricultural purposes, pasturage or other similar purposes; provided, however, Grantor shall not construct, or permit to be constructed any houses, structures, lakes, ponds, dams or other obstructions upon the servitude and right-of-way which would interfere with Grantee's exercise of the rights hereby conveyed and the safe operation of its pipeline.

(3) During construction, maintenance or removal of a pipeline hereunder, Grantee may use a strip of land 50 feet in width which shall revert to a 30-foot permanent servitude and right-of-way strip for operation of the pipeline. At locations such as roads, streams, ditches, or specific areas which require more difficult installation procedures, Grantee shall have such additional space as is reasonably required during construction of a pipeline. RW-54E4

1

(4)    Grantee shall install proper bracing for crossing of all fences, leaving said bracing after construction, and shall repair the fence to as near its original condition as is reasonably practical. If there are gates or roadways now existing along the right-of-way route Grantee shall have the right to use such existing gates and roadways in the exercise of all rights conferred herein.

(5)  Grantee shall have the right from time to time to cut and keep clear trees, undergrowth and other obstructions on said servitude and right-of-way that may endanger or interfere with the construction, operation and maintenance of the pipeline or appurtenances to said pipeline.

(6)  Grantor hereby binds himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular said premises unto Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

(7)  Grantee agrees to  initially bury the pipelines so as to have a minimum 48 inches of ground cover, except if solid rock is encountered, in which case the minimum cover shall be eighteen (18) inches through the affected area.

(8)  This instrument may be executed in counterparts and each Grantor shall receive payment hereunder in such proportion as his respective interest bears to the entire fee simple title.

(9)  It is further understood and agreed that the consideration paid for this servitude and right-of-way  is also full, complete and final payment for any and all injuries and damages of whatever nature and character to land, crops, timber, fences and improvements on, over and across the premises occasioned by the  construction of said pipeline installed hereunder and for the enjoyment and use by Grantee of its rights hereunder and Grantor hereby covenants that any and all claims that he has or may have because of the Grantee's  construction operations on said pipeline  installed on said right-of-way have been paid and satisfied in full.

(10) The Grantor hereby warrants and represents that Grantor shall not disclose or publish in any form or fashion the amounts or details of this agreement reached between the parties herein, it being understood that such warranty and representation forms part of the consideration in this agreement.

(11)  This instrument covers all of the agreements and stipulations between the parties and no representations or statements have been made that modify, add to or change the terms of this agreement.

(12)  Grantee agrees to protect, indemnify, and hold harmless Grantor from any claims, demands, expenses, losses, damages or injuries (including death) to persons or property which are caused by Grantee's negligence or willful misconduct in the construction, operation and maintenance of the pipeline.

(13)  Section 1445 Certification.  Under penalties of perjury, the undersigned Grantor(s) hereby certifies that it (they) is (are) not a non resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate for purposes of U.S. income taxation.

(14)  This instrument and the covenants and agreements herein contained shall inure to the benefit of and be binding and obligatory upon the heirs, executors, administrators, successors and assigns of the parties hereto.

IN TESTIMONY WHEREOF the Grantor herein has executed this instrument this 28ᵗʰ day of  Dec, , 1999.


WITNESS:                                         GRANTOR:

_Cathy M Doan_                           _Helen Hunter Thomas_
_Earlene Weebley_                       HELEN HUNTER THOMAS


2

*Earlene Weekley*

*Cindy Coffman*

*Patricia Brumley*

**HELEN CAROL THOMAS GLADDIN**

**CHAROLOTTE THOMAS LANDRY**

**RACHEL HELEN THOMAS HALE**

\* \* \* \* \* \* \* \*

**STATE OF LOUISIANA**

**PARISH OF CALCASIEU**

Before me, the undersigned authority, personally appeared *Cathy M Gaar*, who being first duly sworn deposes and says that he was one of the subscribing witnesses to the execution of the foregoing instrument by *Helen Hunton Thomas, Helen Carol Thomas Gladdin, Charlotte Thomas Landry, Rachel Helen Thomas Hale*, who signed the same in his presence and that of the other subscribing witness to such signatures whose names are affixed as such, and that he now recognizes all said signatures to be true and genuine.

Sworn to and subscribed before me, notary, on this *25th* day of *September* 1999. *2000*

**NOTARY PUBLIC**
Pamela C. Berryman

Notary Public in and for Calcasieu Parish

My Commission Expires:

*At Death*

DOCUMENT NO.: _____
SYSTEM/SUBSYSTEM: _____
TRACT NO.: _____
NO. OF RODS: _____
CHECK NO.: _____
CHARGE: _____

COB: 576390; Page: 3; Filed: 12/26/2000 12:00:00AM [jeffersondavis:]

3



# T-9-S, R-4-W
# JEFFERSON DAVIS PARISH, LOUISIANA

577235

885

# EASEMENT AND RIGHT-OF-WAY GRANT
(Roadway)

RECEIVED AND FILED

2001 FEB -5  AM 10: 29

CARLTON L. BUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

    For and in consideration of the sum of Ten Dollars and No/100 ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged **HELEN HUNTER THOMAS** widow of Nelson H. Thomas, Sr., and **HELEN CAROL THOMAS GLADDEN** wife of Lyndon K. Gladden and **CHARLOTTE THOMAS LANDRY** wife of David Scott Landry and **RACHEL HELEN THOMAS HALE** wife of Patrick W. Hale, all of whose mailing address for the purpose of this agreement is 1571 Thibodeaux Avenue, Baton Rouge, Louisiana 70806 ("Grantor," whether one or more) hereby grants, bargains, sells, assigns and conveys to HS RESOURCES, INC., a Delaware corporation, with offices at 1999 Broadway, Suite 3600, Denver, Colorado  80202 ("Grantee"), an easement and right-of-way in and across the following real estate, to-wit:

    Northwest Quarter (NW/4) and the West Half of the West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana.  Said Tract being bounded by lands owned now or formerly as follows: North by Marion Coffin Brooke Trust and Janis Pitre, et al.; South by Thomas G. Campbell, et ux. and Robert Lynn Ferguson, et ux.; East by Martin Kratzer Estate; and West by Cora Clayton Williams.

    **SEE ATTACHED SURVEY PLAT EXHIBIT "A" FOR DETAILED DESCRIPTION**

(the "Land") together with full rights of ingress and egress to and from the Land for the purposes hereafter specified.

    The easement and right-of-way is granted for the purpose of providing Grantee, its employees, agents, contractors and licensees access to the Land to conduct any activities that are necessary for its current or future oil and gas operations on or adjacent to the Land, including, without limitation, the right to build, construct, improve, repair, use and maintain a roadway ("Roadway"), to transport, haul or provide access for drilling rigs, workover rigs, tractor trailers, drillpipe, casing, production tubing, water, perforation and fracture treatment trucks, tank batteries, treater facilities, tanker truck service, daily pumpers and meter readers utilizing standard-sized pickup trucks, and other equipment and vehicles necessary to carry on Grantee's oil and gas drilling and operations.

    It is agreed that the easement and right-of-way granted herein shall be binding upon and run with the surface ownership of the Land and shall not be held or transferred separately therefrom and shall continue for the benefit of Grantee and its successors and assigns, as owners of the oil, gas and associated liquid hydrocarbons in the Land, including any operator or unit operator, and for the benefit of other lands within any unit area within which the Land or any portion thereof may be included.

    The easement and right-of-way granted herein shall be effective as of the date below written, and shall remain in effect for so long thereafter as the oil and gas rights in the Land are committed to an oil and gas lease, license or unitization agreement, or so long as a well capable of producing oil or gas or associated liquid hydrocarbons is located upon the Land or on lands adjacent thereto or pooled or unitized therewith, or drilling or reworking operations are being conducted thereon, or as long as any pipeline or any other oil or gas facility serviced by the Roadway is in use, or as long as plugging and abandoning operations are being conducted, whichever occurs last.

    This Agreement may be executed in multiple originals, all of which shall be considered counterparts of one another.  This easement and right-of-way grant shall be binding upon the heirs, executors, administrators, successors and assigns of the parties hereto.

COB 577235; Page: 1; Filed: 2/5/2001 12:00:00AM [jeffersondavis: ]

577235

886

Executed this _24th_ day of _November_, 2000.

WITNESSES:

_Lyndak Gladden_

_Stewart C. Delcambre_                    _Helen Hunter Thomas_
                                          HELEN HUNTER THOMAS

_Stewart C. Delcambre_
_Lyndar K. Gladden_                       _Helen Carol Thomas Gladden_
                                          HELEN CAROL THOMAS GLADDEN

_Stewart C. Delcambre_
_Lyndon K. Gladden_                       _Charlotte Thomas Landry_
                                          CHARLOTTE THOMAS LANDRY

_Stewart C. Delcambre_
_Lyndon K. Gladden_                       _Rachel Helen Thomas Hale_
                                          RACHEL HELEN THOMAS HALE

STATE OF LOUISIANA

PARISH OF _LAFAYETTE_

    BEFORE ME, the undersigned Notary Public, on this day personally appeared Stewart C.
Delcambre who, being by me duly sworn, stated under oath that he was one of the subscribing witnesses
to the foregoing instrument and that the same was signed by HELEN HUNTER THOMAS, HELEN
CAROL THOMAS GLADDEN, CHARLOTTE THOMAS LANDRY AND RACHEL HELEN
THOMAS HALE in his presence and in the presence of the other subscribing witness(es).

_Stewart C. Delcambre_

SWORN TO AND SUBSCRIBED before me _November 30_, 2000.

_Jerry Berard, Jr._
Notary Public in and for _LAFAYETTE_ Parish, Louisiana

My Commission Expires: _At Death_.

COB: 577235; Page: 2; Filed: 2/5/2001 12:00:00AM [jeffersondavis: ]

EXHIBIT "A"                                          887



PROPOSED DRILLSITE LAYOUT FOR

# HS RESOURCES, INC.

HELEN HUNTER THOMAS, ET AL        NO. 2 (ALT. LOC.)

SECTION 11, T–9–S, R–4–W

JEFFERSON DAVIS PARISH, LOUISIANA

AUGUST 23, 2000

GRAPHIC SCALE: 1" = 200'

M. J. Broussard, Inc.
PROFESSIONAL LAND SURVEYING
A Professional Corporation

FILE: /00-0054/drlsite.dwg

904                                        577240

## DECLARATION IN LIEU OF OPERATING AGREEMENT

STATE OF LOUISIANA        )
                          )
PARISH OF JEFFERSON DAVIS )

BE IT KNOWN THAT:

WHEREAS,

**ASPECT RESOURCES LLC**
a Colorado limited liability company
511 16th Street, Suite 300
Denver, Colorado 80202

**HS RESOURCES, INC.**
a Delaware corporation
1999 Broadway, Suite 3600
Denver, Colorado 80202



Have executed that certain Operating Agreement dated October 23, 2000, effective Date of First Production (the "Operating Agreement"), covering lands affecting certain mineral rights that are subject thereto, pertaining, in part, to the lands and mineral rights described therein, a copy of which Operating Agreement is attached hereto and made a part hereof as Exhibit "A"; and

WHEREAS, HS Resources, Inc. and Aspect Resources LLC are aware of the provisions of L.A.R.S.. 9:2731, et seq. concerning the filing of an agreement for the joint exploration, development, operation or production of minerals by and among the owners of mineral rights, and in particular the provisions of La.R.S.. 9:2731 permitting parties to such agreement to file a declaration thereof, and wish to avail themselves of the benefits thereof.

NOW, THEREFORE, HS Resources, Inc. and Aspect Resources LLC do hereby execute this Declaration in Lieu of Operating Agreement under and pursuant to the provisions of L.A.R.S.. 9:2732, and do hereby stipulate in connection therewith as follows:

1.    The lands affected by the mineral rights that are the subject of the Operating Agreement are more particularly described on Exhibit "A", attached hereto and made a part hereof.

2.    The nature or impact of the Operating Agreement is to set forth the terms and conditions of operations for the Helen Hunter Thomas No. 1 Well, defined in Office of Conservation Order No. 124-W.

3.    An original of the Operating Agreement may be found in the offices of HS ` Resources, Inc., located at 1999 Broadway, Suite 3600, Denver, CO 80202.

4.    The recording officer of Jefferson Davis Parish, Louisiana is authorized to file a copy of this Declaration in Lieu of Operating Agreement into the records of Jefferson Davis Parish, Louisiana, without attaching thereto either the original or a copy of Exhibit "A" hereto, pursuant to the authorization stated in La.R.S.. 9:2732, in which event this Declaration in Lieu of Operating Agreement shall serve as a full and complete notice of said Operating Agreement to the same extent as if the original Operating Agreement has been filed and recorded in the records of Jefferson Davis Parish, Louisiana.

5.    This Declaration in Lieu of Operating Agreement is made and is being recorded to give notice of the existence of the Operating Agreement pursuant to L.A.R.S.. 9:2731, et seq.

1

Executed this _8th_ day of _January_, ~~2000~~ 2001, but made effective as of date of first production from the Helen Hunter Thomas No. 1 Well.

WITNESSES:                    HS RESOURCES, INC.
                             a Delaware corporation

_(signature)_          By: _(signature)_                         AA
_(signature)_              Janet W. Pasque
                           Vice President – Land


                             ASPECT RESOURCES LLC
                             By its Manager
                             Aspect Management Corporation

_(signature)_          By: _(signature)_
_(signature)_              Alex B. Campbell
                           Vice President




## ACKNOWLEDGMENTS

STATE OF COLORADO    )
CITY AND             ) ss.
COUNTY OF DENVER     )

    On this _8th_ day of _January_, ~~2000~~ 2001, before me appeared **Janet W. Pasque**, to me personally known, who, being by me duly sworn did say that she is the Vice President – Land of **HS Resources, Inc.**, a Delaware corporation, and that instrument was signed on behalf of said corporation pursuant to a corporate resolution and said HS Resources, Inc. acknowledged said instrument was executed as the free act and deed of the corporation.

    Witness my hand and official seal.

(SEAL)                              _Lynda K. Hendrix_
                                    Notary Public:
                                    Address:    1999 Broadway, Suite 3600
                                                Denver, CO. 80202

LYNDA K. HENDRIX
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 3/10/2002

COB 577240; Page: 2; Filed: 2/5/2001 12:00:00AM [jeffersondavis: ]

2

906

STATE OF COLORADO          )
CITY AND                   ) ss.
COUNTY OF DENVER           )

The foregoing instrument was acknowledged before me this *19th* day of *December*, 2000, by Alex B. Campbell, as Vice President for **Aspect Management Corporation**, a Nevada corporation, in its capacity as Manager of **Aspect Resources, LLC**, a Colorado limited liability company, on behalf of such company.

Witness my hand and official seal.

(SEAL)

Notary Public:
Address:    511 16th Street, Suite 300
            Denver, CO. 80202

My Commission Expires:

*9-21-01*

COB: 577240; Page: 3; Filed: 2/5/2001 12:00:00AM [jeffersondavis: ]

3

EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated November 20, 2000, between HS Resources, Inc., and Aspect Resources, LLC

| LEASE NO. | LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001188-000 | THOMAS, HELEN HUNTER, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/27/98 | 867 | 764 | 554824 | JEFFERSON DAVIS |
| LA-001232-001 | BUTCHER, RUTH LORENE DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 873 | 274 | 556881 | JEFFERSON DAVIS |
| LA-001232-002 | TATE, MONA LYNN DEVILBISS, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/22/98 | 870 | 97 | 555798 | JEFFERSON DAVIS |
| LA-001232-003 | DEVILBISS, DEBRA SUE | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 869 | 913 | 555772 | JEFFERSON DAVIS |
| LA-001232-004 | MILLER, EDWARD G., ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/20/98 | 869 | 934 | 555776 | JEFFERSON DAVIS |
| LA-001232-005 | DEVILBISS, CECIL F. II, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 870 | 2 | 555780 | JEFFERSON DAVIS |
| LA-001232-006 | DEVILBISS, CYRUS D. | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 870 | 8 | 555781 | JEFFERSON DAVIS |
| LA-001232-007 | DEVILBISS, ALAN JEROME | ST. MARY LAND & EXPLORATION COMPANY | 07/28/98 | 870 | 34 | 555786 | JEFFERSON DAVIS |
| LA-001232-008 | RATLIFF, VIRGINIA DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 870 | 55 | 555790 | JEFFERSON DAVIS |
| LA-001232-009 | DEVILBISS, CARITA ALLENE | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 870 | 76 | 555794 | JEFFERSON DAVIS |
| LA-001232-010 | BELL, ALVEY | ST. MARY LAND & EXPLORATION COMPANY | 07/23/98 | 872 | 178 | 556424 | JEFFERSON DAVIS |
| LA-001232-011 | DEVILBISS, DALLAS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 17 | 556393 | JEFFERSON DAVIS |
| LA-001232-012 | SANCHEZ, HARIETTE DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 120 | 556413 | JEFFERSON DAVIS |
| LA-001232-013 | MCCARTY, DOROTHY JEAN DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 297 | 556449 | JEFFERSON DAVIS |
| LA-001232-014 | DEVILBISS, OLA MAE, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 08/12/98 | 870 | 123 | 555803 | JEFFERSON DAVIS |

Helen Hunter Thomas No. 1 Well -
Jefferson Davis Parish, LA.

COB: 577240; Page: 4; Filed: 2/5/2001 12:00:00AM  [jeffersondavis: ]

EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated November 20, 2000, between HS Resources, Inc., and Aspect Resources, LLC

| LEASE NO. | LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001232-015 | DEVILBISS, THOMAS E., ET AL | ST. MARY LAND & EXPLORATION COMPANY | 09/07/98 | 871 | 198 | 556077 | JEFFERSON DAVIS |
| LA-001232-016 | DEVILBISS, JOHN MICHA4EL | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 871 | 337 | 556129 | JEFFERSON DAVIS |
| LA-001232-017 | SEIBERT, JOSEPH ERIN | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 402 | 556560 | JEFFERSON DAVIS |
| LA-001232-026 | DAVIDSON, REBECCA SUE SEIBERT | ST. MARY LAND & EXPLORATION COMPANY | 09/20/98 | 874 | 261 | 557320 | JEFFERSON DAVIS |
| LA-001232-027 | DEVILBISS, MARK DAVID, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 09/20/98 | 873 | 821 | 557143 | JEFFERSON DAVIS |
| LA-001232-028 | DEVILBISS, TERRY | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 873 | 775 | 557134 | JEFFERSON DAVIS |
| LA-001232-029 | DEVILBISS, NATHAN | ST. MARY LAND & EXPLORATION COMPANY | 07/28/98 | 874 | 210 | 557310 | JEFFERSON DAVIS |
| LA-001232-030 | DEVILBISS, JONI LYNN | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 872 | 846 | 556750 | JEFFERSON DAVIS |
| LA-001232-031 | DEVILBISS, JOHN HOWARD | ST. MARY LAND & EXPLORATION COMPANY | 09/20/98 | 873 | 827 | 557144 | JEFFERSON DAVIS |
| LA-001232-038 | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/31/98 | 868 | 264 | 555012 | JEFFERSON DAVIS |
| LA-001232-039 | DEVILBISS, GWYNETH RIDLEY, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/23/98 | 867 | 843 | 554840 | JEFFERSON DAVIS |
| LA-001232-040 | CAMPBELL, THOMAS G., ET UX | ST. MARY LAND & EXPLORATION COMPANY | 07/27/98 | 867 | 743 | 554820 | JEFFERSON DAVIS |
| LA-001232-042 | REDMAN, ELIZABETH ANN SEIBERT | ST. MARY LAND & EXPLORATION COMPANY | 08/06/98 | 874 | 946 | 557656 | JEFFERSON DAVIS |
| LA-001232-043 | DELAHOUSSAYE, CHARLES ALLEN | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 64 | 556402 | JEFFERSON DAVIS |
| LA-001186-000 | KRATZER, JAMES, JR., ET UX | ST. MARY LAND & EXPLORATION COMPANY | 08/07/98 | 868 | 640 | 555187 | JEFFERSON DAVIS |
| LA-001180-000 | KRATZER, JAMES NOLAN, ET UX | ST. MARY LAND & EXPLORATION COMPANY | 07/30/98 | 868 | 495 | 555102 | JEFFERSON DAVIS |

Helen Hunter Thomas No. 1 Well -
Jefferson Davis Parish, LA.

COB: 577240; Page: 5; Filed: 2/5/2001 12:00:00AM  [jeffersondavis: ]

EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated November 20, 2000,
between HS Resources, Inc., and Aspect Resources, LLC

| LEASE NO. | LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001185-000 | PRUIT, JIMMY GLEN, ET UX | ST. MARY LAND & EXPLORATION COMPANY | 08/05/98 | 869 | 582 | 555638 | JEFFERSON DAVIS |
| LA-001182-000 | MORVANT, CIVIRILLIAN, JR., ET UX | ST. MARY LAND & EXPLORATION COMPANY | 07/31/98 | 868 | 197 | 555003 | JEFFERSON DAVIS |
| LA-001178-000 | TRAHAN, DAVID MICHAEL | ST. MARY LAND & EXPLORATION COMPANY | 07/30/98 | 868 | 193 | 555002 | JEFFERSON DAVIS |
| LA-001446-001 | GERRARD, JO BETH DELAHOUSSAYE, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/31/98 | 868 | 285 | 555016 | JEFFERSON DAVIS |
| LA-001446-002 | DEVILBISS, GWYNETH RIDLEY, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/23/98 | 867 | 849 | 554841 | JEFFERSON DAVIS |
| LA-001446-003 | MORGAN, DONALD R., ET UX | ST. MARY LAND & EXPLORATION COMPANY | 07/21/98 | 867 | 854 | 554842 | JEFFERSON DAVIS |
| LA-001446-004 | BELL, ALVEY | ST. MARY LAND & EXPLORATION COMPANY | 07/23/98 | 872 | 162 | 556421 | JEFFERSON DAVIS |
| LA-001446-005 | DEVILBISS, ALAN JEROME | ST. MARY LAND & EXPLORATION COMPANY | 07/28/98 | 871 | 584 | 556284 | JEFFERSON DAVIS |
| LA-001446-006 | BUTCHER, RUTH LORENE DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 873 | 269 | 556880 | JEFFERSON DAVIS |
| LA-001446-007 | DAVIDSON, REBECCA SUE SEIBERT | ST. MARY LAND & EXPLORATION COMPANY | 09/02/98 | 874 | 277 | 557323 | JEFFERSON DAVIS |
| LA-001446-008 | SEIBERT, JOSEPH ERIN | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 433 | 556566 | JEFFERSON DAVIS |
| LA-001446-009 | MILLER, EDWARD G., ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/20/98 | 871 | 640 | 556296 | JEFFERSON DAVIS |
| LA-001446-010 | DEVILBISS, NATHAN | ST. MARY LAND & EXPLORATION COMPANY | 07/28/98 | 874 | 190 | 557308 | JEFFERSON DAVIS |
| LA-001446-011 | DEVILBISS, DALLAS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 871 | 953 | 556388 | JEFFERSON DAVIS |
| LA-001446-012 | TATE, MONA LYNN DEVILBISS, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/22/98 | 872 | 780 | 556737 | JEFFERSON DAVIS |
| LA-001446-013 | DEVILBISS, THOMAS E., ET AL | ST. MARY LAND & EXPLORATION COMPANY | 09/07/98 | 871 | 188 | 556075 | JEFFERSON DAVIS |

Helen Hunter Thomas No. 1 Well -
Jefferson Davis Parish, LA.

COB: 577240; Page: 6; Filed: 2/5/2001 12:00:00AM (jeffersondavis: )

EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated November 20, 2000, between HS Resources, Inc., and Aspect Resources, LLC

| LEASE NO. | LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001446-014 | RATLIFF, VIRGINIA DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 871 | 125 | 556063 | JEFFERSON DAVIS |
| LA-001446-015 | DEVILBISS, CARITA ALLENE | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 871 | 167 | 555071 | JEFFERSON DAVIS |
| LA-001446-016 | DEVILBISS, JOHN HOWARD | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 749 | 556731 | JEFFERSON DAVIS |
| LA-001446-017 | DEVILBISS, DEBRA SUE | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 871 | 94 | 556057 | JEFFERSON DAVIS |
| LA-001446-018 | SANCHEZ, HARIETTE DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 131 | 556415 | JEFFERSON DAVIS |
| LA-001446-019 | DEVILBISS, OLA MAE, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 08/12/98 | 871 | 605 | 556288 | JEFFERSON DAVIS |
| LA-001446-020 | DEVILBISS, MARK DAVID, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 09/20/98 | 873 | 832 | 557145 | JEFFERSON DAVIS |
| LA-001446-021 | DEVILBISS, JONI LYNN | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 872 | 810 | 556743 | JEFFERSON DAVIS |
| LA-001446-022 | DEVILBISS, TERRY | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 873 | 770 | 557133 | JEFFERSON DAVIS |
| LA-001446-023 | DEVILBISS, JOHN MICHAEL | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 871 | 348 | 556131 | JEFFERSON DAVIS |
| LA-001446-024 | MCCARTY, DOROTHY JEAN DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 276 | 556495 | JEFFERSON DAVIS |
| LA-001446-025 | FERGUSON, ROBERT LYNN, ET UX | ST. MARY LAND & EXPLORATION COMPANY | 10/17/98 | 874 | 617 | 557458 | JEFFERSON DAVIS |
| LA-001446-026 | REDMAN, ELIZABETH ANN SEIBERT | ST. MARY LAND & EXPLORATION COMPANY | 08/06/98 | 875 | 17 | 557660 | JEFFERSON DAVIS |
| LA-001233-020 | DEVILBISS, JOHN MICHAEL | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 871 | 353 | 556131 | JEFFERSON DAVIS |
| LA-001233-021 | MCCARTY, DOROTHY JEAN DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 286 | 556497 | JEFFERSON DAVIS |
| LA-001233-022 | MORGAN, DONALD R., ET UX | ST. MARY LAND & EXPLORATION COMPANY | 07/21/98 | 867 | 859 | 554843 | JEFFERSON DAVIS |

Helen Hunter Thomas No. 1 Well -
Jefferson Davis Parish, LA.

COB: 577240; Page: 7; Filed: 2/5/2001 12:00:00AM  [jeffersondavis: ]

EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated November 20, 2000, between HS Resources, Inc., and Aspect Resources, LLC

| LEASE NO. | LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001233-023 | GERRARD, JO BETH DELAHOUSSAYE, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/31/98 | 868 | 280 | 555015 | JEFFERSON DAVIS |
| LA-001233-001 | MCGOWAN WORKING PARTNERS | ST. MARY LAND & EXPLORATION COMPANY | 09/30/98 | 873 | 728 | 557125 | JEFFERSON DAVIS |
| LA-001233-002 | BELL, ALVEY | ST. MARY LAND & EXPLORATION COMPANY | 07/23/98 | 872 | 167 | 556422 | JEFFERSON DAVIS |
| LA-001233-003 | DEVILBISS, ALAN JEROME | ST. MARY LAND & EXPLORATION COMPANY | 07/28/98 | 871 | 589 | 556285 | JEFFERSON DAVIS |
| LA-001233-004 | DAVIDSON, REBECCA SUE SEIBERT | ST. MARY LAND & EXPLORATION COMPANY | 09/20/98 | 874 | 292 | 557326 | JEFFERSON DAVIS |
| LA-001233-005 | SEIBERT, JOSEPH ERIN | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 391 | 558558 | JEFFERSON DAVIS |
| LA-001233-006 | MILLER, EDWARD G., ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/20/98 | 871 | 634 | 556295 | JEFFERSON DAVIS |
| LA-001233-007 | DEVILBISS, NATHAN | ST. MARY LAND & EXPLORATION COMPANY | 07/28/98 | 874 | 235 | 557315 | JEFFERSON DAVIS |
| LA-001233-008 | DEVILBISS, DALLAS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 871 | 947 | 556387 | JEFFERSON DAVIS |
| LA-001233-009 | TATE, MONA LYNN DEVILBISS, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/22/98 | 872 | 722 | 556726 | JEFFERSON DAVIS |
| LA-001233-010 | DEVILBISS, THOMAS E., ET AL | ST. MARY LAND & EXPLORATION COMPANY | 09/07/98 | 871 | 182 | 556074 | JEFFERSON DAVIS |
| LA-001233-011 | RATLIFF, VIRGINIA DEVILBISS | ST. MARY LAND & EXPLORATION COMPAY | 08/02/98 | 871 | 130 | 556064 | JEFFERSON DAVIS |
| LA-001233-012 | DEVILBISS, CARITA ALLENE | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 871 | 151 | 556088 | JEFFERSON DAVIS |
| LA-001233-013 | DEVILBISS, JOHN HOWARD | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 743 | 556730 | JEFFERSON DAVIS |
| LA-001233-014 | DEVILBISS, DEBRA SUE | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | | 99 | 556058 | JEFFERSON DAVIS |
| LA-001233-015 | SANCHEZ, HARIETTE DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 136 | 556416 | JEFFERSON DAVIS |

Helen Hunter Thomas No. 1 Well -
Jefferson Davis Parish, LA.

COB: 577240; Page: 8; Filed: 2/5/2001 12:00:00AM  [jeffersondavis: ]

911.

EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated November 20, 2000,
between HS Resources, Inc., and Aspect Resources, LLC

| LEASE NO. | LESSOR | LESSEE | LEASE DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001233-016 | DEVILBISS, OLA MAE, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 08/12/98 | 870 | 129 | 555804 | JEFFERSON DAVIS |
| LA-001233-017 | DEVILBISS, MARK DAVID, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 09/20/98 | 873 | 837 | 557146 | JEFFERSON DAVIS |
| LA-001233-018 | DEVILBISS, JONI LYNN | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 872 | 815 | 556744 | JEFFERSON DAVIS |
| LA-001233-019 | DEVILBISS, TERRY | ST. MARY LAND & EXPLORATION COMPANY | 08/27/98 | 873 | 749 | 557129 | JEFFERSON DAVIS |
| LA-001233-024 | DEVILBISS, GWYNETH RIDLEY, ET AL | ST. MARY LAND & EXPLORATION COMPANY | 07/23/98 | 867 | 808 | S554833 | JEFFERSON DAVIS |
| LA-001233-028 | REDMAN, ELIZABETH ANN SEIBERT | ST. MARY LAND & EXPLORATION COMPANY | 08/06/98 | 875 | 32 | 557663 | JEFFERSON DAVIS |
| LA-001233-029 | BUTCHER, RUTH LORENE DEVILBISS | ST. MARY LAND & EXPLORATION COMPANY | 08/02/98 | 873 | 263 | 556879 | JEFFERSON DAVIS |
| LA-001233-030 | DELAHOUSSAYE, CHARLES ALLEN | ST. MARY LAND & EXPLORATION COMPANY | 09/11/98 | 872 | 48 | 556399 | JEFFERSON DAVIS |
| LA-001232-044 | BELL, MICHAEL | HS RESOURCES, INC. | 11/03/99 | 890 | 700 | 566266 | JEFFERSON DAVIS |
| LA-001232-045 | REDLIN, REBECCA LYNN BELL | HS RESOURCES, INC. | 11/03/99 | 891 | 204 | 566440 | JEFFERSON DAVIS |

Helen Hunter Thomas No. 1 Well -
Jefferson Davis Parish, LA.

COB: 577240; Page: 9; Filed: 2/5/2001 12:00:00AM  [jeffersondavis: ]

577920

**34**

DECLARATION    RECEIVED AND FILED

2001 MAR -8 AM 11: 09

STATE OF LOUISIANA

PARISH OF LAFAYETTE

CARL___ ___ BUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

**BE IT KNOWN** that on this 7th day of March, 2001, in the presence of the undersigned competent witnesses and me, Notary, duly commissioned and qualified in and for the aforesaid Parish and State,

**PERSONALLY CAME AND APPEARED:**

**Charlotte Elizabeth Thomas Landry** ("Charlotte"), the wife of David Scott Landry and a resident of E. Baton Rouge Parish, Louisiana,

who, after being duly sworn, declared and acknowledged the following:

The purpose of this Declaration is to evidence the acknowledgment and declaration by Charlotte that all separate property of Charlotte shall remain separate property, and that the fruits and revenues of Charlotte's separate property are reserved by Charlotte as her separate property.

**NOW THEREFORE**, in consideration of the premises, Charlotte does hereby declare and acknowledge that a community of acquets and gains exists under the law of Louisiana between herself and her said husband; that she owns separate property; that in accordance with the provisions of Article 2339 of the Civil Code of Louisiana, she reserves all fruits of her separate property, wherever located and however administered, whether such fruits be natural or civil, including interest, dividends and rents, or from the result of labor, or otherwise, for her own separate use and benefit and that it is her intention to administer such property separately and alone, and to retain the same as her separate property. Additionally, Charlotte also reserves all minerals produced from or attributable to any and all of her separate assets, as well as bonuses, delay rentals, royalties, and shut-in payments arising from mineral leases. All of said minerals, bonuses, delay rentals, royalties, and shut-in payments are reserved for Charlotte's own separate use and benefit, and it is her intention to administer same separately and alone, and to retain the same as her separate property.

**THUS SIGNED** by appearer on the date indicated above at Lafayette, Parish of Lafayette, Louisiana, in the presence of the undersigned Notary Public, qualified in said State and Parish, and the undersigned competent witnesses, who have signed with the parties after due reading of the whole.

WITNESSES:

_Mary C. Hester_

_W. H Roll S_

_Charlotte Elizabeth Thomas Landry_
Charlotte Elizabeth Thomas Landry

_Joseph C. Eigles, Jr._
Notary Public

COB: 577920; Page: 1; Filed: 3/8/2001 12:00:00AM [jeffersondavis: ]    577920

69629_1.DOC

469

5782C0

RECEIVED AND FILED

2001 MAR 21  AM 9: 44

CARL ... ...UHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

STATE OF LOUISIANA
OFFICE OF CONSERVATION
BATON ROUGE, LOUISIANA

March 1, 2001

### ORDER NO. 124-W-1

Order concerning the confirmation of a drilling and production
unit and recognition of a new discovery well for the **Hackberry
Zone, Reservoir A**, in the **ROANOKE FIELD**, Jefferson
Davis Parish, Louisiana.

**************************************************

Pursuant to power delegated under the laws of the State of Louisiana, and particularly
Title 30 of the Louisiana Revised Statutes of 1950, and after a public hearing held under
**Docket No. 01-62** in Baton Rouge, Louisiana, on **January 30, 2001**, upon the application
of **HS RESOURCES, INC.**, following legal publication of notice and notice in accordance
with the rules prescribed by the Commissioner of Conservation, the following Order is issued
and promulgated by the Commissioner of Conservation as being reasonably necessary to
conserve the natural resources of the State, to prevent waste as defined by law, to avoid the
drilling of unnecessary wells, and otherwise to carry out the provisions of the laws of this
State.

### DEFINITION

The Hackberry Zone, Reservoir A, in the Roanoke Field, was previously defined in
Office of Conservation Order No. 124-W, effective April 17, 1999, and is hereby redefined
as being that gas and condensate bearing zone encountered between the depths of 10,325 feet
and 10,675 feet (electrical log measurements) in the HS Resources - Thomas No. 1 Well,
located in Section 11, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana.

### FINDINGS

The Commissioner of Conservation finds as follows:

1.    That Office of Conservation Order No. 124-W, effective April 17, 1999,
established rules and regulations and created a drilling and production unit for the
exploration for and production of gas and condensate from the Hackberry Zone, Reservoir
A, in the Roanoke Field, Jefferson Davis Parish, Louisiana, and that the confirmation and
continuation in force and effect, of said unit, is necessary to insure orderly development, to
prevent waste and to avoid the drilling of unnecessary wells.

2.    That the available geological, engineering or other appropriate information
indicates that the unit designated HBY RA SUA, as more particularly shown on the plat
labeled, "HS Resources, Inc. - Exhibit No. 5 for Docket No. 01-62", a copy of which is
attached hereto, is reasonable and should be continued in force and effect; that said unit can
be efficiently and economically drained by one well, and that such unit should reasonably
assure to each separate tract included therein an opportunity to recover its just and equitable
share of the contents of the reservoir.

470

**ORDER NO. 124-W-1**                                                    Page Two

3.    That the available geological, engineering or other appropriate information indicates that the Hackberry Zone, Reservoir A, in the Roanoke Field, Jefferson Davis Parish, Louisiana, whose limits are shown on the attached plat, reference Finding No. 2 hereof, is a new reservoir and the HS Resources, Inc.- Thomas No.1 Well (Serial No. 223360) as shown on the attached plat, reference Finding No. 2 hereof, is a new discovery well for the Hackberry Zone, Reservoir A, pursuant to LSA-R.S. 47:648.1-648.4, as amended.

4.    That except to the extent contrary herewith, all applicable Statewide Orders should apply to the unit confirmed and continued herein.

## ORDER

NOW, THEREFORE, IT IS ORDERED THAT:

1.    The unit designated HBY RA SUA as shown on the plat labeled, "HS Resources, Inc. - Exhibit No. 5 for Docket No. 01-62", a copy of which is attached hereto and made a part hereof, be and it is hereby confirmed and continued in force and effect as a drilling and production unit for the exploration for and production of gas and condensate from the Hackberry Zone, Reservoir A, in the Roanoke Field, Jefferson Davis Parish, Louisiana.

2.    The Hackberry Zone, Reservoir A, in the Roanoke Field, Jefferson Davis Parish, Louisiana, whose limits are shown on the attached plat, reference Finding No. 2 hereof, is a new reservoir and the HS Resources, Inc.- Thomas No. 1 Well (Serial No. 223360) as shown on the attached plat, reference Finding No. 2 hereof, is a new discovery well for the Hackberry Zone, Reservoir A, pursuant to LSA-R.S. 47:648.1-648.4, as amended.

3.    Except to the extent contrary herewith, the provisions of all applicable Statewide Orders shall apply to the unit confirmed and continued herein.

4.    When additional geological, engineering or other appropriate information becomes available which would indicate a required change or revision of the unit boundaries adopted herein, or which would indicate a required change or revision of other provisions of this Order, the party or parties in possession of such additional information shall petition the Commissioner of Conservation for a public hearing for the purpose of considering appropriate changes.

This Order shall be effective on and after January 30, 2001.

OFFICE OF CONSERVATION
OF THE STATE OF LOUISIANA


PHILIP N. ASPRODITES
COMMISSIONER OF CONSERVATION

RML

HS Resources, Inc.
Exhibit No. 5 for Docket No. 01-62
Attached

L

COB: 578200; Page: 2; Filed: 3/21/2001 12:00:00AM [jeffersondavis: ]

COB: 578200; Page: 3; Filed: 3/21/2001 12:00:00AM [jeffersondavis:]

472

COB: 578200; Page: 4; Filed: 3/21/2001 12:00:00AM [jeffersondavis: ]

THIS IS TO CERTIFY THAT THIS IS A TRUE
AND CORRECT COPY OF OFFICIAL RECORDS
ON FILE AT THE OFFICE OF CONSERVATION,
BATON ROUGE, LOUISIANA.

DATE 3-14-01 _Todd Keat_
CUSTODIAN OF RECORDS
TODD KEATING

580011                              F. 479

**ACT OF TRANSFER** RECEIVED AND FILED

STATE OF LOUISIANA                    2001 JUN -1 PM 1:05

PARISH OF *Jefferson Davis*           CARLTON L. DUHON
                                      CLERK OF COURT
                                      JEFFERSON DAVIS PARISH

BE IT KNOWN, that on this _25_ day of _May_, 2001, before the

undersigned Notary Public, duly commissioned and qualified, and in the presence of the

undersigned competent witnesses, personally came and appeared:

> **HELEN HUNTER THOMAS**, widow of Nelson Thomas, whose
> address is 1325 1/2 North Cutting Avenue, Jennings, Louisiana
> 70546 (hereinafter referred to as "Transferor");

who declared that she does by these presents grant, bargain, convey, transfer, assign, set over,

abandon and deliver, with all legal warranties and with full substitution and subrogation in and to

all rights and actions of warranty that she has or may have against all preceding owners and

vendors, unto:

> **THOMAS RESOURCES L.L.C.**, a Louisiana limited liability
> company, herein represented by Helen T. Gladden, its manager,
> whose registered office is 922 Shankland, Jennings, Louisiana
> 70546 (hereinafter referred to as "Transferee");

here present accepting for itself, its successors and assigns, and acknowledging delivery and

possession thereof the following described property:

> An undivided one-half (1/2) interest in:
>
> > That certain tract or parcel land containing 200.00 acres, more or
> > less, being the Northwest Quarter (NW/4) and West Half of the
> > West Half of the Northeast Quarter (W/2 of W/2 of NE/4) of
> > Section 11, Township 9 South, Range 4 West, Jefferson Davis
> > Parish, Louisiana. Said tract being bounded by lands owned now
> > or formerly as follows: North by Marion Coffin Brooke Trust and
> > Janis Pitre, et al; South by Thomas G. Campbell, et ux, and Robert
> > Lynn Ferguson, et ux; East by Martin Kratzer Estate; and West by
> > Cora Clayton Williams.

TO HAVE AND TO HOLD the above-described property unto the Transferee, its

successors and assigns forever.

This transfer is made and accepted as a contribution of capital by Transferor to

Transferee, in consideration for which is the issuance by Transferee to Transferor of a

membership interest in Transferee. Transferee shall cause appropriate entries to be made in its

334866_1

**480**

books and records to duly evidence such capital contribution.  Transferor acknowledges and declares that the membership interest issued to Transferor by Transferee constitutes full and adequate consideration for the conveyance by Transferor of the above-described immovable property.  All state, city and parish taxes due and exigible have been paid as per declarations of the parties.

The parties hereto waive production of mortgage, conveyance, tax research and other certificates and release me, Notary, my insurers and the surety on my bond, from any and all responsibilities in connection therewith.

THUS DONE AND PASSED, in _Jennings_ , Louisiana, on the date first hereinabove set forth, in the presence of the undersigned competent witnesses, who hereunto sign their names with said Appearers and me, Notary, after reading of the whole.

WITNESSES (to all signatures):                    TRANSFEROR:

_Hannah Cade Cassidy_                           _Helen Hunter Thomas_
                                                Helen Hunter Thomas

_Denise Reedy Leger_
                                                TRANSFEREE:

                                                Thomas Resources L.L.C.

                                                By: _Helen T. Gladden_
                                                    Helen T. Gladden
                                                Its:  Manager

_Joyce LeBlanc Arceneaux_
Notary Public in and for Jefferson Davis
Parish, State of Louisiana
Commission expires with death

-2-

334886_1



218

582905

## PARTIAL RELEASE OF OIL, GAS AND MINERAL LEASE

STATE OF LOUISIANA            )
                              ) ss
PARISH OF JEFFERSON DAVIS     )

**KNOW ALL MEN BY THESE PRESENTS:**

THAT the undersigned, **KERR-MCGEE ROCKY MOUNTAIN CORPORATION**, successor by name change to **HS RESOURCES, INC.**, whose address is 1999 Broadway, Suite 3600, Denver, Colorado 80202, and **ASPECT RESOURCES LLC**, whose address is 511 16TH Street, Suite 300, Denver Colorado 80202, are the present owners and holders, ("Said Owners") of those certain Oil, Gas and Mineral Leases ("Said Leases"), identified on Exhibit "A" attached hereto and made a part hereof.

WHEREAS it is the desire of Said Owners, to hereby release, relinquish and surrender to the original lessor or lessors named in Said Leases, and to its or their heirs, successors and assigns, all of the right, title and interest of the undersigned, **in and to Said Lease, LESS AND EXCEPT** the following described portions which shall remain covered by and subject to the Said Lease:

That portion of the Said Leases situated within the geographical confines of the **HBY RA SUA – Helen Hunter Thomas, et al No.1** well, adopted by the State of Louisiana Office of Conservation Order No. 124-W-1, dated effective January 30, 2001, being filed of record in Conveyance Book 911 at page 469, File No. 578200 of the Office of Clerk of Court Records of Jefferson Davis Parish, Louisiana, and,

That portion of the Said Lease situated within the geographical confines of the **HBY RB SUA- Helen Hunter Thomas No. 2** well, established by the State of Louisiana Office of Conservation Order No. 124-W-2, dated effective June 12, 200 being filed of record in Conveyance Book 916 at Page 399, File No. 581228 of the Office of Clerk of Court Records of Jefferson Davis Parish, Louisiana.

NOW THEREFORE it is the intention of Said Owners to execute this instrument as a **Partial Release** only and it is expressly understood that Said Lease shall remain in full force and effect and subject to the terms and conditions set out in Said Lease as to the lands described hereinabove and being specifically **LESS and EXCEPTED** from this Partial Release.

**IN WITNESS WHEREOF**, this Partial Release of Oil, Gas and Mineral Lease is being executed on this 27th day of August, 2001.

WITNESSES:                    LESSEE:

                              **KERR-MCGEE ROCKY MOUNTAIN CORPORATION**

_Jane J M. Bonham_

_Jim Peay_                    _Jant W. Lyn_
                              By   Janet W. Pasque
                                   Vice President

F 219

**ASPECT RESOURCES, LLC**
by its Manager,
Aspect Management Corporation

By: _____ Alex B. Campbell
        Executive Vice President

## ACKNOWLEDGEMENTS

STATE OF COLORADO        )
CITY AND                           ) ss:
COUNTY OF DENVER           )

On this 27th day of _August_ 2001, personally appeared before me Janet W. Pasque who, being by me duly sworn, did say that she is Vice President for KERR-MCGEE ROCKY MOUNTAIN CORPORATION and by its authority said Janet W. Pasque acknowledged to me that KERR-MCGEE ROCKY MOUNTAIN CORPORATION executed the same.

Witness my hand and official seal.

(SEAL)

LYNDA K. HENDRIX
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires 3/10/2002

_____ Notary Public:
1999 Broadway, Suite 3600
Denver, CO 80202

STATE OF COLORADO        )
CITY AND                           ) ss:
COUNTY OF DENVER           )

The foregoing instrument was acknowledged before me this 5th day of _____ 2001, by Alex B. Campbell, as Executive Vice President of **ASPECT MANAGEMENT CORPORATION**, a Colorado Corporation in its capacity as manager of **ASPECT RESOURCES LLC**, a Colorado limited liability company, on behalf of such company.

Witness my hand and official seal.

(SEAL)

_____ Notary Public:
511 16th Street, Suite 300
Denver, CO 80202

My Commission Expires:
9-31-05

COB: 582905; Page: 2; Filed: 10/1/2001 1:00:00AM [jeffersondavis: ]

**Exhibit "A"**
**Thomas Prospect**
**Jefferson Davis Parish, Louisiana**

COB: 582905, Page: 3; Filed On: 00AM [jeffersondavis:]

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LA-001186-000 | KRATZER, JAMES, JR, ET UX | ST.MARY LAND & EXPLORATION | 08/07/98 | 868 | 640 | 555187 | JEFFERSON DAVIS |
| LA-001188-000 | THOMAS, HELEN HUNTER, ET AL | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 764 | 554824 | JEFFERSON DAVIS |

220

Page 1

**583970**

RECEIVED AND FILED

2001 NOV 16  AM 10: 16

CARL__ __ DUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

<u>**SERVITUDE AND RIGHT OF WAY AGREEMENT**</u>

| | |
|---|---|
| STATE OF LOUISIANA § | |
| § | KNOW ALL MEN BY THESE PRESENTS: |
| PARISH OF JEFFERSON DAVIS § | |

That **HELEN HUNTER THOMAS, HELEN CAROL THOMAS GLADDEN, CHARLOTTE THOMAS LANDRY, & HELEN THOMAS HALE**, herein called **GRANTOR**, for and in consideration of the sum of ~~Six Thousand two hundred fifty~~ ($6,250 .00) in hand paid, the receipt and sufficiency of which are hereby confessed and acknowledged, does hereby grant, bargain, sell and convey unto **Conoco Inc.**, herein called **GRANTEE**, and its successors and assigns, a servitude and right-of-way for the purposes of laying, constructing, maintaining, operating, altering, repairing, replacing, changing the size of and removing one pipeline within the same right-of-way, with all necessary and convenient valves, connections and fittings for the transportation of oil, gas petroleum products or any other liquids, gases or substances which can be transported through a pipeline, and erecting, maintaining and removing cathodic protection equipment, on, over, under, through and across a strip of land 30 feet in width along a route approximately as shown on Exhibit "B" and ~~Exhibit "D" attached hereto and made a part hereof~~ across the land described below, to wit:

*N/E ¼ OF SECTION 11, TOWNSHIP 9 SOUTH, RANGE 4 WEST*

THE PIPELINE SHALL BE LAID AS GENERALLY SHOWN ON THE PLAT ATTACHED AND MADE A PART HEREOF AS EXHIBIT "A".

TO HAVE AND TO HOLD unto said _Conoco Inc._, its successors and assigns, such servitude and right-of-way to be for the purposes granted herein for as long as a pipeline are operated and maintained thereon by Grantee, its successors and assigns.

This Servitude and Right-of-Way Agreement is made subject to the following terms and conditions:

(1)  Grantee shall have the rights and benefits necessary or convenient for the full enjoyment or use of the rights herein granted including, without limitation, the free right of ingress and egress over and across the above-described lands to and from said servitude and right-of-way.

(2)  Grantor may continue to use the surface of the servitude and right-of-way conveyed hereby for all agricultural purposes, pasturage or other similar purposes; provided, however, Grantor shall not construct, or permit to be constructed any houses, structures, lakes, ponds, dams or other obstructions upon the servitude and right-of-way which would interfere with Grantee's exercise of the rights hereby conveyed and the safe operation of its pipeline.

(3)  During maintenance or removal of a pipeline hereunder, Grantee may use a strip of land 50 feet in width which shall revert to a 30-foot permanent servitude and right-of-way strip for operation of the pipeline.  At locations such as roads, streams, ditches, or specific areas which require more difficult installation procedures, Grantee shall have such additional space as is reasonably required during construction of a pipeline.

(4)  Grantee shall install proper bracing for crossing of all fences, leaving said bracing after construction, and shall repair the fence to as near its original condition as is reasonably practical. If there are gates or roadways now existing along the right-of-way route Grantee shall have the right to use such existing gates and roadways in the exercise of all rights conferred herein.

RW-56986

1

(5)  Grantee shall have the right from time to time to cut and keep clear trees, undergrowth and other obstructions on said servitude and right-of-way that may endanger or interfere with the construction, operation and maintenance of the pipeline.

(6)  Grantor hereby binds himself, his heirs, executors, administrators, successors and assigns to warrant and forever defend all and singular said premises unto Grantee, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof.

(7)  Grantee agrees to  initially bury the pipeline so as to have a minimum 48 inches of ground cover, except if solid rock is encountered, in which case the minimum cover shall be eighteen (18) inches through the affected area.

(8)  This instrument may be executed in counterparts and each Grantor shall receive payment hereunder in such proportion as his respective interest bears to the entire fee simple title.

(9)  It is further understood and agreed that the consideration paid for this servitude and right-of-way  is also full, complete and final payment for any and all injuries and damages of whatever nature and character to land, crops, timber, fences and improvements on, over and across the premises occasioned by the construction of said pipeline installed hereunder and for the enjoyment and use by Grantee of its rights hereunder and Grantor hereby covenants that any and all claims that he has or may have because of the Grantee's  construction operations on said pipeline installed on said right-of-way have been paid and satisfied in full.

(10)  The Grantor hereby warrants and represents that Grantor shall not disclose or publish in any form or fashion the amounts or details of this agreement reached between the parties herein, it being understood that such warranty and representation forms part of the consideration in this agreement.

(11)  This instrument covers all of the agreements and stipulations between the parties and no representations or statements have been made that modify, add to or change the terms of this agreement.

(12)  Grantee agrees to protect, indemnify, and hold harmless Grantor from any claims, demands, expenses, losses, damages or injuries (including death) to persons or property which are caused by Grantee's negligence or willful misconduct in the construction, operation and maintenance of the pipeline.

(13)  Section 1445 Certification.  Under penalties of perjury, the undersigned Grantor(s) hereby certifies that it (they) is (are) not a non resident alien, foreign corporation, foreign partnership, foreign trust or foreign estate for purposes of U.S. income taxation.

(14)  This instrument and the covenants and agreements herein contained shall inure to the benefit of and be binding and obligatory upon the heirs, executors, administrators, successors and assigns of the parties hereto.

IN TESTIMONY WHEREOF the Grantor herein has executed this instrument this _5_ day of _April_ , 2001.

WITNESS:

GRANTOR:

_Helen Hunter Thomas_
**HELEN HUNTER THOMAS**

_Helen Carol Thomas Gladden_
**HELEN CAROL THOMAS GLADDEN**

COB: 583970; Page: 2; Filed: 11/16/2001 12:00:004M  [jeffersondavis ]

2

CHARLOTTE THOMAS LANDRY

RACHEL HELEN THOMAS HALE

919

COB: 583970; Page: 3; Filed: 11/16/2001 12:00:00AM [jeffersondavis: ]

920

**STATE OF LOUISIANA**

**PARISH OF CALCASIEU**

Before me, the undersigned authority, personally appeared <u>Brent Kramer</u>, who being first duly sworn deposes and says that he was one of the subscribing witnesses to the execution of the foregoing instrument by <u>Helen Hunter Thomas, Helen Carol Thomas Gladden, Charlotte Thomas Landry, Rachel Helen Thomas Hale</u>, who signed the same in his presence and that of the other subscribing witness to such signatures whose names are affixed as such, and that he now recognizes all said signatures to be true and genuine.

_____

Sworn to and subscribed before me, notary, on this __11__ day of __April__, 2001.

_____
**NOTARY PUBLIC**

Notary Public in and for Calcasieu Parish

My Commission Expires:

__At death__

DOCUMENT NO:        _____
SYSTEM/SUBSYSTEM:   _____
TRACT NO.:          _____
NO. OF RODS          49.75
CHECK NO.            60866  60871  60870  60869
CHARGE:             4151-244000-9820-3100-401

COB: 583970; Page: 4; Filed: 11/16/2001 12:00:00AM [jeffersondavis:]

T-9-S, R-4-W
JEFFERSON DAVIS PARISH, LOUISIANA

921

SCALE: 1"=200'

SECTION 2

BLANCHARD RD. (GRAVEL)

SECTION 11

GEORGE KRATZER

SEE INSET "A"

CENTERLINE OF SURVEY

N 02°19'29" E
172.84'

N 87°39'02" W    540.90'

N 89°57'16" W
107.19'

EXISTING CONOCO
PIPELINE

HELEN HUNTER THOMAS, et al

JAMES KRATZER, JR. AND
CAROLYN RUTH HENDERSON KRATZER

COB 583970; Page: 5; Filed: 11/16/2001 12:00:00AM [JeffersonDavis]

S 87°34'40" E
20.00'

S 02°25'20" W
20.00'

N 02°25'20" E
20.00'

METER
SITE

N 84°31'55" E  2635.76'
TO NE CORNER OF
CORNER OF SECTION 11

N 87°34'40" W
20.00'

INSET "A"
NOT TO SCALE

NOTES:
1) THIS MAP IS FOR RIGHT OF WAY PURPOSES ONLY AND
IS NOT A PROPERTY BOUNDARY SURVEY AS
DEFINED BY THE LAC TITLE 46, CHAPTER 25
2) RESEARCH AND INVESTIGATION OF RECORDED SERVITUDES
WAS NOT PERFORMED BY AUCOIN & ASSOCIATES, INC.

EXHIBIT "A"

49.75 RODS

STATE OF LOUISIANA
RANDALL E. WARD
REG. No. 4645
REGISTERED
PROFESSIONAL
LAND SURVEYOR

MAP PREPARED FOR
CONOCO INC.
SHOWING CENTERLINE OF SURVEY
AND PROPOSED METER SITE
HELEN HUNTER THOMAS, et al
SITUATED IN SECTION 11, T-9-S, R-4-W
JEFFERSON DAVIS PARISH, LOUISIANA

AFE: PENDING
NGP: 3-234-97337
DATE: 03/21/01
SCALE: AS SHOWN

AUCOIN & ASSOCIATES, INC.
CONSULTING ENGINEERS
EUNICE, LOUISIANA

DRAFTSPERSON  JPS   DATE  03/21/01
CHECKED             DATE

ISSUE:
APPROVE:
DATE:

CONOCO  CONOCO INC.
NATURAL GAS PRODUCTS DEPARTMENT
HOUSTON, TEXAS

DWR.

NO.

File name: H:\2001\01-0047\THOMAS

A & A FILE 01-0047    BK: T-254 PG. 68

**156**    DECLARATION IN LIEU OF OPERATING AGREEMENT

# 584732

STATE  OF  LOUISIANA          )
                              )
PARISH OF JEFFERSON DAVIS  )

BE IT KNOWN THAT:

WHEREAS,

**ASPECT RESOURCES LLC**
a Colorado limited liability company
511 16th Street, Suite 300
Denver, Colorado 80202

**HS RESOURCES, INC.**
a Delaware corporation
1999 Broadway, Suite 3600
Denver, Colorado 80202

Have executed that certain Operating Agreement dated May 15, 2001, effective Date of First Production (the "Operating Agreement"), covering lands affecting certain mineral rights that are subject thereto, pertaining, in part, to the lands and mineral rights described therein, a copy of which Operating Agreement is attached hereto and made a part hereof as Exhibit "A"; and

WHEREAS, HS Resources, Inc. and Aspect Resources LLC are aware of the provisions of L.A.R.S.. 9:2731, et seq. concerning the filing of an agreement for the joint exploration, development, operation or production of minerals by and among the owners of mineral rights, and in particular the provisions of La.R.S.. 9:2731 permitting parties to such agreement to file a declaration thereof, and wish to avail themselves of the benefits thereof.

NOW, THEREFORE, HS Resources, Inc. and Aspect Resources LLC do hereby execute this Declaration in Lieu of Operating Agreement under and pursuant to the provisions of L.A.R.S.. 9:2732, and do hereby stipulate in connection therewith as follows:

1.    The lands affected by the mineral rights that are the subject of the Operating Agreement are more particularly described on Exhibit "A", attached hereto and made a part hereof.

2.    The nature or impact of the Operating Agreement is to set forth the terms and conditions of operations for the HSR Thomas No. 2 Well, defined in Office of Conservation Order No. 124-W-2.

3.    An original of the Operating Agreement may be found in the offices of HS Resources, Inc., located at 1999 Broadway, Suite 3600, Denver, CO 80202.

4.    The recording officer of Jefferson Davis Parish, Louisiana is authorized to file a copy of this Declaration in Lieu of Operating Agreement into the records of Jefferson Davis Parish, Louisiana, without attaching thereto either the original or a copy of Exhibit "A" hereto, pursuant to the authorization stated in La.R.S.. 9.2732, in which event this Declaration in Lieu of Operating Agreement shall serve as a full and complete notice of said Operating Agreement to the same extent as if the original Operating Agreement has been filed and recorded in the records of Jefferson Davis Parish, Louisiana.

5.    This Declaration in Lieu of Operating Agreement is made and is being recorded to give notice of the existence of the Operating Agreement pursuant to L.A.R.S.. 9:2731, et seq.

157

Executed this _22nd_ day of _August_, 2001, but made effective as of Date of First Production from the HSR Thomas No. 2 Well.

WITNESSES:

_Ashley Ann Hall_

_Laurel J. Brown_

**HS RESOURCES, INC.**
a Delaware corporation

By: _Janet V. Pasque_
    Janet W. Pasque
    Vice President – Land

_Tracy Bulger_

_Anita Ashland_

**ASPECT RESOURCES LLC**
**By its Manager**
**Aspect Management Corporation**

By _Alex B. Campbell_
_EXECUTIVE_ Vice President

COB: 584732; Page: 2; Filed: 12/26/2001 12:00:00AM [jeffersondavis]

158

## ACKNOWLEDGMENTS

STATE OF COLORADO )
CITY AND                           ) ss.
COUNTY OF DENVER  )

On this  22nd  day of  August , 2001, before me appeared **Janet W. Pasque**, to me personally known, who, being by me duly sworn did say that she is the Vice President – Land of **HS Resources, Inc.**, a Delaware corporation, and that instrument was signed on behalf of said corporation pursuant to a corporate resolution and said HS Resources, Inc. acknowledged said instrument was executed as the free act and deed of the corporation.

Witness my hand and official seal.

(SEAL)

LYNDA K. HENDRIX
NOTARY PUBLIC
STATE OF COLORADO

My Commission Expires 3/10/2002

Notary Public:
Address:  1999 Broadway, Suite 3600
            Denver, CO. 80202

STATE OF COLORADO )
CITY AND                           ) ss.
COUNTY OF DENVER  )

The foregoing instrument was acknowledged before me this 37th day of August, 2001, by Alex B. Campbell, as Vice President for **Aspect Management Corporation**, a Nevada corporation, in its capacity as Manager of **Aspect Resources, LLC**, a Colorado limited liability company, on behalf of such company.

Witness my hand and official seal.

(SEAL)

Notary Public:
Address:  511 16th Street, Suite 300
            Denver, CO. 80202

My Commission Expires:
9-21-01

COB: 584732; Page: 3; Filed: 12/26/2001 12:00:00AM [jefferson]

159

# EXHIBIT "A"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated May 15, 2001, effective Date of First Production, between HS Resources, Inc., as Operator, and Aspect Resources LLC, as Non-Operators.

1.    **Description of the Lands Subject to this Agreement:**

See the proposed unit plat for the HBY RB SUA Thomas #2 well attached hereto and made a part hereof as Exhibit "A-1" located in the NW/4NE/4 of Section 2, Township 9 South, Range 4 West, Jefferson Davis Parish, Louisiana.

2.    **Restrictions as to Depths and Formations:**

None

3.    **Parties and percentages of interest to the Agreement.**

| | Working Interest | Estimated Net Revenue |
|---|---|---|
| HS Resources, Inc.<br>1999 Broadway, Suite 3600<br>Denver, Colorado 802<br>Phone:    (303) 296-3600<br>          (303) 296-36001 | 50% | 38%* |
| Aspect Resources LLC<br>511 16th Street, Suite 300<br>Denver, Colorado  80202<br>Phone:    (303) 573-7011<br>Fax:      (303) 573-7340 | 50% | 38%* |

*subject to revision upon final tract participation.

4.    **Oil and Gas Leases subject to this Agreement**

See Exhibit A-2 attached hereto

**\*\*END OF EXHIBIT\*\***

COB: 584732; Page: 4; Filed: 12/26/2001 12:00:00AM [jeffersondavis ]

160

EXHIBIT "A-1"

Attached to and made a part of that certain Declaration in Lieu of Operating Agreement dated May 15, 2001, effective Date of First Production, between HS Resources, Inc., as Operator, and Aspect Resources LLC, as Non-Operators.



EXHIBIT NO.
DOCKET NO.                    DATE:

HS RESOURCES, INC.

ROANOKE FIELD
JEFFERSON DAVIS PARISH, LOUISIANA

PROPOSED UNIT
HACKBERRY ZONE

EXHIBIT "A-2"

| INSTRUMENT | DESCRIPTION | GRANTEE | DATE | BOOK | PAGE | ENTRY | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001179-000 | KRATZER, JAMES JR., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 593 | 555640 | JEFFERSON DAVIS |
| LA-001183-001 | KRATZER, JOHNNIE MAE BERGERON, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 600 | 555641 | JEFFERSON DAVIS |
| LA-001183-002 | KRATZER, GEORGE H., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 283 | 556120 | JEFFERSON DAVIS |
| LA-001186-000 | KRATZER, JAMES, JR, ET UX | ST.MARY LAND & EXPLORATION | 08/07/98 | 868 | 640 | 555187 | JEFFERSON DAVIS |
| LA-001187-001 | KRATZER, JAMES, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 586 | 555639 | JEFFERSON DAVIS |
| LA-001187-002 | KRATZER, JOHNNIE MAE BERGERON, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 607 | 555642 | JEFFERSON DAVIS |
| LA-001187-003 | KRATZER, GEORGE H., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 290 | 556121 | JEFFERSON DAVIS |
| LA-001187-004 | MANCUSO, BELLE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 916 | 577816 | JEFFERSON DAVIS |
| LA-001187-005 | NAEBERS, BOBBIE SUE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 925 | 577817 | JEFFERSON DAVIS |
| LA-001187-006 | DAIGLE, JEANE RICHARD, ET AL | HS RESOURCES, INC. | 01/23/01 | 910 | 934 | 577818 | JEFFERSON DAVIS |
| LA-001187-007 | A.L.C. PARTNERS, ET AL | HS RESOURCES, INC. | 01/05/01 | 910 | 900 | 577815 | JEFFERSON DAVIS |
| LA-001188-000 | THOMAS, HELEN HUNTER, ET AL | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 764 | 554824 | JEFFERSON DAVIS |
| LA-001188-000 | THOMAS, HELEN HUNTER, ET AL | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 764 | 554824 | JEFFERSON DAVIS |
| LA-002680-001 | TREME, PRISCILLA ANN, ET AL | HS RESOURCES, INC. | 09/18/00 | 910 | 862 | 577794 | JEFFERSON DAVIS |
| LA-002680-002 | DIETZ, SYLVIA FAYE MANUEL, ET AL | HS RESOURCES, INC. | 09/20/00 | 910 | 844 | 577792 | JEFFERSON DAVIS |
| LA-002680-003 | BROUSSARD, ARELIA ELAINE MILLER, ET AL | HS RESOURCES, INC. | 09/21/00 | 910 | 807 | 577789 | JEFFERSON DAVIS |
| LA-002680-004 | MANUEL, IRENE GUIDRY, ET AL | HS RESOURCES, INC. | 09/26/00 | 910 | 853 | 577793 | JEFFERSON DAVIS |
| LA-002680-005 | REED, AUSTIN | HS RESOURCES, INC. | 09/29/00 | 910 | 773 | 577771 | JEFFERSON DAVIS |

**EXHIBIT "A-2"**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| LA-002680-006 | TARVER, ANITA MILLER, ET AL | HS RESOURCES, INC. | 10/07/00 | 910 | 797 | 577788 | JEFFERSON DAVIS |
| LA-002680-007 | MILLER, JR., ROBERT, ET AL | HS RESOURCES, INC. | 10/03/00 | 910 | 832 | 577791 | JEFFERSON DAVIS |
| LA-002680-008 | O'QUAIN, SARAH MILLER, ET AL | HS RESOURCES, INC. | 10/16/00 | 910 | 818 | 577790 | JEFFERSON DAVIS |
| LA-002680-009 | PRINCE, LOU ETTA MILLER, ET AL | HS RESOURCES, INC. | 10/20/00 | 910 | 751 | 577770 | JEFFERSON DAVIS |
| LA-002680-010 | BRANSCUM, STEPHEN, ET AL | HS RESOURCES, INC. | 09/29/00 | 910 | 708 | 577767 | JEFFERSON DAVIS |
| LA-002680-011 | DESHOTEL, DIRK, ET AL | HS RESOURCES, INC. | 11/06/00 | 910 | 728 | 577769 | JEFFERSON DAVIS |
| LA-002680-012 | DESSELLE, DEBORAH FRUGE | HS RESOURCES, INC. | 11/30/00 | 910 | 719 | 577768 | JEFFERSON DAVIS |
| LA-002680-013 | BOTTOM, DEBORAH BRANSCUM | HS RESOURCES, INC. | 09/29/00 | 910 | 698 | 577766 | JEFFERSON DAVIS |
| LA-002731-000 | CROW, EVELYN POOL PITRE, ET AL | HS RESOURCES, INC. | 09/19/00 | 906 | 238 | 575181 | JEFFERSON DAVIS |
| LA-002735-001 | STAFFORD, DEVEDA TAYLOR, ET AL | HS RESOURCES, INC. | 09/21/00 | 906 | 225 | 575179 | JEFFERSON DAVIS |
| LA-002735-002 | BROOKE, DOROTHY SWANSON, ET AL | HS RESOURCES, INC. | 10/11/00 | 906 | 232 | 575180 | JEFFERSON DAVIS |

758                           585063

## ASSIGNMENT AND BILL OF SALE

STATE OF LOUISIANA              )
                                ) ss.
PARISH OF JEFFERSON DAVIS       )

THIS ASSIGNMENT AND BILL OF SALE (this "Assignment") dated effective the 1st day of October, 2001 (the "Effective Date") by and between ASPECT RESOURCES LLC, whose address is 511 Sixteenth Street, Suite 300, Denver, Colorado 80202 (hereinafter referred to as "Assignor"), and SAMEDAN OIL CORPORATION, whose principal place of business is 12600 Northborough, Suite 250, Houston, Texas 77067 (hereinafter referred to as "Assignee"):

FOR AND IN CONSIDERATION of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by Assignor, and the terms and conditions hereinafter set out, Assignor hereby transfers, grants, sells, assigns and conveys to Assignee all right, title and interest of Assignor in and to (i) the oil and gas lease, mineral estate and royalty and overriding royalty interests identified on Exhibit A attached hereto and made a part hereof for all purposes, insofar and only insofar as such lease, estates and interests include and relate to the currently producing unit of each well identified on Exhibit A (the "Wells") from the surface to the stratigraphic equivalent of the base of the deepest producing formation from such Well as of the Effective Date; and (ii) the wellbore for each Well to produce and save any hydrocarbons capable of being produced from such wellbore to its total depth as of the Effective Date (collectively, the "Oil and Gas Properties"). The Oil and Gas Properties include:

(a)      subject to the limitations set forth in clauses (i) and (ii) above, the right, title and interest (of whatever kind or character, whether legal or equitable, and whether vested or contingent) of Assignor in and to the oil, gas and other minerals in and under or that may be produced from the lands described on Exhibit A (the "Subject Lands");

(b)      the right, title and interest of Assignor in and to, or otherwise derived from, all presently existing and valid oil, gas and/or mineral unitization, pooling, and/or communitization agreements, declarations and/or orders which involve any of the Oil and Gas Properties and in and to the properties covered and the units created thereby (including all units formed under orders, rules, regulations, or other official acts of any federal, state, or other authority having jurisdiction, voluntary unitization agreements, designations and/or declarations);

(c)      the right, title and interest of Assignor in and to all presently existing and valid production sales (and sales related) contracts, operating agreements, farmout and farmin agreements and other agreements and contracts which relate to any of the Oil and Gas Properties;

DENSERV1\RRJ\41708.05

1

**759**

(d)     the right, title and interest of Assignor in and to all materials, supplies, machinery, equipment, improvements and other personal property and fixtures (including but not by way of limitation, all Wells, wellhead equipment, pumping units, flowlines, tanks, buildings, injection facilities, saltwater disposal facilities, compression facilities, gathering systems, and other equipment) currently being used in the operation of the Oil and Gas Properties;

(e)     the right, title and interest of Assignor in and to all easements, rights-of-way, surface leases and other surface rights, all permits and licenses, and all other appurtenances related to the Subject Lands or the Oil and Gas Properties; provided, however, if Assignor owns the surface fee of the Subject Lands, Assignor is hereby only conveying to Assignee an access right to such Subject Lands; and

(f)     with respect to each Oil and Gas Property, all of Assignor's lease files, abstracts and title opinions, production records, Well files, accounting records (but not including general financial accounting records), gravity maps, electric logs and records, and other files, documents and records of every kind and description which relate to the Oil and Gas Properties, but excluding the following:   (i) all of Assignor's internal appraisals and interpretive data related to the Oil and Gas Properties, (ii) all information and data subject to confidentiality agreements or under contractual restrictions on assignment, (iii) all geophysical and seismic data, (iv) all privileged information and legal files, (v) Assignor's corporate, financial, employee and general tax records that do not relate exclusively to the Oil and Gas Properties, (vi) all accounting files that do not relate exclusively to the Oil and Gas Properties, and (vii) all Excluded and Retained Assets (as such term is defined in the Agreement (as hereinafter defined)).

The Oil and Gas Properties and the properties and interests specified in the foregoing paragraphs, (a), (b), (c), (d), (e) and (f) are herein sometimes collectively called the "Interests".

TO HAVE AND TO HOLD the Interests unto Assignee and its successors and assigns forever.

This Assignment is made and accepted expressly subject to the following terms and conditions:

A.     THIS     ASSIGNMENT     IS     MADE     WITHOUT REPRESENTATION OR WARRANTY OF ANY KIND, not even for the return of any consideration herefor, but with full substitution and subrogation, to the extent of the Interests herein assigned, to the rights and actions of warranty granted Assignor, if any, under the terms of the leases referenced on Exhibit A or by Assignor's predecessors in title; provided however, that Assignor warrants and agrees that the Interests are free and clear of all liens or encumbrances created by, through and under Assignor, but not otherwise.

B.     This Assignment is expressly made and accepted subject to the terms and conditions of that certain Purchase and Sale Agreement ("Agreement") dated as of December 12, 2001 and effective as of October 1, 2001, between Aspect Resources

COB: 585063; Page: 2; Filed: 1/14/2002 12:00:00AM [jeffersondavis ]

2

DENSERV1\BRJ\41708.05

760

LLC, Aspect Energy, LLC and Samedan Oil Corporation. The parties intend that the terms of this Assignment and the terms of the Agreement not merge. If there is any conflict or inconsistency between the provisions of this Assignment and the terms of the Agreement, the terms of the Agreement shall control in all respects.

C.    Assignor also hereby grants and transfers to Assignee, its successors and assigns, to the extent so transferable, the benefit of and the right to enforce the covenants and warranties, if any, which Assignor is entitled to enforce with respect to the Interests against Assignor's predecessors in title to the Interests.

D.    The parties agree that to the extent required to be operative, the disclaimers of certain warranties contained in this paragraph are "conspicuous" disclaimers for the purposes of any applicable law, rule or order. Except for the special limited warranty set forth above, and except as specifically set forth in the Agreement, the Interests are assigned to Assignee without recourse, covenant or warranty of any kind, express, implied or statutory. WITHOUT LIMITATION OF THE GENERALITY OF THE IMMEDIATELY PRECEDING SENTENCE, ASSIGNOR EXPRESSLY DISCLAIMS AND NEGATES AS TO PERSONAL PROPERTY AND FIXTURES (a) ANY IMPLIED OR EXPRESS WARRANTY OF MERCHANTABILITY, (b) ANY IMPLIED OR EXPRESS WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE, (c) ANY IMPLIED OR EXPRESS WARRANTY OF CONFORMITY TO MODELS OR SAMPLES OF MATERIALS AND (d) ANY IMPLIED OR EXPRESS WARRANTY OF TITLE, OTHER THAN THE LIMITED WARRANTY TO ASSIGNEE SET FORTH ABOVE. ASSIGNOR ALSO EXPRESSLY DISCLAIMS AND NEGATES ANY IMPLIED OR EXPRESS WARRANTY AS TO THE COMPLETENESS AND ACCURACY OF ANY OF THE INFORMATION FURNISHED WITH RESPECT TO THE EXISTENCE OR EXTENT OR THE VALUE OF THE INTERESTS BASED THEREON OR THE CONDITION OR STATE OF REPAIR OF ANY OF THE INTERESTS (IT BEING UNDERSTOOD THAT ALL RESERVE ESTIMATES ON WHICH ASSIGNEE HAS RELIED OR IS RELYING HAVE BEEN DERIVED BY INDEPENDENT EVALUATION BY ASSIGNEE) AND AS TO THE PRICES THAT ASSIGNOR OR ASSIGNEE ARE OR WILL BE ENTITLED TO RECEIVE FROM PRODUCTION OF OIL, GAS OR OTHER SUBSTANCES FROM THE INTERESTS.

E.    Unless provided otherwise, all recording references in the Exhibit A hereto are to the official real property records of the counties or parishes in which the Interests are located.

F.    To the extent that any Interest assigned pursuant to this Assignment requires the approval of a third party, this Assignment shall not vest any right, title or interest therein in Assignee unless and until such approval is obtained, and until such time, Assignor shall continue to be the owner thereof; provided, however, that title to such Interest shall vest automatically and without any further action on the part of Assignor or Assignee at such time as such approval is obtained, and as of the Effective Date.

COB: 585063; Page: 3; Filed: 1/14/2002 12:00:00AM [jeffersondavis: ]

**761**

       G.     Separate assignments of the Interests may be executed on officially approved forms by Assignor to Assignee, in sufficient counterparts to satisfy applicable statutory and regulatory requirements. Those assignments shall be deemed to contain the special limited warranty and all of the exceptions, reservations, right to enforce covenants and warranties (if any) against Assignor's predecessors, in title, rights, titles, power and privileges set forth herein as fully as though they were set forth in each such assignment. The interests conveyed by such separate assignments are the same, and not in addition to, the Interests conveyed herein.

       H.     This Assignment may be executed in any number of counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all such counterparts shall constitute but one assignment. To facilitate recording, a counterpart to be recorded in a given county may contain only those portions of the Exhibit A hereto that describe property located in that county.

       I.     This Assignment shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

*[Signature Page Follows]*

COB: 585063; Page: 4; Filed: 1/14/2002 12:00:00AM [jeffersondavis]

DENSERV1\BRJ\41708.05

762

EXECUTED on the dates set forth in the acknowledgments below, to be effective for all purposes as of the Effective Date.

ASSIGNOR:

ASPECT RESOURCES LLC
By its Manager,
Aspect Management Corporation

WITNESS:

By _____
Alex B. Campbell
Executive Vice President

ASSIGNEE:

SAMEDAN OIL CORPORATION

WITNESS:

By: _____
Richard A. Peneguy, Jr.
Vice President

COB: 585063; Page: 5; Filed: 1/14/2002 12:00:00AM [jeffersondavis: ]

5

763

STATE OF COLORADO    )
CITY AND            ) ss
COUNTY OF DENVER    )

The foregoing instrument was acknowledged before me this 12th day of December 2001, by Alex B. Campbell as Executive Vice President of Aspect Management Corporation, a Colorado corporation in its capacity as manager of Aspect Resources LLC, a Colorado limited liability company, on behalf of such company.

Witness my hand and official seal.

My commission expires:



My Commission Expires 03/02/2004

_____
Notary Public
511 16ᵗʰ Street, Suite 300
Denver, Colorado 80202

STATE OF COLORADO    )
                    ) ss
COUNTY OF DENVER    )

The foregoing instrument was acknowledged before me this 12th day of December 2001, by Richard A. Peneguy, Jr. as Samedan Oil Corporation of Samedan Oil Corporation, a Delaware corporation, on behalf of such company.

Witness my hand and official seal.

My commission expires:



My Commission Expires 03/02/2004

_____
Notary Public

COB: 585063; Page: 6; Filed: 1/14/2002 12:00:00AM  [jeffersondavis: ]

DENSERV1\BRJ\41708.05

6

**EXHIBIT A**

**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001
between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

**OIL & GAS PROPERTIES**

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| 72063.000 | Douget, Larry, Dean, et al | H S Resources, Inc. | 12/21/98 | 377 | 378 | 558866 |
| 72064.000 | Warren, Graaid William, et ux | H S Resources, Inc. | 12/28/98 | 877 | 780 | 589176 |
| 72065.001 | Ramsey, Eddia Junior, et al | H S Resources, Inc. | 01/04/99 | 877 | 784 | 559177 |
| 72065.002 | Moore, David Glen, et ux | H S Resources, Inc. | 01/22/99 | 878 | 124 | 559382 |
| 72066.000 | Timber, B. H. | H S Resources, Inc. | 01/07/99 | 879 | 82 | 559970 |
| 72068.000 | King Corporation | H S Resources, Inc. | 03/22/99 | 880 | 499 | 560709 |
| 72069.000 | McCown, Kenneth, W., et al | H S Resources, Inc. | 12/04/98 | 877 | 349 | 558859 |
| 72071.000 | Bebee, Carl Otis, Sr., et al | H S Resources, Inc. | 12/29/98 | 877 | 385 | 558867 |
| 72073.001 | Levingston, David L. | H S Resources, Inc. | 02/02/99 | 878 | 867 | 559864 |
| 72073.002 | Spano, Don E., et ux | H S Resources, Inc. | 02/02/99 | 878 | 879 | 559868 |
| 72073.003 | Caldarera, Peter | H S Resources, Inc. | 02/08/99 | 878 | 883 | 559867 |
| 72073.006 | Clark, William W. H. | H S Resources, Inc. | 02/10/99 | 879 | 369 | 560148 |
| 72700.000 | Cooper, Donnie | H S Resources, Inc. | 01/11/99 | 878 | 384 | 559544 |
| 72703.004 | Hill, Rebecca Butts | H S Resources, Inc. | 02/08/99 | 879 | 126 | 559992 |
| 72703.005 | Barry, Richard J. | II S Resources, Inc. | 02/15/99 | 878 | 875 | 599867 |
| 720067.001 | Fay, Albert B., Jr., et al | H S Resources, Inc. | 03/30/99 | 883 | 319 | 562398 |
| 720722.000 | La Combe, Johnny David, et ux | H S Resources, Inc. | 12/18/98 | 388 | 374 | 558865 |

**SUBJECT LANDS**

Unit for the L Douget 1D well (U HBY RA SUB) designated by Order No. 143-B concerning the establishment of rules and regulations and the creation of drilling and production units for the Upper Hackberry Zone, Reservoir A, in the Indian Village Field, Jefferson Davis Parish, Louisiana, by the State of Lousiana Office of Conservation, dated effective 1-18-2000, recorded 3-1-2000 at Book 895, Page 458, File No. 568501.

**WELL(S)**

Douget Larry et al #1, #1D

**Jefferson Davis Parish, Louisiana**

**EXHIBIT A**

**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001 between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

### OIL & GAS PROPERTIES

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| 72984.000 | Rice Acres, Inc. | H S Resources, Inc. | 04/23/99 | 881 | 747 | 561509 |
| 72985.000 | Hayes Lumber Company, Inc. | H S Resources, Inc. | 04/21/99 | 881 | 626 | 561396 |
| 72986.000 | Rice Acres, Inc. | H S Resources, Inc. | 11/01/99 | 890 | 96 | 565957 |

### SUBJECT LANDS

160± acre unit NOD B RA SUA for the Hayes Lumber company 11-1 as designated in Louisiana Conservation Commission Order No. 1448-A effective 5/28/00 and recorded in Conveyance Book 912, File No. 265492 and the 375± acre unit L NOD B RA SUA for the Hayes Lumber Company 11-1 as designated in Louisiana Conservation Commission Order No. 1448-B effective 5/23/00 and recorded in Conveyance Book 912, File No. 265493 of the records of Jefferson Davis Parish, Louisiana.

### WELL(S)

Hayes Lumber Co # 11-1

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

**OIL & GAS PROPERTIES**

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| 72943.000 | King Corporation | H S Resources, Inc. | 11/23/99 | 891 | 687 | 566719 |
| 72944.000 | Peloquin, Justin, Jr., et al | Pogo Producing Company | 05/15/97 | 839 | 138 | 543410 |
| 72945.000 | Rothchild, Francis E., Jr., et al | H S Resources, Inc. | 03/15/01 | 912 | 436 | 578693 |

**SUBJECT LANDS**

As set forth in that certain Application to the Louisiana Conservation Commission dated 5-1-2001 for an Order to establish rules and regulations and to create a single drilling and production unit for the 4900' Sand, Reservoir A, in the Thompson Bluff Field, Jefferson Davis Parish, Louisiana.

**WELL(S)**

King Corp. #25-1

## EXHIBIT A
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001 between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

### OIL & GAS PROPERTIES

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| 72948.000 | Quatre Mineral, L.L.C. | H S Resources, Inc. | 01/29/99 | 887 | 66 | 564551 |
| 72949.000 | Quatre Mineral, L.L.C. | H S Resources, Inc. | 10/11/99 | 891 | 911 | 566770 |
| 72952.000 | Quatre Mineral, L.L.C. | H S Ressources, Inc. | 03/01/01 | | | |

### SUBJECT LANDS

Unit for the Texaco 26-1 well designated by that certain Order No. 505-A dated effective 2/20/01 concerning the establishment of rules and regulations and the creation of a single drilling and production unit for the Hackberry Sand, Reservoir A, in the Thompson Bluff Field, Jefferson Davis Parish, Louisiana, by the State of Louisiana Office of Conservation recorded at Book 912, Page 723, File No. 578862.

### WELL(S)

Texaco #26-1

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

**OIL & GAS PROPERTIES**

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| LA-001974-001 | ROTHCHILD, DOROTHY BARBE, ET | HS RESOURCES, INC. | 10/12/99 | 891 | 762 | 566730 |
| LA-001974-002 | ROBIRA, ROBERT Y ET AL | HS RESOURCES, INC. | 10/12/99 | 891 | 768 | 566731 |
| LA-001976-000 | DOISE, GUSTIN ET AL | HS RESOURCES, INC. | 10/13/99 | 891 | 726 | 566724 |
| LA-001977-001 | THOMAS, CYNTHIA MEAUX | HS RESOURCES, INC. | 10/15/99 | 891 | 705 | 566720 |
| LA-001977-002 | MEAUX, DEPHENIX | HS RESOURCES, INC. | 10/12/99 | 891 | 710 | 566721 |
| LA-001978-000 | COMEAUX, BRIAN K ET UX | HS RESOURCES, INC. | 10/19/99 | 891 | 752 | 566728 |
| LA-001979-000 | GARY, GERALD WAYNE ET UX | HS RESOURCES, INC. | 10/19/99 | 891 | 833 | 566741 |
| LA-001987-000 | DUHON, HILLIARD J | HS RESOURCES, INC. | 10/14/99 | 891 | 747 | 566727 |
| LA-002011-001 | MEAUX, LENA A, ET AL | HS RESOURCES, INC. | 10/22/99 | 891 | 778 | 566732 |
| LA-002011-002 | BROUSSARD, DAVE, ET AL | HS RESOURCES, INC. | 11/02/99 | 891 | 785 | 566733 |
| LA-002012-000 | YOUNG, KENNETH WAYNE, SR, ET | HS RESOURCES, INC. | 10/27/99 | 891 | 828 | 566740 |
| LA-002024-000 | MARX, CARRIE JAMES, ET AL | HS RESOURCES, INC. | 10/29/99 | 891 | 797 | 566735 |
| LA-002066-002 | GREENE, PAUL E, JR, ET AL | HS RESOURCES, INC. | 02/18/00 | 895 | 675 | 568622 |
| LA-002066-005 | BROUSSARD, RONALD M, ET AL | HS RESOURCES, INC. | 11/09/99 | 891 | 803 | 566736 |
| LA-002067-001 | MOUTON, JOHN KENNETH | HS RESOURCES, INC. | 11/16/99 | 891 | 715 | 566722 |
| LA-002067-002 | COOPER, DONALD H, ET UX | HS RESOURCES, INC. | 11/17/99 | 892 | 639 | 567042 |
| LA-002067-003 | ROMERO, JAMES R | HS RESOURCES, INC. | 11/22/99 | 892 | 645 | 567043 |
| LA-002067-004 | DOUCET, JOHN RICKIE, ET AL | HS RESOURCES, INC. | 02/19/00 | 895 | 118 | 568362 |
| LA-002067-005 | FRANCIS, LOUELLA ELIZABETH SCI | HS RESOURCES, INC. | 02/23/00 | 895 | 737 | 568663 |
| LA-002077-000 | GENERAL AG, INC | HS RESOURCES, INC. | 11/17/99 | 891 | 733 | 566725 |
| LA-002110-000 | SPEARS, LORIS DESHOTEL, ET AL | HS RESOURCES, INC. | 11/30/99 | 891 | 812 | 566737 |
| LA-002111-000 | SPEARS, LORIS DESHOTEL | HS RESOURCES, INC. | 11/30/99 | 891 | 863 | 566747 |
| LA-002117-000 | CROCHET, MARVIN J, ET UX | HS RESOURCES, INC. | 12/06/99 | 891 | 848 | 566744 |
| LA-002118-000 | CROCHET, MARVIN J JR, ET AL | HS RESOURCES, INC. | 12/07/99 | 891 | 873 | 566749 |
| LA-002120-000 | LANDRY, NELSON JOHN | HS RESOURCES, INC. | 12/10/99 | 892 | 651 | 567044 |
| LA-002123-000 | CROCHET, HILDEGARD KUNERT, F | HS RESOURCES, INC. | 12/06/99 | 894 | 183 | 567829 |
| LA-002124-000 | ALEXANDER, STEVE C, ET UX | HS RESOURCES, INC. | 12/13/99 | 892 | 565 | 567045 |
| LA-002125-000 | PREJEAN, HERBERT, ET UX | HS RESOURCES, INC. | 12/06/99 | 891 | 868 | 566748 |
| LA-002143-001 | HINE, LEONA ISTRE | HS RESOURCES, INC. | 12/20/99 | 893 | 259 | 567283 |
| LA-002143-002 | SUCCESSION OF ARTHUR H HINE | HS RESOURCES, INC. | 02/14/00 | 894 | 806 | 568193 |
| LA-002144-000 | CROCHET, LEE JOSEPH, ET AL | HS RESOURCES, INC. | 12/22/99 | 893 | 253 | 567282 |
| LA-002145-000 | SIMAR, ELIA LOUVIERE, ET AL | HS RESOURCES, INC. | 12/28/99 | 893 | 246 | 567281 |

**EXHIBIT A**

**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| LA-002157-000 | GOEBEL, KATHLEEN CHRISTIAN | HS RESOURCES, INC. | 01/05/00 | 894 | 187 | 567830 |
| LA-002164-000 | FLANAGAN, GERALDINE C, ET AL | HS RESOURCES, INC. | 01/20/00 | 895 | 704 | 568627 |

**SUBJECT LANDS**

Unit designated by that certain Order No. 753-B-1 concerning the establishment of rules and regulations and creation of a drilling and production unit for the Homeseekers B Sand, Reservoir B, in the Bayou Rogers Field, Jefferson Davis Parish, Louisiana by the State of Louisiana Office of Conservation dated effective 11-21-2000, recorded on 3-9-2001 at Book 911, Page 82, File No. 577952.

**WELL(S)**

General AG #1

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

**OIL & GAS PROPERTIES**

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| LA-001178-000 | Trahan, David Michael | St. Mary Land & Exploration | 07/30/98 | 868 | 193 | 555002 |
| LA-001180-000 | Kratzer, James Nolan, et ux | St. Mary Land & Exploration | 07/30/98 | 868 | 495 | 555102 |
| LA-001182-000 | Morvant, Civirillian Jr., et ux | St. Mary Land & Exploration | 07/31/98 | 868 | 197 | 555003 |
| LA-001185-000 | Pruit, Jimmy Glen, et ux | St. Mary Land & Exploration | 08/05/98 | 869 | 582 | 555638 |
| LA-001186-000 | Kratzer, James Jr., et ux | St. Mary Land & Exploration | 08/07/98 | 868 | 640 | 555187 |
| LA-001188-000 | Thomas, Helen Hunter et al | St. Mary Land & Exploration | 07/27/98 | 867 | 764 | 554824 |
| LA-001232-001 | Butcher, Ruth Lorene Devilbiss, widow | St. Mary Land & Exploration | 08/02/98 | 873 | 274 | 556881 |
| LA-001232-002 | Tate, Mona Lynn Devilbiss, et al | St. Mary Land & Exploration | 07/22/98 | 870 | 97 | 555798 |
| LA-001232-003 | Devilbiss, Debra Sue | St. Mary Land & Exploration | 08/02/98 | 869 | 913 | 555772 |
| LA-001232-004 | Miller, Edward G, et al | St. Mary Land & Exploration | 07/20/98 | 869 | 934 | 555776 |
| LA-001232-005 | Devilbiss, Cecil F II, et al | St. Mary Land & Exploration | 08/02/98 | 870 | 2 | 555780 |
| LA-001232-006 | Devilbiss, Cecil F II, et al | St. Mary Land & Exploration | 08/02/98 | 870 | 8 | 555781 |
| LA-001232-007 | Devilbiss, Alan Jerome, et al | St. Mary Land & Exploration | 07/28/98 | 870 | 34 | 555786 |
| LA-001232-008 | Ratliff, Virginia Devilbiss | St. Mary Land & Exploration | 08/02/98 | 870 | 55 | 555790 |
| LA-001232-009 | Devilbiss, Carita Allene | St. Mary Land & Exploration | 08/02/98 | 870 | 76 | 555794 |
| LA-001232-010 | Bell, Alvcy | St. Mary Land & Exploration | 07/23/98 | 872 | 178 | 556424 |
| LA-001232-011 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 872 | 17 | 556393 |
| LA-001232-012 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 120 | 556413 |
| LA-001232-013 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 297 | 556499 |
| LA-001232-014 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 870 | 123 | 555803 |
| LA-001232-015 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 198 | 556077 |
| LA-001232-016 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 337 | 556129 |
| LA-001232-017 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 402 | 556560 |
| LA-001232-018 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 871 | 942 | 556386 |
| LA-001232-019 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 397 | 556559 |
| LA-001232-020 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 126 | 556414 |
| LA-001232-021 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 870 | 135 | 555805 |
| LA-001232-022 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 193 | 556076 |
| LA-001232-023 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 343 | 556130 |
| LA-001232-024 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 292 | 556498 |
| LA-001232-025 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 57 | 556401 |
| LA-001232-026 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 261 | 557320 |

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| | | | | | | |
|---|---|---|---|---|---|---|
| LA-001232-027 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 821 | 557143 |
| LA-001232-028 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 775 | 557134 |
| LA-001232-029 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 210 | 557310 |
| LA-001232-030 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 846 | 556750 |
| LA-001232-031 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 759 | 556733 |
| LA-001232-032 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 827 | 557144 |
| LA-001232-033 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 765 | 557132 |
| LA-001232-034 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 821 | 556745 |
| LA-001232-035 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 298 | 557327 |
| LA-001232-036 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 754 | 556732 |
| LA-001232-037 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 225 | 557313 |
| LA-001232-038 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 264 | 555012 |
| LA-001232-039 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 843 | 554840 |
| LA-001232-040 | Campbell, Thomas G, et ux | St. Mary Land & Exploration | 07/27/98 | 867 | 743 | 554820 |
| LA-001232-041 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 875 | 2 | 557657 |
| LA-001232-042 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 874 | 946 | 557656 |
| LA-001232-043 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 64 | 556402 |
| LA-001232-044 | Bell, Michael | HS Resources Inc. | 11/03/99 | 890 | 700 | 566266 |
| LA-001232-045 | Redlin, Rebecca Lynn Bell | HS Resources Inc. | 11/03/99 | 891 | 204 | 566440 |
| LA-001233-001 | McGowan Working Partners | St. Mary Land & Exploration | 09/30/98 | 873 | 728 | 557125 |
| LA-001233-002 | Bell, Alvey et al | St. Mary Land & Exploration | 07/23/98 | 872 | 167 | 556422 |
| LA-001233-003 | Devilbiss, Alan Jerome | St. Mary Land & Exploration | 07/28/98 | 871 | 589 | 556285 |
| LA-001233-004 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98, | 874 | 292 | 557326 |
| LA-001233-005 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 391 | 556558 |
| LA-001233-006 | Miller, Edward G | St. Mary Land & Exploration | 07/20/98 | 871 | 634 | 556295 |
| LA-001233-007 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 235 | 557315 |
| LA-001233-008 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 871 | 947 | 556387 |
| LA-001233-009 | Tate, Mona Lynn Devilbiss, et al | St. Mary Land & Exploration | 07/22/98 | 872 | 722 | 556726 |
| LA-001233-010 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 182 | 556074 |
| LA-001233-011 | Ratliff, Virginia Devilbiss | St. Mary Land & Exploration | 08/02/98 | 871 | 130 | 556064 |
| LA-001233-012 | Devilbiss, Carita Allene | St. Mary Land & Exploration | 08/02/98 | 871 | 151 | 556068 |
| LA-001233-013 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 743 | 556730 |
| LA-001233-014 | Devilbiss, Debra Sue | St. Mary Land & Exploration | 08/02/98 | 871 | 99 | 556058 |
| LA-001233-015 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 136 | 556416 |
| LA-001233-016 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 870 | 129 | 555804 |

COB: 585063; Page: 14; Filed: 1/14/2002 12:00:00AM [jeffersondavis: ]
**Jefferson Davis Parish, Louisiana**

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| | | | | | | |
|---|---|---|---|---|---|---|
| LA-001233-017 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 837 | 557146 |
| LA-001233-018 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 815 | 556744 |
| LA-001233-019 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 749 | 557129 |
| LA-001233-020 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 353 | 556132 |
| LA-001233-021 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 286 | 556497 |
| LA-001233-022 | Morgan, Donald R, et ux | St. Mary Land & Exploration | 07/21/98 | 867 | 859 | 554843 |
| LA-001233-023 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 280 | 555015 |
| LA-001233-024 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 808 | 554833 |
| LA-001233-025 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 229 | 555005 |
| LA-001233-026 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 783 | 554828 |
| LA-001233-027 | Morgan, Donald R, et ux | St. Mary Land & Exploration | 07/21/98 | 867 | 833 | 554838 |
| LA-001233-028 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 875 | 32 | 557663 |
| LA-001233-029 | Butcher, Ruth Lorene Devilbiss | St. Mary Land & Exploration | 08/02/98 | 873 | 263 | 556879 |
| LA-001233-030 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 48 | 556399 |
| LA-001446-001 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 285 | 555016 |
| LA-001446-002 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 849 | 554841 |
| LA-001446-003 | Morgan, Donald R, et ux | St. Mary Land & Exploration | 07/21/98 | 867 | 854 | 554842 |
| LA-001446-004 | Bell, Alvey et al | St. Mary Land & Exploration | 07/23/98 | 872 | 162 | 556421 |
| LA-001446-005 | Devilbiss, Alan Jerome | St. Mary Land & Exploration | 07/28/98 | 871 | 584 | 556284 |
| LA-001446-006 | Butcher, Ruth Lorene Devilbiss | St. Mary Land & Exploration | 08/02/98 | 873 | 269 | 556880 |
| LA-001446-007 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 277 | 557323 |
| LA-001446-008 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 433 | 556566 |
| LA-001446-009 | Miller, Edward G, et al | St. Mary Land & Exploration | 07/20/98 | 871 | 640 | 556296 |
| LA-001446-010 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 190 | 557306 |
| LA-001446-011 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 871 | 953 | 556388 |
| LA-001446-012 | Tate, Mona Lynn Devilbiss, et al | St. Mary Land & Exploration | 07/22/98 | 872 | 780 | 556737 |
| LA-001446-013 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 188 | 556075 |
| LA-001446-014 | Ratliff, Virginia Devilbiss | St. Mary Land & Exploration | 08/02/98 | 871 | 125 | 556063 |
| LA-001446-015 | Devilbiss, Carita Allene | St. Mary Land & Exploration | 08/02/98 | 871 | 167 | 556071 |
| LA-001446-016 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 749 | 556731 |
| LA-001446-017 | Devilbiss, Debra Sue | St. Mary Land & Exploration | 08/02/98 | 871 | 94 | 556057 |
| LA-001446-018 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 131 | 556415 |
| LA-001446-019 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 871 | 605 | 556288 |
| LA-001446-020 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 832 | 557145 |
| LA-001446-021 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 810 | 556743 |

**EXHIBIT A**

**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001 between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| | | | | | | |
|---|---|---|---|---|---|---|
| LA-001446-022 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 770 | 557133 |
| LA-001446-023 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 348 | 556131 |
| LA-001446-024 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 276 | 556495 |
| LA-001446-025 | Ferguson, Robert Lynn, et ux | St. Mary Land & Exploration | 10/17/98 | 874 | 617 | 557458 |
| LA-001446-026 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 875 | 17 | 557660 |
| LA-001446-027 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 54 | 556400 |

**SUBJECT LANDS**

Unit for the Thomas No. 1 well designated by that certain Order No. 124-W-1 dated effective 1/30/01 concerning the confirmation of a drilling and production unit and recognition of a new discovery well for the Hackberry Zone, Reservoir A, in the Roanoke Field, Jefferson Davis Parish, Louisiana, by the State of Louisiana Office of Conservation, recorded on March 21, 2001 at Book 911, Page 469, File No. 578200.

**WELL(S)**

Helen Hunter Thomas #1

## EXHIBIT A
### Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001 between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)

### OIL & GAS PROPERTIES

| Lease Number | Lessor | Lessee | Date | Book | Page | File No. |
|---|---|---|---|---|---|---|
| LA-001178-000 | Trahan, David Michael | St. Mary Land & Exploration | 07/30/98 | 868 | 193 | 555002 |
| LA-001180-000 | Kratzer, James Nolan, et ux | St. Mary Land & Exploration | 07/30/98 | 868 | 495 | 555102 |
| LA-001182-000 | Morvant, Civirillian Jr., et ux | St. Mary Land & Exploration | 07/31/98 | 868 | 197 | 555003 |
| LA-001185-000 | Pruit, Jimmy Glen, et ux | St. Mary Land & Exploration | 08/05/98 | 869 | 582 | 555638 |
| LA-001186-000 | Kratzer, James Jr., et ux | St. Mary Land & Exploration | 08/07/98 | 868 | 640 | 555187 |
| LA-001188-000 | Thomas, Helen Hunter et al | St. Mary Land & Exploration | 07/27/98 | 867 | 764 | 554824 |
| LA-001232-001 | Butcher, Ruth Lorene Devilbiss, widow | St. Mary Land & Exploration | 08/02/98 | 873 | 274 | 556881 |
| LA-001232-002 | Tate, Mona Lynn Devilbiss, et al | St. Mary Land & Exploration | 07/22/98 | 870 | 97 | 555798 |
| LA-001232-003 | Devilbiss, Debra Sue | St. Mary Land & Exploration | 08/02/98 | 869 | 913 | 555772 |
| LA-001232-004 | Miller, Edward G, et al | St. Mary Land & Exploration | 07/20/98 | 869 | 934 | 555776 |
| LA-001232-005 | Devilbiss, Cecil F II, et al | St. Mary Land & Exploration | 08/02/98 | 870 | 2 | 555780 |
| LA-001232-006 | Devilbiss, Cecil F II, et al | St. Mary Land & Exploration | 08/02/98 | 870 | 8 | 555781 |
| LA-001232-007 | Devilbiss, Alan Jerome, et al | St. Mary Land & Exploration | 07/28/98 | 870 | 34 | 555786 |
| LA-001232-008 | Ratliff, Virginia Devilbiss | St. Mary Land & Exploration | 08/02/98 | 870 | 55 | 555790 |
| LA-001232-009 | Devilbiss, Carita Allene | St. Mary Land & Exploration | 08/02/98 | 870 | 76 | 555794 |
| LA-001232-010 | Bell, Alvey | St. Mary Land & Exploration | 07/23/98 | 872 | 178 | 556424 |
| LA-001232-011 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 872 | 17 | 556393 |
| LA-001232-012 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 120 | 556413 |
| LA-001232-013 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 297 | 556499 |
| LA-001232-014 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 870 | 123 | 555803 |
| LA-001232-015 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 198 | 556077 |
| LA-001232-016 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 337 | 556129 |
| LA-001232-017 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 402 | 556560 |
| LA-001232-018 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 871 | 942 | 556386 |
| LA-001232-019 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 397 | 556559 |
| LA-001232-020 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 126 | 556414 |
| LA-001232-021 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 870 | 135 | 555805 |
| LA-001232-022 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 193 | 556076 |
| LA-001232-023 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 343 | 556130 |
| LA-001232-024 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 292 | 556498 |
| LA-001232-025 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 57 | 556401 |
| LA-001232-026 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 261 | 557320 |

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| | | | | | | |
|---|---|---|---|---|---|---|
| LA-001232-027 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 821 | 557143 |
| LA-001232-028 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 775 | 557134 |
| LA-001232-029 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 210 | 557310 |
| LA-001232-030 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 846 | 556750 |
| LA-001232-031 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 759 | 556733 |
| LA-001232-032 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 827 | 557144 |
| LA-001232-033 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 765 | 557132 |
| LA-001232-034 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 821 | 556745 |
| LA-001232-035 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 298 | 557327 |
| LA-001232-036 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 754 | 556732 |
| LA-001232-037 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 225 | 557313 |
| LA-001232-038 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 264 | 555012 |
| LA-001232-039 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 843 | 554840 |
| LA-001232-040 | Campbell, Thomas G, et ux | St. Mary Land & Exploration | 07/27/98 | 867 | 743 | 554820 |
| LA-001232-041 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 875 | 2 | 557657 |
| LA-001232-042 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 874 | 946 | 557656 |
| LA-001232-043 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 64 | 556402 |
| LA-001232-044 | Bell, Michael | HS Resources Inc. | 11/03/99 | 890 | 700 | 566266 |
| LA-001232-045 | Redlin, Rebecca Lynn Bell | HS Resources Inc. | 11/03/99 | 891 | 204 | 566440 |
| LA-001233-001 | McGowan Working Partners | St. Mary Land & Exploration | 09/30/98 | 873 | 728 | 557125 |
| LA-001233-002 | Bell, Alvey et al | St. Mary Land & Exploration | 07/23/98 | 872 | 167 | 556422 |
| LA-001233-003 | Devilbiss, Alan Jerome | St. Mary Land & Exploration | 07/28/98 | 871 | 589 | 556285 |
| LA-001233-004 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 292 | 557326 |
| LA-001233-005 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 391 | 556558 |
| LA-001233-006 | Miller, Edward G | St. Mary Land & Exploration | 07/20/98 | 871 | 634 | 556295 |
| LA-001233-007 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 235 | 557315 |
| LA-001233-008 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 871 | 947 | 556387 |
| LA-001233-009 | Tate, Mona Lynn Devilbiss, et al | St. Mary Land & Exploration | 07/22/98 | 872 | 722 | 556726 |
| LA-001233-010 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 182 | 556074 |
| LA-001233-011 | Ratliff, Virginia Devilbiss | St. Mary Land & Exploration | 08/02/98 | 871 | 130 | 556064 |
| LA-001233-012 | Devilbiss, Carita Allene | St. Mary Land & Exploration | 08/02/98 | 871 | 151 | 556068 |
| LA-001233-013 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 743 | 556730 |
| LA-001233-014 | Devilbiss, Debra Sue | St. Mary Land & Exploration | 08/02/98 | 871 | 99 | 556058 |
| LA-001233-015 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 136 | 556416 |
| LA-001233-016 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 870 | 129 | 555804 |

**EXHIBIT A**
**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001**
**between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| | | | | | | |
|---|---|---|---|---|---|---|
| LA-001233-017 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 837 | 557146 |
| LA-001233-018 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 815 | 556744 |
| LA-001233-019 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 749 | 557129 |
| LA-001233-020 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 353 | 556132 |
| LA-001233-021 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 286 | 556497 |
| LA-001233-022 | Morgan, Donald R, et ux | St. Mary Land & Exploration | 07/21/98 | 867 | 859 | 554843 |
| LA-001233-023 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 280 | 555015 |
| LA-001233-024 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 808 | 554833 |
| LA-001233-025 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 229 | 555005 |
| LA-001233-026 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 783 | 554828 |
| LA-001233-027 | Morgan, Donald R, et ux | St. Mary Land & Exploration | 07/21/98 | 867 | 833 | 554838 |
| LA-001233-028 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 875 | 32 | 557663 |
| LA-001233-029 | Butcher, Ruth Lorene Devilbiss | St. Mary Land & Exploration | 08/02/98 | 873 | 263 | 556879 |
| LA-001233-030 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 48 | 556399 |
| LA-001446-001 | Gerrard, Jo Beth Delahoussaye, et al | St. Mary Land & Exploration | 07/31/98 | 868 | 285 | 555016 |
| LA-001446-002 | Devilbiss, Gwyneth Ridley, et al | St. Mary Land & Exploration | 07/23/98 | 867 | 849 | 554841 |
| LA-001446-003 | Morgan, Donald R, et ux | St. Mary Land & Exploration | 07/21/98 | 867 | 854 | 554842 |
| LA-001446-004 | Bell, Alvey et al | St. Mary Land & Exploration | 07/23/98 | 872 | 162 | 554421 |
| LA-001446-005 | Devilbiss, Alan Jerome | St. Mary Land & Exploration | 07/28/98 | 871 | 584 | 556284 |
| LA-001446-006 | Butcher, Ruth Lorene Devilbiss | St. Mary Land & Exploration | 08/02/98 | 873 | 269 | 556880 |
| LA-001446-007 | Davidson, Rebecca Sue Seibert | St. Mary Land & Exploration | 09/20/98 | 874 | 277 | 557323 |
| LA-001446-008 | Seibert, Joseph Erin | St. Mary Land & Exploration | 09/11/98 | 872 | 433 | 556566 |
| LA-001446-009 | Miller, Edward G, et al | St. Mary Land & Exploration | 07/20/98 | 871 | 640 | 556296 |
| LA-001446-010 | Devilbiss, Nathan | St. Mary Land & Exploration | 07/28/98 | 874 | 190 | 557306 |
| LA-001446-011 | Devilbiss, Dallas | St. Mary Land & Exploration | 09/11/98 | 871 | 953 | 556388 |
| LA-001446-012 | Tate, Mona Lynn Devilbiss, et al | St. Mary Land & Exploration | 07/22/98 | 872 | 780 | 556737 |
| LA-001446-013 | Devilbiss, Thomas E, et al | St. Mary Land & Exploration | 09/07/98 | 871 | 188 | 556075 |
| LA-001446-014 | Ratliff, Virginia Devilbiss | St. Mary Land & Exploration | 08/02/98 | 871 | 125 | 556063 |
| LA-001446-015 | Devilbiss, Carita Allene | St. Mary Land & Exploration | 08/02/98 | 871 | 167 | 556071 |
| LA-001446-016 | Devilbiss, John Howard | St. Mary Land & Exploration | 09/11/98 | 872 | 749 | 556731 |
| LA-001446-017 | Devilbiss, Debra Sue | St. Mary Land & Exploration | 08/02/98 | 871 | 94 | 556057 |
| LA-001446-018 | Sanchez, Harriette Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 131 | 556415 |
| LA-001446-019 | Devilbiss, Ola Mae Lee, et al | St. Mary Land & Exploration | 08/12/98 | 871 | 605 | 556288 |
| LA-001446-020 | Devilbiss, Mark David, et al | St. Mary Land & Exploration | 09/20/98 | 873 | 832 | 557145 |
| LA-001446-021 | Devilbiss, Joni Lynn | St. Mary Land & Exploration | 08/27/98 | 872 | 810 | 556743 |

**EXHIBIT A**

**Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2001 between Aspect Resources LLC (Assignor) and Samedan Oil Corporation (Assignee)**

| | | | | | | |
|---|---|---|---|---|---|---|
| LA-001446-022 | Devilbiss, Terry | St. Mary Land & Exploration | 08/27/98 | 873 | 770 | 557133 |
| LA-001446-023 | Devilbiss, John Michael | St. Mary Land & Exploration | 08/27/98 | 871 | 348 | 556131 |
| LA-001446-024 | McCarty, Dorothy Jean Devilbiss | St. Mary Land & Exploration | 09/11/98 | 872 | 276 | 556495 |
| LA-001446-025 | Ferguson, Robert Lynn, et ux | St. Mary Land & Exploration | 10/17/98 | 874 | 617 | 557458 |
| LA-001446-026 | Redman, Elizabeth Ann Seibert | St. Mary Land & Exploration | 08/06/98 | 875 | 17 | 557660 |
| LA-001446-027 | Delahoussaye, Charles Allen | St. Mary Land & Exploration | 09/11/98 | 872 | 54 | 556400 |

**SUBJECT LANDS**

As set out forth that certain Notice dated 4-4-01 to the Louisiana Conservation Commission for an application to create a single drilling 183 acre and production unit for the Hackberry Zone, Reservoir B (HBY RB SU A) for the Helen Hunter Thomas 2 well, Roanoke Field, Jefferson Davis Parish, Louisiana

**WELL(S)**

Helen Hunter Thomas # 2

585552



| OWNERSHIP | TRACT NO. | AREA IN ACRES | PERCENTAGE OF UNIT |
|---|---|---|---|
| HELEN HUNTER THOMAS, ET AL | 1 | 90.466 | 49.479044 |
| DOROTHY SWANSON BROOKE, ET AL | 2 | 25.116 | 13.736826 |
| ROBERT MILLER, ET AL | 3 | 3.438 | 1.880363 |
| EVELYN P. CROW TRUST, ET AL | 4 | 20.241 | 11.070516 |
| EVELYN P. CROW TRUST, ET AL | 5 | 1.232 | 0.673824 |
| GEORGE KRATZER, ET AL | 6 | 0.609 | 0.333084 |
| GEORGE KRATZER | 7 | 8.916 | 4.876475 |
| JAMES KRATZER, JR., ET UX | 8 | 17.816 | 9.744198 |
| JAMES KRATZER, JR., ET AL | 9 | 8.900 | 4.867724 |
| JAMES KRATZER, JR., ET UX | 10 | 6.103 | 3.337946 |
| TOTALS | | 182.837 | 100.000000 |

This Survey Plat of the HBY RB SUA in the Roanoke Field, Jefferson Davis Parish, Louisiana adopted by The Office of Conservation Order No. 124—W—2, effective June 12, 2001 is hereby accepted insofar as it shows the exterior limits of the HBY RB SUA created by said order, and said plot is hereby incorporated by reference in said order.

Baton Rouge, Louisiana

OFFICE OF CONSERVATION
OF THE STATE OF LOUISIANA
BY: _____

Recorded on _____ at _____
_____ page _____
bearing Entry No. _____ in the
records of Jefferson Davis Parish, Louisiana.

The requirements for Unit Plats & Survey Plats adopted by The Commissioner of Conservation have been complied with in all respects.

All bearings hereon are based on the Lambert Plane Coordinate System for Louisiana (South Zone—1927 Datum).

NOTE: All boundaries are geographic.

**KERR-McGEE ROCKY MOUNTAIN CORP.**

ORDER NO. 124—W—2
ROANOKE FIELD
**HBY RB SUA**
Containing 182.837 Acres
Section's 2 & 11, T9S-R4W
Jefferson Davis Parish, Louisiana

GRAPHIC SCALE: 1" = 1000'

DECEMBER 7, 2001

MARCUS J. BROUSSARD
Professional Land Surveyor
LA. Registration No. 4739

FILE: \data\hbyrbsua.dwg
JOB NO. 00-0054

**M.J. BROUSSARD, INC.**
PROFESSIONAL LAND SURVEYING
A Professional Corporation

| DATE | DESCRIPTION |
|---|---|
| | |
| | |
| | |

585799

F -- **823**

## METERSITE AGREEMENT

**FOR AND IN CONSIDERATION** of the sum of *One Thousand Nine* -DOLLARS ($*1,900*.00) in hand paid, the receipt of which is hereby acknowledged, **HELEN HUNTER THOMAS, ET AL** hereinafter called **"Grantor,"** does hereby grant unto **Conoco Inc.**, a corporation, hereinafter called **"Grantee,"** its successors and assigns, the right to install, maintain, inspect, alter, repair, valves, gate valves and boxes, scraper traps, and apparatus and equipment as may be necessary or convenient to the construction and/or operation of any pipeline or pipelines now or hereafter owned or operated by Grantee, as same may now or hereafter pass over, through, upon, under, and across the following described property in **JEFFERSON DAVIS** Parish, State of Louisiana, as shown in Exhibit "C" attached hereto and made a part hereof across the land described below, to wit:

## N/E ¼ OF SECTION 11, TOWNSHIP 9 SOUTH, RANGE 4 WEST

together with rights of ingress and egress to and from the above-described land for the purposes aforesaid. Grantee shall have the option to fence, or place enclosures upon, all or any part of the above-described premises.

The rights herein granted may be assigned in whole or in part; and the terms, conditions, and provisions hereof shall extend to and be binding upon the heirs, executors, administrators, personal representatives, successors, and assigns of the parties hereto.

**WITNESS** the execution hereof this _____*5*_____ day of *April*, 2001.

**WITNESSES:**

**GRANTOR:**

*Helen Hunter Thomas*
**HELEN HUNTER THOMAS** S.S. ▓▓▓ *8446*
*1305 ½ N. Cuttings, Jennings, LA. 70546*

*Helen Carol Thomas Gladden*
**HELEN CAROL THOMAS GLADDEN** SS ▓▓▓ *1024*
*600 Highland Dr.  Big Spring, TX 79820*

*Charlotte Thomas Landry*
**CHARLOTTE THOMAS LANDRY** S.S. ▓▓▓ *8379*
*1571 Thibodaux Ave.  Baton Rouge, ▓▓ 70806*

*Rachel Helen Thomas Hale*
**RACHEL HELEN THOMAS HALE** S.S. ▓▓▓ *8813*
*P.O. Box 100  Roanoke, LA 70581*

RW·56985
Rbs          2
Check: 060869, 060870, 060871, 060866
Charge 4151-244 0000-9800-3100-401
SYS/Sub    LGL 011



# T-9-S, R-4-W
## JEFFERSON DAVIS PARISH, LOUISIANA

SEE INSET "B"

JAMES KRATZER, JR. AND
CAROLYN RUTH HENDERSON KRATZER

CENTERLINE OF SURVEY

N 89°57'11" E
58.76'

INSET "A"
NOT TO SCALE

N 48°40'28" E
10.00'

S 41°19'32" E
18.00'

PROPOSED METER SITE

S 41°19'32" E
2.00'

N 41°19'32" W
20.00'

S 48°40'28" W
10.00'

N 00°27'19" E
939.01'

15.00'

INSET "B"
NOT TO SCALE

HELEN HUNTER THOMAS, et al

N 28°50'00" E
317.85'

EXISTING WELL

N 48°40'28" E
282.00'

SEE INSET "A"

COB: 585799; Page 2; Filed 2/19/2002 12:00:00AM [jeffersondavis: ]

NOTES:

1) THIS MAP IS FOR RIGHT OF WAY PURPOSES ONLY AND IS NOT A PROPERTY BOUNDARY SURVEY AS DEFINED BY THE LAC TITLE 46, CHAPTER 25

2) RESEARCH AND INVESTIGATION OF RECORDED SERVITUDES WAS NOT PERFORMED BY AUCOIN & ASSOCIATES, INC.

EXHIBIT "C"

95.60 RODS

STATE OF LOUISIANA
RANDALL E. WARD
REG. NO. 4645
REGISTERED
PROFESSIONAL
LAND SURVEYOR

MAP PREPARED FOR
## CONOCO INC.
### SHOWING CENTERLINE OF SURVEY AND PROPOSED METER SITE
## HELEN HUNTER THOMAS, et al
### SITUATED IN SECTION 11, T-9-S, R-4-W
### JEFFERSON DAVIS PARISH, LOUISIANA

AFE: PENDING
NGP: 3-234-97337
DATE: 01/19/00
SCALE: AS SHOWN

AUCOIN & ASSOCIATES, INC.
CONSULTING ENGINEERS
EUNICE, LOUISIANA

REV. 2/02/00

| DRAFTSPERSON | JPS | DATE | 01/19/00 |
| CHECKED | | DATE | |

ISSUE:
APPROVE:
DATE:

CONOCO    CONOCO INC.
NATURAL GAS PRODUCTS DEPARTMENT
HOUSTON, TEXAS

DWR.
NO.

A & A FILE 00-0013

File name: L:\2000\00-0013 THOMAS



**569**

**588401**

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

RECEIVED AND FILED

2002 MAY 31  PM 3: 04

CARLTON L. DUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

<u>DECLARATION OF UNIT</u>

WHEREAS, **KERR-MCGEE ROCKY MOUNTAIN CORPORATION** (Successor by name change to HS Resources, Inc.), a Delaware corporation, 1999 Broadway, Suite 3600, Denver, CO 80202; **SAMEDAN OIL CORPORATION**, a Delaware corporation, 12600 Northborough, Suite 250, Houston, TX 77067; and **KERR-MCGEE OIL & GAS ONSHORE LP, d/b/a KMOG Onshore LP**, P.O. Box 809004, Dallas, Texas 75380-9004, (Lessees) are the owners of record of certain Oil, Gas and Mineral Leases covering lands in Jefferson Davis Parish, Louisiana, to-wit:

**SEE EXHIBIT "A"**

(hereinafter the "Leases")

WHEREAS, under the provisions of the aforesaid Leases, Lessees have the right and power to pool and combine the respective leases and the lands and mineral interests covered thereby, or any portion thereof, with other lands, lease or leases, and mineral interests in the immediate vicinity thereof; and

WHEREAS, Lessees deem it necessary and advisable to pool and combine portions of the lands and the mineral interests therein which are covered by the aforesaid leases in order to properly explore, develop and operate said leaseholds in compliance with the spacing rules of the Office of Conservation of the State of Louisiana and to promote the conservation of gas, gas condensate and other hydrocarbons produced incident therewith in, under and that may be produced from said premises so as to prevent waste and to avoid the drilling of unnecessary wells; and

WHEREAS, the Leases provide that in order to exercise the said right and power to pool and combine said Leases and the lands and mineral interests covered thereby, there shall be executed and filed for record a declaration designating the unit created by such unitization and identifying and describing the pooled acreage.

NOW, THEREFORE, in consideration of the mutual benefits and advantages resulting from the execution hereof and in accordance with the powers granted to Lessee by the Oil, Gas and Mineral Leases described above, Lessees do hereby create a drilling, operating, and production unit designated as the Thomas #2, for the exploration and production of gas and gas condensate (and associated hydrocarbons) from all depths and horizons consisting of 182.837 acres as shown on the plat of survey dated December 7, 2001, prepared by M.J.Broussard, Inc, Surveyors, attached hereto and made a part hereof for all purposes and labeled Exhibit "B" for identification herewith. The creation of the aforementioned unit is subject to the following terms and conditions:

I.

The entirety of the lands and all leasehold, mineral, mineral royalty and overriding royalty and other rights and interests affecting the lands within the boundaries of the unit are hereby pooled, combined and unitized as a single unit, and drilling or reworking operations on, or production obtained from, any portion of said unit shall constitute drilling or reworking operations from each of the separate tracts comprising said unit under the terms of each of the Leases. All unitized production from said unit shall be allocated to the separate tracts and to the Leases

1

570

thereon in the proportion that the number of acres (surface acres) in each tract included within the unit bears to the total number of surface acres comprising said unit.

2.

The creation of a unit by the Office of Conservation for production from the unit well from any of the land unitized herein shall automatically supercede and entirely replace the unit created herein as to the particular sands unitized by the respective orders of the Office of Conservation creating such units without the necessity for the execution of further agreements.

3.

The above unit shall be effective as of the date this Declaration is filed in the Conveyance Records of Jefferson Davis Parish, Louisiana.

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all such counterparts shall constitute but one and the same instrument.

IN WITNESS WHEREOF, this instrument is executed on this _**30**_ᵗʰ day of May, 2002.

**WITNESSES:**

**LESSEE:**

**KERR-MCGEE ROCKY MOUNTAIN CORPORATION**

BY: _____
Janet W. Pasque
Vice President

**SAMEDAN OIL CORPORATION**

BY:_____

**KERR-McGEE OIL & GAS ONSHORE LP,**
d/b/a  KMOG Onshore LP, by
**KERR-McGEE OIL & GAS ONSHORE LLC,**
**ITS MANAGING GENERAL PARTNER**

BY:_____
Scott McNamee
Attorney-in-Fact

COB: 588401; Page 2; Filed: 5/31/2002 1:00:00AM  [jeffersondavis: ]

2

## ACKNOWLEDGEMENT

STATE OF COLORADO        )
CITY AND                 )
COUNTY OF DENVER         )

On this 21ᵗʰ day of May, 2002 before me appeared Janet W. Pasque, to me personally known, who being by me duly sworn, did say that she is the Vice President of **KERR-MCGEE ROCKY MOUNTAIN CORPORATION**, and that the foregoing instrument was signed on behalf of said company by authority of its members and said appearer acknowledged said instrument to be the free act and deed of said company.

*[Notary seal: LYNDA K. HENDRIX, NOTARY PUBLIC, STATE OF COLORADO, My Commission Expires 3/10/2006]*

_____
Notary Public
1999 Broadway, Suite 3600, Denver, CO 80202

STATE OF                 )
                         )
COUNTY OF                )

The foregoing instrument was acknowledged before me this ____ day of May, 2002 by _____, as _____ of **SAMEDAN OIL CORPORATION**, a Delaware Corporation, on behalf of such company.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires:

_____

STATE OF TEXAS           )

COUNTY OF DALLAS  )

The foregoing instrument was acknowledged before me this **30ᵀᴴ** day of May, 2002 by Scott McNamee, as Attorney-in-Fact of **KERR-McGEE OIL & GAS ONSHORE LLC**, Managing General Partner of **KERR-McGEE OIL & GAS ONSHORE L.P.**, d/b/a KMOG Onshore LP on behalf of said partnership.

Witness my hand and official seal.

My Commission Expires:



_____
Notary Public
Name: Susan J Fraley
Address: 14311 Welch Rd
          Dallas TX 75244-3934

COB: 58B401; Page: 3; Filed: 5/31/2002 1:00:00AM  [jeffersondavis ]

3

572

EXHIBIT "A"

Attached to and made a part of that certain Declaration of Unit dated May 30, 2002
by Kerr-McGee Rocky Mountain Corporation, Samedan Oil Corporation, and Kerr-McGee Oil & Gas Onshore LLC.

| LESSOR/GRANTOR | LESSEE/GRANTEE | INST DATE | BOOK | RECORDING PAGE | FILE NO. |
|---|---|---|---|---|---|
| KRATZER, JAMES JR., ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 593 | 555640 |
| KRATZER, JOHNNIE MAE BERGERON, ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 600 | 555641 |
| KRATZER, GEORGE II., ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 283 | 556120 |
| KRATZER, JAMES, JR, ET UX | ST.MARY LAND & EXPLORATION | 08/07/98 | 868 | 640 | 555187 |
| KRATZER, JAMES, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 586 | 555639 |
| KRATZER, JOHNNIE MAE BERGERON, ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 607 | 555642 |
| KRATZER, GEORGE II., ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 290 | 556121 |
| MANCUSO, BELLE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 916 | 577816 |
| NAEBERS, BOBBIE SUE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 925 | 577817 |
| DAIGLE, JEANE RICHARD, ET AL. | HS RESOURCES, INC. | 01/23/01 | 910 | 934 | 577818 |
| A.L.C. PARTNERS, ET AL | HS RESOURCES, INC. | 01/05/01 | 910 | 900 | 577815 |
| HEBERT, SYLVIA FAHY KRATZER, ETAL. | HS RESOURCES, INC. | 04/23/01 | 927 | 531 | 587516 |
| KRATZER, TONYA, ET AL. | HS RESOURCES, INC. | 04/20/01 | 927 | 521 | 587515 |
| THOMAS, HELEN HUNTER, ET AL. | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 764 | 554824 |
| TREME, PRISCILLA ANN, ET AL | HS RESOURCES, INC. | 09/18/00 | 910 | 862 | 577794 |
| DIETZ, SYLVIA FAYE MANUEL, ET AL. | HS RESOURCES, INC. | 09/20/00 | 910 | 844 | 577792 |
| BROUSSARD, ARELIA ELAINE MILLER, ET AL. | HS RESOURCES, INC. | 09/21/00 | 910 | 807 | 577789 |
| MANUEL, IRENE GUIDRY, ET AL. | HS RESOURCES, INC. | 09/26/00 | 910 | 853 | 577793 |
| REED, AUSTIN | HS RESOURCES, INC. | 09/29/00 | 910 | 773 | 577771 |
| TARVER, ANITA MILLER, ET AL | HS RESOURCES, INC. | 10/07/00 | 910 | 797 | 577788 |
| MILLER, JR., ROBERT, ET AL. | HS RESOURCES, INC. | 10/03/00 | 910 | 832 | 577791 |
| O'QUAIN, SARAH MILLER, ET AL. | HS RESOURCES, INC. | 10/16/00 | 910 | 818 | 577790 |
| PRINCE, LOU ETTA MILLER, ET AL. | HS RESOURCES, INC. | 10/20/00 | 910 | 751 | 577770 |
| BRANSCUM, STEPHEN, ET AL | HS RESOURCES, INC. | 09/29/00 | 910 | 708 | 577767 |
| DESHOTEL, DIRK, ET AL | HS RESOURCES, INC. | 11/06/00 | 910 | 728 | 577769 |
| DESSELLE, DEBORAH FRUGE | HS RESOURCES, INC. | 11/30/00 | 910 | 719 | 577768 |
| BOTTOM, DEBORAH BRANSCUM | HS RESOURCES, INC. | 09/29/00 | 910 | 698 | 577766 |
| CROW, EVELYN POOL PITRE, ET AL. | HS RESOURCES, INC. | 09/19/00 | 906 | 238 | 575181 |
| STAFFORD, DEVEDA TAYLOR, ET AL. | HS RESOURCES, INC. | 09/21/00 | 906 | 225 | 575179 |
| BROOKE, DOROTHY SWANSON, ET AL. | HS RESOURCES, INC. | 10/11/00 | 906 | 232 | 575180 |

COB: 588401; Page: 4; Filed: 5/31/2002 1:00:00AM [jeffersondavis: ]

COB: 588401: Page: 5: Filed: 5/31/2002 1:00:00AM [jeffersondavis:]

EXHIBIT "B"

Attached to and made a part of that certain Declaration of Unit dated May 20, 2002 by Kerr-McGee Rocky Mountain Corporation, Samedan Oil Corporation, and Kerr-McGee Oil & Gas Onshore LLC.



589058

# RESOLUTION  ⎡⎤ 477

## LOUISIANA STATE MINERAL BOARD

On motion of <u>Mr. Husers</u>, seconded by <u>Mr. Lafitte</u>, the following Resolution was offered and adopted:

BE IT RESOLVED by the State Mineral Board that Docket Item No. 15 from the April 10, 2002 Meeting be accepted, said instrument being a Correction of Resolution No. 20 from the December 12, 2001 Meeting, being a Change of Name whereby HS Resources, Inc. is changing its name to Kerr-McGee Rocky Mountain Corporation, whereas State Lease Nos. 16504 and 16679 were omitted from said resolution and are hereby being added, affecting State Lease Nos. 15502, 16235, 16236, 16303, 16504, 16505, 16532, 16679, 16808, 16809, 17095, 17096 and 17172, Acadia, Beauregard, Calcasieu, Jefferson Davis, St. Landry and Terrebonne Parishes, Louisiana.

## CERTIFICATE

I hereby certify that the above is a true and correct copy of a Resolution adopted at a meeting of the State Mineral Board held in the City of Baton Rouge, Louisiana, on the <u>10th</u> day of <u>April</u>, <u>2002</u>, pursuant to due notice, at which meeting a quorum was present, and that said Resolution is duly entered in the Minute Book of said Board and is now in full force and effect.

_Gus Redman_
STATE MINERAL BOARD

RECEIVED AND FILED
2002 JUL -5 AM 9:05
CARL... ...BHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

COB: 589058; Page: 1; Filed: 7/5/2002 1:00:00AM [jeffersondavis ]

589058

478

# RESOLUTION

### LOUISIANA STATE MINERAL BOARD

On motion of Mr. Arnold, seconded by Mr. Besselman, the following Resolution was offered and adopted:

BE IT RESOLVED by the State Mineral Board that Docket Item No. 20 from the December 12, 2001 Meeting be approved, said instrument being a Change of Name whereby HS Resources, Inc. is changing its name to Kerr-McGee Rocky Mountain Corporation, affecting State Lease Nos. 15502, 16127, 16235, 16236, 16303, 16505, 16532, 16808, 16809, 17095, 17096 and 17172, Beauregard, Calcasieu, Jefferson Davis, St. Landry and Terrebonne Parishes, Louisiana, with further particulars being stipulated in the instrument.

This approval is expressly granted and accepted subject to certain conditions in the absence of which conditions approval of said instrument would not have been given as follows:

1) That all terms and conditions of the basic lease will be fulfilled, including but not limited to the full payment of rentals and royalties, regardless of the division of leasehold interests resulting from the instrument;

2) That failure to comply with the terms and conditions of the basic lease by the original lessee, or by any assignee, sublessor or sublessee, prior or subsequent hereto, shall not be deemed waived by the approval of said instrument by the State Mineral Board for the State of Louisiana, it being distinctly understood that the State Mineral Board for the State of Louisiana does not recognize said instrument as creating a novation, as regards any right or interest of the State or Board;

3) That in the event ownership of the basic mineral lease is or becomes vested in two or more lessees responsible to the lessor for compliance with indivisible obligations to maintain the lease, then said lessees shall designate in writing to the State Mineral Board the lessee representing the joint account of all lessees, who shall be accountable to the Board for discharge of indivisible obligations under the lease for all lessees or for release in lieu of compliance therewith, provided that in the event of failure of said lessees to comply with such condition, then the Board may withhold approval of and thereby deny validity to any pending or future assignment or transfer of an interest in the lease, and, provided further, that if any lessee should agree to release the lease or any segregated portion thereof in lieu of complying with an indivisible lease obligation to maintain the lease and no other lessee desires to assume and undertake the indivisible obligation, then all lessees agree to join in a release or to otherwise execute a similar release of their rights to lessor, relegating any nonsignatory lessee to such remedy, if any, as such party may have against the lessee or lessees, who may execute a release purporting to cover the entirety of the lease or of a segregated portion thereof;

4) That this approval is given merely for the purpose of validating the assignment or transfer under the provisions of R.S. 30:128, but by giving its approval, the Board does not recognize the validity of any other instrument referred to therein that has not also been considered and approved by the Board in its entirety nor of any descriptions nor adopt any of the terms and conditions in the assignment or transfer, including but not limited to any election to convert an overriding royalty interest to a working interest, and any such election shall not be effective until written notice thereof is given to the Board and assignment or transfer of such working interest in recordable form is docketed for assignment and approved by the Board, and furthermore, that this approval may not operate as the Board's approval of any sales contract, which may have been entered into by the parties to the assignment or transfer, inasmuch as the Board specifically reserves the right to take its royalty oil, gas and other minerals in kind;

5) That for purposes of recordation and notice, certified copies of this Resolution be attached to all docketed copies of the instrument approved hereby; and

6) That nothing herein shall be construed as approval for any assignment, sublease or transfer to or from any individual, partnership, corporation or other legal entity who has filed bankruptcy proceedings unless such status is specifically recognized in this resolution.

BE IT FURTHER RESOLVED that either the Chairman, Vice-Chairman, Secretary, Deputy Assistant Secretary or Chief Landman be and he is hereby authorized to reflect the approval of the State Mineral Board by affixing his signature to the aforesaid instrument.

### CERTIFICATE

I hereby certify that the above is a true and correct copy of a Resolution adopted at a meeting of the State Mineral Board held in the City of Baton Rouge, Louisiana, on the day 12th of December, 2001, pursuant to due notice, at which meeting a quorum was present, and that said Resolution is duly entered in the Minute Book of said Board and is now in full force and effect.

_____
State Mineral Board

# CERTIFICATE

479

I, Don Hager, the undersigned, hereby certify that I am the duly elected, qualified and acting Assistant Secretary of Kerr-McGee Rocky Mountain Corporation (formerly HS Resources, Inc.), a Delaware corporation, and that, in the absence of the Secretary, I maintain the corporate records and the corporate seal of said Corporation.

I also certify that the attached is a true and correct copy of the Certificate of Name Change from HS Resources, Inc. to Kerr-McGee Rocky Mountain Corporation as filed with the Secretary of State of Louisiana.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of said corporation this 27th day of September, 2001.

_____
Don Hager, Assistant Secretary

STATE OF OKLAHOMA      )
                       ) ss.
COUNTY OF OKLAHOMA     )

On this 27th day of September, 2001, before me personally appeared Don Hager to me known to be the individual described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same and, being by me duly sworn, did depose and say that the statements therein contained are true.

_____
Notary Public

My Commission Expires:
9/17/03

Q:\AB\Certific\Rocky Mountain\Certificate of Name Change

COB: 589058; Page: 3; Filed: 7/5/2002 1:00:00AM [jeffersondavis]

480



# UNITED STATES OF AMERICA
# State of Louisiana

## Fox McKeithen
### SECRETARY OF STATE

*As Secretary of State, of the State of Louisiana, I do hereby Certify that*

an Amended Application for Certificate of Authority form of

**HS RESOURCES, INC.**

Domiciled at WILMINGTON, DELAWARE, changing the corporate name to

**KERR-MCGEE ROCKY MOUNTAIN CORPORATION**

Was filed and recorded in this Office on August 30, 2001.

*In testimony whereof, I have hereunto set my hand and caused the Seal of my Office to be affixed at the City of Baton Rouge on,*

August 30, 2001



MBE 34529924F 35135128
*Secretary of State.*

CERTIFICATE SS 102 S (R-3/88)

481

| W. Fox McKeithen<br>Secretary of State<br> | **APPLICATION FOR AUTHORITY**<br>**TO TRANSACT BUSINESS IN LOUISIANA**<br>(R.S. 12:304) | | |
|---|---|---|---|
| | Foreign Corporation<br>Enclose $100.00 filing fee<br>Make remittance payable to<br>Secretary of State<br>*Do Not Send Cash* | Return to: | Commercial Division<br>P. O. Box 94125<br>Baton Rouge, LA 70804-9125<br>Phone (225) 925-4704<br>Web site: www.sec.state.la.us |

STATE OF ___Oklahoma___         Check one: ( ) Non Profit       Check one: ( ) Original Application

PARISH/COUNTY OF ___Oklahoma___                (XX) Business

**FOX McKEITHEN**
**Secretary of State**
**Received & Filed**
**DATE AUG 3 0 2001**

1. Corporation name:   **KERR-MCGEE ROCKY MOUNTAIN CORPORATION**

2. Previous name:   HS RESOURCES, INC.

3. Principal Office address in state or country of incorporation:  1209 ORANGE ST., WILMINGTON DE 19801

4. Federal tax identification number:   94-303 6864

5. Principal business office address:  123 Robert S Kerr, Oklahoma City OK 73102

   **PLEASE INCLUDE COMPLETE STREET ADDRESSES FOR THE FOLLOWING.**

6. Principal business establishment in Louisiana: _____

7. Registered office address in Louisiana:  8550 United Plaza Blvd., Baton Rouge LA 70809

8. Registered agent's name and address in Louisiana:  C T Corporation System, 8550 United Plaza Boulevard, Baton Rouge, LA 70809

9. Nature of business to be transacted in Louisiana:  oil + gas exploration

10. Names and addresses of directors and officers: _____

_Don Haiger_
To be signed by any officer                                    Don Haiger, Asst. Secretary
                                                                                     Title and Date

Sworn to and subscribed before me, the undersigned Notary Public, on this date:  8/29/01

Exp 10-30-04
PUBLIC                    _Karen D. Hanson_
                                                Notary

**AGENT'S ACCEPTANCE AND ACKNOWLEDGMENT OF APPOINTMENT**
I hereby acknowledge and accept the appointment of registered agent for and on behalf of the above

_John J. Linnihan_  Registered Agent

John J Linnihan
Asst VP

Sworn to and subscribed before me on this date: _____

_Marlene A Smith_
                                                Notary

MARLENE A SMITH
NOTARY
PUBLIC
STATE OF
MISSOURI

SS Rev 1/01
LA008 - 05/29/01 CT System Online

COB: 589058; Page: 5; Filed: 7/5/2002 1:00:00AM [jeffersondavis: ]

I __ 482

## KERR-McGEE ROCKY MOUNTAIN CORPORATION

| Officers and Directors | Title |
|---|---|
| Luke R. Corbett<br>P. O. Box 25861<br>Oklahoma City, OK 73125 | Chairman of the Board, Chief Executive Officer and Director |
| Kenneth W. Crouch<br>P. O. Box 25861<br>Oklahoma City, OK 73125 | Senior Vice President and Director |
| Gregory F. Pilcher<br>P. O. Box 25861<br>Oklahoma City, OK 73125 | Senior Vice President, General Counsel, Secretary and Director |
| Robert M. Wohleber<br>P. O. Box 25861<br>Oklahoma City, OK 73125 | Senior Vice President, Chief Financial Officer and Director |
| Annell Bay<br>1999 Broadway, Suite 3610<br>Denver, CO 80202 | Vice President and Director |
| Dale E. Cantwell<br>1999 Broadway, Suite 3610<br>Denver, CO 80202 | Vice President and Director |
| Deborah A. Kitchens<br>P. O. Box 25861<br>Oklahoma City, OK 73125 | Vice President, Controller and Chief Accounting Officer |
| Annette Montoya<br>1999 Broadway, Suite 3610<br>Denver, CO 80202 | Vice President |
| Rick L. Parks<br>1999 Broadway, Suite 3610<br>Denver, CO 80202 | Vice President |
| Janet W. Pasque<br>1999 Broadway, Suite 3610<br>Denver, CO 80202 | Vice President |
| John M. Rauh<br>P. O. Box 25861<br>Oklahoma City, OK 73125 | Vice President and Treasurer |

COB: 589058; Page: 6; Filed: 7/5/2002 1:00:00AM [jeffersondavis ]

1

O:\CorpSecy\RMOandD

483

# KERR-McGEE ROCKY MOUNTAIN CORPORATION

| Officers and Directors | Title |
|---|---|
| Lawrence H. Towell<br>P. O. Box 25861<br>Oklahoma City, OK  73125 | Vice President and Director |
| Wayne D. Williams<br>1999 Broadway, Suite 3610<br>Denver, CO 80202 | Vice President |
| Don Hager<br>P. O. Box 25861<br>Oklahoma City, OK  73125 | Assistant Secretary |
| Mark M. Veazey<br>P. O. Box 25861<br>Oklahoma City, OK  73125 | Assistant Treasurer |

COB: 589058; Page: 7; Filed: 7/5/2002 1:00:00AM [jeffersondavis: ]

2

Q:\CorpSecy\RMOandD

589311

F_ 875

RECEIVED AND FILED

2002 JUL 17  AM 11: 59

CA...   ...HON
... TARISH

STATE OF LOUISIANA

PARISH OF JEFFERSON DAVIS

## DECLARATION OF UNIT

WHEREAS, **KERR-MCGEE ROCKY MOUNTAIN CORPORATION** (Successor by name change to HS Resources, Inc.), a Delaware corporation, 1999 Broadway, Suite 3600, Denver, CO 80202; **SAMEDAN OIL CORPORATION**, a Delaware corporation, 12600 Northborough, Suite 250, Houston, TX 77067; and **KERR-MCGEE OIL & GAS ONSHORE LP, d/b/a KMOG Onshore LP**, P.O. Box 809004, Dallas, Texas 75380-9004, (Lessees) are the owners of record of certain Oil, Gas and Mineral Leases covering lands in Jefferson Davis Parish, Louisiana, to-wit:

### SEE EXHIBIT "A"

(hereinafter the "Leases")

WHEREAS, under the provisions of the aforesaid Leases, Lessees have the right and power to pool and combine the respective leases and the lands and mineral interests covered thereby, or any portion thereof, with other lands, lease or leases, and mineral interests in the immediate vicinity thereof; and

WHEREAS, Lessees deem it necessary and advisable to pool and combine portions of the lands and the mineral interests therein which are covered by the aforesaid leases in order to properly explore, develop and operate said leaseholds in compliance with the spacing rules of the Office of Conservation of the State of Louisiana and to promote the conservation of gas, gas condensate and other hydrocarbons produced incident therewith in, under and that may be produced from said premises so as to prevent waste and to avoid the drilling of unnecessary wells; and

WHEREAS, the Leases provide that in order to exercise the said right and power to pool and combine said Leases and the lands and mineral interests covered thereby, there shall be executed and filed for record a declaration designating the unit created by such unitization and identifying and describing the pooled acreage.

NOW, THEREFORE, in consideration of the mutual benefits and advantages resulting from the execution hereof and in accordance with the powers granted to Lessee by the Oil, Gas and Mineral Leases described above, Lessees do hereby create a drilling, operating, and production unit designated as the Thomas #2, for the exploration and production of gas and gas condensate (and associated hydrocarbons) from all depths and horizons consisting of 182.837 acres as shown on the plat of survey dated December 7, 2001, prepared by M.J.Broussard, Inc, Surveyors, attached hereto and made a part hereof for all purposes and labeled **Exhibit "B"** for identification herewith. The creation of the aforementioned unit is subject to the following terms and conditions:

1.

The entirety of the lands and all leasehold, mineral, mineral royalty and overriding royalty and other rights and interests affecting the lands within the boundaries of the unit are hereby pooled, combined and unitized as a single unit, and drilling or reworking operations on, or production obtained from, any portion of said unit shall constitute drilling or reworking operations from each of the separate tracts comprising said unit under the terms of each of the Leases. All unitized production from said unit shall be allocated to the separate tracts and to the Leases

1

**876**

thereon in the proportion that the number of acres (surface acres) in each tract included within the unit bears to the total number of surface acres comprising said unit.

2.

The creation of a unit by the Office of Conservation for production from the unit well from any of the land unitized herein shall automatically supercede and entirely replace the unit created herein as to the particular sands unitized by the respective orders of the Office of Conservation creating such units without the necessity for the execution of further agreements.

3.

The above unit shall be effective as of the date this Declaration is filed in the Conveyance Records of Jefferson Davis Parish, Louisiana.

This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all such counterparts shall constitute but one and the same instrument.

IN WITNESS WHEREOF, this instrument is executed on this ___30th___ day of May, 2002.

WITNESSES:                                    LESSEE:

                                              **KERR-MCGEE ROCKY MOUNTAIN CORPORATION**

                                              BY: _____
                                                       Janet W. Pasque
                                                       Vice President

                                              **SAMEDAN OIL CORPORATION**

                                              BY: _____
                                                       Ted A. Price
                                                       Vice President and General Manager – Onshore
                                                       Division

                                              **KERR-McGEE OIL & GAS ONSHORE LP,**
                                              **d/b/a KMOG Onshore LP, by**
                                              **KERR-McGEE OIL & GAS ONSHORE LLC,**
                                              **ITS MANAGING GENERAL PARTNER**

                                              BY: _____
                                                       Scott McNamee
                                                       Attorney-in-Fact

2

877

## ACKNOWLEDGEMENT

STATE OF COLORADO      )
CITY AND      )
COUNTY OF DENVER      )

On this 24ᵗʰ day of May, 2002 before me appeared Janet W. Pasque, to me personally known, who being by me duly sworn, did say that she is the Vice President of **KERR-MCGEE ROCKY MOUNTAIN CORPORATION**, and that the foregoing instrument was signed on behalf of said company by authority of its members and said appearer acknowledged said instrument to be the free act and deed of said company.

LYNDA K. HENDRIX
NOTARY PUBLIC
STATE OF COLORADO
My Commission Expires
My Commission Expires 3/10/2006

_Lynda K Hendrix_
Notary Public
1999 Broadway, Suite 3600, Denver, CO 80202

STATE OF      )
      )
COUNTY OF      )

The foregoing instrument was acknowledged before me this 4ᵗʰ day of ~~May~~ June, 2002 by _Ted A. Price_, as Vice President and General Mgr of **SAMEDAN OIL CORPORATION**, a Delaware Corporation, on behalf of such company. Onshore Division

Witness my hand and official seal.

TINA C. MCCOY
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 15, 2005

_Tina C McCoy_
Notary Public

My Commission Expires:
9.15.05

STATE OF TEXAS      )

COUNTY OF DALLAS      )

The foregoing instrument was acknowledged before me this 30TH day of May, 2002 by Scott McNamee, as Attorney-in-Fact of **KERR-McGEE OIL & GAS ONSHORE LLC**, Managing General Partner of KERR-McGEE OIL & GAS ONSHORE LP, d/b/a KMOG Onshore LP on behalf of said partnership.

Witness my hand and official seal.

My Commission Expires:

SUSAN J. FRALEY
NOTARY PUBLIC
STATE OF TEXAS
EXPIRES
4-18-2005

_Susan J Fraley_
Notary Public
Name: Susan J Fraley
Address: 14311 Welch Rd
Dallas TX 75244-3934

COB: 589311; Page: 3; Filed: 7/17/2002 1:00:00AM [jeffersondavis: ]

3

 878

**EXHIBIT "A"**

Attached to and made a part of that certain Declaration of Unit dated May ~~30~~ 2002
by Kerr-McGee Rocky Mountain Corporation, Samedan Oil Corporation, and Kerr-McGee Oil & Gas Onshore LLC.

| LESSOR/GRANTOR | LESSEE/GRANTEE | INST. DATE | BOOK | PAGE | RECORDING FILE NO. |
|---|---|---|---|---|---|
| KRATZER, JAMES JR., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 593 | 555640 |
| KRATZER, JOHNNIE MAE BERGERON, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 600 | 555641 |
| KRATZER, GEORGE H., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 283 | 556120 |
| KRATZER, JAMES, JR, ET UX | ST.MARY LAND & EXPLORATION | 08/07/98 | 868 | 640 | 555187 |
| KRATZER, JAMES, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 586 | 555639 |
| KRATZER, JOHNNIE MAE BERGERON, ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 607 | 555642 |
| KRATZER, GEORGE H., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 290 | 556121 |
| MANCUSO, BELLE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 916 | 577816 |
| NAEBERS, ROBBIE SUE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 925 | 577817 |
| DAIGLE, JEANE RICHARD, ET AL | HS RESOURCES, INC. | 01/23/01 | 910 | 934 | 577818 |
| A.L.C. PARTNERS, ET AL | HS RESOURCES, INC. | 01/05/01 | 910 | 900 | 577815 |
| HEBERT, SYLVIA FAHY KRATZER, ETAL | HS RESOURCES, INC. | 04/23/01 | 927 | 531 | 587516 |
| KRATZER, TONYA, ET AL | HS RESOURCES, INC. | 04/20/01 | 927 | 521 | 587515 |
| THOMAS, HELEN HUNTER, ET AL | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 764 | 554824 |
| TREME, PRISCILLA ANN, ET AL | HS RESOURCES, INC. | 09/18/00 | 910 | 862 | 577794 |
| DIETZ, SYLVIA FAYE MANUEL, ET AL | HS RESOURCES, INC. | 09/20/00 | 910 | 844 | 577792 |
| BROUSSARD, ARELIA ELAINE MILLER, ET AL. | HS RESOURCES, INC. | 09/21/00 | 910 | 807 | 577789 |
| MANUEL, IRENE GUIDRY, ET AL | HS RESOURCES, INC. | 09/26/00 | 910 | 853 | 577793 |
| REED, AUSTIN | HS RESOURCES, INC. | 09/29/00 | 910 | 773 | 577771 |
| TARVER, ANITA MILLER, ET AL. | HS RESOURCES, INC. | 10/07/00 | 910 | 797 | 577788 |
| MILLER, JR., ROBERT, ET AL | HS RESOURCES, INC. | 10/03/00 | 910 | 832 | 577791 |
| OQUAIN, SARAH MILLER, ET AL | HS RESOURCES, INC. | 10/16/00 | 910 | 818 | 577790 |
| PRINCE, LOU ETTA MILLER, ET AL | HS RESOURCES, INC. | 10/20/00 | 910 | 751 | 577770 |
| BRANSCUM, STEPHEN, ET AL | HS RESOURCES, INC. | 09/29/00 | 910 | 708 | 577767 |
| DESHOTEL, DIRK, ET AL | HS RESOURCES, INC. | 11/06/00 | 910 | 728 | 577769 |
| DESSELLE, DEBORAH FRUGE | HS RESOURCES, INC. | 11/30/00 | 910 | 719 | 577768 |
| BOTTOM, DEBORAH BRANSCUM | HS RESOURCES, INC. | 09/29/00 | 910 | 698 | 577766 |
| CROW, EVELYN POOL PITRE, ET AL | HS RESOURCES, INC. | 09/19/00 | 906 | 238 | 575181 |
| STAFFORD, DEVEDA TAYLOR, ET AL. | HS RESOURCES, INC. | 09/21/00 | 906 | 225 | 575179 |
| BROOKE, DOROTHY SWANSON, ET AL | HS RESOURCES, INC. | 10/11/00 | 906 | 232 | 575180 |

COB: 589311; Page: 4; Filed: 7/17/2002 1:00:00AM [jeffersondavis: ]

COB: 589:311; Page: 5; Filed: 7/17/2002 1:00:00AM [jeffersondavis: ]

EXHIBIT "B"

Attached to and made a part of that certain Declaration of Unit dated May 20, 2002 by Kerr-McGee Rocky Mountain Corporation, Samedan Oil Corporation, and Kerr-McGee Oil & Gas Onshore LLC.



This Survey Plat of the HBY RB SUA in the Roanoke Field, Jefferson Davis Parish, Louisiana adopted by The Office of Conservation Order No. 124-W-2, effective June 12, 2001 is hereby accepted insofar as it shows the exterior limits of the HBY RB SUA created by said order, and said plat is hereby incorporated by reference in said order.

Baton Rouge, Louisiana

OFFICE OF CONSERVATION
OF THE STATE OF LOUISIANA

BY:

Recorded on _____ at _____ page _____ bearing Entry No. _____ in the records of Jefferson Davis Parish, Louisiana.

The requirements for Unit Plats & Survey Plats adopted by The Commissioner of Conservation have been complied with in all respects.

All bearings hereon are based on the Lambert Plane Coordinate System for Louisiana (South Zone-1927 Datum).

NOTE: All boundaries are geographic.

**KERR-McGEE ROCKY MOUNTAIN CORP.**

ORDER NO. 124-W-2
ROANOKE FIELD
**HBY RB SUA**
Containing 182.837 Acres
Section 2 & 11, T9S-R4W
Jefferson Davis Parish, Louisiana

DECEMBER 7, 2001

M. J. BROUSSARD, INC.
PROFESSIONAL LAND SURVEYING
A Professional Corporation

798        590644

RECEIVED AND FILED

2002 SEP 10  AM 9: 16

CARL...  ...UGHON
CLERK OF COURT

### ASSIGNMENT OF OIL AND GAS LEASES

STATE OF LOUSIANA           §
                            §    KNOW ALL MEN BY THESE PRESENTS:
PARISH OF JEFFERSON DAVIS   §

  THAT, THIS ASSIGNMENT OF OIL AND GAS LEASES (this "Assignment"), dated effective March 1, 2002 (the "Effective Time"), is from **KERR-McGEE ROCKY MOUNTAIN CORPORATION** (Successor by name change to HS Resources, Inc.), 1999 Broadway, Suite 3600, Denver, CO 80202 ("Assignor") to **KERR-MCGEE OIL & GAS ONSHORE LP,** P.O. Box 809004, Dallas, Texas 75380-9004, ("Assignee").

  For $10.00 and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Assignor hereby sells, assigns, transfers, grants, bargains and conveys to Assignee all of Assignor's right, title and interest in and to the oil and gas leases and lands described on Exhibit "A" attached hereto and made a part hereof for all purposes (the "Leases"), subject to all existing royalty, overriding royalty, production payments and other leasehold burdens existing in the real property records of the applicable county/parish as of the Effective Time. Should Assignor own less than all of the interest in the Leases, then the interest assigned hereunder shall be proportionately reduced to the interest actually owned by Assignor.

  TO HAVE AND TO HOLD said Lease and the rights conveyed hereunder unto Assignee and its successors and assigns forever, subject to the following terms and conditions:

1. This Assignment is executed without representation or warranty of any kind, either express, implied or statutory, except that Assignor warrants and agrees to defend Assignee against lawful claims of all persons claiming an interest in the Leases by, through or under Assignor, but not otherwise.

2. Assignee assumes and agrees to pay, perform, fulfill and discharge its proportionate undivided share of all claims, costs, expenses, liabilities and obligations accruing or relating to owning, exploring, developing, producing,operating, maintaining, plugging and abandonment, and reclamation of the interests assigned herein after the Effective Time, and Assignee assumes and agrees to be bound by the terms of the respective Leases.

3. This Assignment shall bind and inure to the benefit of Assignor and Assignee and their respective successors and assigns.

  EXECUTED on the dates contained in the acknowledgements to this Assignment, but effective for all purposes as of the Effective Time.

WITNESSES:              ASSIGNOR:

                        KERR-McGEE ROCKY MOUNTAIN
                        CORPORATION

                        By: _____
                            Janet W. Pasque
                            Vice President

COB: 590644; Page: 1; Filed: 9/10/2002 1:00:00AM [jeffersondavis: ]

590644

## ORIGINAL PAPERS

799

WITNESSES:                          ASSIGNEE:

                                    **KERR-McGEE OIL & GAS ONSHORE LP**
                                    BY KERR-McGEE OIL & GAS ONSHORE LLC
*Lisa M. Riley*                     ITS MANAGING GENERAL PARTNER
                                    By: *Scott McNamee*
*Olivia Ramsey*                     ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                         Scott McNamee
                                         Attorney-in-Fact


## ACKNOWLEDGEMENTS


STATE OF COLORADO      §
CITY AND               §
COUNTY OF DENVER       §

     The foregoing instrument was acknowledged before me this 26th day of ~~August~~ July, 2002 by Janet W. Pasque, as Vice President of **KERR-McGEE ROCKY MOUNTAIN CORPORATION**, on behalf of such corporation.

Witness my hand and official seal.

[seal]

[notary seal: LYNDA K. HENDRIX NOTARY PUBLIC STATE OF COLORADO My Commission Expires 3/10/2006]

My Commission Expires 3/10/2006

                                    *Lynda K Hendrix*
                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                    Notary Public
                                    1999 Broadway, Suite 3600
                                    Denver, CO  80433


STATE OF TEXAS         §
                       §
COUNTY OF DALLAS       §

     The foregoing instrument was acknowledged before me this 4th day of ~~August~~ September, 2002 by Scott McNamee, as Attorney-in-Fact of **KERR-McGEE OIL & GAS ONSHORE LP**, on behalf of said partnership.

Witness my hand and official seal.

[seal] [notary seal: RHONDA K. HUNTER MY COMMISSION EXPIRES July 10, 2005]

My Commission Expires:

     7/10/05

                                    *Rhonda K. Hunter*
                                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                    Notary Public
                                    Name: *R Honda K. Hunter*
                                    Address: *14311 Nach Lood*
                                             *Dallas, TX 75244*

COB: 590544; Page: 2; Filed: 9/10/2002 1:00:00AM  [jeffersondavis:]

COB: 5906-44, Page: 3, Filed: 9/10/2002 1:00:00AM [jeffersondavis: ]

## EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002**
**BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE L.P, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST. DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| | **HELEN HUNTER THOMAS #1 AND HELEN HUNTER THOMAS #2** | | | | | | |
| LA-001178-000 | TRAHAN, DAVID MICHAEL | ST.MARY LAND & EXPLORATION | 07/30/98 | 868 | 193 | 555002 | JEFFERSON DAVIS |
| LA-001179-000 | KRATZER, JAMES JR., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 593 | 555640 | JEFFERSON DAVIS |
| LA-001180-000 | KRATZER, JAMES NOLAN, ET UX | ST.MARY LAND & EXPLORATION | 07/30/98 | 868 | 495 | 555102 | JEFFERSON DAVIS |
| LA-001182-000 | MORVANT, CIVIRILLIAN, JR., ET UX | ST.MARY LAND & EXPLORATION | 07/31/98 | 868 | 197 | 555003 | JEFFERSON DAVIS |
| LA-001183-001 | KRATZER, JOHNNIE MAE BERGERON, ET . | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 600 | 555641 | JEFFERSON DAVIS |
| LA-001183-002 | KRATZER, GEORGE H., ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 283 | 556120 | JEFFERSON DAVIS |
| LA-001185-000 | PRUITT, JIMMY GLEN, ET UX | ST.MARY LAND & EXPLORATION | 08/05/98 | 869 | 582 | 555638 | JEFFERSON DAVIS |
| LA-001186-000 | KRATZER, JAMES, JR, ET UX | ST.MARY LAND & EXPLORATION | 08/07/98 | 868 | 640 | 555187 | JEFFERSON DAVIS |
| LA-001187-000 | KRATZER, JAMES, ET AL. | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 586 | 555639 | JEFFERSON DAVIS |
| LA-001187-002 | KRATZER, JOHNNIE MAE BERGERON, ET . | ST.MARY LAND & EXPLORATION | 08/07/98 | 869 | 607 | 555642 | JEFFERSON DAVIS |
| LA-001187-003 | KRATZER, GEORGE H., ET AL | ST.MARY LAND & EXPLORATION | 08/07/98 | 871 | 290 | 556121 | JEFFERSON DAVIS |
| LA-001187-004 | MANCUSO, BELLE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 916 | 577816 | JEFFERSON DAVIS |
| LA-001187-005 | NAEBEKS, BOBBIE SUE KRATZER | HS RESOURCES, INC. | 01/03/01 | 910 | 925 | 577817 | JEFFERSON DAVIS |
| LA-001187-006 | DAIGLE, JEANE RICHARD, ET AL | HS RESOURCES, INC. | 01/23/01 | 910 | 934 | 577818 | JEFFERSON DAVIS |

008

COB: 5906-44; Page: 4; Filed: 9/10/2002 1:00:00AM [jeffersondavis:]

# EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002
BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE LP, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST. DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001187-007 | A.L.C. PARTNERS, ET AL | HS RESOURCES, INC. | 01/05/01 | 910 | 900 | 577815 | JEFFERSON DAVIS |
| LA-001187-008 | HEBERT, SYLVIA FAHY KRATZER, ETAL | HS RESOURCES, INC. | 04/23/01 | 927 | 531 | 587516 | JEFFERSON DAVIS |
| LA-001187-009 | KRATZER, TONYA, ET AL | HS RESOURCES, INC. | 04/20/01 | 927 | 521 | 587515 | JEFFERSON DAVIS |
| LA-001188-000 | THOMAS, HELEN HUNTER, ET AL. | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 764 | 554824 | JEFFERSON DAVIS |
| LA-001232-001 | BUTCHER, RUTH LORENE DEVILBISS | ST.MARY LAND & EXPLORATION | 08/02/98 | 873 | 274 | 556881 | JEFFERSON DAVIS |
| LA-001232-002 | TATE, MONA LYNN DEVILBISS, ET AL. | ST.MARY LAND & EXPLORATION | 07/22/98 | 870 | 97 | 555798 | JEFFERSON DAVIS |
| LA-001232-003 | DEVILBISS, DEBRA SUE | ST.MARY LAND & EXPLORATION | 08/02/98 | 869 | 913 | 555772 | JEFFERSON DAVIS |
| LA-001232-004 | MILLER, EDWARD G., ET AL | ST.MARY LAND & EXPLORATION | 07/20/98 | 869 | 934 | 555776 | JEFFERSON DAVIS |
| LA-001232-005 | DEVILBISS, CECIL F. II ET AL | ST.MARY LAND & EXPLORATION | 08/02/98 | 870 | 2 | 555780 | JEFFERSON DAVIS |
| LA-001232-006 | DEVILBISS, CYRUS D. | ST.MARY LAND & EXPLORATION | 08/02/98 | 870 | 8 | 555781 | JEFFERSON DAVIS |
| LA-001232-007 | DEVILBISS, ALAN JEROME | ST.MARY LAND & EXPLORATION | 07/28/98 | 870 | 34 | 555786 | JEFFERSON DAVIS |
| LA-001232-008 | RATLIFF, VIRGINIA DEVILBISS | ST.MARY LAND & EXPLORATION | 08/02/98 | 870 | 55 | 555790 | JEFFERSON DAVIS |
| LA-001232-009 | DEVILBISS, CARITA ALLENE | ST.MARY LAND & EXPLORATION | 08/02/98 | 870 | 76 | 555794 | JEFFERSON DAVIS |
| LA-001232-010 | BELL, ALVEY | ST.MARY LAND & EXPLORATION | 07/23/98 | 872 | 178 | 556424 | JEFFERSON DAVIS |
| LA-001232-011 | DEVILBISS, DALLAS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 17 | 556393 | JEFFERSON DAVIS |
| LA-001232-012 | SANCHEZ, HARIETTE DEVILBISS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 120 | 556413 | JEFFERSON DAVIS |

Page 2

COB: 590844, Page: 5; Filed: 8/10/2002 1:00:00AM [jeffersondavis: ]

## EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002
BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE LP, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001232-013 | MCCARTY, DOROTHY JEAN DEVILBISS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 297 | 556449 | JEFFERSON DAVIS |
| LA-001232-014 | DEVILBISS, OLA MAE, ET AL | ST.MARY LAND & EXPLORATION | 08/12/98 | 870 | 123 | 555803 | JEFFERSON DAVIS |
| LA-001232-015 | DEVILBISS, THOMAS E., ET AL | ST.MARY LAND & EXPLORATION | 09/07/98 | 871 | 198 | 556077 | JEFFERSON DAVIS |
| LA-001232-016 | DEVILBISS, JOHN MICHAEL | ST.MARY LAND & EXPLORATION | 08/27/98 | 871 | 337 | 556129 | JEFFERSON DAVIS |
| LA-001232-017 | SEIBERT, JOSEPH ERIN | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 402 | 556560 | JEFFERSON DAVIS |
| LA-001232-026 | DAVIDSON, REBECCA SUE SEIBERT | ST.MARY LAND & EXPLORATION | 09/20/98 | 874 | 261 | 557320 | JEFFERSON DAVIS |
| LA-001232-027 | DEVILBISS, MARK DAVID, ET AL | ST.MARY LAND & EXPLORATION | 09/20/98 | 873 | 821 | 557143 | JEFFERSON DAVIS |
| LA-001232-028 | DEVILBISS, TERRY | ST.MARY LAND & EXPLORATION | 08/22/98 | 873 | 775 | 557134 | JEFFERSON DAVIS |
| LA-001232-029 | DEVILBISS, NATHAN | ST.MARY LAND & EXPLORATION | 07/28/98 | 874 | 210 | 557310 | JEFFERSON DAVIS |
| LA-001232-030 | DEVILBISS, JONI LYNN | ST.MARY LAND & EXPLORATION | 08/27/98 | 872 | 846 | 556750 | JEFFERSON DAVIS |
| LA-001232-031 | DEVILBISS, JOHN HOWARD | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 759 | 556733 | JEFFERSON DAVIS |
| LA-001232-038 | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST.MARY LAND & EXPLORATION | 07/31/98 | 868 | 264 | 555012 | JEFFERSON DAVIS |
| LA-001232-039 | DEVILBISS, GWYNETH RIDLEY ET AL | ST.MARY LAND & EXPLORATION | 07/23/98 | 867 | 843 | 554840 | JEFFERSON DAVIS |
| LA-001232-040 | CAMPBELL, THOMAS G. ET UX | ST.MARY LAND & EXPLORATION | 07/27/98 | 867 | 743 | 554820 | JEFFERSON DAVIS |
| LA-001232-042 | REDMAN, ELIZABETH ANN SEIBERT | ST.MARY LAND & EXPLORATION | 08/06/98 | 874 | 946 | 557656 | JEFFERSON DAVIS |
| LA-001232-043 | DELAHOUSSAYE, CHARLES ALLEN | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 64 | 556402 | JEFFERSON DAVIS |

Page 3

802

COB: 590644; Page: 6; Filed: 9/10/2002 1:00:00AM [jeffersondavis: ]

**EXHIBIT "A"**

ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002
BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE LP, AS ASSIGNEE

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST. DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001232-044 | BELL, MICHAEL | HS RESOURCES, INC. | 11/03/99 | 890 | 700 | 566266 | JEFFERSON DAVIS |
| LA-001232-045 | REDLIN, REBECCA LYNN BELL | HS RESOURCES, INC. | 11/03/99 | 891 | 204 | 566440 | JEFFERSON DAVIS |
| LA-001232-046 | SEIBERT, WILLIAM W. | HS RESOURCES, INC. | 04/07/00 | 927 | 173 | 587271 | JEFFERSON DAVIS |
| LA-001233-001 | MCGOWAN WORKING PARTNERS | ST.MARY LAND & EXPLORATION | 09/30/98 | 873 | 728 | 557125 | JEFFERSON DAVIS |
| LA-001233-002 | BELL, ALVEY | ST.MARY LAND & EXPLORATION | 07/23/98 | 872 | 167 | 556422 | JEFFERSON DAVIS |
| LA-001233-003 | DEVILBISS, ALAN JEROME | ST.MARY LAND & EXPLORATION | 07/28/98 | 871 | 589 | 556285 | JEFFERSON DAVIS |
| LA-001233-004 | DAVIDSON, REBECCA SUE SEIBERT | ST.MARY LAND & EXPLORATION | 09/20/98 | 874 | 292 | 557326 | JEFFERSON DAVIS |
| LA-001233-005 | SEIBERT, JOSEPH ERIN | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 391 | 556558 | JEFFERSON DAVIS |
| LA-001233-006 | MILLER, EDWARD G., ET AL | ST.MARY LAND & EXPLORATION | 07/20/98 | 871 | 634 | 556295 | JEFFERSON DAVIS |
| LA-001233-007 | DEVILBISS, NATHAN | ST.MARY LAND & EXPLORATION | 07/28/98 | 874 | 235 | 557315 | JEFFERSON DAVIS |
| LA-001233-008 | DEVILBISS, DALLAS | ST.MARY LAND & EXPLORATION | 09/11/98 | 871 | 947 | 556387 | JEFFERSON DAVIS |
| LA-001233-009 | TATE, MONA LYNN DEVILBISS, ET AL | ST.MARY LAND & EXPLORATION | 07/22/98 | 872 | 722 | 556726 | JEFFERSON DAVIS |
| LA-001233-010 | DEVILBISS, THOMAS E., ET AL | ST.MARY LAND & EXPLORATION | 09/07/98 | 871 | 182 | 556074 | JEFFERSON DAVIS |
| LA-001233-011 | RATLIFF, VIRGINIA DEVILBISS | ST.MARY LAND & EXPLORATION | 08/02/98 | 871 | 130 | 556064 | JEFFERSON DAVIS |
| LA-001233-012 | DEVILBISS, CARITA ALLENE | ST.MARY LAND & EXPLORATION | 08/02/98 | 871 | 151 | 556068 | JEFFERSON DAVIS |
| LA-001233-013 | DEVILBISS, JOHN HOWARD | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 743 | 556730 | JEFFERSON DAVIS |

Page 4

COB, 5906/44, Page: 7; Filed: 9/10/2002 1:00:00AM [jeffersondavis: ]

## EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002
BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE LP, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST. DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001233-014 | DEVILBISS, DEBRA SUE | ST.MARY LAND & EXPLORATION | 08/02/98 | | 99 | 556058 | JEFFERSON DAVIS |
| LA-001233-015 | SANCHEZ, HARIETTE DEVILBISS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 136 | 556416 | JEFFERSON DAVIS |
| LA-001233-016 | DEVILBISS, OLA MAE, ET AL | ST.MARY LAND & EXPLORATION | 08/12/98 | 870 | 129 | 555804 | JEFFERSON DAVIS |
| LA-001233-017 | DEVILBISS, MARK DAVID, ET AL | ST.MARY LAND & EXPLORATION | 09/20/98 | 873 | 837 | 557146 | JEFFERSON DAVIS |
| LA-001233-018 | DEVILBISS, JONI LYNN | ST.MARY LAND & EXPLORATION | 08/27/98 | 872 | 815 | 556744 | JEFFERSON DAVIS |
| LA-001233-019 | DEVILBISS, TERRY | ST.MARY LAND & EXPLORATION | 08/27/98 | 873 | 749 | 557129 | JEFFERSON DAVIS |
| LA-001233-020 | DEVILBISS, JOHN MICHAEL | ST.MARY LAND & EXPLORATION | 08/27/98 | 871 | 353 | 556132 | JEFFERSON DAVIS |
| LA-001233-021 | MCCARTY, DOROTHY JEAN DEVILBISS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 286 | 556497 | JEFFERSON DAVIS |
| LA-001233-022 | MORGAN, DONALD R. ET UX | ST.MARY LAND & EXPLORATION | 07/21/98 | 867 | 859 | 554843 | JEFFERSON DAVIS |
| LA-001233-023 | GERRARD, JO BETH DELAHOUSSAYE ET A | ST.MARY LAND & EXPLORATION | 07/31/98 | 868 | 280 | 555015 | JEFFERSON DAVIS |
| LA-001233-024 | DEVILBISS, GWYNETH RIDLEY ET AL | ST.MARY LAND & EXPLORATION | 07/23/98 | 867 | 808 | 554833 | JEFFERSON DAVIS |
| LA-001233-028 | REDMAN, ELIZABETH ANN SEIBERT | ST.MARY LAND & EXPLORATION | 08/06/98 | 875 | 32 | 557663 | JEFFERSON DAVIS |
| LA-001233-029 | BUTCHER, RUTH LORENE DEVILBISS | ST.MARY LAND & EXPLORATION | 08/02/98 | 873 | 263 | 556879 | JEFFERSON DAVIS |
| LA-001233-030 | DELAHOUSSAYE, CHARLES ALLEN | ST.MARY LAND & EXPLORATION | 09/12/98 | 872 | 48 | 556399 | JEFFERSON DAVIS |
| LA-001446-001 | GERRARD, JO BETH DELAHOUSSAYE ET A | ST.MARY LAND & EXPLORATION | 07/31/98 | 868 | 285 | 555016 | JEFFERSON DAVIS |
| LA-001446-002 | DEVILBISS, GWYNETH RIDLEY ET AL | ST.MARY LAND & EXPLORATION | 07/23/98 | 867 | 849 | 554841 | JEFFERSON DAVIS |

805

COB: 590644, Page: 8; Filed: 9/10/2002 1:00:00AM [jeffersondavis; ]

# EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002 BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL. & GAS ONSHORE I.P, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001446-003 | MORGAN, DONALD R. ET UX | ST.MARY LAND & EXPLORATION | 07/21/98 | 867 | 854 | 554842 | JEFFERSON DAVIS |
| LA-001446-004 | BELL, ALVEY (USUFRUCT) | ST.MARY LAND & EXPLORATION | 07/23/98 | 872 | 162 | 556421 | JEFFERSON DAVIS |
| LA-001446-005 | DEVILBISS, ALAN JEROME | ST.MARY LAND & EXPLORATION | 07/28/98 | 871 | 584 | 556284 | JEFFERSON DAVIS |
| LA-001446-006 | BUTCHER, RUTH LORENE DEVILBISS | ST.MARY LAND & EXPLORATION | 08/02/98 | 873 | 269 | 556880 | JEFFERSON DAVIS |
| LA-001446-007 | DAVIDSON, REBECCA SUE SEIBERT | ST.MARY LAND & EXPLORATION | 09/20/98 | 874 | 277 | 557323 | JEFFERSON DAVIS |
| LA-001446-008 | SEIBERT, JOSEPH ERIN | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 433 | 556566 | JEFFERSON DAVIS |
| LA-001446-009 | MILLER, EDWARD G., ET AL | ST.MARY LAND & EXPLORATION | 07/20/98 | 871 | 640 | 556296 | JEFFERSON DAVIS |
| LA-001446-010 | DEVILBISS, NATHAN | ST.MARY LAND & EXPLORATION | 07/28/98 | 874 | 190 | 557306 | JEFFERSON DAVIS |
| LA-001446-011 | DEVILBISS, DALLAS | ST.MARY LAND & EXPLORATION | 09/11/98 | 871 | 953 | 556388 | JEFFERSON DAVIS |
| LA-001446-012 | TATE, MONA LYNN DEVILBISS, ET AL | ST.MARY LAND & EXPLORATION | 07/22/98 | 872 | 780 | 556737 | JEFFERSON DAVIS |
| LA-001446-013 | DEVILBISS, THOMAS E., ET AL | ST.MARY LAND & EXPLORATION | 09/07/98 | 871 | 188 | 556075 | JEFFERSON DAVIS |
| LA-001446-014 | RATLIFF, VIRGINIA DEVILBISS | ST.MARY LAND & EXPLORATION | 08/02/98 | 871 | 125 | 556063 | JEFFERSON DAVIS |
| LA-001446-015 | DEVILBISS, CARITA ALLENE | ST.MARY LAND & EXPLORATION | 08/02/98 | 871 | 167 | 556071 | JEFFERSON DAVIS |
| LA-001446-016 | DEVILBISS, JOHN HOWARD | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 749 | 556731 | JEFFERSON DAVIS |
| LA-001446-017 | DEVILBISS, DEBRA SUE | ST.MARY LAND & EXPLORATION | 08/02/98 | 871 | 94 | 556057 | JEFFERSON DAVIS |
| LA-001446-018 | SANCHEZ, HARIETTE DEVILBISS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 131 | 556415 | JEFFERSON DAVIS |

Page 6

COB: 580644, Page: 9; Filed: 8/10/2002 1:00:00AM [jeffersondavis:]

# EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002
BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE LP, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST. DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-001446-019 | DEVILBISS, OLA MAE, ET AL | ST.MARY LAND & EXPLORATION | 08/12/98 | 871 | 605 | 556288 | JEFFERSON DAVIS |
| LA-001446-020 | DEVILBISS, MARK DAVID, ET AL | ST.MARY LAND & EXPLORATION | 09/20/98 | 873 | 832 | 557145 | JEFFERSON DAVIS |
| LA-001446-021 | DEVILBISS, JONI LYNN | ST.MARY LAND & EXPLORATION | 08/27/98 | 872 | 810 | 556743 | JEFFERSON DAVIS |
| LA-001446-022 | DEVILBISS, TERRY | ST.MARY LAND & EXPLORATION | 08/27/98 | 873 | 770 | 557133 | JEFFERSON DAVIS |
| LA-001446-023 | DEVILBISS, JOHN MICHAEL | ST.MARY LAND & EXPLORATION | 08/27/98 | 871 | 348 | 556131 | JEFFERSON DAVIS |
| LA-001446-024 | MCCARTY, DOROTHY JEAN DEVILBISS | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 276 | 556495 | JEFFERSON DAVIS |
| LA-001446-025 | FERGUSON, ROBERT LYNN, ET UX | ST.MARY LAND & EXPLORATION | 10/17/98 | 874 | 617 | 557458 | JEFFERSON DAVIS |
| LA-001446-026 | REDMAN, ELIZABETH ANN SEIBERT | ST.MARY LAND & EXPLORATION | 08/06/98 | 875 | 17 | 557660 | JEFFERSON DAVIS |
| LA-001446-027 | DELAHOUSSAYE, CHARLES ALLEN | ST.MARY LAND & EXPLORATION | 09/11/98 | 872 | 54 | 556400 | JEFFERSON DAVIS |
| LA-002680-001 | TREME, PRISCILLA ANN, ET AL | HS RESOURCES, INC. | 09/18/00 | 910 | 862 | 577794 | JEFFERSON DAVIS |
| LA-002680-002 | DIETZ, SYLVIA FAYE MANUEL, ET AL | HS RESOURCES, INC. | 09/20/00 | 910 | 844 | 577792 | JEFFERSON DAVIS |
| LA-002680-003 | BROUSSARD, ARELIA ELAINE MILLER, ET | HS RESOURCES, INC. | 09/21/00 | 910 | 807 | 577789 | JEFFERSON DAVIS |
| LA-002680-004 | MANUEL, IRENE GUIDRY, ET AL | HS RESOURCES, INC. | 09/26/00 | 910 | 853 | 577793 | JEFFERSON DAVIS |
| LA-002680-005 | REED, AUSTIN | HS RESOURCES, INC. | 09/29/00 | 910 | 773 | 577771 | JEFFERSON DAVIS |
| LA-002680-006 | TARVER, ANITA MILLER, ET AL | HS RESOURCES, INC. | 10/07/00 | 910 | 797 | 577788 | JEFFERSON DAVIS |
| LA-002680-007 | MILLER, JR., ROBERT, ET AL | HS RESOURCES, INC. | 10/03/00 | 910 | 832 | 577791 | JEFFERSON DAVIS |

Page 7

COB: 590644; Page: 10; Filed: 9/10/2002 1:00:00AM [jeffersondavis:]

## EXHIBIT "A"

**ATTACHED TO AND MADE A PART OF THAT CERTAIN ASSIGNMENT OF OIL AND GAS LEASES DATED EFFECTIVE MARCH 1, 2002
BY AND BETWEEN KERR-MCGEE ROCKY MOUNTAIN CORPORATION, AS ASSIGNOR AND KERR-MCGEE OIL & GAS ONSHORE LP, AS ASSIGNEE**

| KMG LEASE NO. | LESSOR/GRANTOR | LESSEE/GRANTEE | INST DATE | BOOK | PAGE | FILE NO. | PARISH |
|---|---|---|---|---|---|---|---|
| LA-002680-008 | O'QUAIN, SARAH MILLER, ET AL | HS RESOURCES, INC. | 10/16/00 | 910 | 818 | 577790 | JEFFERSON DAVIS |
| LA-002680-009 | PRINCE, LOU ETTA MILLER, ET AL | HS RESOURCES, INC. | 10/20/00 | 910 | 751 | 577770 | JEFFERSON DAVIS |
| LA-002680-010 | BRANSCUM, STEPHEN, ET AL | HS RESOURCES, INC. | 09/29/00 | 910 | 708 | 577767 | JEFFERSON DAVIS |
| LA-002680-011 | DESHOTEL, DIRK, ET AL | HS RESOURCES, INC. | 11/06/00 | 910 | 728 | 577769 | JEFFERSON DAVIS |
| LA-002680-012 | DESSELLE, DEBORAH FRUGE | HS RESOURCES, INC. | 11/30/00 | 910 | 719 | 577768 | JEFFERSON DAVIS |
| LA-002680-013 | BOTTOM, DEBORAH BRANSCUM | HS RESOURCES, INC. | 09/29/00 | 910 | 698 | 577766 | JEFFERSON DAVIS |
| LA-002731-000 | CROW, EVELYN POOL PITRE, ET AL | HS RESOURCES, INC. | 09/19/00 | 906 | 238 | 575181 | JEFFERSON DAVIS |
| LA-002735-001 | STAFFORD, DEVEDA TAYLOR, ET AL | HS RESOURCES, INC. | 09/21/00 | 906 | 225 | 575179 | JEFFERSON DAVIS |
| LA-002735-002 | BROOKE, DOROTHY SWANSON, ET AL | HS RESOURCES, INC. | 10/11/00 | 906 | 232 | 575180 | JEFFERSON DAVIS |

Page 8

596566

943

RECEIVED AND FILED

2003 JUN 16  AM 9: 31

CARLTON L. DUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

When recorded mail to:

Noble Energy, Inc.
12600 Northborough, Suite 250
Houston, TX  77067

Noble Energy, Inc.
Secretary's Certificate
With Attached Certificate of Ownership and Merger for:
Energy Development Corporation into Samedan Oil Corporation
And
Samedan Oil Corporation into Noble Energy, Inc.

COB: 596566; Page: 1; Filed: 6/16/2003 [...] sondavis: ]

944

## NOBLE ENERGY, INC.

## SECRETARY'S CERTIFICATE

BEFORE ME, the undersigned authority, on this day personally appeared Albert D. Hoppe, who after being by me duly sworn, on oath deposed and said:

I, ALBERT D. HOPPE, Senior Vice President, General Counsel and Secretary of NOBLE ENERGY, INC. ("Company"), do hereby certify that attached hereto as Exhibit "A" and incorporated by reference is a true and correct copy of the Certificate of Ownership and Merger, which merges "Energy Development Corporation", a Delaware corporation, with and into "Samedan Oil Corporation", a Delaware corporation, which Certificate was received and filed in the Office of the Secretary of State of the State of Delaware on December 27, 2001, and which merger had an effective date of December 31, 2001.

And further, I, ALBERT D. HOPPE, Senior Vice President, General Counsel and Secretary of the Company, do hereby certify that attached hereto as Exhibit "B" and incorporated herein by reference is a true and correct copy of the Certificate of Ownership and Merger, which merges "Samedan Oil Corporation", a Delaware corporation, with and into "Noble Energy, Inc.", a Delaware corporation, which Certificate was received and filed in the Office of the Secretary of State of the State of Delaware on December 20, 2002, and which merger had an effective date of December 31, 2002.

Witness my hand this 14 day of March, 2003.

_____
ALBERT D. HOPPE
Senior Vice President, General Counsel
and Secretary

State of Texas          §
County of Harris        §

This instrument was acknowledged before me on this 14 day of March, 2003, by Albert D. Hoppe, as Senior Vice President, General Counsel and Secretary of Noble Energy, Inc., a Delaware corporation, on behalf of said corporation.

_____
Notary Public, State of Texas

My Commission expires: 3/17/06

IRENE DEARZA
MY COMMISSION EXPIRES
MARCH 17, 2006

ADR\Subsidiary Mergers\Secretary's Certificate.doc

COB: 598566; Page: 2; Filed: 6/16/2003 1:00:00AM [jeffersondavis: ]

Exhibit "A"



**945**

PAGE  1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"ENERGY DEVELOPMENT CORPORATION", A DELAWARE CORPORATION,

WITH AND INTO "SAMEDAN OIL CORPORATION" UNDER THE NAME OF "SAMEDAN OIL CORPORATION", A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE TWENTY-SEVENTH DAY OF DECEMBER, A.D. 2001, AT 6 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF OWNERSHIP IS THE THIRTY-FIRST DAY OF DECEMBER, A.D. 2001.

COB: 598566; Page: 3; Filed: 6/16/2003 1:00:00AM [jeffersondavis]



0315911  8100M

020301269

Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 1771775

DATE: 05-10-02

946

NOBLE AFFILIATES          Fax:2818723115          Dec 27 2001  14:47

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 06:00 PM 12/27/2001
010673637 - 0315911

## CERTIFICATE OF OWNERSHIP AND MERGER

### of

### ENERGY DEVELOPMENT CORPORATION
(a Delaware corporation)

### with and into

### SAMEDAN OIL CORPORATION
(a Delaware corporation)

(UNDER SECTION 253 OF THE GENERAL
CORPORATION LAW OF THE STATE OF DELAWARE)

═══════════════════════════════════════

**SAMEDAN OIL CORPORATION**, a Delaware corporation, hereby certifies that:

(1)    The name and state of incorporation or formation of each of the constituent corporations are:

  (a)    Samedan Oil Corporation, a Delaware corporation ("Samedan");

**and**

  (b)    Energy Development Corporation, a Delaware corporation ("EDC").

(2)    Samedan owns 100% of the issued and outstanding shares of the capital stock of EDC.

(3)    Samedan shall be the surviving entity in the merger.

(4)    Pursuant to Section 253 of the General Corporation Law of the State of Delaware, the Board of Directors of Samedan adopted resolutions, by unanimous written consent, authorizing the merger of EDC with and into Samedan. A copy of such resolutions, adopted by the Board of Directors of Samedan as of December 27, 2001, is attached hereto as Exhibit A.

(5)    The Certificate of Incorporation of Samedan shall be the Certificate of Incorporation of the surviving corporation.

(6)    The effective date of the merger shall be as of the close of business, on December 31, 2001.

060132 003224 Dallas 1378514.1

COB: 596566; Page: 4; Filed: 6/16/2003 1:00:00AM [jeffersondavis: ]

F— 947

(7)    Anything herein or elsewhere to the contrary notwithstanding, this merger may be abandoned by the Board of Directors of Samedan at any time prior to the date of filing the merger with the Secretary of State.

IN WITNESS WHEREOF, Samedan has caused this certificate to be signed by the undersigned on the 27th day of December, 2001.

SAMEDAN OIL CORPORATION, the surviving corporation

By: _____

Charles D. Davidson
President

COB: 598566; Page: 5; Filed: 6/16/2003 1:00:00AM [jeffersondavis]

060132 003224 Dallas 1378514.1

F 948

## Exhibit A

### Relating to the Merger of Energy Development Corporation with and into Samedan Oil Corporation

WHEREAS, Energy Development Corporation, a Delaware corporation ("EDC"), is a wholly-owned, direct subsidiary of Samedan Oil Corporation, a Delaware corporation ("Samedan"), and

WHEREAS, the Board of Directors of Samedan (the "Board") has determined, in its best business judgment, that it would be in the best interest of Samedan to merge EDC with and into Samedan (the "Merger"); and

WHEREAS, Samedan shall be the surviving entity in the Merger; and

WHEREAS, for federal income tax purposes, the parties intend that the Merger shall qualify as a reorganization within the meaning of Section 368(a) of the Internal Revenue Code of 1986, as amended (the "Code"), and/or as a tax-free liquidation under Section 332 of the Code;

NOW, THEREFORE, BE IT RESOLVED, that the Board of Samedan hereby approves the Merger; and further

RESOLVED, that EDC shall be merged with and into Samedan pursuant to the provisions of Section 253 of the Delaware General Corporation Law (the "DGCL"), and Samedan shall be the surviving entity of the Merger; and further

RESOLVED, that in accordance with the DGCL, as of the close of business on December 31, 2001 on (the "Effective Time"):

(a)    the separate existence of EDC shall cease;

(b)    Samedan and EDC shall then and thereafter together comprise a single entity, which shall be Samedan;

(c)    the title to all real estate and other property owned by EDC shall be deemed to be owned by and vested in Samedan without reversion or impairment; and

(d)    Samedan shall assume all the liabilities and obligations of EDC; and further

RESOLVED, that at the Effective Time, each issued and outstanding share of the common stock, no par value, of EDC shall, by virtue of the Merger, be immediately cancelled and retired with no consideration to be paid therefor and all certificates representing such interests shall be cancelled; and further

060132 003224 Dallas 1367384.3

COB: 596566; Page: 6; Filed: 6/16/2003 1:00:00AM [jeffersondavis ]

 **949**

RESOLVED, that after the Effective Time, each outstanding share of the common stock, par value $10.00 per share, of Samedan shall remain issued and outstanding; and further

RESOLVED, that the Board of Directors of Samedan will serve as the Board of Directors of the surviving entity, and the Bylaws and Certificate of Incorporation of Samedan shall serve as the Bylaws and Certificate of Incorporation of the surviving entity; and further

RESOLVED, that the proper officers of Samedan are hereby authorized and empowered to take or cause to be taken all such further lawful action and to sign, execute, acknowledge, certify, deliver, accept, record and file all such further instruments in the name and on behalf of Samedan as in their judgment shall be necessary, desirable or advisable in order to carry out the intent, and to accomplish the purposes, of the foregoing resolutions pursuant to the applicable provisions of the DGCL; and further

RESOLVED, that all lawful actions heretofore taken by the officers, counsel or representatives of Samedan in connection with the subject of the foregoing resolutions be, and each hereby is, approved, ratified and confirmed in all respects as the act and deed of Samedan.

* * * * *

COB: 598566; Page: 7; Filed: 6/16/2003 1:00:00AM [jeffersondavis: ]

Exhibit "B"

950



PAGE   1

*The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF OWNERSHIP, WHICH MERGES:

"SAMEDAN OIL CORPORATION", A DELAWARE CORPORATION,

WITH AND INTO "NOBLE ENERGY, INC." UNDER THE NAME OF "NOBLE
ENERGY, INC.", A CORPORATION ORGANIZED AND EXISTING UNDER THE
LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS
OFFICE THE TWENTIETH DAY OF DECEMBER, A.D. 2002, AT 4 O'CLOCK
P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF OWNERSHIP IS THE THIRTY-FIRST DAY
OF DECEMBER, A.D. 2002, AT 11:59 O'CLOCK P.M.

COB: 596566; Page: 8; Filed: 6/16/2003 1:00:00AM  [jeffersondavis: ]



*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

0738126   8100M

020798841

AUTHENTICATION: 2171411

DATE: 12-26-02

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 04:00 PM 12/20/2002
020790899 - 0738126

**P 951**

# CERTIFICATE OF OWNERSHIP AND MERGER

## of

## SAMEDAN OIL CORPORATION
### (a Delaware corporation)

## with and into

## NOBLE ENERGY, INC.
### (a Delaware corporation)

**(UNDER SECTION 253 OF THE GENERAL
CORPORATION LAW OF THE STATE OF DELAWARE)**

**NOBLE ENERGY, INC.**, a Delaware corporation, hereby certifies that:

(1)    The name and state of incorporation or formation of each of the constituent corporations are:

        (a)  Samedan Oil Corporation, a Delaware corporation ("Samedan"); and

        (b)    Noble Energy, Inc., a Delaware corporation ("Noble").

(2)    Noble owns 100% of the issued and outstanding shares of the capital stock of Samedan.

(3)    Noble shall be the surviving entity in the merger.

(4)    Pursuant to Section 253 of the General Corporation Law of the State of Delaware, the Board of Directors of Noble adopted resolutions, by unanimous written consent, authorizing the merger of Samedan with and into Noble. A copy of such resolutions, adopted by the Board of Directors of Noble as of December 10, 2002, is attached hereto as Exhibit A.

(5)    The Certificate of Incorporation of Noble shall be the Certificate of Incorporation of the surviving corporation.

(6)    The effective date of the merger shall be as of 11:59 p.m. EST, on December 31, 2002.

(7)    Anything herein or elsewhere to the contrary notwithstanding, this merger may be abandoned by the Board of Directors of Noble at any time prior to the date of filing the merger with the Secretary of State.

COB: 596566; Page: 9; Filed: 6/16/2003 1:00:00AM [jeffersondavis: ]

IN WITNESS WHEREOF, Noble has caused this certificate to be signed by the
undersigned on the 17th day of December, 2002.

NOBLE ENERGY, INC., the surviving
corporation

By: *[signature]*

Charles D. Davidson
President

060132 003224 HOUSTON 236763.2

953

CT CORPORATION                    7137591950    P.03/04

## EXHIBIT A

### Relating to the Merger of Samedan Oil Corporation with and into Noble Energy, Inc.

WHEREAS, Samedan Oil Corporation, a Delaware corporation ("Samedan"), is a wholly-owned, direct subsidiary of Noble Energy, Inc., a Delaware corporation ("Noble"); and

WHEREAS, the Board of Directors of Noble (the "Board") has determined, in its best business judgment, that it would be in the best interest of Noble to merge Samedan with and into Noble (the "Merger"); and

WHEREAS, Noble would be the surviving entity in the Merger; and

WHEREAS, for federal income tax purposes, the parties intend that the Merger qualify as a reorganization within the meaning of Section 368(a) of the Internal Revenue Code of 1986, as amended (the "Code"), and/or as a tax-free liquidation under Section 332 of the Code;

NOW, THEREFORE, BE IT RESOLVED, that the Board of Noble hereby approves the Merger; and further

RESOLVED, that Samedan shall be merged with and into Noble pursuant to the provisions of Section 253 of the Delaware General Corporation Law (the "DGCL"), and Noble shall be the surviving entity of the Merger; and further

RESOLVED, that in accordance with the DGCL, at midnight on December 31, 2002 (the "Effective Time"):

(a)    the separate existence of Samedan shall cease;

(b)    Noble and Samedan shall then and thereafter together comprise a single entity, which shall be Noble;

(c)    title to all real estate and other property and rights owned by Samedan shall be deemed to be owned by, and vested in, Noble without reversion or impairment; and

(d)    Noble shall assume all liabilities and obligations of Samedan; and further

RESOLVED, that at the Effective Time, each issued and outstanding share of the common stock, par value $10.00 per share, of Samedan shall, by virtue of the Merger, be immediately cancelled and retired with no consideration to be paid therefor and all certificates representing such interests shall be cancelled; and further

060132 003224 HOUSTON 236763.2

COB: 596566; Page: 11; Filed: 6/16/2003 1:00:00AM [jeffersondavis.]

954

... ... 2002  15:58      CT CORPORATION                    7137591950    P.04/04

RESOLVED, that after the Effective Time, each outstanding share of the common stock, par value $3.333 per share, of Noble shall remain issued and outstanding; and further

RESOLVED, that the Board of Directors of Noble will serve as the Board of Directors of the surviving entity, and the Bylaws and Certificate of Incorporation of Noble shall serve as the Bylaws and Certificate of Incorporation of the surviving entity; and further

RESOLVED, that the proper officers of Noble are hereby authorized and empowered to take or cause to be taken all such further lawful action and to sign, execute, acknowledge, certify, deliver, accept, record and file all such further instruments in the name and on behalf of Noble as in their judgment shall be necessary, desirable or advisable in order to carry out the intent, and to accomplish the purposes, of the foregoing resolutions pursuant to the applicable provisions of the DGCL; and further

RESOLVED, that all lawful actions heretofore taken by the officers, counsel or representatives of Noble in connection with the subject of the foregoing resolutions be, and each hereby is, approved, ratified and confirmed in all respects as the act and deed of Noble.

● ● ● ● ●

060132 003224 HOUSTON 236763.2

788      600533

3 of 4

**PARTIAL RELEASE OF OIL, GAS AND MINERAL LEASES**

RECEIVED AND FILED
2003 NOV 21   AM 9:16

STATE OF LOUISIANA          §
                            §
PARISH OF JEFFERSON DAVIS   §

**KNOW ALL MEN BY THESE PRESENTS:**

    THAT the undersigned, **KERR-MCGEE OIL & GAS ONSHORE LP**, by its Managing General Partner **KERR-MCGEE OIL & GAS ONSHORE LLC**, whose address is 16666 Northchase, Houston, Texas 77060 is presently an owner and holder, ("Said Owner") of those certain Oil, Gas and Mineral Leases ("Said Leases"), identified on Exhibit "A" attached hereto and made a part hereof.

    WHEREAS it is the desire of Said Owner, to hereby release, relinquish and surrender to the original lessor or lessors named in Said Leases, and to its or their heirs, successors and assigns, all of the right, title and interest of the undersigned, **in and to Said Leases, LESS AND EXCEPT** the following described portion which shall remain covered by and subject to the Said Leases:

    That portion of the Said Leases situated within the geographical confines of the **HBY RA SUA – Helen Hunter Thomas, et al No.1** well, adopted by the State of Louisiana Office of Conservation Order No. 124-W-1, dated effective January 30, 2001, being filed of record in Conveyance Book 911 at page 469, File No. 578200 of the Office of Clerk of Court Records of Jefferson Davis Parish, Louisiana, and,

    NOW THEREFORE it is the intention of Said Owner to execute this instrument as a **Partial Release** only and it is expressly understood that Said Leases shall remain in full force and effect and subject to the terms and conditions set out in Said Leases as to the lands described hereinabove and being specifically **LESS and EXCEPTED** from this Partial Release.

    **IN WITNESS WHEREOF**, this Partial Release of Oil, Gas and Mineral Lease is being executed on this _31_ day of _October_, 2003.

WITNESSES:                  LESSEE:

                            **KERR-MCGEE OIL & GAS ONSHORE LP**
                            by its Managing General Partner
                            **KERR-MCGEE OIL & GAS ONSHORE LLC**

_Kiki Conrad_

_Stray Ballard_            By: _Scott McNamee_
                                Scott McNamee
                                Attorney-In-Fact

STATE OF TEXAS       §
                     §
COUNTY OF HARRIS     §

    This instrument was acknowledged before me on the _31st_ day of October, 2003, by Scott McNamee, Attorney-in-Fact of **Kerr-McGee Oil & Gas Onshore LLC**, Managing General Partner of **Kerr-McGee Oil & Gas Onshore LP**, on behalf of said partnership.

[SEAL: LANA J. SAMAHA
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
OCT. 4, 2007]

_Lana J. Samaha_
Notary Public in and for
The State of T E X A S
10/4/07

600533

COB: 600533, Page: 1; Filed: 11/21/2003 12:00:00AM [jeffersondavis]

**789**

## EXHIBIT "A"

Attached to and Made Part of
**PARTIAL RELEASE OF OIL, GAS AND MINERAL LEASE**
Dated October 31 , 2003

**JEFFERSON DAVIS PARISH, LOUISIANA**

| | |
|---|---|
| **KERR-McGEE LEASE NO.:** | 868285-000 |
| **LESSOR:** | KRATZER, JAMES, ET UX |
| **LESSEE:** | ST MARY LAND AND EXPLORATION COMPANY |
| **LEASE DATE:** | 8/7/1998 |
| **RECORDING:** | BOOK 868        PAGE 640        FILE NO. 555187 |

| | |
|---|---|
| **KERR-McGEE LEASE NO.:** | 868286-000 |
| **LESSOR:** | THOMAS, HELEN HUNTER, ET AL |
| **LESSEE:** | ST. MARY LAND & EXPLORATION |
| **LEASE DATE:** | 7/27/1998 |
| **RECORDING:** | BOOK 867        PAGE 764        FILE NO. 554824 |

COB: 600533, Page: 2; Filed: 11/21/2003 12:00:00AM [jeffersondavis:]

752

605562

**PARTIAL**
**RELEASE OF OIL AND GAS LEASE** 2004 JUL 20  AM 10: 40

RECEIVED AND FILED

CARLTON L. ROHON
CLERK OF COURT
JEFFERSON DAVIS PARISH 41

STATE OF LOUISIANA                  )
                                    ) §
PARISH OF JEFFERSON DAVIS           )

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned, **ASPECT RESOURCES LLC, a Colorado limited liability company**, at 511 Sixteenth Street, Suite 300, Denver, Colorado 80202, and **NOBLE ENERGY, INC., a Delaware corporation**, at 100 Glenborough Drive, Suite 100, Houston, Texas 77067-3610, as the present owners, holders and Lessees of the following Oil and Gas Lease(s), do hereby release, relinquish and surrender to the original Lessor(s) named in the Lease(s), and to its or their heirs, successors and assigns, all of the right, title and interest of the undersigned in, to and under the Lease(s) described on Exhibit "A", which is attached hereto and made a part hereof, covering lands in Jefferson Davis Parish, Louisiana, **SAVE AND EXCEPT:**

HELEN HUNTER THOMAS WELL NO. 1

**ALL LANDS INCLUDED IN THAT CERTAIN STATE OF LOUISIANA OFICE OF CONSERVATION ORDER NO. 124-W-1 FOR THE HBY RA SUA UNIT FOR THE EXPLORATION FOR AND PRODUCTION OF GAS AND CONDENSATE FROM THE HACKBERRY ZONE, RESERVOIR A, IN THE ROANOKE FIELD, JEFFERSON DAVIS PARISH, LOUISIANA, DATED MARCH 1, 2001, EFFECTIVE JANUARY 30, 2001, RECORDED MARCH 21, 2001, IN BOOK 911 OF CONVEYANCE, PAGE 469, AS FILE NO. 578200, AS SHOWN ON THE PLAT ATTACHED HERETO AS EXHIBIT "B", AND MADE A PART HEREOF.**

It is expressly understood that this is a Partial Release of said Lease as to certain lands only, and that said Lease is hereby reserved as to all lands and interests specifically identified as being reserved herein.

This instrument may be executed in multiple counterparts, each of which shall be deemed an original and shall be binding upon the parties executing same whether or not executed by all the parties hereto. The undersigned hereby agree that the counterpart signature and acknowledgement pages of this Partial Release Of Oil And Gas Leases may be detached and attached to one identical counterpart for the purposes of recordation, which instrument as so constructed shall constitute an original as if executed by all the parties hereto.

Executed this 12th day of March 2004.

**WITNESSES:**                          **LESSEE:**
                                        **ASPECT RESOURCES LLC**

_Anita Ashland_

_Carol Glynn Wettem_                    By: _Jerry K Sommer_                          AA

                                        Name:   Jerry K. Sommer
                                        Title:    Manager

#17083/Roanoke/031204                                   72712.000
                                                        72713.000

753

WITNESSES:

LESSEE:
**NOBLE ENERGY, INC.**
(formerly Samedan Oil Corporation)

*Elsie Ferris*

By: _____

*Charles Prichard*

Name:   Ted A. Price
Title:    Vice President and General Manager –
          Onshore Division

STATE OF COLORADO      )
CITY AND               ) ss.
COUNTY OF DENVER       )

   The foregoing instrument was acknowledged before me this 12th day of March, 2004, by Jerry K. Sommer, as Manager of Aspect Resources LLC, a Colorado limited liability company, on behalf of said limited liability company.

   Witness my hand and official seal.

By: _____
       Leola Eitel - Notary

My Commission Expires:
June 16, 2006

STATE OF TEXAS         )
                       ) ss.
COUNTY OF HARRIS       )

   The foregoing instrument was acknowledged before me this *1st* day of *June*, 2004, by Ted A. Price, as Vice President and General Manager – Onshore Division of Noble Energy, Inc., a Delaware Corporation, on behalf of said corporation.

   Witness my hand and official seal.

By: *Cathe L Kandis*
       Notary Public

My Commission Expires:
_____
       (Seal)

CATHE L. KANDIS
MY COMMISSION EXPIRES
September 11, 2004

#17083/Roanoke/031204

72712.000
72713.000

COB: 605562; Page: 2; Filed: 7/20/2004 1:00:00AM [jeffersondavis: ]

754

**EXHIBIT 'A'**

Attached to Partial Release of Oil and Gas Lease, by Aspect Resources LLC and Noble Energy, Inc., dated March 12, 2004.
The lease (s) described below are located in Jefferson Davis Parish, Louisiana and are in Aspect Resources LLC's Project No. 17083.

| LEASE NO. | LESSOR | LESSEE | EFF. DATE | REC. INFORMATION | | |
|---|---|---|---|---|---|---|
| | | | | BK | PG | DOC. NO. |
| 72712.000 | James R. Kratzer, Jr., et ux | St. Mary Land And Exploration Company | 08/07/98 | 868 | 640 | 555187 |
| 72713.000 | Helen Hunter Thomas, et al | St. Mary Land And Exploration Company | 07/27/98 | 867 | 764 | 554824 |

COB: 605562; Page: 3; Filed: 7/20/2004 1:00:00AM  [jeffersondavis: ]

#17083/Roanoke/031204

1

COB: 605562, Page: 4, Filed: 7/20/2004 1:00:00AM [jeffersondavis:]



EXHIBIT " B "

Attached to Partial Release of Oil And Gas Lease by Aspect Resources LLC and Noble Energy, Inc., dated March 12, 2004.

R 4 W

ORDER NO. 124-W-1
EXHIBIT NO. 5
DOCKET NO. 01-62          DATE: 1-30-01

HS RESOURCES, INC.

ORDER NO. 124-W
ROANOKE FIELD
HBY RA SUA
Containing 191.433 Acres
Section 11, T=9=S, R=4=W
Jefferson Davis Parish, Louisiana

M.J. BROUSSARD, INC.
PROFESSIONAL LAND SURVEYORS
A Professional Corporation

628134

805

# Delaware

*The First State*

PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"KERR-MCGEE OIL & GAS ONSHORE LP", A DELAWARE LIMITED PARTNERSHIP,

WITH AND INTO "WESTPORT OIL AND GAS COMPANY, L.P." UNDER THE NAME OF "WESTPORT OIL AND GAS COMPANY, L.P.", A LIMITED PARTNERSHIP ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE, AS RECEIVED AND FILED IN THIS OFFICE THE FOURTH DAY OF JANUARY, A.D. 2006, AT 11:44 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.

2267653   8100M

070521638

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 5650439

DATE: 05-04-07

306    628135



# *Delaware*

*PAGE 1*

### *The First State*

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF AMENDMENT OF "WESTPORT OIL AND GAS COMPANY, L.P.", CHANGING ITS NAME FROM "WESTPORT OIL AND GAS COMPANY, L.P." TO "KERR-MCGEE OIL & GAS ONSHORE LP", FILED IN THIS OFFICE ON THE FOURTH DAY OF JANUARY, A.D. 2006, AT 11:54 O'CLOCK A.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL TAXES HAVE BEEN PAID TO DATE.



2267653  8100

070521638

*Harriet Smith Windsor*
Harriet Smith Windsor, Secretary of State

*AUTHENTICATION: 5650440*

*DATE: 05-04-07*

:807

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:52 AM 01/04/2006
FILED 11:44 AM 01/04/2006
SRV 060005627 - 2267653 FILE

# CERTIFICATE OF MERGER

### of

### Kerr-McGee Oil & Gas Onshore LP

### with and into

### Westport Oil and Gas Company, L.P.

Pursuant to Title 6, Section 17-211 of the Delaware Limited Partnership Act.

**First:** The name of the surviving Limited Partnership is WESTPORT OIL and GAS COMPANY, L.P., a Delaware limited partnership.

**Second:** The name of the Limited Partnership being merged into the surviving Limited Partnership is KERR-McGEE OIL & GAS ONSHORE LP, a Delaware limited partnership.

**Third:** The Agreement and Plan of Merger has been approved and executed by each of the limited partnerships which are to merge.

**Fourth:** The name of the surviving Limited Partnership shall be WESTPORT OIL and GAS COMPANY, L.P.

**Fifth:** For accounting purposes only, the merger is effective as of January 1, 2006.

**Sixth:** The Agreement and Plan of Merger is on file at the place of business of the surviving Delaware Limited Partnership and the address thereof is 123 Robert S. Kerr Avenue, Oklahoma City, Oklahoma, 73102.

**Seventh:** A copy of the Agreement and Plan of Merger will be furnished by the surviving Limited Partnership, on request and without cost, to any partner of any domestic limited partnership or any person holding an interest in any other business entity which is to merge or consolidate.

**IN WITNESS WHEREOF,** the general partner of said surviving limited partnership has caused this certificate to be signed by an authorized person, the 4th day of January, 2006. For accounting purposes only, the effective date shall be deemed to have been January 1, 2006.

KERR-McGEE ONSHORE LLC, as general partner
of Westport Oil and Gas Company, L.P.

By: _Christina M. Poos_
Name:  Christina M. Poos
Title:  Vice President & Treasurer

COB: 628135, Page: 2, Filed: 5/14/2007 1:00:00AM  [jeffersondavis: ]

**808**

State of Delaware
Secretary of State
Division of Corporations
Delivered 11:52 AM 01/04/2006
FILED 11:54 AM 01/04/2006
SRV 060005668 - 2267653 FILE

## AMENDMENT TO CERTIFICATE OF

## LIMITED PARTNERSHIP OF

### WESTPORT OIL and GAS COMPANY, L.P.

The undersigned, desiring to amend the Certificate of Limited Partnership pursuant to the provisions of Section 17-202 of the Revised Uniform Limited Partnership Act of the State of Delaware, does hereby certify as follows:

FIRST: The name of the Limited Partnership is Westport Oil and Gas Company, L.P.

SECOND: The Certificate of Limited Partnership of the limited partnership is hereby amended by deleting in its entirety Article 1 and inserting the following in lieu thereof:

> "The name of the limited partnership is Kerr-McGee Oil & Gas Onshore LP."

**IN WITNESS WHEREOF**, the general partner of said Limited Partnership has caused this certificate to be signed by an authorized person, the 4th day of January, 2006. For accounting purposes only, this amendment shall be deemed to have been effective January 1, 2006.

By: Kerr-McGee Onshore LLC, its general partner

By: _____
Name: Christina M. Poos
Title: Vice President & Treasurer

COB: 628135; Page: 3; Filed: 5/14/2007 1:00:00AM [jeffersondavis ]

**628136**                                                    ⌐... **309**

## ASSIGNMENT AND BILL OF SALE

2007 MAY 14 PM 2:01

This Assignment and Bill of Sale (this "Conveyance") from **Anadarko Petroleum Corporation**, a Delaware corporation, **Anadarko E&P Company LP**, a Delaware limited partnership, **Howell Petroleum Corporation**, a Delaware corporation, and **Kerr-McGee Oil & Gas Onshore LP**, a Delaware limited partnership, each having an address of 1201 Lake Robbins Drive, The Woodlands, TX 77380 (hereafter collectively called "Grantor"), to **Southern G Holdings, LLC**, a Delaware limited liability company, whose address is 12377 Merit Drive, Suite 1700, Dallas, TX 75251 ("Grantee"), is executed this 2nd day of May, 2007 but effective as of 7:00 a.m., local time, where the Gulf Coast Assets are located, on the 1st day of January, 2007 ("Effective Time").

Reference is made to the Purchase and Sale Agreement more particularly described in **Section 4.2** of this Conveyance. All capitalized terms not otherwise defined herein shall have the meanings ascribed thereto in the Purchase and Sale Agreement.

### ARTICLE 1
### Conveyance of Oil and Gas Interests

**Section 1.1. Conveyance:** Grantor, for good and valuable consideration, in hand paid, the receipt and sufficiency of which are hereby acknowledged, hereby grants, bargains, sells, and conveys unto Grantee, all of Grantor's right, title, interest and estate, real or personal, recorded or unrecorded, movable or immovable, tangible or intangible, in and to the following, excepting the Excluded Assets and (other than the Assets on the Exhibits attached hereto) those assets described in the Assignment and Bill of Sale of even date herewith, between Grantor, Anadarko Gathering Company and EXCO Resources, Inc., as grantee (collectively the "Gulf Coast Assets"):

(a)    All of (i) the oil and gas leases; subleases and other leaseholds; carried interests; farmout rights; options; and other properties and interests described on **Exhibit A** attached hereto, subject to such depth limitations and other restrictions as may be set forth on **Exhibit A** (collectively, the "Leases") and (ii) fee mineral interests, fee royalty interests and other fee interests in oil, gas and other minerals described on **Exhibit A** (collectively, the "Mineral Interests"), (in each case) together with each and every kind and character of right, title, claim, and interest that Grantor has in and to the lands covered by the Leases and Mineral Interests and the interests currently pooled, unitized, communitized or consolidated therewith (the "Lands");

(b)    All oil, gas, water or injection wells located on the Lands, whether producing, shut-in, or temporarily abandoned, including the interests in the wells shown on **Exhibit A-1** attached hereto (collectively, the "Wells");

(c)    All interests of Grantor in or to any currently existing pools or units which include any Lands or all or a part of any Leases or Mineral Interests or include any Wells, including those pools or units shown on **Exhibit A-1** (the "Units"; the Units, together with the Leases, Mineral Interests, Lands and Wells, being hereinafter referred to as the "Properties"), and including all interests of Grantor in production of Hydrocarbons from any such Unit, whether such Unit production of Hydrocarbons comes from Wells located on or off of a Lease or Mineral Interest, and all tenements, hereditaments and appurtenances belonging to the Leases, the Mineral Interests and Units;

(d)    All contracts, agreements and instruments by which the Properties are bound or subject, or that relate to or are otherwise applicable to the Properties, only to the extent applicable to the Properties rather than Grantor's or any of its Affiliates' other properties, including but not limited to, operating agreements, unitization, pooling and communitization agreements, declarations and orders, joint venture agreements, farmin and farmout agreements, exploration agreements, participation agreements, exchange agreements, transportation or gathering agreements, agreements for the sale and purchase of oil, gas or casinghead gas and processing agreements to the extent applicable to the Properties or the production of Hydrocarbons produced in association therewith from the Properties, including those identified on **Schedule 1.2(d)** to the Purchase and Sale Agreement to the extent applicable to the Properties (hereinafter collectively referred to as "Contracts"), but excluding any contracts, agreements and instruments to the extent transfer would result in a violation of applicable Law or is restricted by any Transfer Requirement that is not waived by Grantee or satisfied pursuant to **Section 7.7** to the Purchase and Sale Agreement and provided that "Contracts" shall not include the instruments constituting the Leases;

(e)    All easements, permits, licenses, servitudes, rights-of-way, surface leases and other surface rights ("Surface Contracts") appurtenant to, and used or held for use in connection

Gulf Coast Assets                                          1

*Jefferson (illegible handwriting)*

with the Properties (including those identified on **Exhibit B** attached hereto), but excluding any permits and other rights to the extent transfer would result in a violation of applicable Law or is restricted by any Transfer Requirement that is not waived by Grantee or satisfied pursuant to **Section 7.7** to the Purchase and Sale Agreement;

(f)    All treatment and processing plants and equipment, machinery, fixtures and other tangible personal property and improvements located on the Properties or used or held for use in connection with the operation of the Properties, including those identified on **Exhibit A-2** to the Purchase and Sale Agreement to the extent applicable to the Properties ("Equipment");

(g)    All flow lines, pipelines, gathering systems and appurtenances thereto located on the Properties or used, or held for use, in connection with the operation of the Properties, including those identified on **Schedule 1.2(g)** to the Purchase and Sale Agreement to the extent applicable to the Properties ("Pipelines" and together with the Equipment and Wells, "Personal Property");

(h)    All Hydrocarbons produced from or attributable to the Leases, Mineral Interests, Lands, and Wells from and after the Effective Time, together with Imbalances associated with the Properties;

(i)    All lease files; land files; well files; gas and oil sales contract files; gas processing files; division order files; abstracts; title opinions; land surveys; logs; maps; engineering data and reports; interpretive data, technical evaluations and technical outputs; and other books, records, data, files, and accounting records, in each case to the extent related to the Gulf Coast Assets, or used or held for use in connection with the maintenance or operation thereof, but excluding (i) any books, records, data, files, logs, maps, evaluations, outputs, and accounting records to the extent disclosure or transfer would result in a violation of applicable Law or is restricted by any Transfer Requirement that is not satisfied pursuant to **Section 7.7** to the Purchase and Sale Agreement, (ii) computer or communications software or intellectual property (including tapes, codes, data and program documentation and all tangible manifestations and technical information relating thereto), (iii) attorney-client privileged communications and work product of Grantor's or any of its Affiliates' legal counsel (other than title opinions), (iv) reserve studies and evaluations, and (v) records relating to the negotiation and consummation of the sale of the Gulf Coast Assets (subject to such exclusions, the "Records"); provided, however, that Grantor may retain the originals of such Records as Grantor has reasonably determined may be required for existing litigation, tax, accounting, and auditing purposes; and

(j)    All vehicles or vessels used exclusively in connection with the Gulf Coast Assets.

**Section 1.2.    Excluded Assets**:    Excepting and reserving to Grantor the following:

(a)    Except to the extent necessary to satisfy Grantor's obligations under **Section 7.1(b)** to the Purchase and Sale Agreement, (i) all corporate, financial, income and franchise tax and legal records of Grantor that relate to Grantor's business generally (whether or not relating to the Gulf Coast Assets), (ii) all books, records and files that relate to the Excluded Assets, (iii) those records retained by Grantor pursuant to **Section 1.1(i)** above and (iv) copies of any other Records retained by Grantor pursuant to **Section 1.5** of the Purchase and Sale Agreement;

(b)    Subject to the Seismic License, all geological and geophysical data (including all seismic data, including reprocessed data), reserve estimates, economic estimates, and, to the extent excluded from **Section 1.1(i)** above, all logs, interpretive data, technical evaluations and technical outputs;

(c)    All rights to any refund related to the Excluded Seller Obligations or Taxes or other costs or expenses borne by Grantor or Grantor's predecessors in interest and title attributable to periods prior to the Effective Time;

(d)    Grantor's area-wide bonds, permits and licenses or other permits, licenses or authorizations used in the conduct of Grantor's business generally;

(e)    All trade credits, account receivables, note receivables, take-or-pay amounts receivable, and other receivables attributable to the Gulf Coast Assets with respect to any period of time prior to the Effective Time;

COB: 628136; Page: 2; Filed: 5/14/2007 1:00:00AM [jeffersondavis ]

811

(f)    All claims and causes of action described in **Schedule 5.7** to the Purchase and Sale Agreement;

(g)    Except to the extent specifically provided in **Section 1.1(j)** above, all right, title and interest of Grantor in and to vehicles or vessels used in connection with the Gulf Coast Assets;

(h)    All rights, titles, claims and interests of Grantor or any Affiliate of Grantor (i) to or under any policy or agreement of insurance or any insurance proceeds; except to the extent provided in **Section 3.5** to the Purchase and Sale Agreement, and (ii) to or under any bond or bond proceeds;

(i)    Subject to **Section 12.5** to the Purchase and Sale Agreement, any patent, patent application, logo, service mark, copyright, trade name or trademark of or associated with Grantor or any Affiliate of Grantor or any business of Grantor or of any Affiliate of Grantor;

(j)    A nonexclusive right to freely use any copies of any logs, interpretive data, technical outputs, technical evaluations, maps, engineering data and reports, reserve studies and evaluations, and other data and information being transferred as a part of the Gulf Coast Assets that Grantor is entitled to retain pursuant to **Section 1.5** to the Purchase and Sale Agreement; and

(k)    The Retained Assets not conveyed to Grantee pursuant to **Section 7.7** to the Purchase and Sale Agreement listed on **Exhibit C** attached hereto, the items excluded pursuant to **Section 3.4(d)(iii)** to the Purchase and Sale Agreement listed on **Exhibit C** attached hereto, and other items listed on **Exhibit C** attached hereto.

TO HAVE AND TO HOLD the Gulf Coast Assets unto Grantee, its successors and assigns, forever, subject, however, to the terms and conditions of this Conveyance.

### ARTICLE 2
### Limited Warranty and Disclaimers

**Special Limited Warranty**: As of the Closing Date, Grantor warrants to Grantee that it has Defensible Title to the Units and Warranty Wells shown on **Exhibit A-1** (other than those noted with an asterisk on **Exhibit A-1**) against all persons claiming or to claim the same or any part thereof by, through or under Grantor or its Affiliates, but not otherwise.

Grantor makes no, and expressly disclaims any, other warranty of title to the Gulf Coast Assets. Grantor hereby assigns to Grantee all rights, claims, and causes of action on title warranties given or made by Grantor's predecessors (other than Affiliates of Grantor), to the extent Grantor may legally transfer such rights.

Grantee shall not be entitled to protection under the special limited warranty of title provided herein against any Title Defect reported by Grantee under **Section 3.4(a)** to the Purchase and Sale Agreement and/or any Title Defect actually known by any officer of Grantee or any of its Affiliates prior to the Title Claim Date.

EXCEPT AS AND TO THE EXTENT EXPRESSLY SET FORTH IN THE PURCHASE AND SALE AGREEMENT, CONFIRMED IN THE CERTIFICATE OF GRANTOR DELIVERED PURSUANT TO SECTION 9.2(c) THERETO, OR IN THIS CONVEYANCE, (I) GRANTOR MAKES NO REPRESENTATIONS OR WARRANTIES, EXPRESS, STATUTORY OR IMPLIED, AND (II) GRANTOR EXPRESSLY DISCLAIMS ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENT OR INFORMATION MADE OR COMMUNICATED (ORALLY OR IN WRITING) TO GRANTEE OR ANY OF ITS AFFILIATES, EMPLOYEES, AGENTS, CONSULTANTS OR REPRESENTATIVES (INCLUDING, WITHOUT LIMITATION, ANY OPINION, INFORMATION, PROJECTION OR ADVICE THAT MAY HAVE BEEN PROVIDED TO GRANTEE BY ANY OFFICER, DIRECTOR, EMPLOYEE, AGENT, CONSULTANT, REPRESENTATIVE OR ADVISOR OF GRANTOR OR ANY OF ITS AFFILIATES).

EXCEPT AS EXPRESSLY REPRESENTED OTHERWISE IN ARTICLE 5 TO THE PURCHASE AND SALE AGREEMENT, CONFIRMED IN THE CERTIFICATE OF GRANTOR DELIVERED PURSUANT TO SECTION 9.2(c) THERETO, OR IN THIS CONVEYANCE, AND WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, GRANTOR EXPRESSLY DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, AS TO (I) TITLE TO ANY OF THE GULF COAST ASSETS, (II) THE CONTENTS,

COB: 628136; Page: 3; Filed: 5/14/2007 1:00:00AM [jeffersondavis ]

Gulf Coast Assets                    3

CHARACTER OR NATURE OF ANY DESCRIPTIVE MEMORANDUM, OR ANY REPORT OF ANY PETROLEUM ENGINEERING CONSULTANT, OR ANY GEOLOGICAL OR SEISMIC DATA OR INTERPRETATION, RELATING TO THE GULF COAST ASSETS, (III) THE QUANTITY, QUALITY OR RECOVERABILITY OF PETROLEUM SUBSTANCES IN OR FROM THE GULF COAST ASSETS, (IV) ANY ESTIMATES OF THE VALUE OF THE GULF COAST ASSETS OR FUTURE REVENUES GENERATED BY THE GULF COAST ASSETS, (V) THE PRODUCTION OF HYDROCARBONS FROM THE GULF COAST ASSETS, (VI) THE MAINTENANCE, REPAIR, CONDITION, QUALITY, SUITABILITY, DESIGN OR MARKETABILITY OF THE GULF COAST ASSETS, (VII) THE CONTENT, CHARACTER OR NATURE OF ANY DESCRIPTIVE MEMORANDUM, REPORTS, BROCHURES, CHARTS OR STATEMENTS PREPARED BY THIRD PARTIES, (VIII) ANY OTHER MATERIALS OR INFORMATION THAT MAY HAVE BEEN MADE AVAILABLE OR COMMUNICATED TO GRANTEE OR ITS AFFILIATES, OR ITS OR THEIR EMPLOYEES, AGENTS, CONSULTANTS, REPRESENTATIVES OR ADVISORS IN CONNECTION WITH THE TRANSACTIONS CONTEMPLATED BY THE PURCHASE AND SALE AGREEMENT OR ANY DISCUSSION OR PRESENTATION RELATING THERETO, AND FURTHER DISCLAIMS ANY REPRESENTATION OR WARRANTY, EXPRESS, STATUTORY OR IMPLIED, OF MERCHANTABILITY, FREEDOM FROM REDHIBITORY VICES OR DEFECTS (INCLUDING THOSE CONTEMPLATED IN LOUISIANA CIVIL CODE ARTICLES 2475, AND 2520 THROUGH 2548), FITNESS FOR A PARTICULAR PURPOSE OR CONFORMITY TO MODELS OR SAMPLES OF MATERIALS OF ANY EQUIPMENT, IT BEING EXPRESSLY UNDERSTOOD AND AGREED BY THE PARTIES HERETO THAT GRANTEE SHALL BE DEEMED TO BE OBTAINING THE GULF COAST ASSETS IN THEIR PRESENT STATUS, CONDITION AND STATE OF REPAIR, "AS IS" AND "WHERE IS" WITH ALL FAULTS AND THAT GRANTEE HAS MADE OR CAUSED TO BE MADE SUCH INSPECTIONS AS GRANTEE DEEMS APPROPRIATE, OR (IX) ANY IMPLIED OR EXPRESS WARRANTY OF FREEDOM FROM PATENT OR TRADEMARK INFRINGEMENT.

EXCEPT AS REPRESENTED IN SECTION 5.7 OF THE PURCHASE AND SALE AGREEMENT, GRANTOR HAS NOT AND WILL NOT MAKE ANY REPRESENTATION OR WARRANTY REGARDING ANY MATTER OR CIRCUMSTANCE RELATING TO ENVIRONMENTAL LAWS, ENVIRONMENTAL LIABILITIES, THE RELEASE OF MATERIALS INTO THE ENVIRONMENT OR THE PROTECTION OF HUMAN HEALTH, SAFETY, NATURAL RESOURCES OR THE ENVIRONMENT, OR ANY OTHER ENVIRONMENTAL CONDITION OF THE GULF COAST ASSETS, AND NOTHING IN THIS AGREEMENT OR OTHERWISE SHALL BE CONSTRUED AS SUCH A REPRESENTATION OR WARRANTY, AND GRANTEE SHALL BE DEEMED TO BE TAKING THE GULF COAST ASSETS "AS IS" AND "WHERE IS" FOR PURPOSES OF THEIR ENVIRONMENTAL CONDITION.

## ARTICLE 3
### Assumption of Obligations

Section 3.1. **Assumed Grantor Obligations**: Effective on the date of this Conveyance, Grantee assumes and agrees to fulfill, perform, pay and discharge the Assumed Gulf Coast Seller Obligations.

Section 3.2. **Subject to Leases and Contracts**: Grantee is taking the Gulf Coast Assets subject to the terms of, among others, the Leases and Contracts to the extent the Leases and Contracts are valid, binding and enforceable on the date of this Conveyance, and hereby assumes and agrees to fulfill, perform, pay and discharge Grantor's obligations under such Leases and Contracts from and after the date of this Conveyance.

Section 3.3. **NORM**: Grantee acknowledges that the Gulf Coast Assets have been used for the exploration, development, and production of Hydrocarbons and that there may be petroleum, produced water, wastes, or other substances or materials located in, on or under the Properties or associated with the Gulf Coast Assets. Equipment and sites included in the Gulf Coast Assets may contain Hazardous Materials, including NORM. NORM may affix or attach itself to the inside of wells, materials, and equipment as scale, or in other forms. The wells, materials, and equipment located on the Properties or included in the Gulf Coast Assets may contain Hazardous Materials, including NORM. Hazardous Materials, including NORM, may have come in contact with various environmental media, including without limitation, water, soils or sediment. Special procedures may be required for the assessment, remediation, removal, transportation, or disposal of environmental media and Hazardous Materials, including NORM, from the Gulf Coast Assets.

## ARTICLE 4
### Miscellaneous

Gulf Coast Assets                                          4

COB: 628136; Page: 4; Filed: 5/14/2007 1:00:00AM [jeffersondavis: ]

**813**

**Section 4.1.** <u>Further Assurances</u>: After Closing, without further consideration, Grantor and Grantee each agrees to take such further actions and to execute, acknowledge and deliver all such further documents as are reasonably requested by the other party for carrying out the purposes of this Conveyance or of any document delivered pursuant to this Conveyance.

**Section 4.2.** <u>Conveyance Subject to Purchase and Sale Agreement</u>: This Conveyance is expressly subject to the terms and conditions of that certain unrecorded Purchase and Sale Agreement by and among Grantor and EXCO Resources, Inc. dated February 1, 2007 (as amended, the "Purchase and Sale Agreement"). If there is a conflict between the terms of this Conveyance and the Purchase and Sale Agreement, the terms of the Purchase and Sale Agreement shall control.

**Section 4.3.** <u>Successors and Assigns</u>: This Conveyance shall bind and inure to the benefit of the parties hereto and their respective successors and permitted assigns.

**Section 4.4.** <u>Titles and Captions</u>: All article or section titles or captions in this Conveyance are for convenience only, shall not be deemed part of this Conveyance and in no way define, limit, extend, or describe the scope or intent of any provisions hereof. Except to the extent otherwise stated in this Conveyance, references to "Articles" and "Sections" are to Articles and Sections of this Conveyance, and references to "Exhibits" are to Exhibits attached to this Conveyance, which are made parts hereof for all purposes.

**Section 4.5.** <u>Filings</u>. As a matter of convenience and not as a limitation to the Gulf Coast Assets transferred by this Conveyance, the parties hereto may file counterparts of this Conveyance that only include the descriptions of those Gulf Coast Assets that are located in the County or Parish where such Conveyance is filed. A fully-executed original of this Conveyance (including the descriptions of all Gulf Coast Assets transferred by this Conveyance) shall be maintained at the offices of Grantee.

**Section 4.6.** <u>Government Assignments</u>. Separate assignments may be executed on forms approved by Governmental Bodies in sufficient counterparts to satisfy applicable statutory and regulatory requirements. Those assignments shall be deemed to contain the special warranty of title of Grantor and all of the exceptions, reservations, rights, titles, powers and privileges set forth herein as fully as though they were set forth in each such assignment. In the event of any conflict between the terms of this Conveyance and such other assignments, the terms of this Conveyance shall govern and control.

**Section 4.7.** <u>Governing Law</u>: This Conveyance and the rights of the parties hereunder shall be governed by, and construed in accordance with, the laws of the State of Texas without regard to principles of conflicts of laws otherwise applicable to such determinations.

**Section 4.8.** <u>Counterparts</u>: This Conveyance may be executed in any number of counterparts, and by different parties in separate counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all such counterparts shall constitute but one instrument.

[Signature Page Follows]

COB: 628136; Page: 5; Filed: 5/14/2007 1:00:00AM [jeffersondavis: ]

314

EXECUTED on the date first written above.

**Grantor:**

**WITNESSES:**

**ANADARKO PETROLEUM  CORPORATION**

By: _____
    Albert L. Richey
    Vice President, Corporate Development

**ANADARKO E&P COMPANY LP**

By: _____
    Albert L. Richey
    Vice President, Corporate Development

**HOWELL PETROLEUM CORPORATION**

By: _____
    Albert L. Richey
    Vice President, Corporate Development

**KERR-MCGEE OIL & GAS ONSHORE LP**

By: _____
    Albert L. Richey
    Vice President

**Grantee:**

**SOUTHERN G HOLDINGS, LLC**

By: _____
    R. L. Hodges
    Vice President – Land

COB: 628136, Page: 6, Filed: 5/14/2007 1:00:00AM  [jeffersondavis: ]

Gulf Coast Assets

6

315

STATE OF TEXAS                    §
                                 §
COUNTY OF HARRIS                 §

     Be it known, that on this 2nd day of May, 2007, before me, the undersigned authority, personally came and appeared R. L. Hodges, Vice President – Land, of Southern G Holdings, LLC, a Delaware limited liability company, to me personally known (or satisfactorily proven) and known by me to be the person whose genuine signature is affixed to the foregoing document, who signed said document before me and in the presence of the two witnesses whose names are thereto subscribed as such, being competent witnesses, and who acknowledged, in my presence and in the presence of said witnesses, that he signed the above and foregoing document as his own free act and deed and for the uses and purposes stated therein, and as the act and deed of said company.

     In witness whereof, the said appearer has signed there presents and I have hereunto affixed my hand and seal, together with the said witnesses on the day and first above written.

(SEAL)



                                  _____
                                    Notary Public in and for
                                    the State of Texas

                                    _____
                                    (Printed Name of Notary)
                                    My commission expires: _____

STATE OF TEXAS                    §
                                 §
COUNTY OF HARRIS                 §

     Be it known, that on this 2nd day of May, 2007, before me, the undersigned authority, personally came and appeared Albert L. Richey, Vice President, Corporate Development, of Anadarko E&P Company LP, a Delaware limited partnership, to me personally known (or satisfactorily proven) and known by me to be the person whose genuine signature is affixed to the foregoing document, who signed said document before me and in the presence of the two witnesses whose names are thereto subscribed as such, being competent witnesses, and who acknowledged, in my presence and in the presence of said witnesses, that he signed the above and foregoing document as his own free act and deed and for the uses and purposes stated therein, and as the act and deed of said limited partnership.

     In witness whereof, the said appearer has signed there presents and I have hereunto affixed my hand and seal, together with the said witnesses on the day and first above written.

(SEAL)



                                    _____
                                    Notary Public in and for
                                    the State of Texas

                                    _____
                                      (Printed Name of Notary)
                                      My commission expires: _____

COB: 628136; Page: 7; Filed: 5/14/2007 1:00:00AM [jeffersondavis: ]

016

STATE OF TEXAS                    §
                                  §
COUNTY OF HARRIS                  §

    Be it known, that on this 2nd day of May, 2007, before me, the undersigned authority, personally came and appeared Albert L. Richey, Vice President, Corporate Development, of Anadarko Petroleum Corporation, a Delaware corporation, to me personally known (or satisfactorily proven) and known by me to be the person whose genuine signature is affixed to the foregoing document, who signed said document before me and in the presence of the two witnesses whose names are thereto subscribed as such, being competent witnesses, and who acknowledged, in my presence and in the presence of said witnesses, that he signed the above and foregoing document as his own free act and deed and for the uses and purposes stated therein, and as the act and deed of said corporation.

    In witness whereof, the said appearer has signed there presents and I have hereunto affixed my hand and seal, together with the said witnesses on the day and first above written.

(SEAL)



    MICHAEL W. MORGAN
    Notary Public, State of Texas
    My Commission Expires 09-22-2009

Notary Public in and for
the State of Texas
_____
(Printed Name of Notary)
My commission expires: _____

STATE OF TEXAS                    §
                                  §
COUNTY OF HARRIS                  §

    Be it known, that on this 2nd day of May, 2007, before me, the undersigned authority, personally came and appeared Albert L. Richey, Vice President, Corporate Development, of Howell Petroleum Corporation, a Delaware corporation, to me personally known (or satisfactorily proven) and known by me to be the person whose genuine signature is affixed to the foregoing document, who signed said document before me and in the presence of the two witnesses whose names are thereto subscribed as such, being competent witnesses, and who acknowledged, in my presence and in the presence of said witnesses, that he signed the above and foregoing document as his own free act and deed and for the uses and purposes stated therein, and as the act and deed of said corporation.

    In witness whereof, the said appearer has signed there presents and I have hereunto affixed my hand and seal, together with the said witnesses on the day and first above written.

(SEAL)



    MICHAEL W. MORGAN
    Notary Public, State of Texas
    My Commission Expires 09-22-2009

Notary Public in and for
the State of Texas
_____
(Printed Name of Notary)
My commission expires: _____

COB: 628136; Page: 8; Filed: 5/14/2007 1:00:00AM [jeffersondavis: ]

Gulf Coast Assets                                    8

317

STATE OF TEXAS                    §
                                 §
COUNTY OF HARRIS                 §

    Be it known, that on this 2nd day of May, 2007, before me, the undersigned authority, personally came and appeared Albert L. Richey, Vice President of Kerr-McGee Oil & Gas Onshore LP, a Delaware limited partnership, to me personally known (or satisfactorily proven) and known by me to be the person whose genuine signature is affixed to the foregoing document, who signed said document before me and in the presence of the two witnesses whose names are thereto subscribed as such, being competent witnesses, and who acknowledged, in my presence and in the presence of said witnesses, that he signed the above and foregoing document as his own free act and deed and for the uses and purposes stated therein, and as the act and deed of said limited partnership.

    In witness whereof, the said appearer has signed there presents and I have hereunto affixed my hand and seal, together with the said witnesses on the day and first above written.

(SEAL)



    MICHAEL W. MORGAN
    Notary Public, State of Texas
    My Commission Expires 09-22-2009

Michael W. Morgan
_____
Notary Public in and for
the State of Texas

_____
(Printed Name of Notary)
My commission expires: _____

COB: 628136; Page: 9; Filed: 5/14/2007 1:00:00AM [jeffersondavis:]

EXHIBIT "A"
Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 784638 | 000 | ADAMS, LOUIS HARVEY ET AL | ASPECT ENERGY LLC | LA | JEFFERSON DAVIS | 30-Jan-04 | JEFFERSON DAVIS, LA: BOOK#: 613 PAGE#: 854 RECEPTION#: 603968 | NON-DESCRIPTIVE STATE |
| 784717 | 001 | ERWIN HEIRS INC | ASPECT RESOURCES LLC | LA | JEFFERSON DAVIS | 1-Jul-04 | JEFFERSON DAVIS, LA: BOOK#: 900 PAGE#: 797 RECEPTION#: 607130 DESC: DECLARATION OF OGAM LSE | NON-DESCRIPTIVE STATE |
| 784717 | 002 | BARR, THOMAS IV | ASPECT RESOURCES LLC | LA | JEFFERSON DAVIS | 1-Jul-04 | JEFFERSON DAVIS, LA: BOOK#: 900 PAGE#: 805 RECEPTION#: 607134 DESC: DECLARATION OF OGAM LSE | NON-DESCRIPTIVE STATE |
| 784717 | 003 | BARR, CAMERON BOYD | ASPECT RESOURCES LLC | LA | JEFFERSON DAVIS | 1-Jul-04 | JEFFERSON DAVIS, LA: BOOK#: 900 PAGE#: 807 RECEPTION#: 607135 DESC: DECLARATION OF OGAM LSE | NON-DESCRIPTIVE STATE |
| 784761 | 000 | QUATRE MINERAL, LLC | ORX RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Feb-04 | JEFFERSON DAVIS, LA: BOOK#: 903 PAGE#: 425 RECEPTION#: 602742 | NON-DESCRIPTIVE STATE |
| 868032 | 000 | GODWIN, W. E., JR. | SOUTHTECH EXPLORATION, L.L.C. | LA | JEFFERSON DAVIS | 15-May-87 | JEFFERSON DAVIS, LA: BOOK#: 637 PAGE#: 540 RECEPTION#: 542764 | NON-DESCRIPTIVE STATE |
| 868033 | 000 | PELOQUIN AUSTIN, JR.  ET AL | POGO PRODUCING COMPANY | LA | JEFFERSON DAVIS | 15-May-97 | JEFFERSON DAVIS, LA: BOOK#: 422 PAGE#: 138 RECEPTION#: 543410 | NON-DESCRIPTIVE STATE |
| 868036 | 000 | HUNDLEY, DORIS REEVES | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 29-Dec-97 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 647 RECEPTION#: 550666 | NON-DESCRIPTIVE STATE |
| 868038 | 001 | REEVES, LUCY B | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 29-Dec-97 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 637 RECEPTION#: 550854 | NON-DESCRIPTIVE STATE |
| 868038 | 002 | REEVES, THELMA B. | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 29-Dec-97 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 627 RECEPTION#: 550652 | NON-DESCRIPTIVE STATE |
| 868038 | 003 | SONNIER, DOROTHY REEVES | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 29-Dec-97 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 642 RECEPTION#: 550663 | NON-DESCRIPTIVE STATE |
| 868038 | 004 | REEVES, ALMON | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 29-Dec-97 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 632 RECEPTION#: 550663 | NON-DESCRIPTIVE STATE |
| 868038 | 006 | REEVES, RUTH B. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Feb-98 | JEFFERSON DAVIS, LA: BOOK#: 860 PAGE#: 375 RECEPTION#: 551584 | NON-DESCRIPTIVE STATE |
| 868038 | 000 | MILURON, ELLA RAY BUSBY ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 27-Dec-97 | JEFFERSON DAVIS, LA: BOOK#: 856 PAGE#: 479 RECEPTION#: 549853 | NON-DESCRIPTIVE STATE |
| 868039 | 000 | GOLDSMITH, ROBERT M, IND & AS AGT&AIF | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 26-Jan-98 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 914 RECEPTION#: 550077 | NON-DESCRIPTIVE STATE |
| 868042 | 000 | DEROUEN, WINNIE B. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 2-Feb-98 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 603 RECEPTION#: 550653 | NON-DESCRIPTIVE STATE |
| 868042 | 001 | GILLARD, EVANS JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 12-May-99 | JEFFERSON DAVIS, LA: BOOK#: 864 PAGE#: 596 RECEPTION#: 553186 | NON-DESCRIPTIVE STATE |
| 868042 | 002 | LEGER, SIDNEY LEE ET UX | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 12-May-99 | JEFFERSON DAVIS, LA: BOOK#: 864 PAGE#: 501 RECEPTION#: 553167 | NON-DESCRIPTIVE STATE |
| 868043 | 000 | REEVES, OVIE R., ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 29-Jan-98 | JEFFERSON DAVIS, LA: BOOK#: 857 PAGE#: 448 RECEPTION#: 550342 | NON-DESCRIPTIVE STATE |
| 868043 | 001 | REEVES, NEWTON ET UX THELMA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 12-May-99 | JEFFERSON DAVIS, LA: BOOK#: 864 PAGE#: 587 RECEPTION#: 553184 | NON-DESCRIPTIVE STATE |
| 868044 | 000 | LORMAND, WILLIE COMPANY, ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 19-Feb-98 | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 608 RECEPTION#: 550854 | NON-DESCRIPTIVE STATE |
| 868053 | 000 | HAYES LUMBER COMPANY, INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 27-Feb-08 | O&QL AND LTD ROYALTY DEED | JEFFERSON DAVIS, LA: BOOK#: 858 PAGE#: 558 RECEPTION#: 551289 DESC: | NON-DESCRIPTIVE STATE |
| 868056 | 000 | REEVES, ROY | JACK W. GRIGSBY | LA | JEFFERSON DAVIS | 21-Jan-75 | JEFFERSON DAVIS, LA: BOOK#: 408 PAGE#: 484 RECEPTION#: 388851 DESC: COUNTERPART 1 JEFFERSON DAVIS, LA: BOOK#: 406 PAGE#: 458 | NON-DESCRIPTIVE STATE |
| 868058 | 001 | PARKER, EDWARD LEE, ET AL | JACK W. GRIGSBY | LA | JEFFERSON DAVIS | 16-Jan-75 | RECEPTION#: 388848 DESC: COUNTERPART 2 JEFFERSON DAVIS, LA: BOOK#: 406 PAGE#: 484 RECEPTION#: 388647 DESC: COUNTERPART 1 JEFFERSON DAVIS, LA: BOOK#: 406 PAGE#: 479 RECEPTION#: 388650 DESC: COUNTERPART 2 JEFFERSON DAVIS, LA: BOOK#: 406 PAGE#: 474 RECEPTION#: 388649 DESC: COUNTERPART 3; | NON-DESCRIPTIVE STATE |
| 868059 | 000 | FRANKLIN, PEARL C. JONES ET AL | JACK W. GRIGSBY | LA | JEFFERSON DAVIS | 20-Jan-75 | JEFFERSON | NON-DESCRIPTIVE STATE |
| 868060 | 000 | POWELL LUMBER COMPANY | JACK W. GRIGSBY | LA | JEFFERSON DAVIS | 22-Jan-75 | JEFFERSON DAVIS, LA: BOOK#: 406 PAGE#: 488 RECEPTION#: 386652 | NON-DESCRIPTIVE STATE |

818

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale by and among

ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor

and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 668063 | 000 | BEARD, THE AMELIA STOUT ESTATE TRUST | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 2-Mar-00 | JEFFERSON DAVIS, LA; BOOK# 860 PAGE# 171 RECEPTION#: 551486 | NON-DESCRIPTIVE STATE |
| 668064 | 000 | ERWIN HEIRS, INC. ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 24-Feb-00 | JEFFERSON DAVIS, LA; BOOK# 860 PAGE# 176 RECEPTION#: 551487 | NON-DESCRIPTIVE STATE |
| 668072 | 000 | CORMIER, RODNEY JOSEPH ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 13-Apr-99 | JEFFERSON DAVIS, LA; BOOK# 802 PAGE# 584 RECEPTION#: 552378 | NON-DESCRIPTIVE STATE |
| 668073 | 000 | REEVES, CLIFTON DAVID ET UX EMMA LEE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 14-Apr-99 | JEFFERSON DAVIS, LA; BOOK# 802 PAGE# 569 RECEPTION#: 552375 | NON-DESCRIPTIVE STATE |
| 668074 | 000 | REEVES, RUTH BUSBY | DDD ENERGY, INC., ET AL | LA | JEFFERSON DAVIS | 14-Apr-99 | JEFFERSON DAVIS, LA; BOOK# 802 PAGE# 554 RECEPTION#: 552372 DESC: JEFFERSON DAVIS, LA; BOOK# 918 PAGE# 687 RECEPTION#: 581383 | NON-DESCRIPTIVE STATE |
| 668075 | 000 | REEVES, WAYNE ET UX BETTY ANN | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 14-Apr-99 | JEFFERSON DAVIS, LA; BOOK# 802 PAGE# 574 RECEPTION#: 552376 | NON-DESCRIPTIVE STATE |
| 668076 | 000 | REEVES, WAYNE | HS RESOURCES, INC. ET AL | LA | JEFFERSON DAVIS | 16-Apr-99 | JEFFERSON DAVIS, LA; BOOK# 802 PAGE# 579 RECEPTION#: 552377 | NON-DESCRIPTIVE STATE |
| 668092 | 000 | REEVES, L J ET UX ALETA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 12-May-99 | JEFFERSON DAVIS, LA; BOOK# 864 PAGE# 583 RECEPTION#: 553163 | NON-DESCRIPTIVE STATE |
| 668093 | 000 | CORMIER, RICKY J ET UX FERNA MAE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 12-May-99 | JEFFERSON DAVIS, LA; BOOK# 864 PAGE# 574 RECEPTION#: 553161 | NON-DESCRIPTIVE STATE |
| 668094 | 000 | GILLARD, EVANS JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 12-May-99 | JEFFERSON DAVIS, LA; BOOK# 864 PAGE# 592 RECEPTION#: 553165 | NON-DESCRIPTIVE STATE |
| 668117 | 000 | BELLON, MARTIN NEAL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 370 RECEPTION#: 558884 | NON-DESCRIPTIVE STATE |
| 668118 | 000 | BELLON, ROBERT WAYNE ET UX MARY | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 358 RECEPTION#: 558881 | NON-DESCRIPTIVE STATE |
| 668124 | 000 | LYLES, WILLIAM T | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 18-Sep-98 | JEFFERSON DAVIS, LA; BOOK# 874 PAGE# 111 RECEPTION#: 557281 | NON-DESCRIPTIVE STATE |
| 668125 | 000 | WHITBECK, MARISSA JILL ADAMS, ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 26-Aug-98 | JEFFERSON DAVIS, LA; BOOK# 869 PAGE# 877 RECEPTION#: 555755 | NON-DESCRIPTIVE STATE |
| 668125 | 001 | HANKS, JACOB W. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 28-Aug-98 | JEFFERSON DAVIS, LA; BOOK# 871 PAGE# 297 RECEPTION#: 556122 JEFFERSON DAVIS, LA; BOOK# 874 PAGE# 589 RECEPTION#: 557455 DESC: | NON-DESCRIPTIVE STATE |
| 668138 | 000 | HAYES LUMBER COMPANY, INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 2-Nov-98 | O&GL AND LTD ROYALTY DEED JEFFERSON DAVIS, LA; BOOK# 878 PAGE# 577 RECEPTION#: 559027 DESC: | NON-DESCRIPTIVE STATE |
| 668142 | 000 | WALKER LOUISIANA PROPERTIES, ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 16-Nov-98 | DECLARATION OF OIL & GAS LEASE | NON-DESCRIPTIVE STATE |
| 668143 | 000 | MCCOWN, KENNETH W. ET UX RAMONA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 4-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 349 RECEPTION#: 558659 | NON-DESCRIPTIVE STATE |
| 668144 | 000 | SAVANT, EURIC, JR. ET UX LILLIE BELLON | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 11-Jan-99 | JEFFERSON DAVIS, LA; BOOK# 879 PAGE# 435 RECEPTION#: 560190 ; | NON-DESCRIPTIVE STATE |
| 668145 | 000 | SAVANT, KEITH | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 11-Jan-99 | JEFFERSON DAVIS, LA; BOOK# 878 PAGE# 360 RECEPTION#: 558543 | NON-DESCRIPTIVE STATE |
| 668146 | 000 | COOPER, DONNIE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 11-Jan-99 | JEFFERSON DAVIS, LA; BOOK# 878 PAGE# 384 RECEPTION#: 559544 | NON-DESCRIPTIVE STATE |
| 668147 | 000 | BELLON, LEONA VIRGIE FONTENOT , ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 353 RECEPTION#: 558880 ; | NON-DESCRIPTIVE STATE |
| 668148 | 000 | BELLON, RENE ET UX JOYCE MARIE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 362 RECEPTION#: 558652 | NON-DESCRIPTIVE STATE |
| 668149 | 000 | BELLON, RENE J., JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 366 RECEPTION#: 558653 | NON-DESCRIPTIVE STATE |
| 668150 | 000 | DOUGET, LARRY DEAN, ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 378 RECEPTION#: 558888 | NON-DESCRIPTIVE STATE |
| 668151 | 000 | B H TIMBER, INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 7-Jan-99 | JEFFERSON DAVIS, LA; BOOK# 879 PAGE# 82 RECEPTION#: 559970 | NON-DESCRIPTIVE STATE |
| 668153 | 000 | WARREN, CRAIG WILLIAM ET UX CECILIA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 28-Dec-98 | JEFFERSON DAVIS, LA; BOOK# 877 PAGE# 780 RECEPTION#: 559170 | NON-DESCRIPTIVE STATE |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| EXHIBIT "A" | | | | | | | |
| Attached to and made a part of that certain Assignment and Bill of Sale by and among | | | | | | | |
| ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor | | | | | | | |
| and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007 | | | | | | | |
| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 868154 | 000 | RAMSEY, EDDIE JUNIOR ET UX JOYCE ANN | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 4-Jan-99 | JEFFERSON DAVIS, LA: BOOK#: 877 PAGE#: 784 RECEPTION#: 550177 | NON-DESCRIPTIVE STATE |
| 868154 | 001 | MOORE, DAVID GLEN ET UX LESLIE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Jan-99 | JEFFERSON DAVIS, LA: BOOK#: 878 PAGE#: 124 RECEPTION#: 556382 | NON-DESCRIPTIVE STATE |
| 868156 | 000 | BEBEE, RANDY C. ET UX HELEN | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 29-Dec-98 | JEFFERSON DAVIS, LA: BOOK#: 377 PAGE#: 309 RECEPTION#: 558868 : | NON-DESCRIPTIVE STATE |
| 868157 | 000 | BEBEE, CARL OTIS, SR ET UX KATHERINE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 29-Dec-98 | JEFFERSON DAVIS, LA: BOOK#: 385 PAGE#: 385 RECEPTION#: 558887 | NON-DESCRIPTIVE STATE |
| 868158 | 000 | LACOMBE, JOHNNY DAVID ET UX | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 18-Dec-98 | JEFFERSON DAVIS, LA: BOOK#: 388 PAGE#: 374 RECEPTION#: 558665 | NON-DESCRIPTIVE STATE |
| 868162 | 000 | FOLLEY, JOHN D. ET UX KARINE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 18-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 880 PAGE#: 905 RECEPTION#: 560977 | NON-DESCRIPTIVE STATE |
| 868163 | 000 | LEVINGSTON, DAVID L. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 2-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 878 PAGE#: 897 RECEPTION#: 559884 | NON-DESCRIPTIVE STATE |
| 868163 | 001 | SPANO, DON E ETUX REBECCA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 2-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 878 PAGE#: 879 RECEPTION#: 559888 | NON-DESCRIPTIVE STATE |
| 868163 | 002 | CALDARERA, PETER, JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 8-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 879 PAGE#: 883 RECEPTION#: 559869 | NON-DESCRIPTIVE STATE |
| 868163 | 003 | HILL, REBECCA BUTTS | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 8-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 879 PAGE#: 126 RECEPTION#: 559992 | NON-DESCRIPTIVE STATE |
| 868163 | 004 | BARRY, RICHARD J., M.D. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 15-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 878 PAGE#: 875 RECEPTION#: 559887 | NON-DESCRIPTIVE STATE |
| 868163 | 005 | CLARK, WILLIAM W. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 10-Feb-99 | JEFFERSON DAVIS, LA: BOOK#: 878 PAGE#: 369 RECEPTION#: 560148 | NON-DESCRIPTIVE STATE |
| 868164 | 000 | KING CORPORATION | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Mar-99 | JEFFERSON DAVIS, LA: BOOK#: 880 PAGE#: 499 RECEPTION#: 560709 DESC: OAGL & LTD ROYALTY DEED | NON-DESCRIPTIVE STATE |
| 868165 | 000 | HAYES LUMBER COMPANY, INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-Apr-99 | JEFFERSON DAVIS, LA: BOOK#: 881 PAGE#: 626 RECEPTION#: 561306 | NON-DESCRIPTIVE STATE |
| 868166 | 000 | RICE ACRES, INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 23-Apr-99 | JEFFERSON DAVIS, LA: BOOK#: 881 PAGE#: 747 RECEPTION#: 561509 | NON-DESCRIPTIVE STATE |
| 868168 | 000 | PWK TIMBERLAND CORPORATION | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 16-Mar-99 | JEFFERSON DAVIS, LA: BOOK#: 880 PAGE#: 741 RECEPTION#: 560841 DESC: OAGL AND LTD ROYALTY DEED | NON-DESCRIPTIVE STATE |
| 868170 | 000 | FAY, ALBERT B., JR., ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 30-Mar-99 | JEFFERSON DAVIS, LA: BOOK#: 319 RECEPTION#: 562396 | NON-DESCRIPTIVE STATE |
| 868171 | 000 | SHADDOCK, WILLIAM E. - 1991 PARTNERSHIP | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Jul-99 | JEFFERSON DAVIS, LA: BOOK#: 887 PAGE#: 880 RECEPTION#: 564998 | NON-DESCRIPTIVE STATE |
| 868171 | 001 | VERRET, MERLIN J. & BETTY G. VERRET | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Oct-99 | JEFFERSON DAVIS, LA: BOOK#: 869 PAGE#: 182 RECEPTION#: 565572 | NON-DESCRIPTIVE STATE |
| 868172 | 000 | RUFFIER, JOAN DIAL ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 537 RECEPTION#: 562507 | NON-DESCRIPTIVE STATE |
| 868172 | 001 | TOW, BARBARA FREEMAN | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 533 RECEPTION#: 562506 | NON-DESCRIPTIVE STATE |
| 868172 | 002 | FREEMAN, G. CHESTER, JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 521 RECEPTION#: 562503 | NON-DESCRIPTIVE STATE |
| 868172 | 003 | PONCIA, RAYMOND JEROME, JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 525 RECEPTION#: 562504 | NON-DESCRIPTIVE STATE |
| 868172 | 004 | TROUT, CLAIRE PONCIA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 529 RECEPTION#: 562505 | NON-DESCRIPTIVE STATE |
| 868172 | 005 | SITZES, CATHERINE HUGGINS | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 541 RECEPTION#: 562508 | NON-DESCRIPTIVE STATE |
| 868172 | 006 | HUGGINS, ZAMA ELIZABETH | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 833 RECEPTION#: 562732 | NON-DESCRIPTIVE STATE |
| 868172 | 007 | ANDERSON, STEPHANIE HUGGINS | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 21-May-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 829 RECEPTION#: 562731 | NON-DESCRIPTIVE STATE |
| 868172 | 008 | WENGER, HOLLY HUGGINS | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Jun-99 | JEFFERSON DAVIS, LA: BOOK#: 884 PAGE#: 75 RECEPTION#: 562855 | NON-DESCRIPTIVE STATE |

S20

EXHIBIT "A"
Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 858172 | 009 | HUGGINS, IVY J. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Jun-99 | JEFFERSON DAVIS, LA: BOOK# 884 PAGE#: 643 RECEPTION#: 563231 | NON-DESCRIPTIVE STATE |
| 858172 | 010 | HUGGINS, JOY F. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Jun-99 | JEFFERSON DAVIS, LA: BOOK# 884 PAGE#: 639 RECEPTION#: 563230 | NON-DESCRIPTIVE STATE |
| 858172 | 011 | HUGGINS, ARTHUR E., JR. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Jun-99 | JEFFERSON DAVIS, LA: BOOK# 884 PAGE#: 647 RECEPTION#: 563232 | NON-DESCRIPTIVE STATE |
| 858185 | 001 | WINTERS, OSCAR | HUNT OIL COMPANY | LA | JEFFERSON DAVIS | 18-Jul-00 | JEFFERSON DAVIS, LA: BOOK# 902 PAGE#: 488 RECEPTION#: 573393 | NON-DESCRIPTIVE STATE |
| 858185 | 000 | ADAMS, STEWART LEE | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 27-Sep-99 | JEFFERSON DAVIS, LA: BOOK# 889 PAGE#: 193 RECEPTION#: 565573 | NON-DESCRIPTIVE STATE |
| 858196 | 000 | RICE ACRES, INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Nov-99 | JEFFERSON DAVIS, LA: BOOK# 890 PAGE#: 96 RECEPTION#: 565957 | NON-DESCRIPTIVE STATE |
| 858196 | 000 | KING CORPORATION | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 23-Nov-99 | JEFFERSON DAVIS, LA: BOOK# 891 PAGE#: 887 RECEPTION#: 566719 DESC: O&GL AND LTD ROYALTY DEED | NON-DESCRIPTIVE STATE |
| 858218 | 000 | KING MINERALS, L. L. C. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 15-Jun-00 | JEFFERSON DAVIS, LA: BOOK# 915 PAGE#: 741 RECEPTION#: 580743 DESC: MEMORANDUM | NON-DESCRIPTIVE STATE |
| 858229 | 000 | GEORGE KARAM FAMILY PROPERTIES, LLC | KERR-MCGEE ROCKY MOUNTAIN CORPORATION | LA | JEFFERSON DAVIS | 11-Sep-01 | JEFFERSON DAVIS, LA: BOOK# 919 PAGE#: 941 RECEPTION#: 582704 | NON-DESCRIPTIVE STATE |
| 858285 | 000 | KRATZER, JAMES ET UX CAROLYN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 7-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 868 PAGE#: 640 RECEPTION#: 555187 | NON-DESCRIPTIVE STATE |
| 858288 | 000 | THOMAS, HELEN HUNTER, ET AL | ST. MARY LAND AND EXPLORATION CO | LA | JEFFERSON DAVIS | 27-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 867 PAGE#: 784 RECEPTION#: 554624 | NON-DESCRIPTIVE STATE |
| 858289 | 000 | TRAHAN, DAVID MICHAEL ET UX | ST. MARY LAND AND EXPLORATION CO | LA | JEFFERSON DAVIS | 30-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 868 PAGE#: 103 RECEPTION#: 555002 | NON-DESCRIPTIVE STATE |
| 858290 | 000 | KRATZER, JAMES NOLAN ET UX | ST MARY LAND AND EXPLORATION CO | LA | JEFFERSON DAVIS | 30-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 867 PAGE#: 495 RECEPTION#: 555102 | NON-DESCRIPTIVE STATE |
| 858291 | 000 | MORVANT, CIVIRILLIAN JR ET UX | ST MARY LAND AND EXPLORATION CO | LA | JEFFERSON DAVIS | 31-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 868 PAGE#: 197 RECEPTION#: 555003 | NON-DESCRIPTIVE STATE |
| 858292 | 000 | PRUIT, JIMMY GLEN, ET UX | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 5-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 869 PAGE#: 582 RECEPTION#: 555838 | NON-DESCRIPTIVE STATE |
| 858293 | 005 | DEVILBISS, ALAN JEROME | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 28-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 870 PAGE#: 34 RECEPTION#: 555788 | NON-DESCRIPTIVE STATE |
| 858293 | 006 | BUTCHER, RUTH LCREME DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 873 PAGE#: 274 RECEPTION#: 556881 | NON-DESCRIPTIVE STATE |
| 858293 | 001 | TATE, MONA LYNN DEVILBISS ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 22-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 870 PAGE#: 97 RECEPTION#: 555798 | NON-DESCRIPTIVE STATE |
| 858293 | 002 | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE#: 178 RECEPTION#: 556424 | NON-DESCRIPTIVE STATE |
| 858293 | 003 | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 869 PAGE#: 834 RECEPTION#: 555776 DESC: JEFFERSON DAVIS, LA: BOOK# 870 PAGE#: 2 RECEPTION#: 555780 DESC: OIL, GAS AND MINERAL LEASE JEFFERSON DAVIS, LA: BOOK# 870 PAGE#: 8 | NON-DESCRIPTIVE STATE |
| 858293 | 004 | DEVILBISS, CECIL F ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | RECEPTION#: 555781 | NON-DESCRIPTIVE STATE |
| 858293 | 008 | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 870 PAGE#: 55 RECEPTION#: 555790 | NON-DESCRIPTIVE STATE |
| 858293 | 007 | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 870 PAGE#: 76 RECEPTION#: 555794 | NON-DESCRIPTIVE STATE |
| 858293 | 008 | BELL, ALVEY | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 23-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE#: 178 RECEPTION#: 556424 | NON-DESCRIPTIVE STATE |
| 858293 | 009 | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE#: 17 RECEPTION#: 556393 | NON-DESCRIPTIVE STATE |
| 858293 | 010 | SANCHEZ, HARRIETTIE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE#: 120 RECEPTION#: 556413 | NON-DESCRIPTIVE STATE |
| 858293 | 011 | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE#: 297 RECEPTION#: 556499 | NON-DESCRIPTIVE STATE |

321

EXHIBIT "A"
Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 868293 | 012 | DEVILBISS, OLA MAE LEE ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 12-Aug-98 | JEFFERSON DAVIS, LA: BOOK#: 870 PAGE#: 123 RECEPTION#: 555603 | NON-DESCRIPTIVE STATE |
| 868293 | 013 | DEVILBISS, THOMAS ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 7-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 871 PAGE#: 198 RECEPTION#: 556077 | NON-DESCRIPTIVE STATE |
| 868293 | 014 | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA: BOOK#: 871 PAGE#: 337 RECEPTION#: 556129 | NON-DESCRIPTIVE STATE |
| 868293 | 015 | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 492 RECEPTION#: 556560 | NON-DESCRIPTIVE STATE |
| 868293 | 016 | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 874 PAGE#: 261 RECEPTION#: 557320 | NON-DESCRIPTIVE STATE |
| 868293 | 017 | DEVILBISS, MARK DAVID | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 873 PAGE#: 821 RECEPTION#: 557143 | NON-DESCRIPTIVE STATE |
| 868293 | 018 | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA: BOOK#: 873 PAGE#: 775 RECEPTION#: 557134 | NON-DESCRIPTIVE STATE |
| 868293 | 019 | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 28-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 874 PAGE#: 210 RECEPTION#: 557310 | NON-DESCRIPTIVE STATE |
| 868293 | 020 | DEVILBISS, JONI LYNN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 848 RECEPTION#: 556750 | NON-DESCRIPTIVE STATE |
| 868293 | 021 | DEVILBISS, JOHN HOWARD | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 759 RECEPTION#: 556733 | NON-DESCRIPTIVE STATE |
| 868293 | 022 | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 31-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 868 PAGE#: 264 RECEPTION#: 555012 | NON-DESCRIPTIVE STATE |
| 868293 | 023 | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 23-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 867 PAGE#: 843 RECEPTION#: 554840 | NON-DESCRIPTIVE STATE |
| 868293 | 024 | CAMPBELL, THOMAS G. ET UX | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 867 PAGE#: 743 RECEPTION#: 554820 | NON-DESCRIPTIVE STATE |
| 868293 | 025 | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 6-Aug-98 | JEFFERSON DAVIS, LA: BOOK#: 874 PAGE#: 948 RECEPTION#: 557656 | NON-DESCRIPTIVE STATE |
| 868293 | 026 | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 64 RECEPTION#: 556402 | NON-DESCRIPTIVE STATE |
| 868293 | 027 | BELL, MICHAEL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 3-Nov-99 | JEFFERSON DAVIS, LA: BOOK#: 890 PAGE#: 700 RECEPTION#: 568268 | NON-DESCRIPTIVE STATE |
| 868293 | 028 | REDLIN, REBECCA LYNN BELL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 3-Nov-99 | JEFFERSON DAVIS, LA: BOOK#: 891 PAGE#: 204 RECEPTION#: 568440 | NON-DESCRIPTIVE STATE |
| 868293 | 029 | SEIBERT, WILLIAM W. | KERR-MCGEE ROCKY MOUNTAIN CORP | LA | JEFFERSON DAVIS | 7-Apr-00 | JEFFERSON DAVIS, LA: BOOK#: 927 PAGE#: 173 RECEPTION#: 587771 | NON-DESCRIPTIVE STATE |
| 868294 | 000 | MCGOWAN WORKING PARTNERS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 30-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 873 PAGE#: 728 RECEPTION#: 557125 | NON-DESCRIPTIVE STATE |
| 868294 | 001 | BELL, ALVEY | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 23-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 187 RECEPTION#: 556422 | NON-DESCRIPTIVE STATE |
| 868294 | 002 | DEVILBISS, ALAN JEROME | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 28-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 589 RECEPTION#: 556285 | NON-DESCRIPTIVE STATE |
| 868294 | 003 | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 874 PAGE#: 292 RECEPTION#: 557326 | NON-DESCRIPTIVE STATE |
| 868294 | 004 | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 391 RECEPTION#: 556558 | NON-DESCRIPTIVE STATE |
| 868294 | 005 | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 871 PAGE#: 634 RECEPTION#: 556265 | NON-DESCRIPTIVE STATE |
| 868294 | 006 | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 28-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 874 PAGE#: 235 RECEPTION#: 557315 | NON-DESCRIPTIVE STATE |
| 868294 | 007 | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 871 PAGE#: 947 RECEPTION#: 556387 | NON-DESCRIPTIVE STATE |
| 868294 | 008 | TATE, MONA LYNN DEVILBISS ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 22-Jul-98 | JEFFERSON DAVIS, LA: BOOK#: 872 PAGE#: 722 RECEPTION#: 556726 | NON-DESCRIPTIVE STATE |
| 868294 | 009 | DEVILBISS, THOMAS E, ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 7-Sep-98 | JEFFERSON DAVIS, LA: BOOK#: 871 PAGE#: 182 RECEPTION#: 556074 | NON-DESCRIPTIVE STATE |

EXHIBIT "A"
Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 868294 | 010 | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 871 PAGE#: 130 RECEPTION#: 556084 | NON-DESCRIPTIVE STATE |
| 868294 | 011 | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 871 PAGE#: 151 RECEPTION#: 556058 | NON-DESCRIPTIVE STATE |
| 868294 | 012 | DEVILBISS, JOHN HOWARD | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 743 RECEPTION#: 556720 | NON-DESCRIPTIVE STATE |
| 868294 | 013 | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 871 PAGE#: 99 RECEPTION#: 556058 | NON-DESCRIPTIVE STATE |
| 868294 | 014 | SANCHEZ, MARRIETTE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 136 RECEPTION#: 556419 | NON-DESCRIPTIVE STATE |
| 868294 | 015 | DEVILBISS, OLA MAE LEE ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 12-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 870 PAGE#: 129 RECEPTION#: 555804 | NON-DESCRIPTIVE STATE |
| 868294 | 016 | DEVILBISS, MARK DAVID | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 873 PAGE#: 837 RECEPTION#: 557146 | NON-DESCRIPTIVE STATE |
| 868294 | 017 | DEVILBISS, JONI LYNN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 815 RECEPTION#: 556744 | NON-DESCRIPTIVE STATE |
| 868294 | 018 | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 873 PAGE#: 749 RECEPTION#: 557129 | NON-DESCRIPTIVE STATE |
| 868294 | 019 | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 871 PAGE#: 353 RECEPTION#: 556132 | NON-DESCRIPTIVE STATE |
| 868294 | 020 | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 286 RECEPTION#: 556497 | NON-DESCRIPTIVE STATE |
| 868294 | 021 | MORGAN, DONALD R. ET UX | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 21-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 867 PAGE#: 830 RECEPTION#: 554843 | NON-DESCRIPTIVE STATE |
| 868294 | 022 | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 31-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 868 PAGE#: 280 RECEPTION#: 555015 | NON-DESCRIPTIVE STATE |
| 868294 | 023 | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 23-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 867 PAGE#: 808 RECEPTION#: 554933 | NON-DESCRIPTIVE STATE |
| 868294 | 024 | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 8-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 875 PAGE#: 32 RECEPTION#: 557663 | NON-DESCRIPTIVE STATE |
| 868294 | 025 | BUTCHER, RUTH LORENE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 263 RECEPTION#: 556879 | NON-DESCRIPTIVE STATE |
| 868294 | 026 | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 48 RECEPTION#: 556399 | NON-DESCRIPTIVE STATE |
| 868295 | 020 | DEVILBISS, JONI LYNN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 810 RECEPTION#: 556743 | NON-DESCRIPTIVE STATE |
| 868295 | 000 | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 31-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 869 PAGE#: 283 RECEPTION#: 565016 | NON-DESCRIPTIVE STATE |
| 868295 | 001 | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 23-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 867 PAGE#: 849 RECEPTION#: 554941 | NON-DESCRIPTIVE STATE |
| 868295 | 002 | MORGAN, DONALD R. | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 21-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 867 PAGE#: 834 RECEPTION#: 554842 | NON-DESCRIPTIVE STATE |
| 868295 | 003 | BELL, ALVEY | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 23-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 869 PAGE#: 763 RECEPTION#: 556284 | NON-DESCRIPTIVE STATE |
| 868295 | 004 | DEVILBISS, ALAN JEROME | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 28-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 871 PAGE#: 584 RECEPTION#: 556284 | NON-DESCRIPTIVE STATE |
| 868295 | 005 | BUTCHER, RUTH LORENE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 269 RECEPTION#: 556882 | NON-DESCRIPTIVE STATE |
| 868295 | 006 | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 874 PAGE#: 277 RECEPTION#: 557323 | NON-DESCRIPTIVE STATE |
| 868295 | 007 | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA; BOOK#: 872 PAGE#: 433 RECEPTION#: 556566 | NON-DESCRIPTIVE STATE |
| 868295 | 008 | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 871 PAGE#: 640 RECEPTION#: 556298 | NON-DESCRIPTIVE STATE |
| 868295 | 009 | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 20-Jul-98 | JEFFERSON DAVIS, LA; BOOK#: 874 PAGE#: 190 RECEPTION#: 557306 | NON-DESCRIPTIVE STATE |

323

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 868295 | 010 | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 871 PAGE# 953 RECEPTION#: 555388 | NON-DESCRIPTIVE STATE |
| 868295 | 011 | TATE, MONA LYNN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 22-Jul-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 780 RECEPTION#: 550737 | NON-DESCRIPTIVE STATE |
| 868295 | 012 | DEVILBISS, THOMAS E. | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 7-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 871 PAGE# 188 RECEPTION#: 555075 | NON-DESCRIPTIVE STATE |
| 868295 | 013 | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 125 RECEPTION#: 558003 | NON-DESCRIPTIVE STATE |
| 868295 | 014 | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 871 PAGE# 187 RECEPTION#: 556071 | NON-DESCRIPTIVE STATE |
| 868295 | 015 | DEVILBISS, JOHN HOWARD | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 749 RECEPTION#: 558731 | NON-DESCRIPTIVE STATE |
| 868295 | 016 | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 2-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 871 PAGE# 94 RECEPTION#: 556057 | NON-DESCRIPTIVE STATE |
| 868295 | 017 | SANCHEZ, HARRIETTE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 131 RECEPTION#: 558415 | NON-DESCRIPTIVE STATE |
| 868295 | 018 | DEVILBISS, OLA MAE LEE | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 12-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 605 RECEPTION#: 556268 | NON-DESCRIPTIVE STATE |
| 868295 | 019 | DEVILBISS, MARK DAVID | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 30-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 873 PAGE# 632 RECEPTION#: 557145 | NON-DESCRIPTIVE STATE |
| 868295 | 021 | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 873 PAGE# 770 RECEPTION#: 557133 | NON-DESCRIPTIVE STATE |
| 868295 | 022 | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 27-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 871 PAGE# 348 RECEPTION#: 556131 | NON-DESCRIPTIVE STATE |
| 868295 | 023 | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 278 RECEPTION#: 558495 | NON-DESCRIPTIVE STATE |
| 868295 | 024 | FERGUSON, ROBERT LYNN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 17-Oct-98 | JEFFERSON DAVIS, LA: BOOK# 874 PAGE# 617 RECEPTION#: 557450 | NON-DESCRIPTIVE STATE |
| 868295 | 025 | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 6-Aug-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 17 RECEPTION#: 557660 | NON-DESCRIPTIVE STATE |
| 868295 | 026 | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION COMPANY | LA | JEFFERSON DAVIS | 11-Sep-98 | JEFFERSON DAVIS, LA: BOOK# 872 PAGE# 54 RECEPTION#: 556400 | NON-DESCRIPTIVE STATE |
| 868318 | 000 | TEXACO EXPLORATION & PRODUCTION INC. | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Aug-99 | JEFFERSON DAVIS, LA: BOOK# 888 PAGE# 332 RECEPTION#: 564361 DESC: MEMORANDUM | NON-DESCRIPTIVE STATE |
| 868319 | 000 | QUATRE MINERAL, LLC | HS RESOURCES, INC. | LA | | 28-Jan-99 | JEFFERSON DAVIS, LA: BOOK# 887 PAGE# 66 RECEPTION#: 412;406; ALLEN, LA: BOOK# 388 PAGE# 341 RECEPTION#: 401,437 | NON-DESCRIPTIVE STATE |
| 868321 | 000 | SECTION TWELVE, INC., ET AL | HS RESOURCES, INC., & ASPECT RESOURCES LL | LA | JEFFERSON DAVIS | 23-Aug-99 | JEFFERSON DAVIS, LA: BOOK# 887 PAGE# 890 RECEPTION#: 565000 DESC: OGAML - COUNTERPART 1 JEFFERSON DAVIS, LA: BOOK# 888 PAGE# 718 RECEPTION#: 565385 DESC: OGAML - COUNTERPART 2 JEFFERSON DAVIS, LA: BOOK# 890 PAGE# 55 RECEPTION#: 565552 DESC: OGAML - COUNTERPART 1 JEFFERSON DAVIS, LA: BOOK# 889 PAGE# 427 | NON-DESCRIPTIVE STATE |
| 868322 | 000 | SECTION TWELVE, INC., ET AL | HS RESOURCES, INC. & ASPECT RESOURCES LL | LA | JEFFERSON DAVIS | 23-Aug-99 | JEFFERSON DAVIS, LA: BOOK# 903 RECEPTION#: 565001 DESC: COUNTERPART 1 JEFFERSON DAVIS, LA: BOOK# 889 PAGE# 887 RECEPTION#: 565733 DESC: COUNTERPART 2 JEFFERSON DAVIS, LA: BOOK# 880 PAGE# 87 RECEPTION#: 565953 DESC: COUNTERPART 3 | NON-DESCRIPTIVE STATE |
| 868325 | 000 | QUATRE MINERAL, LLC | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 11-Oct-99 | JEFFERSON DAVIS, LA: BOOK# 891 PAGE# 911 RECEPTION#: 568770 | NON-DESCRIPTIVE STATE |
| 868309 | 000 | QUATRE MINERAL, LLC | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 1-Mar-01 | JEFFERSON DAVIS, LA: BOOK# 924 PAGE# 579 RECEPTION#: 585644 DESC: OIL AND GAS LEASE JEFFERSON DAVIS, LA: BOOK# 926 PAGE# 143 RECEPTION#: 586700 | NON-DESCRIPTIVE STATE |
| 868388 | 000 | COLLETTA, CAROLE  ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 28-Sep-99 | JEFFERSON DAVIS, LA: BOOK# 889 PAGE# 197 RECEPTION#: 565574 DESC: OIL, GAS AND MINERAL LEASE JEFFERSON DAVIS, LA: BOOK# 890 PAGE# 41 RECEPTION#: 565949 DESC: OIL, GAS AND MINERAL LEASE | NON-DESCRIPTIVE STATE |
| 868388 | 001 | JOSIL MILAZZO COLLETTA ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 28-Sep-99 | JEFFERSON DAVIS, LA: BOOK# 889 PAGE# 459 RECEPTION#: 565739 | NON-DESCRIPTIVE STATE |

E:\SOUTH G CLOSING DOCUMENTS\Exh A LEASE EXHIBIT COMBINED(V1.2).xls

COB: 628136; Page: 16; Filed: 5/14/2007 1:00:00AM
11 of 44

[jeffersondavis: ]

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale by and among

ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 868410 | RW0 | MCCOWN, KENNETH WADE ET UX | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 19-Oct-00 | JEFFERSON DAVIS, LA: BOOK#: 920 PAGE#: 946 RECEPTION#: 563348 DESC: EASEMENT AND RIGHT OF WAY | NON-DESCRIPTIVE STATE |
| 868439 | 000 | MCCOWN, KENNETH W ET UX | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 14-Apr-00 | JEFFERSON DAVIS, LA: BOOK#: 899 PAGE#: 15 RECEPTION#: 571349 | NON-DESCRIPTIVE STATE |
| 868440 | 000 | NATALI, INC. (J.A.T.K.Y.) ET AL | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 20-Jul-01 | JEFFERSON DAVIS, LA: BOOK#: 918 PAGE#: 381 RECEPTION#: 581210 | NON-DESCRIPTIVE STATE |
| 868459 | 000 | CAGLE, MARY BELL ROANE LAND TR | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 7-Aug-01 | JEFFERSON DAVIS, LA: BOOK#: 918 PAGE#: 858 RECEPTION#: 581514 | NON-DESCRIPTIVE STATE |
| 868460 | 000 | MCCOWN, KENNETH W ET UX RAMONA | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 4-Jun-99 | JEFFERSON DAVIS, LA: BOOK#: 883 PAGE#: 383 RECEPTION#: 562399 | NON-DESCRIPTIVE STATE |
| 868481 | 000 | MEYERS, HERBERT L & KATHERINE-LVG TR | HS RESOURCES, INC. | LA | JEFFERSON DAVIS | 22-Jun-01 | JEFFERSON DAVIS, LA: BOOK#: 918 PAGE#: 384 RECEPTION#: 581207 | NON-DESCRIPTIVE STATE |

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION , ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION AND KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| LEASE NUMBER | LEASE SUFFIX | LESSOR | LESSEE | STATE | COUNTY | LEASE DATE | RECORDING | LAND COVERED |
|---|---|---|---|---|---|---|---|---|
| 858230 | 000 | STATE OF LOUISIANA 17221 | CASH RIVER EXPLORATION, INC. | LA | JEFFERSON DAVIS | 17-Sep-01 | JEFFERSON DAVIS, LA: BOOK# 921 PAGE#: 673 RECEPTION#: 583042 | NON-DESCRIPTIVE STATE |
| 868184 | 000 | STATE OF LOUISIANA 18505 | CASH RIVER EXPLORATION, INC. | LA | JEFFERSON DAVIS | 16-Aug-99 | JEFFERSON DAVIS, LA: BOOK#: 888 PAGE#: 729 RECEPTION#: 565388 | NON-DESCRIPTIVE STATE |

326

EXHIBIT "A-1"
Attached to and made a part of that certain
Assignment and Bill of Sale
ANADARKO PETROLEUM CORPORATION, ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION and
KERR-McGEE OIL & GAS ONSHORE LP, as Grantor, and SOUTHERN G HOLDINGS, LLC, as Grantee
effective January 1, 2007

| KMG_CODE | SEQ# | AREA | LEASE | ST | COUNTY | REGULATORY_FIELD | API | ACCTNG_LSE_ID | BPD | | | APD | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | NRIO | NRIG | WII | NRIO | NRIG | WII |
| K001128 | | FENTON | ADAMS 31 #1:VUA | LA | JEFFERSON DAVIS | FENTON NORTH | 17053213600OS01 | 159561 | 0.000000 | 0.484375 | 0.625000 | 0.000000 | 0.484375 | 0.625000 |
| K001395 | | FENTON | BEL MINERAL LLC 22 #1 | LA | JEFFERSON DAVIS | TOPSY | 17053213940OS01 | 189978 | 0.280340 | 0.283340 | 0.375000 | 0.186920 | 0.186920 | 0.273330 |
| K001212 | | FENTON | DOUGET, L. ET AL #1 OIL (L HBY RA SUA) | LA | JEFFERSON DAVIS | INDIAN VILLAGE | 17053212470OS01 | 148577 | 0.378588 | 0.378588 | 0.497179 | 0.378586 | 0.378586 | 0.497179 |
| K000909 | | FENTON | DOUGET, L. ET AL #1D (U HBY RA SUB) (148731) | LA | JEFFERSON DAVIS | INDIAN VILLAGE | 17053212470OS02 | 148577 | 0.378588 | 0.378588 | 0.497179 | 0.378588 | 0.378588 | 0.497179 |
| K000895 | | FENTON | FOLLEY, J.D. #2 | LA | JEFFERSON DAVIS | FENTON WEST | 17053212590OS01 | 148558 | 0.321335 | 0.321335 | 0.416700 | 0.321335 | 0.321335 | 0.416700 |
| K000897 | | FENTON | FOLLEY, K.F. #1 ALT. (148726) | LA | JEFFERSON DAVIS | FENTON WEST | 17053212510OS01 | 148575 | 0.321335 | 0.321335 | 0.416700 | 0.321335 | 0.321335 | 0.416700 |
| K000899 | | FENTON | HAYES LBR CO. SEC. 11 #1 | LA | JEFFERSON DAVIS | FENTON WEST | 17053212540OS01 | 148562 | 0.375000 | 0.375000 | 0.500000 | 0.375000 | 0.375000 | 0.500000 |
| K001320 | | FENTON | HAYES LBR CO. SEC. 11 #1 PDNP NOD B | LA | JEFFERSON DAVIS | FENTON WEST | | 148562 | 0.375000 | 0.000000 | 0.500000 | 0.375000 | 0.000000 | 0.500000 |
| K002060 | | FENTON | HAYES LBR CO. SEC. 29 #2 (FRIO) | LA | JEFFERSON DAVIS | TOPSY | 17053212380OS02 | 231211 | 0.285585 | 0.285585 | 0.375000 | 0.285585 | 0.285585 | 0.375000 |
| K001401 | | FENTON | HAYES LBR CO. SEC. 29 #1 | LA | JEFFERSON DAVIS | TOPSY | 17053212890OS02 | 148563 | 0.305210 | 0.305210 | 0.375000 | 0.305210 | 0.305210 | 0.375000 |
| K000902 | | FENTON | HAYES MINERALS SEC. 29 #1 | LA | JEFFERSON DAVIS | TOPSY | 17053213080OS01 | 148564 | 0.305210 | 0.305210 | 0.375000 | 0.305210 | 0.305210 | 0.375000 |
| K000918 | | FENTON | HDC HAYES LUMBER CO #1 | LA | JEFFERSON DAVIS | TOPSY | 17053212860000 | 148625 | 0.283412 | 0.283412 | 0.363513 | 0.283412 | 0.283412 | 0.363513 |
| K000908 | | FENTON | KING CORP (SEC 35) #1 (148728) | LA | JEFFERSON DAVIS | INDIAN VILLAGE | 17053212730OS01 | 148576 | 0.000000 | 0.375470 | 0.500000 | 0.000000 | 0.375470 | 0.500000 |
| K000989 | | FENTON | MCCOWN, KENNETH W 29 #1 (153247) | LA | JEFFERSON DAVIS | INDIAN VILLAGE | 17053212500OS01 | 151387 | 0.395040 | 0.395040 | 0.500000 | 0.395040 | 0.395040 | 0.500000 |
| K001509 | | FENTON | QUARTE PARISH 27-1 (GC) | LA | JEFFERSON DAVIS | TOPSY | 17053213690OS01 | 183371 | 0.268154 | 0.268154 | 0.374884 | 0.239600 | 0.239800 | 0.337500 |
| K000914 | | FENTON | TEXACO, INC. #1 | LA | JEFFERSON DAVIS | THOMPSON BLUFF | 17053212780OS01 | 148588 | 0.373000 | 0.373006 | 0.500000 | 0.373000 | 0.373008 | 0.500000 |
| K000904 | | FENTON | THOMAS, HELEN H. #1 (148710) | LA | JEFFERSON DAVIS | ROANOKE | 17053212530OS01 | 148567 | 0.404116 | 0.404116 | 0.500000 | 0.404116 | 0.404116 | 0.500000 |
| K000918 | | FENTON | WALKER LA PROP. #1 (148764) | LA | JEFFERSON DAVIS | FENTON NORTH | 17053212570OS01 | 148588 | 0.385238 | 0.385238 | 0.500000 | 0.385238 | 0.385238 | 0.500000 |

**EXHIBIT B**

Attached to and made a part of that certain Assignment and Bill of Sale by and among
ANADARKO PETROLEUM CORPORATION, ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION and KERR MCGEE OIL & GAS ONSHORE LP, as Grantor
and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| Lease Number | Lease Suffix | LESSOR | LESSEE | Lease Date | State | County | Recording |
|---|---|---|---|---|---|---|---|
| 784496 | RW000 | MCCOWN, KENNETH W AND RAMONA MARY | KERR-MCGEE OIL & GAS ONSHORE LP | 8-Apr-03 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#:  PAGE#:  RECEPTION#: 596250 DESC: EASEMENT & RIGHT OF WAY |
| 784497 | RW000 | MCCOWN, KENNETH W AND RAMONA MARY | KERR-MCGEE OIL & GAS ONSHORE LP | 8-Apr-03 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#:  PAGE#:  RECEPTION#: 596250 DESC: RIGHT OF WAY AGREEMENT |
| 784657 | RW000 | MCCOWN, KENNETH W ET UX | KERR-MCGEE OIL & GAS ONSHORE LP | 8-Apr-03 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 957  PAGE# 744 DESC: RATIFICATION |
| 784667 | SL0 | MCCOWN, KENNETH W., ET UX | KERR-MCGEE OIL & GAS ONSHORE LP | 2-Aug-04 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#:  PAGE#:  DESC: |
| 784773 | RW000 | WALKER LOUISIANA PROPERTIES | KERR-MCGEE OIL & GAS ONSHORE LLC | 13-Sep-04 | LA | JEFFERSON DAVIS | |
| 784779 | SL0 | ADAMS, LOUIS HARVEY & BEVERLY BROUSSARD | KERR-MCGEE OIL & GAS ONSHORE LP | 12-Aug-04 | LA | JEFFERSON DAVIS | CALCASIEU, LA: BOOK#:  PAGE#:  DESC: SURFACE LEASE |
| 868240 | RW000 | DOUGET, LARRY DEAN ET AL | HS RESOURCES, INC. | 27-Oct-99 | LA | JEFFERSON DAVIS | |
| 868241 | RW000 | BEL MINERAL, LLC | HS RESOURCES, INC. | 11-Oct-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 898 PAGE# 514 RECEPTION#: 571189 DESC: PIPELINE SERVITUDE |
| 868249 | RW000 | TROUT, CLAIRE PONCIA | HS RESOURCES, INC. | 6-Mar-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 917 PAGE# 279 RECEPTION#: 581784 DESC: RIGHT OF WAY AGREEMENT |
| 868260 | SL0 | MILLER, J C | H S RESOURCES INC | 25-Jun-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 927 PAGE# 510 RECEPTION#: 587502 DESC: SURFACE LEASE AGREEMENT |
| 868261 | RW000 | ADAMS, KEVIN LOUIS ET AL | HS RESOURCES, INC. | 13-Oct-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 890 PAGE# 38 RECEPTION#: 565948 DESC: RIGHT OF WAY AGREEMENT |
| 868262 | RW000 | ADAMS, LOUIS HARVEY ET UX | HS RESOURCES, INC. | 13-Oct-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 890 PAGE# 35 RECEPTION#: 565947 DESC: RIGHT OF WAY AGREEMENT |
| 868263 | RW000 | COLLIER, ROBERT W, M.D. | H S RESOURCES, INC. | 5-Feb-99 | LA | JEFFERSON DAVIS | |
| 868264 | RW000 | ADAMS, LOUIS HARVEY ET UX | HS RESOURCES, INC. | 9-Feb-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 878 PAGE# 897 RECEPTION#: 559875 DESC: RIGHT OF WAY AGREEMENT |
| 868265 | RW000 | WHITBECK, MARISSA JILL ADAMS ET AL | HS RESOURCES, INC. | 9-Feb-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 878 PAGE# 900 RECEPTION#: 559876 DESC: RIGHT OF WAY AGREEMENT JEFFERSON |
| 868266 | SL0 | COLLIER, ROBERT W, M.D. | HS RESOURCES, INC. | 19-Feb-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 879 PAGE# 637 RECEPTION#: 560320 DESC: RIGHT OF WAY & METER SITE AGMT |
| 868267 | RW000 | COSMOS BROADCASTING CORP., INC. | HS RESOURCES, INC. | 14-Feb-00 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 895 PAGE# 927 RECEPTION#: 568792 DESC: PIPELINE SERVITUDE AGREEMENT |
| 868268 | RW000 | FOLLEY, JOHN D ET UX KARINE | HS RESOURCES, INC. | 26-Jan-00 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 894 PAGE# 385 RECEPTION#: 567935 DESC: RIGHT OF WAY AGREEMENT |
| 868269 | RW000 | FOLLEY, JOHN D ET UX KARINE | HS RESOURCES, INC. | 20-Jul-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK# 894 PAGE# 385 RECEPTION#: 567935 DESC: RIGHT OF WAY AGREEMENT |

SCH 1.2(II) SURFACE CONTRACTS COMBINED.xls
COB: 628136, Page: 20; Filed: 5/14/2007 1:00:00AM  [jeffersondavis: ]
3 OF 20
1/8/2005 8:30 AM

528

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | EXHIBIT B | | | | |
| | | | Attached to and made a part of that certain Assignment and Bill of Sale by and among | | | | |
| | | | ANADARKO PETROLEUM CORPORATION, ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION and KERR MCGEE OIL & GAS ONSHORE LP, as Grantor | | | | |
| | | | and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007 | | | | |

| Lease Number | Lease Suffix | LESSOR | LESSEE | Lease Date | State | County | Recording |
|---|---|---|---|---|---|---|---|
| 868276 | RW000 | RICE ACRES, INC. | HS RESOURCES, INC. | 19-Oct-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 894 PAGE#: 379 RECEPTION#: 567932 DESC: RIGHT OF WAY GRANT |
| 868381 | RW000 | RICE ACRES, INC. | HS RESOURCES, INC. | 26-Nov-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 893 PAGE#: 515 RECEPTION#: 567421 DESC: RIGHT OF WAY EASEMENT |
| 868382 | SL0 | HAYES LUMBER COMPANY, INC. | HS RESOURCES, INC. | 21-Sep-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 888 PAGE#: 516 RECEPTION#: 565278 DESC: SURFACE LEASE |
| 868383 | SL0 | MCFATTER, W W ET AL | HS RESOURCES, INC. | 15-Sep-98 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: - PAGE#: - DESC: |
| 868384 | SD0 | HAYES LUMBER COMPANY, INC. | HS RESOURCES, INC. | 21-Sep-99 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 888 PAGE#: 511 RECEPTION#: 565277 |
| 868385 | RW000 | REEVES, NEWTON ET UX THELMA | HS RESOURCES, INC. | 30-Sep-98 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 877 PAGE#: 678 RECEPTION#: 559076 |
| 868399 | SL0 | MCCOWN, KENNETH W ET UX RAMONA | HS RESOURCES, INC. | 3-Nov-99 | LA | JEFFERSON DAVIS | |
| 868412 | RW000 | QUATRE MINERAL, LLC | HS RESOURCES, INC. | 1-Aug-00 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 932 PAGE#: 758 RECEPTION#: |
| 868413 | RW000 | BEL MINERAL, LLC | HS RESOURCES, INC. | 1-Aug-00 | LA | JEFFERSON DAVIS | 590623 DESC: MINERAL EXPLORATION AGMT |
| 868414 | RW000 | PARKER, WANDA | HS RESOURCES, INC. | 21-Sep-00 | LA | JEFFERSON DAVIS | |
| 868415 | RW000 | PARKER, KENNETH R | HS RESOURCES, INC. | 21-Sep-00 | LA | JEFFERSON DAVIS | |
| 868416 | RW000 | QUATRE MINERAL, LLC | HS RESOURCES, INC. | 12-Mar-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 932 PAGE#: 768 RECEPTION#: 590624 DESC: PIPELINE SERVITUDE |
| 868417 | RW000 | LELEAUX ENTERPRISES, INC. | HS RESOURCES, INC. | 6-Mar-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 269 RECEPTION#: 581781 DESC: RIGHT OF WAY AGREEMENT |
| 868418 | RW000 | PONCIA, RAYMOND JEROME, JR. | HS RESOURCES, INC. | 16-May-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 273 RECEPTION#: 581782 DESC: RIGHT OF WAY AGREEMENT |
| 868419 | RW000 | HUGGINS, JOY F | HS RESOURCES, INC. | 16-Jun-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 305 RECEPTION#: 581793 DESC: RIGHT OF WAY AGREEMENT |
| 868420 | RW000 | WENGER, HOLLY HUGGINS | HS RESOURCES, INC. | 11-Jun-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 303 RECEPTION#: 581792 DESC: RIGHT OF WAY AGREEMENT |
| 868421 | RW000 | HUGGINS, ARTHUR E., JR. | HS RESOURCES, INC. | 30-Mar-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 300 RECEPTION#: 581791 DESC: RIGHT OF WAY AGREEMENT |
| 868422 | RW000 | HUGGINS, IVY J | HS RESOURCES, INC. | 16-Jun-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 297 RECEPTION#: 581790 DESC: RIGHT OF WAY AGREEMENT |
| 868423 | RW000 | ANDERSON, STEPHANIE HUGGINS | HS RESOURCES, INC. | 27-Jul-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 294 RECEPTION#: 581789 DESC: RIGHT OF WAY AGREEMENT |

829

**EXHIBIT B**

Attached to and made a part of that certain Assignment and Bill of Sale by and among

ANADARKO PETROLEUM CORPORATION, ANADARKO E&P COMPANY LP, HOWELL PETROLEUM CORPORATION and KERR MCGEE OIL & GAS ONSHORE LP, as Grantor

and SOUTHERN G HOLDINGS, LLC as Grantee, effective January 1, 2007

| Lease Number | Lease Suffix | LESSOR | LESSEE | Lease Date | State | County | Recording |
|---|---|---|---|---|---|---|---|
| 868424 | RW000 | SITZES, CATHERINE HUGGINS | HS RESOURCES, INC. | 21-May-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 291 RECEPTION#: 581788 DESC: RIGHT OF WAY AGREEMENT |
| 868425 | RW000 | HOWELL, ZAMA HUGGINS | HS RESOURCES, INC. | 23-May-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 288 RECEPTION#: 581787 DESC: RIGHT OF WAY AGREEMENT |
| 868426 | RW000 | RUFFIER, JOAN DIAL ET AL | HS RESOURCES, INC. | 18-May-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 285 RECEPTION#: 581786 DESC: RIGHT OF WAY AGREEMENT |
| 868427 | RW000 | TOW, BARBARA FREEMAN ESTATE | HS RESOURCES, INC. | 1-Jul-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 282 RECEPTION#: 581785 DESC: RIGHT OF WAY AGREEMENT |
| 868428 | RW000 | FREEMAN, G CHESTER JR | HS RESOURCES, INC. | 6-Mar-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 279 RECEPTION#: 581784 DESC: RIGHT OF WAY AGREEMENT |
| 868429 | RW000 | TROUT, CLAIRE PONCIA | HS RESOURCES, INC. | 30-May-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 276 RECEPTION#: 581783 DESC: RIGHT OF WAY AGREEMENT |
| 868430 | RW000 | HAYES MINERALS LLC | HS RESOURCES, INC. | 11-Apr-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 252 RECEPTION#: 581794 DESC: RIGHT OF WAY AGREEMENT |
| 868431 | RW000 | KING MINERALS, L.L.C. | HS RESOURCES, INC. | 11-Apr-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 917 PAGE#: 252 RECEPTION#: 581780 DESC: RIGHT OF WAY AGREEMENT |
| 868432 | RW000 | CAGLE, MARY B ROANE LAND TRUST | HS RESOURCES, INC. | 7-Sep-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 925 PAGE#: 563 RECEPTION#: 586637 DESC: EASEMENT AND R/W GRANT |
| 868433 | RW000 | MCCOWN, KENNETH WADE ET UX | HS RESOURCES, INC. | 29-Aug-01 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 920 PAGE#: 946 RECEPTION#: 583348 DESC: EASEMENT AND R/W GRANT |
| 869563 | RW000 | SONNIER, DOROTHY R | GRIGSBY PETROLEUM INC. | 31-Jul-92 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 758 PAGE#: 2 RECEPTION#: 508110 DESC: R/W GRANT & DAMAGE RELEASE |
| 869580 | RW000 | POWELL LUMBER COMPANY | GRIGSBY PETROLEUM,  INC. | 24-Aug-92 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 758 PAGE#: 33 RECEPTION#: 508117 DESC: SALTWATER P.L. & ROAD PERMIT |
| 869613 | RW000 | HAYES LUMBER COMPANY | HS RESOURCES, INC. | 22-Mar-00 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 897 PAGE#: 300 RECEPTION#: 569555 DESC: |
| 869616 | RW000 | KING CORPORATION | HS RESOURCES, INC | 17-Mar-00 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 896 PAGE#: 312 RECEPTION#: 568961 DESC: |
| 869622 | RW000 | KING CORPORATION | HS RESOURCES, INC | 17-Mar-00 | LA | JEFFERSON DAVIS | JEFFERSON DAVIS, LA: BOOK#: 896 PAGE#: 332 RECEPTION#: 568963 DESC: |
| 869637 | RW000 | THOMAS, HELEN HUNTER ET AL | HS RESOURCES, INC | 26-Nov-99 | LA | JEFFERSON DAVIS | 567428 DESC: COUNTERPART JEFFERSON DAVIS, LA: BOOK#: 893 PAGE#: 527 RECEPTION#: 567429 DESC: COUNTERPART |

930

831

**EXHIBIT C**

Attached to and made a part of
Assignment and Bill of Sale by and among
**ANADARKO PETROLEUM CORPORATION, ANADARKO E&P COMPANY LP,**
**HOWELL PETROLEUM CORPORATION, and KERR-McGEE OIL & GAS ONSHORE LP, as Grantor, and**
**SOUTHERN G HOLDINGS, LLC, as Grantee,**
Effective January 1, 2007

**EXCLUDED ASSETS**

Tenor/N. Starks 3D seismic data covering areas in Beauregard and Calcasieu Parishes, Louisiana

COB: 628136; Page: 23; Filed: 5/14/2007 1:00:00AM [jeffersondavis: ]

PARISH OF JEFFERSON DAVIS    §

STATE OF LOUISIANA    §    **638525**

RECEIVED AND FILED **1935**

2008 JUL 23 PM 1:49

CARLTON L. DUHON
CLERK OF COURT
JEFFERSON DAVIS PARISH

### AFFIDAVIT OF FACTS CONCERNING
### THE MERGER OF
### SOUTHERN G HOLDINGS, LLC
### AND
### CRIMSON EXPLORATION OPERATING INC.

Before me, the undersigned authority, on this day personally appeared Stephen W. Schoppe ("Affiant"), who, being first duly sworn, upon his oath states:

1.    My name is Stephen W. Schoppe, and I am the duly authorized Corporate Secretary of Crimson Exploration Operating Inc., a Delaware corporation (herein referred to as "CEOI") and I have personal knowledge of the facts stated in this affidavit.

2.    Effective January 1, 2008, Southern G Holdings, LLC (herein referred to as "SGH"), a Delaware limited liability company, was merged with CEOI with CEOI continuing as the surviving corporation.

3.    The merger of CEOI and SGH received all necessary corporate approvals which included authorization by (i) the Board of Directors of CEOI, (ii) CEOI, as the Sole Member of SGH, a Delaware limited liability company and (iii) Crimson Exploration Inc. (herein referred to as "Crimson"), a Delaware corporation, as the sole shareholder of CEOI.

4.    A Certificate of Merger evidencing this merger was filed with the office of the Delaware Secretary of State on December 31, 2007, a copy of such certificate of merger is attached to this affidavit.

Executed this 15th day of July 2008.

Stephen W. Schoppe
("Affiant")

1

.936

Acknowledgment

State of Texas          §§

County of Harris       §§

Sworn to and subscribed before me on this 15th day of July 2008, by Stephen W. Schoppe, as the Corporate Secretary of Crimson Exploration Operating Inc.

[Personal Seal]



LATRELLE MAJOR
MY COMMISSION EXPIRES
September 17, 2011

_____
Notary Public, State of Texas

COB: 638525; Page: 2; Filed: 7/23/2008 1:00:00AM [jeffersondavis: ]

2

# Delaware

PAGE 1 :937

## The First State

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT
COPY OF THE CERTIFICATE OF MERGER, WHICH MERGES:

"SOUTHERN G HOLDINGS, LLC", A DELAWARE LIMITED LIABILITY
COMPANY,

WITH AND INTO "CRIMSON EXPLORATION OPERATING, INC." UNDER
THE NAME OF "CRIMSON EXPLORATION OPERATING, INC.", A CORPORATION
ORGANIZED AND EXISTING UNDER THE LAWS OF THE STATE OF DELAWARE,
AS RECEIVED AND FILED IN THIS OFFICE THE THIRTY-FIRST DAY OF
DECEMBER, A.D. 2007, AT 2:51 O'CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF
THE AFORESAID CERTIFICATE OF MERGER IS THE FIRST DAY OF JANUARY,
A.D. 2008.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE
NEW CASTLE COUNTY RECORDER OF DEEDS.

COB: 638525; Page: 3; Filed: 7/23/2008 1:00:00AM [jeffersondavis: ]

4089428   8100M

071378014

You may verify this certificate online
at corp.delaware.gov/authver.shtml

Harriet Smith Windsor
Harriet Smith Windsor, Secretary of State

AUTHENTICATION: 6276662

DATE: 01-02-08

State of Delaware
Secretary of State
Division of Corporations
Delivered 03:24 PM 12/31/2007
FILED 02:51 PM 12/31/2007
SRV 071378014 - 4089428 FILE

:938

## CERTIFICATE OF MERGER
## OF
## CRIMSON EXPLORATION OPERATING, INC.

Pursuant to Section 264 of the General Corporation Law of the State of Delaware and Section 18-209 of the Delaware Limited Liability Company Act, the undersigned corporation hereby certifies that:

**FIRST**: The name and jurisdiction of organization of each of the constituent entities of the merger are:

| Name of Entity | State and Entity Type |
| --- | --- |
| Southern G Holdings, LLC | Delaware limited liability company |
| Crimson Exploration Operating, Inc. | Delaware corporation |

**SECOND**: An agreement and plan of merger has been approved, adopted, certified, executed and acknowledged by each of the constituent entities in accordance with the requirements of Section 264 of the General Corporation Law of the State of Delaware and Section 18-209 of the Delaware Limited Liability Company Act.

**THIRD**: The name of the surviving corporation is "Crimson Exploration Operating, Inc.," a Delaware corporation.

**FOURTH**: The Certificate of Incorporation of Crimson Exploration Operating, Inc. shall be the Certificate of Incorporation of the surviving corporation.

**FIFTH**: The merger is to become effective on January 1, 2008.

**SIXTH**: The executed agreement and plan of merger is on file at 717 Texas Avenue, Suite 2900, Houston, Texas 77002, the address of the principal place of business of the surviving corporation.

**SEVENTH**: A copy of the agreement and plan of merger will be furnished by the surviving corporation, on request and without cost, to any stockholder or member of the constituent entities.

*[Signature page follows.]*

682051.0001 WEST 6170430 v2

COB: 638525; Page: 4; Filed: 7/23/2008 1:00:00AM [jeffersondavis: ]

939

**IN WITNESS WHEREOF,** Crimson Exploration Operating, Inc. has caused this certificate to be signed by an authorized officer on the 26th day of December, 2007.

CRIMSON EXPLORATION OPERATING, INC.

By: _____

Name:   Allan D. Keel

Title:    President and Chief Executive Officer

COB: 638525, Page: 5; Filed: 7/23/2008 1:00:00AM [jeffersondavis: ]

# END OF CONVEYANCE BOOK

COB: 638525; Page: 6; Filed: 7/23/2008 1:00:00AM [jeffersondavis: ]

# BEGINNING OF CONVEYANCE BOOK

COB: 638525; Page: 7; Filed: 7/23/2008 1:00:00AM [jeffersondavis: ]

648840

433

RECORDED AND FILED

2010 FEB -1 PM 1: 30

CLERK OF COURT
JEFFERSON DAVIS PARISH

## ASSIGNMENT, BILL OF SALE AND CONVEYANCE

This Assignment, Bill of Sale and Conveyance ("Assignment") is entered into this the 29th day of December 2009 (the "Closing Date"), but to be effective October 1, 2009 at 7:00 a.m. (the "Effective Date") by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc. whose address is 717 Texas Ave., Suite 2900, Houston, Texas 77002 (collectively, "ASSIGNOR"), and Shoreline Southeast LLC, whose address is 16801 Greenspoint Park Drive, Suite 389, Houston, Texas 77060 ("ASSIGNEE"). For One Hundred Dollars ($100.00) and other good and valuable consideration paid to ASSIGNOR, the receipt and sufficiency of which are hereby acknowledged, ASSIGNOR does hereby GRANT, BARGAIN, SELL, CONVEY, ASSIGN, TRANSFER, SET OVER, and DELIVER unto ASSIGNEE all of ASSIGNOR's right and title to, and interest in and to all of the following described property rights and interests (such property, rights and interests, SAVE and EXCEPT the Excluded Assets described below, are hereafter referred to collectively as the "Assets"):

(a)     All of the oil and gas leases; subleases and other leaseholds; interests in fee; carried interests; reversionary interests; net profits interests; farmout rights; options; mineral interests and other properties and interests described on **Exhibit A**, subject to such depth limitations and other restrictions as may be set forth in the oil and gas leases or other agreements of record (collectively, the "Leases"), together with each and every kind and character of right, title, claim, and interest that ASSIGNOR has in and to the lands covered by the Leases and the interests currently pooled, unitized, communitized or consolidated therewith (the "Lands") and any fee royalty interests or overriding royalty interests in any of the Leases or Lands, whether described on **Exhibit A** or not;

(b)     All oil, gas, water or injection wells located on the Lands, whether producing, shut-in, or temporarily abandoned, including but not limited to the interests in the wells shown on **Exhibit A-1** attached hereto (collectively, the "Wells");

(c)     All leasehold interests of ASSIGNOR in or to any currently existing pools or units which include any Lands or all or a part of any Leases or include any Wells, including those pools or units related to the Properties and associated with the Wells shown on **Exhibit A-1** (the "Units"; the Units, together with the Leases, Lands and Wells, being hereinafter referred to as the "Properties"), and including all leasehold interests of ASSIGNOR in production of Hydrocarbons from any such Unit, whether such Unit production of Hydrocarbons comes from Wells located on or off of a Lease, and all tenements, hereditaments and appurtenances belonging to the Leases and Units;

(d)     All contracts, agreements and instruments by which the Properties are bound or subject, or that relate to or are otherwise applicable to the Properties, only to the extent applicable to the Properties rather than ASSIGNOR's or any of its Affiliates' other properties, including but not limited to, operating agreements, unitization, pooling and communitization agreements, declarations and orders, joint venture agreements, farmin

1

*Jefferson Davis Ph, LA*

COB: 648840; Page: 1; Filed: 2/1/2010 12:00:00AM

434

and farmout agreements, exploration agreements, participation agreements, area of mutual interest agreements, exchange agreements, transportation or gathering agreements, agreements for the sale and purchase of oil, gas or casinghead gas and processing agreements to the extent applicable to the Properties or the production of Hydrocarbons produced in association therewith from the Properties, including those identified on **Exhibit B** (hereinafter collectively referred to as "Contracts"), but excluding any contracts, agreements and instruments to the extent transfer would result in a violation of applicable law or is restricted by any Transfer Requirement, as defined in the Agreement described below, that is not waived by ASSIGNEE or satisfied pursuant to Section 7.7 of the Agreement and provided that "Contracts" shall not include the instruments constituting the Leases;

(e)    All easements, permits, licenses, servitudes, rights-of-way, surface leases and other surface rights ("Surface Contracts") appurtenant to, and used or held for use in connection with the Properties (including those identified on **Exhibit C**, but excluding any permits and other rights to the extent transfer would result in a violation of applicable law or is restricted by any Transfer Requirement that is not waived by ASSIGNEE or satisfied pursuant to Section 7.7 of the Agreement;

(f)    All treatment and processing plants and equipment, machinery, fixtures and other tangible personal property and improvements located on the Properties or used or held for use in connection with the operation of the Properties, including those identified on **Exhibit A-2** attached to the Agreement "Equipment");

(g)    All flow lines, pipelines, gathering systems and appurtenances thereto located on the Properties or used, or held for use, in connection with the operation of the Properties, including those identified on **Exhibit D** ("Pipelines" and, together with the Equipment and Wells, "Personal Property");

(h)    All gas, casinghead gas, condensate, natural gas liquids, and other gaseous and liquid hydrocarbons or any combination thereof and sulphur and other minerals extracted from or produced with the foregoing ("Hydrocarbons") produced from or attributable to the Leases, Lands, and Wells from and after the Effective Date, together with Imbalances, as defined in the Agreement described below, associated with the Properties;

(i)    All lease files, land files, well files, gas and oil sales contract files, gas processing and transportation files, division order files, abstracts, title opinions, land surveys, logs, maps, engineering data and reports, interpretive data, technical evaluations and technical outputs, and other books, records, data, files, and accounting records, including but not limited to records showing all funds payable to owners of working interests, royalties and overriding royalties and other interests in the Properties held in suspense by ASSIGNOR as of the Closing Date, in each case to the extent related to the Properties, or used or held for use in connection with the maintenance or operation thereof, but excluding (i) any books, records, data, files, logs, maps, evaluations, outputs, and accounting records to the extent disclosure or transfer would result in a violation of applicable law or is restricted by any Transfer Requirement that is not satisfied pursuant to **Section 7.7** of the Agreement, (ii) computer or communications software or intellectual property (including

2

COB: 64840; Page: 2; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

tapes, codes, data and program documentation and all tangible manifestations and technical information relating thereto), (iii) attorney-client privileged communications and work product of ASSIGNOR's or any of its Affiliates' legal counsel (other than title opinions), (iv) reserve studies and evaluations, and (v) records relating to the marketing, negotiation, and consummation of the sale of the Assets (subject to such exclusions, the "Records"); provided, however, that ASSIGNOR may retain the originals of such Records as ASSIGNOR has reasonably determined may be required for existing litigation, tax, accounting, and auditing purposes; and

(j)     To the extent transferable, and subject to payment by ASSIGNEE of all third party transfer and license fees, all geological and geophysical data (including all seismic data, as well as reprocessed data) related exclusively to the Properties, including those items identified in **Exhibit E**.

The Assets to be conveyed and assigned under this Assignment do not include the following (the "Excluded Assets"):

(a)     except to the extent necessary to satisfy ASSIGNOR's obligations under **Section 7.1**, (i) all corporate, financial, income and franchise tax and legal records of ASSIGNOR that relate to ASSIGNOR's business generally (whether or not relating to the Assets), (ii) all books, records and files that relate to the Excluded Assets, (iii) those records retained by ASSIGNOR pursuant to Section (i) of the description of the Assets set forth above and (iv) copies of any other Records retained by ASSIGNOR;

(b)     all rights to any refund related to the Retained Obligations or Taxes, as such term is defined in the Agreement, or other costs or expenses borne by ASSIGNOR or ASSIGNOR's predecessors in interest and title attributable to periods prior to the Effective Time;

(c)     ASSIGNOR's area-wide bonds, permits and licenses or other permits, licenses or authorizations used in the conduct of ASSIGNOR's business generally;

(d)     those items listed in **Exhibit F**;

(e)     all trade credits, accounts receivable, notes receivable, take-or-pay amounts receivable, pre-paid expenses and deposits, and other receivables attributable to the Assets with respect to any period of time prior to the Effective Time;

(f)     all right, title and interest of ASSIGNOR in and to vehicles used in connection with the Assets, other than those identified on **Exhibit G**;

(g)     all rights, titles, claims and interests of ASSIGNOR or any Affiliate of ASSIGNOR (i) to or under any policy or agreement of insurance or any insurance proceeds; except to the extent provided in Section 3.5 of the Agreement, and (ii) to or under any bond or bond proceeds;

(h)     subject to Section 12.5 of the Agreement, any patent, patent application, logo, service mark, copyright, trade name or trademark of or associated with ASSIGNOR or any

COB: 648840; Page: 3; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

3

Affiliate of ASSIGNOR or any business of ASSIGNOR or of any Affiliate of ASSIGNOR;

(i)   a nonexclusive right to freely use any copies of any logs, interpretive data, technical outputs, technical evaluations, maps, engineering data and reports, and other data and information being transferred as a part of the Assets that ASSIGNOR is entitled to retain pursuant to Section 1.5 of the Agreement;

(j)   all proceeds from sale of production of Hydrocarbons attributable to working interests, royalties, overriding royalties and other interests held in suspense (it being agreed that, notwithstanding anything in the Assignment to the contrary, ASSIGNOR shall be solely responsible for the distribution of all suspended funds included in the Assets accruing prior to the Effective Date);

(k)   all Retained Assets not conveyed to Purchaser pursuant to **Section 7.7** of the Agreement and any Property excluded pursuant to **Section 3.4(d)(iii)** of the Agreement;

(l)   all funds payable to owners of working interests, royalties and overriding royalties and other interests in the Properties held in suspense by Seller as of the Closing Date; and

(m)   the Retained Obligations.

TO HAVE AND TO HOLD the Property unto ASSIGNEE and its successors and assigns, forever, subject, however, to the terms and conditions of this Assignment.

This Assignment is subject to the following:

## I.
## SPECIAL WARRANTY

Subject to the Permitted Encumbrances, as hereinafter defined, ASSIGNOR hereby warrants and agrees to defend title to the net revenue interests and working interests in the Wells and Units set forth on Exhibit A-1 of the Purchase and Sale Agreement between ASSIGNOR and ASSIGNEE effective October 1, 2009 (the "Agreement") unto ASSIGNEE, its successors and assigns, against every person whomsoever lawfully claiming or claims the same, or any part thereof, by, through and under ASSIGNOR, but not otherwise and only to the extent of the Allocated Values of such interests contained on Exhibit A-1 to the Agreement. "Permitted Encumbrances," for the purposes of this Assignment and to the extent they affect the Wells and Units, shall mean:

(a)   Royalties and any overriding royalties, reversionary interests, net profit interests, production payments, carried interests, and other burdens, to the extent that any such burden does not reduce ASSIGNOR's net revenue interest below that shown in **Exhibit A-1** or increase ASSIGNOR's working interest above that shown in **Exhibit A-1** without a proportionate increase in the net revenue interest;

4

COB: 648840, Page: 4, Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

(b)     All Leases, unit agreements, pooling agreements, operating agreements, Hydrocarbon production sales contracts, division orders and other contracts, agreements and instruments applicable to the Assets, to the extent that they do not, individually or in the aggregate, reduce ASSIGNOR's net revenue interest below that shown in **Exhibit A-1** or increase ASSIGNOR's working interest above that shown in **Exhibit A-1** without a proportionate increase in the net revenue interest;

(c)     Preference Rights, as defined in the Agreement, applicable to this or any future transaction;

(d)     Transfer Requirements, as defined in the Agreement, applicable to this or any future transaction;

(e)     Liens for current Taxes, as defined in the Agreement, or assessments not yet delinquent or, if delinquent, being contested in good faith by appropriate actions;

(f)     Materialman's, mechanic's, repairman's, employee's, contractor's, operator's and other similar liens or charges arising in the ordinary course of business for amounts not yet delinquent (including any amounts being withheld as provided by law) or, if delinquent, being contested in good faith by appropriate actions;

(g)     All rights to consent by, required notices to, filings with, or other actions by Governmental Bodies, as defined in the Agreement, in connection with the sale or conveyance of the Assets or interests therein pursuant to this or to any future transaction if they are not required or customarily obtained prior to the sale or conveyance;

(h)     Rights of reassignment arising upon final intention to abandon or release the Assets, or any of them;

(i)     Easements, rights-of-way, servitudes, permits, surface leases and other rights in respect of surface operations, to the extent that they do not (i) reduce ASSIGNOR's net revenue interest below that shown in **Exhibit A-1**, (ii) increase ASSIGNOR's working interest above that shown in **Exhibit A-1** without a proportionate increase in net revenue Interest, or (iii) detract in any material respect from the value of, or interfere in any material respect with the use, ownership or operation of, the Assets subject thereto or affected thereby (as currently used, owned and operated) and which would be acceptable by a reasonably prudent ASSIGNEE engaged in the business of owning and operating oil and gas properties;

(j)     Calls on Hydrocarbon production under existing Contracts;

(k)     All rights reserved to or vested in any Governmental Body to control or regulate any of the Assets in any manner, and all obligations and duties under all applicable laws or under any franchise, grant, license or permit issued by any such Governmental Body;

(l)     Any encumbrance on or affecting the Assets which is discharged by ASSIGNOR at or prior to Closing;

COB: 648840; Page: 5; Filed: 2/1/2010 12:00:00AM [jeffersondavis:]

5

438

(m)   Any matters shown on **Exhibit A-1**;

(n)   Matters that would otherwise be considered Title Defects, as defined in the Agreement, but that do not meet the Individual Title Deductible set forth in Section 3.4(j) of the Agreement;

(o)   Imbalances, as defined in the Agreement, associated with the Assets;

(p)   Liens, as defined in the Agreement, granted under applicable joint operating agreements and similar agreements;

(q)   The matters disclosed in Schedules 5.7(a) and 5.7(b) of the Agreement; and

(r)   Any lien or trust arising in connection with workers' compensation, unemployment insurance, pension, employment, or child support laws or regulations.

## II.
## FURTHER ASSURANCES

ASSIGNOR further agrees that it will use its reasonable good faith efforts to, after the date hereof, from time to time and upon reasonable request of ASSIGNEE, execute, acknowledge and deliver or cause to be executed, acknowledged and delivered, in proper form, any instrument of conveyance, assignment, transfer or other instruments, including, but not limited to, transfer and division orders, necessary or desirable in order to perfect in ASSIGNEE, its successors and assigns title to the Property.

## III.
## IMBALANCES AND REVENUES

On the Effective Date, ownership of the Property, including all production and proceeds attributable to the Property for all periods on and after the Effective Date and all gas imbalances with third parties attributable to the Property for all periods before, on and after the Effective Date shall pass to ASSIGNEE. All proceeds, revenues, monies, and other items included in or attributable to the Property prior to the Effective Date shall belong to ASSIGNOR, and all other proceeds, revenues, monies, and other items included in or attributable to the Property on or after the Effective Date shall belong to ASSIGNEE.

## IV.
## TAXES

All taxes shall be apportioned and prorated between ASSIGNOR and ASSIGNEE as of the Effective Date so that ASSIGNEE will bear such share of said taxes and assessments based on ownership of or production from the Assets on or after the Effective Date and ASSIGNOR shall be charged for all such taxes and assessments based on ownership of the Property prior to the Effective Date.

6

COB: 648840; Page: 6; Filed 2/1/2010 12:00:00AM [jeffersondavis ]

439

## V.
## ASSUMPTION AND INDEMNITY

(a)    On the Closing Date, ASSIGNEE shall assume and hereby agrees to fulfill, perform, pay and discharge (or cause to be fulfilled, performed, paid or discharged) all of the obligations and liabilities of ASSIGNOR, known or unknown, with respect to the Assets, regardless of whether such obligations or liabilities arose prior to, on or after the Effective Date, including but not limited to obligations to:

(1)    furnish makeup gas according to the terms of applicable gas sales, gathering or transportation contracts, and to satisfy all other gas balancing obligations, if any,

(2)    properly plug and abandon any and all wells, including inactive wells or temporarily abandoned wells, drilled on the Properties, as required by law,

(3)    replug any well, wellbore, or previously plugged well on the Properties to the extent required by Governmental Body,

(4)    dismantle, salvage and remove any equipment, structures, materials, flowlines, and property of whatever kind related to or associated with operations and activities conducted on the Properties,

(5)    clean up, restore and/or remediate the premises covered by or related to the Assets in accordance with applicable agreements and laws, and

(6)    perform all obligations applicable to or imposed on the lessee, owner, or operator under the Leases and related contracts, or as required by applicable laws

(all of said obligations and liabilities, subject to the exclusions below, herein being referred to as the "Assumed ASSIGNOR Obligations"); provided, however, that the Assumed ASSIGNOR Obligations shall not include, and ASSIGNEE shall have no obligation to assume, any obligations or liabilities of ASSIGNOR to the extent that they are (such excluded obligations and liabilities, the "Retained Obligations"):

(i)    attributable to or arise out of the Excluded Assets;

(ii)    the continuing responsibility of ASSIGNOR under Section 11.1 or Section 11.2 of the Agreement; or

(iii)    Property Costs, as defined in the Agreement for which ASSIGNOR is responsible pursuant to Section 1.4(b) of the Agreement, including joint interest audits for Property Costs arising before the Effective Date;

(iv)    Retained Employee Liabilities as defined in the Agreement;

(v)    All royalties, overriding royalties and similar burdens on production from the Assets prior to the Effective Date;

COB: 648840; Page: 7; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

7

(vi)  all obligations for payment arising out of third party joint venture audit rights that accrued after ASSIGNOR's acquisition of the Assets but before the Effective Time;

(vii)  all obligations for payment arising under any Contract relating to the ASSIGNOR's ownership or operation of the Assets that accrued after ASSIGNOR's acquisition of the Property but before the Effective Time;

(viii)  all liability for property damage, personal injury, death or other torts arising in connection with ASSIGNOR's ownership or operation of the Assets that occurred after ASSIGNOR's acquisition of the Assets but before the Effective Time; provided that, this subparagraph (viii) shall have no application to Environmental Liabilities which shall be assumed by ASSIGNEE and shall be an Assumed ASSIGNOR Obligation and shall not in any respect limit the release contained in Section 11.9(a) of the Agreement; and

(ix)  all obligations and Liabilities relating to any litigation, proceeding arbitration, action, suit, pending settlement, or other legal proceeding of any kind of nature pending as of the Closing Date, including all Proceedings set forth on Schedule 5.7(a) and 5.7(b) except the Proceeding styled Kerr McGee Oil & Gas Co. v. McGowan Working Partners; Docket No. C-42-05; 31st Judicial District Court, Jefferson Davis Parish, Louisiana which shall be assumed by ASSIGNEE and shall be an Assumed ASSIGNOR Obligation.

(b)  **Subject to the terms, conditions, and limitations of Article 11of the Agreement,** from and after the Closing, as defined in the Agreement, ASSIGNEE shall indemnify, defend and hold harmless ASSIGNOR and its directors, officers, employees, agents, consultants, stockholders, advisors and other representatives (including legal counsel, accountants and financial advisors), and ASSIGNOR's successors, permitted assigns of the Agreement (collectively, the "ASSIGNOR Indemnified Persons") from and against any and all Losses, as defined in the Agreement, asserted against, resulting from, imposed upon, or incurred or suffered by any ASSIGNOR Indemnified Person, directly or indirectly, to the extent resulting from, arising out of, or relating to:

(1)  any breach of any representation or warranty of ASSIGNEE contained in this Agreement or in any certificate furnished by or on behalf of ASSIGNEE to ASSIGNOR in connection with this Agreement **REGARDLESS OF FAULT,** as defined in the Agreement;

(2)  any breach or nonfulfillment of or failure to perform any covenant or agreement of ASSIGNEE contained in this Agreement **REGARDLESS OF FAULT** or any certificate furnished by or on behalf of ASSIGNEE to ASSIGNOR in connection with the Agreement;

COB: 648840, Page: 8; Filed: 2/1/2010 12:00:00AM [jeffersondavis ]

8

**441**

(3)    the ownership, use or operation of the Assets after the Effective Date, **REGARDLESS OF FAULT;**

(4)    the Assumed ASSIGNOR Obligations **REGARDLESS OF FAULT**; and

(5)    Environmental Laws, as defined in the Agreement, Environmental Liabilities, as defined in the Agreement, the release of materials into the environment or protection of human health, safety, natural resources or the environment, or any other environmental condition of the Assets, **REGARDLESS OF THE TIME OF OCCURRENCE AND REGARDLESS OF FAULT.**

(c)    **Subject to the terms, conditions, and limitations of Article 11 of the Agreement,** from and after the Closing, ASSIGNOR shall indemnify, defend and hold harmless ASSIGNEE and its directors, officers, employees, stockholders, members, agents, consultants, advisors and other representatives (including legal counsel, accountants and financial advisors) and the successors and permitted assigns of this Agreement of ASSIGNEE (collectively, the "ASSIGNEE Indemnified Persons") from and against any and all Losses asserted against, resulting from, imposed upon, or incurred or suffered by any ASSIGNEE Indemnified Person to the extent resulting from, arising out of or relating to:

(1)    any breach of any representation or warranty of ASSIGNOR contained in this Agreement or in any certificate furnished by or on behalf of ASSIGNOR in connection with this Agreement;

(2)    any breach or nonfulfillment of or failure to perform any covenant or agreement of ASSIGNOR contained in this Agreement or in any certificate furnished by or on behalf of ASSIGNOR in connection with this Agreement; and

(3)    any Retained Obligations.

## VI.
## DISCLAIMER

ASSIGNEE ACKNOWLEDGES THAT IT HAS BEEN INFORMED THAT OIL AND GAS PRODUCING FORMATIONS CAN CONTAIN NATURALLY OCCURRING RADIOACTIVE MATERIAL. SCALE FORMATION OR SLUDGE DEPOSITS CAN CONCENTRATE LOW LEVELS OF NORM ON EQUIPMENT, MATERIALS AND OTHER PROPERTY. SOME OR ALL OF THE EQUIPMENT, MATERIALS AND OTHER PROPERTY SUBJECT TO THIS ASSIGNMENT MAY HAVE LEVELS OF NORM ABOVE BACKGROUND LEVELS. A HEALTH HAZARD MAY EXIST IN CONNECTION WITH THIS EQUIPMENT, MATERIALS AND OTHER PROPERTY BY REASON THEREOF. THEREFORE, ASSIGNEE MAY NEED TO FOLLOW SAFETY PROCEDURES WHEN HANDLING THIS EQUIPMENT, MATERIALS AND OTHER PROPERTY.

NEITHER ASSIGNEE NOR ASSIGNOR SHALL BE ENTITLED TO RECOVER FROM THE OTHER, RESPECTIVELY, AND EACH PARTY RELEASES THE OTHER PARTY FROM, ANY LOSSES, COSTS, EXPENSES, OR DAMAGES ARISING UNDER

442

THIS ASSIGNMENT OR IN CONNECTION WITH OR WITH RESPECT TO THE TRANSACTIONS CONTEMPLATED IN THE AGREEMENT ANY AMOUNT IN EXCESS OF THE ACTUAL COMPENSATORY DAMAGES, COURT COSTS AND REASONABLE ATTORNEYS FEES, SUFFERED BY SUCH PARTY. ASSIGNEE AND ASSIGNOR BOTH WAIVE, AND RELEASE THE OTHER FROM ANY RIGHT TO RECOVER PUNITIVE, SPECIAL, EXEMPLARY AND CONSEQUENTIAL DAMAGES ARISING IN CONNECTION WITH OR WITH RESPECT TO THE TRANSACTIONS CONTEMPLATED IN THE AGREEMENT.

ASSIGNOR IS CONVEYING THE ASSETS TO ASSIGNEE SUBJECT TO THE PERMITTED ENCUMBRANCES, AS DEFINED ABOVE, AND WITHOUT WARRANTY OF TITLE EXPRESS, IMPLIED OR STATUTORY EXCEPT THE SPECIAL WARRANTY OF TITLE SET FORTH ABOVE.

ASSIGNOR IS CONVEYING THE ASSETS TO ASSIGNEE WITHOUT ANY EXPRESS, STATUTORY OR IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND, INCLUDING WARRANTIES RELATING TO (i) THE CONDITION OR MERCHANTABILITY OF THE ASSETS, OR (ii) THE FITNESS OF THE ASSETS FOR A PARTICULAR PURPOSE. ASSIGNEE HAS INSPECTED THE ASSETS AND ACCEPTS THE ASSETS "AS IS," "WHERE IS," AND "WITH ALL FAULTS" AND IN THERE PRESENT CONDITION AND STATE OF REPAIR. WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ASSIGNOR MAKES NO REPRESENTATION OR WARRANTY AS TO (i) THE VALUE, QUALITY, QUANTITY, VOLUME OR DELIVERABILITY OF ANY OIL, GAS OR OTHER MINERALS OR RESERVES (IF ANY) IN, UNDER OR ATTRIBUTABLE TO THE PROPERTY (INCLUDING WITHOUT LIMITATION PRODUCTION RATES, DECLINE RATES AND RECOMPLETION OR DRILLING OPPORTUNITIES), (ii) GAS BALANCING OR PAYOUT ACCOUNT INFORMATION, ALLOWABLES, OR OTHER REGULATORY MATTERS, (iii) THE PHYSICAL, OPERATING, REGULATORY COMPLIANCE, SAFETY OR ENVIRONMENTAL CONDITION OF THE PROPERTY, (iv) PROJECTIONS AS TO EVENTS THAT COULD OR COULD NOT OCCUR, or (v) THE GEOLOGICAL ·OR ENGINEERING CONDITION OF THE PROPERTY OR ANY VALUE THEREOF. **FURTHERMORE, ASSIGNOR SPECIFICALLY DISCLAIMS AND EXCLUDES ANY WARRANTY AGAINST REDHIBITORY DEFECTS, ASSIGNEE AGREES TO SUCH DISCLAIMER AND EXCLUSION, AND ASSIGNEE ACKNOWLEDGES THAT THIS DISCLAIMER AND EXCLUSION ARE CLEAR AND UNAMBIGUOUS AND HAVE BEEN BROUGHT TO THE ATTENTION OF ASSIGNEE.**

THE PARTIES EACH DISCLAIM ALL LIABILITY AND RESPONSIBILITY FOR ANY REPRESENTATION, WARRANTY, STATEMENTS OR COMMUNICATIONS (ORALLY OR IN WRITING) TO THE OTHER PARTY (INCLUDING, BUT NOT LIMITED TO, ANY INFORMATION CONTAINED IN ANY OPINION, INFORMATION, OR ADVICE THAT MAY HAVE BEEN PROVIDED TO ANY SUCH PARTY BY ANY EMPLOYEE, OFFICER, DIRECTOR, AGENT, CONSULTANT, ENGINEER OR ENGINEERING FIRM, TRUSTEE, REPRESENTATIVE, PARTNER, MEMBER, BENEFICIARY, STOCKHOLDER OR CONTRACTOR OF SUCH DISCLAIMING PARTY OR ITS AFFILIATES) WHEREVER AND HOWEVER MADE, INCLUDING THOSE MADE IN ANY DATA ROOM AND ANY

10

COB: 848840; Page: 10; Filed: 2/1/2010 12:00:00AM  [jeffersondavis;]

443

SUPPLEMENTS OR AMENDMENTS THERETO OR DURING ANY NEGOTIATIONS WITH RESPECT TO THIS AGREEMENT OR ANY CONFIDENTIALITY AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES WITH RESPECT TO THE ASSETS. ASSIGNOR MAKES NO WARRANTY OR REPRESENTATION, EXPRESS OR IMPLIED, AS TO THE ACCURACY, COMPLETENESS, OR MATERIALITY OF ANY DATA, INFORMATION OR RECORDS FURNISHED TO ASSIGNEE IN CONNECTION WITH THE ASSETS OR THE EXHIBITS ATTACHED HERETO. ANY DATA, INFORMATION OR OTHER RECORDS FURNISHED BY ASSIGNOR ARE PROVIDED TO ASSIGNEE AS A CONVENIENCE AND ASSIGNEE'S RELIANCE ON OR USE OF THE SAME IS AT ASSIGNEE'S SOLE RISK.

## VII.
## MISCELLANEOUS

(a)    This Assignment is subject to the terms and provisions of the Agreement. To the extent the Agreement and this Assignment are in conflict, the Agreement shall control.

(b)    To the extent required to be operative, ASSIGNEE hereby agrees that the disclaimers of warranties contained in this Agreement are conspicuous disclaimers for the purpose of any applicable law, rule or order.

(c)    This Assignment may be executed in any number of counterparts, and by different parties in separate counterparts, and each counterpart hereof shall be deemed to be an original instrument, but all such counterparts shall constitute but one instrument.

**[Signature Page Follows]**

COB: 648840; Page: 11; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

11

IN WITNESS WHEREOF, this Assignment has been executed and delivered on the date set forth above.

ASSIGNOR:

CRIMSON EXPLORATION, INC.

Witness  SLM A HESS

Witness  DAN HURLEY

By:_____
Name: Tracy Price
Title:   Senior Vice President

CRIMSON EXPLORATION OPERATING, INC.

Witness  SLM A HESS

Witness  DAN HURLEY

By:_____
Name: Tracy Price
Title:   Senior Vice President

ASSIGNEE:

SHORELINE SOUTHEAST LLC

Witness  SLM A HESS

Witness  DAN HURLEY

By:_____
Name: Randy E. Wheeler
Title:   Vice President

COB: 648840; Page: 12; Filed 2/1/2010 12:00:00AM [jeffersondavis: ]

12

445

**ACKNOWLEDGMENTS**

THE STATE OF TEXAS     §
                              §
COUNTY OF HARRIS     §

     On this 29th day of December, 2009 before me appeared Tracy Price, to me personally known, who, being by me duly sworn (or affirmed) did say that he is the Senior Vice President of Crimson Exploration, Inc., and that the foregoing instrument was signed and sealed on behalf of the corporation by authority of its Board of Directors and that Tracy Price acknowledged the instrument to be the free act and deed of the corporation.



[SEAL] _____
                                  Notary Public in and for the State of Texas

THE STATE OF TEXAS     §
                              §
COUNTY OF HARRIS     §

     On this 29th day of December, 2009 before me appeared Tracy Price, to me personally known, who, being by me duly sworn (or affirmed) did say that he is Senior Vice President of Crimson Exploration Operating , Inc., and that the foregoing instrument was signed and sealed on behalf of the corporation by authority of its Board of Directors and that Tracy Price acknowledged the instrument to be the free act and deed of the corporation.



[SEAL] _____
                                  Notary Public in and for the State of Texas

COB: 648840; Page: 13; Filed: 2/1/2010 12:00:00AM [jeffersondavis:]

446

THE STATE OF TEXAS    §
                      §
COUNTY OF HARRIS      §

    On this 29th day of December, 2009 before me appeared Randy E. Wheeler, to me personally known, who, being by me duly sworn (or affirmed) did say that he is Vice President of Shoreline Southeast LLC, and that the foregoing instrument was signed and sealed on behalf of the limited liability company by authority of its Managers and that Randy E. Wheeler acknowledged the instrument to be the free act and deed of the limited liability company.

[SEAL]

    JEFF A SIKORA
    My Commission Expires
    April 16, 2011

_____
Notary Public in and for the State of Texas

HOUSTON 1054651v.3

COB: 648840; Page: 14; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

14

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2009, by and among Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Grantors, and Shoreline Southeast LLC, as Grantee.

LEASES

| LEASE NO | LESSOR | LESSEE | DATE | BOOK | PAGE | REFERENCE | PARISH |
|---|---|---|---|---|---|---|---|
| **SABINE LAKE** | | | | | | | |
| 0002187-000-L | STATE OF LOUISIANA LEASE NO. 19095 | BALLARD EXPLORATION | 8/9/2008 | | | 301796 | CAMERON |
| | | | | | | | |
| **LACASSINE** | | | | | | | |
| 0002258-000-L | LACASSANE COMPANY,INC | CRIMSON EXPLORATION OPERATING, INC. | 10/1/2008 | | | 313308 | CAMERON |
| | | | | | | | |
| **FENTON** | | | | | | | |
| 0880184-000-L | STATE OF LOUISIANA 16505 | CASH RIVER EXPLORATION, INC. | 8/16/1999 | 688 | 728 | 585388 | JEFFERSON DAVIS |
| 0880250-000-L | STATE OF LOUISIANA 17221 | CASH RIVER EXPLORATION, INC. | 9/17/2001 | 921 | 073 | 583042 | JEFFERSON DAVIS |
| 0865347-000-L | BEL MINERAL, LLC | HS RESOURCES, INC. | 5/1/2000 | 400 | 435 | 410792 | ALLEN |
| 0784774-000-L | BEL MINERAL, LLC | KERR-MCGEE OIL & GAS ONSHORE LP | 12/31/2004 | 435 | 682 | 437558 | ALLEN |
| 0784775-000-L | QUATRE MINERAL, LLC | KERR-MCGEE OIL & GAS ONSHORE LP | 12/31/2004 | 435 | 959 | 437557 | ALLEN |
| 0784482-000-L | COOPER, REBA CANDACE WILLRICH | KERR-MCGEE OIL & GAS ONSHORE LP | 10/7/2003 | 3058 | 265 | 2058026 | CALCASIEU |
| 0784483-000-L | WESTERN GARDENS PARTNERSHIP | KERR-MCGEE OIL & GAS ONSHORE LP | 10/7/2003 | 3058 | 268 | 2058024 | CALCASIEU |
| 0784498-000-L | STARK, EARL LYLE AND SONDRA LYNN IRWIN STARK, JUDICIALLY DIVORCED FROM EARL LYLE STARK | KERR-MCGEE OIL & GAS ONSHORE LP | 10/24/2003 | 3058 | 334 | 2058033 | CALCASIEU |
| 0784511-000-L | JIM-TOM INVESTMENTS INC | KERR-MCGEE OIL & GAS ONSHORE LP | 10/22/2003 | 3058 | 293 | 2058027 | CALCASIEU |
| 0784559-000-L | CALCASIEU PARISH SCHOOL BOARD (# 17870) | KERR-MCGEE OIL & GAS ONSHORE LP | 11/17/2003 | 3091 | 68 | 2059563 | CALCASIEU |
| 0784563-000-L | JAMES FAMILY TRUST | KERR-MCGEE OIL & GAS ONSHORE LP | 3/9/2004 | 3073 | 831 | 2085737 | CALCASIEU |
| 0784563-001-L | JAMES, CHARLES R ESTATE | KERR-MCGEE OIL & GAS ONSHORE LP | 3/9/2004 | 3080 | 120 | 2066939 | CALCASIEU |
| 0784567-000-L | LA BOKAY CORPORATION | ASPECT RESOURCES LLC | 3/1/2004 | 3058 | 297 | 2063713 | CALCASIEU |
| 0784572-000-L | KANSAS CITY SOUTHERN RAILWAY COMPANY | KERR-MCGEE OIL & GAS ONSHORE LP | 2/1/2004 | 3078 | 62 | 2087778 | CALCASIEU |
| 0784573-000-L | BOISE SOUTHERN COMPANY | KERR-MCGEE OIL & GAS ONSHORE LP | 5/24/2004 | 3089 | 508 | 2073889 | CALCASIEU |
| 0784556-000-L | CONOCOPHILLIPS COMPANY | KERR-MCGEE OIL & GAS ONSHORE LP | 5/24/2004 | 3096 | 526 | 2076565 | CALCASIEU |
| 0784665-000-L | EDGEWOOD LAND AND LOGGING COMPANY | SHELL OIL COMPANY | 3/29/1947 | 419 | 561 | 304878 | CALCASIEU |
| 0784776-000-L | EDGEWOOD LAND AND LOGGING COMPANY, LTD. | PHILLIPS OIL COMPANY | 3/28/1947 | 419 | 591 | | CALCASIEU |
| 0784938-000-L | ADAMS, LOUIS HARVEY ET AL | ASPECT ENERGY LLC | 1/20/2004 | 954 | 613 | 603668 | JEFFERSON DAVIS |
| 0784717-001-L | ERWIN HERS INC | ASPECT RESOURCES LLC | 7/1/2004 | 990 | 797 | 607130 | JEFFERSON DAVIS |
| 0784717-002-L | BARR, THOMAS IV | ASPECT RESOURCES LLC | 7/1/2004 | 980 | 805 | 607134 | JEFFERSON DAVIS |
| 0784717-003-L | BARR, CAMERON BOYD | ASPECT RESOURCES LLC | 7/1/2004 | 960 | 807 | 607135 | JEFFERSON DAVIS |
| 0784781-000-L | QUATRE MINERAL, LLC | ORX RESOURCES, INC. | 2/1/2004 | 953 | 425 | 600742 | JEFFERSON DAVIS |
| 0866032-000-L | GODWIN, W. E., JR. | SOUTHTECH EXPLORATION, L.L.C. | 5/15/1997 | 827 | 540 | 642764 | JEFFERSON DAVIS |
| 0866033-000-L | PELOQUIN AUSTIN, JR, ET AL | POGO PRODUCING COMPANY | 5/15/1997 | 829 | 138 | 543410 | JEFFERSON DAVIS |
| 0866038-000-L | HUNDLEY, DORIS REEVES | HS RESOURCES, INC. ET AL | 12/29/1997 | 858 | 647 | 550866 | JEFFERSON DAVIS |
| 0866038-001-L | REEVES, LUCY B | HS RESOURCES, INC. ET AL | 12/29/1997 | 858 | 637 | 550854 | JEFFERSON DAVIS |
| 0866038-002-L | REEVES, THELMA B. | HS RESOURCES, INC. ET AL | 12/29/1997 | 858 | 627 | 550882 | JEFFERSON DAVIS |
| 0866038-003-L | SONNIER, DOROTHY REEVES | HS RESOURCES, INC. ET AL | 12/29/1997 | 858 | 642 | 550865 | JEFFERSON DAVIS |
| 0866038-004-L | REEVES, ALMON | HS RESOURCES, INC. ET AL | 12/29/1997 | 858 | 632 | 550853 | JEFFERSON DAVIS |
| 0866038-005-L | REEVES, RUTH B. | HS RESOURCES, INC. ET AL | 2/1/1998 | 860 | 376 | 551584 | JEFFERSON DAVIS |

COB: 648840; Page: 15; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

Page 1 of 5

447

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2009, by and among
Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Grantors, and Shoreline Southeast LLC, as Grantee.

LEASES

| LEASE NO | LESSOR | LESSEE | DATE | BOOK | PAGE | REFERENCE | PARISH |
|---|---|---|---|---|---|---|---|
| 0898038-009-L | MILLIRON, ELLA RAY BUSBY ET AL | HS RESOURCES, INC. | 12/27/1997 | 856 | 479 | 549833 | JEFFERSON DAVIS |
| 0866043-004-L | OVIE R. REEVES, ETAL | HS RESOURCES, INC. | 1/29/1998 | 857 | 446 | 550342 | JEFFERSON DAVIS |
| 0898043-031-L | NEWTON REEVES ETUX THELMA | HS RESOURCES, INC. | 5/12/1998 | 864 | 587 | 553164 | JEFFERSON DAVIS |
| 0868044-000-L | LORMAND, WILLIE COMPANY, ET AL | HS RESOURCES, INC. | 2/16/1998 | 858 | 808 | 550854 | JEFFERSON DAVIS |
| 0868058-000-L | REEVES, ROY | JACK W. GRIGSBY | 1/21/1975 | 406 | 464 | 388601 | JEFFERSON DAVIS |
| 0868058-001-L | PARKER, EDWARD LEE, ET AL | JACK W. GRIGSBY | 1/16/1975 | 406 | 452 | 388645 | JEFFERSON DAVIS |
| 0868059-000-L | FRANKLIN, PEARL C. JONES ET AL | JACK W. GRIGSBY | 1/20/1975 | 406 | 464 | 388647 | JEFFERSON DAVIS |
| 0868060-000-L | POWELL LUMBER COMPANY | JACK W. GRIGSBY | 1/22/1975 | 406 | 488 | 388652 | JEFFERSON DAVIS |
| 0868063-000-L | BEARD, THE AMELIA STOUT ESTATE TRUST | HS RESOURCES, INC. | 3/2/1998 | 860 | 171 | 551486 | JEFFERSON DAVIS |
| 0868064-000-L | ERWIN HEIRS, INC. ETAL | HS RESOURCES, INC. | 2/24/1998 | 860 | 178 | 551487 | JEFFERSON DAVIS |
| 0868072-000-L | CORMIER, RODNEY JOSEPH ET AL | HS RESOURCES, INC. | 4/13/1998 | 862 | 564 | 552378 | JEFFERSON DAVIS |
| 0868073-000-L | REEVES, CLIFTON DAVID ET UX EMMA LEE | HS RESOURCES, INC. | 4/14/1998 | 862 | 569 | 552375 | JEFFERSON DAVIS |
| 0868074-000-L | REEVES, RUTH BUSBY | DDD ENERGY, INC., ET AL | 4/14/1998 | 862 | 554 | 552372 | JEFFERSON DAVIS |
| 0868075-000-L | REEVES, WAYNE ET UX BETTY ANN | HS RESOURCES, INC. ET AL | 4/14/1998 | 862 | 574 | 552376 | JEFFERSON DAVIS |
| 0868076-000-L | REEVES, WAYNE | HS RESOURCES, INC. ET AL | 4/14/1998 | 862 | 579 | 552377 | JEFFERSON DAVIS |
| 0868117-000-L | BELLON, MARTIN NEAL | HS RESOURCES, INC. | 12/22/1998 | 877 | 370 | 558864 | JEFFERSON DAVIS |
| 0868118-000-L | BELLON, ROBERT WAYNE ET UX MARY | HS RESOURCES, INC. | 12/22/1998 | 877 | 358 | 558881 | JEFFERSON DAVIS |
| 0868124-000-L | LYLES, WILLIAM T | HS RESOURCES, INC. | 9/18/1998 | 874 | 111 | 557251 | JEFFERSON DAVIS |
| 0868125-000-L | WHITBECK, MARISSA JILL ADAMS, ET AL | HS RESOURCES, INC. | 8/28/1998 | 869 | 877 | 555765 | JEFFERSON DAVIS |
| 0868125-001-L | HANKS, JACOB W. | HS RESOURCES, INC. | 8/28/1998 | 871 | 297 | 556122 | JEFFERSON DAVIS |
| 0868142-000-L | WALKER LOUISIANA PROPERTIES, ET AL | HS RESOURCES, INC. | 11/16/1998 | 878 | 577 | 559627 | JEFFERSON DAVIS |
| 0868143-000-L | MCCOWN, KENNETH W. ET UX RAMONA | HS RESOURCES, INC. | 12/4/1998 | 877 | 349 | 558856 | JEFFERSON DAVIS |
| 0868144-000-L | SAVANT, EURIC, JR. ET UX LILLIE BELLON | HS RESOURCES, INC. | 1/11/1999 | 879 | 435 | 560190 | JEFFERSON DAVIS |
| 0868145-000-L | SAVANT, KEITH | HS RESOURCES, INC. | 1/11/1999 | 878 | 380 | 559543 | JEFFERSON DAVIS |
| 0868148-000-L | COOPER, DONNIE | HS RESOURCES, INC. | 1/11/1999 | 878 | 384 | 559544 | JEFFERSON DAVIS |
| 0868147-000-L | BELLON, LEONA VIRGIE FONTENOT, ET AL | HS RESOURCES, INC. | 12/22/1998 | 877 | 353 | 558860 | JEFFERSON DAVIS |
| 0868149-000-L | BELLON, RENE E ET UX JOYCE MARIE | HS RESOURCES, INC. | 12/22/1998 | 877 | 362 | 558862 | JEFFERSON DAVIS |
| 0868149-000-L | BELLON, RENE J., JR. | HS RESOURCES, INC. | 12/22/1998 | 877 | 366 | 558883 | JEFFERSON DAVIS |
| 0868160-000-L | DOUGET, LARRY DEAN, ET AL | HS RESOURCES, INC. | 12/31/1998 | 877 | 376 | 558866 | JEFFERSON DAVIS |
| 0868151-000-L | B H TIMBER, INC. | HS RESOURCES, INC. | 1/7/1999 | 878 | 82 | 559070 | JEFFERSON DAVIS |
| 0868153-000-L | WARREN, CRAIG WILLIAM ET UX CECILIA | HS RESOURCES, INC. | 12/29/1998 | 877 | 780 | 559170 | JEFFERSON DAVIS |
| 0868154-000-L | RAMSEY, EDDIE JUNIOR ET UX JOYCE ANN | HS RESOURCES, INC. | 1/4/1999 | 877 | 784 | 559177 | JEFFERSON DAVIS |
| 0868154-001-L | MOORE, DAVID GLEN ET UX LESLIE | HS RESOURCES, INC. | 1/22/1999 | 878 | 124 | 559382 | JEFFERSON DAVIS |
| 0868156-000-L | BEBEE, RANDY C. ET UX HELEN | HS RESOURCES, INC. | 12/29/1998 | 877 | 389 | 558858 | JEFFERSON DAVIS |
| 0868157-000-L | BEBEE, CARL OTIS, SR ET UX KATHERINE | HS RESOURCES, INC. | 12/29/1998 | 877 | 366 | 558867 | JEFFERSON DAVIS |
| 0868158-000-L | LACOMBE, JOHNNY DAVID ET UX | HS RESOURCES, INC. | 12/18/1998 | 868 | 374 | 558865 | JEFFERSON DAVIS |
| 0868162-000-L | FOLLEY, JOHN D. ET UX KARINE | HS RESOURCES, INC. | 2/18/1999 | 880 | 905 | 560977 | JEFFERSON DAVIS |
| 0868163-000-L | LEVINGSTON, DAVID L. | HS RESOURCES, INC. | 2/2/1999 | 878 | 867 | 559954 | JEFFERSON DAVIS |
| 0868163-002-L | SPANO, DON E ETUX REBECCA | HS RESOURCES, INC. | 2/2/1999 | 878 | 878 | 559969 | JEFFERSON DAVIS |
| 0868163-002-L | CALDARERA, PETER, JR. | HS RESOURCES, INC. | 2/8/1999 | 878 | 883 | 559969 | JEFFERSON DAVIS |
| 0868163-003-L | HILL, REBECCA BUTTS | HS RESOURCES, INC. | 2/8/1999 | 879 | 126 | 560992 | JEFFERSON DAVIS |

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2009, by and among
Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Grantors, and Shoreline Southeast LLC, as Grantee.

LEASES

| LEASE NO | LESSOR | LESSEE | DATE | BOOK | PAGE | REFERENCE | PARISH |
|---|---|---|---|---|---|---|---|
| 0868163-004-L | BARRY, RICHARD J., M.D. | HS RESOURCES, INC. | 2/15/1999 | 878 | 876 | 559887 | JEFFERSON DAVIS |
| 0868163-005-L | CLARK, WILLIAM W. | HS RESOURCES, INC. | 2/10/1999 | 879 | 369 | 560148 | JEFFERSON DAVIS |
| 0868168-004-L | PWK TIMBERLAND CORPORATION | HS RESOURCES, INC. | 3/16/1999 | 880 | 741 | 560881 | JEFFERSON DAVIS |
| 0868170-000-L | FAY, ALBERT B., JR., ET AL. | HS RESOURCES, INC. | 3/30/1999 | 880 | 319 | 562398 | JEFFERSON DAVIS |
| 0868171-000-L | SHADDOCK, WILLIAM E. - 1991 PARTNERSHIP | HS RESOURCES, INC. | 7/1/1999 | 887 | 800 | 564098 | JEFFERSON DAVIS |
| 0868171-015-L | VERRET, MERLIN J. & BETTY C. VERRET | HS RESOURCES, INC. | 10/1/1999 | 886 | 182 | 565572 | JEFFERSON DAVIS |
| 0868172-000-L | RUFFIER, JOAN DIAL & PATRICIA DIAL VIG | HS RESOURCES, INC. | 5/21/1999 | 883 | 537 | 562507 | JEFFERSON DAVIS |
| 0868172-001-L | TOW, BARBARA FREEMAN | HS RESOURCES, INC. | 5/21/1999 | 883 | 533 | 562508 | JEFFERSON DAVIS |
| 0868172-002-L | FREEMAN, G. CHESTER, JR. | HS RESOURCES, INC. | 5/21/1999 | 883 | 521 | 562503 | JEFFERSON DAVIS |
| 0868172-003-L | PONCIA, RAYMOND JEROME, JR. | HS RESOURCES, INC. | 5/21/1999 | 883 | 525 | 562506 | JEFFERSON DAVIS |
| 0868172-004-L | TROUT, CLAIRE PONCIA | HS RESOURCES, INC. | 5/21/1999 | 883 | 529 | 562505 | JEFFERSON DAVIS |
| 0868172-005-L | SITZES, CATHERINE HUGGINS | HS RESOURCES, INC. | 5/21/1999 | 883 | 541 | 562504 | JEFFERSON DAVIS |
| 0868172-006-L | HUGGINS, ZAMA ELIZABETH | HS RESOURCES, INC. | 5/21/1999 | 883 | 833 | 562732 | JEFFERSON DAVIS |
| 0868172-007-L | ANDERSON, STEPHANIE HUGGINS | HS RESOURCES, INC. | 5/21/1999 | 883 | 829 | 562731 | JEFFERSON DAVIS |
| 0868172-008-L | WENGER, HOLLY HUGGINS | HS RESOURCES, INC. | 6/1/1999 | 884 | 75 | 562855 | JEFFERSON DAVIS |
| 0868172-010-L | HUGGINS, IVY J. | HS RESOURCES, INC. | 6/1/1999 | 884 | 843 | 563231 | JEFFERSON DAVIS |
| 0868172-010-L | HUGGINS, JOY F. | HS RESOURCES, INC. | 6/1/1999 | 884 | 839 | 563230 | JEFFERSON DAVIS |
| 0868172-011-L | HUGGINS, ARTHUR E., JR. | HS RESOURCES, INC. | 6/1/1999 | 884 | 647 | 563232 | JEFFERSON DAVIS |
| 0868219-000-L | ROTHCHILD, FRANCIS E., JR. ET AL | HS RESOURCES, INC. | 3/15/2001 | 912 | 438 | 578093 | JEFFERSON DAVIS |
| 0868229-000-L | GEORGE KARAM FAMILY PROPERTIES, LLC | KERR-MCGEE ROCKY MOUNTAIN CORPORATION | 9/11/2001 | 919 | 941 | 582704 | JEFFERSON DAVIS |
| 0868285-000-L | KRATZER, JAMES ET UX CAROLYN | ST MARY LAND AND EXPLORATION COMPANY | 8/7/1998 | 868 | 640 | 555187 | JEFFERSON DAVIS |
| 0868286-000-L | THOMAS, HELEN HUNTER, ET AL | ST. MARY LAND AND EXPLORATION CO | 7/27/1998 | 867 | 764 | 554824 | JEFFERSON DAVIS |
| 0868289-000-L | TRAHAN, DAVID MICHAEL ET UX | ST. MARY LAND AND EXPLORATION CO | 7/30/1998 | 868 | 193 | 555000 | JEFFERSON DAVIS |
| 0868290-000-L | KRATZER, JAMES NOLAN ET UX | ST MARY LAND AND EXPLORATION COMPANY | 7/30/1998 | 868 | 435 | 555102 | JEFFERSON DAVIS |
| 0868291-000-L | MORVANT, CIVRILLIAN JR ET UX | ST MARY LAND AND EXPLORATION CO | 7/31/1998 | 868 | 197 | 555000 | JEFFERSON DAVIS |
| 0868292-000-L | PRUIT, JIMMY GLEN, ET UX | ST MARY LAND AND EXPLORATION CO | 8/5/1998 | 869 | 582 | 555838 | JEFFERSON DAVIS |
| 0868293-000-L | BUTCHER, RUTH LORENE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 873 | 274 | 556881 | JEFFERSON DAVIS |
| 0868293-001-L | TATE, MONA LYNN DEVILBISS ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/22/1998 | 870 | 97 | 555708 | JEFFERSON DAVIS |
| 0868293-002-L | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 869 | 913 | 555777 | JEFFERSON DAVIS |
| 0868293-003-L | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/20/1998 | 869 | 934 | 555776 | JEFFERSON DAVIS |
| 0868293-004-L | DEVILBISS, CECIL F ET AL | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 870 | 2 | 555780 | JEFFERSON DAVIS |
| 0868293-005-L | DEVILBISS, ALAN JEROME | ST MARY LAND AND EXPLORATION COMPANY | 7/29/1998 | 870 | 34 | 555788 | JEFFERSON DAVIS |
| 0868293-006-L | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 870 | 55 | 555790 | JEFFERSON DAVIS |
| 0868293-007-L | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 870 | 78 | 555794 | JEFFERSON DAVIS |
| 0868293-008-L | BELL, ALVEY | ST MARY LAND AND EXPLORATION COMPANY | 7/23/1998 | 872 | 178 | 556424 | JEFFERSON DAVIS |
| 0868293-009-L | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 17 | 556399 | JEFFERSON DAVIS |
| 0868293-010-L | SANCHEZ, HARRIETTE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 120 | 556413 | JEFFERSON DAVIS |
| 0868293-011-L | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 297 | 556498 | JEFFERSON DAVIS |
| 0868293-012-L | DEVILBISS, OLA MAE LEE ET AL | ST MARY LAND AND EXPLORATION COMPANY | 8/12/1998 | 870 | 123 | 555826 | JEFFERSON DAVIS |
| 0868293-013-L | DEVILBISS, THOMAS E, JR. | ST MARY LAND AND EXPLORATION COMPANY | 9/7/1998 | 871 | 168 | 556077 | JEFFERSON DAVIS |
| 0868293-014-L | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 871 | 337 | 556129 | JEFFERSON DAVIS |

COB: 648840; Page: 17; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]
Page 3 of 5

449

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2009, by and among
Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Grantors, and Shoreline Southeast LLC, as Grantee.

LEASES

| LEASE NO. | LESSOR | LESSEE | DATE | BOOK | PAGE | REFERENCE | PARISH |
|---|---|---|---|---|---|---|---|
| 0868293-015-L | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 402 | 556560 | JEFFERSON DAVIS |
| 0868293-016-L | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | 8/20/1998 | 874 | 291 | 557320 | JEFFERSON DAVIS |
| 0868293-017-L | DEVILBISS, MARK DAVID | ST MARY LAND AND EXPLORATION COMPANY | 8/20/1998 | 873 | 821 | 557143 | JEFFERSON DAVIS |
| 0868293-018-L | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 873 | 775 | 557134 | JEFFERSON DAVIS |
| 0868293-019-L | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION COMPANY | 7/28/1998 | 874 | 210 | 557310 | JEFFERSON DAVIS |
| 0868293-020-L | DEVILBISS, JONI LYNN | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 872 | 848 | 556750 | JEFFERSON DAVIS |
| 0868293-021-L | DEVILBISS, JOHN HOWARD | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 759 | 556733 | JEFFERSON DAVIS |
| 0868293-022-L | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/31/1998 | 868 | 264 | 555012 | JEFFERSON DAVIS |
| 0868293-023-L | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/23/1998 | 867 | 843 | 554540 | JEFFERSON DAVIS |
| 0868293-024-L | CAMPBELL, THOMAS G. ET UX | ST MARY LAND AND EXPLORATION COMPANY | 7/27/1998 | 867 | 743 | 554520 | JEFFERSON DAVIS |
| 0868293-025-L | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | 8/8/1998 | 874 | 948 | 557658 | JEFFERSON DAVIS |
| 0868293-026-L | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 64 | 556402 | JEFFERSON DAVIS |
| 0868293-027-L | BELL, MICHAEL | HS RESOURCES, INC. | 11/3/1996 | 890 | 700 | 566268 | JEFFERSON DAVIS |
| 0868293-028-L | REDLIN, REBECCA LYNN BELL | ST MARY LAND AND EXPLORATION COMPANY | 11/3/1998 | 891 | 204 | 566440 | JEFFERSON DAVIS |
| 0868293-029-L | SEIBERT, WILLIAM W. | KERR-MCGEE ROCKY MOUNTAIN CORP | 4/7/2000 | 927 | 173 | 587271 | JEFFERSON DAVIS |
| 0868294-000-L | MCGOWAN WORKING PARTNERS | ST MARY LAND AND EXPLORATION COMPANY | 9/30/1998 | 873 | 728 | 557125 | JEFFERSON DAVIS |
| 0868294-001-L | BELL, ALVEY | ST MARY LAND AND EXPLORATION COMPANY | 7/23/1998 | 872 | 187 | 556422 | JEFFERSON DAVIS |
| 0868294-002-L | DEVILBISS, ALAN JEROME | ST MARY LAND AND EXPLORATION COMPANY | 7/28/1998 | 871 | 589 | 556285 | JEFFERSON DAVIS |
| 0868294-003-L | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | 8/20/1998 | 874 | 292 | 557326 | JEFFERSON DAVIS |
| 0868294-004-L | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 591 | 556558 | JEFFERSON DAVIS |
| 0868294-005-L | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/20/1998 | 871 | 834 | 558295 | JEFFERSON DAVIS |
| 0868294-006-L | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION COMPANY | 7/28/1998 | 874 | 235 | 557315 | JEFFERSON DAVIS |
| 0868294-007-L | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 871 | 947 | 556387 | JEFFERSON DAVIS |
| 0868294-008-L | TATE, MONA LYNN DEVILBISS ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/22/1998 | 872 | 722 | 556726 | JEFFERSON DAVIS |
| 0868294-009-L | DEVILBISS, THOMAS E. ET AL | ST MARY LAND AND EXPLORATION COMPANY | 9/7/1998 | 871 | 182 | 556074 | JEFFERSON DAVIS |
| 0868294-010-L | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 871 | 130 | 556064 | JEFFERSON DAVIS |
| 0868294-011-L | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 871 | 151 | 556068 | JEFFERSON DAVIS |
| 0868294-012-L | DEVILBISS, JOHN HOWARD | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 743 | 556730 | JEFFERSON DAVIS |
| 0868294-013-L | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1999 | 871 | 89 | 556058 | JEFFERSON DAVIS |
| 0868294-014-L | SANCHEZ, HARRIETTE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 136 | 556416 | JEFFERSON DAVIS |
| 0868294-015-L | DEVILBISS, OLA MAE LEE ET AL | ST MARY LAND AND EXPLORATION COMPANY | 8/12/1998 | 870 | 128 | 555804 | JEFFERSON DAVIS |
| 0868294-016-L | DEVILBISS, MARK DAVID | ST MARY LAND AND EXPLORATION COMPANY | 8/20/1998 | 873 | 837 | 557146 | JEFFERSON DAVIS |
| 0868294-017-L | DEVILBISS, JONI LYNN | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 873 | 815 | 556744 | JEFFERSON DAVIS |
| 0868294-018-L | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 873 | 749 | 557129 | JEFFERSON DAVIS |
| 0868294-019-L | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 871 | 353 | 556132 | JEFFERSON DAVIS |
| 0868294-020-L | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 296 | 556497 | JEFFERSON DAVIS |
| 0868294-021-L | MORGAN, DONALD R. ET UX | ST MARY LAND AND EXPLORATION COMPANY | 7/31/1998 | 867 | 659 | 554843 | JEFFERSON DAVIS |
| 0868294-022-L | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/31/1998 | 868 | 260 | 555011 | JEFFERSON DAVIS |
| 0868294-023-L | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/23/1998 | 867 | 808 | 554533 | JEFFERSON DAVIS |
| 0868294-024-L | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | 8/8/1998 | 875 | 32 | 557663 | JEFFERSON DAVIS |
| 0868294-025-L | BUTCHER, RUTH LORENE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 873 | 263 | 556879 | JEFFERSON DAVIS |

450

EXHIBIT "A"

Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2009, by and among Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Grantors, and Shoreline Southeast LLC, as Grantee.

LEASES

| LEASE NO. | LESSOR | LESSEE | DATE | BOOK | PAGE | REFERENCE | PARISH |
|---|---|---|---|---|---|---|---|
| 0868294-020-L | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 48 | 556388 | JEFFERSON DAVIS |
| 0868295-000-L | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/31/1998 | 868 | 285 | 555018 | JEFFERSON DAVIS |
| 0868296-001-L | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/23/1998 | 867 | 849 | 554841 | JEFFERSON DAVIS |
| 0868295-002-L | MORGAN, DONALD R. | ST MARY LAND AND EXPLORATION COMPANY | 7/21/1998 | 867 | 854 | 554842 | JEFFERSON DAVIS |
| 0868295-003-L | BELL, ALVEY | ST MARY LAND AND EXPLORATION COMPANY | 7/23/1998 | 872 | 182 | 556421 | JEFFERSON DAVIS |
| 0868295-004-L | DEVILBISS, ALAN JEROME | ST MARY LAND AND EXPLORATION COMPANY | 7/29/1998 | 871 | 584 | 556284 | JEFFERSON DAVIS |
| 0868295-005-L | BUTCHER, RUTH LORENE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 873 | 269 | 556860 | JEFFERSON DAVIS |
| 0868295-006-L | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | 9/20/1998 | 874 | 277 | 557323 | JEFFERSON DAVIS |
| 0868295-007-L | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 433 | 556568 | JEFFERSON DAVIS |
| 0868295-008-L | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/20/1998 | 871 | 840 | 556296 | JEFFERSON DAVIS |
| 0868295-009-L | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION COMPANY | 7/28/1998 | 874 | 190 | 557306 | JEFFERSON DAVIS |
| 0868295-010-L | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 871 | 953 | 556388 | JEFFERSON DAVIS |
| 0868295-011-L | TATE, MONA LYNN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 7/22/1998 | 872 | 780 | 556737 | JEFFERSON DAVIS |
| 0868295-012-L | DEVILBISS, THOMAS E. | ST MARY LAND AND EXPLORATION COMPANY | 9/7/1998 | 871 | 188 | 556075 | JEFFERSON DAVIS |
| 0868295-013-L | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 871 | 125 | 556063 | JEFFERSON DAVIS |
| 0868295-014-L | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 871 | 167 | 556071 | JEFFERSON DAVIS |
| 0868295-015-L | DEVILBISS, JOHN HOWARD | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 749 | 556731 | JEFFERSON DAVIS |
| 0868295-016-L | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION COMPANY | 8/2/1998 | 871 | 94 | 556057 | JEFFERSON DAVIS |
| 0868295-017-L | SANCHEZ, HARRIETTE DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 131 | 556415 | JEFFERSON DAVIS |
| 0868295-018-L | DEVILBISS, OLA MAE LEE | ST MARY LAND AND EXPLORATION COMPANY | 8/12/1998 | 871 | 605 | 556288 | JEFFERSON DAVIS |
| 0868295-019-L | DEVILBISS, MARK DAVID | ST MARY LAND AND EXPLORATION COMPANY | 9/20/1998 | 873 | 852 | 557145 | JEFFERSON DAVIS |
| 0868295-020-L | DEVILBISS, JONI LYNN | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 873 | 810 | 556743 | JEFFERSON DAVIS |
| 0868295-021-L | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 873 | 770 | 557133 | JEFFERSON DAVIS |
| 0868295-022-L | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION COMPANY | 8/27/1998 | 871 | 348 | 558131 | JEFFERSON DAVIS |
| 0868295-023-L | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 278 | 556495 | JEFFERSON DAVIS |
| 0868295-024-L | FERGUSON, ROBERT LYNN | ST MARY LAND AND EXPLORATION COMPANY | 10/17/1998 | 874 | 617 | 557456 | JEFFERSON DAVIS |
| 0868295-025-L | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | 8/6/1998 | 875 | 17 | 557860 | JEFFERSON DAVIS |
| 0868295-026-L | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION COMPANY | 9/11/1998 | 872 | 54 | 558405 | JEFFERSON DAVIS |
| 0868318-000-L | QUATRE MINERAL, LLC | HS RESOURCES, INC. | 1/29/1999 | 368 | 541 | 401437 | JEFFERSON DAVIS |
| 0868325-000-L | QUATRE MINERAL, LLC | HS RESOURCES, INC. | 10/11/1999 | 891 | 511 | 568770 | JEFFERSON DAVIS |
| 0868369-000-L | QUATRE MINERAL, LLC | HS RESOURCES, INC. | 3/1/2001 | 924 | 578 | 585844 | JEFFERSON DAVIS |
| 0868439-000-L | MCCOWN, KENNETH W ET UX | HS RESOURCES, INC. | 4/14/2000 | 899 | 15 | 571349 | JEFFERSON DAVIS |
| 0868440-000-L | NATALI, INC. (J.A.T.K.Y.) ET AL | HS RESOURCES, INC. | 7/20/2001 | 916 | 381 | 591210 | JEFFERSON DAVIS |
| 0868459-000-L | CAGLE, MARY BELL ROANE LAND TR | HS RESOURCES, INC. | 9/7/2001 | 918 | 868 | 591514 | JEFFERSON DAVIS |
| 0868460-000-L | MCCOWN, KENNETH W ET UX RAMONA | HS RESOURCES, INC. | 8/4/1999 | 883 | 363 | 562399 | JEFFERSON DAVIS |
| 0868461-000-L | MEYERS, HERBERT L & KATHERINE-LVG TR | HS RESOURCES, INC. | 6/22/2001 | 916 | 384 | 591207 | JEFFERSON DAVIS |
| GRAND LAKE | | | | | | | |
| 0000242-000-L | LOUISIANA, STATE OF LEASE NO. 344 | W. T. BURTON | 3/9/1930 | 29 | 251 | 33041 | CAMERON |

451

EXHIBIT "A-1"

Attached to and made a part of that certain Assignment and Bill of Sale dated effective October 1, 2009, by and among
Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Grantors, and Shoreline Southeast LLC, as Grantee.

**WELLS**

| CCNUM | APINUM10 | WELL NAME | WELLNUM | REG FIELD | COUNTY | STATE | OPERATOR | STATUS | WI | NRI |
|---|---|---|---|---|---|---|---|---|---|---|
| LA.700.020 | 1702322950 | SABINE LK 19005 1 | 1 | SABINE LAKE OFFSHORE | CAMERON | LA | BALLARD EXPLORATION CO INC | PR | 15.00% | 11.03% |
| LA.830.110 | 1705321389 | QUATRE PARISH | 127-01 | THOMPSON BLUFF | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 33.75% | 24.01% |
| LA.630.025 | 1701922030 | TEMPLE INLAND 2 | 01 | DEQUINCY | CALCASIEU | LA | CRIMSON EXPLORATION | PR | 18.31% | 13.62% |
| LA.830.030 | 1705321228 | HAYES LUMBER (CXPO) | 01 | TOPSY | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 18.75% | 15.26% |
| LA.830.065 | 1705321306 | HAYES MINERALS | 29-01 | TOPSY | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 18.75% | 15.26% |
| LA.830.035 | 1705321238 | HAYES LUMBER | 02 | TOPSY | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 37.50% | 26.58% |
| LA.832.053 | 1705321251 | TOLLEY KARNE | 01 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 41.67% | 32.13% |
| LA.830.075 | 1705321250 | JOHN FOLLEY | 02 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 41.67% | 32.16% |
| LA.830.135 | 1705321249 | EEL ESTATE | 21-01 | INDIAN VILLAGE | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 46.76% | 34.79% |
| LA.830.100 | 1705321525 | KENNETH MCCOWN | 29-01 | INDIAN VILLAGE | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 50.00% | 38.50% |
| LA.630.060 | 1705321353 | HELEN HUNTER THOMAS | 01 | ROANOKE | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 50.00% | 40.41% |
| LA.630.020 | 1701922015 | WILLIAMS | 24-01 | DEQUINCY | CALCASIEU | LA | CRIMSON EXPLORATION | PR | 50.00% | 38.08% |
| LA.830.080 | 1705321273 | KING CORP | 01 | INDIAN VILLAGE | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 50.00% | 37.55% |
| LA.830.055 | 1705321376 | TEXACO INC | 26-01 | THOMPSON BLUFF | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | PR | 50.00% | 37.50% |
| LA.800.017 | 1702300123 | ISL 344 | 17 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | PR | 100.00% | 79.00% |
| LA.800.014D | 1702300121 | ISL 344 | 14D | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | PR | 100.00% | 79.00% |
| LA.800.024 | 1702320079 | ISL 344 | 24 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | PR | 100.00% | 79.00% |
| LA.800.025 | 1702320048 | ISL 344 | 25 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | PR | 100.00% | 79.00% |
| LA.800.035 | 1702322011 | ISL 344 | 35 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | PR | 100.00% | 79.00% |
| LA.800.238 | 1702322198 | ISL 344 | 38 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | PR | 100.00% | 79.00% |
| LA.830.115 | 1705321394 | BEL MINERAL | 22-1 | TOPSY | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SI/TA | 30.70% | 21.34% |
| LA.830.045 | 1705321347 | LARRY DOUGET | 1D | INDIAN VILLAGE | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SI/TA | 49.72% | 37.65% |
| LA.830.112 | 1705321248 | RICE ACRES | 01 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SI/TA | 50.00% | 37.50% |
| LA.830.055 | 1705321357 | WALKER LA PROP | 01 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SI/TA | 50.00% | 33.52% |
| LA.830.070 | 1705321256 | HAYES LUMBER | 11-1 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SI/TA | 50.00% | 37.50% |
| LA.830.105 | 1705321360 | ADAMS | 31-01 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SI/TA | 62.47% | 48.04% |
| LA.820.004 | 1702320079 | LACASSINE B | 04 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.820.012 | 1702322033 | LACASSINE B | 12 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.820.001 | 1702320000 | LACASSINE B | 01 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.820.008 | 1702321523 | LACASSINE B | 08 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.026 | 1702321050 | ISL 344 | 26 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.028 | 1702321709 | ISL 344 | 28 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.030 | 1702321555 | ISL 344 | 30 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.031 | 1702321852 | ISL 344 | 31 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.032 | 1702321943 | ISL 344 | 32 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.037 | 1702322109 | ISL 344 | 37 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.012 | 1702320019 | ISL 344 | 12 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.021 | 1702300127 | ISL 344 | 21 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.001 | 1702300100 | ISL 344 | 01 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.008 | 1702320015 | ISL 344 | 08 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.009 | 1702320016 | ISL 344 | 09 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.029 | 1702321695 | ISL 344 | 29 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.004 | 1702300011 | ISL 344 | 04 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.002 | 1702300109 | ISL 344 | 02 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.033 | 1702321553 | ISL 344 | 33 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.038 | 1702322505 | ISL 344 | 38 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.007 | 1702301014 | ISL 344 | 07 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.800.019 | 1702321025 | ISL 344 | 19 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SI/TA | 100.00% | 79.00% |
| LA.820.010 | 1702322473 | LACASSINE B | 10 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.820.002 | 1703388034 | LACASSINE B | 02 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.820.111 | 1702322551 | LACASSINE B | 11 | LACASSINE REFUGE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.800.013 | 1702301020 | ISL 344 | 13 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.800.100 | 1702388016 | ISL 344 SWD | 01 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.800.034 | 1702322043 | ISL 344 SWD | 34 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.800.005 | 1702320012 | ISL 344 | 05 | GRAND LAKE | CAMERON | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.830.143 | 1705321503 | KENNETH MCCOWN | 33-01 | INDIAN VILLAGE | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |
| LA.830.150 | 1705388048 | DOROTHY R SONNIER | 01 | FENTON | JEFFERSON DAVIS | LA | CRIMSON EXPLORATION | SWD | 100.00% | 0.00% |

COB. 648840, Page. 20, Filed: 2/1/2010 12:00:00AM [jeffersondavis:]

453

Exhibit "B"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective
October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as
Sellers and Shoreline Southeast LLC, as Buyer.

| CONTRACTS | | | | |
|---|---|---|---|---|
| CONTRACT NO | CONTRACT NAME | CONTRACT DESCRIPTION | DATE | PARISH |
| | | | | |
| **SABINE LAKE** | | | | |
| 000423-C | JOINT OPERATING AGREEMENT | SL 19095 #1 | 6/20/2007 | CAMERON |
| 000424-C | PARTICIPATION AGREEMENT | SL 19095 #1 | 6/20/2007 | CAMERON |
| | | | | |
| **GRAND LAKE** | | | | |
| 000415-C | JOINT OPERATING AGREEMENT | GRAND LAKE JOA | 7/1/2001 | CAMERON |
| 000416-C | SEISMIC PERMIT | | 5/3/2004 | CAMERON |
| | | | | |
| **LACASSINE** | | | | |
| 000417-C | UNIT ORDER AGRMT 868 | LACASSINE "B" | 11/23/1970 | CAMERON |
| | | | | |
| **FENTON** | | | | |
| 000430-C | JOINT OPERATING AGRMT | KM-25948 -J A BEL EST 21-1 U HBY RA SUA | 10/11/1999 | JEFFERSON DAVIS |
| 000430A-C | ESCROW AGRMT | KM-25948-A ESCROW AGREEMENT BEL 21-1 | 2/29/2000 | JEFFERSON DAVIS |
| 000430B-C | UNIT ORDER | KM-25948-B U HBY RA SUA-J A BEL 21-1 | 1/18/2000 | JEFFERSON DAVIS |
| 000430C-C | UNIT ORDER | KM-25948-C ORDER 143-B-1 U HBY RA SUA BEL 21-1 | 7/27/2004 | JEFFERSON DAVIS |
| 000431-C | FARMOUT | W NOBLE ENERGY ADAMS 31 1 FARMOUT AGREEMENT | 8/27/2004 | JEFFERSON DAVIS |
| 000433-C | SALT WATER DISPOSAL AGRMT | KENNETH MCCOWN ETUX SWD AGREEMENT | 8/8/2004 | JEFFERSON DAVIS |
| 000434-C | JOINT OPERATING AGRMT | KM-25951 - FOLLEY 1 & 2 - HBY RB SUA | 8/11/1999 | JEFFERSON DAVIS |
| 000434A-C | UNIT ORDER | KM-25951-A-HBY RB SUA #1448-C-1 FOLLEY | 9/6/2000 | JEFFERSON DAVIS |
| 000440-C | JOINT OPERATING AGRMT | KM-25956 - HAYES LBR #1 & MINERALS 29-1 | 1/6/1998 | JEFFERSON DAVIS |
| 000440A-C | UNIT ORDER | KM-25956-A CC ORDER 957-C - NS RA HAYES LUMBER 29-1 HAYES MINERALS 29-1 | 2/9/1999 | JEFFERSON DAVIS |
| 000440B-C | UNIT ORDER | KM-25956-B HAYES LUMBER CO / HS RESOURCE; HAYES LUMBER 29-1 | | JEFFERSON DAVIS |
| 000440C-C | UNIT ORDER | ORDER 957 B HBY 4 RA & RB HAYES LUMBER 29-1 & HAYES MINERALS 29-1 | 1/27/2004 | JEFFERSON DAVIS |
| 000440D-C | JOINT OPERATING AGRMT | KM-25956D M&M AND SOUTHTECH HAYES LUMBER 29-1 | 1/6/1998 | JEFFERSON DAVIS |
| 000440E-C | UNIT ORDER | KM-25956-E ORDER 957-B-2, HBY 4 RA SUA HAYES LUMBER 29-1 | 7/26/2004 | JEFFERSON DAVIS |
| 000448-C | JOINT OPERATING AGRMT | KM-25957 HAYES LUMBER #28-2 | 3/22/1999 | JEFFERSON DAVIS |
| 000448A-C | UNIT ORDER | KM-25957-A CC ORDER-HBY 4 RB SUA HAYES LUMBER 28-2 | 2/9/1999 | JEFFERSON DAVIS |
| 000448B-C | UNIT ORDER | KM-25957-B CC ORDER, C 6400 RA SUA HAYES LUMBER 28-2 | 10/25/2000 | JEFFERSON DAVIS |
| 000451-C | JOINT OPERATING AGRMT | KM-25960 - HELEN H THOMAS #1 | 10/23/2000 | JEFFERSON DAVIS |

COB: 648840; Page: 21; Filed: 2/1/2010 12:00:00AM [jeffersondavis ]

454

Exhibit "B"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| CONTRACTS | | | | |
|---|---|---|---|---|
| CONTRACT NO | CONTRACT NAME | CONTRACT DESCRIPTION | DATE | PARISH |
| 000451A-C | UNIT ORDER | KM-25960-A HELEN H THOMAS #1 HBY RA | 3/1/2001 | JEFFERSON DAVIS |
| 000469-C | JOINT OPERATING AGRMT | KM-25969 - KING CORP #25-1 W/ASPECT | 3/1/2001 | JEFFERSON DAVIS |
| 000459A-C | UNIT ORDER | KM-25969-A - ORD.143-E, KING CORP 25-1 | 8/12/2001 | JEFFERSON DAVIS |
| 000461-C | JOINT OPERATING AGRMT | KM-26970 - L. DOUGET #1 PN 427102 | 4/1/2000 | JEFFERSON DAVIS |
| 000461A-C | UNIT ORDER | KM-25970-A-ORD. 143-B-DOUGET& BEL21-1 | 1/18/2000 | JEFFERSON DAVIS |
| 000461B-C | UNIT ORDER | KM-25970-B - ORDER 143-C - DOUGET 1 | 1/18/2000 | JEFFERSON DAVIS |
| 000461C-C | ESCROW AGRMT | KM-25970-C ESCROW AGREEMENT DOUGET 1D | 7/1/1999 | JEFFERSON DAVIS |
| 000471-C | UNIT ORDER | KM-25973 - HBY RB SUA- K MCCOWN 33-1 | 7/31/2001 | JEFFERSON DAVIS |
| 000471A-C | JOINT OPERATING AGRMT | KM-25973-A - MCCOWN #33-1 PN 427105 | 11/1/2001 | JEFFERSON DAVIS |
| 000478-C | JOINT OPERATING AGRMT | KM-25978 - TEXACO NO. 26-1 WELL | 5/1/2001 | JEFFERSON DAVIS |
| 000478A-C | UNIT ORDER | KM-25978-A ORDER #505-A, TEXACO 26-1 | 3/21/2001 | JEFFERSON DAVIS |
| 000480-C | JOINT OPERATING AGRMT | KM-25980-WALKER LA. # 1- HBY RA SUB | 11/1/1999 | JEFFERSON DAVIS |
| 000480A-C | UNIT ORDER | KM-25980-A - HBY RA SUB - WALKER LA #1 | 4/13/1999 | JEFFERSON DAVIS |
| 000482-C | JOINT VENTURE AGREEMENT | KM-26063 N. GILLIS JOINT VENTURE AGMT HAYES LUMBER & HAYES MINERALS | 10/15/1997 | JEFFERSON DAVIS |
| 000483-C | JOINT VENTURE AGREEMENT | HUNT HSR N GILLIS PROJ AREA | 7/27/1999 | JEFFERSON DAVIS |
| 000488-C | JOINT OPERATING AGRMT | KM-26130 HBY RB SUB & 9100' SAND RES A MCCOWN 29-1 | 11/15/2002 | JEFFERSON DAVIS |
| 000488A-C | UNIT ORDER | KM-26130A HBY RB SUB-MCCOWN 29-1 | 4/22/2003 | JEFFERSON DAVIS |
| 000488B-C | UNIT ORDER | KM-26130B 9100' SAND RESERVOIR A-MCCOWN 29-1 | 4/22/2003 | JEFFERSON DAVIS |
| 000493-C | LETTER AGREEMENT | KM-26160 - ASPECT RESOURCES TEMPLE-INLAND 2-1 | 9/12/2002 | CALCASIEU |
| 000494-C | LLC OPERATING AGREEMENT | KM-26181 SOUTHTECH, ASPECT, HS | | JEFFERSON DAVIS |
| 000495-C | ESCROW AGRMT | KM-26219 - FOLLEY, JOHN D | | JEFFERSON DAVIS |
| 000498-C | JOINT OPERATING AGRMT | OA WITH ASPECT WILLIAMS 24-1 | 11/26/2003 | JEFFERSON DAVIS |
| 000498A-C | UNIT ORDER | ORDER NO 1462 A WILLIAMS 24 1 | 5/26/2004 | JEFFERSON DAVIS |
| 000498-C | JOINT OPERATING AGRMT | JOINT OPERATING AGREEMENT ADAMS 31-1 | 3/10/2004 | JEFFERSON DAVIS |
| 000498A-C | VOLUNTARY UNIT AGREEMENT | VOLUNTARY UNIT AGREEMENT; ADAMS 31-1 | 8/12/2004 | JEFFERSON DAVIS |
| 000498B-C | LETTER AGREEMENT | LETTER AGREEMENT; LOUIS HARVEY ADAMS ETAL ADAMS 31-1 | 1/1/2004 | JEFFERSON DAVIS |

COB: 640840; Page: 22; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

Page 2 of 3

455

Exhibit "B"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| CONTRACTS | | | | |
|---|---|---|---|---|
| CONTRACT NO | CONTRACT NAME | CONTRACT DESCRIPTION | DATE | PARISH |
| 000500-C | LETTER AGREEMENT | LETTER AGRMT WITH TOPAZ & ASPECT TEMPLE-INLAND 2-1 | 1/10/2004 | JEFFERSON DAVIS |
| 000501-C | JOINT OPERATING AGRMT | OA W/ASPECT & TOPAZ BUXTON CREEK A TEMPLE-INLAND 2-1 | 6/23/2004 | CALCASIEU |
| 000502-C | JOINT OPERATING AGRMT | OA W/GAITHER ASSET MANAGEMENT, INC. TEMPLE-INLAND 2-1 | 6/23/2004 | CALCASIEU |
| 000503-C | UNIT ORDER | KM-26348-A ORDER NO 195-B-3 TEMPLE-INLAND 2-1 | 8/17/2004 | CALCASIEU |
| 000504-C | PARTICIPATION AGREEMENT | KM-26411 TOPSY PROSPECT PART AGRMT | 7/30/2004 | JEFFERSON DAVIS |
| 000504A-C | LETTER AGREEMENT | KM-26411A TOPSY PROSPECT PROPOSAL & AFE QUATRE 27-1 & BEL 22-1 | 7/30/2004 | JEFFERSON DAVIS |
| 000504B-C | JOINT OPERATING AGRMT | KM-26411B TOPSY PROSPECT JOA | 7/30/2004 | JEFFERSON DAVIS |
| 000504C-C | UNIT ORDER | KM-26411C ORDER NO 957-E QUATRE PARISH 27-1 | 1/18/2005 | JEFFERSON DAVIS |
| 000504D-C | UNIT ORDER | KM-26411D ORDER NO 957-C-2 QUATRE PARISH 27-1 | 1/18/2005 | JEFFERSON DAVIS |
| 000509-C | UNIT ORDER | KM-26472 ORDER NO 957-C-3 BEL MINERAL 22-1 | 11/15/2005 | JEFFERSON DAVIS |
| 000509A-C | UNIT ORDER | KM-26472A ORDER NO 957-E-1 BEL MINERAL 22-1 | 11/15/2005 | JEFFERSON DAVIS |

COB: 648840; Page: 23; Filed: 2/1/2010 12:00:00AM  [jeffersondavis ]

456

Exhibit "C"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| CONTRACT NO | CONTRACT NAME | CONTRACT DESCRIPTION | DATE | PARISH |
|---|---|---|---|---|
| | | | | |
| SABINE LAKE | | | | |
| N/A | N/A | N/A | N/A | N/A |
| GRAND LAKE | | | | |
| 0000237-000-R | RIGHT OF WAY AGREEMENT | GRAND LAKE SL 344 | 8/4/1999 | CAMERON |
| 0000243-000-S | SUBLEASE AGREEMENT | GRAND LAKE SL 344 | 5/30/1996 | CAMERON |
| 0040515-000-R | NON-EXECUTIVE AGREEMENT | GRAND LAKE SL 344 | 9/15/1999 | CAMERON |
| | | | | |
| LACASSINE | | | | |
| 0000248-000-R | RIGHT OF WAY AGREEMENT | LACASSINE "B" | 10/31/1972 | CAMERON |
| | | | | |
| FENTON | | | | |
| 0784498-000-R | EASEMENT AND ROW AGRMT | KENNETH MCCOWN 29-1 | 4/8/2003 | JEFFERSON DAVIS |
| 0784497-000-R | RIGHT OF WAY AGREEMENT | KENNETH MCCOWN 29-1 | 4/8/2003 | JEFFERSON DAVIS |
| 0784568-000-R | PIPELINE ROW AGRMT | TEMPLE INLAND 2-1 | 3/18/2003 | CALCASIEU |
| 0784569-000-R | RIGHT OF WAY AGREEMENT | TEMPLE INLAND 2-1 | 3/17/2003 | CALCASIEU |
| 0784657-000-R | RIGHT OF WAY AGREEMENT | KENNETH MCCOWN 29-1 | 4/8/2003 | JEFFERSON DAVIS |
| 0784668-000-S | SALT WATER DISPOSAL AGRMT | DOUGET ETAL 1D, BEL 21-1, MCCOWN 29-1 | 8/2/2004 | ALLEN |
| 0784773-000-R | METER SITE LEASE | ADAMS 31-1 | 9/13/2004 | JEFFERSON DAVIS |
| 0784779-000-S | SURFACE LEASE | WALKER LA PROP #1 | 8/12/2004 | JEFFERSON DAVIS |
| 0784883-000-S | METER SITE LEASE | TEMPLE INLAND 2-1 | 4/1/2005 | CALCASIEU |
| 0784918-000-S | LAND ENTRY PERMIT | TEMPLE INLAND 2-1 | 8/19/2004 | CALCASIEU |
| 0784919-000-R | LAND ENTRY PERMIT | TEMPLE INLAND 2-1 | 1/24/2005 | CALCASIEU |
| 0784922-000-R | PIPELINE SERVITUDE AGRMT | TEMPLE INLAND 2-1 | 3/21/2005 | CALCASIEU |
| 0784923-000-R | RIGHT OF WAY AGREEMENT | TEMPLE INLAND 2-1 | 3/21/2005 | CALCASIEU |
| 0868240-000-R | LETTER AGREEMENT | BEL, JA 21-1 | 10/27/1999 | JEFFERSON DAVIS |
| 0868241-000-R | PIPELINE SERVITUDE AGRMT | BEL, JA 21-1 | 10/11/1999 | JEFFERSON DAVIS |
| 0868260-000-S | MILLER, JC | HS RESOURCES, INC. | 6/25/2001 | JEFFERSON DAVIS |
| 0868261-000-R | RIGHT OF WAY AGREEMENT | WALKER LA PROP #1 | 10/13/1999 | JEFFERSON DAVIS |
| 0868262-000-R | RIGHT OF WAY AGREEMENT | WALKER LA PROP #1 | 10/13/1999 | JEFFERSON DAVIS |
| 0868263-000-R | RIGHT OF WAY AGREEMENT | WALKER LA PROP #1 | 2/5/1999 | JEFFERSON DAVIS |
| 0868264-000-R | RIGHT OF WAY AGREEMENT | WALKER LA PROP #1 | 2/9/1999 | JEFFERSON DAVIS |
| 0868265-000-R | RIGHT OF WAY AGREEMENT | WALKER LA PROP #1 | 2/9/1999 | JEFFERSON DAVIS |
| 0868266-000-S | ROW & METER SITE AGRMT | WALKER LA PROP #1 | 2/19/1999 | JEFFERSON DAVIS |
| 0868287-000-R | PIPELINE SERVITUDE AGRMT | FOLLEY K.F. #1 | 2/14/2000 | JEFFERSON DAVIS |
| 0868288-000-R | RIGHT OF WAY AGREEMENT | FOLLEY K.F. #1 | 1/28/2000 | JEFFERSON DAVIS |
| 0868289-000-R | EASEMENT AND ROW AGRMT | FOLLEY K.F. #1 | 7/20/1999 | JEFFERSON DAVIS |
| 0868276-000-R | RICE ACRES, INC. | HS RESOURCES, INC. | 10/10/1999 | JEFFERSON DAVIS |
| 0828277-000-R | RICE ACRES, INC. | HS RESOURCES, INC. | 6/11/1999 | JEFFERSON DAVIS |
| 0868381-000-R | RICE ACRES, INC. | HS RESOURCES, INC. | 11/29/1999 | JEFFERSON DAVIS |
| 0868382-000-S | SURFACE LEASE | HAYES LUMBER 29-1 | 9/21/1999 | JEFFERSON DAVIS |
| 0868383-000-S | LETTER AGREEMENT | HAYES LUMBER 29-1 | 9/15/1998 | JEFFERSON DAVIS |
| 0868384-000-S | CASH SALE | HAYES LUMBER 29-1 | 9/21/1999 | JEFFERSON DAVIS |
| 0868385-000-R | RIGHT OF WAY AGREEMENT | HAYES LUMBER 29-1 | 9/30/1998 | JEFFERSON DAVIS |
| 0868410-000-R | EASEMENT AND ROW AGRMT | MCCOWN, KENNETH 29-1 | 10/19/2000 | JEFFERSON DAVIS |
| 0868412-000-R | MINERAL EXPL EASEMENT | TEXACO, INC. 26-1 | 8/1/2000 | JEFFERSON DAVIS |
| 0868413-000-R | MINERAL EXPL AGRMT | TEXACO, INC. 26-1 | 8/1/2000 | JEFFERSON DAVIS |
| 0868414-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 8/21/2000 | JEFFERSON DAVIS |
| 0868415-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 8/21/2000 | JEFFERSON DAVIS |
| 0868416-000-R | PIPELINE SERVITUDE AGRMT | TEXACO, INC. 26-1 | 3/12/2001 | JEFFERSON DAVIS |
| 0868417-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 3/6/2001 | JEFFERSON DAVIS |

COB: 648840; Page: 24; Filed: 2/1/2010 12:00:00AM [jeffersondavis ]

~457

Exhibit "C"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| SURFACE CONTRACTS | | | | |
|---|---|---|---|---|
| CONTRACT NO | CONTRACT NAME | CONTRACT DESCRIPTION | DATE | PARISH |
| 0868418-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 5/16/2001 | JEFFERSON DAVIS |
| 0868419-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 6/16/2001 | JEFFERSON DAVIS |
| 0868420-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 6/11/2001 | JEFFERSON DAVIS |
| 0868421-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 3/30/2001 | JEFFERSON DAVIS |
| 0868422-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 6/16/2001 | JEFFERSON DAVIS |
| 0868423-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 7/27/2001 | JEFFERSON DAVIS |
| 0868424-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 5/21/2001 | JEFFERSON DAVIS |
| 0868425-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 5/23/2001 | JEFFERSON DAVIS |
| 0868426-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 5/18/2001 | JEFFERSON DAVIS |
| 0868427-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 7/1/2001 | JEFFERSON DAVIS |
| 0868428-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 3/6/2001 | JEFFERSON DAVIS |
| 0868429-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 5/30/2001 | JEFFERSON DAVIS |
| 0868430-000-R | RIGHT OF WAY AGREEMENT | TEXACO, INC. 26-1 | 4/11/2001 | JEFFERSON DAVIS |
| 0868431-000-R | RIGHT OF WAY AGREEMENT | KING CORP 25-1 | 4/11/2001 | JEFFERSON DAVIS |
| 0868432-000-R | EASEMENT AND ROW AGRMT | MCCOWN, KENNETH 29-1 | 9/7/2001 | JEFFERSON DAVIS |
| 0868433-000-R | EASEMENT AND ROW AGRMT | MCCOWN, KENNETH 29-1 | 8/29/2001 | JEFFERSON DAVIS |
| 0869563-000-R | RIGHT OF WAY GRANT | SONNIER, DOROTHY SWD | 7/31/1992 | JEFFERSON DAVIS |
| 0869570-000-R | EASEMENT AND ROW AGRMT | TEMPLE INLAND 2-1 | 9/8/1998 | CALCASIEU |
| 0869580-000-R | SALT WATER PIPELINE & ROAD PERMIT | SONNIER, DOROTHY SWD | 8/24/1992 | JEFFERSON DAVIS |
| 0869613-000-R | PRIVATE ROAD ROW | KING CORP 26-1 | 3/22/2000 | JEFFERSON DAVIS |
| 0869618-000-R | PRIVATE ROAD ROW | KING CORP 25-1 | 3/17/2000 | JEFFERSON DAVIS |
| 0869622-000-R | ROW AGREEMENT | KING CORP 25-1 | 3/17/2000 | JEFFERSON DAVIS |
| 0869637-000-R | EASEMENT AND ROW AGRMT | THOMAS, HELEN H #1 | 11/28/1999 | JEFFERSON DAVIS |

COB: 648640, Page: 25, Filed: 2/1/2010 12:00:00AM  [jeffersondavis:]

458

Exhibit "D"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| PIPELINES |
| --- |

# NONE

COB: 648840; Page: 26; Filed: 2/1/2010 12:00:00AM [jeffersondavis: ]

459

Exhibit "E"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| PROPIETARY SEISMIC DATA |
|---|

# NONE

COB: 648840; Page: 27; Filed: 2/1/2010 12:00:00AM [jeffersondavis ]

460

Exhibit "F"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as Sellers and Shoreline Southeast LLC, as Buyer.

| EXCLUDED ITEMS |
| --- |

# NONE

COB: 644840; Page: 28; Filed: 2/1/2010 12:00:00AM [jeffersondavis ]

Page 1 of 1

461

Exhibit "G"

Attached to and made a part of that certain Assignment, Bill of Sale and Conveyance dated effective
October 1, 2009 by and between Crimson Exploration, Inc. and Crimson Exploration Operating, Inc., as
Sellers and Shoreline Southeast LLC, as Buyer.

**VEHICLES**

# NONE

COB: 64840; Page: 29; Filed: 2/1/2010 12:00:00AM [jeffersondavis:]

Page 1 of 1

671354

## ASSIGNMENT, BILL OF SALE AND CONVEYANCE

### Jefferson Davis Parish, Louisiana

**KNOW ALL MEN BY THESE PRESENTS:**

**NOBLE ENERGY, INC.**, a Delaware corporation, whose address is 100 Glenborough Drive, Suite 100, Houston, Texas 77067 ("**Assignor**"), for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, does hereby GRANT, DEED, SELL, ASSIGN, TRANSFER, AND CONVEY, subject to the terms of the "Agreement", as defined below, and the exceptions and reservations and the terms and provisions herein contained, to **HILCORP ENERGY I, L.P.**, a Texas limited partnership, whose address is 1201 Louisiana St., Suite 1400, Houston, Texas 77002 ("**Assignee**"), the entirety of Assignor's right, title and interest, including all rights, estates, powers and privileges appurtenant thereto in and to the following described assets and interests (collectively, the "**Acquired Assets**"):

(a)    the oil, gas, other Hydrocarbon and mineral leases listed on Exhibit A attached hereto, and the leasehold estates and subleases created thereby (the "**Acquired Leases**") and the lands covered thereby (the "**Leased Lands**"), together with corresponding interests in and to all the property and rights incident thereto, and the production of Hydrocarbons in, on, or under the Leased Lands (collectively, the "**Acquired Interests**");

(b)    all existing and effective unitization, pooling, and communitization agreements, declarations, and orders covering any of the Leased Lands (the Leased Lands, together with all other lands pooled or unitized under such agreements, declarations, and orders, are referred to as the "**Lands**");

(c)    all oil, gas and other Hydrocarbon wells, water wells, disposal wells, injection wells, abandoned wells and any other wells and any associated lateral pipelines located on the Lands, including the oil, gas and other Hydrocarbon wells and any associated lateral pipelines listed on Exhibit B attached hereto, whether producing or non-producing (the "**Acquired Wells**," and together with the Acquired Interests and the Lands, the "**Acquired Properties**");

(d)    all Hydrocarbons (or the proceeds from the sale of Hydrocarbons for which no adjustment is made to the Base Purchase Price under Section 3.2 of the Agreement) in, on, or under, or that may be produced from, the Acquired Properties on or after the Effective Time, all Hydrocarbon inventories from or attributable to the Acquired Properties in storage at the Effective Time, and all Hydrocarbons attributable to make-up rights and obligations with respect to imbalances attributable to the Acquired Properties;

(e)    all Easements on or over the Lands or that are used or useful in connection with the Operations applicable to the Acquired Properties, including those Easements listed on Exhibit C attached hereto;

#4268875.2

(f)    all owned and leasehold interests in the Equipment and Operating Inventory located on the Lands, or that are obtained or used in connection with the Operations applicable to the Acquired Properties;

(g)    all transferable Permits that have been granted or issued as of the date hereof in connection with the Operations applicable to the Acquired Properties;

(h)    to the extent transferable, all Hydrocarbon sales, purchase, gathering, and processing contracts, operating agreements, balancing agreements, joint venture agreements, partnership agreements, farmout and farmin agreements, area of mutual interest agreements, contribution agreements, and other contracts and agreements in connection with the Operations on the Acquired Assets to which Assignor is a party or which bind the Acquired Assets, including the contracts and agreements listed on Exhibit A-4 to the Agreement (the "**Acquired Contracts**"); provided, however, that the Acquired Contracts shall not include (i) any proprietary or unrecorded contracts or agreements by which Assignor acquired its interest in the Acquired Interests or Lands, in each case to the extent, and only to the extent, such contracts or agreements do not relate to or burden the Acquired Interests or Lands, or (ii) the Entech Agreement;

(i)    the interests in surface real property and leasehold estates in surface real property used in connection with the ownership or operation of the Acquired Assets, including those interests listed on Exhibit D attached hereto (the "**Acquired Real Estate**"), which Exhibit D indicates whether each such parcel of real estate is owned or leased by Assignor;

(j)    to the extent transferable without (i) payment of a transfer, licensing or similar fee, penalty or other consideration under third party agreements not advanced or reimbursed by Assignee or (ii) obtaining any consent that is not obtained by Assignor or Assignee, all Technical Data to the extent relating to the Acquired Properties (the "**Acquired Data**");

(k)    except to the extent relating to the Excluded Assets, and except for Claims, payments, and proceeds under insurance policies (the proceeds of which are not transferred in connection with any Casualty Losses that are covered under Section 10.11 of the Agreement), all accounts receivable or rights to payment arising out of or attributable to the Acquired Properties accruing or attributable to any period after the Effective Time, and all rights, Claims, refunds, causes of action, or choses in action relating to the foregoing;

(l)    all buildings, improvements, trailers, offices, furniture, office equipment (whether owned or leased) and other personal property located on the Acquired Real Estate;

(m)    all motor vehicles listed on Exhibit A-6 to the Agreement;

(n)    to the extent transferable and not related to or arising out of, or covering any of the Excluded Assets or matters for which Assignor has agreed to indemnify, defend or hold harmless any of the Indemnified Purchaser Parties under the Agreement,

2

COB: 671354; Page: 2; Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

O    916

any and all warranties, rights to indemnification, insurance proceeds received by Assignor after the date hereof and any Claims from or against any Governmental Authority or any Person that is not an Indemnified Seller Party, in each case to the extent such Claims are attributable to, related to, arising out of or covering any of the Assumed Liabilities;

(o)    to the extent transferable, all Records to the extent relating to the Acquired Assets described in sections (a) through (n) above or the Operations applicable to the Acquired Properties maintained by or in the possession of Assignor or any of its Affiliates (the "**Acquired Records**"); and

(p)    all net profits interests and other interests described on or conveyed pursuant to the instruments described on Exhibit E attached hereto INSOFAR AND ONLY as such net profits interests and other interests burden or constitute all or any part of the Acquired Properties.

Notwithstanding anything to the contrary contained herein, Assignor hereby excepts, excludes and reserves from the grant and conveyance described herein, unto itself and its successors and assignees, the entirety of Assignor's right, title and interest, including all rights, estates, powers and privileges appurtenant thereto, in and to the following ("**Excluded Assets**"):

(a)    all accounts receivable or rights to payment, refund, or indemnity accruing or attributable to any period before the Effective Time, including the right to any payments with respect to any Royalties, the full benefit of all Liens, security for such accounts or rights to payment accruing or attributable to any period before the Effective Time or that include or relate to any of the Retained Liabilities, and all rights, Claims, refunds, causes of action, or choses in action relating to the foregoing;

(b)    all production of Hydrocarbons from or attributable to the Acquired Properties with respect to any period before the Effective Time, other than Hydrocarbons in storage on the Effective Time and make-up Hydrocarbon with respect to imbalances described in Section 2.2(d) of the Agreement, and any proceeds attributable to any such pre-Effective Time production for which no adjustment is made to the Base Purchase Price under Section 3.2 of the Agreement, and all rights, Claims, refunds, causes of action, or choses in action relating to such production or proceeds;

(c)    except as contemplated in Section 10.11 of the Agreement in respect of Casualty Losses, all insurance policies, and any Claims, payments, and proceeds under any such insurance policies;

(d)    all Hedging Instruments and any rights under any such Hedging Instruments;

(e)    all deposits, surety bonds, rights under any letters of credit, and collateral pledged to secure any Liability or obligation of Assignor in respect of the Acquired Assets;

3

COB: 671354; Page: 3; Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

0C   917

(f)     to the extent not included within the definition of "Acquired Assets" or that is licensed or leased by Assignor, all Intellectual Property owned by Assignor;

(g)     all information entitled to legal privilege, including attorney work product and attorney-client communications (excluding title opinions), and information relating to the Excluded Assets;

(h)     Assignor's or its Affiliates' studies related to reserve assessments and economic estimates and analyses;

(i)     records relating to the auction, marketing, acquisition or disposition agreements (or proposed acquisition or disposition) of the Acquired Assets, including the existence, identity and inquiries and proposals received from or made to, and records of negotiation with, any Person, and any economic analyses associated therewith, but excluding rights under confidentiality, non-disclosure and similar agreements related to the foregoing (which shall be Acquired Assets to the extent transferable);

(j)     any assets or properties of Assignor specifically listed in Exhibit F attached hereto regardless that such assets or properties may be used or held for use in connection with the Acquired Assets;

(k)     all proceeds from the settlement or disposition of any Claims, Proceedings, or disputes to the extent such proceeds relate to the other Excluded Assets or Retained Liabilities;

(l)     to the extent relating to the other Excluded Assets or relating to matters for which Assignor has agreed to indemnify the Indemnified Purchaser Parties hereunder or relate to any of the Retained Liabilities, all warranties and rights to indemnification;

(m)     audit rights under operating agreements or other contracts or agreements with respect to periods before the Effective Time or in connection with any other Excluded Assets or Retained Liabilities or relating to matters for which Assignor is obligated or has agreed to indemnify the Indemnified Purchaser Parties hereunder (and Assignee will cooperate with Assignor to facilitate Assignor's exercise of such rights);

(n)     other than those net profits interests and other interests described in subpart (p) of the definition of "Acquired Assets" above, all fee mineral interests, Royalties, overriding royalties, net profit interests, production payments and other non-cost bearing revenue interests burdened by, burdening or attributable to the Acquired Properties;

(o)     all rights, Claims, refunds, causes of action, or choses in action of Assignor (i) under the Transaction Documents, (ii) arising out of or relating to any of the other Excluded Assets, the Retained Liabilities or any other matters for which Assignor is obligated hereunder to indemnify any Person, (iii) attributable to Title

4

COB: 671354; Page: 4; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

OO 918

Defects or Environmental Defects to the extent the Base Purchase Price has been reduced as a result of such Title Defect or Environmental Defect or (iv) any Indemnified Title Defect or Indemnified Environmental Defect to the extent Assignor is obligated hereunder to indemnify any Person;

(p)    corporate, financial, Tax and legal data and records of Assignor that relate primarily to Assignor's business generally (whether or not relating to the Acquired Assets), or to businesses of Assignor and any Affiliate of Assignor other than the exploration and production of Hydrocarbons;

(q)    software, Technical Data and Records to the extent disclosure or transfer is prohibited or subjected to payment of a fee, penalty or other consideration by any license agreement or other agreement with a Person other than Affiliates of Assignor, or by applicable Law, and for which no consent to transfer has been received or for which Assignee has not agreed in writing to pay such fee, penalty or other consideration, as applicable;

(r)    any Tax refund (whether by payment, credit, offset or otherwise, and together with any interest thereon) in respect of any Taxes for which Assignor is liable for payment or required to indemnify Assignee under hereunder;

(s)    any Claims of Assignor or any Affiliate of Assignor for any refunds of or loss of carry forwards with respect to (A) severance Tax abatements with respect to all taxable periods or portions thereof ending on or prior to the Effective Time, (B) Income Taxes or franchise Taxes or (C) any Taxes attributable to any Excluded Assets;

(t)    all personal property of Assignor or any Affiliates of Assignor that is not included within the definition of "Acquired Assets", including all vehicles, personal computers and associated peripherals, licensed software, all radio (excluding SCADA equipment), cell phones and telephone equipment;

(u)    the Entech Agreement; and

(v)    all net profits interests and other interests described on or conveyed pursuant to the instruments described on Exhibit E attached hereto INSOFAR AND ONLY INSOFAR as such interests do not burden or do not constitute any part of the Acquired Properties.

Assignor and Assignee also agree to the additional following terms and conditions:

1.    This Assignment, Bill of Sale and Conveyance ("**Assignment**") shall be effective as of November 1, 2012, at 12:01 a.m., Houston, Texas, time (the "**Effective Time**") and shall be subject to the terms and conditions of that certain Purchase and Sale Agreement dated as of February 8, 2013, among Assignor and Assignee (the "**Agreement**"), which terms and conditions are incorporated herein by reference. If there is any conflict between the terms of this Assignment and the terms of the Agreement, the Agreement shall control in all respects and shall not merge into the terms of this Assignment. Capitalized terms used in this Assignment that are

5

COB: 671354; Page: 5; Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

not otherwise defined herein or on Appendix I shall have the respective meanings given to them in the Agreement.

2.     Except as set forth in the Agreement, Assignor makes no warranty, express, implied or statutory, as to any of the rights, titles or interests hereby conveyed, and all such rights, titles or interests are sold to and accepted by the Assignor "as-is" and "where-is" with all defects and faults, if any, except that other than any Permitted Liens, Assignor warrants title to the Acquired Assets against all persons lawfully claiming the same, or any part thereof, by, through or under Assignor, but not otherwise.

3.     Assignee hereby assumes and agrees to timely and fully pay, perform, and otherwise discharge, the Assumed Liabilities, under the terms of, and subject to the conditions in, the Agreement.

4.     Separate governmental forms of assignments of the Acquired Leases may be executed on officially approved forms by Assignor and Assignee, in sufficient counterparts to satisfy applicable statutory and regulatory requirements. Those assignments shall be deemed to contain all of the exceptions, reservations, warranties, rights, titles, powers and privileges set forth herein as fully as though they were set forth in each such assignment. The interests conveyed by such separate assignments are the same, and not in addition to the interests conveyed by this Assignment and are not intended to modify, and shall not modify, any of the terms, covenants and conditions or limitations on warranties set forth in this Assignment and are not intended to create, and shall not create, any representations, warranties or additional covenants of or by Assignor to Assignee.

5.     This Assignment and all rights and covenants in connection herewith shall be binding upon the parties hereto, and their respective heirs, successors, and assigns, and the covenants hereof shall run with the Acquired Assets. This Assignment is intended to be recorded and filed of record. To facilitate recordation, there are omitted from the Exhibits to this Assignment in certain counterparts descriptions of property located in recording jurisdictions other than the jurisdiction (tax district, county, parish, state, or federal agency) in which the particular counterpart is to be filed or recorded.

6.     This Assignment may be executed and delivered in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument. Multiple counterparts of this Assignment may be recorded with federal agencies and in the counties and parishes of the states where the Assets are located, but the inclusion of a description of any Asset in more than one counterpart of this Assignment shall not be construed as having effected any cumulative, multiple or overlapping interest in the applicable Asset.

7.     To the extent permitted by Law, Assignee shall be subrogated to Assignor's rights in and to representations, warranties and covenants given by others with respect to the Acquired Assets, and Assignor hereby grants and transfers to Assignee, its successors and assigns, to the extent so transferable and permitted by Law, the benefit of and the right to enforce the covenants,

6

COB: 671354; Page: 6; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

representations and warranties, if any, which Assignor is entitled to enforce with respect to the Acquired Assets.

8.      Assignor agrees to execute and deliver to Assignee, from time to time, such other and additional instruments, notices, and other documents, and to do all such other and further acts and things as may be necessary to more fully and effectively grant, convey and assign to Assignee the Acquired Assets.

[Signature pages follow]

7

COB: 671354; Page: 7; Filed: 4/12/2013 1:00:00AM  [jeffersondavis: ]

OC    921

IN WITNESS WHEREOF, this Assignment, Bill of Sale and Conveyance is executed and delivered to be effective as of the Effective Time.

WITNESSES:                                    ASSIGNOR:

*Margie Putman*
PRINT NAME                                    NOBLE ENERGY, INC.

                                              By: *Shawn E. Conner*
                                              Name: Shawn E. Conner
                                              Title:   Vice President, Business Development

*Wanda Bolton*
PRINT NAME

ACKNOWLEDGMENT

STATE OF TEXAS          §
                        §
COUNTY OF HARRIS        §

BE IT KNOWN, that on this 26th day of March, 2013, before me, the undersigned authority, personally came and appeared Shawn E. Conner, to me personally known, who, being by me duly sworn, did say that he is the Vice President, Business Development of Noble Energy, Inc. a Delaware corporation, and that the foregoing instrument was signed on behalf of said corporation by authority of its Board of Directors and the said Vice President, Business Development acknowledged said instrument to be the free act and deed of said corporation.

*Melissa Officer*
NOTARY PUBLIC in and for the aforesaid
County and State
Name: MELISSA OFFICER
Commission Expires: 6/19/2016
Notary No. # 120092257

[Notary Seal:]
MELISSA OFFICER
Notary Public, State of Texas
My Commission Expires
June 19, 2016

**Signature Page to Assignment, Bill of Sale and Conveyance**

COB: 671354; Page: 8; Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

0   922

WITNESSES:                                    ASSIGNEE:

*Margie Putman*                               HILCORP ENERGY I, L.P.
PRINT NAME

                                              By: HILCORP ENERGY COMPANY, its
                                                  general partner

*Wanda Bolton*                                By: _____
PRINT NAME                                    Name: Jason C. Rebrook
                                              Title: Executive Vice President


### ACKNOWLEDGMENT

STATE OF TEXAS              §
                           §
COUNTY OF HARRIS           §

    BE IT KNOWN, that on this 26th day of March, 2013, before me, the undersigned authority, personally came and appeared Jason C. Rebrook, to me personally known, who, being by me duly sworn, did say that he is the Executive Vice President of Hilcorp Energy Company, the general partner of Hilcorp Energy I, L.P. a Texas limited partnership, and that the foregoing instrument was signed on behalf of said limited partnership by authority of its general partner and the said Executive Vice President of Hilcorp Energy Company acknowledged said instrument to be the free act and deed of said limited partnership.

_____
NOTARY PUBLIC in and for the aforesaid
County and State
Name: MELISSA OFFICER
Commission Expires: 6 19 2016
Notary No. #120092577

MELISSA OFFICER
Notary Public, State of Texas
My Commission Expires
June 19, 2016


Signature Page to Assignment, Bill of Sale and Conveyance

COB: 671354; Page: 9; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

OC 923

## APPENDIX I

### Certain Defined Terms

"**Easement**" means any easement, right-of-way, license, servitude, surface lease, surface use agreement, or other similar asset, right, or interest in real property.

"**Entech Agreement**" means that certain Amended and Restated Participation Agreement dated as of December 27, 1993 and effective as of January 1, 1989 among Energy Development Corporation (as predecessor in interest to Assignor) and Entech Enterprises, Inc., a Texas corporation (as amended).

"**Equipment**" means tanks, boilers, buildings, improvements, injection facilities, saltwater disposal facilities, compression facilities, processing facilities, gathering systems, flowlines, meters, tools, utility lines, Christmas trees, derricks, platforms, separators, compressors, gun barrels, SCADA equipment and other equipment, personal property, fixtures, physical facilities, and surface and subsurface machinery, but excluding Operating Inventory.

"**Governmental Authority**" means any federal, state, local, tribal, or foreign government, court of competent jurisdiction, administrative or regulatory body, agency, bureau, commission, governing body of any national securities exchange, or other governmental authority or instrumentality in any domestic or foreign jurisdiction, and any appropriate division of any of the foregoing.

"**Hedging Instrument**" means: (i) any futures trade, put option, synthetic put option, call option, or other arrangement relating to commodities entered into by a Person on any commodities exchange to hedge such Person's exposure to or to speculate on commodity prices; and (ii) any swap, collar, floor or other derivative transaction or hedging arrangement of any type or nature whatsoever in the over-the-counter derivatives market.

"**Hydrocarbons**" means crude oil, natural gas, casinghead gas, condensate, sulphur, natural gas liquids, plant products, and other liquid or gaseous hydrocarbons produced in association with the foregoing, including coalbed methane and gas and $CO_2$.

"**Intellectual Property**" means, with respect to any Person, any intellectual property, industrial property, and other proprietary rights (or portion thereof) owned, licensed, or developed by such Person or any of its Affiliates, or in which such Person or any of its Affiliates has any rights or interests, including any trademark, service mark, trade name, fictitious business name, or other similar intangible asset, registered or unregistered copyrights, patents, inventions, software or systems, and all versions, forms and embodiments thereof, including source code and object code, information that derives economic value from not being generally known to other Persons, including trade secrets and customer lists, and applications for registration and registrations of any of the foregoing (whether pending, existing, abandoned, or expired).

Appendix I to Assignment, Deed, Bill of Sale and Conveyance

1

COB: 671354; Page: 10; Filed: 4/12/2013 1:00:00AM [jeffersondavis ]

OC 924

"**Law**" means any federal, state, local, municipal, foreign, tribal, or other law, statute, legislation, constitution, principle of common law, resolution, ordinance, code, proclamation, treaty, convention, rule, regulation, or decree, whether legislative, municipal, administrative, or judicial in nature, enacted, adopted, passed, promulgated, made, or put into effect by or under the authority of any Governmental Authority.

"**Lien**" means any mortgage, deed of trust, pledge, assessment, security interest, lien, adverse claim, levy, charge, encumbrance or other defect of any kind.

"**Operating Inventory**" means rolling stock, pipes, casing, tubing, tubulars, fittings, and other spare parts, supplies, tools, and materials held as operating inventory.

"**Operations**" means oil and gas exploration, development, and production, and all operations relating thereto, including: (i) the acquisition, purchase, sale, development, operation, maintenance, use and abandonment of oil, gas, and mineral leases and related interests; (ii) the drilling, reworking, production, purchase, sale, transportation, storage, processing, treating, manufacture, and disposal of, or for, Hydrocarbons and associated by-products and wastes; and (iii) the acquisition, construction, installation, maintenance, use, and operation of related Equipment and Operating Inventory.

"**Permit**" means any permit, license, certificate of authority, franchise, concession, registration, or similar qualification or authorization issued, granted, or given by or under the authority of any Governmental Authority.

"**Records**" means any non-privileged lease files, land files, well files, Hydrocarbon sales contract files, gas gathering and processing files, division order files, abstracts, title opinions, books, records (including any operational, technical, production and processing records), correspondence, studies, surveys and other similar records and files (but excluding all reserve reports).

"**Royalties**" means royalties, overriding royalties, production payments, net profits interests, other non-cost bearing revenue interests or similar payment burdens upon, measured by, or payable out of production of Hydrocarbons.

"**Technical Data**" means geologic, geophysical, and raw and interpretative data and analyses, including seismic data and seismic licenses.

COB: 671354; Page: 11; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

**Appendix I to Assignment, Deed, Bill of Sale and Conveyance**

2

00 925

**EXHIBIT A**

**Acquired Interests**

[See Attached]

COB: 671354; Page: 12; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

**Exhibit A to Assignment, Deed, Bill of Sale and Conveyance**

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 510039000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/28/1985 | 3/28/1985 | GEORGE R GRAEFF ET AL | HUNT OIL COMPANY | LAKE ARTHUR SOUTN | 459079 | 604 | |
| 510057000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/20/1985 | 3/20/1985 | CHESTER J MONCEAUX ET UX MARIE JOYCE BROUSSARD MONCEAUX | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 458076 | 601 | |
| 510077000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 1/20/1985 | 1/20/1985 | MELBA LEE TABER VAUGHAN | SAS EXPLORATION COMPANY | LAKE ARTHUR SOUTH | 457661 | 599 | |
| 510078000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 1/1/1996 | 4/1/1986 | ST OF LA AGENCY LEASE -TOWN OF LAKE ARTHUR | LYONS HILLIARD & WATSON INC | LAKE ARTHUR SOUTH | 467028 | | |
| 9972708000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/30/1998 | 7/30/1998 | DAVID MICHAEL TRAHAN ET UX STEPHANIE LYNN DUHON TRAHAN | ST MARY LAND AND EXPLORAITON COMPANY | THOMAS | 555002 | 868 | 193 |
| 9972709000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/30/1998 | 7/30/1998 | JAMES NOLAN KRATZER ET UX CELENA DESHOTEL KRATZER | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555102 | 868 | 495 |
| 9972710000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/31/1998 | 7/31/1998 | CRIVILIAN MORVANT JR ET UX CEILIA DEGEYTER MORVANT | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555003 | 868 | 197 |
| 9972711000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/5/1998 | 8/5/1998 | JIMMY GLEN PRUIT ET UX WISTY RENEA MARS PRUIT | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555638 | 869 | 582 |
| 9972712000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/7/2001 | 8/7/1998 | KRATZER,JAMES JR, ET UX | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555187 | 868 | 640 |

EXHIBIT A
LEASES

| Qls Id | S T | CTY | AGM T TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recordin g Data | Book | Pag e |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 997271300 0 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/27/19 98 | 7/27/199 8 | HELEN CAROL THOMAS GLADDEN ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 554824 | 867 | 764 |
| 997271400 1 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/2/199 8 | 8/2/1998 | RUTH LORENE DEVILBISS BUTCHER | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556881 | 873 | 274 |
| 997271400 2 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/22/19 98 | 7/22/199 8 | MONA LYNN DEVILBISS TATE ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555798 | 870 | 97 |
| 997271400 3 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/2/199 8 | 8/2/1998 | DEBORA SUE DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555772 | 869 | 913 |
| 997271400 4 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/20/19 98 | 7/20/199 8 | EDWARD G MILLER ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555776 | 869 | 934 |
| 997271400 5 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/2/199 8 | 8/2/1998 | CECIL F DEVILBISS ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555780 | 870 | 2 |
| 997271400 6 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/2/199 8 | 8/2/1998 | CYRUS D DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555781 | 870 | 8 |
| 997271400 7 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/28/19 98 | 7/28/199 8 | ALAN JEROME DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555786 | 870 | 34 |
| 997271400 8 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/2/199 8 | 8/2/1998 | VIRGINIA DEVILBISS RATLIFF DEALING IN SEPARATE PROPERTY | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555790 | 870 | 55 |

COB: 871354; Page: 14; Filed: 4/12/2013 1:00:00AM  [jeffersondavis: ]

927 00

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 997271400 9 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | CARITA ALLENE DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555794 | 870 | 76 |
| 997271401 0 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/23/1998 | 7/23/1998 | ALVEY BELL USUF ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556424 | 872 | 178 |
| 997271401 1 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | DALLAS DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556393 | 872 | 17 |
| 997271401 2 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | HARRIETTE DEVILBISS SANCHEZ | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556413 | 872 | 120 |
| 997271401 3 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | MCCARTY,DOROTHY J. D. | ST MARY LAND & EXP | THOMAS | 556499 | 872 | 297 |
| 997271401 4 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/12/1998 | 8/12/1998 | OLA MAE LEE DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555803 | 870 | 123 |
| 997271401 5 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/7/1998 | 9/7/1998 | THOMAS F DEVILBISS ET AL | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556077 | 871 | 198 |
| 997271401 6 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | JOHN MICHAEL DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556129 | 871 | 337 |
| 997271401 7 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOSEPH ERIN SEIBERT | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556560 | 872 | 402 |

COB: 671354; Page: 15; Filed: 4/12/2013 1:00:00AM [jeffersondavis; ]

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972714018 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | DALLAS DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556386 | 871 | 942 |
| 9972714019 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOSEPH ERIN SEIBERT | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556559 | 872 | 397 |
| 9972714020 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | HARRIETTE D SANCHEZ | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556414 | 872 | 126 |
| 9972714021 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/12/1998 | 8/12/1998 | OLA MAE LEE DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555805 | 870 | 135 |
| 9972714022 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/7/1998 | 9/7/1998 | THOMAS E DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556076 | 871 | 193 |
| 9972714023 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | JOHN MICHAEL DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556130 | 871 | 343 |
| 9972714024 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | DOROTHY JEAN DEVILBISS MCCARTY | ST MARY LAND & EXPLORAITON COMPANY | THOMAS | 556498 | 872 | 292 |
| 9972714025 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | CHARLES ALLEN DELAHOUSSAYE | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556401 | 872 | 59 |
| 9972714026 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | REBECCA SUE SEIBERT DAVIDSON SOLE AND SEPARATE PROPERTY | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557320 | 874 | 261 |

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|--------|----|----|----|----|----|----|----|----|----|----|----|
| 9972714027 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | MARK DAVID DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMANY. | THOMAS | 557143 | 873 | 821 |
| 9972714028 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | TERRY DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557134 | 873 | 775 |
| 9972714029 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/28/1998 | 7/28/1998 | N ATHAN DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557310 | 874 | 210 |
| 9972714030 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | JONI LYNN DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556750 | 872 | 846 |
| 9972714031 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOHN HOWARD DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556733 | 872 | 759 |
| 9972714032 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | MARK DAVID DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 567144 | 873 | 827 |
| 9972714033 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | TERRY DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557132 | 873 | 765 |
| 9972714034 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | JONI LYNN DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 566745 | 872 | 821 |
| 9972714035 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | REBECCA SUE SEIBERT DAVIDSON | ST MARY LAND & EXPLORATION | THOMAS | 557327 | 874 | 298 |

EXHIBIT A
LEASES

| Qls Id | S T | CTY | AGM T TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | COMPANY | | | | |
| 997271403 6 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/11/19 98 | 9/11/199 8 | JOHN HOWARD DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556732 | 872 | 754 |
| 997271403 7 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/28/19 98 | 7/28/199 8 | NATHAN DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 557313 | 874 | 225 |
| 997271403 8 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/31/19 98 | 7/31/199 8 | JO BETH DELAHOUSSAYE GERRARD ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555012 | 868 | 264 |
| 997271403 9 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/23/19 98 | 7/23/199 8 | GWYNETH RIDLEY DEVILBISS ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556580 | 872 | 467 |
| 997271404 0 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/27/19 98 | 7/27/199 8 | THOMAS G CAMPBELL ET UX JULIE ELLEN PHENICE CAMPBELL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 554820 | 867 | 743 |
| 997271404 0 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/27/19 98 | 7/27/199 8 | THOMAS G CAMPBELL ET UX JULIE ELLEN PHENICE CAMPBELL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556291 | 871 | 620 |
| 997271404 1 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/6/199 8 | 8/6/1998 | ELIZABETH ANN SEIBERT REDMAN | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 557657 | 875 | 2 |
| 997271404 2 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/6/199 8 | 8/6/1998 | ELIZABETH ANN SEIBERT REDMAN | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 557656 | 874 | 946 |

00 931

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972714043 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | CHARLES ALLEN DELAHOUSSAYE | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556402 | 872 | 64 |
| 9972714044 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 11/3/1999 | 11/3/1999 | MICHAEL BELL | HS RESOURCES INC | THOMAS | 566266 | 898 | 700 |
| 9972714045 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 11/3/1999 | 11/3/1999 | REBECCA LYNN BELL REDLIN | HS RESOURCES INC | THOMAS | 556440 | 891 | 204 |
| 9972715001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/30/1998 | 9/30/1998 | MCGOWAN WORKING PARTNERS | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 557125 | 873 | 728 |
| 9972715002 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/23/1998 | 7/23/1998 | ALVEY BELL | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556422 | 872 | 167 |
| 9972715003 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/28/1998 | 7/28/1998 | ALAN JEROME DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556285 | 871 | 589 |
| 9972715004 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | REBECCA SUE S. DAVIDSON | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 557326 | 874 | 292 |
| 9972715005 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOSEPH ERIN SEIBERT | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556558 | 872 | 391 |
| 9972715006 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/20/1998 | 7/20/1998 | EDWARD G. MILLER ET AL | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556295 | 871 | 634 |

COB: 671354; Page: 19; Filed: 4/12/2013 1:00:00AM  [jeffersondavis: ]

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972715007 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/28/1998 | 7/28/1998 | NATHAN DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 557315 | 874 | 235 |
| 9972715008 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | DALLAS DEVILBISS | ST MARY LAND AND EXPLORATION COMPANY | THOMAS | 556387 | 871 | 947 |
| 9972715009 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/22/1998 | 7/22/1998 | MONA LYNN DEVILBISS TATE ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556726 | 872 | 722 |
| 9972715010 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/7/1998 | 9/7/1998 | THOMAS E DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556074 | 871 | 182 |
| 9972715011 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | VIRGINIA DEVILBISS RATLIFF | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556064 | 871 | 130 |
| 9972715012 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | CARITA ALLENE DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556068 | 871 | 151 |
| 9972715013 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOHN HOWARD DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556730 | 872 | 743 |
| 9972715014 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | DEBRA SUE DEVILBISS | ST MARY LAND & EXPLORATION COMPANYH | THOMAS | 556058 |  | 99 |

00 933

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972715015 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | HARRIETTE DEVILBISS SANCHEZ | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556416 | 872 | 136 |
| 9972715016 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/12/1998 | 8/12/1998 | OLA MAE DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555804 | 870 | 129 |
| 9972715017 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | MARK DAVID DEVILBISS ETAL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557146 | 873 | 837 |
| 9972715018 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | JONI LYNN DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556744 | 872 | 815 |
| 9972715019 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | TERRY DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557129 | 873 | 749 |
| 9972715020 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/27/1998 | 8/27/1998 | JOHN MICHAEL DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556132 | 871 | 353 |
| 9972715021 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | DOROTHY JEAN DEVILBISS MCCARTY | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556497 | 872 | 286 |
| 9972715022 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/21/1998 | 7/21/1998 | DONALD R MORGAN ET UX BONNIE SUE DRUMMOND MORGAN | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 554843 | 867 | 859 |
| 9972715023 | LA | JEFFERSON DAVIS | Oil And Gas | 7/31/1998 | 7/31/1998 | JO BETH DELAHOUSSAYE GERRARD ET AL | ST MARY LAND & EXPLORATIO | THOMAS | 555015 | 868 | 280 |

EXHIBIT A
LEASES

| Qis Id | S T | CTY | AGM T TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recordin g Data | Book | Pag e |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Lease | | | | N COMPANY | | | | |
| 997271502 4 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/23/19 98 | 7/23/199 8 | GWYNETH RIDLEY DEVILBISS ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 554833 | 867 | 808 |
| 997271502 5 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/31/19 98 | 7/31/199 8 | JO BETH DELAHOUSSAYHE GERRARD ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 555005 | 868 | 229 |
| 997271502 6 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/23/19 98 | 7/23/199 8 | GWYNETH RIDLEY DEVILBISS ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 554828 | 867 | 783 |
| 997271502 7 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 7/21/19 98 | 7/21/199 8 | DONALD R MORGAN ET UX BONNIE SUE DRUMMOND MORGAN | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 554838 | 867 | 833 |
| 997271501 28 | L A | JEFFERS ON DAVIS | Oil And Gas Lease | 8/6/19 98 | 8/6/199 8 | ELIZABETH ANN SEIBERT REDMAN | ST MARY LAND & EXPLORATI ON COMPANY | THOMAS | 557663 | 875 | 32 |
| 997271502 9 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/2/199 8 | 8/2/1998 | RUTH LORENE DEVILBISS BUTCHER | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556879 | 873 | 263 |
| 997271503 0 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/11/19 98 | 9/11/199 8 | CHARLES ALLEN DELAHOUSSAYE | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556399 | 872 | 48 |

00 935

EXHIBIT A
LEASES

| Qis Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972716001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/31/1998 | 7/31/1998 | JO BETH GERRARD ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 555016 | 868 | 285 |
| 9972716002 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/23/1998 | 7/23/1998 | GWYNETH R DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 554841 | 867 | 849 |
| 9972716003 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/21/1998 | 7/21/1998 | DONALD R MORGAN ET UX BONNIE SUE DRUMMOND MORGAN | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 554842 | 867 | 854 |
| 9972716004 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/23/1998 | 7/23/1998 | ALVEY BELL ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556421 | 822 | 162 |
| 9972716005 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/28/1998 | 7/28/1998 | ALAN J DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556284 | 871 | 584 |
| 9972716006 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | RUTH LORENE DEVILBISS BUTCHER | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556880 | 873 | 269 |
| 9972716007 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/20/1998 | 9/20/1998 | REBECCA SUE SEIBERT DAVIDSON | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557323 | 874 | 277 |
| 9972716008 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOSEPH ERIN SEIBERT | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556566 | 872 | 433 |
| 9972716009 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/20/1998 | 7/20/1998 | EDWARD G MILLER ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556296 | 871 | 640 |

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 997271601 0 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/28/1998 | 7/28/1998 | NATHAN DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 557306 | 874 | 190 |
| 997271601 1 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | DALLAS DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556388 | 871 | 953 |
| 997271601 2 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/22/1998 | 7/22/1998 | MONA LYNN DEVILBISS TATE ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556737 | 872 | 780 |
| 997271601 3 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/7/1998 | 9/7/1998 | THOMAS E DEVILBISS ET AL | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556075 | 871 | 188 |
| 997271601 4 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | VIRGINIA DEVILBISS RATLIFF | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556063 | 871 | 125 |
| 997271601 5 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | CARITA ALLENE DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556071 | 871 | 167 |
| 997271601 6 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | JOHN HOWARD DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556731 | 872 | 749 |
| 997271601 7 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/2/1998 | 8/2/1998 | DEBRA SUE DEVILBISS | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556057 | 871 | 94 |
| 997271601 8 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/11/1998 | 9/11/1998 | HARRIETTE DEVILBISS SANCHEZ | ST MARY LAND & EXPLORATION COMPANY | THOMAS | 556415 | 872 | 131 |

00.
937

EXHIBIT A
LEASES

| Qls Id | S T | CTY | AGM T TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recordin g Data | Book | Pag e |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 997271601 9 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/12/19 98 | 8/12/199 8 | OLA MAE LEE DEVILBBISS ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556288 | 871 | 605 |
| 997271602 0 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/20/19 98 | 9/20/199 8 | MARK D DEVILBISS ET AL | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 557145 | 873 | 832 |
| 997271602 1 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/27/19 98 | 8/27/199 8 | JONI LYNN DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 556743 | 872 | 810 |
| 997271602 2 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/27/19 98 | 8/27/199 8 | TERRY DEVILBISS | ST MARY LAND & EXPLORATIO N COMPANY | THOMAS | 557133 | 873 | 770 |
| 997271602 3 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/27/19 98 | 8/27/199 8 | JOHN M DEVILBISS | ST. MARY LAND AND EXPLORATIO N COMPANY | THOMAS | 556131 | 871 | 348 |
| 997271602 4 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/11/19 98 | 9/11/199 8 | DOROTHY JEAN DEVILBISS MCCARTY | ST. MARY LAND AND EXPLORATIO N COMPANY | THOMAS | 556495 | 872 | 276 |
| 997271602 5 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 10/17/1 998 | 10/17/19 98 | ROBERT LYNN FERGUSON ET UX | ST. MARY LAND AND EXPLORATIO N COMPANY | THOMAS | 557458 | 874 | 617 |
| 997271602 6 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 8/6/199 8 | 8/6/1998 | ELIZABETH ANN S REDMAN | ST. MARY LAND AND EXPLORATIO N COMPANY | THOMAS | 557660 | 875 | 17 |
| 997271602 7 | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/11/19 98 | 9/11/199 8 | CHARLES A DELAHOUSSAYE | ST. MARY LAND AND EXPLORATIO N COMPANY | THOMAS | 556400 | 872 | 54 |

EXHIBIT A
LEASES

| Qis Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|--------|----|-----|-----------|-----------|----------|-------------|--------------|----------|----------------|------|------|
| 9972726003 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/1/1999 | 7/1/1999 | WILLIAM E SHADDOCK 1981 PARTNERSHIP IN COMMENDAM | HS RESOURCES INC | INDIAN VILLAGE 8A | 564998 | 887 | 880 |
| 9972726004 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 10/1/1999 | 10/1/1999 | MERLIN J VERRETT AND BETTY G VERRETT HUSBAND AND WIFE | HS RESOURCES INC | INDIAN VILLAGE 8A | 565572 | 889 | 182 |
| 9972727000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 2/18/1999 | 2/18/1999 | JOHN D FOLLEY ET UX | HS RESOURCES INC | INDIAN VILLAGE 8A | 560977 | 880 | 905 |
| 9972728000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/16/1999 | 3/16/1999 | PWK TIMBERLANDCORPORATION | HS RESOURCES INC | INDIAN VILLAGE 8A | 560881 | 880 | 741 |
| 9972940001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 12/19/2001 | 5/1/2000 | QUATRE MINERAL LLC | HS RESOURCES INC | INDIAN VLGE MIOC 2+ | 576856 | 908 | 1003 |
| 9972941000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 5/1/2000 | 5/1/2000 | BEL MINERAL LLC | HS RESOURCES INC | INDIAN VLGE MIOC 2+/INDIAN VILLAGE GEN | 577755 | 910 | 672 |
| 9972947000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/1/1999 | 8/1/1999 | TEXACO EXPLORATION AND PRODUCTION INC | HS RESOURCES INC | INDIAN VILLAGE GEN+ | 564361 | 886 | 552 |
| 9972948000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 1/29/1999 | 1/29/1999 | QUATRE MINERAL LLC | HS RESOURCES INC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 401437 | 386 | 341 |
| 9972949000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 10/11/1999 | 10/11/1999 | QUATRE MINERAL LLC | HS RESOURCES INC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 566770 | 891 | 911 |

EXHIBIT A
LEASES

| Qis Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972950001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/23/1999 | 8/23/1999 | SECTION 12 INC ET AL | HS RESOURCES INC AND ASPECT RESOURCES LLC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 565000 | 887 | 893 |
| 9972950002 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/23/1999 | 8/23/1999 | SANDRA HOUSSIERE PATIN ET AL | HS RESOURCES INC AND ASPECT RESOURCES LLC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 565385 | 888 | 718 |
| 9972950003 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/23/1999 | 8/23/1999 | ERNEST A HOUSSIERE JR ET AL | HS RESOURCES INC ASPECT RESOURCES LLC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 565952 | 890 | 55 |
| 9972951001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/23/1999 | 8/23/1999 | SECTION 12 INC. ET AL | HS RESOURCES INC AND ASPECT RESOURCES LLC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 565001 | 887 | 905 |
| 9972951002 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/23/1999 | 8/23/1999 | SANDRA HOUSSIERE PATIN ET AL | HS RESOURCES INC AND ASPECT RESOURCES LLC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 565733 | 889 | 427 |
| 9972951003 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/23/1999 | 8/23/1999 | ERNEST A HOUSSIERE JR ET AL | HS RESOURCES INC AND ASPECT RESOURCES LLC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | 565953 | 890 | 67 |

COB: 671354; Page: 27; Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 9972952000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/1/2001 | 3/1/2001 | QUATRE MINERAL LLC | HS RESOURCES INC | INDIAN VILLAGE 13B/INDIAN VILLAGE GEN | | | |
| 9974313000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/22/2003 | 7/22/2003 | LUCILLE WIGGINS LEJEUNE USUF ET AL | ASPECT RESOURCES LLC | MOLOKAI/CORAL/INDIAN VILLAGE | 597796 | 945 | 235 |
| 9974314000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/22/2003 | 7/22/2003 | WILD FAMILY A PARTNERSHIP IN COMMENDAM | ASPECT RESOURCES LLC | INDIAN VILLAGE/CORAL/MOLOKI | 597798 | 945 | 249 |
| 9974315001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/29/2003 | 7/29/2003 | OLIVE OLIVER DUFRENE ET AL | ASPECT RESOURCES LLC | MOLOKAI/CORAL/INDIAN VILLAGE | 597865 | 945 | 455 |
| 9974315002 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/29/2003 | 7/29/2003 | GLENN CHARLES OLIVER | ASPECT RESOURCES, LLC | MOLOKAI/CORAL/INDIAN VILLAGE | 598218 | 945 | 853 |
| 9974316000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 8/1/2003 | 8/1/2003 | ALVIN J BENOIT | ASPECT RESOURCES LLC | MOLOKAI | 597666 | 945 | 463 |
| 9974317000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/23/2003 | 7/23/2003 | JENNIE ROSE BENOIT HEBERT | ASPECT RESOURCES LLC | MOLOKAI | 597799 | 945 | 256 |
| 9974317000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 7/23/2003 | 7/23/2003 | JENNIE ROSE BENOIT | ASPECT RESOURCES LLC | MOLOKAI | 597799 | 945 | 256 |
| 9974395000 | LA | JEFFERSON DAVIS | Oil And Gas | 9/5/2003 | 9/5/2003 | CLAUDE PHILLIP WATKINS ET AL | SUNCOAST LAND SERVICES | CORAL | 599355 | 947 | 854 |

00 941

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Lease | | | | INC. | | | | |
| 9974408000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/3/2003 | 9/3/2003 | ALVIN J BENOIT | ASPECT RESOURCES LLC | CORAL | 599349 | 947 | 804 |
| 9974430001 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/18/2003 | 9/18/2003 | LUCILLE WIGGINS LEJEUNE USUF ET AL | ASPECT RESOURCES, LLC | CORAL | 600626 (RECORDED COPY NOT AVAILABLE TO VERIFY) | 949 | 982 |
| 9974430002 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/18/2003 | 9/18/2003 | CATHERINE LeBLANC SPARACELLO | ASPECT RESOURCES, LLC | CORAL | 600749 (COULD NOT VERIFY RECORDING INFO) | 950 | 215 |
| 9974649000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 6/7/1935 | 6/7/1935 | CALCASIEU NATIONAL BANK I | STANOLIND OIL AND | RICELAND 2 | 90291 | 62 | 243 |
| 9974651000 | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/31/2004 | 3/31/2004 | HBW FARMS INC | ASPECT RESOURCES LLC | COLUMBUS | 603516 | 954/CONV | 354 |
| 051003800 A | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/18/1985 | 3/18/1985 | ARTHUR A CONNER JR ET UX | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 458072 | 601 | |
| 051005600 A | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/1/1984 | 9/1/1984 | JOHN M HARMON JR ET AL | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457278 | 598 | 464-470 |

EXHIBIT A
LEASES

| Qls Id | S T | CTY | AGM T TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 051005600 B | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | LADY NAN F LACOUR | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457277 | | |
| 051005600 B | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | LADY NAN F LACOUR | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457277 | | |
| 051005600 C | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | LEILA F FRAZIER | HUNT OIL COMPANY | S LAKE ARTHUR | 457276 | 598 | 450 |
| 051005600 C | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | LEILA F FRAZIER | HUNT OIL COMPANY | S LAKE ARTHUR | 457276 | 598 | 450 |
| 051005600 D | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | HENRY FAYE FERGUSON WIDOW OF GEORGE FERGUSON | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457275 | 598 | |
| 051005600 E | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | SUCCESSION OF ALICE FERGUSON PRICE | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457520 | | |
| 051005600 E | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | SUCCESSION OF ALICE FERGUSON PRICE | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457520 | | |
| 051005600 F | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | GEORGE FERGUSON JR ET AL | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457579 | 599 | 437 |
| 051005600 F | L A | JEFFERSO N DAVIS | Oil And Gas Lease | 9/1/198 4 | 9/1/1984 | GEORGE FERGUSON JR ET AL | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457519 | 599 | 437 |

00 943

EXHIBIT A
LEASES

| Qls Id | ST | CTY | AGMT TYPE | AGMT DATE | EFF DATE | First Party | Second Party | Prospect | Recording Data | Book | Page |
|--------|-----|------------|--------------------|-----------|----------|-------------------------------------------|-----------------------------------------|---------------------|----------------|------|------|
| 051005600G | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/1/1984 | 9/1/1984 | ELIZABETH F HIMES ET AL | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457279 | 598 | 471 |
| 051005600H | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/1/1984 | 9/1/1984 | JANIS F ALLAN WIFE OF D W ALLEN | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457274 | 598 | 436 |
| 051005600H | LA | JEFFERSON DAVIS | Oil And Gas Lease | 9/1/1984 | 9/1/1984 | JANIS F ALLAN WIFE OF D W ALLEN | HUNT OIL COMPANY | LAKE ARTHUR SOUTH | 457274 | 598 | |
| 051007900A | LA | JEFFERSON DAVIS | Oil And Gas Lease | 3/7/1986 | 3/7/1986 | A J M OUSTALET JR ET UX LENA MAE OUSTALET | LYONS HILLIARD AND WATSON INC | LAKE ARTHUR SOUTH | 466248 | 631 | |
| | | | | | | | | | | | |

00   945

**EXHIBIT B**

**Acquired Wells**

[See Attached]

COB: 671354; Page: 32; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

**Exhibit B to Assignment, Deed, Bill of Sale and Conveyance**

00. 947

**EXHIBIT C**

Easements

[See Attached]

COB: 671354, Page: 34, Filed 4/12/2013 1:00:00AM [jeffersondavis ]

**Exhibit C to Assignment, Deed, Bill of Sale and Conveyance**

**EXHIBIT C**
**EASEMENTS**

| Qls Id | ST | County | Agmt Type | Agmt Date | First Party | Second Party | Recording Data | Book | Page |
|--------|----|--------|-----------|-----------|-------------|--------------|----------------|------|------|
| 9901486000 | LA | JEFFERSON DAVIS | Pipeline Row | 12/31/2003 | ONEAL J LEBLANC JR ET AL | NOBLE ENERGY INC | 604825 | 956 | 444 |
| 9901487000 | LA | JEFFERSON DAVIS | Pipeline Row | 4/1/2004 | O'NEAL J LEBLANC JR ET AL | NOBLE ENERGY INC | 604826 | 956 | 455 |
| Q005424000 | LA | JEFFERSON DAVIS | Road Row | 6/22/2004 | ONEAL J LEBLANC JR ET AL | NOBLE ENERGY INC | 607127 | 960 | 287 |
| Q005687000 | LA | JEFFERSON DAVIS | ROW/Easement | 11/11/2004 | WILD FAMILY A PARTNERSHIP IN COMMENDAM | NOBLE ENERGY INC | 610799 | 967 | 852 |
| Q005750000 | LA | JEFFERSON DAVIS | Pipeline Row | 10/22/2004 | LUCILLE WIGGINS LEJEUNE USUF ET AL | NOBLE ENERGY INC | 610796 | 967 | 827 |
| Q047727000 | LA | JEFFERSON DAVIS | ROW/Easement | 2/19/1999 | ROBERT W COLLIER MD | HS RESOURCES INC | 560320 | 879 | 637 |
| Q047749000 | LA | JEFFERSON DAVIS | Surface Use Agreement | 10/19/2004 | ONEAL J LEBLANC JR | NOBLE ENERGY INC | NOT RECORDED==LETTER AGT ONLYH | - | - |
| Q047774000 | LA | JEFFERSON DAVIS | Road Row | 6/23/2004 | IRENE MARIE LOGNION | NOBLE ENERGY INC | - | - | - |

**EXHIBIT C**
**EASEMENTS**

| Qls Id | ST | County | Agmt Type | Agmt Date | First Party | Second Party | Recording Data | Book | Page |
|--------|----|--------|-----------|-----------|-------------|--------------|----------------|------|------|
| Q058310000 | LA | JEFFERSON DAVIS | Damage Settlement | 5/3/2004 | REED LEBLANC | NOBLE ENERGY INC | - | - | - |
| Q058430000 | LA | JEFFERSON DAVIS | Metric Installation Row | 3/29/2004 | PATTY AGUILLARD FONTENOT ET VIR | NOBLE ENERGY INC | 603127 | 953 | 851 |
| Q059410000 | LA | JEFFERSON DAVIS | Metric Installation Row | 1/13/2005 | H B W FARMS INC #1 METER SITE AGREEMENT | NOBLE ENERGY INC | 610869 | 968 | 9 |
| Q059420000 | LA | JEFFERSON DAVIS | Pipeline Row | 1/13/2005 | H B W FARMS INC PIPELINE AGREEMENT | NOBLE ENERGY INC | 610870 | 969 | 16 |
| Q059450000 | LA | JEFFERSON DAVIS | Damage Settlement | 4/13/2005 | H B W FARMS INC | NOBLE ENERGY INC | - | - | - |

OC  950

## EXHIBIT D

### Acquired Real Estate

NONE

COB: 671354; Page: 37; Filed: 4/12/2013 1:00:00AM [jeffersondavis ]

**Exhibit D to Assignment, Deed, Bill of Sale and Conveyance**
Page 1 of 1

#4270462.1

**EXHIBIT E**

**Net Profits Interests**

[See Attached]

COB: 671354; Page: 38; Filed: 4/12/2013 1:00:00AM [jeffersondavis]

**Exhibit E to Assignment, Deed, Bill of Sale and Conveyance**

**EXHIBIT E**

<u>NET PROFITS INTEREST</u>

| Grantor | Grantee | Agreement | Date | Date Filed | County/Parish | Recording Information |
|---------|---------|-----------|------|-----------|---------------|----------------------|
| Amoco Production Company | Alma Energy Corp. | Sale and Assignment of Oil and Gas Properties | 10/1/1989 | 12/6/1989 | Allen Parish, LA | Recorded at Book [__], Page 507 in the Records of Allen Parish, Louisiana |
| Santa Fe Minerals | Santa Fe-Andover Oil Company | Assignment | 7/1/1987 | | Allen Parish, LA | Recorded at Book 304, File No. 341,738 in the Records of Allen Parish, Louisiana |
| Santa Fe Minerals, Inc. | Alma Energy Corp. | Assignment of Net Profits Interest | 11/1/1990 | 6/5/1991 | Allen Parish, LA | Recorded at Book [__], Page 566 in the Records of Allen Parish, Louisiana |
| Alma Energy Corp. | Elysium Energy, L.L.C. | Assignment, Bill of Sale and Conveyance | 11/28/2000 | 1/18/2001 | Allen Parish, LA | Recorded at Book [__], Page 129 in the Records of Allen Parish, Louisiana |
| Alma Energy Corp. | Elysium Energy, L.L.C. | Assignment, Bill of Sale and Conveyance | 11/28/2000 | 2/26/2001 | Allen Parish, LA | Recorded at Book [__], Page 804 in the Records of Allen Parish, Louisiana |

**Exhibit E to Assignment, Deed, Bill of Sale and Conveyance**

COB: 671354; Page: 39; Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | Noble Energy, Inc. | Jefferson Davis Parish, LA | Recorded as File No. 601357 of the Records of Jefferson Davis Parish, Louisiana |
| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | Noble Energy, Inc. | Lafourche Parish, LA | Recorded at Book 1555, Page 579, File No. 951544 in Lafourche Parish, Louisiana |
| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | Noble Energy, Inc. | Vermilion Parish, LA | Recorded as File No. 20400093, Page 411 through 442 of the Records of Vermilion Parish, Louisiana |
| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | | Duval County, TX | Recorded at File No. 083839 and 084212 of the Records of Duval County, Texas |
| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | Noble Energy, Inc. | Hidalgo County, TX | Recorded as Doc. No. 1282187 of the Records of Hidalgo County, Texas |

**Exhibit E to Assignment, Deed, Bill of Sale and Conveyance**

2

COB: 671354; Page: 40; Filed: 4/12/2013 1:00:00AM  [jeffersondavis: ]

| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | Noble Energy, Inc. | Orange County, TX | Recorded as File No. 262801, Volume 1408, Page 533 of the Records of Orange County, Texas |
| Noble Energy, Inc. | Noble Energy, L.P. | Memorandum of Conveyance of Net Profits Overriding Royalty Interest | 12/31/2003 | Noble Energy, Inc. | Starr County, TX | Recorded as File No. 235249 of the Records of Starr County, Texas |

**Exhibit E to Assignment, Deed, Bill of Sale and Conveyance**

3

000 955

**EXHIBIT F**

**Excluded Assets**

[See Attached]

COB: 671354; Page: 42; Filed: 4/12/2013 1:00:00AM [jeffersondavis:]

Exhibit F to Assignment, Deed, Bill of Sale and Conveyance

CO 956

**EXHIBIT F**

**Excluded Assets**

| Well Name | State | County | NBL ID | API Number |
|-----------|-------|--------|--------|------------|
| 1. HAYES LUMBER CO 11-1 | LA | JEFFERSON DAVIS | 434402216 | 1705321258000 |
| 2. RICE ACRES 1 | LA | JEFFERSON DAVIS | 434413750 | 17053212480000 |

Exhibit F to Assignment, Deed, Bill of Sale and Conveyance
Page 1 of 1

#4270467.1

COB: 671354; Page: 43; Filed 4/12/2013 1:00:00AM [jeffersondavis: ]

**EXHIBIT F**

**Excluded Assets**

| Operator | Well Name | Parish | State | API No. |
|---|---|---|---|---|
| Shoreline Southeast LLC | King Corp 24-1 | Jefferson Davis | LA | 17053212730000 |

| Operator | Well Name | Parish | State | API No. |
|---|---|---|---|---|
| Shoreline Southeast LLC | Walker LA Prop 1 | Jefferson Davis | LA | 17053212570000 |

Together, in each case, with any interest of Assignor in any oil, gas, other Hydrocarbon or mineral leases related thereto.

**Exhibit F to Assignment, Deed, Bill of Sale and Conveyance**

COB: 671354, Page: 44, Filed: 4/12/2013 1:00:00AM [jeffersondavis: ]

END OF

CONVEYANCE

BOOK

COB: 671354; Page: 45; Filed: 4/12/2013 1:00:00AM  [jeffersondavis: ]

# BEGINNING OF
# CONVEYANCE BOOK

COB: 671354; Page: 46; Filed: 4/12/2013 1:00:00AM  [jeffersondavis: ]

00 806

**MEMORANDUM OF OIL, GAS AND MINERAL LEASE**

RECORDED AND FILED

2013 JUL 12 PM 12: 01

STATE OF LOUISIANA                              673302

PARISH OF JEFFERSON DAVIS

RICHARD M. ARCENEAUX
CLERK OF COURT
JEFFERSON DAVIS PARISH

Know all men by these presents:

CHARLOTTE THOMAS LANDRY, wife of David Scott Landry, whose mailing address is 2125 Rue Bienvenue, Baton Rouge, Louisiana 70809; RACHEL THOMAS HALE, wife of Patrick Wayne Hale, whose mailing address is 14590 Highway 395, Roanoke, Louisiana 70581; HELEN CAROL THOMAS GLADDEN, wife of Lyndon K. Gladden, whose mailing address is 600 Highland Drive, Big Spring, Texas 79720; and THOMAS RESOURCES L.L.C., a Louisiana Limited Liability Company, herein represented by its duly authorized Manager, Helen Carol Thomas Gladden, whose mailing address is 600 Highland Drive, Big Spring, Texas 79720, Lessor(s), executed an Oil, Gas and Mineral Lease dated the 24th day of June, 2013, unto **SHORELINE SOUTHEAST LLC**, whose mailing address is 400 East Kaliste Saloom Road, Suite 2600, Lafayette, Louisiana 70508, Lessee, hereinafter referred to as "Said Lease". Pursuant to the terms of Said Lease, Lessor grants, leases and lets exclusively to Lessee for the purpose of exploring for, developing, producing and marketing oil and gas, along with all associated hydrocarbon substances produced therewith, from the lands described herein being situated in Jefferson Davis Parish, Louisiana.

That certain tract or parcel of land comprising **64.777 acres**, more or less, being situated in Section 11, Township 9 South, Range 4 West and being further identified as Tract Number 1 on that certain Unit Survey Plat of the HBY RA SUA, prepared by Marcus J. Broussard, Registered Land Surveyor, dated August 17, 1999, Louisiana Office of Conservation Order No. 124-W, Roanoke Field, Jefferson Davis Parish, Louisiana.

Subject to the other provisions thereof, Said Lease provides for a primary term of three (3) years commencing on June 2013, and so long thereafter as oil or gas is produced therefrom, or Said Lease is otherwise maintained in accordance with the terms thereof.

The purpose of this Memorandum is to apprise and give notice to all parties of the existence of Said Lease. An executed copy of Said Lease is in the possession of the parties hereto.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Oil, Gas and Mineral Lease as of the respective acknowledgment dates of the signatory parties hereto, but effective as of the above date of Said Lease.

WITNESSES:

Signature (1): _Will Daigle_
Printed Name: Will Daigle
Signature (2): _Charles D Edwards_
Printed Name: Charles D Edwards

_Charlotte Thomas Landry_
CHARLOTTE THOMAS LANDRY, Lessor

Signature (1): _Will Daigle_
Printed Name: Will Daigle
Signature (2): _Charles D Edwards_
Printed Name: Charles D Edwards

_Rachel Thomas Hale_
RACHEL THOMAS HALE, Lessor

Signature (1): _Will Daigle_
Printed Name: Will Daigle
Signature (2): _Athena Williams_
Printed Name: Athena Williams

_Helen Carol Thomas Gladden_
HELEN CAROL THOMAS GLADDEN, Lessor

THOMAS RESOURCES L.L.C., Lessor

Signature (1): _Will Daigle_
Printed Name: Will Daigle
Signature (2): _Athena Williams_
Printed Name: Athena Williams

_Helen Carol Thomas Gladden_
By
HELEN CAROL THOMAS GLADDEN, Manager

673302

COB | 673302, Page: 1; File: 7/12/2013 1:00:00AM [@arsendavis: ]

0.  807

STATE OF LOUISIANA

PARISH OF LAFAYETTE

BEFORE ME, the undersigned Notary Public, on this day personally appeared **Will Daigle**, who, being by me duly sworn, stated under oath that he was one of the subscribing witnesses to the foregoing instrument and that the same was signed by **CHARLOTTE THOMAS LANDRY and RACHEL THOMAS HALE** (Lessors, as above mentioned) in his presence.

*Will Daigle*

SWORN TO AND SUBSCRIBED before me this 8th day of JULY, 2013

NOTARY PUBLIC

Print Name: DAVID L. McKINNEY

Notary No.: 14186

Commission Expires: AT DEATH

STATE OF TEXAS

COUNTY OF Texas

On this the 26th day of June, 2013, before me, appeared Helen Carol Thomas Gladden, to me personally known, who, being by me duly sworn, did say that she is the duly authorized Manager of THOMAS RESOURCES L.L.C. and that said instrument was signed in behalf of said Limited Liability Company by authority of its Manager and said Helen Carol Thomas Gladden acknowledged said instrument to be the free act and deed of said Limited Liability Company.

*Caitlin Carter*

NOTARY PUBLIC

Print Name: Caitlin Carter

Notary No.:

Commission Expires: 4.4.17

CAITLIN CARTER
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-04-17

STATE OF TEXAS

COUNTY OF Texas

On this the 26th day of June, 2013, before me, the undersigned Notary Public, in and for the County and State aforesaid, and in the presence of the two subscribing witnesses, personally appeared HELEN CAROL THOMAS GLADDEN who executed the foregoing instrument and acknowledged that she executed the same as her free act and deed.

*Caitlin Carter*

NOTARY PUBLIC

Print Name:

Notary No.:

Commission Expires: 4.4.17

CAITLIN CARTER
Notary Public
STATE OF TEXAS
My Comm. Exp. 04-04-17

COB: 67330Z; Page: 2; Filed: 7/12/2013 1:00:00AM [Jeffery]

08

WITNESSES:

Signature of Witness 1:

Printed Name of Witness 1: LAWRENCE P. GERON

Signature of Witness 2:

Printed Name of Witness 2: Scott R. Hess

**SHORELINE SOUTHEAST LLC**

By _____
Dan P. Hurley, Chief Operating Officer

**STATE OF LOUISIANA**

**PARISH OF LAFAYETTE**

On this 2nd day of July, 2013, before me, the undersigned Notary Public, in and for the Parish and State aforesaid, and in the presence of the subscribing witnesses, appeared Dan P. Hurley, to me personally known, who, being by me duly sworn, did say that he is the Chief Operating Officer of **SHORELINE SOUTHEAST LLC** and that the foregoing instrument was signed in behalf of said limited liability company by authority of its Members and the said Dan P. Hurley acknowledged said instrument to be the free act and deed of said limited liability company.

_Orthemise J. Bex_
NOTARY PUBLIC

Print Name: _____
Notary No.: _____
Commission Expires: _____

OFFICIAL SEAL
ORTHEMISE J. BEX
NOTARY PUBLIC NO. 51209
STATE OF LOUISIANA
PARISH OF LAFAYETTE
My Commission Is For Life

COB: 673302; Page: 3; Filed: 7/12/2013 1:00:00AM [jeffersondavis: ]

678355                    00  051

## RELEASE OF OIL, GAS AND MINERAL LEASES

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON DAVIS**

    **KNOW ALL MEN BY THESE PRESENTS,** that **SHORELINE SOUTHEAST LLC,** whose address is 16801 Greenspoint Park Drive, Suite 380, Houston, TX 77060 and **HILCORP ENERGY I, LP,** whose address is 1201 Louisiana Street, Suite 1400, Houston, Texas 77002, do hereby release, remise and relinquish all of their right, title and interest in and to the Oil, Gas and Mineral Leases listed on Exhibit "A" which is attached hereto and made a part hereof.

    **WITNESS THE EXECUTION HEREOF,** this 20th day of November, 2013.

**WITNESSES:**

                  **Shoreline Southeast LLC**

Print Name: Frank D. Willoughby

                  By: _____
                     Randy E. Wheeler
Print Name: Scott A. Hess           Vice President

                  **Hilcorp Energy I, LP**
                  By:  Hilcorp Energy Company, its General Partner

Print Name: TROY E. RICHARD     By: _____

Print Name: NANCY L. SOBEY          **CURTIS D. SMITH**
                     **Vice President-Land**

COB: 678355; Page: 1; Filed: 4/1/2014 1:00:00AM [jeffersondavis ]

678355

652

# ACKNOWLEDGEMENTS

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BE IT KNOWN, that on this 20ᵗʰ day of November, 2013, before me, the undersigned authority, personally came and appeared **Randy E. Wheeler**, to me personally known, who, being duly sworn, did depose and say that he is Vice President of **Shoreline Southeast LLC**, a Delaware limited liability company, and that said instrument was signed on behalf of said limited liability company with due authorization and acknowledged as the free act and deed of said limited liability company.



NOTARY PUBLIC in and for the aforesaid County and State
Name: Sarah Winzenried
Commission Expires: 8-6-16
Notary No.: 158131897

*[Notary stamp: SARAH WINZENRIED, My Commission Expires August 6, 2016, STATE OF TEXAS]*

**STATE OF TEXAS**

**COUNTY OF HARRIS**

BE IT KNOWN, that on this 20 day of December, 2013, before me, the undersigned authority, personally came and appeared Curtis D. Smith to me personally known, who, being duly sworn, did depose and say that he is the Vice President – Land of Hilcorp Energy Company, General Partner on behalf of and for **Hilcorp Energy I, LP**, and that said instrument was signed on behalf of said partnership with due authorization and acknowledged as the free act and deed of said partnership.



NOTARY PUBLIC in and for the aforesaid County and State
Name: Chantelle Messa Labbie
Commission Expires: 02/02/2015
Notary No.: 125987609

*[Notary stamp: CHANTELLE MESSA LABBIE, My Commission Expires February 2, 2015, STATE OF TEXAS]*

COB: 678355, Page: 2; Filed 4/1/2014 1:00:00AM [jeffersondavis]

- 2 -

**EXHIBIT "A"**

Attached to and made a part of that certain Release of Oil, Gas and Mineral Leases by and between James Kratzer, Jr., et al
and Shoreline Southeast LLC, dated November    , 2013

| Shoreline Lease No. | Lessor Name | Lessee Name | Lse Date | Book | Page | Entry No. |
|---|---|---|---|---|---|---|
| 0868285-000-L | KRATZER, JAMES JR. ET UX | ST MARY LAND AND EXPLORATION COMPANY | 8/7/1998 | 868 | 640 | 555187 |
| 0868286-000-L | THOMAS, HELEN HUNTER, ET AL | ST MARY LAND AND EXPLORATION COMPANY | 7/27/1998 | 867 | 764 | 554824 |
| 0868289-000-L | TRAHAN, DAVID MICHAEL ET UX | ST. MARY LAND AND EXPLORATION CO | 7/30/1998 | 868 | 193 | 555002 |
| 0868291-000-L | KRATZER, JAMES NOLAN ET UX | ST MARY LAND AND EXPLORATION CO | 7/30/1998 | 868 | 495 | 555102 |
| 0868291-000-L | MORVANT, CIVIRILLIAN JR ET UX | ST MARY LAND AND EXPLORATION COMPANY | 7/31/1998 | 868 | 197 | 555003 |
| 0868292-000-L | PRUIT, JIMMY GLEN, ET UX | ST. MARY LAND AND EXPLORATION CO | 8/5/1998 | 869 | 582 | 555638 |
| 0868293-000-L | BUTCHER, RUTH LORENE DEVILBISS | ST MARY LAND AND EXPLORATION CO | 8/2/1998 | 873 | 274 | 556881 |
| 0868293-001-L | TATE, MONA LYNN DEVILBISS ET AL | ST. MARY LAND AND EXPLORATION CO | 7/22/1998 | 870 | 97 | 555798 |
| 0868293-002-L | DEVILBISS, DEBRA SUE | ST MARY LAND AND EXPLORATION CO | 8/2/1998 | 869 | 913 | 555772 |
| 0868293-003-L | MILLER, EDWARD G ET AL | ST MARY LAND AND EXPLORATION CO | 7/20/1998 | 869 | 934 | 555776 |
| 0868293-004-L | DEVILBISS, CECIL F ET AL | ST MARY LAND AND EXPLORATION CO | 8/2/1998 | 870 | 2 | 555780 |
|  | DEVILBISS, CYRUS D. | ST MARY LAND AND EXPLORATION CO | 8/2/1998 | 870 | 8 | 555781 |
| 0868293-005-L | DEVILBISS, ALAN JEROME | ST. MARY LAND AND EXPLORATION CO | 7/28/1998 | 870 | 34 | 555786 |
| 0868293-006-L | RATLIFF, VIRGINIA DEVILBISS | ST MARY LAND AND EXPLORATION CO | 8/2/1998 | 870 | 55 | 555790 |
| 0868293-007-L | DEVILBISS, CARITA ALLENE | ST MARY LAND AND EXPLORATION CO | 8/2/1998 | 870 | 76 | 555794 |
| 0868293-008-L | BELL, ALVEY USUFRUCT | ST MARY LAND AND EXPLORATION CO | 7/23/1998 | 872 | 178 | 556424 |
| 0868293-009-L | DEVILBISS, DALLAS | ST MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 17 | 556393 |
| 0868293-010-L | SANCHEZ, HARRIETTE DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 120 | 556411 |
| 0868293-011-L | MCCARTY, DOROTHY JEAN DEVILBISS | ST MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 297 | 556492 |
| 0868293-012-L | DEVILBISS, OLA MAE LEE ET AL | ST MARY LAND AND EXPLORATION CO | 8/12/1998 | 870 | 123 | 555805 |
| 0868293-013-L | DEVILBISS, THOMAS ET AL | ST MARY LAND AND EXPLORATION CO | 9/7/1998 | 871 | 198 | 556057 |
| 0868293-014-L | DEVILBISS, JOHN MICHAEL | ST MARY LAND AND EXPLORATION CO | 8/27/1998 | 871 | 337 | 556159 |
| 0868293-015-L | SEIBERT, JOSEPH ERIN | ST MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 402 | 556560 |
| 0868293-016-L | DAVIDSON, REBECCA SUE SEIBERT | ST MARY LAND AND EXPLORATION CO | 9/20/1998 | 874 | 263 | 557529 |
| 0868293-017-L | DEVILBISS, MARK DAVID, ET AL | ST MARY LAND AND EXPLORATION CO | 9/20/1998 | 873 | 821 | 557343 |
| 0868293-018-L | DEVILBISS, TERRY | ST MARY LAND AND EXPLORATION CO | 8/27/1998 | 873 | 775 | 557314 |
| 0868293-019-L | DEVILBISS, NATHAN | ST MARY LAND AND EXPLORATION CO | 7/28/1998 | 874 | 210 | 557505 |
| 0868293-020-L | DEVILBISS, JOHN LYNN | ST MARY LAND AND EXPLORATION CO | 8/27/1998 | 872 | 846 | 556752 |
| 0868293-021-L | DEVILBISS, JOHN HOWARD | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 759 | 556725 |
| 0868293-022-L | GERRARD, JO BETH DELAHOUSSAYE ET AL | ST MARY LAND AND EXPLORATION CO | 7/31/1998 | 868 | 264 | 555019 |
| 0868293-023-L | DEVILBISS, GWYNETH RIDLEY ET AL | ST MARY LAND AND EXPLORATION CO | 7/23/1998 | 867 | 943 | 554887 |
| 0868293-024-L | CAMPBELL, THOMAS G ET UX | ST MARY LAND AND EXPLORATION CO | 7/27/1998 | 867 | 743 | 554820 |
| 0868293-025-L | REDMAN, ELIZABETH ANN SEIBERT | ST MARY LAND AND EXPLORATION CO | 8/6/1998 | 874 | 946 | 557656 |
| 0868293-026-L | DELAHOUSSAYE, CHARLES ALLEN | ST MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 64 | 556442 |
| 0868293-027-L | BELL, MICHAEL | HS RESOURCES, INC. | 11/3/1999 | 890 | 700 | 566266 |
| 0868293-028-L | REDLIN, REBECCA LYNN BELL | ST. MARY LAND AND EXPLORATION CO | 11/3/1999 | 891 | 294 | 566440 |
| 0868293-029-L | SEIBERT, WILLIAM W. | KERR MCGEE ROCKY MOUNTAIN CORP | 4/7/2000 | 927 | 173 | 587271 |
| 0868294-000-L | MCGOWAN WORKING PARTNERS | ST. MARY LAND AND EXPLORATION CO | 9/30/1998 | 873 | 728 | 557125 |
| 0868294-001-L | BELL, ALVEY | ST. MARY LAND AND EXPLORATION CO | 7/23/1998 | 872 | 167 | 556422 |
| 0868294-002-L | DEVILBISS, ALAN JEROME | ST. MARY LAND AND EXPLORATION CO | 7/28/1998 | 871 | 589 | 556285 |
| 0868294-003-L | DAVIDSON, REBECCA SUE SEIBERT | ST. MARY LAND AND EXPLORATION CO | 9/20/1998 | 874 | 292 | 557326 |
| 0868294-004-L | SEIBERT, JOSEPH ERIN | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 391 | 556558 |
| 0868294-005-L | MILLER, EDWARD G ET AL | ST. MARY LAND AND EXPLORATION CO | 7/20/1998 | 871 | 634 | 556295 |
| 0868294-006-L | DEVILBISS, NATHAN | ST. MARY LAND AND EXPLORATION CO | 7/28/1998 | 874 | 235 | 557315 |
| 0868294-007-L | DEVILBISS, DALLAS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 871 | 947 | 556387 |
| 0868294-008-L | TATE, MONA LYNN DEVILBISS ET AL | ST. MARY LAND AND EXPLORATION CO | 7/22/1998 | 872 | 722 | 556726 |
| 0868294-009-L | DEVILBISS, THOMAS E. ET AL | ST. MARY LAND AND EXPLORATION CO | 9/7/1998 | 871 | 674 | 556674 |
| 0868294-010-L | RATLIFF, VIRGINIA DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 871 | 130 | 556064 |
| 0868294-011-L | DEVILBISS, CARITA ALLENE | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 871 | 151 | 556068 |
| 0868294-012-L | DEVILBISS, JOHN HOWARD | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 871 | 743 | 556730 |
| 0868294-013-L | DEVILBISS, DEBRA SUE | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 871 | 99 | 556058 |
| 0868294-014-L | SANCHEZ, HARRIETTE DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 136 | 556416 |

JL 654

**EXHIBIT "A"**

Attached to and made a part of that certain Release of Oil, Gas and Mineral Leases by and between James Kratzer, Jr., et al
and Shoreline Southeast LLC, dated November    , 2013

| Shoreline Lease No. | Lessor Name | Lessee Name | Lse Date | Book | Page | Entry No. |
|---|---|---|---|---|---|---|
| 0868294-015-L | DEVILBISS, OLA MAE LEE ET AL | ST. MARY LAND AND EXPLORATION CO | 8/12/1998 | 870 | 129 | 555804 |
| 0868294-016-L | DEVILBISS, MARK DAVID, ET AL. | ST. MARY LAND AND EXPLORATION CO | 9/20/1998 | 873 | 837 | 557146 |
| 0868294-017-L | DEVILBISS, JONI LYNN | ST. MARY LAND AND EXPLORATION CO | 8/27/1998 | 872 | 815 | 556744 |
| 0868294-018-L | DEVILBISS, TERRY | ST. MARY LAND AND EXPLORATION CO | 8/27/1998 | 873 | 749 | 557129 |
| 0868294-019-L | DEVILBISS, JOHN MICHAEL | ST. MARY LAND AND EXPLORATION CO | 8/27/1998 | 871 | 353 | 556132 |
| 0868294-020-L | MCGARTY, DOROTHY JEAN DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 286 | 556497 |
| 0868294-021-L | MORGAN, DONALD R ET UX | ST. MARY LAND AND EXPLORATION CO | 7/21/1998 | 867 | 859 | 554843 |
| 0868294-022-L | GERRARD, JO BETH DELAHOUSSAYE ET AL. | ST. MARY LAND AND EXPLORATION CO | 7/31/1998 | 868 | 280 | 555015 |
| 0868294-023-L | DEVILBISS, GWYNETH RIDLEY ET AL. | ST. MARY LAND AND EXPLORATION CO | 7/23/1998 | 867 | 808 | 554833 |
| 0868294-024-L | REDMAN, ELIZABETH ANN SEIBERT | ST. MARY LAND AND EXPLORATION CO | 8/6/1998 | 875 | 32 | 557663 |
| 0868294-025-L | BUTCHER, RUTH LORENE DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 873 | 263 | 556879 |
| 0868294-026-L | DELAHOUSSAYE, CHARLES ALLEN | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 48 | 556399 |
| 0868295-000-L | GERRARD, JO BETH DELAHOUSSAYE ET AL. | ST. MARY LAND AND EXPLORATION CO | 7/31/1998 | 868 | 285 | 555016 |
| 0868295-001-L | DEVILBISS, GWYNETH RIDLEY ET AL. | ST. MARY LAND AND EXPLORATION CO | 7/23/1998 | 867 | 849 | 554841 |
| 0868295-002-L | MORGAN, DONALD R., ET UX | ST. MARY LAND AND EXPLORATION CO | 7/21/1998 | 867 | 854 | 554842 |
| 0868295-003-L | BELL, ALVEY | ST. MARY LAND AND EXPLORATION CO | 7/23/1998 | 872 | 162 | 556421 |
| 0868295-004-L | DEVILBISS, ALAN JEROME | ST. MARY LAND AND EXPLORATION CO | 7/28/1998 | 871 | 584 | 556384 |
| 0868295-005-L | BUTCHER, RUTH LORENE DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 873 | 269 | 556880 |
| 0868295-006-L | DAVIDSON, REBECCA SUE SEIBERT | ST. MARY LAND AND EXPLORATION CO | 9/20/1998 | 874 | 277 | 557263 |
| 0868295-007-L | SEIBERT, JOSEPH ERIN | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 433 | 556526 |
| 0868295-008-L | MILLER, EDWARD G ET AL. | ST. MARY LAND AND EXPLORATION CO | 7/20/1998 | 871 | 640 | 556396 |
| 0868295-009-L | DEVILBISS, NATHAN | ST. MARY LAND AND EXPLORATION CO | 7/28/1998 | 874 | 190 | 557398 |
| 0868295-010-L | DEVILBISS, DALLAS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 871 | 953 | 556468 |
| 0868295-011-L | TATE, MONA LYNN DEVILBISS, ET AL. | ST. MARY LAND AND EXPLORATION CO | 7/22/1998 | 872 | 780 | 556657 |
| 0868295-012-L | DEVILBISS, THOMAS E., ET AL. | ST. MARY LAND AND EXPLORATION CO | 9/7/1998 | 871 | 188 | 556475 |
| 0868295-013-L | RATLIFF, VIRGINIA DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 871 | 125 | 556463 |
| 0868295-014-L | DEVILBISS, CARITA ALLENE | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 871 | 167 | 556461 |
| 0868295-015-L | DEVILBISS, JOHN HOWARD | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 749 | 556631 |
| 0868295-016-L | DEVILBISS, DEBRA SUE | ST. MARY LAND AND EXPLORATION CO | 8/2/1998 | 871 | 94 | 556457 |
| 0868295-017-L | SANCHEZ, HARRIETTE DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 331 | 556485 |
| 0868295-018-L | DEVILBISS, OLA MAE LEE, ET AL. | ST. MARY LAND AND EXPLORATION CO | 8/12/1998 | 871 | 695 | 556468 |
| 0868295-019-L | DEVILBISS, MARK DAVID, ET AL. | ST. MARY LAND AND EXPLORATION CO | 9/20/1998 | 873 | 832 | 557145 |
| 0868295-020-L | DEVILBISS, JONI LYNN | ST. MARY LAND AND EXPLORATION CO | 8/27/1998 | 872 | 810 | 556743 |
| 0868295-021-L | DEVILBISS, TERRY | ST. MARY LAND AND EXPLORATION CO | 8/27/1998 | 873 | 770 | 557133 |
| 0868295-022-L | DEVILBISS, JOHN MICHAEL | ST. MARY LAND AND EXPLORATION CO | 8/27/1998 | 871 | 348 | 556131 |
| 0868295-023-L | MCGARTY, DOROTHY JEAN DEVILBISS | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 276 | 556495 |
| 0868295-024-L | FERGUSON, ROBERT LYNN, ET UX | ST. MARY LAND AND EXPLORATION CO | 10/17/1998 | 874 | 617 | 557458 |
| 0868295-025-L | REDMAN, ELIZABETH ANN SEIBERT | ST. MARY LAND AND EXPLORATION CO | 8/6/1998 | 875 | 17 | 557660 |
| 0868295-026-L | DELAHOUSSAYE, CHARLES ALLEN | ST. MARY LAND AND EXPLORATION CO | 9/11/1998 | 872 | 54 | 556400 |

DIRONR    IIMCVR12 10/01/2015 15:41 RECORDING



**Jefferson Davis Parish**
**Richard M. Arceneaux**
**P.O. Box 799   Jennings    LA    70546**

### *** RECORDING PAGE ***

**Filed By:**                                        **Vendor Number:**

CASH CUSTOMER                                          0

| Instrument No. | Book Type(s) | Instrument Type(s) |
|----------------|--------------|--------------------|
| 688881 | CO | RELEASE   OGML |

**First Direct:**   SHORELINE SOUTHEAST L L C

**First Indirect:**   MCCULLISS, PAUL L

**Filed Date:**   10/01/2015        **Filed Time:**   03:39 PM

**No. Pages:**   4

I hereby certify that the attached document was filed for
registry and recorded in the Clerk of Court's office for
Jefferson Davis Parish, Louisiana.

_Richard M Arceneaux_
Clerk of Court

COB: 688881: Page: 1: Filed: 10/1/2015 1:00:00AM [jeffersondavis: ]

DDII000509027004

Do Not Detach this Recording Page from the Original Document

## RELEASE OF OIL, GAS AND MINERAL LEASES

**STATE OF LOUISIANA**

**PARISH OF JEFFERSON DAVIS**

     KNOW ALL MEN BY THESE PRESENTS, that **SHORELINE SOUTHEAST LLC**, whose address is 16801 Greenspoint Park Drive, Suite 380, Houston, TX 77060, does hereby release, relinquish and surrender all of their right, title and interest in and to the Oil, Gas and Mineral Leases listed on the attached Exhibit A:

     WITNESS THE EXECUTION HEREOF, this _21st_ day of _August_, 2015.

**WITNESSES:**

Print Name: _Orthemise J. Box_

Print Name: _Daniel Broussard_

**SHORELINE SOUTHEAST LLC**

By: _Randy E. Wheeler_ _SAH_
        Randy E. Wheeler
        Vice President

## ACKNOWLEDGEMENTS

**STATE OF TEXAS**

**COUNTY OF HARRIS**

     BE IT KNOWN, that on this _21st_ day of _August_, 2015, before me, the undersigned authority, personally came and appeared **Randy E. Wheeler**, to me personally known, who, being duly sworn, did depose and say that he is a Vice President of **SHORELINE SOUTHEAST LLC**, a Delaware limited liability company, and that said instrument was signed on behalf of said limited liability company with due authorization and acknowledged as the free act and deed of said limited liability company.

NOTARY PUBLIC in and for the aforesaid
County and State
Name: _Scott A Hess_
Commission Expires: _12/23/17_
Notary No.: _12965939-6_



SCOTT A HESS
My Commission Expires
December 23, 2017

COB: 688881: Page: 2; Filed: 10/1/2015 1:00:00AM [jeffersondavis: ]

**Attached to that certain Release of Oil, Gas and Mineral Leases dated effective August 10, 2015**

**"Exhibit A"**

| Lease Number | Eff Date | Lessor | Lessee | Book | Entry | County/Parish | State |
|---|---|---|---|---|---|---|---|

COB: 688881; Page: 3; Filed: 10/1/2015 1:00:00AM [jeffersondavis: ]

Page 2

COB: 688881; Page: 4; Filed: 10/1/2015 1:00:00AM [jeffersondavis: ]

FILED
[signature] 2024
DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

# Exhibit E

# Landowner History

**Charlotte Landry, et al - Landowner History**
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 4/3/2024
Certified from 3/22/1918 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|---|---|---|---|---|---|---|---|---|
| 3/22/1918 | 1072 | M | 178 | Deed | Phelia B. Thomas | Nelson Thomas | Conveyed described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 12/20/1934 | 85103 | 55 | 547 | Mineral Deed | Nelson H. Thomas | Humble Oil & Refining Co. | Conveyed 1/8 of minerals. Note: Informational purposes only | |
| 7/14/1970 | 344286 | 349 | 69 | Judgment of Possession | Succession of Nelson H. Thomas, Sr. | Helen Hunter Thomas, Nelson H. Thomas, Jr. and Helen Carol Thomas Gladden | Described property was listed as community property. Helen Thomas sent into possession of 1/2 interest plus usufruct. Nelson Jr. and Helen Gladden sent into possession of 1/2 interest subject to usufruct | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 6/27/1974 | 380332 | 397 | 883 | Amended Judgment of Possession | Succession of Nelson H. Thomas, Sr. | Helen Hunter Thomas, Nelson H. Thomas, Jr. and Helen Carol Thomas Gladden | Amended JOP #344286 to correct that property was separate property. | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 7/28/1988 | 482453 | 682 | 429 | Judgment of Possession | Succession of Nelson H. Thomas, Jr. | Charlotte Thomas Landry and Rachel Helen Thomas | Sent into possession of Decedent's 1/24 interest in described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 7/29/1993 | 513929 | 770 | 714 | Donation | Rachel Helen Thomas | Billie Sue Thomas and Charlotte Landry | Donated all of her interest in described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 2/26/1997 | 540410 | 832 | 122 | Judgment of Possession | Succession of Billie Sue Grissett Thomas | Charlotte Thomas Landry and Rachel Helen Thomas | Sent into possession of Decedent's 1/16 interest in described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 7/13/1999 | 563218 | 884 | 626 | Pre-Nuptial Agreement | Patrick Wayne Hale and Rachel Helen Thomas | Patrick Wayne Hale and Rachel Helen Thomas | Declared separate property regime | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 3/7/2000 | 575027 | 906 | 875 | Renunciation of Usufruct | Helen Hunter Thomas | | Renounced usufruct in described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 5/25/2001 | 576132 | 907 | 697 | Donation | Charlotte Elizabeth T. Landry | Rachel Helen Thomas Hale | Donated 3/32 interest in described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| | 577920 | 911 | 34 | Declaration of Separate Property | Charlotte Elizabeth Thomas Landry and David Scott Landry | Charlotte Elizabeth Thomas Landry and David Scott Landry | Declared that her separate property shall remain separate property | |
| | 580011 | 914 | 479 | Act of Transfer | Helen Hunter Thomas | Thomas Resources, LLC | Conveyed 1/2 interest in described property | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |

Page 1 of 1

# Exhibit F

# Lease History

FILED June 6 , 20 24

DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|------|----------|------|------|--------------------|---------|---------|-------|----------------------|
| **OGM LEASES** | | | | | | | | |
| 8/1/1928 | 57852 | 32 | 619 | OGM Lease | Nelson H. Thomas | W. H. Cocke & E. C. Russell | | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 8/23/1928 | 58736 | 33 | 492 | Assignment | W. H. Cocke & E. C. Russell | Vacuum Oil Co. | Assigned all RTI in OGM Lease #57852 | |
| | | | | | | | | |
| 8/21/1928 | 57848 | 32 | 622 | OGM Lease | Nelson H. Thomas | W. H. Cocke & E. C. Russell | Top lease | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 8/23/1928 | 58737 | 33 | 493 | Assignment | W. H. Cocke & E. C. Russell | Vacuum Oil Co. | Assigned all RTI in OGM Lease #57848 | |
| 2/4/1931 | 69151 | 42 | 571 | Release of OGM Lease | Vacuum Oil Co. | Nelson H. Thomas | Released OGM Lease #57848 | |
| | | | | | | | | |
| 12/14/1931 | 74605 | 46 | 21 | OGM Lease | Nelson H. Thomas | Humble Oil & Refining Co. | | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 6/19/1941 | 139105 | 97 | 107 | Release of OGM Lease | Vacuum Oil Co. | Nelson H. Thomas | Released OGM Lease #74605 | |
| | | | | | | | | |
| 10/5/1942 | 139122 | 97 | 116 | OGM Lease | Nelson H. Thomas | H. B. Tietje | | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 10/19/1942 | 139460 | 97 | 357 | Assignment of OGM Lease | H. B. Tietje | Union Sulphur Co., Inc. | Assigned OGM Lease #139122 | |
| 8/29/1950 | 187300 | 149 | 393 | Name Change | Union Sulphur Co., Inc. | Union Sulphur and Oil Corp. | | |
| 4/12/1955 | 224010 | 193 | 611 | Name Change | Union Sulphur and Oil Corp. | Union Oil and Gas Corp. of Louisiana | | |
| 2/20/1957 | 238839 | 213 | 229 | Assignment of OGM Lease | Union Oil and Gas Corp. of Louisiana | W. W. F. Oil Corp. | Assigned OGM Lease #139122 | |

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|------|----------|------|------|--------------------|---------|---------|-------|----------------------|
| 2/20/1957 | 239807 | 215 | 4 | Partial Assignment of OGM Lease | W. W. F. Oil Corp. | C. H. Lyons, Sr., C. H. Lyons, Jr., Hall M. Lyons, C. L. Logan, E. L. Hilliard, G. F. Abendroth, J. T. Palmer, G. L. Logan, D. F. Hamilton, Nemours Corp., Leach Brothers, Inc., G. F. Bauerdorf and Milton N. Mound | Partially assigned OGM Lease #139122 | |
| 7/5/1958 | 248324 | 226 | 453 | Partial Release of OGM Lease | W. W. F. Oil Corp., et al | Nelson H. Thomas | Partially released OGM Lease #139122 INSOFAR as said Lease covers described property | W/2 of NW/4, SE/4 of NW/4, W/2 of NE/4 of NW/4, W/2 of SW/4 of NE/4 of 11-9-4 |
| 5/14/1963 | 284660 | 266 | 550 | Partial Release of OGM Lease | E. L. Hilliard, et al | Nelson H. Thomas | Partially released OGM Lease #139122 INSOFAR as said Lease covers described property | 5 acre around Nelson Thomas No. 1. |
| 4/17/1968 | 325284 | 324 | 337 | OGM Lease | Nelson H. Thomas | Offshore Exploration Corp. | | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 4/17/1968 | 327352 | 327 | 193 | Assignment | Offshore Exploration Corp. | Leasehold Interests, Inc. | Assigned 75% of its RTI in OGM Lease #325284 | |
| 2/28/1973 | 367295 | 377 | 275 | Assignment | Offshore Exploration Corp. | Ladd Petroleum Corp. | Assigned all of its RTI in OGM Lease #325284 | |
| 4/25/1974 | 379708 | 397 | 20 | Release of OGM Lease | Ladd Petroleum Corp. | Nelson H. Thomas | Released OGM Lease #325284 | |
| 5/23/1974 | 379990 | 397 | 387 | Release of OGM Lease | Leasehold Interests, Inc. and Ladd Petroleum Corp. | Nelson H. Thomas | Released OGM Lease #325284 | |
| 8/7/1973 | 375710 | 389 | 499 | OGM Lease | Helen H. Thomas, Nelson H. Thomas, Jr. and Helen Thomas Gladden | Houston Oil & Minerals Co. | | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 9/1/1985 | 462187 | 615 | 773 | Assignment | Houston Oil & Minerals Co. and Interfirst Bank Houston, N.A., Trustee of the Houston Oil Trust | John W. McGowan | Assigned OGM Lease #375710 | |

Page 2 of 8

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|------|----------|------|------|--------------------|---------|---------|-------|----------------------|
| 9/1/1985 | 462738 | 618 | 242 | Assignment | John W. McGowan | John D. Herlihy, Malcolm D. Smith, A. E. Faust, David B. Russell, Ronald J. Carlock, Lizabeth A. Champlin and Fred D. Faust | Assigned interest in OGM Lease #375710 | |
| 3/1/1986 | 466301 | 631 | 193 | Assignment | John W. McGowan, John D. Herlihy, Malcolm D. Smith, A. E. Faust, David B. Russell, Ronald J. Carlock, Lizabeth A. Champlin and Fred D. Faust | Brown & McKenzie, Inc. | Assigned all of their interest in OGM Lease #375710 | |
| 6/2/1987 | 473777 | 656 | 265 | Assignment | Brown & McKenzie, Inc. | A. L. Loomis, III, et al | Assigned OGM Lease #375710 | |
| | | | | | | | | |
| 7/27/1998 | 554824 | 867 | 764 | OGM Lease | Helen Hunter Thomas, Helen Carol Thomas Gladden, Charlotte Thomas Landry and Rachel Helen Thomas | St. Mary Land and Exploration Co. | | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W; 200 acres |
| 4/12/1999 | 562282 | 883 | 148 | Assignment | St. Mary Land and Exploration Co. | Aspect Resources, LLC and HS Resources, Inc. | Assigned OGM Lease #554824 | |
| 1/8/2001 | 577240 | 909 | 904 | Declaration In Lieu of Operating Agreement | Aspect Resources, LLC and HS Resources, Inc. | | Helen Hunter Thomas No. 1 Well (Order No. 124-W). Includes OGM Lease #554824 | |
| 1/30/2001 | 578200 | 911 | 469 | Unit Order | HS Resources, Inc. | | HBY RA SUA (Order No. 124-W-1) | See attached plat dated 1/16/2001 |
| 5/15/2001 | 584732 | 923 | 156 | Declaration In Lieu of Operating Agreement | Aspect Resources, LLC and HS Resources, Inc. | | HBY RB SUA Thomas No. 2 Well (Order No. 124-W-2). Includes OGM Lease #554824 | |
| 7/31/2001 | 581367 | 916 | 654 | Unit Plat | HS Resources, Inc. | | HBY RA SUA (Order No. 124-W-1) | See attached revised plat dated 7/31/2001 |
| 8/30/2001 | 589058 | 929 | 477 | Name Change | HS Resources, Inc. | Kerr-McGee Rocky Mountain Corp. | | |

Page 3 of 8

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|---|---|---|---|---|---|---|---|---|
| 8/27/2001 | 582905 | 920 | 218 | Partial Release of OGM Lease | Kerr-McGee Rocky Mountain Corp. (successor to HS Resources, Inc.) and Aspect Resources, LLC | Helen Hunter Thomas, et al | Released OGM Lease #554824, LESS AND EXCEPT lands within HBY RA SUA - Helen Hunter Thomas, et al No. 1 (Order No. 124-W-1) and HBY RB SUA - Helen Hunter Thomas No. 2 (Order No. 124-W-2) | |
| 10/1/2001 | 585063 | 923 | 758 | Assignment | Aspect Resources, Inc. | Samedan Oil Corp. | Assigned OGM Lease #554824, INSOFAR as said Lease relates to currently producing units of Helen Hunter Thomas #1 Well (Order No. 124-W-1) and Helen Hunter Thomas #2 Well (HBY RB SUA) | |
| 12/14/2001 | 585552 | 924 | 474 | Unit Plat | Kerr-McGee Rocky Mountain Corp. | | HBY RB SUA (Order No. 124-W-2) | See attached plat dated 12/7/2001 |
| 2/1/2002 | 586964 | 926 | 765 | Unit Plat | HS Resources, Inc. | | HBY RA SUA (Order No. 124-W) | See attached revised plat dated 10/24/2001 |
| 3/1/2002 | 590644 | 932 | 798 | Assignment | Kerr-McGee Rocky Mountain Corp. | Kerr-McGee Oil & Gas Onshore, LP | Assigned all of its interest in OGM Lease #554824 | |
| 5/29/2002 | 588401 | 928 | 569 | Declaration of Unit | Kerr-McGee Rocky Mountain Corp. (successor to HS Resources, Inc.), Samedan Oil Corp. and Kerr-McGee Oil & Gas Onshore LP d/b/a KMOG Onshore LP | | Unit declaration for Thomas No. 2. HBY SUA (Order No. 124-W-2). Includes OGM Lease #554824 | |
| 5/30/2002 | 589311 | 929 | 875 | Declaration of Unit | Kerr-McGee Rocky Mountain Corp. (successor to HS Resources, Inc.), Samedan Oil Corp. and Kerr-McGee Oil & Gas Onshore LP d/b/a KMOG Onshore LP | | Unit declaration for Thomas No. 2. HBY RB SUA (Order No. 124-W-2). Includes OGM Lease #554824 | |
| 12/31/2002 | 596566 | 942 | 943 | Merger | Samedan Oil Corp. | Noble Energy, Inc. | | |

Page 4 of 8

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|---|---|---|---|---|---|---|---|---|
| 10/31/2003 | 600533 | 949 | 788 | Partial Release of OGM Lease | Kerr-McGee Oil & Gas Onshore LP | Helen Hunter Thomas, et al | Released OGM Lease #554824, LESS AND EXCEPT lands within HBY RA SUA - Helen Hunter Thomas, et al No. 1 (Order No. 124-W-1) | |
| 3/12/2004 | 605562 | 957 | 752 | Partial Release of OGM Lease | Aspect Resources, LLC and Noble Energy, Inc. | Helen Hunter Thomas, et al | Released OGM Lease #554824, LESS AND EXCEPT lands within HBY RA SUA - Helen Hunter Thomas, et al No. 1 (Order No. 124-W-1) | |
| 1/4/2006 | 628134 | 1001 | 805 | Merger | Kerr-McGee Oil & Gas Onshore LP | Westport Oil and Gas Co., L.P. | | |
| 1/4/2006 | 628135 | 1001 | 806 | Name Change | Westport Oil and Gas Co., L.P. | Kerr-McGee Oil & Gas Onshore LP | | |
| 1/1/2007 | 628136 | 1001 | 809 | Assignment | Kerr-McGee Oil & Gas Onshore, LP, et al | Southern G Holdings, LLC | Assigned all of its interest in OGM Lease #554824 | |
| 1/1/2008 | 638525 | 1022 | 935 | Merger | Southern G Holdings, LLC | Crimson Exploration Operating, Inc. | | |
| 12/29/2009 | 648840 | 1042 | 433 | Assignment | Crimson Exploration Operating, Inc., et al | Shoreline Southeast, LLC | Assigned all of its interest in OGM Lease #554824 and Helen Hunter Thomas No. 1 | |
| 11/1/2012 | 671354 | 1083 | 914 | Assignment | Noble Energy, Inc. | Hilcorp Energy I, L.P. | Assigned all of its interest in OGM Lease #554824 | |
| 11/20/2013 | 678355 | 1098 | 651 | Release of OGM Leases | Shoreline Southeast, LLC and Hilcorp Energy I, LP | Helen Hunter Thomas, et al | Released OGM Lease #554824 | |
| 6/24/2013 | 673302 | 1087 | 806 | OGM Lease | Charlotte Thomas Landry, Rachel Thomas Hale, Helen Carol Thomas Gladden and Thomas Resources, LLC | Shoreline Southeast, LLC | | Trac 1 of HBY RA SUA (Order No. 124-W), being 64.777 acres in Sec. 11, T9S, R4W |
| 8/21/2015 | 688881 | | | Release of OGM Leases | Shoreline Southeast, LLC | Charlotte Thomas Landry, et al | Released OGM Lease #673302 | |
| | | | | **SURFACE LEASES, ROWs, ETC.** | | | | |

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|------|----------|------|------|--------------------|---------|---------|-------|----------------------|
| 12/9/1930 | 69238 | 42 | 616 | Pipeline ROW | Nelson H. Thomas | United Pipe Line Corp. | Granted pipeline ROW | S/2 of NW/4 of Sec. 11, T9S, R4W |
| 1/10/1935 | 85342 | 56 | 89 | Pipeline ROW | Nelson H. Thomas | Humble Oil & Refining Co. | Granted pipeline ROW | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 4/9/1936 | 96838 | 68 | 2 | Pipeline ROW | Nelson Thomas | Shell Pipe Line Corp. | Granted pipeline ROW | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 7/9/1938 | 112064 | 79 | 210 | Pipeline ROW | Nelson Thomas | United Pipe Line Corp. | Granted pipeline ROW | W/2 of SW/4 of NW/4 of Sec. 11, T9S, R4W |
| 2/24/1942 | 136673 | 95 | 180 | Pipeline ROW | N. H. Thomas | Standard Oil Co. of Louisiana | Granted pipeline ROW | SE/4 of NW/4 of Sec. 11, T9S, R4W |
| 4/29/1946 | 155410 | 118 | 474 | Pipeline ROW | Nelson H. Thomas | Union Sulphur Co., Inc. | Granted pipeline ROW | NW/4 of Sec. 11, T9S, R4W |
| 4/9/1962 | 275509 | 257 | 37 | Pipeline ROW | Nelson Thomas | F. E. Compton | Granted pipeline ROW | NW/4 of Sec. 11, T9S, R4W |
| 1/24/1977 | 403214 | 431 | 160 | Release of Damages | Helen H. Thomas, et al | Houston Oil & Minerals Corp. | Released damages from construction of pipeline across described property | W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 1/24/1977 | 403215 | 431 | 162 | Release of Damages | Helen Thomas Gladden | Houston Oil & Minerals Corp. | Released damages from construction of pipeline across described property | W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 4/14/1980 | 422227 | 481 | 359 | Pipeline ROW | Helen H. Thomas, et al | B & M Operating, Inc. | Granted pipeline ROW | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |  |
| 9/28/1982 | 440432 | 541 | 691 | Option to Lease | Nelson H. Thomas, Jr., et al | Larry S. Minter | Granted option to lease for OGM. Note: Did not copy document | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
|  |  |  |  |  |  |  |  |  |
| 10/8/1980 | 425524 | 492 | 444 | Crop Lease | Nelson H. Thomas, Jr. | Carl J. Krielow, et al | Granted ag lease. Note: Did not copy document |  |
|  |  |  |  |  |  |  |  |  |
| 2/14/1986 | 483970 | 687 | 550 | ROW | Helen H. Thomas | Jefferson Davis Parish Central Waterworks District | Granted waterworks ROW. Note: Did not copy document | NW/4 of Sec. 11, T9S, R4W |
|  |  |  |  |  |  |  |  |  |
| 7/??/1989 | 489742 | 704 | 639 | ROW | Helen H. Thomas, et al | Jefferson Davis Parish Jury | Granted drainage ROW. Note: Did not copy document | NW/4 of Sec. 11, T9S, R4W |
|  |  |  |  |  |  |  |  |  |
| 12/16/1994 | 524928 | 794 | 696 | Geophysical Permit | Helen Hunter Thomas | Aspect Resources | Granted seismic permit. Note: Did not copy document | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 12/16/1994 | 524929 | 794 | 698 | Geophysical Permit | Billie Sue Thomas, et al | Aspect Resources | Granted seismic permit. Note: Did not copy document | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 12/20/1994 | 524930 | 794 | 700 | Geophysical Permit | Helen Carol Thomas Gladden | Aspect Resources | Granted seismic permit. Note: Did not copy document | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
|  |  |  |  |  |  |  |  |  |
| 12/16/1994 | 525779 | 796 | 854 | Geophysical Permit and Option to Acquire OGM Lease | Billie Sue Grissett, et al | Gulf Coast Oil Properties, Inc. | Granted seismic permit. Note: Did not copy document | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
|  |  |  |  |  |  |  |  |  |
| 11/26/1999 | 567428 | 893 | 525 | ROW | Helen Hunter Thomas, et al | HS Resources, Inc. | Granted road ROW | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |
| 12/9/1999 | 567429 | 893 | 527 | ROW | Helen Carol Thomas Gladden | HS Resources, Inc. | Granted road ROW | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W |

Charlotte Landry, et al - Lease History
NW/4 and W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W - Jefferson Davis Parish
Created on 5/24/2024
Certified from 8/1/1928 through 3/27/2024

| Date | File No. | Book | Page | Type of instrument | Grantor | Grantee | Notes | Property description |
|------|----------|------|------|--------------------|---------|---------|-------|----------------------|
|  |  |  |  |  |  |  |  |  |
| 12/28/1999 | 576390 | 908 | 215 | Servitude and ROW Agreement | Helen Hunter Thomas, et al | Conoco, Inc. | Granted pipeline ROW | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W. See attached plat |
|  |  |  |  |  |  |  |  |  |
| 2/3/2000 | 576022 | 907 | 558 | Meter Site Agreement | Helen Hunter Thomas, et al | Conoco, Inc. | Granted 10' x 20' meter site | NW/4, W/2 of W/2 of NE/4 of Sec. 11, T9S, R4W. See attached plat |

FILED June 6, 2024

Clarissa Klumpp
DEPUTY CLERK OF COURT
JENNINGS, JEFF DAVIS PARISH
A TRUE COPY-ATTEST