# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **THOMAS RESOURCES L L C ET AL** | **CASE NO.  2:24-CV-00952** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CRIMSON EXPLORATION OPERATING INC ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the Court is "Exxon Mobil Oil Corporation's Motion to Dismiss"[1] (Doc. 39) wherein Exxon moves to dismiss Plaintiffs' Petition for Damages in its entirety for failure to plead particularized facts. Specifically, Exxon complains that Plaintiffs have asserted claims against ten separate Defendant, but the Petition fails to allege with sufficient particularity which of their allegations apply to which of the ten Defendants. In the alternative, Exxon moves to dismiss Plaintiffs' claims for continuing tort, continuing trespass, and continuing nuisance; claims under Restatement (Second) of Torts § 324A (1965); claims for fraud; claims for strict liability under Louisiana Civil Code article 667; claims for strict liability under Mineral Code article 11; claims for civil fruits under Louisiana Civil Code article 486; Claims for unjust enrichment; claims for punitive damages under Louisiana Civil Code article 2315.3; claims for failure to notify under Louisiana Civil Code article 2688; and standalone claims under Act 312.

---

[1] Exxon notes that it was incorrectly sued as the successor to Humble Oil & Refining Company. Petition, ¶ 4(c).

On September 24, 2024, Plaintiffs filed a Stipulation and Consent Judgment[2] wherein the relevant parties agreed to dismiss with prejudice all claims for continuing tort, continuing trespass, and continuing nuisance; (2) without prejudice, claims under Restatement (Second) of Torts § 324A (1965); (3) without prejudice, claims of fraud; (4) with prejudice, claims for strict liability under Louisiana Civil Code article 667, insofar as such claims accrued after April 16, 1996 as to SM Energy, but reserving said claims insofar as they arise under the pre-1996 versions of the statute; (5) without prejudice, claims for strict liability under Mineral Code 11 insofar as such claims accrued after April 16, 1996 as to SM Energy, but reserving and maintaining said claims insofar as they arise under the pre-1996 version of the statute;[3] (6) with prejudice, claims for civil fruits under Louisiana Civil Code article 486; (7) with prejudice, claims for unjust enrichment; (8) with prejudice, claims for punitive damages under Louisiana Civil Code article 2315.3; (9) without prejudice, claims for failure to notify under Louisiana Civil Code Article 2688; (10) with prejudice, "stand alone" claims under Act 312, as the parties agree that this statute is procedural in nature and affords no affirmative cause of action, reserving the right to address this issue with the Court at a later date should the need arise.

Considering the Consent Judgment, the Court notes that the remaining issue to be addressed with regard to the instant motion, is whether the Petition for Damages should be dismissed in its entirety for failure to plead with sufficient particularity.

---

[2] Doc. 98.
[3] Plaintiffs agree to withdraw their claims under Louisiana Civil Code article 667 and Mineral Coder article 11, but with a reservation of right to re-assert them at a later date.

## BACKGROUND

This lawsuit involves alleged contamination to Plaintiffs' property located in the Roanoke Oil & Gas Field by numerous and various Defendants who conducted activities on the property as "operators and/or working interest owners, and/or mineral or surface lessees, and/or mineral or surface lease assignees, and/or mineral sublessees, and/or servitude, executive interest or other mineral interest owners, and/or personal or predial servitude owners, and/or participants in joint operating agreements or unit operating agreements.[4]

## RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider documents referenced in and central to a party's claims, as well as matters of which it may take judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*,

---

[4] Petition for Damages, ¶¶ 9-12, Doc 1-2.

495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund v. (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## LAW AND ANALYSIS

Exxon moves to dismiss the Petition for Damage. Exxon maintains that the Petition fails to allege which of the ten defendants engaged in unlawful conduct and in what way. Exxon relies on *Matter of Settoon Towing, L.L.C,* 2024 WL 3520166 (5th Cir. July 24, 2024), wherein the court held that plaintiffs' allegations fell short of the pleading requirement to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, Plaintiffs maintain that the Petition along with its attached exhibits provides much more than a mere possibility of misconduct by each named Defendant. Plaintiffs note that attached to the Petition are 501 pages of exhibits, which show the following: A) GIS Maps showing aerial imagery of the property at issue, including Section-Township-Range; B) Jefferson Davis Tax Assessor Plats of property at issue; C) SONRIS Maps showing the plotted location of the wells on the subject property; D) aerial photographs, spanning from 1940 through 1968, which identify known contamination and pits located on the property at issue; E) the SONRIS well files for each well, showing permitting activity on each well at issue; F) a Landowner History spreadsheet, which outlines ownership history on the Property and support Plaintiff's right of action herein, along with copies of the documents evidencing ownership transfers; G) a Lease History spreadsheet, along with copies of the

Page **4** of **6**

documents evidencing the information contained therein; and H) an Operator History which shows, as to each known well located on the Property, (a) the well serial number and well name, (b) the drilling history, (c) the past and current operators of record of the well, (d) the dates of operation of the well, and (e) the current status of the well.[5]

Additionally, Defendant asserts that the Petition identifies (1) the property at issue, by lot, block, subdivision, section, township, and range; (2) the operation area(s) at issue; (3) the types of claims and legal theories being relied upon by Plaintiff, (4) the causes of contamination and pollution on Plaintiffs' property—operation or construction of various oil and gas facilities, including pits, wells, sumps, flowlines, pipelines, tank batteries, wellheads, measuring facilities, separators, and injection facilities; (5) the chemical constituents of produced water, drilling muds, and NORM; and (6) the types of damages sought—i.e. restoration and remediation costs, stigma damages, assessment, and response costs, punitive or exemplary damages, civil fruits, damages for unauthorized use, diminution of property value, storage, nuisance damages, subsidence damages, lost profits and income, etc.

The Court finds that this matter is distinguishable from the *Matter of Settoon Towing, LLC* lawsuit; the instant Petition with attachments alleges sufficient facts to apprise Defendants of any misconduct. Specific conduct can be and will be Plaintiffs' burden to prove. This case, which was removed to this Court on July 17, 2024, is in its

---

[5] Petition for Damages, Doc. 1-2, exhibits A-F.

infancy, and Plaintiffs should be allowed to discover the specifics as to each Defendant through the discovery process.

## CONCLUSION

For the reasons explained herein, the Court will deny Exxon Mobil Oil Corporation's Motion to Dismiss (Doc. 39).

**THUS DONE AND SIGNED** in Chambers on this 10th day of October, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**